# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
SENATE PERMANENT SUBCOMMITTEE ON        )
INVESTIGATIONS,                         )
                                       )
The United States Senate                )
Washington, D.C.  20510,                )      Misc. No. _____
                                       )
        Applicant,                      )
                                       )
    v.                                  )
                                       )
CARL FERRER,                            )
                                       )
Chief Executive Officer                 )
Backpage.com, LLC                       )
2501 Oak Lawn Avenue                    )
Dallas, TX 75219,                       )
                                       )
        Respondent.                     )
_____)

**APPLICATION TO ENFORCE SUBPOENA DUCES TECUM OF
SENATE PERMANENT SUBCOMMITTEE ON INVESTIGATIONS**

1. The Senate Permanent Subcommittee on Investigations of the Committee on Homeland Security and Governmental Affairs (the "Subcommittee") applies, pursuant to 28 U.S.C. § 1365, for an order of this Court requiring Carl Ferrer to comply forthwith with a subpoena of the Subcommittee issued to him on October 1, 2015, requiring the production of documents to the Subcommittee.  Specifically, the Subcommittee seeks an order that Mr. Ferrer produce all documents responsive to subpoena requests 1, 2, and 3.

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. § 1365(a).

## PARTIES

3. Under Rule XXV.1(k)(1) of the Standing Rules of the Senate, and Senate Resolution 445, 108th Congress (2004), the Committee on Homeland Security and Governmental Affairs is a duly authorized Senate committee. Under Rule 7(A) of the Rules of Procedure for the Committee on Homeland Security and Governmental Affairs, the Permanent Subcommittee on Investigations is a duly authorized subcommittee of the Senate. *See* 161 Cong. Rec. S413 (daily ed. Jan. 22, 2015) (publishing rules of Committee on Homeland Security and Governmental Affairs), *reprinted in* S. Doc. No. 114-6, at 131, 146 (2015).

4. Respondent Carl Ferrer is the Chief Executive Officer of Backpage.com, LLC, an online classified advertisement website.

## FACTS

5. Under section 12(e)(1) of Senate Resolution 73, 114th Cong. (2015), the Subcommittee, as a duly authorized subcommittee of the Committee on Homeland Security and Governmental Affairs, is authorized to study or investigate:

> (C) organized criminal activity which may operate in or otherwise utilize the facilities of interstate or international commerce in furtherance of any transactions and the manner and extent to which, and the identity of the persons, firms, or corporations, or other entities by whom such utilization is being made, and further, to study and investigate the manner in which and the extent to which persons engaged in organized criminal activity have infiltrated lawful business enterprise, and to study the adequacy of Federal laws to prevent the operations of organized crime in interstate or international commerce, and to determine whether any changes are required in the laws of the United States in order to protect the public against such practices or activities;
>
> (D) all other aspects of crime and lawlessness within the United States which have an impact upon or affect the national health, welfare, and safety, including investment fraud schemes, commodity and security fraud, computer fraud, and the use of offshore banking and corporate facilities to carry out criminal objectives;

[and]

(G) the efficiency and economy of all branches and functions of Government with particular references to the operations and management of Federal regulatory policies and programs.

6. Pursuant to Senate Rule XXVI.1 and Senate Resolution 73, 114th Cong., the Subcommittee, or its Chairman, is authorized "to require by subpoena or otherwise the attendance of witnesses and production of correspondence, books, papers, and documents." S. Res. 73, 114th Cong., § 12(e)(3) (2015), *reprinted in* S. Doc. No. 114-6, at 137 (2015).

7. Under its authority in Senate Rules and Senate Resolution 73, the Subcommittee initiated an investigation of sex trafficking on the Internet.

8. As part of that investigation, and acting pursuant to its rules of procedure, on October 1, 2015, the Subcommittee issued a subpoena duces tecum to Carl Ferrer, Chief Executive Officer of Backpage.com, LLC, requiring Mr. Ferrer to appear for testimony before the Subcommittee and to produce to the Subcommittee eight specified categories of records. Exhibit F (Oct. 1, 2015 Subpoena to Carl Ferrer)[1]. The subpoena requested materials about the steps Backpage takes to review advertisements for possible illegal activity (particularly child sex trafficking), Backpage's interaction with law enforcement, its data retention policies, and its basic corporate structure. The subpoena clarified that the Subcommittee is not seeking, and the subpoena's requests do not include, personally identifying information of any Backpage user or account holder, and that Backpage.com should redact any such information from documents produced. The subpoena required production of the requested records on October 23, 2015.

---

[1] All exhibits referenced herein are attached to the Memorandum of Points and Authorities in Support of Application to Enforce Subpoena Duces Tecum of Senate Permanent Subcommittee on Investigations that accompanies this Application.

3

9. The Subcommittee's subpoena was served on Mr. Ferrer's attorney, who accepted service on Mr. Ferrer's behalf, by e-mail and U.S. mail on October 1, 2015.

10. On October 20, 2015, the Subcommittee continued the date of Mr. Ferrer's testimonial appearance but did not extend the time for him to comply with the document requests in the subpoena. Ex. G (Oct. 20, 2015 Letter).

11. On October 23, 2015, Mr. Ferrer's counsel filed objections to the subpoena's document requests on the grounds that the subpoena is outside the Subcommittee's jurisdiction, intrudes on First Amendment rights, and seeks materials not pertinent to the Subcommittee's investigation. Ex. H (Oct. 23, 2015 Letter). Mr. Ferrer voluntarily produced a limited number of publicly available documents in response to requests 1, 2, and 3 in the subpoena but objected to producing any other documents.[2]

12. On November 3, 2015, after considering the objections raised by Mr. Ferrer, the Chairman and Ranking Member, on behalf of the Subcommittee, issued a ruling and order that overruled Mr. Ferrer's objections and directed him to produce documents responsive to the subpoena by November 12, 2015 at 10:00 a.m. In addition, the Subcommittee's order continued the personal appearance required by the subpoena to November 19, 2015, at 10:00 a.m. Ex. I (Nov. 3, 2015 Letter Ruling).

13. On November 13, 2015, a day after the date by which Mr. Ferrer was ordered by the Subcommittee to produce documents in compliance with the subpoena, Mr. Ferrer's counsel

---

[2] Mr. Ferrer indicated that Backpage would compile certain records regarding its cooperation with law enforcement responsive to request 4 of the subpoena, and would investigate and seek to compile statistical information responsive to requests 6 and 7 regarding the number of advertisements in Backpage's adult sections and the number that were blocked or deleted by Backpage's screening mechanisms. Mr. Ferrer did not produce any documents responsive to requests 5 or 8.

responded to the Subcommittee order. Mr. Ferrer provided the Subcommittee with some additional documents and information in response to the subpoena, including a large cache of documents in response to request 4 of the subpoena, but a limited number responsive to the other requests.[3] However, Mr. Ferrer again asserted his general jurisdictional, First Amendment, and pertinence objections as to all of the subpoena's requests, Ex. K (Nov. 13, 2015 Letter), objections that had been overruled in the Subcommittee's November 3, 2015 Letter Ruling. Mr. Ferrer did not assert any objection as to specific documents covered by the Subcommittee's subpoena, nor did Mr. Ferrer provide the Subcommittee with a log identifying the responsive documents being withheld, as required by the subpoena. Indeed, Mr. Ferrer objected even to undertaking a complete search for responsive documents and failed to describe with any particularity the contours of the search that yielded the documents he voluntarily produced.[4]

---

[3] Mr. Ferrer produced approximately 16,800 pages with the November 13 letter. Over 16,300 of those pages consisted of Backpage's responses to law enforcement subpoenas, each response containing numerous repetitive pages of advertisements and photos – including one response of more than 750 pages – relating to a single Backpage user. Mr. Ferrer's counsel explained that the company had over five million additional pages of this material it could produce, but Subcommittee staff informed Mr. Ferrer that Backpage need not collect and submit those pages as the Subcommittee needed no further material of that nature. Mr. Ferrer also produced e-mails received by Backpage from law enforcement officials thanking Backpage employees for responding to police inquiries – material Backpage indicated was responsive to request 4.

In addition, Mr. Ferrer reported statistics responsive to requests 6 and 7 regarding: the total number of monthly advertisements placed on Backpage and the number placed in the adult section of the website; the number of reports made by Backpage each month to the National Center for Missing and Exploited Children; and the number of advertisements deleted through Backpage's screening process.

[4] In addition, Mr. Ferrer's counsel, in letters of November 16 and 18, 2015, asked that Mr. Ferrer's personal appearance on November 19, 2015, be waived, as counsel indicated that Mr. Ferrer intended to refuse to answer questions based on his Fifth Amendment privilege against self-incrimination and on the same First Amendment grounds that were the subject of his

(continued...)

5

14. The Subcommittee has determined that production of the withheld documents will materially aid the Subcommittee's investigation and that Mr. Ferrer has no privilege against complying with the Subcommittee's subpoena. To narrow the matters in dispute, and to conserve the resources of the Senate, Backpage, and the Court, the Subcommittee is seeking to enforce only requests 1, 2, and 3 of the subpoena at this time.[5]

15. On February 29, 2016, the Committee on Homeland Security and Governmental Affairs reported to the Senate by a vote of 15-0 a resolution directing the Senate Legal Counsel to initiate these proceedings to enforce the Subcommittee's documentary subpoena to Mr. Ferrer. 162 Cong. Rec. S1085, 1087-88 (daily ed. Feb. 29, 2016).

16. On March 17, 2016, the Senate agreed, by a vote of 96 to 0, to that resolution, Senate Resolution 377, 114th Congress (2016), authorizing the Subcommittee under section 705(b) of the Ethics in Government Act of 1978, 2 U.S.C. § 288d(b), to bring this action under 28 U.S.C. § 1365. 162 Cong. Rec. S1561 (daily ed. Mar. 17, 2016).

---

[4](...continued) objections to producing documents. Exs. L, M. The Subcommittee declined to excuse Mr. Ferrer's appearance. Ex. N (Nov. 18, 2015 letter). Despite not being excused from his duty to appear under the subpoena, and having known of the time and date of his scheduled appearance since November 3, Mr. Ferrer failed to appear at the Subcommittee's hearing on November 19. Mr. Ferrer's defiance of the testimonial aspect of the Subcommittee's subpoena is not the subject of this enforcement action as the Subcommittee has not yet determined how it will proceed regarding Mr. Ferrer's appearance and testimony.

[5] At the time of this filing, Mr. Ferrer has produced in response to requests 1, 2, and 3 of the subpoena, which are the subject of this enforcement action, a total of 65 pages – 21 pages of which were publicly available documents: the website's Terms of Use, Posting Rules, and User Agreement, and testimony by Backpage's General Counsel before the New York City Council in 2012. *See* Ex. H at 6-7 (Letter of Oct. 23, 2015); Recommendation to Enforce Subpoena Issued to the CEO of Backpage.com, LLC, Staff Report to the Permanent Subcommittee on Investigations, Nov. 19, 2015, at 30-31, *reprinted in Human Trafficking Investigation: Hearing Before the Permanent Subcomm. on Investigations of the Senate Comm. on Homeland Security and Governmental Affairs*, S. Hrg. No. 114-179, 114th Cong., 85-86 (2015).

17. The Subcommittee is seeking expedited consideration of this Application pursuant to 28 U.S.C. § 1657 (courts "shall expedite the consideration of any action . . . if good cause therefor is shown").[6] Good cause exists as the Subcommittee is in the midst of an important investigation of sex trafficking on the Internet and is seeking to complete its investigation and report its findings and recommendations as soon as possible. The Subcommittee has been seeking this information from Backpage since last July, and the failure of Mr. Ferrer to comply with the duly authorized process of the Subcommittee has created substantial delay in the Subcommittee's receipt of this information and thereby in its ability to finish its inquiry into this area and provide the Senate with the results of its investigation.

18. The Subcommittee has conferred with Mr. Ferrer's counsel, and is submitting an accompanying unopposed motion to set a briefing schedule on this application, proposing that Mr. Ferrer respond to the Application no later than April 26, 2016, which is 28 days from the Application's filing, and that the Subcommittee be permitted to submit a reply in support of its Application no later than May 17, 2016, which is 21 days after Mr. Ferrer's response is due.

19. This Court has expedited all prior actions to enforce Senate subpoenas under 28 U.S.C. § 1365, with a similar or more advanced schedule than that proposed by the Subcommittee here.

---

[6] Originally, the civil enforcement statute for Senate subpoenas expressly required that courts expedite actions seeking to enforce subpoenas. *See* Ethics in Government Act of 1978, Pub. L. No. 95-521, § 705(f)(1), 92 Stat. 1824, 1879. When that requirement was removed as part of legislation that repealed most statutory requirements for expediting specific civil matters in favor of a general requirement that courts "shall expedite the consideration of any action . . . if good cause therefor is shown," *enacted by* Pub. L. No. 98-620, §§ 401(a), 402 (29)(D), 98 Stat. 3335, 3356, 3359 (1984), the House committee reporting the legislation considered it "virtually certain" that Senate subpoena enforcement actions "will qualify for expedited treatment under the 'good cause shown' standard set forth in proposed section 1657 of Title 28." H.R. Rep. No. 985, 98th Cong., 2d Sess. 11 (1984), *reprinted in* 1984 U.S.C.C.A.N. 5779, 5789.

## CLAIM

20. Respondent Carl Ferrer has failed to invoke a valid privilege against complying with the subpoena duces tecum of the Subcommittee. Pursuant to 28 U.S.C. § 1365, this Court should issue an order that directs him to comply with the subpoena of the Subcommittee and produce forthwith all documents responsive to requests 1, 2, and 3 of that subpoena.

## PRAYER FOR RELIEF

WHEREFORE, the Subcommittee respectfully prays:

1. That this Court issue an order directing Carl Ferrer, Chief Executive Officer of Backpage.com, LLC, to comply forthwith with the October 1, 2015 subpoena of the Subcommittee and produce to the Subcommittee all documents responsive to requests 1, 2, and 3 of the subpoena within 10 days of the Court's order; and

2. That the Subcommittee have such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Patricia Mack Bryan*

Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building

8

                                                                                 Washington, D.C. 20510-7250
                                                                                  (202) 224-4435 (tel)
                                                                                  (202) 224-3391 (fax)

Dated: March 29, 2016                          Counsel for Senate Permanent Subcommittee
                                                                                  on Investigations