ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>     v.<br><br>Michael Lacey, et al.,<br><br>           Defendants. | CR-18-422-PHX-SPL (BSB)<br><br>**UNITED STATES' RESPONSE TO MOTION FOR DISCLOSURE OF DOCUMENTS RELATED TO PRETRIAL SEIZURE OF DEFENDANTS' ASSETS** |

On May 11, 2018, the defendants filed a motion seeking to compel the United States to disclose certain documents related to the pretrial seizure of assets. *See* CR 141. That motion is now moot. On May 18, 2018, the United States provided defense counsel with thirteen of twenty-two warrants (seizing 62 accounts). *See* Exhibit A (email from Shannen

Beckman to defense counsel disclosing the first of 22 seizure warrants and supporting affidavits).  As of the filing of this motion the United States is awaiting the unsealing of the remaining nine warrants. The balance of the warrants will be provided by the close of business on Friday May 18 or on Monday May 21.  It is expected that defense counsel will soon inform the Court that they are withdrawing their motion and that, in their view, there is no need to hold the hearing that is currently scheduled for next Wednesday, May 23, 2018.

Because the parties' dispute concerning the disclosure of pretrial seizure-related documents is now resolved, it is unnecessary at this juncture to provide a point-by-point response to the various factual and legal arguments contained in the defendants' motion. Nevertheless, because the United States strongly disputes any suggestion that it acted unreasonably during the discussions with defense counsel that preceded the filing of the motion, it wishes to share some additional background information.

As the Court is aware, the parties stipulated to a detailed scheduling order in this case. *See* CR 131.  Although the scheduling order gave the United States until December 2018 to meet its Rule 16 obligations, the United States voluntarily agreed to produce the first wave of discovery—which is expected to be voluminous—within 60 days (*i.e.,* by July 1, 2018).  *See* CR 131 at 1 n.2.  Furthermore, when one member of the defense team expressed a preference to receive the first wave by the end of May 2018, the United States agreed to this request, too.

The United States has dedicated substantial resources over the past few weeks toward satisfying this obligation (including seeking unsealing orders in multiple jurisdictions, obtaining support from discovery specialists in the U.S. Department of Justice, and conducting evidence reviews.)  The United States' objective has been to pull together the discoverable material in a single, comprehensive, well-organized, and easy-to-understand package.  The United States' expedited efforts are proceeding successfully and it is expected that each defendant will receive a package of hard drives and CDs/DVDs before the end of May 2018 containing in excess of 7 million pages of discovery.

Notwithstanding all of this, several members of the defense team have contacted members of the prosecution team over the past few weeks and requested immediate assistance with various issues. The United States has, without exception, responded to these requests promptly and attempted to meet-and-confer with the defense in good faith in an attempt to resolve the issues without the need for judicial intervention. It is regrettable that, although the defense chose to include, as an exhibit to its motion, one of the letters that was sent to the government as part of this process, the defense declined to include the government's response. The email included with this pleading as Exhibit B summarizes some of the government's many efforts to go beyond its discovery obligations over the past few weeks.

As for the particular documents that were the subject of the (now moot) motion to compel, they are the applications that were filed, under seal, in the Central District of California to obtain various civil seizure warrants. The warrants were executed in April 2018. Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), the United States ordinarily need not even initiate a civil forfeiture proceeding until 150 days from the date of seizure. Nevertheless, in the spirit of cooperation, here the United States informed the defense that it would move to unseal the applications from the Central District of California and include them as part of the initial wave of discovery to be produced by the end of May 2018—a production schedule several months ahead of what would ordinarily occur. When the defense expressed dissatisfaction with this offer, the United States further offered to produce the underlying financial records on which the seizure applications were based. *See* Exhibit B. The defense initially accepted this offer but later rejected it and filed the motion to compel.

Respectfully submitted this 18th day of May, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*/s Kevin Rapp*
KEVIN M. RAPP

MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

JOHN P. CRONAN
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anne Chapman, Erin McCampbell, Gregory Zamora, James Grant, Larry Debus, Lawrence Kazan, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, David Wakukawa, Michael Piccarreta, Stephen Weiss.


*s/Sally Hawley*
U.S. Attorney's Office