# EXHIBIT B

```
 1
 2
 3
 4
 5
 6              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                     IN AND FOR THE COUNTY OF PIERCE
 7
 8       R.O., by and through her mother,    )
         S.H., and K.M., by and through      )
 9       her mother, L.M.,                   )
                                             )
10                      Plaintiffs,          )  No. 17-2-04897-1
                                             )
11           vs.                             )
                                             )
12       MEDALIST HOLDINGS, INC., et al.     )
                                             )
13                      Defendants.          )
14
15                   VERBATIM TRANSCRIPT OF PROCEEDINGS
16
17
                         Wednesday, May 23, 2018
18                  Before The Honorable G. Helen Whitener
                           Pierce County Courthouse
19                            Tacoma, Washington
20
                              <<<<<<   >>>>>>
21
22
23
                       Kimberly A. O'Neill, CCR #1954
24                         Official Court Reporter
                        Department 11, Room 202-A
25                            (253) 798-7281
```

*R.C. vs. Medalist Holdings, LLC*

1       MR. PFAU:  The last word is this:  The
2  Medalist defendants, in a sense, did not exist until the
3  motion to withdraw.
4     And as to the now new Backpage defendants --
5       THE COURT:  Counsel, what do you mean they
6  did not exist?
7       MR. PFAU:  Well, in this sense, Your
8  Honor, when they answered the discovery and Counsel made the
9  distinction of what's in *J.S.* and what's not.  I won't
10  reargue that other than to say I don't need to because there
11  are answers to interrogatories that are misrepresentations,
12  and there are requests for admissions that are
13  misrepresentations and those misrepresentations are answered
14  on behalf of the corporate defendants.  This law firm has
15  represented all the defendants in this litigation until the
16  plea deal.
17       THE COURT:  So let me ask you this:  In
18  regards to the interrogatories, did you receive separate
19  responses, one from Backpage.com, the Backpage defendants,
20  and one from Medalist Holdings?
21       MR. PFAU:  No, we did not, Your Honor.
22       THE COURT:  So throughout this proceeding,
23  responses and representations have been made to -- from the
24  defendants, which were Backpage.com and Medalist Holdings,
25  represented by Davis Wright Tremaine as a whole.

1       MR. PFAU:  That's right, Your Honor, with
2  the caveat, as Counsel pointed out, that in an objection,
3  they said not all defendants have the knowledge but what --
4  that's not an appropriate response because, as Counsel
5  knows, counsel and client have a duty of reasonable inquiry;
6  so, Larkin and Lacey and the Medalist defendants have been
7  defendants in this case.  They've been defendants in other
8  cases, and they have watched as the United States Senate
9  voted, you know, 96-0 to hold them in contempt.  It has
10 always been the Backpage defendants.  That's why there's
11 grounds to sanction both.
12    If you're inclined to separate them, Your Honor, I would
13 point out that with the -- what I'll call -- now, we're
14 calling the Backpage defendants, we have filed a motion for
15 sanctions.  No lawyer has showed up.  No response has been
16 filed because there won't be one.  It's essentially
17 unopposed.  The motion, if we're going to now at least
18 conceive of them as different defendants, I think there is
19 grounds on this record to sanction the Medalist defendants
20 for their -- for the false discovery responses; and if Your
21 Honor, for some reason, is not willing to sanction them, we
22 need discovery responses from them telling them what of the
23 various Medalist Holdings or Medalist defendants knew about
24 this, didn't know about this, not giving us evidence that's,
25 basically, Ferrer's contradictory statements.  We know he

1     I am going to grant the motion for sanctions.  I believe
2  an adequate record has been made supporting sanctions in
3  this case for a number of reasons, all listed by Plaintiffs,
4  but also the Court looks at what constitutes a bad faith,
5  and there are three ways the Court can look at it.
6     Pre-litigation misconduct:  I'm finding that given the
7  history of the defendants in this case in the multiple cases
8  they've had, not just before this Court -- I have two -- not
9  just in this state but nationally, it is clear to this Court
10 that their conduct was to necessitate delay where there were
11 what appears to be clearly valid claims or rights being
12 asserted by the Plaintiff which, months and years later, is
13 now being disclosed by Mr. Ferrer as seen by his plea and
14 the statements made in those pleadings in the Arizona case
15 which I reviewed.
16    Another one that the Court can consider in regards to bad
17 faith is procedural bad faith and that is vexatious conduct
18 during the course of litigation, wasting private and
19 judicial resources, making claims that, months later, were
20 found to be untruthful.  Many of the statements that I'm not
21 placing into the record can be seen in the pleadings the
22 Court reviewed in camera provided by the Defense which will
23 be placed under seal if there is further review of this
24 matter.
25    And a third factor that can constitute bad faith is

```
 1    substantive bad faith, and I'm not finding that in this
 2    case.
 3         I will say, also, supporting my position regarding the
 4    pre-litigation misconduct and procedural bad faith were the
 5    Court's review of the Interrogatory No. 2 and the Request
 6    for Production No. 1.  The various requests for admission
 7    were taken into consideration and Exhibit 3, the declaration
 8    of Attorney Elizabeth McDougall.
 9         I will note that Mr. Ferrer's condition of his plea in
10    March 2018 in Arizona were for overriding conspiracy with a
11    start date of 2004 through March of 2018 during the time
12    period not only when this case was filed but the J.S. case,
13    that this Court also had, was filed.
14         Sanctions in the amount of $100,000 for each plaintiff is
15    being ordered.  That needs to be paid within 30 days of
16    today's date.  Failure to comply, the Court will issue
17    sanctions in the amount of one dollar for every page of the
18    1.2 million documents -- and, actually, not page, for the
19    documents.  So, there were 1.2 million documents, one dollar
20    for every document, so that will be $1.2 million for every
21    14 days of noncompliance.
22         Reasonable attorney fees will be allowed and granted,
23    subject, of course, to any objections to the amount.  If not
24    objected to, that needs to be paid within 30 days, as well,
25    of production of the billings.
```

1    The question, then, becomes what happens to the R.O. vs.
2    Medalist Holdings case as we have a trial date of October
3    2018?  And I'll hear from Counsel.
4                MR. PFAU:  Your Honor, Plaintiffs, at this
5    juncture, would like to hold the trial date until we can --
6    obviously, there has been a sea shift in terms of lawyers
7    involved and our ability to get discovery.  If Your Honor
8    would indulge us and let us hold the trial date until we can
9    determine who's going to appear on behalf of the Medalist
10   Holdings.  I'm confident no one will appear on behalf of the
11   Backpage defendants, and we can address that later; but I
12   would like to hold the trial date, Your Honor.
13               THE COURT:  And what I'd like, Counsels,
14   is because my ruling came on a special-set, I am going to
15   ask that we set a hearing for presentation of an order for
16   me to review so that my findings are entered into the
17   record, so I will be on recess next week, so I would ask
18   that it be set upon my return.
19               MR. PFAU:  And, Your Honor, just so I'm
20   clear, sanctions were applied against all defendants;
21   correct?
22               THE COURT:  Correct.
23               MR. PFAU:  Okay.  Thank you, Your Honor.
24               THE COURT:  I did not separate; it's one
25   as far as my order goes.

*R.O. vs. Medalist Holdings, LLC*

```
                IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                         IN AND FOR THE COUNTY OF PIERCE
    _____

    R.O., by and through her mother,    )
    S.H., and K.M., by and through      )
    her mother, L.M.,                   )
                                        )
                    Plaintiffs,         ) No. 17-2-04897-1
                                        )
         vs.                            )
                                        )
    MEDALIST HOLDINGS, INC., et al.     )
                                        )
                    Defendants.         )
    _____

                            REPORTER'S CERTIFICATE
    _____


    STATE OF WASHINGTON    )
                           ) ss.
    COUNTY OF PIERCE       )

         I, Kimberly A. O'Neill, Court Reporter in the state
    of Washington, county of Pierce, do hereby certify that
    the foregoing transcript is a full, true, and accurate
    transcript of the proceedings and testimony taken in the
    matter of the above-entitled cause.

         DATED this 5th day of June, 2018.


                                 Kimberly A. O'Neill
                                 _____
                                 KIMBERLY A. O'NEILL, CCR
                                 License No. 1954
```

*R.O. vs. Medalist Holdings, LLC*