# EXHIBIT 1

ASSIGNED TO THE HONORABLE G. HELEN WHITENER
HEARING DATE: JUNE 28, 2018, AT 9:00 A.M.
WITH ORAL ARGUMENT

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

| | |
|---|---|
| R.O. and K.M., <br><br> Plaintiffs, <br><br> v. <br><br> MEDALIST HOLDINGS, INC., et al., <br><br> Defendants. | NO. 17-2-04897-1 <br><br> [~~PROPOSED~~ REVISED] <br><br> COMBINED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL, PLAINTIFFS' MOTION FOR SANCTIONS, DAVIS WRIGHT TREMAINE'S NOTICE OF INTENT TO WITHDRAW, AND NOTICE OF LODGING OF *IN CAMERA* DECLARATION AND MOTION TO SEAL |

THESE MATTERS came before the Court on (1) Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence, (2) Plaintiffs' Motion for Sanctions Against Backpage Defendants, (3) the Notice of Intent to Withdraw filed by Davis Wright Tremaine, and (4) Notice of Lodging of *In Camera* Declaration and Motion to Seal filed by Davis Wright Tremaine. The Court heard oral argument from the parties, reviewed the existing record, and reviewed the materials submitted by the parties, including the following:

//

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 1 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

**Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence**

(1) Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence, including the Declaration of Michael T. Pfau submitted in support thereof;

(2) Defendants' Opposition to Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence, including the Declaration of Eric Stahl submitted in support thereof;

(3) Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence, including the Declaration of Michael T. Pfau submitted in support thereof;

(4) Supplemental Declaration of Michael T. Pfau in Support of Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence; and

(5) _____

**Plaintiffs' Motion for Sanctions Against Backpage Defendants**

(1) Plaintiffs' Motion for Sanctions Against Backpage Defendants, including the Declaration of Michael T. Pfau submitted in support thereof;

(2) Defendants' Request for Extension and Opposition to Plaintiffs' Motion for Sanctions, including the Declaration of Eric M. Stahl submitted in support thereof;

(3) Plaintiffs' Reply in Support of Plaintiffs' Motion for Sanctions and Plaintiffs' Opposition to Defendants' Motion for Extension, including the Declaration of Michael T. Pfau submitted in support thereof; and

(4) _____

**Notice of Intent to Withdraw Filed by Davis Wright Tremaine and Notice of Lodging of *In Camera* Declaration and Motion to Seal filed by Davis Wright Tremaine**

(1) Notice of Intent to Withdraw filed by Davis Wright Tremaine LLP;

(2) Supplement to Notice of Intent to Withdraw filed by Davis Wright Tremaine LLP;

COMBINED ORDER GRANTING PLTFFS' MOT TO COMPEL, MOT FOR SANCTIONS, NOTICE OF WITHDRAWAL, & MOT TO SEAL - 2 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334 Fax: (206) 623-3624
http://www.pcvalaw.com

(3) Plaintiffs' Objections to Backpage Defendants' Counsel's Notice of Intent to Withdraw;

(4) Notice of Lodging of *In Camera* Declaration and Motion to Seal filed by Davis Wright Tremaine, LLP, as well as the documents that Davis Wright Tremaine filed with the Court for *in camera* review;

(5) The Declaration of James C. Grant Regarding Davis Wright Tremaine's Notice of Intent to Withdraw;

(6) Plaintiffs' Opposition to the Notice of Lodging of In Camera Declaration and Motion to Seal filed by Davis Wright Tremaine, including the Declaration of Jason P. Amala submitted in support thereof; and

(7) _____

_____

The Court has also considered the following materials regarding the contents and presentation of this Order:

(1) Medalist Defendants' Objections to Plaintiffs' Proposed Combined Order;

(2) Plaintiffs' Response to Medalist Defendants' Objections to Plaintiffs' Proposed Combined Order; and

(3) _____

_____

Based on the Court's review of the foregoing and the existing record, and for the reasons the Court articulated at the hearing in open court on May 23, 2018,[1] for the reasons stated below, and for the reasons stated in Plaintiffs' briefing, the Court enters the following findings and conclusions. The Court adopts its findings and conclusions from that hearing as if fully articulated in this written order, which is intended to memorialize and supplement the Court's findings and conclusions.

---

[1] A copy of the Verbatim Transcript of Proceedings from May 23, 2018, is attached hereto as Exhibit 1. The Court adopts its findings and conclusions from that hearing as if fully articulated in this written order, which is intended to memorialize and supplement the Court's findings and conclusions.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 3 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334 Fax: (206) 623-3624
http://www.pcvalaw.com

**Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence**

Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence is **GRANTED** as to the "Backpage Corporate Defendants,"[2] and discovery sanctions are imposed, as set forth below, should those defendants fail to comply with this Order. In support of this ruling, the Court makes the following findings and conclusions:

1. On January 12, 2018, the Court entered the Order Granting Plaintiffs' Motion to Compel Full and Complete Responses from Backpage Corporate Defendants with Regards to Discovery Requests Outlined in Appendix A ("January 12th Order").

2. The Backpage Corporate Defendants failed to comply with the January 12th Order or otherwise make reasonable efforts to substantially comply with the January 12th Order, including but not limited to the production of responsive documents on a rolling basis. The limited documents that were produced by the Backpage Corporate Defendants did not comprise the scope of relevant documents covered in the January 12th Order.

3. The Backpage Corporate Defendants' failure to comply with the Court's January 12th Order was willful and was not substantially justified under the circumstances. The claim by Davis Wright Tremaine that it could not comply with the Court's January 12th Order without first reviewing the entire set of responsive documents for privilege is unsupported. ~~The evidence demonstrates (1) that much of the materials have already been reviewed for privilege in the context of other similar litigation; and (2) that Davis Wright Tremaine has vetted the documents for privilege, per Mr. Ferrer.~~

---

[2] Consistent with the January 12th Order, the "Backpage Corporate Defendants" include Medalist Holdings, Inc.; Leeward Holdings, LLC; Camarillo Holdings, LLC; Dartmoor Holdings, LLC; Backpage.com, LLC; UGC Tech Group CV; Website Technologies, LLC; Atlantische Bedrijven, CV; Amstel River Holdings, LLC; Lupine Holdings, LLC; Kickapoo River Investments, LLC; CF Holdings GP, LLC; and CF Acquisitions, LLC.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 4 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

4.     The Backpage Corporate Defendants' failure to comply with the Court's January 12th Order has caused undue delay and has substantially prejudiced Plaintiffs' ability to prepare for the trial scheduled to begin October 16, 2018.

5.     The Court has considered lesser sanctions than those set forth below, including lesser monetary sanctions, but finds that lesser sanctions would not suffice in deterring these defendants from continued noncompliance with the Court's prior Order.

6.     ~~The Court finds that Defendant Carl Ferrer has waived the attorney/client privilege, on behalf of himself and Defendants Backpage.com, L.L.C., Dartmoor Holdings, L.L.C., IC Holdings, L.L.C., and Website Technologies, L.L.C., with respect to the topics set forth in the document executed April 5, 2018, which was attached as Exhibit A to the Declaration of Jason P. Amala in Support of Plaintiffs' Opposition to the Notice of Lodging of In Camera Declaration and Motion to Seal Filed by Davis Wright Tremaine.~~  (strike)

7.     _____

_____

_____

Based on the foregoing, the Court hereby **ORDERS** as follows:

1.     Within 60 days of this Order, the Backpage Corporate Defendants shall produce to Plaintiffs the approximately 1.2 million responsive documents identified by Eric Stahl in his letter dated March 20, 2018, which was attached as Exhibit 2 to the Declaration of Michael T. Pfau in Support of Plaintiffs' Motion to Compel Compliance with Court's Order and Motion to Preserve Evidence.

2.     If the defendants fail to produce the approximately 1.2 million responsive documents referenced above within 60 days of this Order, the defendants will be sanctioned in the amount of $1.00 per document for every 14 days of noncompliance with this Order.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 5 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334   Fax: (206) 623-3624
http://www.pcvalaw.com

3. Within 60 days of this Order, the Backpage Corporate Defendants shall produce any remaining documents responsive to the January 12th Order that are in their possession, which includes documents in the possession of Davis Wright Tremaine and other legal counsel who represents any of these defendants.

4. To the extent the defendants assert that any of the foregoing responsive documents should be withheld on the basis of the attorney/client privilege or work product doctrines, defendants shall produce to Plaintiffs any such records that have been provided to the United State Senate or other law enforcement after a court concluded the records were not subject to the attorney/client privilege or work product doctrines. The Court so orders because the defendants are not entitled to re-litigate whether those records may be withheld on the basis of privilege. The defendants shall also produce to Plaintiffs any such records that are no longer subject to the attorney/client privilege because of the express waiver executed by Defendant Ferrer on April 5, 2018, or because such records were disclosed to third parties.

5. To the extent additional records exist that defendants assert are subject to the attorney/client privilege or work product doctrine, defendants shall provide Plaintiffs with a privilege log that includes the basis for how the defendants defined their "control group" as to each withheld record. The log shall be sufficiently detailed so that Plaintiffs are able to determine whether the asserted privilege is valid as to each record, including whether any privilege may have been waived based on who sent or received the record. The privilege log shall also include the date of the record, the time of the record (where available), who authored the record, who received the record, and a general description of the record. A privilege log shall be produced contemporaneously with the records that are produced pursuant to this Order.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 6 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

6.      Defendants and Davis Wright Tremaine shall secure and continue to preserve all electronic evidence in their possession, including the two terabytes of data that Davis Wright Tremaine previously identified as described in Plaintiffs' motion. Defendants and Davis Wright Tremaine shall also duplicate ~~that electronic evidence~~ the 2 terabytes of data and place it in trust, ~~either with the Court or~~ with a neutral third party approved by the Court, within 60 days after this Order is entered. Unless the parties agree otherwise at the hearing on this Order, the Court approves John Cooper of WAMS as the approved neutral third party. The purpose of duplicating the data is to ensure that the Court's existing order can be honored, and in the event the federal government desires to seize the data, a copy will remain available for this litigation.

7.      _____

_____

_____

## Plaintiffs' Motion for Sanctions Against Backpage Defendants

Plaintiffs' Motion for Sanctions Against Backpage Defendants is **GRANTED as to all defendants**. In support of this ruling, the Court makes the following findings and conclusions:

1.      The CEO of defendant Backpage.com, defendant Carl Ferrer, recently pled guilty to a range of crimes and admitted the following relevant facts:

> In 2004, I co-founded the website www.Backpage.com ("Backpage"), along with M.L. [Michael Lacey] and J.L. [James Larkin]. Backpage eventually became the second-largest classified advertising in the world, during its 14 years of existence, has derived the great majority of its revenue from fees charged in return for publishing advertisements for 'adult' and 'escort' services.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 7 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

> I have long been aware that the great majority of these advertisements are, in fact, advertisements for prostitution services (which are not protected by the First Amendment and which are illegal in 49 states and in much of Nevada). Acting with this knowledge, **I conspired with other Backpage principals (including but not limited to M.L., J.L., S.S., D.H., A.P., and J.V.) to find ways to knowingly facilitate state-law prostitution crimes being committed by Backpage customers. For example, I worked with my co-conspirators to create 'moderation' processes through which Backpage would remove terms and pictures that were particularly indicative of prostitution and then publish a revised version of the ad.** Such editing did not, of course, change the essential nature of the illegal service being offered in the ad—**it was merely intended to create a veneer of deniability for Backpage. These editing practices were one component of an overall, company-wide culture and policy of concealing and refusing to officially acknowledge the true nature of the services being offered in Backpage's 'escort' and 'adult' ads.**
>
> In addition to conspiring to knowingly facilitate the state-law prostitution offenses being committed by Backpage's customers, I also conspired with other Backpage principals (including but not limited to M.L., J.L., S.S., D.H., A.P., and J.V.) to engage in various money laundering offenses. **Since 2004, Backpage has earned hundreds of millions of dollars in revenues from publishing "escort" and "adult" ads.** Over time, many banks credit card companies, and other financial institutions refused to do business with Backpage due to the illegal nature of its business. In response, I worked with my co-conspirators to find ways to fool credit card companies into believing Backpage-associated charges were being incurred on different websites, to route Backpage-related payments and proceeds through bank accounts held in name of seemingly unconnected entities, . . . and to use cryptocurrency-processing companies . . . for similar purposes.

2.      Defendant Ferrer's plea agreement admits the existence of an overriding conspiracy to facilitate illegal sex trafficking beginning in 2004 and persisting through March 2018. This timeframe covers when Plaintiffs allege they were marketed and sold for sex on Backpage.com, and when the plaintiffs in the *J.S.* litigation allege they were marketed and sold for sex on Backpage.com. Defendant Ferrer's guilty plea contains admissions that are highly consistent with the allegations of Plaintiffs in this case, and with the allegations of the plaintiffs

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 8 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

in the *J.S.* litigation, yet the defendants in both cases expressly denied those allegations. ~~This timeframe also implicates all named defendants as co-conspirators~~.

3. ~~The defendants have not provided any convincing evidence, including sworn testimony or other evidence, to refute the sworn statements in defendant Ferrer's guilty plea. Nor have the defendants filed an Answer in this case to refute Plaintiffs' allegations.~~

4. The evidence presented by Plaintiffs demonstrates that the Backpage Corporate Defendants collectively operated and owned the backpage.com website and have acted collectively in all relevant respects throughout the course of this litigation, including but not limited their responses to Plaintiffs' discovery requests.

5. Defendant Ferrer's guilty plea admits that "moderation processes" were implemented to remove terms and images indicative of prostitution in order to "create a veneer of deniability for Backpage." Defendant Ferrer further admits that the defendants engaged in "various money laundering offenses" in order to realize "hundreds of millions of dollars" in revenue from the illegal conduct facilitated on the Backpage.com website.

6. The above admissions by Defendant Ferrer are central to Plaintiffs' claims and allegations against the defendants as set forth in the First Amended Complaint. Further, the admissions in Defendant Ferrer's guilty plea directly contradict the defendants' responses to several interrogatories, requests for admission, and requests for production propounded by Plaintiffs in this litigation as outlined in Plaintiffs' briefing.

7. Based on the foregoing, the Court finds that the defendants have engaged in pre-litigation misconduct. Defendants have knowingly undertaken a pattern of misconduct over several years to deny claims asserted by Plaintiffs and similarly situated plaintiffs in the *J.S.* litigation, which Defendant Ferrer's plea agreement confirms were true. Accordingly, the

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 9 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

defendants' conduct in this litigation in responding to the claims and discovery requests propounded by Plaintiffs has not been grounded in fact.

8.  Based on the foregoing, the Court further finds that defendants have committed procedural bad faith by engaging in vexatious conduct throughout this litigation designed to necessitate undue delay and force Plaintiffs to incur significant costs in pursuing their claims. For example, defendants' denials in response to Plaintiffs' discovery requests were untruthful and submitted for the improper purpose causing unnecessary delay and increasing the costs of litigation, as demonstrated by Defendant Ferrer's guilty plea.

9.  Defendants' misconduct and procedural bad faith has severely prejudiced Plaintiffs, causing undue delay and needlessly increasing the costs of litigation. Defendants misconduct and procedural bad faith has also wasted judicial resources.

10. The Court finds that sanctions are warranted in order to deter the defendants from engaging in future misconduct, to punish the defendants for the misconduct described above, and to compensate Plaintiffs for the costs they were forced to incur as a result of the misconduct. The Court has considered the punitive, compensatory, and educational impact of the sanctions set forth below in light of the misconduct engaged in by the defendants. The Court has also considered the financial status of the defendants in fashioning the sanctions set forth below. ~~Specifically, the Court takes note of the report issued by the U.S. Senate's Permanent Subcommittee on Investigations, which states that Backpage.com's gross revenues were $135 million as of 2014 and the company's domestic operations were purchased in 2015 for $526 million.[3]~~ *(GHu)*.

---

[3] See STAFF REP. OF S. PERM. SUBCOMM. ON INVESTIG., 114TH CONG., BACKPAGE.COM'S KNOWING FACILITATION OF ONLINE SEX TRAFFICKING (Comm. Print 2017) (available at

COMBINED ORDER GRANTING PLTFFS' MOT TO COMPEL, MOT FOR SANCTIONS, NOTICE OF WITHDRAWAL, & MOT TO SEAL - 10 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

11. The Court has considered whether alternative lesser sanctions would suffice, including lesser monetary sanctions than those set forth below. The Court concludes, however, that the sanctions set forth below are the least severe sanctions necessary to fulfill the purposes of sanctions underlying CR 11. The Court's conclusion is based on (1) the extent and duration of defendants' bad-faith misconduct, which has spanned many years, (2) the serious prejudicial effect suffered by Plaintiffs as a result of defendants' misconduct, which includes the significant amount of time and resources they have spent pursuing discovery ~~to prove allegations that Defendant Ferrer now concedes in his guilty plea, time and resources that could have been spent focusing on other discovery and preparing for trial~~, (3) the litigation costs the defendants' misconduct has caused Plaintiffs to incur along with the needless waste of judicial resources, and (4) the defendants' financial status ~~as described above~~.

12. _____

_____

_____

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants are jointly sanctioned in the amount of $200,000.00 ($100,000.00 per Plaintiff). This amount shall be paid to the trust account of Plaintiffs' counsel within 30 days of this Order.

2. Plaintiffs are awarded their reasonable attorney's fees and costs that were necessitated by defendants' misconduct. Within 30 days of the entry of this Order, Plaintiffs

---

https://www.hsgac.senate.gov/imo/media/doc/Backpage%20Report%202017.01.10%20FINAL.pdf, *last visited* June 15, 2018).

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 11 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

shall file a separate motion that requests the awarded attorney's fees and costs and shall special set the motion for a date approved by the Court.

3. _____

_____

_____

**Notice of Intent to Withdraw Filed by Davis Wright Tremaine and Notice of Lodging of *In Camera* Declaration and Motion to Seal filed by Davis Wright Tremaine**

The Notice of Intent to Withdraw filed by Davis Wright Tremaine was timely objected to by Plaintiffs. Accordingly, withdrawal may be obtained only by order of the court pursuant to CR 71(c)(4). The Notice of Intent to Withdraw pertains to twelve of the seventeen defendants jointly represented by Davis Wright Tremaine in this litigation (collectively, the twelve defendants are referred to herein as the "Backpage.com Defendants").[4] Defense counsel does not seek to withdraw from representing the five remaining Defendants (collectively, the five defendants are referred to herein as the "Medalist Defendants").[5]

Based on the Court's *in camera* review of the supporting materials submitted by Davis Wright Tremaine, including the Grant Declaration, Davis Wright Tremaine's request to withdraw with respect to the Backpage.com Defendants is **GRANTED**, subject to the conditions set forth in this Order. The Court further concludes that continued representation of the Medalist Defendants by Davis Wright Tremaine is impermissible pursuant to the Rules of Professional Conduct. The Court hereby **DISQUALIFIES** Davis Wright Tremaine, Davis

---

[4] Namely, Defendants Carl Ferrer, Backpage.com, L.L.C., Dartmoor Holdings, L.L.C.,, IC Holdings, L.L.C., UGC Tech Group C.V., Website Technologies, L.L.C., Atlantishe Bedrijven C.V., Amstel River Holdings, L.L.C., Lupine Holdings, L.L.C., Kickapoo River Investments, L.L.C., CF Holdings GP, L.L.C., and CF Acquisitions, L.L.C. (collectively "Backpage.com Defendants").

[5] Namely, Defendants Medalist Holdings, Inc., Leeward Holdings, L.L.C., Camarillo Holdings, L.L.C., Michael Lacy, and James Larkin (collectively "Medalist Defendants").

COMBINED ORDER GRANTING PLTFFS' MOT TO COMPEL, MOT FOR SANCTIONS, NOTICE OF WITHDRAWAL, & MOT TO SEAL - 12 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334 Fax: (206) 623-3624
http://www.pcvalaw.com

Wright Tremaine's attorneys, Eric Stahl, and James Grant, from continuing to represent any parties in this litigation, including the Medalist Defendants, subject to the conditions set forth in this Order. In support of this ruling, the Court makes the following findings:

1. Defendant Carl Ferrer effectively revoked his consent allowing defense counsel to jointly represent the multiple Defendants in this lawsuit because of material changes in circumstances arising, in part, out of the federal criminal proceedings implicating several of the Backpage.com and Medalist Defendants. This lack of consent is expressly stated in Mr. Ferrer's April 24, 2018 letter to the attorneys at Davis Wright Tremaine.

2. The federal criminal proceedings are substantially related to the facts and claims in this litigation. ~~For example, both proceedings involve the central allegation that defendants knowingly facilitated sex-trafficking and minor sex-trafficking on the backpage.com website through various means such as the use "moderation" processes. Defendant Ferrer's guilty plea, on behalf of himself and several other corporate defendants, effectively admits these allegatio~~ns. ~~Several of the Medalist Defendants are currently charged as co-defendants in the federal criminal proceedings, rendering their interests materially adverse to the interests of Mr. Ferrer and, by extension, the Backpage.com Defendant~~s. 

3. Defense counsel has jointly represented all defendants in numerous lawsuits across the country that are also substantially related to the facts and claims in this litigation and the federal criminal proceedings. These past and current representations are relevantly interconnected such that defense counsel is familiar with both the Backpage.com Defendants' and Medalist Defendants' pattern of conduct as it relates to the claims in this litigation.

4. Given the above, the Court concludes that there is a high possibility that Davis Wright Tremaine, Davis Wright Tremaine's attorneys, Eric Stahl, and James Grant will

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 13 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334 Fax: (206) 623-3624
http://www.pcvalaw.com

encounter an impermissible conflict of interest jeopardizing the effective administration of justice if they continue to represent the Medalist Defendants in this litigation.

5. The Court further concludes that the Backpage.com Defendants' interest to preserve the confidences previously disclosed to Davis Wright Tremaine, Davis Wright Tremaine's attorneys, Eric Stahl, and James Grant combined with the high possibility that Davis Wright Tremaine, Davis Wright Tremaine's attorneys, Eric Stahl, and James Grant will encounter conflict if allowed to continue representing the Medalist Defendants, outweighs the Medalist Defendants' interest in maintaining defense counsel as their attorneys in this litigation.

6. _____

_____

_____

Based on the foregoing, the Court **ORDERS** as follows:

1. Davis Wright Tremaine's request to withdraw is granted with respect to the Backpage.com Defendants.

2. Davis Wright Tremaine is disqualified from continuing to represent any other parties in this litigation, including the Medalist Defendants.

3. Davis Wright Tremaine may continue to represent the Medalist Defendants only insofar as is necessary to secure the interests of the Medalist Defendants pursuant to the obligations set forth in the Rules of Professional Conduct. To this end, Davis Wright Tremaine shall file a status report with the Court, served upon all parties, within 30 days of this Order and every 30 days thereafter, detailing their progress in securing the interests of Medalist Defendants until such time as representation ceases.

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 14 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

4. The Motion to Seal filed by Davis Wright Tremaine regarding the Declaration of James C. Grant:

[ ] is granted in part. Pursuant to GR 15(c)(3) and applicable law, Davis Wright Tremaine is directed to submit a redacted version of the Grant Declaration for Court approval within 5 court days of this Order. Davis Wright Tremaine shall redact only those portions of the Grant Declaration subject to the attorney-client privilege. Any proposed redactions shall not include unprivileged materials, such as joint defense agreements or retainer agreements or any communications no longer privileged because of the waiver executed by Defendant Ferrer on April 5, 2018. The Court will approve, reject, or modify the redactions and file the final redacted version of the Grant Declaration in the court record. The original, unredacted version of the Grant Declaration will remain under seal.

[X] is granted.

[ ] _____

DONE IN OPEN COURT this 28th day of June 2018.

_____
THE HONORABLE G. HELEN WHITENER

PRESENTED BY:

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 15 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ Michael T. Pfau
Michael T. Pfau, WSBA # 24649
michael@pcvalaw.com
Jason P. Amala, WSBA # 37054
jason@pcvalaw.com
Vincent T. Nappo, WSBA # 44191
vincent@pcvalaw.com
Ryan J.P. Dyer, WSBA # 48016
rdyer@pcvalaw.com
Attorneys for Plaintiffs

COMBINED ORDER GRANTING PLTFFS'
MOT TO COMPEL, MOT FOR SANCTIONS,
NOTICE OF WITHDRAWAL, & MOT
TO SEAL - 16 of 16

PFAU COCHRAN VERTETIS AMALA PLLC
403 Columbia St. Suite 500
Seattle, Washington 98104
Phone: (206) 462-4334  Fax: (206) 623-3624
http://www.pcvalaw.com