Paul J. Cambria, Jr. (Cal. Bar No. 177957)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:    (716) 855-1580
Email:          pcambria@lglaw.com
                    emccampbell@lglaw.com

*Counsel for Defendant Michael Lacey*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311)
Kenneth M. Miller (Cal. Bar No. 151874)
Anthony R. Bisconti (Cal. Bar No. 269230)
Whitney Z. Bernstein (Cal. Bar No. 304917)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:    (949) 369-3701
Email:          tbienert@bmkattorneys.com
                    kmiller@bmkattorneys.com
                    tbisconti@bmkattorneys.com
                    wbernstein@bmkattorneys.com

*Counsel for Defendant James Larkin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff,<br><br>   v.<br><br>Michael Lacey, James Larkin, Scott Spear, John Brunst, Dan Hyer, Andrew Padilla, and Joye Vaught,<br><br>                          Defendants. | No. CR-18-00422-PHX-SPL (BSB)<br><br>**DECLARATION OF JAMES C. GRANT IN SUPPORT OF DEFENDANTS' SUPPLEMENT TO THE OPPOSITION TO THE UNITED STATES' MOTION TO DISQUALIFY COUNSEL**<br><br>Oral argument scheduled October 5, 2018 |

James C. Grant declares and states as follows:

1. I am an attorney with the law firm of Davis Wright Tremaine LLP ("DWT"). I am submitting this declaration in connection with the Supplement of Defendants Lacey and Larkin to the Opposition to the Government's Motion to Disqualify Davis Wright Tremaine LLP ("DWT") ("Disqualification Motion"). I provide the declaration based on personal knowledge and records and files in various actions in which I have been counsel. I am competent to testify to the matters stated here.

2. ***Ruling in R.O. v. Medalist Holdings, Inc.*** In its Reply on the Disqualification Motion, the government points to a ruling of a Pierce County, Washington superior court that entered an order disqualifying DWT from representing Messrs. Lacey and Larkin in a civil cases pending in that court, *R.O. v. Medalist Holdings, Inc.*, No. 17-2-04897-1. The trial court's order was issued *sua sponte*. No party sought disqualification nor brought any motion to disqualify counsel. The court permitted no briefing, hearing, argument, or any opportunity for Defendants to contest the ruling, except by lodging an objection afterwards. Based on its comments and order, the court did not consider the parties' joint representation agreements or Mr. Ferrer's express waivers of conflicts.

3. Also in the *R.O.* case, counsel for Backpage.com and Mr. Ferrer acknowledged that they did not seek or support disqualification of DWT from further representation of the Medalist parties. Attached as **Exhibit A** is a true and correct copy of a portion of a transcript from a June 28, 2018 hearing in the *R.O.* case containing these comments of counsel for Backpage.com and Ferrer.

4. ***Stay of Trial Court Order in R.O.*** The Medalist parties filed motions in the Washington Court of Appeals for review and a stay of the trial court's order, challenging, among other things, the *sua sponte* disqualification ruling. On the same day the stay motion was filed, the court of appeals entered a preliminary stay of all proceedings in the trial court. Attached as **Exhibit B** is a true and correct copy of a

1

letter from the Washington Court of Appeals dated August 15, 2018, entering the preliminary stay.  Three weeks later, on September 5, 2018, the court affirmed the stay in formal order, a true and correct copy of which is attached as **Exhibit C**.

5. ***Declarations of Mr. Ferrer.***  The governments' Reply alludes to declarations of Mr. Ferrer which he submitted in prior cases.  In numerous cases dating back to 2012, Ferrer provided six declarations averring that Backpage.com enforced rules and screened ads to prevent improper content and regularly worked with law enforcement to identify and pursue persons who misused the website.  Attached as **Exhibit D** is a true and correct copy of one of these declarations, filed in *Backpage.com, LLC v. Dart*, No. l:15-cv-06340 (N.D. Ill.).

6. ***The Government's Seizures of Defendants' Assets.***  The government has obtained scores of civil seizure warrants in the Central District of California for bank and financial accounts of Defendants and their families, instituted overlapping administrative forfeiture proceedings, and encumbered Defendants' homes and other real property by filing *lis pendens*.  Defendants have filed a motion in the U.S. District Court for the Central District of California challenging the seizures and seeking to vacate them on the grounds that they violate the First, Fourth, and Fifth Amendments. *In re Seizure of Funds Held in Republic Bank of Arizona Account(s) xxxx1889, etc.*, No. CV18-6742-RGK.  That motion is fully briefed and Defendants anticipate a decision from the court shortly.

7. ***The Government's Seizure of DWT Retainer.***  The government also seized a retainer held by DWT, thus depriving Messrs. Larkin and Lacey and the other Medalist parties of funds expressly intended to cover defense costs in this action, as well as more than a dozen pending civil cases.  The government has also threatened to seize retainer funds held by other Defendants' counsel.

8. ***The Government's Apparent Coordination with Backpage.com and Ferrer.***  By all appearances, the government has been coordinating with Ferrer (and Backpage.com) to attack Defendants and their counsel not only here but in the pending

civil cases. For example, shortly after DWT indicated it would withdraw from representing Backpage.com and related parties in the civil cases, Ferrer's counsel (Ms. Clarence) sent unsolicited letters to fifteen courts handling the cases, vaguely objecting to DWT's continued representation of the Medalist parties. However, Backpage.com and Ferrer did not object to DWT's withdrawal in these cases and did not move to disqualify DWT. The courts largely ignored the unsolicited letters and permitted DWT's withdrawal from representation of the Backpage.com parties.

9. In one civil case in the U.S. District Court for the District of Massachusetts, the court considered the putative conflict issues and, after reviewing the joint representation agreements, permitted DWT's continued representation of the Medalist parties. Attached as **Exhibit E** is a true and correct copy of the June 29, 2018 order of the court in *Jane Doe No. 1 v. Backpage.com, LLC*, No. 17-11069-LTS.

10. Additionally, before the government's seizure of DWT's retainer account, the Backpage.com parties pressed DWT to return all retainer funds, notwithstanding that the funds were meant for the use of all parties to the joint representation agreements. The Backpage.com parties acknowledged they were pursuing DWT for the retainer "[a]s part of their agreement to cooperate in the federal and state criminal cases." Attached as **Exhibit F** is a true and correct copy of a June 26, 2018 pleading filed by Backpage.com in the *R.O.* case containing this statement (¶ II.C, at 2).

11. ***The Government's Apparent Coordination with Plaintiffs' Counsel.*** There is also reason to believe the government has been working with counsel representing plaintiffs in civil cases to assert challenges against the Medalist parties. Plaintiffs' counsel have met with government counsel, they have apparently supplied information to the government about the *R.O.* case and rulings, and they previously worked with the government to provide confidential documents from a prior civil case. It also appears that the government has coordinated with plaintiffs' counsel to seek stays in civil cases in Florida and Texas, in motions that appear to have been written by the

3

government and that invoke 18 U.S.C. § 3509(k) as a basis for staying the civil cases while parallel criminal proceedings are pending.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Signed at Phoenix, Arizona, this 3rd day of October, 2018.

*s/ James C. Grant*
James C. Grant

Case 2:18-cr-00422-DJH   Document 331-1   Filed 10/04/18   Page 6 of 6

**CERTIFICATE OF SERVICE**

    I certify that on this 3rd day of October, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

                              *s/ Toni Thomas*
                              Toni Thomas

CM/ECF Registrants:

Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Kevin Rapp, kevin.rapp@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Paul Cambria, pcambria@lglaw.com
Tom Bienert, tbienert@bmkattorneys.com
Bruce Feder, bf@federlawpa.com
Michael Kimerer, mdk@kimerer.com

5