# Exhibit C

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| R.O., by and through her mother S.H., and K.M., by and through her mother L.M.,<br><br>Respondents,<br><br>v.<br><br>MEDALIST HOLDINGS., INC.; LEEWARD HOLDINGS, LLC; CAMARILLO HOLDINGS, LLC; JAMES LARKIN; MICHAEL LACEY,<br><br>Petitioners,<br><br>DARTMOOR HOLDINGS, LLC; IC HOLDINGS, LLC; BACKPAGE.COM, LLC, UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC; ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER HOLDINGS, LLC; LUPINE HOLDINGS LLC; KICKAPOO RIVER INVESTMENTS LLC; CF HOLDINGS GP, LLC; CF ACQUISITIONS, LLC; CARL FERRER,<br><br>Other Parties/ Defendants Below, | No. 52264-1-II<br><br>RULING GRANTING STAY<br><br> |

Petitioners (collectively, Medalist) are moving for discretionary review of the superior court's decisions to: (1) fully disqualify Medalist's counsel instead of allowing

52264-1-II

counsel to withdraw from representing other defendants while continuing to represent Medalist; (2) impose discovery sanctions of $200,000 (plus fees); and (3) order counsel to produce 1.2 million documents or pay additional sanctions.  Medalist here moves to stay these portions of the trial court's June 28, 2018 order and stay trial court proceedings (trial is set for October 16th) pending resolution of its motion for discretionary review, set for argument on September 26, 2018.

Medalist contends that the issues it raises are debatable and a stay should issue. With respect to the counsel issue, it contends that the superior court provided insufficient notice that it intended to completely disqualify counsel and disregarded joint representation agreements.  It adds that the superior court acknowledged that disqualification was an "appealable issue." Mot. for Stay at 4.  Medalist further contends that the disputed documents are not clearly responsive to earlier discovery requests and have never been reviewed for responsiveness or privilege.  Finally, it adds that the $200,000 discovery sanction award was unwarranted because the superior court should not have imputed statements made by another defendant, Carl Ferrer, to Medalist. Medalist believes it will be harmed if this court does not impose a stay because it cannot pay sanctions or hire new counsel because of "extensive government seizures of funds." Mot. for Stay at 7.

Respondents, R.O. and K.M., oppose the stay motion.  They assert that discovery shows that Medalist "owned and operated backpage.com and helped facilitate illegal prostitution on the website from 2004 onward." Resp. to Mot. for Stay at 4-5.  They argue that the superior court acted correctly to disqualify counsel from representing all defendants because there was a material change in circumstances and irreconcilable

2

52264-1-II

conflicts would likely arise. They further contend that Medalist had notice that disqualification was possible and had an opportunity to respond. They detail what they assert is a long history of discovery delay by the defendants. Addressing the 1.2 million documents, they note that the superior court, in January 2018, approved of the search terms used to compile these documents as "reasonably calculated to lead to the discovery of admissible evidence." Resp. to Mot. for Stay at 18. They add that otherwise-disqualified counsel remains retained for this discovery matter, and that the production requires a privilege log.

With respect to harm to them if a stay issues, R.O. and K.M. note that this case has been pending for nearly two years, and twelve months have passed since they issued discovery requests. They emphasize that they are survivors of sex trafficking and "have a compelling interest in moving on with their lives." Resp. to Mot. for Stay at 19. They add that nothing in the record supports Medalist's claim that it cannot afford to pay sanctions or hire new counsel.

Upon review of the motion to stay, the response, the reply, the motion for discretionary review, and the documents cited by the parties contained in the appendix to the motion for discretionary review, this court determines to grant Medalist's motion to stay.

RAP 8.3 authorizes the court to "issue orders, before or after acceptance of review . . . to insure effective and equitable review, including authority to grant injunctive or other relief to a party." In evaluating whether to stay enforcement of a superior court decision, this court considers whether the issue presented by the appeal is debatable, and whether a stay is necessary to preserve for the movant the fruits of a successful appeal,

3

52264-1-II

considering the equities of the situation. *Purser v. Rahm,* 104 Wn.2d 159, 177, 702 P.2d 1196 (1985), *cert. dismissed,* 478 U.S. 1029 (1986); *see generally Confederated Tribes of Chehalis Reservation v. Johnson,* 135 Wn.2d 734, 759, 958 P.2d 260 (1998).

Although the party seeking discretionary review faces an uphill battle under RAP 2.3(b), the court concludes the disqualification issue raised by Medalist is debatable given the unique circumstances surrounding the entry of the disqualification order. In addition, the harm to Medalist from having to proceed to trial just months after trial counsel's disqualification, weighs in favor of a stay of trial even though R.O. and J.M. have a significant interest in seeing their claims litigated in a timely and efficient matter.

Looking to the discovery sanctions, this court accepts that Medalist's argument that the sanctions are impermissibly based on hearsay raises a debatable issue. With respect to the trial court's order on document production, the issues Medalist raises regarding privilege and production of documents to third parties, as well as disqualified counsel's responsibility to produce documents, satisfy the debatability standard. Because a trial stay is being entered and because R.O. and J.M.'s response to the stay motion does not set out discovery-specific harms to them other than those inherent in delaying trial court proceedings, this court also stays imposition of the $200,000 in sanctions, and the document production and additional sanctions set out in the superior court's June 28, 2018 order.[1]

---

[1] This court notes that the superior court expressed serious concerns about document retention in its order but recognizes that in Medalist's motion for discretionary review, disqualified counsel assures this court that it has committed to "preserve all documents." Mot. for Disc. Rev. at 18.

4

52264-1-II

Finally, the parties dispute whether Medalist should be required to post a bond if its stay request is granted. R.O. and K.M. request a bond of $267,000, plus interest. Medalist argues that RAP 8.1 does not require a bond to stay trial court proceedings and adds that it cannot afford to post bond. But RAP 8.1 and RAP 8.3 set out that a bond is "ordinarily" required. RAP 8.1(b)(3); RAP 8.3. Medalist's arguments are insufficient to set aside the bond presumption contained in the RAPs, even in light of the asset forfeitures. This court, therefore, grants R.O. and J.M.'s request that Medalist furnish a supersedeas bond of $267,843.12 plus interest likely to accrue during the pendency of its motion for discretionary review. RAP 8.1(c)(1); RAP 8.1(d)(1); RAP 8.3. Accordingly, it is hereby

ORDERED that Medalist's motion for a stay is granted upon the posting of a bond with the Pierce County Superior Court Clerk for $267,843.12 plus the interest likely to accrue during the pendency of Medalist's motion for discretionary review.

DATED this ___5___ day of ___September___, 2018.

_____
Aurora R. Bearse
Court Commissioner

cc: Eric Stahl
    Michael T. Pfau
    Erik L. Bauer
    Jason P. Amala
    Vincent T. Nappo
    Darrell L. Cochran
    Ralph H. Palumbo

5