# Exhibit F

THE HONORABLE G. HELEN WHITENER
*Hearing Date: June 28, 2018 at 9:00 a.m.*
*With Oral Argument*

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR PIERCE COUNTY

R.O. and K.M.,

    Plaintiffs,

v.

MEDALIST HOLDINGS, INC., ET AL.,

    Defendants.

No. 17-2-04897-1

**LIMITED OBJECTION TO PLAINTIFFS' PROPOSED FORM OF SANCTIONS ORDER**

## I. RELIEF REQUESTED

The Backpage Defendants[1] have been shut down, had their assets and files seized and forfeited, and had their remaining retainer funds and case documents held hostage by their former withdrawing counsel. Accordingly, the Backpage Defendants respectfully request that the Court modify the proposed terms in the Plaintiffs' Proposed Form of Sanctions Order as set forth herein.

---

[1] The Backpage Defendants include Amstel River Holdings, Atlantische Bedrijven CV, Backpage.com, LLC, Carl Ferrer, CF Acquisitions, CF Holdings GP LLC, Dartmoor Holdings, IC Holdings LLC, Kickapoo River Investments, LLC, Lupine Holdings LLC, UGC Tech, and Website Technologies LLC.

OBJECTION TO PROPOSED SANCTION ORDER – Page 1

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## II. BACKGROUND

A. The Pleas. On April 5, 2018, both Mr. Carl Ferrer and Backpage.com, LLC entered into Plea Agreements with the United States of America. *See* Exhibits 1 and 2, respectively, attached hereto. Pursuant to those Plea Agreements, the Backpage Defendants have shut down website operations and agreed to forfeit "all corporate assets and other property owned or controlled" by the Backpage Defendants. Exhibit 1, ¶ 3.b. These forfeited assets include: "domain names, servers, intellectual property, trademarks, trade secrets, bank accounts, cryptocurrency, and other financial instruments owned or controlled by such entities." Exhibit 1, ¶¶ 3.b, 8; Exhibit 2, ¶ 8.

B. The Forfeitures. On May 16, 2018, the United States District Court for the District of Arizona entered Preliminary Orders of Forfeiture against both Mr. Ferrer and Backpage.com, LLC. *See* Exhibits 3 and 4, respectively, attached hereto. The Forfeiture Orders became final as to each defendant upon entry and forfeited all "rights, title, and interest" in and to the property defined as the "Forfeited Property." The Forfeited Property includes bank accounts, both foreign and domestic, real property, domain names, security deposits and retainers/deposits for future services, reserves and accounts receivable, both foreign and domestic, and trademarks and other intellectual property. Exhibit 3, ¶ A – D; Exhibit 4, ¶ A – G.

C. Other funds and documents. As part of their agreement to cooperate in the federal and state criminal cases, since at least April 24, 2018, the Backpage Defendants (both directly and through counsel) have requested that withdrawing counsel Davis Wright Tremaine LLP (a) immediately account for and return all retainer funds, and (b) "immediately return all hard disks, files, and other property" to the Backpage Defendants. *See* Exhibit 5 attached hereto. These pleas have not been successful to date. As shown below and in Exhibit 6 attached hereto, the Backpage Defendants again re-urge their former

counsel to comply with the Court's impending orders, and respectfully ask that any order entered by this Court be modified to support this request.

### III. RELIEF REQUESTED AND GROUNDS FOR RELIEF

A. Documents. Plaintiffs' Proposed Order would require the Backpage Defendants to produce documents they do not have and cannot produce. *See* Proposed Order, p.5, ¶¶ 1-6. Since April 24, 2018, the Backpage Defendants (both directly and through counsel) requested – to no avail – that withdrawing counsel Davis Wright Tremaine "immediately return all hard disks, files, and other property" to the Backpage Defendants. *See* Exhibit 5. To the extent the Backpage Defendants had any other relevant documents, they have been seized by the United States of America per the Plea Agreements, Forfeiture Orders, and prior raids.

Accordingly, the Backpage Defendants will be unable to comply with any order to "produce to Plaintiffs the approximately 1.2 million responsive documents identified by Eric Stahl," or produce any other "remaining documents responsive to the January 12th Order," or "duplicate that electronic evidence," or produce other relevant documents. *See* Proposed Order, p.5, ¶¶ 1-6. Any production of files or documents must come from DWT, who has already vetted the documents for relevance, privilege, and other matters, and the Backpage Defendants support an order from this Court directing same from DWT.

B. Funds. Plaintiffs' Proposed Order also would require the Backpage Defendants to turnover funds they do not have and cannot pay. *See* Proposed Order, p.5, ¶ 2, p. 11, ¶¶ 1-2. As shown in the attached Plea Agreements and Forfeiture Orders, the Backpage Defendants' funds have been forfeited. *See* Exhibits 1-4. To the extent their funds have not already been fully possessed or seized by the United States of America, the collection of

forfeited property may interfere with federal forfeiture efforts and the Backpage Defendants' agreement to forfeit same.[2]

"Pursuant to 21 U.S.C.A. § 853(c) and the Supplemental Order, all right, title, and interest in the forfeited property vest[s] in the United States upon the commission of the act giving rise to the forfeiture." *U.S. v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999). Section 853(k) further provides that once an indictment is issued, "commencing an[y] action at law or equity against the United States concerning the validity of [its] alleged interest in the property ... subject to forfeiture" is barred by § 853(k). *Id*. The district court retains "exclusive jurisdiction over the [seized] property . . . at least until the property is sold or otherwise disposed of." *U.S. v. MacInnes*, 223 F. App'x 549, 553 (9th Cir. 2007).

Even actions "technically" brought against a criminal defendant and not the United States constitute "an action at law or equity against the United States" and are statutorily barred under § 853(k) if the Government holds title to the seized property. *Phillips*, 185 F.3d at 188 (citing *U.S. v. Sec. Marine Credit Corp.*, 767 F. Supp. 260, 262–63 (S.D. Fla. 1991) for its holding that § 853(k) bars all alternative methods under which a third party might assert its claim over forfeited property once the forfeiture proceedings have commenced).

Section 853(g) gives district courts broad powers and § 853(o) directs them to construe § 853 "liberally ... to effectuate its remedial purposes." *MacInnes*, 223 F. App'x at 552-53. Even though a recognized right may be valid, "the extent of its validity can only be litigated in front of the district court pursuant to § 853(n). *Id* at 553. Section 853(k) extinguishes the right of "interested parties to enforce their rights against the Government through separate civil litigation." *Id*.

---

[2] The United States may not have effected possession of all assets forfeited by the Defendants but all such assets are subject to possession by the United States.

Moreover, since April 24, 2018, the Backpage Defendants (both directly and through counsel) have requested – to no avail – that withdrawing counsel Davis Wright Tremaine immediately account for and return all retainer funds held.

Accordingly, the Backpage Defendants will be unable to comply with any order to pay sanctions, attorney fees, or other amounts to any party. However, by filing and serving Exhibit 6 hereto, the Backpage Defendants wish to show the Court their sincerity in attempting to comply with any order ultimately entered by this Court and hereby re-urge their former counsel to return to the Backpage Defendants all remaining retainer funds held in Davis Wright Tremaine's IOLTA (or other accounts) and produce to the Court and Plaintiffs all non-privileged files and documents relevant to this case. The Backpage Defendants request that any order entered by the Court direct Davis Wright Tremaine to comply with this request.

C. Facts. Lastly, Plaintiffs' Proposed Order would misstate the facts if entered as is. The Proposed Order would find that sanctions are warranted (a) "to deter the defendants from engaging in future misconduct," (b) to compensate Plaintiffs for the costs they were forced to incur as a result of the misconduct," and (c) due to the financial status of the defendants. Proposed Order, p. 9, ¶ 9. These findings are not supported by facts when applied to the Backpage Defendants. First, the Backpage Defendants have been shut down, they have extremely broad and strict requirements already imposed upon them per the Plea Agreements and Forfeiture Orders, and they are not engaging in any misconduct at this time nor will they in the future. Second, the Backpage Defendants cannot financially compensate Plaintiffs for any costs incurred. Third, gross revenues and sale figures taken from 2014 and 2015 are grossly misleading evidence concerning the Backpage Defendants' financial wherewithal given that the Plea Agreements and Forfeiture Orders deprive the Backpage Defendants of the financial ability to comply with the Plaintiffs' Proposed Order.

## IV. CONCLUSION

The Backpage Defendants have been shut down and lack both funds and files to turnover pursuant to the Proposed Sanctions Order; accordingly, they respectfully seek modification of such order (as to the Backpage Defendants) as set forth herein to (a) order Davis Wright Tremaine LLP to produce the relevant, non-privileged documents to the Plaintiffs and the Court, (b) order Davis Wright Tremaine LLP to return all remaining retainer funds to the Backpage Defendants, and (c) provide all further relief at law or equity to the Backpage Defendants in light of these special circumstances.

DATED this 26th day of June, 2018.

YARMUTH WILSDON PLLC

By: *s/ Ralph H. Palumbo*
Ralph H. Palumbo, WSBA No. 4751
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
Telephone: 206.516.3800
Fax: 206.516.3888
rpalumbo@yarmuth.com

*Attorneys for*
*Amstel River Holdings*
*Atlantische Bedrijven CV*
*Backpage.com, LLC*
*Carl Ferrer*
*CF Acquisitions*
*CF Holdings GP LLC*
*Dartmoor Holdings*
*IC Holdings LLC*
*Kickapoo River Investments, LLC*
*Lupine Holdings LLC*
*UGC Tech*
*Website Technologies LLC*

## CERTIFICATION OF EXHIBITS

I, Mark A. Castillo, hereby certify under penalty of perjury under the laws of the State of Washington that:

1. I am a member in good standing of the bar of the state of Texas listed above as my jurisdiction of primary practice.

2. I am a resident of and maintain a law practice in Texas and have personal knowledge of Exhibits 1-6 referenced in the foregoing motion as being obtained by my law office, Curtis | Castillo PC, in the ordinary course of its representation of the Backpage Defendants.

3. I have provided copies of Exhibits 1-6 to local counsel for filing and they are true and correct to the best of my knowledge.

DATED this 26th day of June, 2018 at Dallas, Texas.

/s/ *Mark A. Castillo*
Mark A. Castillo, Curtis | Castillo PC
Tex. Bar. No. 24027795



YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888