ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　　Defendants. | CR-18-422-PHX-SPL (BSB)<br><br>**UNITED STATES' MOTION FOR CLARIFICATION RE ORDER TO RESOLVE ATTORNEY-CLIENT PRIVILEGE ISSUES [Doc. 345]** |

　　　　The government seeks clarification with respect to the Court's Order (Doc. 345), but only as it relates to the government's filter team review.  On October 18, 2018, the Court denied the government's motion to resolve attorney-client privilege issues and granted in part and denied in part Defendants' cross-motion to obtain discovery and address privilege issues.  (Doc. 345.)  Defendants' cross-motion requested the Court issue an order with respect to the following six categories:

1. Deny the government's motion and reject its assertions attempting to create a blanket waiver of privilege in this action;

2. Order that the government's review of potentially privileged documents immediately cease;

3. Direct the government to run a search of all documents in its possession and segregate all documents that contain any attorney or law firm names (based on lists of such names provided previously);

4. Require the government to provide disclosures of all communications with Ferrer, his counsel, or others about representation of or communications with counsel, the parties' agreements regarding joint representation or defense, and/or any efforts to influence or affect counsel's representations of Messrs. Lacey and Larkin or any of the Medalist Parties;

5. Require the government to provide complete information about processes and any review of potentially privileged documents or information that has occurred to date; and

6. After the requisite disclosures, permit the parties an opportunity to bring further motions, as appropriate, to address protection of attorney-client privileges and work product protections or to seek remedies for violations.

(Doc. 235 at 29-30.)

The Court granted Defendants' cross-motion—in part—in order to "prohibit the Government from accessing the privileged email communications at issue." (Doc. 345 at 8.) The Court then found that Defendants' request for discovery was neither necessary nor helpful. (*Id.*) And that any order of discovery would "unnecessarily distract" from the trial process and cause a waste of resources. (*Id.*)

The Court's Order makes clear that Defendants' first request in their cross-motion (Doc. 235) was granted. In addition, it is clear that requests four through six were denied. (Doc. 345 at 8.) The Order, however, is silent as to requests number two and three that relate to the government's filter team review. The Court likely remained silent on these

requests, because the government has averred both that (a) it temporarily stopped conducting a filter team review after the prosecution team received a letter from Defendants in May, which raised concerns about the process (Doc. 195 at 4), and (b) the government has already run a search with over 265 terms that relate to attorney representation and segregated any potentially privileged documents. (Doc. 269 at 16, 269-8.)

Based on the Court's Order, the government is prepared to finish its filter review of all the potentially privileged materials within its possession. It will continue the process that two different magistrate judges have already approved. (Doc. 195-1, 195-2.) Before commencing with its review, however, the government is seeking this clarification to inform both the Court and Defendants of its plan moving forward. Given the nature of this case, the government wants to ensure this Court has a complete understanding about the government's intentions before proceeding. As discussed previously, a filter review is the most efficient path forward. (*See* Doc. 269 at 15 (citing *United States v. Loughner*, 782 F. Supp. 2d 829, 833 (D. Ariz. 2011) ("The Court approves the Government's use of a filter team to screen BOP's records for possible privilege issues."); *United States v. Triumph Capital Group, Inc.,* 211 F.R.D. 31, 43 (D. Conn. 2002) ("The use of a taint team is a proper, fair and acceptable method of protecting privileged communications when a search involves property of an attorney.")) Accordingly, the government seeks clarification on re-initiating its filter review to ensure the discovery process continues to move forward in an efficient manner. For the foregoing reasons, the government requests the Court enter the attached proposed order confirming that the filter team may resume and complete its privilege review.

Respectfully submitted this 29th day of October, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Anne Chapman, Erin McCampbell, Gregory Zamora, James Grant, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, David Wakukawa, Michael Piccarreta, Stephen Weiss, Gopi Panchapakesan, Ariel Neuman, Gary Lincenberg, Anthony Bisconti, Whitney Bernstein, Seetha Ramachandran.

*s/Gaynell Smith*
U.S. Attorney's Office