PICCARRETA DAVIS KEENAN FIDEL PC
2 East Congress Street, Suite 1000
Tucson, AZ  85701
(520) 622-6900
Michael L. Piccarreta
State Bar No. 003962
Email: mlp@pd-law.com
Attorney for Defendant Andrew Padilla

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-06-PHX-SPL (BSB) |
| Plaintiff, | EMERGENCY MOTION TO STAY SEIZURE OF ATTORNEYS' FEES AND REQUEST FOR IMMEDIATE HEARING |
| vs. | |
| 6.  Andrew Padilla,<br>     (Counts 1-51)<br>7.  Joye Vaught,<br>     (Counts 1-51) | (Oral Argument and Immediate Hearing Requested) |
| Defendant. | |

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or an order based thereon, as explained more fully below.

Defendants Andrew Padilla and Joye Vaught, by and through their undersigned counsel, hereby request this Court to issue a stay of seizure warrants directed to funds for attorneys' fees for their representation in the above-captioned criminal case and to hold an immediate hearing on the validity of seizure of attorneys' fees.[1] These defendants have the duty to promptly bring this matter to this Court's attention due to the significant impact upon

---

[1] The government is not seeking seizure of previously earned attorneys' fees, only the fees held in IOLTA trust for future legal work in this criminal case.

the pending criminal proceedings before this Court.[2]

On the afternoon of Wednesday, November 7, 2018, counsel for defendant Andrew Padilla was notified by an attorney from the United States Department of Justice's Money Laundering and Asset Recovery Section that a warrant had issued (but not yet served on the bank) for the seizure of funds in counsel's IOLTA bank account containing unearned fees for the criminal representation of Mr. Padilla in this case. See Seizure Warrants attached hereto as Exhibits A and B. Counsel for Mr. Padilla was advised to wire transfer funds in the accounts to the United States (in lieu of execution of the warrants) by no later than 4:00 p.m. on Tuesday, November 13, 2018. Counsel for Mr. Padilla then received a confirming email with the wiring instructions. (See Exhibit C). Counsel for Ms. Vaught received similar information and a seizure warrant from the government on the afternoon of November 6, 2018. (See Exhibit D). The government advised that unless we wire the funds to them by 4:00 p.m. on November 13, the banks will be served with seizure warrants.

The warrants are signed by Magistrate Judge Rozella Oliver, and have been served on counsel here in Arizona and address seizure of funds held in counsels' bank accounts in Arizona.[3] Counsel have requested the underlying seizure warrant affidavits but they have not

---

[2] *See United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) ("All federal courts are invested with inherent powers enabling them to manage their cases and courtroom effectively").

[3] The Padilla seizure warrants address wrong numbered accounts, including an IOLTA account that was closed approximately one year ago and names the law firm's operating account, not the IOLTA account. The defendant had advised the government of this error and agreed not to disburse funds from the Padilla IOLTA account without government or court approval. Defendants Padilla and Vaught nonetheless request emergency relief as these matters are being sorted out.

yet been disclosed. Mr. Padilla and Ms. Vaught now request an emergency stay of the seizure of these funds as they are necessary for the continued representation of these defendants in these criminal proceedings. These defendants also request the immediate disclosure of the affidavits so that the validity of the seizure warrants may be fully addressed and fully briefed for a hearing on this matter.

The government's seizure of funds for attorneys' fees is just the latest maneuver in its attempts to interfere with the defendants' Fifth and Sixth Amendment right to due process and right to counsel of choice. These actions include seizure of other attorneys' trust accounts which were to be used in defense of the criminal case, attempt to raise conflict issues with key lawyers, and threatening other defendants or their spouses if they spend lawfully earned money. Their actions have wreaked havoc with the attorney-client relationship and the ability to properly defend this important case. The seizure of these funds will render defendants Padilla and Vaught indigent and will seriously impact the present criminal case potentially including, among other things, withdrawal of counsel and appointment of indigent services counsel, a new scheduling order and trial date, indigent services defense requests, including whatever time may be necessary for new counsel to establish a relationship with the clients and properly and professionally bring him or herself up to date on the case. It may also impact motions practice, ongoing discovery issues, and various other matters related to the criminal case.

The government's timing also raises additional issues. Counsel for Mr. Padilla has been representing him for over 18 months and the government first mentioned its "concerns" about funds for Mr. Padilla's representation many months ago, in May of 2018. (See Exhibit

3

E, correspondence from Assistant United States Attorney Kevin Rapp to Michael Piccarreta, May 18, 2018). Counsel for Mr. Padilla then provided a detailed response setting forth the grounds for Mr. Padilla and counsel's beliefs that the funds were not tainted and could not be subject to seizure or forfeiture. (See Exhibit F, correspondence from Michael Piccarreta to AUSA Rapp, June 13, 2018). This exhibit sets forth some of the issues that will need to be resolved and will be more fully briefed in subsequent motions. The government did not raise the matter again for months after the parties had been in the midst of vigorous litigation of these issues, and after some rulings in the defendants' favor. This raises the specter of improper government conduct in response to vigorous assertion of the defendants' rights. *See United States v. Rosales-Aguilar*, 818 F.3d 965, 971 (9th Cir. 2016).

Defendants Padilla and Vaught, and their counsel, based upon abundant legal authority in their favor, believe that these funds are derived from lawful, constitutionally protected activity, and are not subject to seizure or forfeiture. The pre-trial seizure of these funds violates the First Amendment and also violates the Sixth Amendment right to counsel of choice under *Luis v. United States*, __ U.S. __, __, 136 S. Ct. 1083, 1088 (2016) ("the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment"). Under these circumstances, none of Backpage's assets can properly be determined to be tainted and subject to forfeiture until *all* matters relating to Backpage's activities have been fully litigated in the adversarial process. In fact, *Luis* makes it clear that the fact that funds may *at some point* be determined to be forfeitable to the government does not outweigh a defendant's present constitutional right to use assets to which he is entitled to fund his counsel of choice. __ U.S. at __, 136 S. Ct. at 1093.

4

It is important to note that the government is proceeding on a novel theory of forfeiture of funds that has never before been accepted on the merits by any court, just as it is proceeding on a novel theory of underlying criminal liability that has similarly never been accepted by any court on the merits.[4] The seizure warrants are based upon affidavits by Postal Inspector Lyndon Versoza. Mr. Versoza's affidavits involving other seizures relating to the defendants in this case are currently the subject of challenges in the Central District of California and the Ninth Circuit Court of Appeals based, in part, on numerous inaccuracies in Mr. Vesoza's sworn statements.[5] There is reason to believe that Inspector Versoza's affidavits for these seizure warrants are similarly defective.

Mr. Padilla and Ms. Vaught were salaried employees with no ownership interest in Backpage. They did, however, have the right to indemnification and/or advancement of funds for legal fees if the government or private entities, despite their string of losses, tried to indict or sue them. *See United States v. Stein*, 541 F.3d 130, 155 (2d Cir. 2008) (recognizing the Sixth Amendment right to counsel of choice for "an employee who reasonably expects to receive attorneys' fees as a benefit or perquisite of employment, whether or not the expectation arises from a legal entitlement"). Because Mr. Padilla and Ms. Vaught earned the right to receive indemnification and/or advancement of funds through

---

[4] The government is well aware of the numerous problems with its novel theories of criminal liability and forfeiture as these matters are discussed in internal government memoranda that the government is now seeking to claw back. A copy of this has been provided to the Court by the government under seal.

[5] Defendants have appealed the California District Court's stay of those forfeiture proceedings.

5

their employment, and because they do not believe that any of the conduct was unlawful or any of the assets tainted, they are, in essence, bona fide purchases for value of the funds for these services. *See Luis*, __ U.S. at __, 136 S. Ct. at 1091.

As in *Stein*, the government has embarked on a course of conduct designed to interfere with the defendants' Fifth Amendment right to due process and Sixth Amendment right to counsel of choice. In *Stein*, as in the present case, the government interfered with funds earmarked for employees' criminal defense fees. The Second Circuit held that the employees who were unable to retain their counsel of choice as a result of the government's actions were deprived of their Sixth Amendment right to counsel of choice. 541 F.3d at 157. That Sixth Amendment violation was structural error, not subject to harmless error review, that could only be remedied by dismissal of the indictment. *Id*. (citing *United States Gonzalez-Lopez*, 548 U.S. 1540, 144, 148-52 (2006).[6]

It is well settled that federal district courts have the "inherent authority to remedy constitutional violations within their jurisdiction." *Ruiz v. Scott*, 1996 WL 9320104, *8 (S.D. Tex. 1996); *see also United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991); *Board of Education of Shelby County Hughes v. Jude*, 2013 WL 1821077, *8 (M.D. Fla. 2013). Defendants Padilla and Vaught therefore respectfully request this Court to stay the

---

[6] The Second Circuit affirmed the district court's ruling dismissing the indictment on Sixth Amendment grounds and did not address the district court's separate finding that the government's interference with assets to fund attorneys' fees for counsel of choice also violated the defendant's substantive due process rights. *United States v. Stein*, 495 F.Supp.2d 390, 412 (S.D. N.Y. 2006); *see also United States v. Stein*, 435 F.Supp.2d 330, 365 (S.D. N.Y. 2006).

6

seizure of funds for their attorneys' fees, to order the immediate disclosure of the affidavits underlying the seizure warrants, and to conduct an immediate hearing to fully address the validity of the seizure warrants.

Granting defendants' requested relief will cause no harm to the government because counsel have agreed to maintain the IOLTA funds the government is attempting to seize and not attempt to disburse any of the funds without the government's prior knowledge and approval or this Court's approval. Defendants are simply requesting a stay of the seizure of funds until the validity of the warrants may be fully briefed and addressed at a hearing on this matter.

RESPECTFULLY SUBMITTED this 8th day of November, 2018.

PICCARRETA DAVIS KEENAN FIDEL PC

By: /s/ Michael L. Piccarreta
Michael L. Piccarreta
Attorney for Andrew Padilla

KARP & WEISS

By: /s/ Stephen M. Weiss
Stephen M. Weiss
Attorney for Joye Vaught

On November 18, 2018, a PDF version of this document was filed with the Clerk of Court using the CM/ECF System for filing and for Transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Kevin Rapp, kevin.rapp@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov>
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov
Paul Cambria, pcambria@lglaw.com
Tom Bienert, tbienert@bmkattorneys.com
Bruce Feder, bf@federlawpa.com
Michael Kimerer, mdk@kimerer.com
Stephen Weiss, sweiss@karpweiss.com