Paul J. Cambria, Jr. (Cal. Bar No. 177957, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:   (716) 855-1580
Email:        pcambria@lglaw.com
              emccampbell@lglaw.com
*Counsel for Defendant Michael Lacey*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311, admitted *pro hac vice*)
Whitney Z. Bernstein (Cal. Bar No. 304971, admitted *pro hac vice*)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:   (949) 369-3701
Email:        tbienert@bmkattorneys.com
              wbernstein@bmkattorneys.com
*Counsel for Defendant James Larkin*

**Additional counsel listed on next page**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, *et al.*,<br><br>　　　　　　　　Defendants. | No. CR-18-00422-PHX-SPL<br><br>**EMERGENCY MOTION TO STAY SEIZURE OF ATTORNEYS' FEES AND REQUEST FOR IMMEDIATE HEARING** |

Gary S. Lincenberg (Cal. Bar No. 123058)
Ariel A. Neuman (Cal. Bar No. 241594)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
Telephone:   (310) 201-2100
Facsimile:   (310) 201-2110
Email:   glincenberg@birdmarella.com
         aneuman@birdmarella.com
*Counsel for Defendant John Brunst*

Bruce Feder (AZ Bar No. 004832)
Feder Law Office, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone:   (602) 257-0135
Email:   bf@federlawpa.com
*Counsel for Defendant Scott Spear*

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or an order based thereon, as explained more fully below.

Defendants Michael Lacey, James Larkin, John Brunst, and Scott Spear ("Defendants") hereby move for an order staying the government from executing seizure warrants on funds held in attorneys' trust accounts for the payment of attorneys' fees in connection with the representation of Defendants in the above-captioned criminal case and in related litigation, on the grounds raised below and in Defendants Padilla and Vaught's Emergency Motion to Stay Seizure of Attorneys' Fees and Request for Immediate Hearing ("Emergency Stay Motion") (Doc. 360) (currently set for hearing by this Court on November 16, 2018). Defendants have previously joined in that motion and incorporate its grounds by reference.

On November 8, 2018, counsel learned that the government had issued warrants for the seizure of funds being held in numerous attorneys' trust accounts intended to secure the payment of fees due and those not yet earned for Defendants' representation and defense against the allegations in this case and in related litigation. *See* Doc. 374, Under Seal Seizure Warrant Affidavit, at 9-10. Counsel filed a Joinder to the Emergency Stay Motion and requested that the Court extend its stay Order (Doc. 361) to include other attorney trust accounts that the government is seeking to seize. *See* Docs. 366, 370. Counsel explained that the government was proceeding with its seizures even in the face of the stay Order (Doc. 361) and Friday's hearing on the Emergency Stay Motion, and that some attorneys may have already wired funds to the government by the its 5:00 p.m. EST deadline on November 13, 2018.[1] Doc 370. This Court granted counsel's motion to join in the Emergency Stay Motion and struck counsel's request for extended relief as incompliant with Fed. R. Crim. P. 47 and 12. Doc. 375.

Defendants and counsel now move for an emergency order staying the government's seizure of the funds in these trust accounts,[2] for an immediate hearing on its request for a stay (preferably at the time the Court will hear the Emergency Stay Motion (Dkt. 360) on Friday, November 16, 2018), and a briefing schedule so that Defendants can address in a more fulsome manner the significant legal issues raised by the government's efforts to seize attorney trust accounts. Defendants contend that the government's novel

---

[1] To the extent necessary, the return of seized funds will be addressed by the Defendants in the near future.

[2] Specifically, Defendants move for an order staying the seizure of the attorney trust accounts identified in Doc. 374, the Warrant Affidavit, at 10-14 as to Account nos. 28 (Bank of the West account xxx1363), 29 (Wells Fargo account xxxx2052), 30 (SunTrust Bank account xxxx7906), 33 (Citibank account xxxx4039), 34 (US Bank account xxxx1235), 35 (US Bank account xxxx6952), 37 (JP Morgan Chase bank account xxxx4381), 38 (JP Morgan Chase bank account xxxx9698), and 40 (JP Morgan Chase bank account xxxx5397). The Court's prior Orders imposed a stay as to Account nos. 36A, 36B, 41A, 41B, and 42. *See* Docs. 361 and 369.

theories of seizure and forfeiture of publishing proceeds, which have never been accepted on the merits by any court, are incorrect and the government's efforts to seize these trust accounts are illegal and premature. Undersigned counsel, who will be present at Friday's hearing, request that the Court address their request for a stay at that time, or anytime thereafter that the Court is available.

The government's effort to seize these additional retainer funds raises the same issues as discussed in the Emergency Stay Motion. The government's putative seizures will deprive Defendants of resources needed to defend the charges and claims brought against them. The retainer funds were derived from lawful publishing activities. The pretrial seizure of the funds violates fundamental First Amendment principles, including that the government may never presume that speech is unlawful and cannot confiscate publishing assets or proceeds based merely on probable cause. *See Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 66 (1989); *Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd.*, 502 U.S. 105, 115 (1991). The putative seizures raise issues under the Fourth, Fifth, and Sixth Amendments as well, including in particular the government's attempt to interfere with Defendants' rights to counsel of their choice.

In addition, the seizure of additional retainer funds threatens to compound problems of the Court's management of this case, including by causing further delay and prejudice to Defendants if counsel must withdraw and be replaced.

Accordingly, Defendants respectfully move for an order granting an emergency stay of the seizure of these funds and request an immediate hearing on the stay. Granting relief creates no harm to the government because counsel can be expected to maintain and preserve the funds in their trust accounts pending briefing, this Court's subsequent hearing, and further directions from the Court.

Dated:   November 14, 2018  

                                   Respectfully submitted,  
                                   BIENERT, MILLER & KATZMAN, PLC

                                   */s/ Thomas H. Bienert, Jr.*  
                                   Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II(C)(3), Thomas H. Bienert, Jr. hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

                                   */s/ Paul J. Cambria, Jr.*  
                                   LIPSITZ GREEN SCIME CAMBRIA LLP  
                                   Attorneys for Michael Lacey

                                   */s/ Gary S. Lincenberg*  
                                   BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW  
                                   Attorneys for John Brunst

                                   */s/ Bruce Feder*  
                                   FEDER LAW OFFICE PA  
                                   Attorneys for Scott Spear

# CERTIFICATE OF SERVICE

I certify that on this 14th day of November 2018, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

David Lawrence Botsford, Botsford & Roark, dbotsford@aol.com

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com

Daniel James Quigley, Daniel J Quigley PLC, quigley@djqplc.com

Michael L. Piccarreta, Piccarreta Davis Keenan Fidel PC, mlp@pd-law.com

Anthony R. Bisconti, Bienert Miller & Katzman PLC, tbisconti@bmkattorneys.com

Kenneth M. Miller, Bienert Miller & Katzman PLC, kmiller@bmkattorneys.com

Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com

Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com

K. C. Maxwell, Maxwell Law PC, kcm@kcmaxlaw.com

Adam Christian Page, Karp & Weiss PC, apage@karpweiss.com

Stephen M. Weiss, Karp & Weiss PC, sweiss@karpweiss.com

Ariel A. Neuman, Bird Marella, aan@birdmarella.com

Gary S. Lincenberg, Bird Marella, gsl@birdmarella.com

Gopi K. Panchapakesan, Bird Marella, gkp@birdmarella.com

Michael D. Kimerer, Kimerer & Derrick PC, MDK@kimerer.com

Rhonda Elaine Neff, Kimerer & Derrick PC, rneff@kimerer.com

Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com

Andrew C. Stone, Assistant U.S. Attorney, andrew.stone@usdoj.gov

John Jacob Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov

Kevin M. Rapp, Assistant U.S. Attorney, kevin.rapp@usdoj.gov

Margaret Wu Perlmeter, Assistant U.S. Attorney, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, Assistant U.S. Attorney, reginald.jones@usdoj.gov

Peter Shawn Kozinets, Assistant U.S. Attorney, peter.kozinets@usdoj.gov