Paul J. Cambria, Jr. (Cal. Bar No. 177957) (*admitted pro hac vice*)
Erin McCampell (NY Bar No. 4480166) (*admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:   (716) 855-1580
Email:       pcambria@lglaw.com
             emccampbell@lglaw.com

*Counsel for Defendant Michael Lacey*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311) (*admitted pro hac vice*)
Whitney Z. Bernstein (Cal. Bar No. 304917) (*admitted pro hac vice*)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:   (949) 369-3701
Email:       tbienert@bmkattorneys.com
             wbernsteinr@bmkattorneys.com

*Counsel for Defendant James Larkin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SPL |
| Plaintiff, | **OPPOSITION TO GOVERNMENT'S MOTION FOR CLARIFICATION RE ORDER ON ATTORNEY-CLIENT PRIVILEGE ISSUES** |
| v. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

I.      INTRODUCTION

The government has moved for "clarification" of the Court's Order (Doc. 345; "Order") denying the government's prior Motion to Resolve Attorney-Client Privilege Issues (Doc. 195).  The Court rejected the government's prior motion and its arguments to access thousands of privileged communications in seized emails, while granting Defendants' cross-motion (Doc. 226) to preclude the government's review, except denying Defendants' request for discovery.  *See* Order at 2, 4, 7, 8.

The Motion for Clarification (Doc. 355; "Motion") now announces that the government plans to continue its review of privileged documents and seeks clarification only in the sense that it asks the Court to "confirm" that the government may do as it plans.  Mot. at 3.  The Court's prior Order was correct in denying the government's request to access privileged communications.  The government's Motion now is little more than a thinly disguised effort to avoid the Court's ruling.  Allowing the government to carry on with reviewing privileged communications notwithstanding the Court's Order threatens substantial prejudice to Defendants.  The Court should deny the government's Motion.

II.      BACKGROUND

In its Motion to Resolve Privilege Issues, the government sought an order allowing it to access privileged communications among the hundreds of thousands of emails the government seized in its investigation of Defendants.  The government argued that Carl Ferrer had waived all privileges relating to Backpage.com and that prior rulings of Judge Campbell and a Washington State court in a civil case effected broad subject matter waivers of privilege.  *See* Doc. 195 at 4-13; Order at 2-3.  The government also argued that it should be permitted to access all communications that predated the sale of Backpage.com, LLC ("Backpage.com") to Ferrer in April 2015, and, indeed, all documents predating December 2016.  *See* Doc. 269 at 2-3, 9-11.  The government also contended the Court should allow access to all communications involving Elizabeth McDougall (former general counsel of Village Voice Media

1

Holdings, LLC), all communications with attorneys other than Davis Wright Tremaine LLP, and any documents concerning the subject matters of ad moderation or the alleged "prevalence of prostitution ads on the Backpage website." *Id.* at 3, 8, 12-14, & 14 n.3. The government urged that use of its "filter team" was sufficient to protect Defendants' privilege rights, *id*. at 15-16, although it refused to provide any information about the team's review of materials, protocols employed, etc.

Defendants responded that the government had fundamentally misunderstood which parties hold privileges, disregarded the parties' joint representation agreements, and misstated the law (particularly in the context of jointly-held privileges). *See* Docs. 226, 324. Defendants also objected that the government's use of a "filter team" to review privileged communications was improper under the circumstances, and, by cross-motion, Defendants sought an order blocking the government from continuing to access privileged communications. Doc. 226 at 3, 20-23, 24.

In its Order, the Court rejected the government's arguments and denied its requests to "allow[] access to the privileged communications." Order at 2. The Court held that Ferrer could not waive privileges under the terms of the joint representation agreements he accepted. *Id.* at 3-4. It concluded that Judge Campbell's order required production of only the specific emails but did not effect "a broad subject-matter waiver of the contents of the remaining emails." *Id.* at 5. The Court held that the Washington superior court's order could not "warrant disclosure of privileged communication in this case." *Id.* at 7. In sum, the Court denied the government's motion and granted Defendants' cross-motion "to prohibit the Government from accessing the privileged email communications at issue." *Id*. at 7. The Court denied Defendant's request for discovery to understand whether the government had already accessed privileged information in interviews of Ferrer or by activities of its filter team, concluding that "[a]t this time," such discovery would not be "necessary or helpful." *Id.* at 8.

3484044, 1, 064037.0001

### III.  ARGUMENT

In its Motion now, the government announces that it intends to continue accessing privileged communications through its "filter team" and seeks "clarification to inform the Court and Defendants of its plan moving forward." Mot. at 3. The Court's prior Order rejected the government's arguments and prohibited the government from accessing privileged communications. Order at 8. This should be the end of any consideration of the government's putative "clarification" request. No means no.

The government has indicated that it screened the emails seized through its warrants to Google and to the California Attorney General's office,[1] initially segregating and setting aside communications involving attorneys. *See* Doc. 195 at 2, 3; Order at 2.[2] The government also said that its "filter team" had "turned over to the prosecution team" materials it believed were not privileged. Doc. 195 at 2. But the government has refused to identify what documents its "filter team" has reviewed and turned over, what protocols were used, or what criteria were applied to make privilege determinations.[3]

The prior briefing on the government's motion to "resolve privilege issues" demonstrated that the government fundamentally misunderstands the corporate and attorney-client relationships concerning Ferrer, Defendants, and their respective

---

[1] The California Attorney General's office obtained the emails from Google (which provided hosting and email services for Backpage.com and for Defendants' personal accounts) through separate warrants, which are subject to a pending motion to dismiss or suppress in the California case, *People v. Ferrer*, No. 16FE024013 (Sacramento Cty. Sup. Ct.).

[2] Defendants previously raised concerns about the government's representations regarding what its "filter team" segregated and has reviewed or disclosed. *See, e.g.*, Doc. 235 at 10-13, 22-23; Doc. 324 at 8-11 & n.6. For example, the government initially stated that it would segregate only email communications with Ms. McDougall, then said it had segregated communications involving four individual attorneys and two law firms, then said it had segregated materials based on a list of 265 search terms. *See* Doc. 235 at 11-12; Doc. 324 at 11 n.6.

[3] The government has also stated that its "filter team" substantively reviewed the majority of all the potentially privileged documents, some 6,500 documents in all (taking the government's word on this score). Doc. 195 at 4.

3

3484044, 1, 064037.0001

corporate entities, and disregarded the parties' joint representation agreements preserving privileges. Defendants cannot repeat all of this here (and should not have to cover again what the Court has decided). Suffice to say that it is inconceivable the government could make appropriate privilege determinations given its misunderstandings of the parties, their relationships with each other and with counsel, and the terms and import of the joint representation agreements.

The use of a "filter team" to review privileged communications in this context is uniquely inappropriate. As discussed before, Doc. 235 at 20-21, this practice has been broadly criticized because it inherently invades privilege protections. Using a "filter team" does not prevent the government from reviewing privileged documents but merely "changes the identity of the government attorneys and agents who first review that information." Loren E. Weiss & Gregory S. Osborne, *Taint Teams and the Attorney-Client Privilege*, Am. Bar Ass'n (Dec. 2015). The practice presents "inevitable and reasonably foreseeable risks that privileged information may be leaked to prosecutors." *United States v. Renzi*, 722 F. Supp. 2d 1100, 1112 (D. Ariz. 2010) (quoting *In re Grand Jury Subpoena*, 434 F.3d 511, 523 (6th Cir. 2006)); *see also United States v. Pedersen*, 2014 WL 3871197, at *29 (D. Or. Aug. 6, 2014) ("It would be a rare defendant who would feel comfortable speaking openly with its defense attorney knowing that somebody from the government, even a filter team attorney, was reviewing those communications.").

The government largely takes as a given that it may continue to access and review privileged documents through its "filter team," notwithstanding the Court's Order denying access to privileged communications. The government's position is particularly troubling because it seeks to take advantage of the Court's denial of Defendants' request for discovery "at this time." The government seeks to continue reviewing privileged communications without any disclosure or oversight about what documents it is reviewing, what criteria are being applied for privilege determinations (or were applied in the past), and/or what privileged information Ferrer may have

provided before (albeit improperly under the parties' joint representation agreements). The Court's denial of Defendants' request for discovery seemed logically interrelated with its Order precluding the government from accessing or reviewing privileged communications—if the government cannot access potentially privileged information, there is no need for discovery about its processes.[4]  On the other hand, if the government were to charge ahead and substantively review and share privileged communications, Defendants would be severely prejudiced if they can have no information about what the government is doing or has done.

Accordingly, if the Court is inclined to consider permitting the government to resume reviewing privileged communications, Defendants renew their request for discovery, including disclosure of all review protocols, all documents that have been segregated and those determined to be privileged (or not), communications between the government's "filter team" and its "prosecution team," and all communications with Ferrer about attorney communications or work.  If the government were to proceed with invading privilege rights, Defendants' concerns about fairness and due process are well-founded, and the Court should allow discovery to give Defendants an opportunity to understand and further challenge the government's review, as appropriate.

/
/
/
/
/
/
/
/

---

[4] To be clear, Defendants reserve all arguments and objections about the government's review of privileged communications and the denial of discovery on this score.

5

## IV. CONCLUSION

Defendants respectfully request that the Court deny the government's request for "clarification" of the Order precluding the government from accessing privileged communications. The government's "filter team" has segregated communications involving attorneys, and, in accordance with the prior Order, the government should not be allowed to access or review these materials.

DATED this 10th day of December, 2018.

        LIPSITZ GREEN SCIME CAMBRIA LLP

        By: *s/ Paul J. Cambria, Jr.*
         Paul J. Cambria, Jr.
         Erin McCampell Paris

        *Counsel for Defendant Michael Lacey*

        BIENERT, MILLER & KATZMAN, PLC

        By: *s/ Thomas H. Bienert, Jr.*
         Thomas H. Bienert, Jr.
         Whitney Z. Bernstein

        *Counsel for Defendant James Larkin*

3484044, 1, 064037.0001

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2018, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the District of Arizona by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all counsel of record.

*s/ April Kelly*
April Kelly