# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-18-0422-PHX-SPL |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | November 16, 2018 |
| Michael Lacey, | ) | 9:06 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE:  THE HONORABLE STEVEN P. LOGAN, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MOTIONS HEARING

Official Court Reporter:
Elva Cruz-Lauer, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1   inquire, Your Honor.
 2            THE COURT:  I don't have any questions for the
 3   government on that either.
 4            This is actually a perfect time to take our morning
 5   recess.  Court will be in recess until 10:35.
 6            (Recess taken at 10:18 a.m.; resumed at 10:37 a.m.)
 7            THE COURT:  This Court will come to order.  All
 8   parties present when the court last closed are present again.
 9            The last thing I want to take up is Document Number
10   376.  I know we have the arguments that have already been
11   presented in the earlier 360; however, I will give the defense
12   an opportunity.
13            376 is the Defendants' Emergency Motion to Stay
14   Seizure of Attorneys' Fees, and that's Defendant Michael Lacey,
15   James Larkin, John Brunst, Scott Spears.  Emergency Motion to
16   Stay Seizure of Attorneys' Fees and Request for an Immediate
17   Hearing.  The supplemental brief is Document Number 377.
18            And Mr. Kucera, I am treating the government's
19   response as Document Number 371, since 371 was filed in the 360
20   original emergency motion to stay the seizure.  Is that what
21   you would like?
22            MR. KUCERA:  Notwithstanding the fact that these other
23   documents were filed after the response --
24            THE COURT:  Correct.
25            MR. KUCERA:  -- yes, Your Honor.
```

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | THE COURT: I mean, would your response be pretty much                |
| 2  | the same? It's the same issue.                                        |
| 3  | MR. KUCERA: Certainly along those same lines, yes,                    |
| 4  | Your Honor.                                                          |
| 5  | THE COURT: Okay. Well, I will allow you an                            |
| 6  | opportunity to present on the record any additional information       |
| 7  | you would like to as it relates to Docket Number 376, after I         |
| 8  | hear from the defense.                                               |
| 9  | MR. KUCERA: Thank you, Your Honor.                                    |
| 10 | THE COURT: You're welcome.                                            |
| 11 | Is there anyone from the defense that wishes to place                |
| 12 | anything else on the record as it relates to Document Number         |
| 13 | 376?                                                                 |
| 14 | MR. GRANT: Briefly, Your Honor. 376 is the motion as                  |
| 15 | to Mr. Larkin, Lacey, Brunst, and Spear.                              |
| 16 | THE COURT: For the record, Mr. Grant. I just wanted                   |
| 17 | to make sure I had your name.                                         |
| 18 | MR. GRANT: I'm sorry, Your Honor. I forgot.                           |
| 19 | THE COURT: Go ahead.                                                  |
| 20 | MR. GRANT: It raises very similar issues, the same                    |
| 21 | impropriety of the government's seizure in the first instance.        |
| 22 | The basic proposition here that -- we are not here to talk            |
| 23 | about *Monsanto* issues until we first establish whether the          |
| 24 | government's seizures in the first instance were permissible.        |
| 25 | You don't begin to talk about Monsanto until we find out if          |

```
1    they are legal in the first instance.
2            And I want to point out one other -- and that is not
3    the case here because the government couldn't effect the
4    seizures under the First Amendment.
5            I wanted to point out one other thing as well, that
6    the nature of the request here, of course, is we are asking the
7    Court to permit us to proceed with the stay and be able to
8    brief further and argue further about the government's
9    seizures.
10           And the issue is not so much looking at the exact
11   warrants that have been issued by the Central District of
12   California, it would simply be -- tell the government at this
13   stage, we are going to maintain the status quo, there will be
14   no seizures of attorney trust accounts going forward, in order
15   to be able to address that issue.  Without having to, you know,
16   parse through the warrants in the Central District of
17   California.
18           THE COURT:  Thank you very much.
19           Anyone else?
20           Mr. Kucera?
21           MR. KUCERA:  Yes, Your Honor, just briefly.
22           Defense counsel cites to Monsanto and points out just
23   essentially generally to several pages of Monsanto, that
24   Monsanto stands for the proposition that the government must
25   first establish the legality of its seizure prior to having
```

1  Monsanto hearing.

2  This isn't really found anywhere specifically.  There
3  is certainly no holding to that.  But the government takes the
4  point that there has to be some sort of legal mechanism by
5  which the government takes hold of this property.  The
6  government submits that that's exactly what it did by going out
7  and obtaining the seizure warrants based on probable cause from
8  a federal magistrate.

9  This isn't a function of like a PC arrest or a PC
10  seizure by an agent just at the discretion of the agent and
11  then having a decision made by a court after the fact.

12  The government went through the procedure that it
13  always goes through when it obtains a seizure warrant and does
14  have lawful possession of the asset pursuant to a seizure
15  warrant, or would have but for the stay.

16  THE COURT:  Thank you very much.

17  This is an oral decision.

18  After consideration of Defendant Andrew Padilla, Joye
19  Vaught's Emergency Motion to Stay Seizure of Attorneys' Fees
20  and Request for Immediate Hearing, which is Document Number
21  360, the government's response, which is Document Number 371,
22  the Defendants' Joint Reply, which is Docket Number 382, the
23  joinders and supplements, which are Docket Numbers 363, 365,
24  363, and 370, this Court's also taken into consideration the
25  arguments presented by counsel, and I rule as follows:

1  Monsanto hearing.

2  This isn't really found anywhere specifically.  There
3  is certainly no holding to that.  But the government takes the
4  point that there has to be some sort of legal mechanism by
5  which the government takes hold of this property.  The
6  government submits that that's exactly what it did by going out
7  and obtaining the seizure warrants based on probable cause from
8  a federal magistrate.

9  This isn't a function of like a PC arrest or a PC
10  seizure by an agent just at the discretion of the agent and
11  then having a decision made by a court after the fact.

12  The government went through the procedure that it
13  always goes through when it obtains a seizure warrant and does
14  have lawful possession of the asset pursuant to a seizure
15  warrant, or would have but for the stay.

16  THE COURT:  Thank you very much.

17  This is an oral decision.

18  After consideration of Defendant Andrew Padilla, Joye
19  Vaught's Emergency Motion to Stay Seizure of Attorneys' Fees
20  and Request for Immediate Hearing, which is Document Number
21  360, the government's response, which is Document Number 371,
22  the Defendants' Joint Reply, which is Docket Number 382, the
23  joinders and supplements, which are Docket Numbers 363, 365,
24  363, and 370, this Court's also taken into consideration the
25  arguments presented by counsel, and I rule as follows:

1    As it relates to Docket Number 360, this Court
2    declines to exercise jurisdiction over the seizure warrants at
3    issue in the emergency warrant -- I'm sorry, the emergency
4    motion.
5         It is well settled that a court should rarely
6    interfere with the order of another Court as any such
7    interference usurps the power of the rendering court.
8         Although courts have held that justice may
9    occasionally demand this type of interference, the
10   identification of those rare situations is committed to the
11   sound discretion of the District Court.
12        See *Ord versus United States* and also *Treadway versus*
13   *Academy of Motion Picture Arts and Sciences.*
14        Furthermore, the Ninth Circuit Court of Appeals has
15   held that considerations of comity and orderly administration
16   of justice demand that the nonrendering court should decline
17   jurisdiction of an action and remand the parties for their
18   relief to the rendering court.
19        See *Delson Group Incorporated versus GSM Association,*
20   which is also a Ninth Circuit case.
21        Through the emergency motion, the defendants are
22   seeking an order from this Court to interfere with two criminal
23   seizure warrants that were issued upon findings of probable
24   cause by a magistrate judge in the Central District of
25   California.

1    This Court finds that the defendants have not set
2    forth any persuasive reasons as to why this Court should
3    interfere with the Central District of California's issuance of
4    the search warrants, and this Court finds that the defendants
5    have a sufficient legal remedy for any challenges to the
6    seizure warrants issued by the Central District of California
7    in that district.
8            Accordingly, the relief requested in the Defendants'
9    Emergency Motion to Stay Seizure of Attorneys' Fees and Request
10   for Immediate Hearing, which is Document Number 360, is denied.
11           The temporary stay imposed by this Court's order,
12   which is Document Number 361, is lifted and the government may
13   move forward with execution of the seizure warrants at issue if
14   so ordered.
15           As it relates to Docket Number 365, again, I have
16   carefully considered the pleadings, which are the Emergency
17   Motion to Stay the Seizure of Attorneys' Fees, which is
18   Document Number 365.  The government's response, which is
19   Document Number 371.  Counsel's reply to the response, which is
20   document -- I'm sorry, Docket Number 379, and the arguments of
21   counsel.
22           Again, this Court declines to exercise jurisdiction
23   over the seizure warrants at issue in this emergency warrant,
24   as already stated before, but since this is a different order
25   because there was a different filing under Document Number 365,

1   it's well settled that a court should rarely interfere with the
2   order of another court, as any such interference usurps the
3   power of the rendering court.
4           Although courts have held that justice may
5   occasionally demand this type of interference, the
6   identification of those rare situations is committed to the
7   sound discretion of the District Court.
8           See *Ord versus United States* or *Treadway versus the*
9   *The Academy of Motion Picture and Arts and Sciences,* both Ninth
10  Circuit cases.
11          Furthermore, the Ninth Circuit Court of Appeals has
12  held that considerations of comity and orderly administration
13  of justice demand that the nonrendering court should decline
14  jurisdiction of an action and remand the parties for their
15  relief to the rendering court.
16          See *Delson Group Incorporated versus GSM,* which is a
17  Ninth Circuit 2014 case.
18          Through the emergency motion, counsel seeks an order
19  from this court to interfere with one criminal seizure warrant
20  that was issued upon a finding of probable cause by a
21  magistrate judge in the Central District of California.
22          The movant has not set forth any persuasive reasons as
23  to why this Court should interfere with the Central District of
24  California's issuance of the seizure warrant, and this Court
25  finds that the movant has sufficient legal remedy for any

1  challenges to the seizure warrant issued by the Central
2  District of California in that district.
3          Accordingly, counsel's Emergency Motion to Stay
4  Seizure of Attorneys' Fees, which is Docket Number 365, is
5  denied.
6          The temporary stay imposed by this Court's order,
7  Docket Number 369, is lifted and the government may move
8  forward with executing the seizure warrants at issue if so
9  ordered.
10         And last, as it relates to Docket Number 376, this is
11 the Court's oral decision, after consideration of defendant
12 Michael Lacey, James Larkin, John Brunst, and Scott Spears'
13 Emergency Motion to Stay Seizure of Attorneys' Fees and Request
14 for Immediate Hearing, which is Document Number 376, the
15 supplemental brief, which is Document Number 377, and the
16 government's response, which is nearly identical to the
17 response 371, in the docket filing 360, this Court declines to
18 exercise jurisdiction over the seizure warrants at issue in the
19 emergency motion.
20         It is well settled that the court should rarely
21 interfere with the order of another court as any such
22 interference usurps the power of the rendering court.  Although
23 courts have held that justice may occasionally demand this type
24 of interference, the identification of those rare situations is
25 committed to the sound discretion of the District Court.

1  See *Ord versus United States*, or *Treadway versus The*
2  *Academy of Motion Picture, Arts and Sciences,* both Ninth
3  Circuit cases.
4  Furthermore, the Ninth Circuit Court of Appeals has
5  held that considerations of comity and orderly administration
6  of justice demand that the nonrendering court should decline
7  jurisdiction of an action and remand parties for their relief
8  to the rendering court.
9  See *Delson Group Incorporated versus GSM,* which is a
10 Ninth Circuit 2014 case.
11 Through the emergency motion the defendants are
12 seeking an order from this Court to interfere with nine
13 criminal seizure warrants that were issued upon a finding of
14 probable cause by a magistrate judge in the Central District of
15 California.
16 The defendants have not set forth any persuasive
17 reasons as to why the Court should interfere with the Central
18 District of California's issuance of the seizure warrants, and
19 the Court finds that the defendants have sufficient legal
20 remedy for any challenges to the seizure warrants issued by the
21 Central District of California in that district.
22 Accordingly, the Defendants' Emergency Motion to Stay
23 Seizure of Attorneys' Fees and Request for Immediate Hearing,
24 which is Document Number 376, is denied.  The temporary stay
25 imposed by this Court's order, which was Document Number 384,

```
 1    is lifted and the government may move forward with the
 2    execution of the seizure warrants at issue, if so ordered.
 3              The hearing is adjourned.
 4              MR. PICCARRETA:  Judge, may I say one thing?
 5              THE COURT:  I'm sorry?
 6              MR. PICCARRETA:  May I say one thing?
 7              THE COURT:  Sure.  Go ahead.
 8              MR. PICCARRETA:  I would ask the Court to continue
 9    this stay --
10              THE COURT:  Can you speak into the microphone and tell
11    me who you are?
12              MR. PICCARRETA:  Mike Piccarreta.
13              Judge, we would ask the Court to stay these orders for
14    seven days to allow us time to consider bringing motions in the
15    Central District.
16              THE COURT:  Your request is denied.
17              The hearing is adjourned.
18              MS. BERNSTEIN:  Your Honor, may I address 377?  I
19    didn't have an opportunity to do that.  That was Mr. Larkin's
20    supplemental brief.
21              THE COURT:  I specifically asked you if there was any
22    defense counsel that wished to address that issue.
23              MS. BERNSTEIN:  I understood that to be about 376.  I
24    apologize.
25              THE COURT:  Go ahead.
```

1       MS. BERNSTEIN: Thank you, Your Honor.
2       Especially in light of the Court's ruling just now,
3  we -- I do want to just highlight the issues that were raised
4  by Mr. Larkin in Document Number 377.
5       He is in an untenable position that the government has
6  seized nearly all of his assets through Central District of
7  California seizure warrants, which we did challenge. We raised
8  and briefed the serious Franks issues that were present there.
9  The government never responded to that on the merits. Instead
10 said they could file a civil complaint. Filed a civil
11 complaint. They sought the stay and obtained a stay. Now, the
12 government has obtained the seizure of funds, of all other
13 funds that were earmarked for Mr. Larkin's defense.
14      And additionally has put Mr. Larkin on notice that
15 should he spend other money that he has from newspaper print
16 proceeds, the government views that as somehow criminal,
17 subjecting him to possible further charges, as well as further
18 bond revocation.
19      Mr. Larkin owned a newspaper empire with the Phoenix
20 New Times, SF Weekly, LA Weekly, Village Voice, Denver
21 Westword, Dallas Observer, Miami New Times, many print
22 newspapers. He had a history of running those. He -- they
23 made millions of dollars.
24      They were sold and he continues to generate income
25 from the sale of the newspaper. That is not Backpage money.

1   The government has -- and has not seized that money, but the
2   government has told Mr. Larkin that it will move to indict if
3   he does spend that money.  So he is in an untenable position
4   that he can't use money that was earmarked for his defense as
5   it was just restrained and seized, and he can't spend newspaper
6   print proceeds without any repercussions.
7           And so we are seeking clarity as to what money
8   Mr. Larkin, if he is able to use those newspaper print proceeds
9   to fund his legal defense and his life.
10          THE COURT:  Mr. Kucera, do you wish to respond to
11  that -- or Mr. Rapp?
12          MR. RAPP:  Well, first, this motion came in quite
13  late, and our response to the previous dockets doesn't really
14  address this.  We haven't had a chance to respond.  But in a
15  word, I don't know what she is talking about.
16          THE COURT:  I just asked co-counsel minutes ago if
17  there was some additional information that the government
18  wanted to place on the record and he had that opportunity.  I
19  don't know why -- what's your name again, ma'am?
20          MS. BERNSTEIN:  Whitney Bernstein.
21          THE COURT:  I don't know how you didn't understand
22  when I asked the question about the emergency motion, Document
23  Number 376, when I pointed to defense counsel if anyone had
24  anything to place on the record.  I don't know how you didn't
25  understand my question.

1          But Mr. Rapp, your co-counsel indicated that 371,
2   the -- when I asked the question, should it serve as the
3   response, he did say they had some additional information -- I
4   don't recall what you said exactly, Mr. Kucera, but I provided
5   the government with an opportunity to flush out the issue.
6          So go ahead.
7          MR. RAPP:  Well, I think there's some confusion.  You
8   were talking about 371.  This is 377.  This came in --
9          THE COURT:  No, there's no confusion.  My question
10  was, the issues raised in Docket Number 376 were similar to the
11  issues raised in 360.  I asked your co-counsel if he wanted to
12  use 371 to serve as a response.
13         Is that what I asked you, Mr. Kucera?
14         MR. KUCERA:  Yes, Your Honor.
15         THE COURT:  So where's the confusion?
16         MR. RAPP:  This is 377, not 376.  Maybe I could just
17  cut to the chase.
18         THE COURT:  Did you hear what I just told you?
19         MR. RAPP:  I --
20         THE COURT:  We are here to address document number --
21  Docket Number 376.  I understand 377 -- is her supplemental
22  brief, which is 377.  That's why I asked Mr. Kucera that exact
23  question, because I didn't receive a response from the
24  government.
25         MR. KUCERA:  Can we have a moment, Your Honor?

| | |
|---|---|
| 1 | THE COURT: Of course. |
| 2 | (Discussion between government counsel held off the |
| 3 | record.) |
| 4 | MR. RAPP: Judge, if the Court has any questions about |
| 5 | this motion, we are happy to respond to them. |
| 6 | THE COURT: Go ahead. Is there anything from you? |
| 7 | MS. BERNSTEIN: We are seeking the government's |
| 8 | position that if Mr. Larkin accesses, utilizes money that is |
| 9 | newspaper print proceeds for his legal defense or his life, we |
| 10 | have been put on notice from the government that they would |
| 11 | find that to be criminal. |
| 12 | THE COURT: Okay. Is this relief that you are |
| 13 | requesting outside of what we were here for today? |
| 14 | MS. BERNSTEIN: No, Your Honor. I think it implicates |
| 15 | many of the same issues, it's just now, especially in light of |
| 16 | the fact that the money earmarked for the defense has been |
| 17 | restrained, Mr. Larkin -- we need some clarity as to whether he |
| 18 | can spend money that is not restrained and not related to |
| 19 | Backpage without incurring additional criminal charges. |
| 20 | THE COURT: Is the government prepared to respond to |
| 21 | that? |
| 22 | MR. KUCERA: The government is not prepared to respond |
| 23 | to it and I cannot imagine any situation where the government |
| 24 | ever would respond to the possibility of prospective action and |
| 25 | take a position on whether or not that action is subject to |

1    indictment.
2            THE COURT:  Is there anything else you would like to
3    place on the record?
4            MS. BERNSTEIN:  Would the Court entertain an
5    evidentiary hearing upon further briefing at a later date as to
6    this issue?
7            THE COURT:  No.  This Court has ruled on the matters
8    that were pending, which is Docket Number 360, Docket Number
9    365, and Docket Number 376.  My ruling is on the record and the
10   hearing is adjourned.
11           MS. BERNSTEIN:  Thank you, Your Honor.
12           (Proceedings conclude at 10:58 a.m.)

**UNITED STATES DISTRICT COURT**

1     **C E R T I F I C A T E**

2

3        I, ELVA CRUZ-LAUER, do hereby certify that I am duly

4  appointed and qualified to act as Official Court Reporter for

5  the United States District Court for the District of Arizona.

6        I FURTHER CERTIFY that the foregoing pages constitute

7  a full, true, and accurate transcript of all of that portion of

8  the proceedings contained herein, had in the above-entitled

9  cause on the date specified therein, and that said transcript

10 was prepared under my direction and control.

11       DATED at Phoenix, Arizona, this 17th day of November,

12 2018.

13

14                              s/Elva Cruz-Lauer
                              Elva Cruz-Lauer, RMR, CRR
15

16

17

18

19

20

21

22

23

24

25