Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com

Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
emccampbell@lglaw.com

*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Michael Lacey, *et al.*, <br><br> Defendants. | NO. CR-18-00422-PHX-SPL (BSB) <br><br> DEFENDANT LACEY'S MOTION TO STRIKE THE GOVERNMENT'S UNTIMELY OPPOSITION TO HIS MOTION FOR RELEASE OF FUNDS UNRELATED TO BACKPAGE AND REQUEST FOR EXPEDITED RELIEF <br><br> (Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned attorney, hereby moves for an order striking the government's untimely opposition (Doc. 412) to Mr. Lacey's Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief (Doc. 385). The government's opposition was untimely under LRCiv 7.2(c) and the government has provided no excusable basis for its failure to file a timely opposition or for seeking an extension of its

deadline.  Based on the legal reasoning and authority set forth in the attached Memorandum of Points and Authorities, Mr. Lacey respectfully requests that this Court strike the government's opposition and grant the Motion for Release of Funds as unopposed.

It is expected that excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or an order based thereon.

RESPECTFULLY SUBMITTED this 12th day of December 2018,

                         /s/     *Paul J. Cambria, Jr.*
                             LIPSITZ GREEN SCIME CAMBRIA LLP
                             Attorneys for Defendant Michael Lacey

## MEMORANDUM OF POINTS AND AUTHORITIES

As this Court his aware, the defendants have brought challenges in this Court and elsewhere to the government's pretrial seizure of their assets. On November 8, 2016, defendants Andrew Padilla and Joye Vaught filed an Emergency Motion to Stay Seizure of Attorneys' Fees and Immediate Hearing seeking an order from this Court staying execution of seizure warrants directed at funds held in their attorneys' IOLTA accounts for their defense. (Doc. 360.) On November 9, 2018, defendants James Larkin, Michael Lacey, John Brunst, and Scott Spear filed an emergency motion seeking stay of execution of seizure warrants directed at funds held in their attorneys' IOLTA accounts for the same reasons articulated in the motion filed by defendants Padilla and Vaught. (Doc. 365.) Additionally, Mr. Larkin filed a Supplemental Brief in Support of Defendants' Emergency Motion to Stay. (Doc. 377.) In the Supplemental Brief, Mr. Larkin asserted that, in a recent communication with the government, the government claimed that two bank accounts that Mr. Larkin had understood to contain funds unrelated to Backpage had been traced to Backpage, and that use of those funds would constitute criminal conduct. (*See id.*) Mr. Larkin indicated that the government was unwilling to reveal its basis for claiming that the funds were traceable to Backpage and requested an immediate evidentiary hearing. (*See id.*)

On November 16, 2018, Mr. Lacey filed his Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief ("Motion). (Doc. 385.) In the Motion, Mr. Lacey requested that this Court issue an order directing the government to release funds held in three bank accounts (Republic Bank accounts ending in 2485, 1897, and 3126) because the government sought pretrial restraint of those funds on the basis that Mr. Lacey had comingled funds related to Backpage with funds unrelated to Backpage thereby rendering all of the funds held in those accounts subject to pretrial restraint under the government's theory of the case against Backpage. (*See id.*) Mr. Lacey demonstrated to this Court, as he had to the government many months earlier, that he had no knowledge of or involvement with the single deposit of funds related to Backpage into those three accounts, which did not otherwise contain funds related to Backpage. Because the government refused to review Mr. Lacey's bank records or

3

interview the administrative personnel involved with the purportedly improper transaction, Mr. Lacey came to this Court to seek the equitable release of the funds that were unrelated to Backpage for use for his defense as a matter of fundamental fairness.

On November 16, 2018, this Court held a hearing on the motions that had been briefed by the time of the hearing—the motions filed at Docket Numbers 360, 365, 376, and 377. (*See* 11/16/18 Transcript, a true and correct copy of which is attached hereto as Ex. A.) During the hearing, there was no discussion or mention of Mr. Lacey's Motion. (*See id*.) At the conclusion of the hearing, this Court announced an oral decision and order on the motions that had been argued ("Order"). (*See id*. at 55-60.) The Court stated that the Order related to the motions filed at Docket Numbers 360, 365, 376, and 377 and that those motions were denied because there were no "persuasive reasons as to why the Court should interfere with the Central District of California's issuance of the seizure warrants." (*Id*. at 57.).

The Order did not mention or rule on Mr. Lacey's Motion. (*See id*.)

With Mr. Lacey's Motion still active and pending after issuance of the Order, the government's opposition was due on November 30, 2018. However, that date passed and the government did not file an opposition or a request an extension of its deadline. On December 3, 2018, Mr. Lacey filed a Notice of the Government's Non-Opposition to his Motion. (Doc. 403.) More than one week later, on December 11, 2018, the government filed its Response in Opposition to the Motion ("Opposition"). (Doc. 412.) The Opposition does not provide any excuse for why the government was unable to file an opposition or a request for an extension by November 30, 2018. (*See id*.)

**ARGUMENT**

**I.    This Court should strike the Opposition as untimely and grant the Motion because there was no timely opposition filed.**

This Court should strike the Opposition as untimely and grant the Motion as unopposed. Under the Local Rules, a party opposing a motion must file its responsive memorandum no later

4

than fourteen days after service of the motion. *See* LRCiv 7.2(c). However, when "counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion." LR Civ 7.2(i). When a party fails to timely file an opposition and offers no excusable basis for its untimely filing, courts have the authority strike the untimely pleading. *See United States v. Picou*, 2015 WL 6163423, at *2-3 (E.D. Cal. Oct. 19, 2015) (granting defendant's motion to strike the government's untimely oppositions because the government did not offer a "plausible" excuse for filing out of time or for failing to request an extension of its deadline). This Court has consistently applied the Local Rules which is in line with the application of similar rules by other courts. *See United States v. Warren*, 601 F.2d 417, 473-74 (9th Cir. 1979) (affirming district court's decision to grant unopposed motion to dismiss the indictment); *United States v. Farias*, 2009 WL 2485730, at *1 (N.D. Cal. Aug. 11, 2009) (granting defendant's unopposed motion for return of property because "[t]he government has not endeavored to meet its burden, and the Court is aware of no legitimate reason to withhold the property at issue in Defendant's motion"); *see also United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) ("As a general matter, the government may waive certain defenses by not raising them in a timely manner.");

Here, Mr. Lacey filed and served the Motion on November 16, 2018. (Doc. 385.) The Opposition should have been filed and served no later than November 30, 2018. *See* LRCiv 7.2(c). However, that date passed and no opposition was filed. Further, the government did not contact defense counsel to request consent for an extension of the deadline or file any such request with this Court. As a result, on December 3, 2018, Mr. Lacey filed a Notice of Government's Non-Opposition to the Motion. (Doc. 403.) More than a week passed before the government filed its Opposition. (Doc. 412.) Critically, the Opposition does not include an explanation for why it was filed eleven days late. (*Id*.) The Opposition should be struck.

Although the government admits no fault on its part, it appears that the government did not file an opposition because the government *assumed* that the Motion would be denied for the same reasons that this Court denied other motions in the Order, and that this Court would reach

that determination *sua sponte* without *any submission* from the government *requesting* such an outcome. (*See id*. at 3-5.) Aside from the obvious risks associated with a litigation approach that proceeds on the assumption that a court will rule in the party's favor *sua sponte*, something the government has not risked with respect to any other motion filed by the defendants, the government's claim does not withstand scrutiny of any kind. It is clear from the transcript of this Court's November 16, 2018 hearing that the Order did not resolve, let alone mention, the Motion. (*See* Ex. A.)

Mr. Lacey has suffered and continues to suffer each day that he is deprived of access to his assets that are unrelated to Backpage. His bills continue to mount and he is unable to meet his financial obligations, including funding his defense to the instant action. The government's untimely response to the Motion, which requested expedited relief on the basis of Mr. Lacey's unsustainable financial situation, has further compounded that harm by delaying the hearing of the Motion. For all these reasons, Mr. Lacey respectfully requests that this Court strike the Government's Opposition as untimely and grant the Motion as unopposed.

**II.    This Court should grant the Motion on its merits as a matter of this Court's equitable jurisdiction and inherent authority.**

To the extent that this Court is not inclined to strike the Opposition and grant the Motion as unopposed, Mr. Lacey nonetheless should prevail on the Motion. Under the Local Rules, Mr. Lacey's reply brief would be due on December 18, 2018, which he will file if the instant motion is denied. In such a reply, Mr. Lacey would more fully assert several bases for granting his Motion, including the following:

First, contrary to the government's main argument, the doctrine of the law of the case is no barrier to this Court granting the Motion. In contrast with the motions resolved by the Order, Mr. Lacey's Motion does not ask this Court to invalidate a seizure warrant issued by another Court. (*See* Doc. 385.) Instead, the Motion asks this Court to exercise its equitable jurisdiction and inherent authority to order the government to separate funds unrelated to Backpage from

funds related to Backpage to enable Mr. Lacey to fund his defense. Consequently, the Motion does not challenge the issuance of the seizure warrant directed at Republic Bank accounts ending in 2485, 1897, and 3126. Quite differently, the Motion seeks to hold the government accountable for its conduct after obtaining the seizure warrant which included, among other things: (1) delaying disclosure of the seizure warrant for as long as possible to make it impossible for defense counsel to analyze the validity of the seizure of those accounts; and (2) after disclosing the seizure warrant, refusing to review and/or investigate the validity of the ongoing restraint of those accounts in light of the bank records that defense counsel procured demonstrating the government's flawed theory on comingling and offering to provide the opportunity to interview the administrative assistant who incorrectly and accidentally transferred Backpage related funds into those accounts without Mr. Lacey's knowledge or permission. (*See id.*) Because this Motion presents this Court with a very different issue from that presented by the other motions, the Order is no barrier to this Court's resolution and granting of the Motion.

Second, even if this Court determines that the Motion would have been denied on the same bases as the motions resolved by the Order, had the Motion been fully briefed and argued before the Court by the time the Court announced the Order, there is good cause for declining to apply the holding in the Order to this Motion under the doctrine of the law of the case because since issuance of the Order, the government has attempted to stop the very litigation it told this Court the defendants could pursue and that pursuit of that litigation justified denial of the motions before this Court. At the November 16, 2018 hearing, the government told this Court that any challenge to the pretrial restraint of defendants' assets other than a *Monsanto* hearing, including a challenge brought under *Franks v. Delaware*, 438 U.S. 154 (1978), should be brought in the Central District of California.[1] (*See* Ex. A at 7.) Days later, defendants pursued their challenge

---

[1] Defendants found this statement to be surprising in light of the history of the parties' litigation of the government's pretrial restraint of defendants' assets in the Central District of California. On August 1, 2018, Defendants filed a Motion to Vacate or Modify Seizure Warrants, which challenged the seizure warrants on a variety of grounds, including violations of *Franks* under the docket 18-CV-06742. The government responded by telling

to the seizure warrants that the government obtained to seize the attorney IOLTA accounts at issue in this Court's Order in the Central District of California by filing an Application and Motion to (1) Stay Execution of Seizure Warrants; and (2) Provide Notice to the Court of First Amendment and *Franks* Violations under the eight sealed dockets pertaining to those seizure warrants (18-MJ-02872, 18-MJ-02873, 18-MJ-02874, 18-MJ-02875, 18-MJ-02876, 18-MJ-02878, 18-MJ-02880, and 18-MJ-02883). Defendants did exactly what the government told this Court they should do. Unsurprisingly, the government's opposition to the Application and Motion evades review of its conduct by asking the court to deny the motion as moot because the seizure warrants had expired by the time the Application and Motion was filed (even though the government was silent as to whether it would refrain from seeking new seizure warrants for the same accounts which would eviscerate their mootness argument).

The government's secretive and heavy-handed approach to pretrial restraint of the defendants' assets is unparalleled and should not continue to evade judicial review. This Motion, which challenges the government's pretrial restraint of Mr. Lacey's assets on bases different from those addressed in the motions resolved in this Court's Order, gives this Court the opportunity to revisit the government's claim that defendants would be able to seek review of the seizures in the Central District of California, which, to date, is nothing more than an empty promise, conveniently asserted to evade this Court's review of the government's conduct.

## CONCLUSION

In light of the foregoing, Mr. Lacey respectfully requests an order striking the Opposition as untimely and granting the Motion as unopposed. To the extent that this Court

---

the Central District of California that the defendants' challenges should not be heard in that District, but instead should be heard in the District of Arizona. Shortly thereafter, the government sought a stay of all litigation in the Central District of California, which was granted and which is on appeal to the Ninth Circuit. There is nothing about the way the government litigated the pretrial restraint of defendants' assets in that case that suggests that the government is receptive to judicial review of the merits of its actions.

8

is not inclined to strike the Opposition, Mr. Lacey intends to submit a reply brief to more fully develop the arguments set forth herein because his Motion should be entertained and granted.

RESPECTFULLY SUBMITTED this 12th day of December, 2018,

        /s/    Paul J. Cambria, Jr.
        LIPSITZ GREEN SCIME CAMBRIA LLP
        Attorneys for Defendant Michael Lacey

1. On December 12, 2018, a PDF version
2. of this document was filed with
3. Clerk of the Court using the CM/ECF
4. System for filing and for Transmittal
5. Of a Notice of Electronic Filing to the
6. Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov