Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com

Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
emccampbell@lglaw.com

*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                      Defendants. | NO. CR-18-00422-PHX-SPL (BSB)<br><br>DEFENDANT LACEY'S<br>REPLY IN FURTHER SUPPORT OF<br>MOTION TO STRIKE<br><br>(Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned attorney, hereby submits the instant reply in further support of his Motion to Strike the Government's Untimely Opposition to his Motion for Release of Funds Unrelated to Backpage and Request for Expedited Relief ("Motion to Strike") (Doc. 415). The government has opposed the Motion to Strike ("Opposition to Motion to Strike") (Doc. 423), but has not presented any compelling reasons for denying the Motion to Strike.

# ARGUMENT

### This Court should grant the Motion to Strike the government's Opposition to the Motion for Release as untimely.

The Court should grant Mr. Lacey's Motion to Strike the government's Opposition to the Motion for Release. The government contends that: (1) it was not required to submit an opposition to the Motion for Release because the government assumed that the Motion for Release was resolved by this Court's November 16, 2018 Order ("Order") (even though the Order was silent on the Motion for Release); (2) but if the Motion for Release was not covered by the Order, the Opposition was not untimely because the government had 60 days from the date the Motion for Release was filed because the Motion for Release should be treated like a civil complaint under Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)") and answers to such complaints are not due until 60 days after service; (3) but if the Motion for Release is not a civil complaint under Rule 41(g), it is a motion filed under Rule 41(g) which means that the government had 30 days to submit its opposition because such motions fall under the filing rules for motions for summary judgment; and (4) if the Motion for Release is none of those things, the government's untimely Opposition should be accepted and considered by this Court on the basis of excusable neglect. Aside from the mental gymnastics required to follow the government's arguments, the government's submissions do not justify post-hoc relief from their November 30, 2018 deadline.

First, although the government appears to have retreated from justifying its untimely filing on the basis that it assumed that this Court would deny the Motion for Release *sua sponte* and therefore, did not submit a timely opposition (*see* Gov't's Opp'n to Mot. for Release (Doc. 412 at 2, 5)), the government nonetheless persists that the Motion for Release should be denied under the doctrine of the law of the case. As set forth in greater detail in Mr. Lacey's reply in support of his Motion for Release (Doc. 424) and incorporated by reference herein, the doctrine

is not applicable to the Motion for Release because the Motion raises substantially different facts and seeks different relief from the motions decided in this Court's Order (*see id*. at 4-9).

Second, as set forth in greater detail in Mr. Lacey's reply on the Motion for Release (Doc. 424), and incorporated by reference herein, the Motion for Release is not a Rule 41(g)-related filing (motion, civil complaint or otherwise) (*see id*. at 9-11). Consequently, the 60 or 30 day deadlines that the government claims should be applied to its Opposition are not applicable and do not save the Opposition from being deemed untimely.

Finally, the government has waived the right to assert its excusable-neglect defense to its untimely Opposition. On December 3, 2018, Mr. Lacey put the government on notice of its failure to timely file a responsive pleading to the Motion for Release by filing a Notice of Non-Opposition explaining that, under the Local Rules, a responsive pleading or request for an extension should have been filed by November 30, 2018. (Doc. 403.) In its first submission to address its failure to timely file a responsive pleading—the Opposition (Doc. 412)—the government stated that the Opposition was not untimely because the government had 60 days to file a responsive pleading to the Motion for Release because it should be treated as a civil complaint arising under Rule 41(g) (*id*. at 5 n.2). That was the government's sole ground for asserting that its Opposition was timely. (*Id*.) The Opposition was *silent* on the issue of excusable neglect and that silence constitutes a waiver of the ability to assert that ground for relief from deadlines in all subsequent filings addressing timeliness, including the Opposition to the Motion to Strike (Doc. 423). *See United States v. Hoffman*, 2015 WL 5604419, at *2-4 (E.D. Cal. Sept. 23, 2015) (granting motion to dismiss because the government waived its arguments against dismissal by failing to submit a timely brief in opposition to the defendants' motion); *see also United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) ("As a general matter, the government may waive certain defenses by not raising them in a timely manner."); *United States v. Doe*, 53 F.3d 1081, 1082-83 (9th Cir. 1995) (ruling that the government's failure to raise the issue of defendant's waiver as a barrier to reversal of his conviction, when the government instead argued for affirmance of the conviction on the merits in its briefs and during

oral argument, constituted waiver of the government's argument).  Additionally, in the eight days between the filing of the Notice of Non-Opposition, and the government's filing of its Opposition to the Motion for Release of Funds, the government did not undertake any efforts to resolve the timeliness issue with defense counsel.

## CONCLUSION

For all these reasons, Mr. Lacey respectfully requests that this Court issue an order striking the government's Opposition as untimely and granting the Motion for Release as unopposed.

RESPECTFULLY SUBMITTED this 21st day of December, 2018,

/s/    *Paul J. Cambria, Jr.*
LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant Michael Lacey

On December 21, 2018, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov