Paul J. Cambria, Jr. (Cal. Bar No. 177957) (*admitted pro hac vice*)
Erin McCampell (NY Bar No. 4480166) (*admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, New York 14202
Telephone:   (716) 849-1333
Facsimile:   (716) 855-1580
Email:       pcambria@lglaw.com
             emccampbell@lglaw.com

*Counsel for Defendant Michael Lacey*

Thomas H. Bienert, Jr. (Cal. Bar No. 135311) (*admitted pro hac vice*)
Whitney Z. Bernstein (Cal. Bar No. 304917) (*admitted pro hac vice*)
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone:   (949) 369-3700
Facsimile:   (949) 369-3701
Email:       tbienert@bmkattorneys.com
             wbernsteinr@bmkattorneys.com

*Counsel for Defendant James Larkin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, *et al.*,<br><br>　　　　　　　Defendants. | No. CR-18-422-PHX-SPL<br><br>**MOTION FOR FURTHER CLARIFICATION RE ORDER ALLOWING THE GOVERNMENT TO CONTINUE REVIEW OF PRIVILEGED COMMUNICATIONS** |

　　　The Court denied the government's motion seeking unrestricted access to privileged and work product communications within the trove of defendants' emails the government seized in connection with its prosecution. (Doc. 345). The government moved for "clarification," indicating that it was going to continue this review through

the "filter team" it previously used. (Doc. 355). The Court granted the government's motion. (Doc. 445). Defendants now seek clarification in their own right.

As explained before, Defendants have ample grounds for concern that the government has repeatedly demonstrated it does not understand the relationships and agreements protecting and precluding waiver of privileges entered into by Carl Ferrer, Defendants James Larkin and Michael Lacey, and their respective companies. (*See* Docs. 226, 324, 409.) For this reason, Defendants requested discovery of the government's review process and protocols for making privilege calls. (*See* Doc. 235 at 20-24; Doc. 409 at 3-5). The Court denied this request in its original order precluding the government from accessing privileged communications (Doc. 345 at 8), but did not address Defendants' concerns and further request in its order granting the government's requested clarification (Doc. 445).

Allowing the government to make privilege determinations on its own – with no disclosure of what it has done and no oversight or review by this Court – would be fundamentally unfair and prejudicial of Defendants' rights and privileges. Thus, acknowledging and respecting the prior rulings, Defendants ask that the Court further clarify the process for the government's review process and filter team as follows.

*First*, the Court should clarify that any and all privilege calls made by the government's filter team must respect this Court's rulings that communications among or involving Ferrer, Larkin, Lacey, their companies, and counsel are privileged, and Ferrer cannot waive these privileges. (*See, e.g.*, Doc. 345 at 4.) This may seem self-evident, but several times already the government has urged claims of waiver when none exist under the law.

*Second,* the Court should direct the government to segregate attorney-client communications the filter team believes are not privileged before turning those materials over to the government's prosecution team.

*Third*, the Court should direct that the government produce these purportedly not-privileged documents to Defendants for review and to permit objections. Given the

Court's rulings rejecting the government's waiver arguments, there should be few documents the filter team would propose to release, and allowing Defendants a fair opportunity to object should not delay or interrupt the progress of this case.

*Fourth,* if Defendants take exception about documents the filter team proposes to disclose to the prosecution team, Defendants should be allowed to present the objections to this Court (or a magistrate or master assigned by the Court).

Defendants respectively urge that the Court should implement this process, and Defendants accordingly ask for a clarifying order to this effect.

DATED this 5th day of February, 2019.

        LIPSITZ GREEN SCIME CAMBRIA LLP

        By: *s/ Paul J. Cambria, Jr.*
            Paul J. Cambria, Jr.
            Erin McCampell

        *Counsel for Defendant Michael Lacey*

        BIENERT, MILLER & KATZMAN, PLC

        By: *s/ Thomas H. Bienert, Jr.*
            Thomas H. Bienert, Jr.
            Whitney Z. Bernstein

        *Counsel for Defendant James Larkin*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the United States District Court of the District of Arizona by using the CM/ECF system, and that service will be accomplished by the CM/ECF system to all counsel of record.

*s/ Toni Thomas*
Toni Thomas

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com
Daniel James Quigley, Daniel J Quigley PLC, quigley@djqplc.com
Michael L. Piccarreta, Piccarreta Davis Keenan Fidel PC, mlp@pd-law.com Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com Stephen M. Weiss, Karp & Weiss PC, sweiss@karpweiss.com
Ariel A. Neuman, Bird Marella, aan@birdmarella.com
Gary S. Lincenberg, Bird Marella, gsl@birdmarella.com
Gopi K. Panchapakesan, Bird Marella, gkp@birdmarella.com
Michael D. Kimerer, Kimerer & Derrick PC, MDK@kimerer.com
Rhonda Elaine Neff, Kimerer & Derrick PC, rneff@kimerer.com
Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com
Andrew C. Stone, Assistant U.S. Attorney, andrew.stone@usdoj.gov
John Jacob Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov
Kevin M. Rapp, Assistant U.S. Attorney, kevin.rapp@usdoj.gov
Margaret Wu Perlmeter, Assistant U.S. Attorney, Margaret.perlmeter@usdoj.gov
Reginald E. Jones, Assistant U.S. Attorney, reginald.jones@usdoj.gov
Peter Shawn Kozinets, Assistant U.S. Attorney, peter.kozinets@usdoj.gov