# EXHIBIT 4

PICCARETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1100
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-3475
WWW.PD-LAW.COM

October 23, 2018

**VIA EMAIL: reginald.jones4@usdoj.gov**
**AND U.S. FIRST CLASS MAIL**

Reginald E. Jones, Esq.
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530

Re: *United States v. Lacey, et al.*, No. CR-18-00422-PHX-SPL

Dear Reggie:

At the hearing on our request for itemization of *Brady/Giglio* material on October 5, 2018, the government assured the Court that the government would turn over any *Brady/Giglio* material to the defendants immediately after learning of it (Reporter's Transcript, October 5, 2018, p. 104), and Judge Logan's order specifically "notes that at the October 5th hearing the Government stipulated that it will turn over any *Brady/Giglio* material that it comes across in the future to the Defendants within 10 days. The court implores the Government to abide by this stipulation, without an order from the court." Doc. 339, pp. 5-6.

Despite the government's assurances (and the Court's order), the government has not produced any *Brady/Giglio* material even though more than 10 days have passed since the date of the hearing. I am requesting that the government begin

PICCARRETA DAVIS KEENAN FIDEL PC

complying with its assurances to Judge Logan and his order and produce the *Brady* and *Giglio* material that is in its possession starting with the claw back documents.[1]

We know *Brady/Giglio* material exists because the government already disclosed it in the material it is now trying to claw back based on the claim these documents were inadvertently produced. However, the government cannot legitimately "claw back" *Brady* material that it was legally, ethically, and constitutionally required to disclose in the first place.

Although counsel for the defendants ceased their review of the purportedly inadvertently disclosed documents when the government made its claw-back request, counsel for the defendants had been in possession of these documents for weeks and had already reviewed the clearly exculpatory material. From memory, two internal government memoranda[2] contained *Brady/Giglio* material contradicting, legally and factually, the government's theory of the case, including statements made by the government at the hearing regarding the level of knowledge required for criminal prosecution. These *Brady/Giglio* memoranda also contain witness statements favorable to the defense, contain information contradicting representations made to federal magistrates, and contain material relevant to defendants' challenges to the grand jury proceedings and to the searches and seizures in this prosecution, the filing of additional pretrial motions, the cross-examination of government witnesses, and other purposes relating to the present criminal proceedings. The documents undoubtedly will be exhibits at multiple pretrial hearings and will be exhibits at trial.

The government has re-disclosed other purportedly inadvertently disclosed documents, and the litigation regarding the government's claw-back request has been significantly narrowed. I believe that the two government memoranda referred to above present another opportunity to significantly narrow the government's motion. Because the government has the obligation to disclose these *Brady/Giglio* materials to the defendants in any event, these materials should be removed from the government's motion to compel destruction of the purportedly inadvertently

---

[1] To assist the government to comply with its assurances and Judge Logan's strong request, I will provide you additional *Brady* and *Giglio* areas that should be produced as the government learns of its existence. This initial letter is specifically addressed to the claw back documents.

[2] *See* Declaration of Reginald E. Jones in support of United States' Motion to Compel Destruction of Inadvertently Produced Documents, p. 6 ¶ 20, and Privilege Log attached as Exhibit I.

2

PICCARRETA DAVIS KEENAN FIDEL PC

disclosed documents. Please let me know your thoughts so that we can include the government's views in our pleadings on these matters.

In addition, other claw back documents possessed by the government may also contain similar *Brady/Giglio* material. To avoid future issues, I am requesting that the government review this information and make the appropriate disclosures in accordance with its *Brady/Giglio* obligations, its representations to the court, and the court's order. To assist the government in complying with its *Brady/Giglio* obligations, we will be providing an additional itemization of specific categories of *Brady/Giglio* materials in the very near future.

Sincerely,

Michael L. Piccarreta

JK:mh
cc:  Kevin Rapp, kevin.rapp@usdoj.gov
     Paul Cambria, pcambria@lglaw.com
     Tom Bienert, tbienert@bmkattorneys.com
     Bruce Feder, bf@federlawpa.com
     Michael Kimerer, mdk@kimerer.com
     Stephen Weiss, sweiss@karpweiss.com
     James Grant, jimgrant@dwt.com
     Robert Corn-Revere, bobcornrevere@dwt.com
     Ariel Neuman, aneuman@birdmarella.com