# Exhibit A

SEALED ORIGINAL

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: In the Matter of the Search of Carl.Feerrer@backpage.com | Case No. 16-305MB<br><br>**ORDER FOR CHANGE IN THE PROTOCOL OF THE FILTER TEAM REVIEW OF POTENTIALLY PRIVILEGED MATERIALS**<br><br>**(Filed Under Seal)** |

On this __27__ day of __Oct__, 2016, comes for the attention of the court the United States' request to change the protocol of the Filter Team review of potentially privileged materials in the above entitled action.

IT IS ORDERED that the Filter Team will review Backpage CEO Carl Ferrer's emails for potentially privileged and protected materials, and it will keep all legitimately protected materials, as well as materials suspected to be protected, segregated from the Investigative Team unless the Court rules that they can be disclosed.

IT IS FURTHER ORDERED that the Application of the United States Attorney and this Order shall be sealed until further order of the Court.

__10/27/2016__  
DATE

__E. Willett__  
Honorable Eileen S. Willett  
UNITED STATES MAGISTRATE JUDGE

SEALED

ORIGINAL

☒ FILED ☐ LODGED
☐ RECEIVED ☐ COPY

NOV 1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  JOHN S. LEONARDO
2  United States Attorney
   District of Arizona
3
4  JONATHAN R. HORNOK
   Assistant U.S. Attorney
   District of Arizona
5  40 North Central Avenue, Suite 1200
   Phoenix, AZ 85004
6  Telephone: 602-514-7500
   Jonathan.Hornok@usdoj.gov
7  Attorney for Plaintiff

8  STEVEN J. GROCKI
   Chief
9  United States Department of Justice
   Child Exploitation and Obscenity Section
10
11 KYLE P. REYNOLDS
   Trial Attorney
12 United States Department of Justice
   Child Exploitation and Obscenity Section
   Telephone: 202-616-2842
13 kyle.reynolds@usdoj.gov
   Attorney for Plaintiff
14

15           IN THE UNITED STATES DISTRICT COURT
16               FOR THE DISTRICT OF ARIZONA
17
   In re: In the Matter of the Search of     Case No. 16-305MB
18 Carl.Feerrer@backpage.com
19                                           **UNITED STATES' REQUEST TO
                                             CHANGE THE PROTOCOL OF THE
20                                           FILTER TEAM REVIEW OF
                                             POTENTIALLY PRIVILEGED
21                                           MATERIALS**
22
23                                           **(Filed Under Seal)**
24

25      The United States, through undersigned counsel, respectfully requests that the Court
26 allow a change in the protocol that will be employed by the filter team in the review of
27 certain evidence obtained via search warrant specifically, a large volume of emails
28 regarding Backpage, LLC ("Backpage").

## MEMORANDUM IN SUPPORT OF UNITED STATES' *EX PARTE* MOTION FOR APPROVAL OF CHANGES REGARDING HANDLING OF POTENTIALLY PRIVILEGED MATERIALS

The United States submits this Memorandum in support of its motion for approval of changes to how the prosecution intends to handle privileged documents obtained in this investigation ("Motion").

## I. INTRODUCTION

The United States is engaged in a confidential criminal investigation of Backpage.com, LLC ("Backpage"). It has reason to suspect that Backpage is engaged in various forms of money laundering, among other crimes, that are prohibited by federal law. A team of prosecutors and investigators—the "Investigative Team"—is actively pursuing the investigation.

Through a search warrant, the United States has obtained emails in the account of Backpage's CEO. The Investigative Team, however, has not yet begun reviewing these emails because CEO's email account may contain materials subject to the attorney-client privilege and the work-product doctrine.

In an effort to complete its investigation while protecting the CEO's legitimate rights and privileges, the United States has devised a plan to review the CEO's emails. This plan differs slightly from the procedures contemplated by the search warrant for Backpage's CEO's email account, which necessitates the Court's approval. Under this plan, set forth more fully below, the CEO's emails will be segregated from the Investigative Team and reviewed by a "Filter Team" (also known as a "Taint Team") that is separate and apart from the Investigative Team. The Filter Team is supervised by the two undersigned Department of Justice attorneys. The Filter Team will review the CEO's emails for potentially privileged and protected materials, and it will keep all legitimately protected materials, as well as materials suspected to be protected, segregated from the Investigative Team unless the Court rules that they can be disclosed.

The United States believes that these procedures will effectively protect the privilege of the targets of this investigation, while at the same time allowing the Investigative Team full access to non-privileged and non-protected material that may be used in the investigation. The United States therefore respectfully requests that the Court approve the change in the manner in which the Investigative Team intends to review the CEO's emails as well as any other potentially protected materials that the United States obtains during this investigation.

## II. NOTICE OF CHANGE TO SEARCH PROCEDURES SPECIFIED IN SEARCH WARRANT

The United States informs the court of two changes from the search procedures described in Attachment B to the Search Warrant for Mr. Ferrer's emails. Section III.iv of Attachment B provides that (1) the Filter Team will determine which emails constitute evidence of illegal activity, and (2) the Filter Team will not review any emails to or from Elizabeth McDougall, counsel for Backpage. No member of the Filter Team or the Investigative Team has reviewed any of Mr. Ferrer's emails or taken any steps inconsistent with this procedure set forth in Attachment B. Nor will any member of either team take any steps inconsistent with this procedure unless and until the Court grants this Motion.

Now that the United States has finalized its filter procedures, however, it believes that two changes to the search procedure set forth in Attachment B are warranted. *First*, the Filter Team will review the documents for privilege or protection only, and the Investigative Team will determine which documents constitute evidence of unlawful activity. The Investigative Team, not the Filter Team, is best situated to make these substantive determinations. Moreover, the purpose of the filter procedures is to insulate the Filter Team from the substantive investigation and prosecution of Backpage and its principals. Permitting the Filter Team to make determinations as to the relevance or significance of evidence would be inconsistent with this purpose.

*Second*, because the Filter Team will be properly walled off from the Investigative Team, it may review emails to and from Elizabeth McDougall or other Backpage attorneys to determine if they properly qualify for privilege or protections, in accordance with the procedures set forth above. This will eliminate the risk that protected information from or to Ms. McDougall or other or other Backpage attorneys will reach the Investigative Team.

### III. DISCUSSION AND ANALYSIS

It is a practical reality that when government agents seize materials in the course of executing a search warrant, some (but not all) of those materials may be subject to privilege or otherwise protected from disclosure. When the government finds itself in possession of materials that may include non-privileged documents intermixed with privileged documents, decisions both from within and outside this Circuit generally support the use of a filter team to review potentially privileged materials in appropriate cases. *See, e.g., United States v. Danielson*, 325 F.3d 1054, 1072-73 (9th Cir. 2003) (noting that filter-team procedures are appropriate when an "investigation is intended to obtain non-privileged information but risks obtaining privileged trial strategy information as well"); *United States v. Lonich*, No. 14-cr-00139-SI-1, 2016 WL 705971, at *2-4 (N.D. Cal. Feb. 23, 2016); *United States v. Smith*, No. 13-CR-14-RMP-1, 2014 WL 4384026, at *1-2 (W.D. Wash. Sept. 3, 2014); *see also In re Grand Jury Subpoena of Ford*, 756 F.2d 249, 251, 254 (2d Cir. 1985); *Hicks v. Bush*, 452 F. Supp. 2d 88, 102-103 (D.D.C. 2006); *In re Search of 5444 Westheimer Rd. Suite 1570, Houston, Texas, on May 4, 2006*, Misc. Action No. H-06-238, 2006 WL 1881370, at *2-3 (S.D. Tex. July 6, 2006); *United States v. Grant*, No. 04 CR 207BSJ, 2004 WL 1171258 (S.D.N.Y. May 25, 2004).

In appropriate cases, the United States will seek the Court's approval of its filter-team procedures before implementing them. *See, e.g., Lonich*, 2016 WL 705971, at *1, 4 (noting that the United States successfully sought ex parte approval of its filter procedures before implementing them); *Hicks*, 452 F. Supp. 2d at 94 (granting United States' motion to approve filter procedures); *see also Grant*, 2004 WL 1171258, at *1-3 (ruling for United

States in dispute with defendants over propriety of filter procedures before those procedures were implemented).

The concept of a filter team is based on the principle that knowledge available to one government agent will not necessarily be imputed to the government as a whole. That concept was recognized with approval by the Supreme Court in *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977). In *Bursey*, the Court considered a section 1983 claim brought by a criminal defendant who alleged that he had been deprived of his right to effective assistance of counsel. The plaintiff in *Bursey* was arrested along with an undercover agent, who was arrested in order to preserve the agent's cover. The plaintiff and his criminal defense attorney invited the undercover agent to engage in pre-trial discussions regarding defense strategies. While the agent ultimately testified at the plaintiff's criminal trial as a witness to the plaintiff's criminal conduct, he never shared any details regarding the plaintiff's criminal defense strategies or trial plans with the investigators or prosecuting attorneys. *Id.* at 548. The Supreme Court ultimately rejected the plaintiff's claims, reasoning:

> As long as the information possessed by [the undercover agent] remained uncommunicated, he posed no substantial threat to [the defendant's] Sixth Amendment rights. Nor do we believe that federal or state prosecutors will be so prone to lie or the difficulties of proof will be so great that we must always assume not only that an informant communicates what he learns from an encounter with the defendant and his counsel but also that what he communicates has the potential for detriment to the defendant or benefit to the prosecutor's case.

*Id.* at 556-57.

So too here. The procedures outlined above are designed to ensure that legitimately privileged and protected information will be confined to the Filter Team and will not be made available to the Investigative Team. Even though the Filter Team may be exposed to privileged information, that exposure cannot be imputed to the Investigative Team.

Moreover, not only is a filter team permissible, it is particularly appropriate in this case. First, the emails, which may contain privileged and protected information, are already in the government's possession and control. The Ninth Circuit has noted that filter teams are appropriate under precisely these circumstances. *See Danielson*, 325 F.3d at 1072-73; *see also Lonich*, 2016 WL 705971, at *3 ("where the government has already obtained the physical control of potentially-privileged documents through the exercise of a search warrant[,] the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege") (quoting *Grand Jury Subpoenas*, 454 F.3d at 522-23) (internal punctuation omitted). Second, the Filter Team's procedures set forth above in Section II are clear and fair. Third, the United States cannot presently predict the number of documents that will need to be reviewed, but it is possible that the documents will be voluminous. After reviewing the information in Mr. Ferrer's account, the United States is likely to apply for search warrants to search additional email accounts of people affiliated with Backpage. Review by any party other than the Filter Team could prove to be highly onerous, expensive, or both. Fourth, before the Filter Team submits any materials to the Court *in camera* and moves for their disclosure to the Investigative Team, the Filter Team will confer with counsel for the targets of the investigation and counsel will have the ability to file objections with the Court. Finally, review by the Filter Team will permit the Investigative Team to move forward with its important investigation without unnecessary delay. These factors cut strongly in favor of approval of the United States' filter team in this specific investigation.

Guided by the authorities cited above, the United States seeks the Court's approval to review the emails in a manner set forth above that is different than what was represented in the search warrant affidavit approved by Magistrate Judge Burns. The United States respectfully submits that the procedures outlined in this memorandum will protect any legitimate claims of privilege by the targets of this investigation, while also permitting the government to diligently investigate potential wrongdoing at Backpage.

## IV. CONCLUSION

For all of the foregoing reasons, the United States' motion for approval of its proposed change to the handling of potentially privileged materials for Mr. Ferrer's emails, and any other potentially protected information it may lawfully obtain in the course of this investigation, should be granted.

Respectfully submitted,

JOHN S. LEONARDO
United States Attorney
District of Arizona

_____ for
Jonathan R. Hornok
Assistant U.S. Attorney


STEVEN J. GROCKI
Chief
United States Department of Justice
Child Exploitation and Obscenity Section

*s/ Kyle P. Reynolds*
Trial Attorney
United States Department of Justice
Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Washington, DC 20530
(202) 616-2842
kyle.reynolds@usdoj.gov

**CERTIFICATE OF SERVICE**

Because this case is currently under seal and involves a pre-indictment investigation, the foregoing document has not been served upon any other party.

*s/Zachry Stoebe*
Zachry Stoebe
U.S. Attorney's Office

## ATTACHMENT B

## Particular Things to be Seized and Search Procedure

I.  **Information to be disclosed by Google, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, Inc. ("Google"), Google is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    The contents of all e-mails stored in the account, including copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

    b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.    All records or other information stored by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

1

d.  All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

**II.  Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code (U.S.C.) §§ 1952(a) (Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises);1956(a)(1)(A)(i) (Promotional Money Laundering); and 1956(h) (Conspiracy to Commit Promotional Money Laundering) involving Backpage.com, including, for each account or identifier listed on Attachment A, information pertaining to the following matters from October of 2012 to the present:

a.  Any information related to Backpage.com matters.

b.  Any communications to, from, or concerning Backpage.com;

c.  Records relating to who created, used, or communicated with the account or identifiers, including records about their identities and whereabouts.

**III.  Search Procedure**

a.  In order to ensure that agents search only those computer accounts and/or files described in Attachment A, only employees of Google will conduct the initial search authorized by this warrant. This search will be conducted without the presence of a law enforcement officer. To further ensure that only those computer

2

accounts and/or files described in Attachment A are obtained pursuant to this warrant, the following procedures will be implemented:

      i.      It is requested this Court authorize the search warrant be sent by facsimile or email to Google personnel who will be directed to isolate the account and files described in Attachment A. Google personnel are familiar with this procedure, as it is a normal practice for them to receive and "execute" search warrants in this manner. Since this warrant seeks to include the content of an email account, the actual search will be conducted by Google personnel only. Title 18, United States Code, Section 2703(g) expressly permits the service and execution of a search warrant without the presence of the law enforcement officer;

      ii.      In order to minimize any disruption of computer service to innocent third parties, Google employees trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Attachment A, including an exact duplicate of all information stored in the computer accounts and fields described in Attachment A. Google employees will not use any independent discretion and will comply with the express terms of the search warrant;

      iii.      Google employees will provide the duplicate in electronic form of the account and files described in Attachment A and all information stored in those accounts and files to the agent who serves this search warrant;

      iv.      Upon receipt of such information from Google, law enforcement personnel **not involved in this investigation** will thereafter review the information and identify and copy the information contained in those accounts and files which

3

are authorized to be further seized and copied in Section II above. The personnel conducting this review will not seize and copy any emails to/from attorney Elizabeth McDougal of Perkins Coie LLP (.com) because she has acted as counsel to Backpage and such emails therefore may contain privileged information.

4