# EXHIBIT 1

**Barbara Polowetz**

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov> |
| **Sent:** | Wednesday, January 23, 2019 3:16 PM |
| **To:** | Barbara Polowetz |
| **Cc:** | Michael Piccarreta |
| **Subject:** | RE: U.S. v. Andrew Padilla |

Mike:

I'm sure you can understand that you will need to provide us complete financials for us to even begin to have this discussion. We do not share your view that Mr. Padilla is indigent. In other cases (in Phoenix District Court) the court has allowed the defense to access CJA panel funds to supplement attorney fees. In some cases the defendant may access CJA panel funds but be obligated to pay the court back in some fashion. I had a similar case in 2013 where the attorney asked to withdraw because his client no longer had funds to pay for representation in a very complex Ponzi scheme. The request to withdraw was denied. The attorney, however, was able to submit a bill to the court to access CJA funds.. I can discuss this case with Judge Logan on Friday if you believe it would be helpful and he can confer with Senior judge Silver who denied the withdrawal. Also, the CJA panel has access to a Relativity platforms and trial presentation software at a very reduced price. I refer you to FPD Jon Sands who can provide more information in this regard.

All the best,


**Kevin M. Rapp| Assistant U.S. Attorney**
**Senior Litigation Counsel**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004
602.514.7609, kevin.rapp@usdoj.gov


**From:** Barbara Polowetz <bpolowetz@pd-law.com>
**Sent:** Wednesday, January 23, 2019 2:22 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Cc:** Michael Piccarreta <mlp@pd-law.com>
**Subject:** U.S. v. Andrew Padilla

Kevin:

I read your response. Assuming that Mr. Padilla does not have sufficient funds to retain counsel to complete the case and is indigent for the purposes of this matter, is the government indicating that if that is true, the government will agree to release the IOLTA funds currently held in my trust account and secondly, if those funds are insufficient to complete the case through trial, agree that he may have access to the funds that were seized in the Rusing Lopez trust account?

1

Secondly, if the court finds Mr. Padilla or Ms. Vaught indigent for the purposes of this case, is the government indicating it will then release the IOLTA accounts and secondarily release funds from the Rusing Lopez account for their defense?

I am not trying to be dense, but I am trying to understand the government's position as there appears to be in your pleading an offer to work out the problem, but I want to make sure I am not misinterpreting your words. Best wishes.

Mike Piccarreta

Barbara Polowetz, Legal Assistant
PICCARRETA DAVIS KEENAN FIDEL PC
2 East Congress Street, Ste 1000, Tucson, AZ 85701
t 520.622.6900, ext. 137 | f 520-622-0521 | www.pd-law.com