# EXHIBIT 2A





**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square        Main:     (602) 514-7500
40 N. Central Ave., Suite 1800  Main Fax: (602) 514-7693
Phoenix, AZ 85004-4408

May 24, 2018

| | | |
|---|---|---|
| Paul J. Cambria Jr.<br>Attorney at Law<br>Lipsitz Green Scime Cambria, LLC<br>42 Delaware Ave, Suite 120<br>Buffalo, NY 14202<br>(attorney for Michael Lacey) | Jim Grant<br>Davis Wright Tremaine, LLP<br>1201 Third Avenue,<br>Suite 2200<br>Seattle, WA 98101<br>(attorney for Lacey and Larkin) | Robert Corn-Revere<br>Davis Wright Tremaine, LLP<br>1919 Pennsylvania Avenue N.W.,<br>Suite 800<br>Washington, DC 20006<br>(attorney for Lacey and Larkin) |
| Thomas H. Bienart, Jr., Esq.<br>Bienart, Miller & Katzman, PLC<br>903 Calle Amanecer, Suite 350<br>San Clemente, CA 92673<br>(attorney for James Larkin) | Michael D. Kimerer, Esq.<br>1313 E. Osborn Road,<br>Suite 100<br>Phoenix, AZ 85014<br>(attorney for Jed Brunst) | Bruce Feder, Esq.<br>2930 East Camelback Road,<br>Suite 205<br>Phoenix, AZ 85016<br>(attorney for Scott Spear) |
| KC Maxwell, Esq.<br>Law Office of K.C. Maxwell<br>235 Montgomery Street,<br>Suite 1070<br>San Francisco, CA 94104<br>(attorney for Dan Hyer) | Mike Piccarreta, Esq.<br>Piccarreta Davis Keenan Fidel, PC<br>2 East Congress Street,<br>Suite 1000<br>Tucson, AZ 85701<br>(attorney for Andrew Padilla) | Steve Weiss<br>Attorney at Law<br>Karp & Weiss, PC<br>3060 North Swan Rd.<br>Tucson, AZ 85712<br>(attorney for Joye Vaught) |

Re:   U.S. v. Michael Lacey, et.al.
      CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R. Crim. P. 16 and the stipulated scheduling order in this case, please find enclosed two hard drives containing the government's initial disclosure.[1] The drive labeled *Hard Drive #1* contains the following Bates Stamped records:

---

[1] Hard Drives containing disclosure for defendants Michael Lacey and James Larkin are being provided to Paul J. Cambria Jr. and Thomas H. Bienart Jr., respectively.

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 2

- USAO 108 Subpoena – DOJ-BP-0000000001-DOJ-BP-0001037594
- Permanent Subcommittee Investigation (PSI) – DOJ-BP-0001037595-DOJ-BP-0002102561
- USAO 359 Subpoena – DOJ-BP-0002102562-DOJ-BP-0002137199
- California Department of Justice – DOJ-BP-0002137200-DOJ-BP-0003851025
- Carl Ferrer Gmail – DOJ-BP-0003851026-DOJ-BP-0004425148
- Additional Co-Star[2] – DOJ-BP-0004425149-DOJ-BP-0004425622
- SW Applications/Affidavits and Sealed GJ Pleadings/Orders – DOJ-BP-0004425623-DOJ-BP-0004426152
- USAO 108 Subpoena (supplemental) – DOJ-BP-0004426153-DOJ-BP-0004426710

The drive labeled *Hard Drive #2* contains Co-Star Bates Stamped records 17-0040_000000001-17-0040_005901038 and 17-0040_MOBILE_000000001-17-0040_MOBILE_000047872.

Any discovery provided which is not mandated by court order, the Federal Rules of Criminal Procedure, federal statute, or federal case law is provided voluntarily solely to expedite litigation of this case. Additional Rule 16 discovery within the government's possession will be provided to you by the court-imposed compliance deadline of December 3, 2018. The remainder of this letter sets forth government requests, and concludes with general discovery expectations.

   A.   Defense requests

Pursuant to Rule 16.1 of the Arizona Local Rules of Criminal Procedure and Rules 12(b)(4) and 16(a)(1)(A) & (B) of the Federal Rules of Criminal Procedure, the government gives notice of its intent to use at trial the following information: (1) the substance of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if such statements will be used at trial; (2) any relevant written or recorded statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; (3) any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (4) any recorded testimony by the defendant before a grand jury relating to the charged offense. In the event that additional evidence of this nature becomes available, it will be provided to you as part of the discovery process.

In the event that any interview notes subsequently prove to be discoverable, and pursuant to *U.S. v. Harris*, 543 F.2d 1247 (9th Cir. 1976), federal government agents have preserved and will continue to preserve any notes of interviews with the defendants in this case.

The United States does not share the view, nor is it aware of authority to support the position, that the Sentencing Guidelines create additional defense discovery privileges. Please be advised that the United States will continue to comply with its discovery obligations pursuant to

---

[2] Co-Star records produced to the government without assigned bates numbers.

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 3

applicable constitutional requirements, federal discovery rules, and applicable case law, including but not limited to *Brady v. Maryland*, 373 U.S. 83 (1963).

Pursuant to Rule 16(a)(1)(F) & (G), the government intends to use expert testimony at trial. The government will supplement this response by the deadline specified in the scheduling order (i.e., December 14, 2018) after the experts have been retained and their reports have been prepared and their intended testimony is known.

Pursuant to Rule 404(b) of the Federal Rules of Evidence, the discovery now being provided to you (as well as the discovery materials that will be produced in the future) may relate to other acts by the defendant which may be relevant to the actions of the defendant that resulted in the criminal charges in this case. This letter serves as notice of the government's intent to use this evidence at trial.

You have also requested notice of all evidence which may be used at trial by the government. Pursuant to Rule 12(b)(4)(B) and Rule 16(a)(1)(E), the government may use all evidence disclosed at trial. The government reserves the right to supplement the evidence disclosed prior to trial.

B.  Government requests

Please also consider this letter the government's request for reciprocal discovery pursuant to Rule 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure by the court-imposed March 4, 2019 deadline. I am requesting permission to inspect and copy or photograph any books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are in your possession, custody or control, and which you intend to introduce as evidence in your case-in-chief at trial. We also request permission to inspect and copy or photograph any results or reports of physical or mental examinations, scientific tests or experiments made in connection with the case, or copies thereof, within your possession, custody, or control, which you intend to introduce as evidence in your case-in-chief at trial, or which were prepared by a witness whom you intend to call at trial.

Pursuant to Rule 16(b)(1)(C), I am requesting a written summary of any expert testimony the defendant intends to use as evidence at trial by the court-imposed March 14, 2019.

I also wish to respectfully call your attention to Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure with respect to the defenses of alibi, mental capacity and public authority. Failure to comply with the time limits of those rules may result in a refusal by the court to permit testimony in support of those defenses.

Pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure, the government specifically requests that the defendant serve upon the undersigned a written notice of intention to offer an alibi defense within ten days of the receipt of this letter. Please include in your response each specific place your client claims to have been as well as the names, addresses, and telephone numbers of any witnesses upon whom you intend to rely to establish the alibi. The government hereby states that the offenses were committed on the dates set forth in the charging document and

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 4

that the offenses were committed at the locations indicated in the charging document and/or discovery materials.

      C.      General expectations

To avoid delay during the trial, it is my intention that information, statements, and reports discoverable under the Jencks Act and Fed. R. Crim. P. 26.2 which are not provided sooner will be produced by the court-imposed February 25, 2019 deadline. In order to avoid delay in the defense obligations under Rule 26.2, please provide me with any typed, handwritten or recorded statements made by any defense witnesses other than the defendant by the court-imposed May 27, 2019 deadline..

We have no desire to prosecute the wrong person, and would appreciate the opportunity to evaluate the necessity of proceeding in light of any information you have indicating that your client did not commit the offense or offenses charged. Please communicate this request to your client so that, through you, we can receive and consider any such information.

Finally, the government will comply with, and expects reciprocal compliance with, Fed. R. Crim. P. 16(c), which states as follows:

> "A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production."

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 5

Thank you for your cooperation. Please call with any questions or concerns.

                        Sincerely,

                        ELIZABETH A. STRANGE
                        First Assistant United States Attorney
                        *s/Kevin M. Rapp*
                        KEVIN M. RAPP
                        MARGARET PERLMETER
                        PETER S. KOZINETS
                        ANDREW STONE
                        Assistant U.S. Attorneys

                        JOHN J. KUCERA
                        Special Assistant U.S. Attorney

                        REGINALD E. JONES
                        Senior Trial Attorney, USDOJ

KMR/sh
Enclosures