PICCARRETA DAVIS KEENAN FIDEL PC
2 East Congress Street, Suite 1000
Tucson, Arizona 85701-1782
(520) 622-6900
Michael L. Piccarreta
State Bar No. 003962
Email: mlp@pd-law.com
Attorney for Defendant Andrew Padilla
            -and-
KARP & WEISS, P.C.
3060 N Swan Road
Tucson, AZ 85712
(520) 325-4200
Stephen M. Weiss
State Bar No. 002261
Email: sweiss@karpweiss.com
Attorney for Defendant Joye Vaught

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-06-PHX-SMB |
| Plaintiff, | |
| v. | |
| 6. Andrew Padilla,<br>   (Counts 1-51)<br>7. Joye Vaught,<br>   (Counts 1-51) | DEFENDANTS PADILLA'S AND VAUGHT'S STATUS REPORT |
| Defendants. | |

Defendants Andrew Padilla and Joye Vaught, by and through their attorneys undersigned, hereby submit their status report for the status conference scheduled for April 23, 2019.

RESPECTFULLY SUBMITTED this 17th day of April, 2019.

PICCARRETA DAVIS KEENAN FIDEL PC

By: /s/ Michael L. Piccarreta
Michael L. Piccarreta
Attorney for Defendant Andrew Padilla

KARP & WEISS, P.C.

By: /s/ Stephen M. Weiss
Stephen M. Weiss
Attorney for Defendant Joye Vaught

**Status Report**

Defendants Andrew Padilla and Joye Vaught hereby provide this status report in connection with the status conference scheduled for April 23, 2019.[1] The current status of the case is that, due to the direct consequences of the government's intentional actions, defendants Padilla and Vaught are indigent and are financially unable to defend this case.

The factual background concerning the government's unprecedented action in seizing attorney trust funds some seven months post-indictment is set forth in detail in the motion to dismiss (Doc. 456) and reply (Doc. 507), incorporated herein by reference. To briefly recap, at the beginning of the case, the government indicated to counsel for two

---

[1] The co-defendants in the case will be submitting a joint status report with information pertaining to ongoing issues in the case. Defendants Padilla and Vaught will file joinders to that joint status report. The present status report will focus on Padilla's and Vaught's Motion to Dismiss due to Government Interference with Right to Counsel and Request for Disclosure or, in the Alternative, Motion to Withdraw (Docs. 456, 507). The issues relating to counsel for Padilla and Vaught need to be decided as soon as possible. The matter is fully briefed and awaits oral argument.

defendants that it would not be seeking attorney trust funds.[2] That information was relayed to other co-counsel in the case. Subsequently, the defendants agreed to a proposed case management schedule and scheduling order without knowledge or having any reason to believe that the government would later deprive them of funds required to defend the case and meet the obligations set forth in the schedule.[3] The defendants then began defending the case with funds specifically earmarked for their representation and funds to which the defendants were entitled by virtue of their years of employment with Backpage.com and related entities. The funds were advanced to the attorney trust accounts through normal banking channels in the normal course of business.

Seven months after the initial indictment, after vigorous litigation in the case, and a few weeks after the government received some adverse rulings as a result of that litigation, the government decided to seize the attorney trust funds earmarked for the defense of the case. The government further advised counsel for Padilla and Vaught that the funds in their trust accounts cannot be used to pay any fees earned or costs incurred after November 2018. As a result, there have been no payments to counsel for Padilla and Vaught for work performed or costs incurred for five months. This has caused havoc to defense counsel and their clients and essentially placed the case in limbo while this collateral issue is being resolved. While being without funds, the defendants have had to engage in extensive

---

[2] This is consistent with the general practice in this district for cases like this.
[3] Subsequently, counsel for Padilla and the government exchanged letters which are already part of the record. There was no further communication on this issue until months later, after the government obtained *ex parte* seizure warrants.

litigation regarding the government's seizures and the illegality of the government's conduct. The government has employed a strategy of seeking to delay judicial review on the merits, which could provide needed relief to the defendants. This strategy has prejudiced the defendants by depriving them of the necessary funds to defend the case. Absent a ruling making available some of the illegally-seized funds, counsel is unable to defend the case. Despite defense efforts, there has yet to be a ruling from *any* court on the merits of legality of the government's *ex parte* seizures. It must be emphasized that the government is proceeding on a novel theory of vicarious liability for the publishers of third-party ads and novel theories of forfeiture based thereon while refusing to acknowledge the large body of First Amendment law that defendants believe is dispositive of these issues.

The seizure of attorney trust accounts in the middle of hotly-contested criminal litigation (in a case with serious First Amendment implications) is unprecedented in this district (and perhaps elsewhere), at least to undersigned counsels' memory. The government's conduct has completely disrupted this case and rendered Padilla and Vaught indigent.[4] The current status of the case is that the government's actions have left defendants without money to defend the case, no funds to pay for work performed since December,[5] no money to fund the review of the government's massive disclosure, no money to retain experts, or perform any of the other tasks necessary to prepare for trial, while simultaneously

---

[4] Padilla and Vaught have provided the requisite financial information to the Court *ex parte* and under seal.

[5] Undersigned counsel for Mr. Padilla has undertaken additional matters to offset the seizure of the trust funds and to meet the financial obligations of the law firm.

creating collateral issues in other districts that take the time and attention of defense counsel, without payment, away from issues surrounding this indictment.[6] Apart from the lack of funds, defense counsel have lost five months of time that could have been used directly on the substantive issues of the indictment.

This predicament for Padilla, Vaught, and their counsel must be resolved now. Accordingly, defendants Padilla and Vaught will be requesting this Court to do one of three things: 1) dismiss the indictment due to the government's improper interference with the defendant's Fifth and Sixth Amendment rights to counsel of choice; 2) order the release of funds earmarked for the defense of this case that the government seized; or 3) permit counsel for Padilla and Vaught to withdraw and appoint qualified counsel from the federal public defender's office or the Criminal Justice Act panel.[7]

---

[6] As noted in detail in the motion to dismiss and reply, the government's conduct must also be viewed in light of all of its other actions adversely impacting defendants' right to counsel of choice and ability to defend the case. (Doc. 456 pp. 10-11, Doc. 507 pp. 6-7).

[7] Given the massive volume of discovery in the case (over 10 million pages produced to date, with at least 500 TB of server data to review as well), appointed counsel may seek leave of the court for a Coordinating Discovery Attorney through the National Litigation Support Team.

RESPECTFULLY SUBMITTED this 17th day of April, 2019.

                        PICCARRETA DAVIS KEENAN FIDEL PC

                        By:   /s/    Michael L. Piccarreta
                                 Michael L. Piccarreta
                                 Attorney for Defendant Andrew Padilla

                        KARP & WEISS, P.C.

                        By:   /s/    Stephen M. Weiss
                                 Stephen M. Weiss
                                 Attorney for Defendant Joye Vaught

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2019, I electronically transmitted the foregoing to the Clerk of the Court via the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Reginald Jones: Reginald.Jones@usdoj.gov
Peter S. Kozinets: Peter.Kozinets@usdoj.gov
John Kucera: John.Kucera@usdoj.gov
Margaret Perlmeter: Margaret.Perlmeter@usdoj.gov
Kevin Rapp: Kevin.Rapp@usdoj.gov
Andrew Stone: Andrew.Stone@usdoj.gov
Thomas Bienert: tbienert@bmkattorneys.com
Paul Cambria: pcambira@lglaw.com
Robert Corn-Revere: bobcornrevere@dwt.com
Bruce Feder: bfeder@federlaw.com
James Grant: jimgrant@dwt.com
Michael D. Kimerer, mdk@kimerer.com
Gary Lincenberg: glincenberg@birdmarella.comf