**feder law office, p.a.**
2930 e. camelback road, suite 160
phoenix, arizona 85016
(602) 257-0135
bf@federlawpa.com
fl@federlawpa.com
Bruce Feder - State Bar No. 004832
Attorney for Defendant, Scott Spear

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR18-00422 PHX SMB-003 |
| Plaintiff, | **MOTION FOR IMMEDIATE DISCOVERY REGARDING THE GOVERNMENT'S ABUSE OF GRAND JURY AND TRIAL SUBPOENAS TO OBTAIN DEFENSE LAWYER BANK ACCOUNTS, AND FOR POTENTIAL SANCTIONS** |
| vs. | |
| Michael Lacey, et al., | |
| Defendant. | |
| | *(Request for Expedited Oral Argument and Evidentiary Hearing)* |

The Defendant, Scott Spear, by and through his attorneys undersigned, and pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, moves this Court for its order compelling the government to disclose:

1. The reason the government used Grand Jury subpoenas or trial subpoenas to obtain all bank records for undersigned counsel's client trust account, including the names of and financial transactions with clients unrelated to this case, and bank records for the operating and client trust accounts for other attorneys representing Defendants, whether in this case or in other litigation related to Backpage.com;

. . .

1

1      2.    How the government used or intended to use these records, and whether
2 the government anticipates using such records at trial or in regard to any pretrial
3 motions;

4      3.    The name of any judicial officer and/or Department of Justice official,
5 if any, who authorized such subpoenas, and any written or electronic discussion of
6 the same; and

7      4.    The reason the government disclosed the records obtained with these
8 subpoenas to all defense counsel in the present matter, exposing the names of clients
9 and financial transactions with those clients to all defense counsel in this case.

10     This Court is further requested to impose sanctions, including, but not limited
11 to, return of such records, preclusion of the use of such records, and such other
12 sanctions as may be appropriate after review of the above requested information.

13     This motion is based on the attached Memorandum of Points and Authorities,
14 the file in this matter, and such other arguments and evidence as may be presented.

15     It is expected that excludable delay pursuant to 18 U.S.C. §3161(h) may
16 occur as a result of this motion, or from in order based thereon.

17              RESPECTFULLY SUBMITTED this 17th day of April, 2019.

18                              **FEDER LAW OFFICE, P.A.**
19
20                              /s/ Bruce Feder
21                              Attorney for Defendant, Scott Spear

22              **MEMORANDUM OF POINTS AND AUTHORITIES**

23     The initial Indictment was filed on March 28, 2018. The present Superseding
24 Indictment was returned on July 25, 2018, as required by the initial Scheduling Order
25 issued May 1, 2018.

26  . . .

1    Since the Indictment, the government has made various discovery disclosures. Defendants have discussed the problems they have had searching the government's voluminous disclosures in previous filings and arguments before this Court, and that topic will be further discussed in the Status Report being filed today. Notwithstanding those problems, undersigned counsel learned from the government's disclosure of March 14, 2019, that the government subpoenaed bank records for his client trust account in August, 2018, apparently with a Grand Jury subpoena from an unknown District for all records from 2017 to present, and again in November, 2018, with a trial subpoena from this District for all records from 2015 to present **(Exhibits 1A-1B)**. The subpoenas were not limited to client trust records related to this action, but requested records for all transactions for all clients in excess of a specified threshold.

The government's March 14, 2019, disclosure also contained Grand Jury subpoenas for the operating account of another lawyer representing a Defendant in the present case and for the trust accounts of numerous other lawyers representing the Defendants in other litigation related to Backpage.com. **(Exhibits 2A-2C)**. Additionally, the disclosure included subpoenas for bank records of the Defendants themselves. Given the civil seizure warrants and civil forfeiture complaints issued out of the District Court for the Central District of California starting in March, 2018, the financial records of the Defendants obviously already have (or had) been subpoenaed in 2017 – 2018 by the government.

Prior to learning of the government's actions in March, 2019, the government had not contacted the undersigned about any information relating to his client trust account that the government might be entitled to obtain. On information and belief, the government did not contact any of the other attorneys whose bank records were subpoenaed and disclosed either.

Upon learning of the government's actions, and realizing the legal and ethical concerns raised by these almost unprecedented actions, the undersigned attorney asked the government to disclose the information the Court now is asked to compel (email dated 4/1/2019). The government's only response (email dated 4/4/2019) was to tell the defense lawyers receiving the disclosure that the documents should be "disregarded and deleted from your files."

Undersigned counsel needs information regarding the government's intentions in subpoenaing this information, and then disclosing it to all defense counsel, to determine whether further action is required. The government's actions raise questions concerning whether it has tried to create conflicts for defense counsel, whether its actions are a continuation of its efforts to undermine Defendants' right to chosen counsel, and the like—issues which the Court should resolve promptly.

Further, the government's possession of these documents has allowed it access to confidential information, attorney work product and attorney-client privileged information—and that information is for all clients for whom there have been transactions involving the client trust account, not just defendants to this action. Specifically, the government's actions allow it to assess the Defendants' ability to fund a defense, as well allowing it to review all expenditures from undersigned counsel's trust account, giving it the improper opportunity to analyze contact with consulting experts, investigators and other service providers. Regrettably, this is consistent with a pattern of government actions seeking to invade and/or interfere with attorney-client and work product privilege.

**I.    LAW.**

Grand jury subpoenas may not be used to gather evidence if the primary purpose is discovery for use at trial of a pending matter. *See*, United States v. (Under Seal), 714 F.2d 347, 349 (4th Cir. 1983), cert. dismissed, 464 U.S. 978 (1983); United

States v. Star, 470 F.2d 1214, 1217 (9th Cir. 1972).  Since it is unclear what the government's purpose is in obtaining counsels' bank records, the Court can only determine the government's intention on a case by case basis.  In re: Grand Jury Subpoenas, 906 F.2d 1485, 1494 (10th Cir. 1990); United States v. Perry, 857 F.2d 1346,1348 (9th Cir. 1988).

Without knowing the government's purported reasons and intentions for issuing these subpoenas, it is difficult to assess the propriety of the government's actions, but the issuance of Grand Jury subpoenas in California, when a criminal proceeding exists in Arizona, seems highly questionable.  The same is true for the government requesting and obtaining all bank records for the client trust accounts or operating accounts for Defendants' counsel.  Regardless of what explanation the government may provide for the foregoing, the undersigned sees absolutely no justification for the government's disclosure of these sensitive documents to other defense counsel or for the government subpoenaing all checks written from defense counsel's client trust accounts.   Invasion of the attorney-client privilege requires an evidentiary hearing.  *See*, U.S. v. Danielson, 325 F.3d 1054 (9th Cir. 2003).  The government's actions put squarely at issue whether it has invaded the undersigned attorney's representation strategy and actions (not only in this case, but in all cases for which the government obtained confidential information).

The government's obtaining of these sensitive records and subsequent disclosure of the documents to all defense counsel also prejudicially implicates Rule 1.6 of the Arizona Rules of Professional Conduct, and may require defense counsel to notify all of their clients whose records were involved of the disclosure. *See* State Bar of Arizona and American Bar Association Ethics opinions.   **(Exhibit 3A-3B)**.

Given the government's actions implicating the Defendants' right to chosen counsel, including the seizure of attorneys' fees, the Court should compel the

1  disclosure of the government's rationale for its seemingly coordinated actions and
2  schedule oral argument and an evidentiary hearing as soon as possible.
3        DATED this 17th day of April, 2019.
4           **FEDER LAW OFFICE, P.A.**
5
6           /s/ Bruce Feder
7           Attorney for Defendant, Scott Spear
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  . . .
26  . . .

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2019, I electronically transmitted the foregoing to the Clerk of the Court via the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Kevin Rapp:** Kevin.Rapp@usdoj.gov
**Andrew Stone:** Andrew.Stone@usdoj.gov
**Margaret Perlmeter:** Margaret.Perlmeter@usdoj.gov
**John Kucera:** John.Kucera@usdoj.gov
**Reginald Jones:** Reginald.Jones@usdoj.gov
**Peter S. Kozinets:** Peter.Kozinets@usdoj.gov
*Attorneys for the United States*

**Anne Chapman:** anne@mscclaw.com
**Lee Stein:** lee@mscclaw.com
**Paul Cambria:** pcambira@lglaw.com
**James Grant:** jimgrant@dwt.com
**Erin McCampbell:** emccampbell@lglaw.com
**Robert Corn-Revere:** bobcornrevere@dwt.com
**Ronald London:** ronnielondon@dwt.com
**Janey Henze Cook:** janey@henzecookemurphy.com
**John Littrell:** jlittrell@bmkattorneys.com
**Kenneth Miller:** kmiller@bmkattorneys.com
**Whitney Bernstein:** wbernstein@bmkattorneys.com
**Michael Piccarreta:** mlp@pd-law.com
**Stephen M. Weiss:** sweiss@karpweiss.com
**Michael Kimerer:** mdk@kimerer.com
**Rhonda Neff:** rneff@kimerer.com
**Tom Bienert:** tbienert@bmkattorneys.com
**Gary Lincenberg:** gsl@birdmarella.com
**Ariel Neuman:** aneuman@birdmarella.com
**KC Maxwell:** kcm@kcmaxlaw.com
**David Wakukawa:** dsw@kcmaxlaw.com
**Seetha Ramachandran:** Seetha.Ramachandran@srz.com
*Attorneys for the Defense*

*By: /s/ A. Jones*