# EXHIBIT 3A



# State Bar of Arizona Ethics Opinions

### 00-11: Confidentiality; Subpoenas                                        11/2000

The Opinion discusses the ethical duty of "confidentiality" when a lawyer is requested, by a subpoena, to disclose information related to his representation of a client, when the client does not authorize the disclosure. [ERs 1.6(a), 8.4]

### FACTS[1]

A lawyer regularly represents claimants and their dependents in social security benefits cases. Federal law precludes attachment or assignment of social security benefits (42 U.S.C. § 407), except where the benefit or assignment of benefits involves child support (or alimony). 20 C.F.R. § 404.1820(b). The inquiring attorney anticipates that, based on past history, he may receive a subpoena or court order, in a child support proceeding, to provide information about social security benefits payable to dependent children arising from the lawyer's representation of the client in a previous social security benefits case. The inquiring attorney expects that his client will either not authorize the lawyer to disclose, or may explicitly prohibit the lawyer from disclosing, privileged or confidential information to third parties or to a court, in the separate child support proceeding.

### QUESTIONS PRESENTED

1.  Whether a lawyer ethically may disclose, pursuant to a subpoena issued in a separate child support proceeding, information about a social security case from which benefits would be payable to dependent children, where the client does not expressly authorize (or specifically prohibits) the disclosure of otherwise privileged information to third parties or to the court.

2.  Whether a lawyer ethically may invoke ER 1.6(a), without regard to the so-called "attorney-client" evidentiary privilege rule, and decline to disclose, pursuant to a subpoena issued in a separate child support proceeding, information about a social security case upon which benefits would be payable to dependent children, where the client does not expressly authorize or specifically prohibits the disclosure of confidential information to third parties or to the court.

### RELEVANT ETHICAL RULES

ER 1.6.     **Confidentiality of Information**

(a)     A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d) or ER 3.3(a)(2).

* * * *

ER 8.4.     **Misconduct**

It is professional misconduct for a lawyer to:

(a)     violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

* * * *

(c)     engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d)     engage in conduct that is prejudicial to the administration of justice;

* * * *

**OPINION**

In Ariz. Op. 97-05, the Committee distinguished the requirements of confidentiality under ER 1.6 from the requirements of the attorney-client privilege under the substantive law of evidence. The Committee noted there that:

> Although the concepts of confidentiality and the attorney-client privilege have similar objectives, they are entirely separate. Under Arizona law, the attorney-client privilege is codified both in the civil and criminal contexts. A.R.S. § 13-4062(2) (criminal) and A.R.S. § 12-2234 (civil). Confidentiality of communications between an attorney and client is guaranteed by ER 1.6. While it is not uncommon for the two concepts to be discussed as if they are interchangeable, they are entirely separate legal concepts. *See, e.g., Wolfram, Modern Legal Ethics*, § 6.3.7 (1986 Edition); Laws. Man. on Prof. Conduct (ABA/BNA) 55:301-304. *See also In re Criminal Investigation*

*No. 1/224Q*, 602 A.2d 1220 (Md. 1992).

The Comment to ER 1.6 of the Rules of Professional Conduct, clarifies the distinction between the ethical rule of confidentiality and the substantive law of "attorney-client" privilege:

> The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations *other* than those where evidence is sought from the lawyer through compulsion of law. (emphasis added).

\* \* \* \*

> If a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, ER 1.6(a) requires the lawyer to invoke the privilege when it is applicable. *The lawyer must comply with the final orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client.* (emphasis added).

Under ER 1.6, a lawyer is required to maintain the confidentiality of all information relating to representation, regardless of the fact that the information can be discovered elsewhere. Laws. Man. on Prof. Conduct (ABA/BNA) 55:304. Indeed, the lawyer is required to maintain the confidentiality of information relating to representation even if the information is a matter of public record. *Ex Parte Taylor Coal Co.*, 401 So. 2d 1 (Ala. 1981), *cited in* Ariz. Op. 97-05 (July 10, 1997).

The Laws. Man. on Prof. Conduct (ABA/BNA) 55:1202 provides an example where one of the parties in a divorce proceeding involving a child custody battle leaves the jurisdiction with the children. The party's lawyer knows where his client is, and the other party seeks a court order requiring the lawyer to disclose this information. Under the old Code of Professional Responsibility, the lawyer must comply with such a court order. Maru Digest of Bar Association Ethics Opinions, 1817 (Vermont Bar Association Op. 77-16).

The questions the lawyer is called upon to answer involve facts learned in the attorney-client relationship. Therefore, he should not answer the questions without attempting to invoke the privilege. Answers to the questions might also be detrimental to the client; thus the ethical rule on confidentiality also is at stake. However, if the court addresses these issues and nevertheless orders the lawyer to testify, he should do so. Maru 12763 (State Bar of Texas Informal Op. 101-1979).

In Ariz. Op. 98-05 (March 1998), the Committee noted that the ethical duty of client-lawyer confidentiality applied to situations other than those when evidence is sought from the lawyer through compulsion of law. The confidentiality rule applies, said the Committee, not merely to matters communicated in confidence by the client, but also to all information relating to the representation, whatever its source.

Perhaps the most helpful prior opinion of the Committee to this inquiry is Ariz. Op. 91-02 (January 15, 1991), where the Committee was asked whether an attorney had an ethical obligation to disclose overpayments to a workmen's compensation insurer when the client insisted that the inquiring attorney not disclose the existence of the overpayments to the compensation insurer. Does the inquiring attorney have an ethical duty to withdraw from further representation of the client in the matter?

In Ariz. Op. 91-02, the Committee concluded that a lawyer may not reveal to the compensation insurer the fact that his client's monthly compensation checks are in excessive amounts. However, the inquiring attorney must withdraw from further representation of the client, because he cannot ethically assist the client in criminal or fraudulent conduct. The inquiring attorney must refund to the compensation insurer any fees he has received in excess of the amount which he was properly entitled to receive. He should refund these amounts through some third person, so that his client's confidences will be preserved.

In the instant inquiry, the Committee now narrows its focus to ER 1.6(a). The Comment to ER 1.6 would appear to state that a lawyer may invoke the attorney-client privilege (included in the confidentiality rule) when called as a witness to give testimony concerning a client. But, because the purview of ER 1.6 is broader than the attorney-client privilege, the question becomes may a lawyer ethically invoke ER 1.6(a) and refuse to testify regarding any information relating to representation of the client other than communications directly from the client to the attorney? For example, assume that a lawyer is called to testify as a witness about any matters relating to the representation of the client and is not required to testify regarding any communications from the client. May an attorney in that case refuse to testify based on ER 1.6(a) about matters even though the attorney-client privilege may not technically apply? The Comment to ER 1.6 is not very helpful because it provides that: "[t]he attorney-client privilege is differently defined in various jurisdictions. If a lawyer is called as a witness to give testimony concerning a client, absent waiver by the client, *ER 1.6(a) requires the lawyer to invoke the privilege when it is applicable.*" (emphasis added).

If ER 1.6(a) is broader than the attorney-client privilege, and an attorney is called as a witness to give testimony concerning any aspect of the representation of the client, the attorney-client privilege would not, in fact, as a matter of substantive law be available to the attorney because it applies only to client communications.

The invocation of the attorney-client privilege would appear to be ineffective because the material sought by the tribunal does not relate to a communication by the client to the attorney, but rather to some other information related to the representation of the client. The Comment is confusing because

it commingles ER 1.6(a) with the evidentiary privilege, stating that it requires that the attorney invoke the attorney-client privilege and yet earlier in the Comment to ER 1.6 a distinction is drawn between the attorney-client privilege and the rule of confidentiality.

The question thus narrows: does ER 1.6 apply to an attorney who has been called as a witness who has knowledge related to his representation of his client that is not a communication from his client under the attorney-client privilege, and may the attorney ethically reveal information relative to the representation of the client as a witness before a court?

Public policy would appear to favor preservation of confidential information even though it may not necessarily be privileged. Public policy also would appear to be overwhelmingly in favor of disclosure upon a final order of the court in the separate child support proceeding, whether the disclosure is grounded in the attorney-client privilege or pursuant to ER 1.6.

This Committee believes that it is ethically required for an attorney to invoke ER 1.6 and refuse to disclose any knowledge related to the attorney's representation of his client even though the knowledge is not gained from communications directly from the client. Therefore, the Committee believes that an attorney must invoke the attorney-client privilege where a communication from the client to the attorney is extant. Moreover, an attorney must invoke ER 1.6(a), without reference to the attorney-client privilege, as an additional ground for refusing to disclose information related to his representation of his client, even though such knowledge does not derive from client communications. However, it would appear whether the attorney invokes the attorney-client privilege, or ER 1.6(a), that the attorney is obliged to disclose either attorney-client privileged information or confidential information, as described in ER 1.6(a), upon final order of a court or other tribunal of competent jurisdiction.

What constitutes a "final order" of a court or other tribunal of competent jurisdiction is problematic. Criminal attorneys might well argue that before revealing any such confidential information, and even though the lawyer may be held in contempt and directed to jail unless he or she purges himself or herself by divulging the confidential information, the lawyer must await a final order by the highest court of appellate review and the mandate is spread relative thereto, if the original order of the lower court is appealed. Secondary authorities tend to support the notion that for purposes of the Comment to ER 1.6, "final order" simply refers to an order rendered by a court or a tribunal of competent jurisdiction, without more. Laws. Man. on Prof. Conduct (ABA/BNA) 55:1308. Note: a subpoena is not a "final order."

**CONCLUSION**

A lawyer shall ethically disclose information pursuant to a final order in a separate child support proceeding about a social security case from which benefits shall be payable in the future to dependent children, even where the client did not expressly authorize (or indeed specifically prohibited) the disclosure of attorney-client privileged communications to third parties or to a court.

Significantly, a lawyer shall also invoke ER 1.6(a) and refuse to disclose information relating to the representation of the client (regardless of whether the attorney-client privilege is applicable and the communication came from the client); provided, however, that even in the case of the invocation of ER 1.6(a), the attorney is still ethically obliged to comply with a final order rendered by a court or tribunal of competent jurisdiction when ordered to disclose confidential information.

---

[1] **Formal Opinions of the Committee on the Rules of Professional Conduct are advisory in nature only and are not binding in any disciplinary or other legal proceedings.** © **State Bar of Arizona 2000**

Copyright ©2004-2019 State Bar of Arizona