Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com

*Attorneys for Defendant Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' JOINT MOTION FOR AN ADJOURNMENT OF THE 5/27/19 DISCOVERY DEADLINE** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned attorneys, respectfully request an adjournment of their May 27, 2019 deadline for disclosure of Rule 26.2 material, which will occur prior to the June 1, 2019 status report that this Court ordered the parties to submit on outstanding discovery and how that outstanding discovery impacts the Defendants' remaining pretrial deadlines.  It is Defendants' understanding that the Court intends to address *all* remaining deadlines upon receipt of the parties' June 1, 2019 status reports (including Defendants' May 27, 2019 deadline) and this one deadline will occur prior to this Court's consideration of the June 1, 2019 status reports, which is the reason Defendants respectfully seek the adjournment of that deadline at this time.

On April 23, 2019, the parties appeared before this Court for a status conference. Defendants raised several issues concerning discovery.  One of these issues relates to the Backpage.com servers.  The government has forty-six seized servers in its possession and anticipates another approximately sixty servers at some point in time through the MLAT process.  Defendants explained that they have received imaged copies of five of Backpage's servers, but have not received any copies or information regarding the contents of the remaining approximately 101 servers the government has seized.  Defendants explained that these servers contain exculpatory information and data that is not only material, but also critical to the defense and that a review of this discovery was necessary to formulate and draft Defendants' upcoming case submissions, including witness lists, exhibit lists, substantive motions, and motions *in limine*.

The government indicated that it did not intend to provide imaged copies of all of the servers, but that, in any event, the government would not have access to the approximately sixty servers located in Amsterdam until whenever they arrive through the MLAT process.

In addition to the server issues, Defendants explained that it would be impossible to comply with the current case deadlines because the government had not yet provided Jencks Act material with respect to some of its witnesses, most notably, its key cooperating witness, former Backpage C.E.O. Carl Ferrer.  (Indeed, prior to the status conference, the government sought and obtained an *ex parte* extension of its deadline for disclosing Ferrer's Jencks Act material and such material will

not be disclosed until June 25, 2019, which is just two weeks prior to Defendants' deadline to file substantive motions). The scheduling order setting Defendants' deadlines for discovery, witness lists, exhibit lists, substantive motions, and motions in limine contemplated that the government's discovery would be produced by December 3, 2018 and that its Jencks Act and witness impeachment material would be produced no later than February 25, 2019. (*See* Doc. 131.)

Further, Defendants explained that they had been unable to locate and review hundreds of the exhibits the government intends to use at trial within the nearly eleven million pages of discovery provided thus far because those exhibits were not identified by Bates numbers and it is impossible to search for those exhibits without Bates numbers. The government indicated that it would provide Defendants with the Bates numbers for each exhibit, but has not yet done so.

Finally, as Defendants have raised with the Court on numerous occasions, they are without the funds necessary to wage a proper and complete defense to the instant charges. Among other problems, Defendants do not have the funds to retain a vendor to host the discovery disclosed thus far on the Relativity platform, meaning Defendants cannot realistically or efficiently review the discovery in a searchable, usable format. Nor do they have the funds necessary to conduct a review of the discovery for exculpatory material.

The parties and the Court discussed a number of deadlines in July that could be impacted by the outstanding discovery and funding issues.

In light of the fact that the government had not yet undertaken possession of the sixty Backpage servers located in Amsterdam, this Court indicated that it would be premature to adjust Defendants' discovery deadlines and ordered the parties to provide the Court with a status report on the state of discovery by June 1, 2019 to enable the Court to assess the need to adjust the Defendants' upcoming deadlines.

Counsel for the government and the defense continue to meet and confer on these discovery issues, and Defendants intend to provide the Court with a status report no later than June 1, 2019 as directed. However, Defendants have a discovery deadline that will occur ***prior to*** submission of the June 1, 2019 status report. Under the current scheduling order, Defendants must produce all

Rule 26.2 material as to their intended witnesses on or before May 27, 2019, though the current order does not contemplate disclosure of Defendants' witness list until over one month later. (*See* Scheduling Order, Doc. 131 at 2.) This deadline was mistakenly overlooked and therefore not discussed at the recent status hearing when Defendants advised the Court of their anticipated inability to meet many upcoming deadlines in the light of the grossly incomplete state of discovery. Defendants will be unable to meet this deadline until the remaining discovery issues are resolved. Accordingly, Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned attorneys, respectfully request an adjournment of their May 27, 2019 deadline until the parties submit their June 1, 2019 status reports and this Court rules on Defendants' other outstanding deadlines.

Counsel for the government opposes this request.

RESPECTFULLY SUBMITTED this 21st day of May, 2019,

      /s/    *Paul J. Cambria, Jr.*
      LIPSITZ GREEN SCIME CAMBRIA LLP
      Attorneys for Defendant Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Paul J. Cambria herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

        *s/  Thomas H. Bienert, Jr.*
        BIENERT | KATZMAN PC
        Attorneys for James Larkin

        *s/  Ariel A. Neuman*
        BIRD MARELLA BOXER WOLPERT NESSIM
        DROOKS LINCENBERG AND RHOW
        Attorneys for John Brunst

        *s/  Bruce Feder*
        FEDER LAW OFFICE PA
        Attorney for Scott Spear

        *s/  Joy Bertrand*
        JOY BERTRAND
        Attorney for Joye Vaught

        *s/  David Eisenberg*
        DAVID EISENBERG, PLC
        Attorney for Andrew Padilla

On May 21, 2019, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Patrick Reid, Patrick.Reid@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Amanda Wick, Amanda.Wick@usdoj.gov