DAVID EISENBERG
**DAVID EISENBERG, P.L.C.**
3550 N. Central Avenue, Ste. 1550
Phoenix, Arizona 85012
Arizona State Bar No. 017218
Telephone: (602.237.5076
Email: david@deisenbergplc.com

Attorney for Defendant Andrew Padilla

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Andrew Padilla,<br><br>        Defendant. | CR 18-00422-06-PHX-SMB<br><br>**DEFENDANT PADILLA'S MOTION TO CONTINUE TRIAL AND DATES FOR COMPLIANCE PER SCHEDULING ORDER (DOC. 131)** |

Defendant Andrew Padilla, by and through undersigned counsel, respectfully submits the Defendant Padilla's motion to continue the dates set for trial and compliance with Scheduling Order dues dates issued in this case on May 2, 2018 (Doc. 131). The Defendant respectfully requests that the Court enter an order vacating the current trial date of January 15, 2020 and set this matter for a status conference to address a new trial date as well as other dates by when discovery and trial-related matters will be due.

The grounds for this request are set forth in the Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT PADILLA'S
MOTION TO CONTINUE TRIAL AND DATES
<u>DATES FOR COMPLIANCE PER SCHEDULING ORDER (DOC. 131)</u>**

1. <u>Background</u>

The Court appointed undersigned counsel to represent Andrew Padilla pursuant to the Criminal Justice Act on May 3, 2019 (Dkt. 565).[1] The initial 61-page indictment in this case

---

[1] Counsel for Mr. Padilla and for co-defendant Joye Vaught (defendant No. 7) were
(continued...)

was returned on March 28, 2018, which named Mr. Padilla in 51 counts, charging one count of conspiracy to commit Travel Act – Facilitate Prostitution in violation of 18 U.S.C. §§ 371 and 1952(a)(3)(A), and 50 substantive Travel Act – Facilitate Prostitution counts. (Doc. 3.) On July 25, 2018, a superseding indictment numbering 92 pages was returned; the charges against Mr. Padilla remained the same. (Doc. 230.)

On April 13, 2018, the government submitted an unopposed motion to designate this case as complex, noting that "The 93-count indictment charges the defendants with conduct stretching over a more than decade-long period involving thousands upon thousands of ads posted on the website Backpage.com. The case also includes numerous financial transactions, some of which are cross-border and involve wire transfers, credit card processing, money orders, and cryptocurrency (bitcoin). The discovery will include voluminous items seized by the United States pursuant to numerous search warrants and other documents the United States obtained during its investigation. In addition, many witness have been interviewed and the interview reports are numerous. The case also may involve various expert designations. The motion further noted that the government would be producing "substantial documentary" consisting of "hundreds of thousands (if not millions) of documents from the United States and abroad," and that the discovery would be produced through Relativity, a computer program. (Doc. 64.)

On May 1, 2018, The Honorable Steven P. Logan granted the complex case motion, which provided for a trial date of January 15, 2020 and several dates by when discovery and other filings and court deadlines were due. (Doc. 131.)

Undersigned counsel has met with Michael Piccarreta, previously retained attorney for Mr. Padilla, and has obtained dozens of notebooks and accordion files as well as electronic media containing case-related materials.

---

[1/] (...continued) appointed following the Court's decision to grant the motions to withdraw of retained counsel for Defendants Padilla and Vaught. (Docs. 556, 558, respectively; Order at Dkt. 559.)

2. <u>Argument</u>

Counsel has been informed that the discovery in this case amounts to over 10 million pages produced by the government so far and that there are approximately 500 TB of server data to be reviewed. Of the server data total, the defendants possess approximately 60 TB, but this data cannot be viewed on the computer software that defense counsels currently possess. This software consists of a specialized program, known as Relativity, which undersigned counsel (and to his knowledge, all other defense counsel) do not have. On information and belief, the costs to store and access Relativity consist of a $100,000 processing fee and a $15,000 per month hosting fee for the defendants and a $125 licensing fee to be paid each month by each party.

The discovery review appears to be compounded by the defendants' need to be able to access and read the Backpage.com internet systems, servers and data bases in the state they existed at the time the government seized the servers. The servers, etc. are not in such a state at this time. This issue, and some of the other documentary review concerns facing the defendants and their attorneys from the start of this case, and which certainly are of great concern to newly-appointed counsel, are covered in the Defendants' Joint Status Report submitted on June 1, 2019, which this Defendant has joined. (Doc. 617.) For example, other issues include the production of *Jencks* materials and Bates-numbered trial exhibits (as well as the Defendants request for extending outstanding scheduling deadlines).

Undersigned counsel has contacted the National Litigation Support Team ("NLST"), a nationwide service that provides guidance in complex cases on electronic discovery, particularly in the areas of evidence organization, document management and trial presentation. This advice is available to federal courts, federal defender organizations such as the Federal Public Defender and community defender organizations, as well as CJA attorneys in court-appointed cases and can in certain circumstances be extended to defendants with retained attorneys. However, NLST does not provide discovery search services, which is a critical need in this case. Presently, counsel is awaiting further contact from the NLST, but in no circumstance will any guidance that NSLT could provide allow counsel to be ready for trial on January 15, 2020.

Indeed, trial within less than ten months from the date of appointment in a case like this would deny the Defendant the effective assistance of counsel to which he is entitled. Not only must Mr. Padilla's attorney review the discovery, but he must determine which parts of it are relevant to his client, discuss the materials with him, develop a strategy to effectively represent him, conduct interviews of witnesses, assemble cross examination and direct examinations of witnesses and be prepared to participate vigorously in his defense.

C.  Relief Requested

Given the foregoing issues, undersigned counsel requests that the Court enter an order vacating the present trial date and setting the matter for a status conference to determine a more viable date to start trial and to comply with other outstanding scheduling requests. [2]

Counsel for all defendants have been contacted and concur with the relief sought herein. Counsel for the government, Assistant United States Attorney Kevin Rapp, opposes the relief sought and states that the government intends to submit an opposition to this motion.

It is expected that excludable delay pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv) may occur as a result of this motion or from an order based thereon.

Respectfully submitted this 3rd day of June, 2019.

*s/ David Eisenberg*
DAVID EISENBERG
Attorney for Andrew Padilla

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

---

[2] Counsel will be away from the country on June 24, 2019, the date currently set for a status conference on other matters and requests that if the Court grants this request, it set this matter for any date starting the week of July 1st.

Reginald Jones: Reginald.Jones@usdoj.gov
Peter S. Kozinets: Peter.Kozinets@usdoj.gov
John Kucera: John.Kucera@usdoj.gov
Margaret Perlmeter: Margaret.Perlmeter@usdoj.gov
Kevin Rapp: Kevin.Rapp@usdoj.gov
Andrew Stone: Andrew.Stone@usdoj.gov
Thomas Bienert: tbienert@bmkattorneys.com
Paul Cambria: pcambira@lglaw.com
Robert Corn-Reeve: bobcornrevere@dwt.com
Bruce Feder: bfeder@federlaw.com
James Grant: jimgrant@dwt.com
Gary Lincenberg: glincenberg@birdmarella.com


   *s/ David Eisenberg*
     David Eisenberg

5