1  Gary S. Lincenberg *(admitted pro hac vice)*
      glincenberg@birdmarella.com
2  Ariel A. Neuman *(admitted pro hac vice)*
      aneuman@birdmarella.com
3  Gopi K. Panchapakesan *(admitted pro hac vice)*
      gpanchapakesan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Defendant John Brunst
8

9              **UNITED STATES DISTRICT COURT**

10            **FOR THE DISTRICT OF ARIZONA**

11

12  United States of America,           CASE NO. 2:18-cr-00422-SMB

13              Plaintiff,              **DEFENDANT JOHN BRUNST'S**
                                        **OPPOSITION TO MOTION FOR**
14        vs.                           **SANCTIONS, PROTECTIVE**
                                        **ORDER, AND NOTICE OF**
15  Michael Lacey, *et al.*,            **JENCKS ACT DISCLOSURES;**
                                        **DECLARATION OF ARIEL A.**
16              Defendants.             **NEUMAN**

17

18                                      Assigned to Hon. Susan M. Brnovich,
                                        Courtroom 506
19

20

21

22

23

24

25

26

27

28

3589187.1                                              Case No. 2:18-cr-00422-SMB

DEFENDANT JOHN BRUNST'S OPPOSITION TO MOTION FOR SANCTIONS, PROTECTIVE ORDER, AND
NOTICE OF JENCKS ACT DISCLOSURES

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2
3
4

Defendant John Brunst, by and through his undersigned counsel, hereby files this Opposition to the United States' Motion for Sanctions, Protective Order, and Notice of Jencks Act Disclosures (Dkt. 658 (filed under seal)).

5
6
7
8

Mr. Brunst joins in the Opposition to the Motion filed by defendants Larkin and Lacey (Dkt. 672, also filed under seal), and incorporates the arguments set forth therein by reference.  For the sake of judicial economy, he does not repeat them here.

9

## I.    INTRODUCTION

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The government makes no allegation in its Motion that Mr. Brunst or his counsel violated any court order.  Indeed, as the lead AUSA has separately acknowledged, there is no "evidence that Mr. Brunst disclosed the subject discovery in violation" of the Court's order, which is the basis for the government's request for sanctions.  Declaration of Ariel A. Neuman ("Neuman Decl.") at ¶ 3. Nonetheless, the government unjustifiably seeks to punish Mr. Brunst for the alleged transgressions of his co-defendants.  Regardless of whether there is a basis to impose sanctions against defendants Larkin and Lacey (there is not), the government's demand that the Court impose collective punishment on *all defendants* – including Mr. Brunst and his counsel – is entirely inappropriate.  The government barely acknowledges that its request is for collective punishment, including only a footnote (Dkt. 658 at 12, n.6) that alleges that defendants are in a Joint Defense Agreement and therefore "must be subject to" the demanded punishments.  As discussed below, the footnote does not support the government's contention, and in any event, whether a defendant chooses to participate in a joint defense arrangement does not allow the government to trample his constitutional rights and treat him as something other than an individual.

27
28

If the government has its way, Mr. Brunst and his counsel would suddenly be restricted in their ability to use discovery produced in this case, and worse, would

1   not be provided with Jencks Act material for any further witnesses until a month

2   before trial (Dkt. 658 at 13).  Without this critical discovery – most significantly

3   Carl Ferrer's witness statements, which the government was ordered to produce no

4   later than June 25, 2019 – Mr. Brunst and his counsel cannot meaningfully prepare

5   for trial.  Indeed, the government's motion – filed on the day the government had

6   been order to produce Ferrer's witness statements, and without acknowledging that

7   the government was unilaterally choosing to violate the Court's order in that regard

8   – appears to be part of a strategy to delay the production of this material.

9        The Motion barely acknowledges or attempts to justify its baseless

10  punishment of Mr. Brunst.  The government's guilt-by-association approach is yet

11  another example of its attempts to lump all defendants together as one large group

12  rather than dealing with each defendant as an individual, with his own counsel, and

13  with his own constitutional rights.  Such collective punishment would deprive Mr.

14  Brunst of due process and also would infringe his Sixth Amendment rights, and

15  should not be countenanced.

16  **II.    ARGUMENT**

17       The government's request that the Court impose sanctions and other

18  restrictions against Mr. Brunst and his counsel should be rejected.  First, collective

19  punishment is anathema to our system of justice.  Our courts are directed to consider

20  each individual on his or her own basis, with that person's culpability and personal

21  characteristics in mind, and may only punish a person for the offenses that person

22  committed.  *See, e.g.*, U.S. Constitution, Amendments V and VI; 18 U.S.C. 3142; 18

23  U.S.C. 3553(a); *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992) ("That leaves

24  the pure principle of collective punishment as the sole possible basis of liability in

25  this case.  Happily that principle is not—not generally, anyway—a part of our law . .

26  . .  Proximity to a wrongdoer does not authorize punishment."); *Duncanson v. Wine*

27  *& Canvas IP Holdings LLC*, No. 116CV00788SEBDML, 2018 WL 4699888, at *12

28

1   (S.D. Ind. Sept. 30, 2018) (denying motion for summary judgment, which "smacks

2   too forcibly of mass proceedings, collective punishment, and guilt by association").

3       Second, by the government's own admissions, Mr. Brunst and his counsel

4   have not committed any violations of any court orders.  Neuman Decl. at ¶ 3.

5   Because "proportionality must be considered in issuing sanctions," no sanctions

6   may be imposed against someone who the other side admits engaged in no

7   wrongdoing.  *Imagenetix, Inc. v. Robinson Pharma, Inc.*, 2017 WL 570708, at *2

8   (C.D. Cal. Feb. 13, 2017) (citing *Google Inc. v. Am Blind & Wallpaper Factory,*

9   *Inc.*, 2007 WL 1848665, at *6 (N.D. Cal. June 27, 2007)) (finding that courts must

10  avoid issuing discovery sanctions that are "out of all proportion to the actual harm

11  wrought" by the action subject to sanction); *Hixson v. City of Las Vegas*, 2013 WL

12  3677203, at *3 (D. Nev. July 11, 2013) (acknowledging that "sanctions must be

13  proportional to the violation"); *Guerrero v. McClure*, 2011 WL 4566130, at *3

14  (E.D. Cal. Sept. 29, 2011) (finding that requested sanction to be "unjust" because

15  would not be proportional to the conduct of the non-moving party).

16      Punishing Mr. Brunst for the supposed transgressions of his co-defendants

17  would constitute a violation of his Fifth and Sixth Amendment rights, even if the

18  government's request for sanctions against those others was not as infirm as it is.

19  Such punishment will directly affect his ability to receive a fair trial and the ability

20  for his counsel to prepare for trial.  Indeed, it is only through testimony and prior

21  statements of the government's anticipated witnesses – discovery of which the

22  government now plans to withhold – that the government can hope to prove its case

23  against Mr. Brunst.  Immediate and unfettered access to the expected testimony and

24  prior statements of the government's most critical witnesses should not be delayed

25  any longer.[1]  The government's motion is an improper effort to avoid providing that

26  _____

27  [1]  Mr. Brunst has separately filed a Motion to Compel disclosure of the Jencks Act

28  material for government witness Carl Ferrer, which the government unilaterally

DEFENDANT JOHN BRUNST'S OPPOSITION TO MOTION FOR SANCTIONS, PROTECTIVE ORDER, AND
NOTICE OF JENCKS ACT DISCLOSURES

information to Mr. Brunst, this time under the guise of sanctioning him for conduct in which, by the government's own admission, he did not engage.

Whether Mr. Brunst is operating within a joint defense arrangement – the government's only purported basis for including him in the requested collective punishment – is of no moment.  First, as discussed in Mr. Brunst's Motion to Compel (Dkt. 662), the document to which the government cites in support of this contention does not reference Mr. Brunst; he is not a party to the agreements referenced in Dkt. 180, at 6.  Second, even if he has availed himself of such an arrangement, the government may not punish Mr. Brunst solely because of that. Joint defense arrangements are well established and entirely proper.  *See United States v. Gonzalez*, 669 F.3d 974, 977 (9th Cir. 2012) ("The joint defense privilege was first recognized by our court in *Continental Oil Co. v. United States*, 330 F.2d 347 (9th Cir.1964).)  Mr. Brunst is entitled to use all resources available to him to prepare his defense to this prosecution.  The government may not use his efforts as a basis to impede his constitutional rights.

//

//

//

chose to withhold.  Dkt. 662.  That Motion further discusses the importance of the withheld discovery.

1

## III.     CONCLUSION

2      For the foregoing reasons, and for those stated in the opposition brief of the

3  other defendants in this case, the government's Motion should be denied.

4

5  DATED:  July 9, 2019               Gary S. Lincenberg

6                                      Ariel A. Neuman

                                      Gopi K. Panchapakesan

7                                      Bird, Marella, Boxer, Wolpert, Nessim,

8                                        Drooks, Lincenberg & Rhow, P.C.

9

10                              By:       */s/ Ariel A. Neuman*

11                                          Ariel A. Neuman

12                            Attorneys for Defendant John Brunst

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JOHN BRUNST'S OPPOSITION TO MOTION FOR SANCTIONS, PROTECTIVE ORDER, AND
NOTICE OF JENCKS ACT DISCLOSURES

## DECLARATION OF ARIEL A. NEUMAN

I, Ariel A. Neuman, declare as follows:

1.     I am an active member of the Bar of the State of California and a Principal with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation, attorneys of record for Defendant John Brunst in this action.  I make this declaration in support of Defendant John Brunst's Opposition To Motion For Sanctions, Protective Order, And Notice Of Jencks Act Disclosures. Because this declaration is made for this limited purpose, it does not include all facts known to me about this case.  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.     On June 25, 2019, I e-mailed AUSAs Kevin Rapp and Reginald Jones asking them to confirm that they had produced Carl Ferrer's Jencks Act materials, and if not, to identify the basis for their refusal to produce these materials to Mr. Brunst and his counsel.  I also noted to Mr. Rapp and Mr. Jones that the government's motion for sanctions did not allege any misconduct by Mr. Brunst or his counsel that would justify delaying the production of such materials.

3.     On June 26, 2019, I followed up on my request.  That day, Mr. Rapp responded, acknowledging that "[y]ou are correct that we do not have any evidence that Mr. Brunst disclosed the subject discovery in violation of the order."  He explained that the government was nonetheless not producing Carl Ferrer's Jencks Act materials despite the Court's Order "[b]ecause the defendants are in both a JDA

//
//
//
//
//
//

1 | and what has been referred to as a common litigation management agreement . . .,
2 | we do not know your obligations under these various agreements.  This is covered
3 | by fn. 6 in the Motion."

4 |       I declare under penalty of perjury under the laws of the United States of
5 | America that the foregoing is true and correct, and that I executed this declaration
6 | on July 9, 2019, at Los Angeles, California.

8 |          */s/ Ariel A. Neuman*
9 |          Ariel A. Neuman