Gary S. Lincenberg *(admitted pro hac vice)*
glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

vs.

Michael Lacey, *et al.*,

Defendants.

CASE NO. 2:18-cr-00422-004-PHX-SMB

**DEFENDANT JOHN BRUNST'S REPLY IN SUPPORT OF MOTION TO COMPEL GOVERNMENT'S COMPLIANCE WITH COURT'S APRIL 22, 2019 ORDER TO PRODUCE JENCKS ACT MATERIAL FOR WITNESS CARL FERRER**

Assigned to Hon. Susan M. Brnovich, Courtroom 506

# MEMORANDUM OF POINTS AND AUTHORITIES

The government does not dispute:

- Mr. Brunst has not violated any of the Court's orders.
- On April 22, 2019, the Court ordered the government to produce Carl Ferrer's Jencks Act material by June 25, 2019. (Dkt. 535.)
- The government did not produce that material on June 25 or on any date thereafter.
- The government did not seek or obtain permission to ignore the Court's order requiring production of the Ferrer material by June 25.
- The government was present during the June 24, 2019 Status Conference, when the Court made scheduling decisions that defense counsel stated would be affected by the disclosures due the following day, without ever telling the Court or the defense that the government would not abide by the April 22, 2019 Order.

Rather, the government acts as if the Court's April 22, 2019 Order does not exist. Nowhere in its purported Response to Mr. Brunst's Motion to Compel Compliance with Court's April 22, 2019 Order (Dkt. 704, filed under seal) does the government even acknowledge that it unilaterally chose to flout—without warning or authorization—a valid court order. In fact, the Response does not address the Motion to Compel at all, instead only making arguments in support of the government's separate Motion for Sanctions.

The government chooses not to articulate its position, instead seeming to rely on the untenable stance that its disputes with Mr. Larkin and Mr. Lacey justify its violating its discovery obligation and Court order as to Mr. Brunst.

The government also does not acknowledge that at the June 24 hearing—just one day before its deadline to disclose Ferrer's Jencks Act material—it failed to tell the Court that it would not comply with the Court's April 22, 2019 Order. This is despite the fact that (a) the government had in hand all of the purported "evidence" it relies on in its Motion for Sanctions and (b) dates were being set by the Court at the hearing based in part

on its reliance on the government's representation that it would comply with the schedule. (June 24, 2019 Transcript at 36-40, attached as Exhibit A.[1])

The government spends its time trying to justify collective punishment of Mr. Brunst with red herrings. First, the government repeats its false assertion that certain agreements between other parties apply to Mr. Brunst. (Response at 8.) Mr. Brunst already addressed this. (Dkt. 662 at 5.) As the document cited by the government demonstrates, Mr. Brunst is not a party to the referenced agreements. (Dkt. 180 at 6-7, noting that the Common Interest and Litigation Management Agreement was executed by Ferrer, Larkin, and Lacey "on behalf of themselves and the Backpage-related companies they respectively controlled.")

Second, the government claims, without any support whatsoever, that Mr. Brunst might be obligated to share discovery with others. (Response at 8.) The claim is wrong; no such obligation exists.

Finally, the government claims that Mr. Brunst will not be prejudiced by its withholding of critical Jencks Act material and that early disclosure is not required. The government already conceded otherwise and waived the right to delay disclosure. The Court set an agreed-upon disclosure schedule so that the parties could adequately prepare for trial. As part of that process, and pursuant to stipulation, the Court determined that early disclosure of Ferrer's Jencks Act material was appropriate. The government later requested this disclosure occur on June 25, 2019. (Dkt. 471.[2]) The government's citation to cases where prosecutors did not agree to pretrial disclosure of Jencks Act material is

---

[1] The government sought an extension of time to respond to Mr. Brunst's Motion in part to obtain the transcript from that hearing. (Dkt. 675 at 1.) Unsurprisingly, nowhere in its Response is the transcript cited given that it demonstrates the government's material omission. Nor does it appear from the Court docket that the government even requested the transcript; counsel for Mr. Brunst instead recently obtained it directly from the court reporter.

[2] The Court will recall that this date was set over Mr. Brunst's objection and request for disclosure on the date originally set by the Court.

therefore wholly inapposite.  The government has waived any objection to early disclosure.  It cannot now rescind that waiver as to Mr. Brunst in its effort to impose collective punishment without justification.

Nor does the government dispute that the Ferrer material is critical to prepare for trial.  Indeed, the government recognized that early disclosure of this and other Jencks Act material was required when it stipulated to provide the material "about seven and a half months before trial."  (Dkt. 121; Response at 7.)  The need for early disclosure is especially compelling as to Mr. Brunst, as the documents the government considers inculpatory as to him are anything but that, unless the government has a witness to say otherwise.  Indeed, Mr. Brunst was not charged with any Travel Act violations in the original indictment; *it was only once Ferrer started working with the government that such charges were filed*.  Thus, only by obtaining Ferrer's statements can Mr. Brunst understand the government's case and prepare accordingly.

The government's insinuation that Mr. Brunst or his counsel would attempt to intimidate Ferrer using his Jencks Act statements is preposterous and should be rejected out of hand.  (Response at 7-8.)  First, there is no secret here as to the identity of the cooperator.  Second, nothing of the sort has ever happened with respect to Ferrer or any other government witness in this case (the government has already produced Jencks Act material for one of its cooperators, Dan Hyer).  Nor has the government even attempted to make a showing that there is a risk of it happening going forward.

The government refuses to acknowledge the Court's April 22, 2019 Order and offers no valid excuse for its violation of that Order.  The government acted unilaterally and particularly inappropriately, given its failure to apprise the Court and defendants about its intention to violate the Order at the June 24, 2019 Status Conference, a day before compliance with the Order was required.  The government admits that Mr. Brunst has not violated any court order.  Mr. Larkin and Mr. Lacey's purported wrong—which the government carefully and repeatedly calls an "*apparent* violation" of an unrelated order, since it actually has no evidence and there has been no court finding—does not in any way

justify the government's wrong. (Response at 1, 5-8.) And even if the Court does make findings as to other defendants, those findings will not justify imposing collective punishment on Mr. Brunst.

Mr. Brunst therefore respectfully asks the Court to order immediate compliance with its April 22, 2019 Order, issue an order to show cause as to why the government should not be sanctioned, and deny the government's request for collective punishment.

DATED: July 26, 2019

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for Defendant John Brunst

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America, Plaintiff, vs. Michael Lacey, et al., Defendants.

2:18-cr-00422-SMB

Phoenix, Arizona
June 24, 2019
11:09 a.m.

BEFORE: THE HONORABLE SUSAN M. BRNOVICH, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

STATUS CONFERENCE: DISCOVERY

Official Court Reporter:
Charlotte A. Powers, RMR, FCRR, CCR, CSR, CMRS
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 40
Phoenix, Arizona 85003-2151
(602) 322-7250

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

THE COURT: Any --

MR. NEUMAN: Your -- Your Honor, Ms. Bernstein is just pointing out, we have disclosure deadlines coming up here that we need to deal with.

THE COURT: Which ones?

MR. NEUMAN: Go ahead, Ms. Bernstein.

MS. BERNSTEIN: Your Honor, in reference to the scheduling order that's at docket -- document 131, prior to coming to the Court on August 19th, there are a number of deadlines that have been set, including a substantive motions deadline, disclosure deadlines of exhibits and witnesses, and Rule 26.2 government rebuttals, motions in limine, Court-imposed plea offer, jury questionnaire and screening, and responses to the motions in limine.

THE COURT: Okay. A lot of those I am willing to move because they're more trial-related, and I know Judge Logan set the final trial management conference three months in advance of the start of trial. So I think -- do you have it up, Traci?

COURTROOM DEPUTY: I do.

THE COURT: Do you have a printer in here? Can you print it?

COURTROOM DEPUTY: I can print it, uh-huh.

(Pause in proceedings.)

THE COURT: Okay. So for right now, I'm going to vacate the motions in limine deadline, the jury questionnaire

and screening deadline, the responses to the motion in limine; and I'll reset those, depending on how I rule on the motion to continue, because if I deny the motion to continue, I'll just move it out closer to the trial date. I don't have a problem with moving that.

I'm not going to move the preliminary exhibit and witness list because it is preliminary, and it's not -- it's not set in stone. There's always, in any case, sort of ongoing disclosures.

So that being said, for the two defendants that have new counsel, Padilla and Vaught, I understand why you might not be able to do that because you're so new.

MS. BERTRAND: Uh-huh.

THE COURT: So I'm referring it for all defendants, except Padilla and Vaught. And if you -- after I rule on your motion, I'll include some deadlines in there.

The substantive motions deadline and the government's rebuttal -- well, I'll leave the government's rebuttal deadline because I'm affirming their deadline for the preliminary exhibit and witness list.

The substantive motions deadline will be affected by my ruling on the motion to continue. So we're at -- I'm going to affirm it right now, and I'll highlight it for comments in my ruling on the motion to continue trial.

And all the other September dates I'll either affirm

on the ruling on the motion to continue trial, or move it.

Yes?

MR. NEUMAN: Thank you, Your Honor.

Just to note, the substantive motions deadline, I think, would likely -- the substantive motions would likely be affected both by the ruling on the motion to dismiss, assuming it's not fully granted, and then the motion to compel as well, depending on what happens with those servers, if -- if the -- there's a lot of issues to play out. I don't want to take the Court through it all now.

THE COURT: Right.

MR. NEUMAN: So I just want to flag that, and I think that those will obviously also affect our exhibit and witness list. We can deal with that since it's only preliminary. But the substantive motions deadline I am concerned about, subject -- understanding the Court may continue it in light of the motion to continue the trial.

THE COURT: Okay. Does the government want to be heard?

MR. RAPP: Well, just on the -- on the 26.2 statements, the -- if the Court recalls, those were delayed for the defense, pending the resolution of some of these motions. It sounds as if the Court is keeping with the July 1st date for the defense to disclose a preliminary exhibit and witness list. They also should have to disclose the 26.2 statements that

would go with those witnesses on the exhibit -- witness list.

MS. BERNSTEIN: Your Honor, I think part of the problem is that, you know, until we have a lot of this discovery that's outstanding, including particularly this gigantic bucket of the outstanding Jencks Act materials that we anticipate receiving tomorrow, we just -- it's difficult for us to identify the evidence we intend to produce, the witnesses we intend to put on, the investigation that we need to do. I mean, we anticipate getting a lot of that discovery, conducting a review of what we expect to be voluminous Jencks Act statements, and then being able to react from there.

So understanding the Court indicating that these are tentative preliminary lists, we can endeavor to do our best to respond to it. We're just hampered by the state of discovery, our lack of Jencks material. If we receive that tomorrow, it's unlikely that we're in a position to have reviewed all of it and responded to all of it by next week, which is what a July 1st deadline does. If that's what the Court sets, we'll obviously do our best to do that for both Rule 26.2 as well as exhibit and witness list. But that's -- especially within the context of the sort of the limited of resources that we have available to us right now, the significant arrears that many of our clients find themselves in, and trying to also continue litigating the motion practice in this case. So I think that's a bit of our difficulty in meeting some of these deadlines.

That said, of course, we'll endeavor to do the best that we can, as we have been doing with discovery review.

THE COURT: Okay. And as I indicated, I'm affirming that date because it's preliminary, and the case has been pending for quite a while.

I understand there are some lapses in disclosure, which would, of course, be a reason for disclosure later of new witnesses and new exhibits. But what you have right now needs to be disclosed, including the Rule 26.2 for any of the witnesses, which is preliminary and can always be updated -- well, not always. But up to a certain point it can.

Yes?

MR. NEUMAN: One last thing, Your Honor, from me.

It might be useful to put a date on calendar for the motion to compel while we're all here. Just a suggestion. If we -- maybe sometime in early September.

THE COURT: I don't have a problem with that. What -- let's see.

MR. GRANT: Your Honor --

THE COURT: What did we set for the reply date on that; was that August 5th?

COURTROOM DEPUTY: August 5th.

MS. BERNSTEIN: Yes, Your Honor.

THE COURT: Okay.

MR. GRANT: And given -- taking into account that the

C E R T I F I C A T E

I, CHARLOTTE A. POWERS, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 24th day of July, 2019.

s/Charlotte A. Powers
Charlotte A. Powers, RMR, FCRR