Thomas H. Bienert, Jr. (CA 135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY 1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al*.,<br><br>　　　　　　Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**MR. LARKIN AND MR. LACEY'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE (DOC. 665)** |

Defendants Michael Lacey and James Larkin, by and through their undersigned attorneys, hereby file the instant reply in further support of their Motion to Compel Compliance and Order to Show Cause Regarding the Government's Violation of the Court's Scheduling Order ("Motion") (Doc. 665).  The government's opposition, submitted under seal

("Opposition") (Doc. 704), has provided no reasons to deny the Motion and, in fact, further illustrates the government's rules-don't-apply-to-me litigation approach which has permeated its actions with Defendants.

The government does not dispute that it was obligated, under an order from this Court ("Order") (Doc. 535), to disclose the Jencks Act and impeachment materials relative to its key witness, Carl Ferrer, no later than June 25, 2019. The government does not dispute that it alone decided that it would not comply with that Order. The government has offered no apology or excuse for its unilateral decision to ignore the Order. Nor does it offer any explanation for why it failed to move for an extension of its deadline—a simple pleading that would have preserved the government's objection to the deadline and, at the same time, accorded respect to this Court's order.[1]

Instead, the government has offered two flawed justifications which it apparently hopes will motivate this Court (without actually asking for it) to give the government a free pass on its violation. First, the government claims that its unilateral decision to violate the Order should be forgiven due to its suspicion of an "apparent" violation of a separate order by Mr. Larkin and Mr. Lacey. But the government's suspicions in no way justify its violation of the Court's order, and the government fails to explain otherwise. More importantly, as asserted in the Opposition to Sanctions filed under seal by Mr. Larkin and Mr. Lacey (Doc. 672), incorporated herein by reference, the government has no proof that such a violation occurred. Instead, the government's unilateral decision to violate this Court's Order is based on its speculation about what the government has itself conceded is no more than an "apparent" or "likely" violation. (Opp'n at 8.) Regardless of the "apparent" violation, as an alternative to ignoring the Order, the government could have moved for a limited extension of its disclosure deadline pending resolution of this Court's ruling on the Motion for Sanctions. It certainly could have made this request orally at the status conference that this Court held *one day before* its deadline, particularly

---

[1] In contrast, every time that Defendants have determined that they needed an extension of a deadline, they have moved for such relief, provided this Court with the basis for the request, and complied with this Court's ruling, whether granting or denying the request.

2

LARKIN AND LACEY'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE RE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

because this Court held that status conference to address scheduling matters and the government presumably knew of its intended forthcoming violation the very next day. (*See* Doc. 656.) The government's failure to make such a request while standing before this Court during a discussion on scheduling (or through a written submission) is troubling, particularly because the government had notice of the "apparent" violation that would become the justification for its violation of the Order long before the June 24, 2019 appearance and before its June 25, 2019 disclosure deadline.

Second, the government claims that its unilateral decision to violate the Order should be forgiven because Defendants will not be prejudiced by the one-sided, extra-judicial amendment to the discovery schedule the government has proposed. This after-the-fact justification for its violation is flawed for many reasons. The Jencks Act material at issue in this case is exceptional and the failure to provide it at the time specified in the Order is highly prejudicial to Defendants. This is a novel case involving the prosecution of former website owners for their purported involvement in the publication of third-party speech. This prosecution is all the more unique because voluminous discovery has been disclosed and remains undisclosed (and in the case of functional server data, voluminous, critical discovery has been destroyed), and because of the government's unprecedented, aggressive, and unconstitutional wholesale seizure of Defendants' assets (including substantial wealth earned decades before the relevant period identified in the indictment with no showing that such assets are traceable to any of the crimes charged). But this prosecution is exceptional for another significant reason—it is built on the cooperation of Carl Ferrer, the former Chief Executive Officer of Backpage.com, LLC, who spent more than a decade making public statements and statements under oath about the lawful nature of Backpage's operations. Defendants cannot fathom how to defend the instant charges without access to the full body of Ferrer's statements, particularly those made to law enforcement as part of his cooperation in this case because those statements are at odds with everything Ferrer has said in the past and are the basis upon which the government ultimately brought charges against Mr. Larkin and Mr. Lacey.

3

LARKIN AND LACEY'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE RE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

The importance of the Ferrer Jencks Act and impeachment material to this exceptional case has not been lost on this Court or the government. The first scheduling order issued by the Court recognized that this was not a typical case to be governed by typical deadlines and, among other things, ordered the disclosure of Jencks Act and impeachment materials nearly eleven months before trial—a date that reflects the significance of the Jencks and impeachment material to Defendants' preparation of their defense. (See Doc. 131.) The trial date in this case was set with a common understanding that Defendants would have sufficient time to review the Jencks and impeachment materials, conduct follow-up investigation, and tailor their defense accordingly. The government already upset that schedule by seeking an *ex parte* extension of the Jencks and impeachment deadline for Ferrer—resulting in that date being pushed back by four months. By ignoring the already extended deadline and helping itself to a further extension, the government's actions are both remarkable and hypocritical, given that it continually demands that Defendants be held to the deadlines in the Order and vehemently opposes Defendants' requests for continuances. The Court should not countenance the government picking and choosing the deadlines with which it will comply—particularly when the government chooses to ignore a deadline and Order that materially impact Defendants' ability to prepare for trial.

Finally, the government's weakest after-the-fact justification for its unilateral decision to ignore the Order is the government's claim of the need to protect Ferrer from intimidation. It is unclear how the disclosure of his statements would somehow trigger a first-time interest in intimidating Ferrer because Defendants and their counsel have understood that the government's case was founded on his statements since the beginning of this prosecution in April 2018 and have had no contact with him. This attempt to tarnish Defendants and their counsel is unseemly, offensive, baseless, and divorced from the reality of the history of this case.

It is widely agreed that counsel for the federal government should aspire to hold itself to a highest ideals of the legal profession. *See United States v. Young*, 470 U.S. 1, 25 (1985) (Brennan, J., concurring) ("[W]e have long emphasized that a representative of the United States

4

LARKIN AND LACEY'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE RE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

Government is held to a *higher* standard of behavior." (emphasis in original)); *United States v. Aldridge*, 985 F.2d 960, 962 (8th Cir. 1993) ("[W]e hold prosecutors to a high standard of performance."); *see also United States v. Moore*, 2016 WL 5340649, at *2 (E.D. Cal. Sept. 23, 2016) ("This Court admittedly holds federal prosecutors to a higher standard than the usual litigant and expects them to follow through on their promises."). The decision to ignore a court order and the demonstrably flawed after-the-fact justifications for such a decision are improper tactics for any litigant, especially the federal government.

## CONCLUSION

For all these reasons, Lacey and Larkin respectfully request that this Court grant their Motion.

Dated: July 26, 2019                             BIENERT | KATZMAN PC

*/s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
*Attorneys for James Larkin*


LIPSITZ GREEN SCIME CAMBRIA LLP

*/s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
*Attorneys for Michael Lacey*

# CERTIFICATE OF SERVICE

I certify that on this 26th day of July 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

/s/ Whitney Z. Bernstein
Whitney Z. Bernstein

Anne Michelle Chapman, anne@mscclaw.com
Erin E. McCampbell, emccampbell@lglaw.com
Anthony R. Bisconti, tbisconti@bienertkatzman.com
Ariel A. Neuman, aan@birdmarella.com
Bruce S. Feder, bf@federlawpa.com
James C. Grant, jimgrant@dwt.com
Lee David Stein, lee@mscclaw.com
Paul J. Cambria, pcambria@lglaw.com
Robert Corn-Revere, bobcornever@dwt.com
Ronald Gary London, ronnielondon@dwt.com
Janey Henze Cook, janey@henzecookmurphy.com
John Lewis Littrell, jlittrell@bmkattorneys.com
Seetha Ramachandran, Seetha.Ramachandran@srz.com
Thomas H. Bienert, Jr. tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Gary S. Lincenberg, glincenberg@birdmarella.com
Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com
Michael D. Kimerer, mdk@kimerer.com
Rhonda Elaine Neff, rneff@kimerer.com
David S. Eisenberg, david@deisenbergplc.com
Joy Malby Bertrand, joyous@mailbag.com
John Jacob Kucera, john.kucera@usdoj.gov
Kevin M. Rapp, Kevin.Rapp@usdoj.com
Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov
Reginald E. Jones, reginald.jones4@usdoj.gov
Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov
Andrew C. Stone, andrew.stone@usdoj.gov