UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | CR-18-0422-PHX-SMB |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | April 13, 2018 |
| Michael Lacey, | ) | 9:09 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE BRIDGET S. BADE, MAGISTRATE JUDGE


TRANSCRIPT OF PROCEEDINGS

DETENTION HEARING

APPEARANCES:
For the Government:
    U.S. Attorney's Office
    By: KEVIN M. RAPP, ESQ.
        DOMINIC WILLIAM LANZA, ESQ.
    40 North Central Avenue, Suite 1800
    Phoenix, AZ  85004

For the Defendant Lacey:
    Henze Cook Murphy
    By: JANEY HENZE COOK, ESQ.
    722 East Osborn Road, Suite 120
    Phoenix, AZ  85014


Transcriptionist:
Linda Schroeder
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1            THE CLERK:  Criminal docket 18-0422, United States of
2    America versus Michael Lacey, on for a detention hearing.
3            MR. RAPP:  Good morning.  Kevin Rapp and Dominic Lanza
4    on behalf of the United States.
5            THE COURT:  Good morning.
6            MS. COOK:  Good morning, Your Honor.  Janey Henze Cook
7    for Tom Henze on behalf of defendant Michael Lacey.
8            THE COURT:  Good morning.  And good morning,
9    Mr. Lacey.
10           THE DEFENDANT:  Good morning.
11           THE COURT:  So this is the continued detention
12   hearing.  And, counsel, I've received the updated paperwork for
13   posting the two properties.  And all of that paperwork appears
14   to be in order, of course with the exception of my signature,
15   which I will add.  And on the two forms of surety, the
16   witness's signature is present, but there is a place under the
17   signature where they're supposed to print their name and put
18   their address, and that's not filled in.  So the signature is,
19   as with many people's signatures, illegible, so we do need you
20   to print in the name of the witness and the address.  And then
21   those forms will be complete as well.
22           I have the conditions of release that the parties have
23   agreed upon, and I do have a question for the parties and
24   starting with the government.
25           One of the conditions is that Mr. Lacey make a full

1    disclosure of all of his domestic and international assets in
2    camera to pretrial services.  Based on that disclosure, what
3    action if any do you anticipate that pretrial services would
4    take with that information?
5            MR. RAPP:  I think what's contemplated is that they
6    just have an understanding of what his assets are, and if -- I
7    think what we discussed is we're not asking that they disclose
8    it to us, but we would provide them what we believe his assets
9    are based on our investigation just so they're consistent so he
10   is fully disclosing his assets to pretrial.
11           THE COURT:  And if they come to believe that he's not
12   fully disclosing his assets or there's something inconsistent
13   with what the government has reported as his expected assets,
14   do you anticipate that pretrial services would take any action
15   or they're required to take any action?
16           MR. RAPP:  I think what's contemplated is that they
17   would either alert the Court or the United States Attorney's
18   Office.
19           THE COURT:  And, Ms. Cook, what is the defendant's
20   position with respect to that condition?
21           MS. COOK:  Just one minute.
22           Your Honor, I think that sounds fine.
23           THE COURT:  All right.  So the understanding then is
24   that if pretrial services -- the pretrial services officer
25   who's reviewing that financial information believes that

1   there's some discrepancies or something is out of order, they
2   will notify the U.S. Attorney's Office, the Court, and defense
3   counsel, and then the parties can go from there.
4          All right.  Pretrial services officer is here.  Are
5   there concerns with any of the proposed conditions with respect
6   to the ability of pretrial services to monitor these
7   conditions?
8          PRETRIAL SERVICES OFFICER JUSTIN LAUBY:  I don't think
9   so, Your Honor.  Justin Lauby with pretrial services.  The only
10  other one we had any concern about was the asserting no control
11  over Backpage.  However, the U.S. Attorney's Office has advised
12  that they will be the ones to monitor that condition and would
13  alert us to any issues.
14         THE COURT:  All right.  So that does seem to be a
15  condition which pretrial services would have no ability to
16  monitor, so the U.S. Attorney's Office will monitor that.  If
17  they believe there's any violation, then they'll notify defense
18  counsel, the Court, and pretrial services.
19         All right.  So I think that resolves the issues with
20  the conditions, and the paperwork is in order with respect to
21  posting the two properties.
22         And I understand there's also a bond that will be
23  posted as well; is that correct?
24         MS. COOK:  Yes, Your Honor.  And the bondsman's
25  present in the courtroom.

1           THE COURT:  All right.  And you will do that after we
2    conclude the hearing.  Take it down to the customer service
3    desk at the first floor of the building so that Mr. Lacey can
4    be released today.
5           MS. COOK:  Okay.
6           THE COURT:  Thank you.  All right.  Can you come to
7    the lectern with Mr. Lacey please.
8           And while we're getting ready to go over the
9    conditions, I will note that the Court is going to term the
10   government's motion for detention pending imposition of
11   conditions as moot based on this resolution.
12          Mr. Lacey, I'm going to review conditions of release
13   with you.  I ask you to come forward so that we can see each
14   other better and hear each other.  I want to make sure we're
15   communicating.  It's important that you understand all the
16   conditions of release so that you can follow them.  If you
17   violate any conditions of release, you can be arrested and
18   placed in detention and charged with contempt of court.
19          So I'll review the conditions with you.  I know you've
20   had the opportunity to review them with your attorneys.  But if
21   you should have any questions or concerns, please let me know.
22   After we finish reviewing the conditions, I'll provide the
23   order to you and your counsel.  You can review it again, sign
24   it, and then you'll receive a copy to keep for your records.
25          And we've set this as bag and baggage, so you will be

```
 1   released from the courthouse today.
 2            All right.  Your conditions of release require that
 3   you post a bond of $1 million and also post as security two
 4   properties.
 5            You will appear at all proceedings as required and
 6   surrender for the service of any sentence that may be imposed.
 7            You must not commit any federal, state, or local
 8   crime.  You must cooperate in the collection of a DNA sample if
 9   that collection is authorized by law.
10            You must immediately advise the Court and defense
11   counsel and the United States Attorney in writing of any change
12   in your address or telephone number.
13            You must not travel outside of Maricopa County unless
14   you have express prior permission from the court or pretrial
15   services to do so.  Typically pretrial services needs about two
16   weeks' lead time to process a request for travel.
17            You must avoid all direct or indirect contact with
18   co-defendants about Backpage-related matters outside the
19   presence of counsel.  And you must not have any contact with
20   persons who are considered alleged victims, potential
21   witnesses, and/or family members of victims or witnesses.
22            You must report as directed to pretrial services.
23            You must refrain from any use of or unlawful
24   possession of any narcotic drug or controlled substance unless
25   it's prescribed for you by a licensed medical practitioner in
```

1   the course of his or her legitimate medical practice.
2   Importantly, this provision does not permit the use or
3   possession of medicinal marijuana even with a medical marijuana
4   card or a physician's written certification.
5            You must submit to random drug testing at the
6   discretion of pretrial services and make co-payments towards
7   those costs as directed by pretrial services.
8            You must not interfere, obstruct, or tamper with in
9   any way the administration of any court-ordered substance abuse
10  testing.
11           You must surrender all travel documents, specifically
12  your passport, to pretrial services by 5:00 p.m. on Monday,
13  April 16th, 2018, and not obtain a passport or other travel
14  document during the pendency of the proceedings.
15           You must maintain weekly contact with your counsel by
16  noon on Friday of each week.  I know you're represented by more
17  than one attorney in this matter, and so we have not added the
18  name of the attorney, but you just need to have contact with
19  your counsel every week.
20           You must resolve all lower court matters and provide
21  proof of such to pretrial services.
22           You must not make any effort to assert control over
23  Backpage.  And this condition will be monitored by the
24  United States Attorney's Office.
25           You must not make any major expenditures exceeding

1    $1,000, but this does not include any current recurring
2    expenses.  So regular expenses that you already have at this
3    time that exceed $1,000, you can continue to make those -- the
4    payments on those expenses.
5         And you must make a full disclosure of all of your
6    domestic and international assets in camera to pretrial
7    services.
8         Mr. Lacey, these are the conditions of release.  Do
9    you have any questions?
10        THE DEFENDANT:  No, Your Honor, I don't.
11        THE COURT:  In addition, the conditions require that
12   you'll be subject to location monitoring, and that will be in
13   the discretion of the pretrial services officer as to the
14   particular technology to be used for the location monitoring.
15        And you must abide by all location monitoring program
16   requirements and instructions and make co-payments toward these
17   costs as directed by pretrial services.
18        Do you understand?
19        THE DEFENDANT:  I do, Your Honor.
20        THE COURT:  All right.  I also need to advise you that
21   if you were to commit any criminal offense while you were on
22   pretrial release and you were charged and convicted of that
23   offense, then any sentence that you might receive would be
24   consecutive to any other sentence that you might receive.  When
25   sentences are served consecutively, it means that one sentence

1   is served following after the other, so they're one after the
2   other.  They're not at the same time.
3            Also, it is a criminal offense against the
4   United States to fail to appear as required by your conditions
5   of release or to fail to surrender for the service of any
6   sentence that may be imposed.  If you were to do this and be
7   charged and convicted, then, again, any sentence you might
8   receive would be consecutive to any other sentence you might
9   receive.
10           And the order with the conditions of release sets out
11  the specific criminal penalties for the offense of attempting
12  to interfere with or tamper with a victim or witness, a juror,
13  or a court officer.
14           Do you have any questions?
15           THE DEFENDANT:  No, Your Honor.
16           THE COURT:  All right.  So I will sign the order with
17  the conditions, and the --
18           MS. COOK:  Excuse me, Your Honor.  Just one thing.  I
19  think that the parties have agreed that the expenditure over
20  $1,000 should read that any other expenditure would require
21  permission of pretrial services.  In other words, if he has a
22  $5,000 debt on something, he would need to go to pretrial
23  services and request permission to pay that.  I don't think
24  the government's intending to limit him to $1,000 transactions.
25  He just needs the permission.  Am I correct?

1    MR. RAPP: That's correct.
2    THE COURT: All right. So we'll modify the language
3    in that condition so it reads "No major expenditures exceeding
4    $1,000 without --"
5    MS. COOK: Permission.
6    THE COURT: "-- permission, prior permission from
7    pretrial services. This excludes any current recurring
8    expenses."
9    MS. COOK: Thank you, Your Honor.
10   THE COURT: Thank you. And, Mr. Lacey, do you
11   understand the clarification about that condition?
12   THE DEFENDANT: I'm sorry?
13   THE COURT: We just made a clarification as to the
14   condition with respect to expenditures. Do you understand what
15   we've just --
16   THE DEFENDANT: Yes, I do.
17   THE COURT: Okay. All right. So with that
18   clarification in the order, I'll sign the order and provide it
19   to you to review and sign. I'll sign the forms I'm required to
20   sign with respect to posting the property and have you work
21   with the clerk to complete that process, including filling in
22   the witness's printed name and address on the surety forms.
23            I think that addresses everything with respect to the
24   detention hearing.
25            A motion has been filed to strike exhibits that were

1   erroneously filed in response to the government's motion for
2   detention pending imposition of conditions, and it was filed
3   under seal.  And so I would like to speak with you about it,
4   but because it was filed under seal, that has to be a sealed
5   proceeding.  So when we complete this process, we will adjourn
6   this hearing, clear the courtroom, and then we'll have a sealed
7   hearing to talk about that issue with filing, which is really
8   just a technical issue on documents.
9           Is there anything else that we need to address?
10          MR. RAPP:  Not from the United States.  I think this
11  might be addressed in here with respect to the passport that's
12  going to be surrendered to pretrial at 5:00 on Monday?
13          THE COURT:  Yes.  It's going to be surrendered by
14  Monday at 5:00.  That's the 16th.  And that's the date that's
15  in the order.
16          MS. COOK:  And just for the record, Your Honor, that
17  passport's in the custody of the agents, and they'll be the
18  ones that surrender it to the pretrial services.  It was taken
19  during the seizure.
20          I just have one logistical question, which is the
21  recording of both the lien here in Arizona as well as the UCC
22  filing in California.  By what point do I need to return those
23  documents to the court?
24          THE COURT:  You need to return the receipts to us as
25  soon as you have them, but then we wait for the county

```
 1   recorder's offices to return the lien paperwork to the court,
 2   which usually takes three or four weeks.  But they will return
 3   that directly to the court.  So your responsibility is to
 4   return to us the receipts that show that you've recorded the
 5   documents.
 6           MS. COOK:  Your Honor, I expect to have the receipt
 7   for the Arizona one today and can give that to the Court.
 8   Because it's a UCC filing, I've got counsel in California who's
 9   going to take care of the filing over there.  And I just
10   couldn't get an answer out of them as to how long it would take
11   them to provide the receipt, but I hope by Monday.
12           THE COURT:  That would be fine.  I would think that
13   within a week would be reasonable.
14           MS. COOK:  Okay.
15           THE COURT:  If there are any issues or difficulty
16   getting the receipts back to the court, please notify the
17   U.S. Attorney's Office and let them know the status, and I'm
18   sure you can work that out.
19           MS. COOK:  Okay.  Thank you.
20           THE COURT:  All right.  Thank you.  Then this
21   hearing's adjourned.  Thank you.
22      (Proceedings recessed at 9:23 a.m.)
23
24
25
```

## C E R T I F I C A T E

I, LINDA SCHROEDER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 11th day of July, 2019.

s/Linda Schroeder
Linda Schroeder