Nanci L. Clarence (CA State Bar No. 122286, admitted pro hac vice)
Jonathan Baum (CA State Bar No. 303469, admitted pro hac vice)
Shaneeda Jaffer (CA State Bar No. 253449, admitted pro hac vice)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
nclarence@clarencedyer.com
jbaum@clarencedyer.com
sjaffer@clarencedyer.com
Attorneys for Movant CARL FERRER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.<br><br>　　　　　Defendants. | CASE NO. 2:18-cr-00422-SMB<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER**<br><br>Hearing Date:  Oct. 3, 2019<br>Hearing Time:  9:00 a.m. |

   PLEASE TAKE NOTICE that on Oct. 3, 2019, at 9:00 a.m., or as soon thereafter as counsel may be heard in the above-entitled Court located at 401 West Washington Street, Phoenix, AZ 85003-2151, subpoenaed party Carl Ferrer, by and through his counsel, Clarence Dyer & Cohen, LLP, will move for the Court to quash the subpoena to provide testimony at the evidentiary hearing related to the Defendants' motion to compel served upon him by Defendant James Larkin.

   This motion is brought on the grounds that compliance with the subpoena would be unreasonable and/or oppressive, as it would require Mr. Ferrer to travel hundreds of miles, when

he has already communicated to Defendants' counsel that he intends to assert his Fifth Amendment privilege and decline to provide substantive testimony.

In addition, the subpoena should be quashed because it was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

This motion will be based upon this Notice of Motion and motion, the Memorandum of Points and Authorities set forth below, Declaration of Jonathan Baum, Declaration of Chris Kempel, and on all papers and records on file in the above-captioned action, as well as any evidence as may be presented at the hearing of this motion.

Dated:  September 23, 2019         Respectfully submitted,

CLARENCE DYER & COHEN LLP

By _____
Nanci L. Clarence
Jonathan Baum
Shaneeda Jaffer
Attorneys for Movant Carl Ferrer

NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA SERVED BY DEF. LARKIN ON C. FERRER

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This subpoena to Carl Ferrer is a transparent attempt by Defendants to use an unrelated discovery dispute between Defendants and the government to obtain a deposition of the government's key witness against them at their upcoming trial.

This subpoena is improper for many reasons. First, while Mr. Ferrer served as the co-founder and CEO of Backpage.com and had numerous interactions with Defendants concerning their joint efforts to promote prostitution and launder Backpage proceeds, Mr. Ferrer has no knowledge or expertise relevant to this hearing. Mr. Ferrer was not involved in the government's decision about how to produce ESI to Defendants and has not reviewed the government's production. Indeed, as is made clear in the enclosed declaration from Backpage's former Chief Information Officer, Chris Kempel, Mr. Ferrer is unable to answer basic technical questions about how the company's data was managed because that function was outsourced to an independent data management vendor (Desertnet).

Second, this subpoena is improper because Mr. Ferrer has communicated to Defendants' counsel that he intends to assert his Fifth Amendment privilege and decline to provide any substantive testimony related to his role at Backpage at this hearing. Defendants' insistence that Mr. Ferrer attend the hearing, knowing that he intends to assert his Fifth Amendment privilege, constitutes nothing more than an attempt to harass Mr. Ferrer for his decision to plead guilty and cooperate with the government against them in this matter.

The burden and expense of flying Mr. Ferrer from Texas, where he is currently under pretrial supervision by both federal and state authorities, only to assert his Fifth Amendment privilege against self-incrimination, far outweighs any benefit that Mr. Ferrer's testimony could provide. Under these circumstances, the subpoena should be quashed under Rule 17 of the Federal Rules of Civil Procedure on the grounds that complying with it would be unreasonable and/or oppressive.

In addition, the subpoena was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

For the foregoing reasons, the subpoena served by Defendant Larkin on Carl Ferrer should be quashed.

## LEGAL STANDARD

A subpoena for testimony may be quashed if compliance with it would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2); *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005) (applying Rule 17(c)(2)'s "unreasonable or oppressive" standard for subpoenas for testimony in addition to subpoenas for documents and objects); *United States v. Berberian*, 767 F.2d 1324 (9th Cir. 1985); *Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967). A decision to quash or modify a subpoena is within the sound discretion of the trial court. *See United States v. Nixon*, 418 U.S. 683, 702 (1974).

"[T]he Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses." *U.S. v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Rule 17 subpoenas "are not discovery devices and may not be used to expand the scope of Rule 16." *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006); *see also United States v. Binday*, 908 F.Supp.2d 485, 492 (S.D.N.Y. 2012) ("an impermissible discovery motive is much more likely to underlie a subpoena calling for a return well in advance of trial than one issued for return the date trial is set to begin.").

"[A]ny requested testimony must pass muster under the Federal Rules of Evidence . . . [even] relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Rosen*, 520 F. Supp.2d 802, 811 (E.D. Va. 2007) (quoting Fed. R. Evid. 403).

Finally, there is no "Sixth Amendment right to conduct an exploratory foray based on mere speculation." *United States v. Rivera*, 412 F.3d 562, 570 (4th Cir. 2005).

# ARGUMENT

1. **The Court Should Quash this Subpoena Because Mr. Ferrer has Indicated his Intention to Assert his Fifth Amendment's Privilege Against Self Incrimination**

This subpoena should be quashed because Mr. Ferrer has unequivocally expressed his intention to invoke his Fifth Amendment privilege against self-incrimination. *See* Baum Decl., para. 4 ("On Sept. 18, 2019, the day after receiving the subpoena from Defendant Larkin's counsel, Mr. Ferrer's counsel, Nanci Clarence, wrote to counsel for Mr. Larkin informing her that Mr. Ferrer would invoke his privilege against self-incrimination and decline to provide substantive testimony in response to all questions related to his role at Backpage.com.").

This assertion, together with Mr. Ferrer's status as a criminal defendant in a related criminal case, *United States v. Ferrer*, Case No. 2:18-cr-00464-SMB, provides good cause for the Court to quash this subpoena. "[A] motion to quash a subpoena is an appropriate and the most effective procedural means of resolving the constitutional confrontation that is created whenever [a party] seeks to compel a witness to give self-incriminating testimony." *United States v. Berberian*, 767 F.2d 1324, 1326 (9th Cir. 1985). In that case, which is analogous to the present matter, the Ninth Circuit upheld the district court's decision to quash a subpoena directed to a co-defendant, whose case had been severed. The Ninth Circuit held that, because it was clear the witness would refuse to testify, "it was not necessary for [him] to wait until he was sworn before asserting his privilege against self-incrimination." *Id.*, at 1326.

The fact that Mr. Ferrer has pled guilty in this Court does not deprive him of his Fifth Amendment rights. It is settled law that, even where a defendant has pled guilty, "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." *Mitchell v. United States*, 526 U.S. 314, 326 (1999), *citing Estelle v. Smith*, 451 U.S. 454, 462 (1981). Indeed, Mr. Ferrer's federal plea agreement specifically acknowledges the possibility that the Court may reject his plea and includes provisions that permit him to withdraw his guilty plea and/or that allow the government to vacate his federal plea agreement should state court judges in Texas or California reject his plea in those independent matters. Case No. 2:18-cr-00464-SMB, Dkt. No. 7-1, para. 3(c).

1  Here, Mr. Ferrer's status as a defendant who has pled guilty but has not been sentenced means
2  that his Fifth Amendment rights are fully intact. *See Mitchell*, *supra*, 526 U.S. at 326 (Fifth
3  Amendment right against self- incrimination applies until a defendant's "sentence has been
4  fixed and the judgment of conviction has become final.").

5      This is not the only Court where Mr. Ferrer faces criminal exposure. Mr. Ferrer has
6  also pled guilty, but is still awaiting sentencing, in state courts in California and Texas on
7  similar charges related to the operation of Backpage.com. *People v. Ferrer et al.*, Case No.
8  16FE019224, Cal. Sup. Ct., Sacramento Cnty; *State of Texas v. Ferrer*, Case No. 18FC-
9  1652C. Additionally, there are ongoing criminal or quasi-criminal investigations into
10 Backpage.com in Missouri, Massachusetts, and possibly other jurisdictions. *See, e.g.*,
11 *Backpage.com, LLC v. Hawley*, Case No. 17-cv-1951 (E.D. Mo.) These separate state matters
12 provide an independent basis for Mr. Ferrer's assertion of his Fifth Amendment privilege
13 against self-incrimination. *See Berberian*, *supra*, 767 F.2d at 1326 ("the possibility of state
14 criminal liability convinces us that the district court did not err in permitting the witness to
15 rely on his privilege.").

16     Lastly, the fact that Mr. Ferrer has discussed his involvement with Backpage with the
17 government is irrelevant to his assertion of the Fifth Amendment privilege in this matter. *See*
18 *Berberian*, *supra*, 767 F.2d at 1324 (Ninth Circuit quashes on Fifth Amendment grounds
19 subpoena calling for witness to "repeat the incriminating testimony he gave at his own
20 suppression hearing."); *see also United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir.
21 1978) ("A waiver of the Fifth Amendment privilege at one stage of a proceeding is not a
22 waiver of that right for other stages"), citing *Jeffries v. United States*, 215 F.2d 225 (9th Cir.
23 1954). Mr. Ferrer's Fifth Amendment privilege is fully intact, and he should not be required to
24 attend this hearing simply to assert it.

25     **2.** **The Court Should Quash This Subpoena Because it is Unreasonable and Oppressive Given Mr. Ferrer's Lack of Knowledge About the Subject of the Hearing**
26
27
28

1   This hearing arises out of a discovery dispute between the government and Defendants
2   related to the government's production of "imaged" data from Backpage servers. (Dkt. No.
3   643, at 10.) Mr. Ferrer had no involvement in or knowledge about the government's decisions
4   about how it would produce discovery to Defendants, and he can shed no light on the matter.
5   Therefore, the subpoena to him for this hearing is inappropriate because his testimony would
6   be irrelevant. *See United States v. Fletcher*, 461 F.Supp.2d 1101, 1103 (D. Ariz. 2006) ("It is
7   fundamental that there must be a proceeding pending before the Court *to which the*
8   *subpoenaed material relate* before the subpoena may issue." (emphasis added)); *United States*
9   *v. Charamella*, 294 F.Supp. 280, 286 (D. Del. 1968) (motion for Rule 17 subpoena denied
10  where subpoenaed information would establish "irrelevant fact").

11  Mr. Ferrer's lack of knowledge related to the highly technical issues at issue in this
12  discovery dispute makes clear that his testimony would not be relevant to this hearing.
13  Defendants' dispute with the government centers on whether the discovery provided allows
14  them to recreate the way that Backpage used "data and images drawn from numerous
15  interrelated databased connected by specific software, systems, and algorithms." (Dkt. No.
16  643, at 11) But, as Backpage's Chief Information Officer, Chris Kempel, attests, Mr. Ferrer
17  knows little about this subject. *See* Kempel Decl.

18  Mr. Kempel, who directly managed the data in question in his role at Backpage,
19  explains:

> "Mr. Ferrer's expertise was in classified sales and management. He was not technically versed, and did not have personal knowledge about how [the] company's data servers functioned or how elements were pulled from multiple servers in order to generate an advertisement on Backpage as it would have been displayed to the user." Kempel Decl., para. 3.

24  The reason that Mr. Ferrer doesn't have particularized knowledge about the
25  functionality of Backpage's servers is because Backpage outsourced management of its
26  advertising servers to a vendor called Desertnet. Kempel Decl., para. 4. This vendor handled
27  every aspect of managing Backpage's servers. *Id.* Indeed, while Mr. Ferrer, along with dozens
28  of other Backpage employees "were able to access the photos, text and banner ads, etc. for

moderation purposes on Desertnet servers," Mr. Ferrer was not "able to access or administrate the underlying technology that the data resided on" and was not "knowledgeable about how it functioned." *Id.*, para. 5. Because Mr. Ferrer is not knowledgeable about the subject of the hearing, it would be oppressive and unduly burdensome to require him to travel to attend the hearing.

### 3. **The Court Should Quash the Subpoena for Failure to Comply with Rule 17(d)**

Lastly, the subpoena should be quashed because it was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

### CONCLUSION

For all of these reasons, the subpoena served by Defendant Larkin on Carl Ferrer should be quashed.

Dated: September 23, 2019

Respectfully submitted,

CLARENCE DYER & COHEN LLP

By _____
Nanci L. Clarence
Jonathan Baum
Shaneeda Jaffer
Attorneys for Movant Carl Ferrer