Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for John Brunst

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT** |
| vs. | |
| Michael Lacey, *et al.*, | (Oral Argument Requested) |
| Defendants. | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .............................................................................................. 1

    A.    The Travel Act ................................................................................... 2

    B.    The Superseding Indictment ............................................................ 3

        1.    Count 1: Conspiracy to Violate the Travel Act ................... 3

        2.    Counts 2 Through 51: Travel Act Violations ...................... 4

        3.    The Superseding Indictment's Language ............................. 4

II. ARGUMENT .................................................................................................. 5

    A.    The Superseding Indictment Does Not Allege Any "Business Enterprise" Promoted or Facilitated by the Defendants ................. 6

        1.    The Travel Act Was Not Intended to Address Facilitation of Diffuse, Disorganized, and Disconnected Criminal Activity in General ................................................................ 7

    B.    The Superseding Indictment Fails to Allege That Each Defendant Knowingly and Intentionally Facilitated a Particular "Business Enterprise" ...................................................................................... 9

    C.    The Money Laundering Charges Premised on Deficient Travel Act Charges Must be Dismissed ......................................................... 11

III. CONCLUSION .............................................................................................. 11

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

5

*United States v. Bernhardt,*
  840 F.2d 1441 (9th Cir. 1988)..........................................................................5

6

7

*United States v. Brennan,*
  394 F.2d 151 (2d Cir. 1968)..............................................................................7

8

9

*United States v. Buckley,*
  689 F.2d 893 (9th Cir. 1982)............................................................................5

10

*United States v. Cecil,*
  608 F.2d 1294 (9th Cir. 1979)..........................................................................5

11

12

*United States v. Corbin,*
  662 F.2d 1066 (4th Cir. 1981)..........................................................................8

13

14

*United States v. Corona,*
  804 F.2d 1568 (11th Cir. 1986)........................................................................7

15

16

*United States v. Donaway,*
  447 F.2d 940 (9th Cir. 1971)............................................................................8

17

*United States v. Du Bo,*
  186 F.3d 1177 (9th Cir. 1999)..........................................................................5

18

19

*United States v. Gallo,*
  782 F.2d 1191 (4th Cir. 1986)......................................................................8, 9

20

21

*United States v. Gibson Specialty Co.,*
  507 F.2d 446 (9th Cir. 1974).......................................................................9, 10

22

23

*United States v. James,*
  210 F.3d 1342 (11th Cir. 2000)........................................................................9

24

*United States v. Kaiser,*
  660 F.2d 724 (9th Cir. 1981)............................................................................8

25

26

*United States v. Muskovsky,*
  863 F.2d 1319 (7th Cir. 1988)..........................................................................7

27

*United States v. Omer,*
  395 F.3d 1087 (9th Cir. 2005)..........................................................................5

28

ii
JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY
ELEMENTS OF THE TRAVEL ACT

1

2

*United States v. Resendiz-Ponce*,
   549 U.S. 102 (2007) ............................................................................ 5

3

*United States v. Rogers*,
   389 F. Supp. 3d 774 (C.D. Cal. 2019) ................................................ 8

4

5

*Woodhull Freedom Found. v. United States*,
   334 F. Supp. 3d 185 (D.D.C. 2018) .................................................... 8

6

**Federal Statutes**

7

18 U.S.C. § 1952 .......................................................................................*passim*

8

18 U.S.C. § 1961(4) .................................................................................... 6

9

10

**Other Sources**

11

Brief for the United States in *Woodhull Freedom Foundation v. U.S.*,
   No. 18-5298 (D.C. Cir., April 15, 2019), 2019 WL 1621020 ...................... 10

12

13

Ninth Cir. Model JI 8.20 on Conspiracy ............................................... 9

14

65 U.S. Attorneys' Bulletin, November 2017 ...................................... 11

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

The Superseding Indictment and all charges contained therein must be dismissed because it does not adequately allege a conspiracy to violate the Travel Act, or violations of the Travel Act, by Mr. Brunst (or others).[1]

The Travel Act does not criminalize promotion or facilitation of prostitution *in general*.  Rather, the statute, its legislative history, and both binding and persuasive authority all confirm that the Travel Act, in the context of prostitution, criminalizes the knowing and intentional promotion/facilitation of a "business enterprise . . . involving prostitution" in violation of specific state laws.  Those authorities also confirm that the Travel Act is a "specific intent" crime.

Thus, to charge someone with this offense, the government must both identify the specific business enterprise at issue and allege that the defendant knowingly and willfully sought to promote or facilitate the unlawful aims of that specific business enterprise.  The Superseding Indictment does neither.  None of the Travel Act counts in the Superseding Indictment identify the criminal "business enterprise" allegedly facilitated by the defendants.  Nor is the "business enterprise" identified anywhere else in the Superseding Indictment.  Further, the Superseding Indictment fails to allege that Mr. Brunst or any other defendant knew of any particular "business enterprise" and acted with the intent  to promote or facilitate its unlawful aims.

Rather, what the Superseding Indictment makes clear, and the government's briefing and oral argument on other motions have confirmed, is that the Superseding

---

[1]    Count 1 of the Superseding Indictment (Doc. 230) charges Mr. Brunst and all other defendants with a conspiracy to commit the offense of "Facilitat[ion of] Prostitution" through the Backpage.com website in violation of 18 U.S.C. § 1952(a)(3).  Counts 2 through 51 charge Mr. Brunst and all other defendants with individual, substantive violations of § 1952(a)(3).  The Superseding Indictment references § 1952(a)(3)(A), but the (A) subsection is merely the penalty provision for the violation of § 1952(a)(3).

JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT

1  Indictment alleges that the defendants facilitated *prostitution in general*—but not any

2  specific, identifiable "business enterprise" that violated specific state prostitution laws.

3      The Superseding Indictment accordingly fails at the most basic function of an

4  indictment: to contain the elements of the offense and advise the defendants how they

5  allegedly violated them.  The "business enterprise" element, and each defendant's knowing

6  and intentional promotion or facilitation of that unlawful "business enterprise," is critical,

7  yet completely absent.

8      As the government has previously acknowledged, the failure to allege an element of

9  an offense requires dismissal of the charges.  Here, not only must the Travel Act charges

10  be dismissed, but because the money laundering charges are founded on the allegation –

11  unsupported by the indictment – that Travel Act violations occurred and the proceeds were

12  then used in various transactions (counts 52-62, 69-99), or funds were used to "promote"

13  the alleged Travel Act violations (counts 63-68), or transactions were designed to conceal

14  Travel Act violations (count 100), those counts must also be dismissed.

15  **A.    The Travel Act**

16      Title 18, United States Code, Section 1952(a)(3) makes it a crime to "use the mail

17  or any facility in interstate or foreign commerce, with intent to . . . promote, manage,

18  establish, carry on, or facilitate the promotion, management, establishment or carrying on,

19  of any **unlawful activity**."  (Emphasis added).  Section 1952(b) defines "unlawful

20  activity" as follows:

21      As used in this section (i) "unlawful activity" means (1) any business
      enterprise involving gambling, liquor on which the Federal excise tax has not

22      been paid, narcotics or controlled substances (as defined in section 102(6) of
      the Controlled Substances Act), or prostitution offenses in violation of the

23      laws of the State in which they are committed or of the United States, (2)
      extortion, bribery, or arson in violation of the laws of the State in which

24      committed or of the United States, or (3) any act which is indictable under
      subchapter II of chapter 53 of title 31, United States Code, or under section

25      1956 or 1957 of this title and (ii) the term "State" includes a State of the
      United States, the District of Columbia, and any commonwealth, territory, or

26      possession of the United States.

27

28

1    18 U.S.C. § 1952(b).

2         Thus, as relevant here, the statute defines "unlawful activity" as "**any business**

3    **enterprise involving** . . . **prostitution offenses** in violation of the laws of the State in

4    which they are committed or of the United States."  (Emphasis added).  And,

5    correspondingly, as relevant here, the Travel Act proscribes the use of the "any facility in

6    interstate or foreign commerce, with intent to . . . promote, manage, establish, carry on, or

7    facilitate the promotion, management, establishment or carrying on, of . . . any business

8    enterprise involving . . . prostitution offenses in violation of the laws of the State in which

9    they are committed or of the United States."

10   **B.    The Superseding Indictment**

11        **1.    Count 1: Conspiracy to Violate the Travel Act**

12        Count 1 charges the defendants as follows:

13        Beginning in or around 2004, and continuing through April 2018, in the
          District of Arizona and elsewhere, defendants LACEY, LARKIN, SPEAR,
14        BRUNST, HYER, PADILLA, and VAUGHT, and others known and
          unknown to the grand jury, knowingly and intentionally agreed,
15        confederated, and conspired with each other, and with others known and
          unknown to the grand jury, to commit the following offenses against the
16        United States:
17

18             18 U.S.C. § 1952(a)(3)(A) (Travel Act-Facilitate Prostitution).

19        The object of the conspiracy was to obtain money.
20

21        The manner and means of the conspiracy are described in Paragraphs 1-194
          above, incorporated by reference and re-alleged as though fully set forth
22        herein.

23   Superseding Indictment (Doc. 230) ("SI") ¶¶ 196-198.  Nowhere in the charge, or in the

24   incorporated-by-reference 194 paragraphs, is a specific criminal "business enterprise"

25   alleged.  Nor is it alleged that the defendants knowingly and specifically intended to

26   facilitate or promote a particular "business enterprise."

27

28

1        **2.     Counts 2 Through 51: Travel Act Violations**

2        The same deficiency exists in Counts 2-51, which charge Travel Act violations as

3  follows (after reincorporating the prior paragraphs):

4        On or about the dates set forth below, each instance constituting a separate
         count of this Superseding Indictment, in the District of Arizona and
5        elsewhere, defendants LACEY, LARKIN, SPEAR, BRUNST, HYER,
         PADILLA, and VAUGHT, and others known and unknown to the grand
6        jury, used the mail and any facility in interstate and foreign commerce with
         intent to otherwise promote, manage, establish, carry on, and facilitate the
7        promotion, management, establishment, and carrying on of an unlawful
         activity, to wit: prostitution offenses in violation of the laws of the State in
8        which they are committed and of the United States, including but not limited
         to Title 13, Arizona Revised Statutes, Section 13-3214, and thereafter
9        performed and attempted to perform an act that did promote, manage,
         establish, carry on, and facilitate the promotion management, establishment
10       and carrying on of the unlawful activity, as follows: . . . Publish ad [followed
         by description of the ad].   In violation of 18 § 1952(a)(3)(A).
11

12

13  SI ¶¶ 201.  The allegation is that the defendants promoted/facilitated/etc. "prostitution

14  offenses" in general.  Again, nowhere in the charges, or in the incorporated-by-reference

15  199 paragraphs, is a "business enterprise" alleged.  Nor does the Superseding Indictment

16  allege that the defendants knowingly and specifically intended to facilitate or promote the

17  unlawful aims of that "business enterprise."

18       **3.     The Superseding Indictment's Language**

19       The preceding paragraphs of the Superseding Indictment – all incorporated by

20  reference into the charges – only confirm that no specific "business enterprise" is alleged

21  or identified.  Rather, those paragraphs make clear that the government's theory in the

22  Superseding Indictment is that the defendants facilitated prostitution *in general* through

23  Backpage.com.  *See* SI ¶ 17 (". . . *the BACKPAGE DEFENDANTS are charged in this*

24  *superseding indictment with the crimes of facilitating prostitution*" and money laundering);

25  *see also* SI ¶ 1 (Backpage earned millions "in prostitution-related revenue during its

26  fourteen year existence"); SI ¶ 10 ("Backpage also employed other business strategies that

27  were specifically intended to promote and facilitate prostitution"); SI ¶ 11 (Backpage

28

1   "intentionally solicit[ed] prostitution-related business"); etc.  Subsequent paragraphs only

2   confirm the same, alleging efforts to promote and facilitate prostitution across all fifty

3   states and around the world, with no specific focus on any particular "business enterprise"

4   as required by the Travel Act.

## II.

## ARGUMENT

7   An indictment must set forth the elements of the charged offenses.  *United States v.*

8   *Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).  As the government previously told this

9   Court, at a *minimum*, to be sufficient an indictment must "contain[] the elements of the

10   offense charged to fairly inform the defendant of the crime against which he or she must

11   defend."  (Doc. 634 at 12, citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 108

12   (2007)); *see also United States v. Buckley,* 689 F.2d 893, 897 (9th Cir. 1982) (the issue is

13   "whether the indictment adequately alleges the elements of the offense and fairly informs

14   the defendant of the charge").  The requirement is part of a defendant's due process rights,

15   and is meant "(1) to enable the defendant to prepare his defense; (2) to ensure him that he

16   is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him

17   to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can

18   determine the sufficiency of the charge."  *Bernhardt*, 840 F.2d at 1445.

19   "[A]n indictment's complete failure to recite an essential element of the charged

20   offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw

21   requiring dismissal of the indictment."  *United States v. Omer*, 395 F.3d 1087, 1088 (9th

22   Cir. 2005); *United States v. Du Bo,* 186 F.3d 1177, 1179 (9th Cir. 1999) (same).  "[T]he

23   fact that an indictment may have tracked the language of the statute will not render it valid

24   if it fails to allege an essential element of the offense or the minimum facts required to

25   fulfill the purposes of indictments."  *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir.

26   1979).

27

28

**A.    The Superseding Indictment Does Not Allege Any "Business Enterprise" Promoted or Facilitated by the Defendants**

The Superseding Indictment does not identify any criminal "business enterprise," much less one promoted or facilitated by Mr. Brunst or the other defendants.  Each of the Travel Act charges is completely silent as to the "business enterprise" element of the statute, as is the conspiracy charge.  The Superseding Indictment does not even allege the existence of a "business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed or of the United States."  18 U.S.C. § 1952(b).  The Superseding Indictment is thus deficient as a matter of law.

To be clear, the Superseding Indictment does not allege that Backpage.com was a "business enterprise involving . . . prostitution offenses," as defined in § 1952(b), nor could it.  The government does not contend that Backpage.com, a general-purpose classified advertising website, was a prostitution business, masquerading, for example, as a legal escort service.  It was not a prostitute, it was not a "pimp," and it was not a brothel. The government's theory in the Superseding Indictment is clear: Backpage.com provided a forum *for others* to post advertisements, including advertisements posted by persons involved in prostitution, thereby "facilitating" prostitution.[2]  *See* SI ¶ 1 (alleging that Backpage was the "internet's leading source of prostitution advertisements").

Rather than identify the requisite "business enterprise," the indictment alleges that the "unlawful activity" here was "prostitution" in general, conducted by unknown, unaffiliated, and diffuse persons spread across 49 states and parts of Nevada (and elsewhere) – not an "enterprise" as defined in 18 U.S.C. § 1961(4), and certainly not a

---

[2]    The government recently confirmed that Backpage is not alleged to be the required "business enterprise."  In its Response to Defendants' Motion to Dismiss Indictment, the government wrote "that Defendants' actions facilitated or promoted **the ongoing prostitution enterprises of Backpage's customers**."  Doc. 649, p. 32 n. 17 (Emphasis added). The government went on to make clear that its theory is exactly as described herein: the defendants allegedly facilitated general prostitution activity allegedly engaged in by those posting on Backpage.com.  (*Ibid.*)

particular "business enterprise" as required by the Travel Act.  (*See* Count 1 alleging that the defendants conspired to "Facilitate Prostitution" and Counts 2-51, alleging that the defendants used the facilities of interstate commerce to promote or facilitate the promotion of "an unlawful activity, to wit: prostitution offenses").  The government's filings with this Court confirm the same.  *See* Response to Defendants' Motion to Dismiss Indictment, Doc. 649, p. 13:26-27 ("Defendants worked together to facilitate prostitution by publishing these and similar ads").

> ### 1.  The Travel Act Was Not Intended to Address Facilitation of Diffuse, Disorganized, and Disconnected Criminal Activity in General

Like the rest of the racketeering statutes, the Travel Act's requirement of a "business enterprise" is meant to ensure that the statute is used to address specific, organized activity.  Thus, courts have allowed cases to proceed where, for example, the business enterprise is a regular, illegal card game (*United States v. Brennan*, 394 F.2d 151, 153 (2d Cir. 1968)), a nude dancing establishment at which prostitution took place (*United States v. Muskovsky*, 863 F.2d 1319, 1321 (7th Cir. 1988)), or a marijuana smuggling syndicate (*United States v. Corona*, 804 F.2d 1568, 1569 (11th Cir. 1986)).

As far as the defendants can tell, there has *never been a case* where the government alleged and a court allowed to proceed a Travel Act charge based on the general promotion or facilitation of criminal conduct within one of the categories identified in § 1952(b)(1), without anchoring the charges to a particular business enterprise.

The Fourth Circuit explained that the Travel Act was never intended to address facilitation or promotion of criminal activity *in general*, or sporadic criminal activity by disconnected individuals, such as what the government has alleged here.  Rather, the Travel Act was intended to combat specific, ongoing, continuous criminal activity by a particular, identifiable criminal business enterprise:

> Although the Travel Act does not define "business enterprise," the term has consistently been construed to require "a continuous course of conduct." The language first appears in Attorney General Robert F. Kennedy's testimony before the Senate Judiciary Committee.  Noting that the target of

the Travel Act was organized crime, Kennedy said that "**we are not trying to curtail the sporadic, casual involvement in these offenses, but rather a continuous course of conduct sufficient for it to be termed a business enterprise**." S.Rep. No. 644, 87th Cong., 1st Sess. 3 (1961). The House Report stated that "**the term 'business enterprise' requires that the activity be a continuous course of conduct. Thus individual or isolated violations would not come within the scope of the bill since they do not constitute a continuous course of conduct so as to be a business enterprise**." H.Rep. No. 966, 87th Cong., 1st Sess. 3, reprinted in (1961) U.S. Cong. Code & Ad.News 2664, 2666. . . . Subsequently, several courts have defined business enterprise to require a continuous course of conduct.

*United States v. Corbin*, 662 F.2d 1066, 1072 (4th Cir. 1981) (Emphasis added); *accord United States v. Kaiser*, 660 F.2d 724, 731 (9th Cir. 1981) ("The Travel Act proscribes, in part, interstate travel to promote unlawful 'business enterprises' involving [prostitution]. The words 'business enterprise' refer to a continuous course of criminal conduct rather than sporadic or casual involvement in a proscribed activity.") (internal citations omitted); *United States v. Donaway*, 447 F.2d 940, 944 (9th Cir. 1971) ("The words 'business enterprise' as used in § 1952 refer to a continuous course of criminal conduct rather than sporadic casual involvement in a proscribed activity."); *United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986) ([T]he term "business enterprise" means a continuous course of conduct, rather than a sporadic, casual, individual or isolated violation."); *United States v. Rogers*, 389 F. Supp. 3d 774, 786 (C.D. Cal. 2019) (the Travel Act "targets activities taken in connection with organizations involving . . . prostitution").[3]

Individual prostitutes and pimps acting on their own around the country do not together constitute a single business enterprise – they are not "in business" together, they are not sharing profits, they are not located in the same place, they are not engaged in a

---

[3]   Discussing a similar statute (FOSTA), a court explained that it did not apply to certain online platforms because it "targets specific acts of illegal prostitution – not the abstract topic of prostitution or sex work." *Woodhull Freedom Found. v. United States*, 334 F. Supp. 3d 185, 200 (D.D.C. 2018). The court there accepted the government's argument that the statute only made criminal "acts intended to promote or facilitate . . . **specific crimes much in the way that the Travel Act does**." *Id.* (emphasis added).

8

JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY ELEMENTS OF THE TRAVEL ACT

1  continuous course of conduct with each other, and they are not even in communication.

2  Whether on their own they are engaged in a continuous course of conduct is irrelevant

3  where the Superseding Indictment alleges facilitation of prostitution *in general, by all of*

4  *them and by others unknown and unidentified.*

5      Here, no enterprise is identified.  Simply put, the Superseding Indictment does not

6  allege that the defendants intended to promote or facilitate a particular criminal business

7  enterprise engaged in a continuous course of conduct of prostitution.  It just alleges that

8  they facilitated "prostitution," in general, which is insufficient for statutory purposes.

9  **B.     The Superseding Indictment Fails to Allege That Each Defendant Knowingly**

10         **and Intentionally Facilitated a Particular "Business Enterprise"**

11     The Superseding Indictment also is deficient because it fails to allege that Mr.

12  Brunst or any of his co-defendants specifically knew of and intended to facilitate, promote,

13  etc. any particular "business enterprise involving . . . prostitution offenses."

14     The Travel Act is a specific intent crime.[4]  One of its elements is "that the accused

15  formed a specific intent to promote, manage, establish, carry on or facilitate" unlawful

16  activity.  *United States v. Gibson Specialty Co.*, 507 F.2d 446, 449 (9th Cir. 1974).  The

17  Ninth Circuit is not alone in so holding.  As the Fourth Circuit explained, "**[o]ne element**

18  **of a Travel Act violation is proof of specific intent to promote 'unlawful activity,'**

19  **defined for relevant purposes, as any illegal business enterprise** involving [prostitution

20  offenses]."  *Gallo*, 782 F.2d at 1194 (emphasis added); *accord United States v. James*, 210

21  F.3d 1342, 1345 (11th Cir. 2000) (listing "the elements of a Travel Act charge" to include

22  both "the *specific intent* to promote, manage, establish or carry on an unlawful activity, as

23  defined," and "that the defendant [] **knowingly and willfully** committed an act to promote,

24  manage, establish or carry on such unlawful activity." (Emphasis added.).  Indeed, in

25  defining a violation of the Travel Act, "Congress 'required that there be intent to facilitate

26

27  ---
   [4]   Conspiracy is also a specific intent crime.  *See* Ninth Cir. Model JI 8.20 on Conspiracy

28  ("One becomes a member of a conspiracy by willfully participating in the unlawful plan
   with the intent to advance or further some object or purpose of the conspiracy.")

the carrying on of (some) business enterprise involving [prostitution] in violation of state laws.'" *Gibson Specialty Co.*, 507 F.2d at 449.

The Ninth Circuit, affirming the dismissal of a deficient indictment under the Travel Act, held that **knowledge <u>and</u> intent** to facilitate a *specific* unlawful business enterprise is required: "[T]he prosecutor must show that the [defendant] in some significant manner associated himself with the purchaser's criminal venture **for the purpose of its advancement**." *Gibson Specialty Co.*, 507 F.2d at 449 (emphasis added). Indeed, the law could not be otherwise, for how could one specifically intend to promote/facilitate a business enterprise one does not know to exist?[5]

The Superseding Indictment's failure to allege that each defendant knew of, and knowingly and intentionally promoted or facilitated, a particular "business enterprise" is as fatal to the Superseding Indictment as is the failure to identify and allege a "business enterprise."

Finally, the Superseding Indictment also suffers from the fatal flaw that it fails to allege that Mr. Brunst or any of the other defendants had any knowledge of any specific ad relating to a business enterprise engaged in prostitution offenses or any role in

---

[5]    The government, in a different case, effectively conceded that the Travel Act does not criminalize the promotion of prostitution in general, and requires an allegation (and proof) that the defendant knowingly and intentionally promoted or facilitated a specific criminal business enterprise. Before the DC Circuit Court, the government wrote that another statute's – FOSTA's – "criminal prohibition is substantially similar to an existing statute, the Travel Act, 18 U.S.C. 1952," the only differences being that FOSTA specifically applies to the internet, requires mandatory restitution, and has a higher statutory maximum. Brief for the United States in *Woodhull Freedom Foundation v. United States*, No. 18-5298 (D.C. Cir., April 15, 2019), 2019 WL 1621020 at *21-22. The government argued that the analogous FOSTA statute is constitutional because it only seeks to punish those who "intentionally promote or facilitate **any specific, unlawful instance of prostitution** or sex trafficking," meaning that the "the promotion or facilitation [is] directed to a specific, unlawful instance of prostitution." *Id.* Through its own analogy, the government thus made clear that the specific intent requirement of the Travel Act means that the statute does not criminalize the promotion or facilitation of prostitution in general, as the Superseding Indictment tries to do, but rather the knowing and intentional promotion or facilitation of a specific business enterprise involved in illegal prostitution.

Backpage.com's publication of any such ad.  Even if the defendants knew of any particular business enterprise engaged in prostitution offenses in violation of state law, they could not have specifically intended to promote such a business enterprise by "publish ad" (sic) (SI ¶ 201) without knowing about a particular ad and having some role in the publication of the ad—and the Superseding Indictment contains no such allegation with respect to Mr. Brunst or any of the other defendants.

C.      **The Money Laundering Charges Premised on Deficient Travel Act Charges Must be Dismissed**

Because all of the money laundering charges are premised on the underlying charges of Travel Act violations, they must be dismissed as well.  If there was no criminal "business enterprise," or Mr. Brunst and his co-defendants did not know of a criminal "business enterprise" nor specifically intend to promote or facilitate its unlawful prostitution offenses, then any money laundering charges which stem from the deficiently pled Travel Act charges – meaning all of them – must be dismissed.  Simply put, based on the Superseding Indictment, no Travel Act violations occurred.  Thus, the fact that Backpage proceeds were allegedly used in various transactions (counts 52-62, 69-99), or that funds were allegedly used to promote Backpage (counts 63-68), or that transactions were allegedly conducted to conceal Backpage's involvement (Count 100), does not constitute a crime.[6]

**III.**

**CONCLUSION**

In short, the Superseding Indictment both fails to identify the specific "business enterprise" allegedly promoted or facilitated **and** that Mr. Brunst (or any other defendant)

---

[6]   Indeed, counsel for the government has recognized that a "money laundering charge requires proof of the defendant's knowing facilitation of a specified unlawful activity (SUA), [such as] a violation of Interstate Travel in Aid of Racketeering (Travel Act)."  65 U.S. Attorneys' Bulletin, November 2017 at 62, available at https://www.justice.gov/usao/page/file/1008856/download, (citing cases) (emphasis added).

1  knew of any such business enterprise or intended to promote or facilitate its unlawful

2  activity.  These key elements of the Travel Act offenses are simply missing from the

3  Superseding Indictment's allegations.

4        As it stands, the Superseding Indictment does not meet even the standard the

5  government acknowledged is the bare minimum for *any* case: containing the elements of

6  the offense charged.  At best, as the prosecutors have repeatedly stated in court, the

7  indictment alleges that Mr. Brunst and his co-defendants facilitated prostitution in general.

8  But that is not a violation of the Travel Act.  Because the Superseding Indictment is silent

9  as to the most basic of elements required for a Travel Act prosecution, the indictment is

10  deficient on its face and must be dismissed.

11        Accordingly, the Court should dismiss the Superseding Indictment in its entirety.

12

13  DATED:  September 27, 2019        Gary S. Lincenberg
                                     Ariel A. Neuman
14                                   Gopi K. Panchapakesan
                                     Bird, Marella, Boxer, Wolpert, Nessim,
15                                   Drooks, Lincenberg & Rhow, P.C.

16

17

18                                   By:      */s/ Ariel A. Neuman*
                                              _____
19                                            Ariel A. Neuman
                                     Attorneys for Defendant John Brunst

20

21

22

23

24

25

26

27

28

JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY
ELEMENTS OF THE TRAVEL ACT

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on September 27, 2019, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
3   Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance
as counsel of record.

4

5   By:  /s/ Ariel A. Neuman
            _____

6            Ariel A. Neuman
        Attorneys for John Brunst

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN BRUNST'S MOTION TO DISMISS INDICTMENT BASED ON FAILURE TO ALLEGE NECESSARY
ELEMENTS OF THE TRAVEL ACT