Mark A. Castillo
Texas State Bar No. 24027795
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: mcastillo@curtislaw.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-SMB |
| Plaintiff, | **DECLARATION OF MARK CASTILLO IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER** |
| v. | |
| Michael Lacey, et al. | Hearing Date: October 3, 2019 |
| Defendants. | Hearing Time: 9:00 a.m. |

I, Mark A. Castillo, hereby declare as follows:

1. I am an attorney admitted in the State of Texas, and I am counsel of record for subpoenaed party Ferrer in several civil cases related to the operation of the Backpage.com website in federal and state courts across the country. I have personal knowledge of the facts set forth below and, if called as a witness, could competently testify thereto.

2. On November 30, 2018, U.S. District Court Judge Leo T. Sorokin in the District of Massachusetts ruled that a civil case brought against Mr. Ferrer and other parties should be stayed, among other reasons, because civil discovery could "interfere with Ferrer's Fifth Amendment protection against self-incrimination." This order was entered over seven months after Mr. Ferrer's plea agreements were entered, and nearly three months after the pleas were submitted to the Massachusetts District Court on August 31, 2018.

3. Attached as Exhibit A is Judge Sorokin's Order on Motion to Stay in Jane Doe v. Backpage.com, et al., Case No. 1:17-cv-11069-LTS (D. Mass.), Dkt. No. 100.

4. State courts in Illinois and Texas have entered similar rulings upholding Mr. Ferrer's assertion of the Fifth Amendment privilege against self-incrimination.

5. In *XXXXXX (J.M.) v. Medalist Holdings, Inc., et al.*, No. DC-17-00951 (Dal. Dist. Ct. 44th Feb. 18, 2019), a Texas state court judge in Dallas ruled that Mr. Ferrer had a valid right to assert the Fifth Amendment in response to Plaintiff's questions concerning the operation of Backpage.com.

6. In *Ambrose v. Backpage.com LLC, et. al.*, No. 2019 190619-U (IL App (1st) June 26, 2019), p.21, 24-2, an Illinois appellate court held that Mr. Ferrer's Fifth Amendment rights remain intact and expanded the trial court's partial civil stay, holding that, "the individual defendants' fifth amendment concerns are significant and not speculative…. Denying individual defendants' requests for a stay, where in this case their fifth amendment rights would be unduly burdened by proceeding with the civil action, would be an abuse of discretion."

7. The *Ambrose* appellate decision was rendered over a year after Mr. Ferrer's plea agreements were entered, and over eight months after the pleas were submitted to the Illinois trial court on October 22, 2018.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 30, 2019, at Dallas, Texas.

*[signature]*
Mark A. Castillo

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-11069-LTS |
| BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO STAY (DOC. NO. 95)

November 30, 2018

SOROKIN, J.

On July 10, 2018, defendants Michael Lacey and James Larkin moved to stay this matter with respect to them. Doc. No. 86. Although they had previously shared representation with the other two defendants, counsel had withdrawn as to defendants Backpage.com, LLC ("Backpage") and Carl Ferrer, who were then unrepresented. See id. at 6 n.1, Doc. No. 99 at 1–2. The Court allowed the stay as to Lacey and Larkin. Doc. No. 89. Backpage and Ferrer, who have obtained new representation, Doc. No. 93, now move to stay the matter with respect to them, Doc. No. 95.

The Trafficking Victims Protection Reauthorization Act ("TVPRA") provides that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 15 U.S.C. § 1595(b)(1). It further provides that a "'criminal action' includes investigation and prosecution and is pending

until final adjudication in the trial court." Id. § 1595(b)(2). Because this civil action arises under the TVPRA, see Doc. No. 64 ¶ 1, Backpage and Ferrer argue that they are entitled to a stay because "several criminal actions concerning the same occurrences and victims remain pending against" them, Doc. No. 95 ¶ 10. Ferrer and Backpage have both pled guilty to federal criminal charges concerning the occurrences and victims at issue in this matter, and both of their cases remain pending. See United States v. Ferrer, Crim. No. 18-464-SPL (D. Ariz. filed Apr. 5, 2018); United States v. Backpage.com, LLC, Crim. No. 18-465-SPL (D. Ariz. filed Apr. 5, 2018). Both defendants also have state criminal charges pending against them. Doc. No. 95 at 1 n.1. The plaintiffs' opposition does not address 15 U.S.C. § 1595(b) or dispute that it provides for a stay in these circumstances. See generally Doc. No. 96.

Further, it is within this Court's discretion to grant a stay of civil proceedings where there are simultaneous criminal proceedings against the civil defendant. Such discretionary power "should be invoked when the interests of justice counsel in favor of such a course." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 78 (1st Cir. 2004). Because civil discovery in this matter could disrupt the ongoing federal and state criminal prosecutions and interfere with Ferrer's Fifth Amendment protection against self-incrimination, justice requires staying this matter during the pendency of those actions.

Given the totality of these circumstances, the Motion to Stay, Doc. No. 95, is ALLOWED, both under 15 U.S.C. § 1595(b) and under this Court's discretion. Defendants

2

Backpage and Ferrer shall file a status report within 14 days of the conclusion of the criminal proceedings in the trial courts. The Clerk shall administratively close this case.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge