Thomas H. Bienert, Jr. (CA 135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Gary S. Lincenberg *(admitted pro hac vice)*
glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
*Attorneys for Defendant John Brunst*

*[Additional counsel listed on next page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE COMMUNICATIONS DECENCY ACT OR, ALTERNATIVELY, AS VOID FOR VAUGENESS** |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
*Attorneys for Defendant Michael Lacey*


Bruce Feder (AZ Bar No. 004832)
bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
*Attorney for Defendant Scott Spear*


David Eisenberg (AZ Bar No. 017218)
david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
*Attorney for Defendant Andrew Padilla*


Joy Malby Bertrand (AZ Bar No. 024181)
joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

*Attorney for Defendant Joye Vaught*

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAUGENESS

**INTRODUCTION**

The instant case must be dismissed based on Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  The government is prosecuting defendants, all of whom were publishers of third-party content on an interactive computer service, under the Travel Act for allegedly facilitating state law prostitution offenses by publishing classified ads posted by third parties.  Superseding Indictment ("SI"), Counts 2-51, at paragraphs 200-201, pp 49-54 (using words "Publish ad" for each off the 50 counts).

The Travel Act criminalizes the use of facilities in interstate commerce in furtherance of an underlying "unlawful activity."  18 U.S.C. § 1952(a).  The government alleges defendants used the mail and facilities in interstate commerce to promote unlawful activity in violation of *state* laws and, in particular:

> prostitution offenses in violation of the laws of the State in which they are committed, and of the United States, including but not limited to Title 13, Arizona Revised Statutes, Section 13-3214, and thereafter performed and attempted to perform an act that did promote . . . and facilitate . . .  the unlawful activity . . .
>
> SI at paras 200-201, pp.49-50.[1]

Under the Travel Act, "[w]hen the unlawful activity charged in the indictment is the violation of state law, the commission of or the intent to commit such a violation is an element of the federal offense."  *United States v. Bertman*, 686 F.2d 772, 774 (9th Cir. 1982) (citations omitted); see also, *United States v. Hiatt*, 527 F.2d 1048, 1051 (9th Cir. 1975) ("[T]he existence of a state law violation is an element of the violation of the Travel Act and [] the court must make a determination of whether the underlying state law has been or could have been violated").  "The government thus must prove as part of a Travel Act charge that the

---

[1]   As set forth in Mr. Brunst's motion to dismiss based on failure to allege necessary elements of the Travel Act (Doc. 746), the "unlawful activity" cannot be just "prostitution" in violation of state laws, but must be a "business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed"—something the government has not alleged.

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAUGENESS

defendant has or could have violated the underlying state law, and the defendant may assert any relevant substantive state law defense." *Bertman*, 686 F.2d at 774.

In the instant case, defendants cannot be found of state prostitution. They are publishers, and are not alleged to have acted as pimps, johns or prostitutes. As publishers, they were immune from prosecution for violating state laws through publishing third-party content on their website. Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Section 230 of the Communications Decency Act ("CDA") grants immunity to interactive computer services such as Backpage.com for any liability based on publishing third-party content or for failing to remove any such content, regardless of any allegations that the website knew or should have known known that third-parties were posting illegal content. While Section 230 generally does not preempt federal criminal prosecutions, it expressly preempts *all* state criminal laws. Because the instant federal Travel Act charge is derivative of the unlawful activity of state prostitution, a charge for which defendant publishers are absolutely immune, Section 230 precludes prosecution of this case under the federal Travel Act. Because the SI fails to state an offense, the Court should dismiss the case pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). And even if Section 230 does not preclude a derivative prosecution under the Travel Act, the statutes as applied to defendants fail to give adequate notice of criminality and, consequently, the charges must be dismissed as void for vagueness.[2]

I.      **SECTION 230 OF THE COMMUNICATIONS DECENCY ACT REQUIRES DISMISSAL OF THE INSTANT CASE**

---

[2]      Federal Rule of Criminal Procedure 12(b) allows consideration at the pretrial stage of "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue." Here, Defendants are challenging the Indictment on two grounds that can be adjudicated prior to trial: (1) the improper predication of the Travel Act on state prostitution claims, against defendants who are immune to prosecution for such claims; and, (2) void for vagueness with respect to the use of the Travel Act and state prostitution laws in such a matter.

**A.** **Section 230 immunizes publishers such as Backpage.com and defendants from state law prosecution**

Section 230(c)(1) states "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1).  Section 230(e)(3) states "no liability may be imposed under any State or local law that is inconsistent with this section." The statute exempts (among others) federal criminal statutes. Id. § 230(e)(1), (2).

Courts have recognized that Section 230 "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user." *Zeran v. Am. Online, Inc.,* 129 F.3d 327, 330 (4th Cir. 1997).  "[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred." *Id.* Likewise, Section 230 forbids claims against a website "for the exercise of its editorial and self-regulatory functions" about whether to block or allow content.  *Id.* at 331. "[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is *perforce* immune under section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC,* 521 F.3d 1157, 1170-71 (9th Cir. 2008) (en banc) (emphasis added); *Carafano v. Metrosplash*, 339 F.3d 1119, 1124 (9th Cir. 2003) ("[u]nder section 230(c), … so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process").

Section 230 immunity applies and protects a website notwithstanding allegations that it knew or should have known of unlawful content or conduct, as "[s]ubjecting service providers to notice liability would defeat 'the dual purposes' of section 230, by encouraging providers to restrict speech and abstain from self-regulation."  *Zeran*, 129 F.3d at 333. "It is, by now, well established that notice of the unlawful nature of the information provided is not enough to make it the service provider's own speech." *Universal Comm'n Sys. v. Lycos*, 478 F.3d 413, 420 (1st Cir. 2007).  Section 230 provides "an *immunity from suit* rather than a mere

defense to liability." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (emphasis in original).  As a result, courts uniformly hold that claims against online providers based on third-party content should be dismissed at the earliest possible opportunity.  *Roommates.com, LLC*, 521 F.3d 1157, 1174, 1175 (9th Cir. 2008) (en banc).

Federal courts have dismissed civil suits against Backpage under section 230.  *Doe v. Backpage.com, LLC*, 104 F. Supp. 3d 149, 152, 157 (D. Mass. 2015), *aff'd*, 817 F.3d 12 (1st Cir. 2016), *cert. denied*, 137 S. Ct. 622 (2017) (holding that Backpage.com's editorial choices were protected and rejecting claims that its policies sought to promote "illicit sex trade" and "trafficking of children"; Backpage's practices "[s]ingly or in the aggregate … amount to neither affirmative participation in an illegal venture nor active web content creation"; "[t]he existence of an escorts section in a classified ad service, whatever its social merits, is not illegal"); *M.A. v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1051, 1053-55 (E.D. Mo. 2011) (dismissing all claims despite allegations that the website's structure and operation, and Backpage's alleged knowledge of illegal activity and exercise of editorial functions, made it culpable for sex trafficking; "even if a service provider knows that third parties are posting illegal content, 'the service provider's failure to intervene is immunized'"; "Congress has decided that the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material").

State criminal charges against Backpage and its personnel for facilitating prostitution have also been dismissed based on Section 230.  After the California Attorney General brought criminal pimping charges against Backpage and several of its personnel, the state court dismissed the charges based on application of Section 230.  *People v. Ferrer*, No. 16FE024013 (Cal. Super. Ct. Aug. 23, 2017) (taking into account First Amendment interests, holding that Backpage.com's provision of "a forum for online publishing" and receiving payments for ads "qualify as services rendered for legal purposes," insufficient to support charges of pimping, facilitating prostitution or money laundering); *People v. Ferrer*, 2016 WL 7237305 (Cal. Super. Ct. Dec. 9, 2016) (dismissing state's pimping charges against Larkin and

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAGUENESS

Lacey premised on allegations they actively furthered prostitution, noting the only "whiff of illegality" in the AG's complaint improperly "require[ed] the presumption that illegal content was contained in the ads," yet the website's actions in posting the ads "would not be illegal").

Indeed, multiple federal courts also have applied Section 230 (and the First Amendment) to strike down state criminal laws targeting Backpage.com.  All three federal courts that reviewed state criminal laws aimed at making Backpage criminally responsible for the content posted by its users held that the laws were invalid and Backpage.com was entitled to immunity under Section 230.  *Backpage.com v. McKenna*, 881 F. Supp. 2d 1262, 1273 (W.D. Wash. 2012) (striking Washington law imposing liability on Backpage.com for 3rd party-created information that advertised commercial sex acts); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805, 823 (M.D. Tenn.) (enjoining Tennessee statute because it "impose[d] liability on websites such as Backpage.com for selling or offering to sell advertisements, activity inherent in their role as publishers"); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097, at 7 (D.N.J. Aug. 20, 2013) (similar law violated Section 230 "by imposing liability … for information created by third parties—namely ads for commercial sex acts depicting minors").

The instant prosecution of defendants should fare no better because the Travel Act charge in this case is based on underlying state prostitution laws.  As noted above, Section 230 generally does not impair enforcement under "federal criminal statute."  This limitation would clearly appear to vitiate Section 230 immunity if defendants' underlying "unlawful activity" was a substantive federal crime.  But defendants are not charged based on underlying federal criminal activity; instead they are being prosecuted based on underlying <u>state</u> prostitution offenses.[3]  Because Section 230 immunizes publishers such as

---

[3]     The Travel Act's definition of "unlawful activity" includes "a business enterprise involving . . . prostitution <u>offenses</u> in violation of the laws of the <u>State</u> in which they are committed."  18 U.S.C. § 1952(b).

Backpage.com for such acts, defendants could not "have violated the underlying state law." *Bertman*, 686 F.2d at 774.

### B. Because the defendants' conviction for the underlying state law offense is a legal impossibility, the Travel Act charge cannot be sustained

As noted above, the criminal activity underlying the Travel Act charges, namely state law prostitution offenses, are crimes against which Section 230 immunizes defendants. Accordingly, defendants' conviction for the underlying state law offense on which the Travel Act charge is based is, as a matter of law, is a legal impossibility and no Travel Act charge can proceed.

Courts have recognized that the Travel Act is not available to prosecute a defendant who could not have committed the underlying crime. In *United States v. Fernandez*, the First Circuit reversed the defendant's conviction for conspiracy to violate the Travel Act based on alleged violations of Puerto Rico bribery law and directed the district court to enter a judgment of acquittal. *See* 722 F.3d 1 (1st Cir. 2013). The First Circuit held that the defendant's conviction was a "legal impossibility" because the travel underlying the charge was to take place on a date nearly 2 weeks after Puerto Rico repealed the bribery laws underpinning the Travel Act charges, so no statute prohibited the defendant's conduct on the date he planned to engage in it. *See id.* at 31-32 ("In short, Defendants were 'conspiring' to do something that would not be prohibited by these Puerto Rico bribery laws on the date they planned to do it"). According to the First Circuit, "with respect to the Puerto Rico bribery basis for the alleged Travel Act violation, 'since the conduct allegedly underlying the conspiracy was not a crime, no ... conspiracy to commit that conduct can exist either.'" *Id.* at 32, citing *United States v. Ali*, 561 F. Supp. 2d 265, 267 (E.D.N.Y. 2008). In the instant case, regardless of whether those committing actual acts of prostitution or illegal sex trafficking can be charged and convicted, a publisher is immune under Section 230 from prosecution under state law for its publication of advertisements by such persons. In short, "the conduct

allegedly underlying the conspiracy was not a crime" as to a publisher, so prosecution of a publisher is a legal impossibility.

Similarly, in *United States v. Tonry*, 837 F.2d 1281 (5th Cir. 1988), the Fifth Circuit vacated the defendant's conviction and sentence for conspiracy to violate the Louisiana Commercial Bribery statute and two substantive violations of the Travel Act. The government alleged that the defendant had bribed a chairman of a Native American tribe to induce him to sign a bingo contract and traveled from New Orleans to the Bureau of Indian Affairs in Washington D.C. to facilitate the approval of the contract. *Id.* at 1281-82. The Fifth Circuit held that the Louisiana Commercial Bribery statute did not reach bribery of non-Louisiana public officials and, therefore, the defendant was not guilty of violating the Travel Act. *See id.* at 1284-85 ("Tonry committed no crime under Louisiana law. In so holding, we do not condone Tonry's behavior. The bribing of anyone is certainly ethically and morally repugnant. However, in this case, it was not illegal"). The *Tonry* case is particularly instructive because, as in the instant case, a valid criminal state law exists that could apply to certain wrongdoers but that law could not apply to the defendant in the case, making Travel Act prosecution invalid.

Even more on point, although stated in dicta in a case involving different issues, in *United States v. Costello*, 307 F.3d 553, 555 (7th Cir. 2002), the Seventh Circuit observed what would seem to be the common sense notion that "section 1952 [Travel Act prosecution] is confined to illegal prostitution, and so would not apply to prostitution in the handful of counties in Nevada in which brothels are legal." If one cannot be prosecuted under the Travel Act for travelling to a place where prostitution is legal under state law, one also cannot be charged under the Travel Act for publishing activity related to alleged prostitution for which the defendants have absolute immunity.

Indeed, the government and other actors for the government recognized that the federal statutes simply didn't allow prosecution of defendants. For example, Ernie Allen, the

former President of the National Center for Missing & Exploited Children (NCMEC)[4]
wrote about his efforts to get federal and state prosecutors to take action against Backpage
based on its "facilitation" of prostitution:

> Two years ago, I met with Attorney General Eric Holder on this. The sites
> were blatant. The young women in the ads were nude, there were graphic
> images of sex acts, and there was advertising and links to the so-called "John
> boards," like Erotic Review, which provide detailed reviews of the services
> provided by each young woman. I asked how anyone could argue that the
> operators of these sites didn't know the purpose for which they were used.
> The Attorney General sent some Criminal Division prosecutors over to meet
> with me, and I laid out my arguments. They concluded that the mens rea
> standard (the legal standard that requires that an act be knowing and
> intentional) could not be overcome for a site like Backpage which by that time
> had eliminated nudity in the ads, eliminated pornographic images, stopped
> links to the John boards, and was making a good faith effort to screen,
> monitor and report.
>
> So, I began to speak to state AGs and District Attorneys.  I met with lots of
> them.  What I found is there are a number of prosecutors who are eager to
> bring these prosecutions and think they are a "slam dunk."  However, they
> feel they are barred by the language of Section 230 of the Communications
> Decency Act, which effectively creates preemption for the federal government
> and precludes state prosecution.

Exhibit A, Email from Ernie Allen, July 19, 2013.

---

[4]      As noted in Defendants Motion for Production of Brady Material, filed the same day
as this motion, NCMEC is an organization that has repeatedly been held to be an agent of
the government.

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAGUENESS

1    Mr. Allen's email makes clear that he and prosecutors recognized full well what court

2    holdings and statutes demonstrate: Backpage's publishing did not violate available federal

3    statutes and prosecution under state laws was barred by Section 230.

4    **II.    EVEN IF NOT PRECLUDED, THE INTERSTATE TRAVEL ACT**

5    **WHEN COMBINED WITH THE UNDERLYING STATE**
     **PROSTITUTION OFFENSE IS VOID FOR VAGUENESS**

6

7    At a minimum, the application of the Travel Act in the instant case is fatally vague

8    and must be dismissed on that basis.  "A criminal statute must clearly define the conduct it

9    proscribes." *United States v. Skilling*, 561 U.S. 358, 415 (2010) (Scalia, J., concurring in part)

10   (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).  "Overly vague penal statutes

11   violate due process."  *United States v. Twombly*, 475 F. Supp. 2d 1019, 1022 (S.D. Cal. 2007).

12   "A criminal statute is void for vagueness if it is 'not sufficiently clear to provide guidance to

13   citizens concerning how they can avoid violating it and to provide authorities with principles

14   governing enforcement.'"  *United States. v. Zhi Yong Guo*, 634 F.3d 1119, 1121 (9th Cir. 2011)

15   (quoting *United States v. Jae Gab Kim*, 449 F.3d 933, 942 (9th Cir. 2006)).  In other words, "[a]

16   statute is unconstitutionally vague on its face if it 'fails to provide a person of ordinary

17   intelligence fair notice of what is prohibited, or is so standardless that it authorizes or

18   encourages seriously discriminatory enforcement.'"  *United States v. Kilbride*, 584 F.3d 1240,

19   1257 (9th Cir. 2009) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008).

20   "The statute will meet the requirement of 'certainty required by the Constitution if its

21   language conveys sufficiently definite warning as to the proscribed conduct when measured

22   by common understanding and practices.'" *Panther v. Hames,* 991 F.2d 576, 578 (9th Cir.

23   1993) (quoting *Turf Center, Inc. v. United States*, 325 F.2d 793, 795 (9th Cir.1963)).  "Our

24   doctrine prohibiting the enforcement of vague laws rests on the twin constitutional pillars of

25   due process and separation of powers." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019)

26   (citation omitted). "Vague laws contravene the first essential of due process of law that

27   statutes must give people of common intelligence fair notice of what the law demands of

28

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAGUENESS

them." *Id.* (citations and quotations omitted). "Vague laws also undermine the Constitution's separation of powers and the democratic self- governance it aims to protect . . . [by] threaten[ing] to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id.* (citations omitted).

"[T]he requirement for clarity is enhanced" for prosecutions involving the First Amendment. *Kilbride,* 584 F.3d at 1257 (quoting *Information Providers' Coalition for the Defense of the First Amendment v. FCC*, 928 F.2d 866, 874 (9th Cir. 1991)). "'[O]rdinarily a [party] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others'"; however, the Supreme Court has "'relaxed that requirement in the First Amendment context.'" *Kilbride,* 584 F.3d at 1257 (quoting *Williams,* 553 U.S. at 304). "A statute is unconstitutionally vague as applied if it failed to put a defendant on notice that **his** conduct was criminal." *Kilbride,* 584 F.3d at 1257 (citing *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2011) (emphasis added)). "An as-applied vagueness claim is viable when a particular application of an otherwise-permissible statute stretches the breadth of the statute further than could be reasonably anticipated." *Acosta v. Huppenthal,* No. CV 10-623-TUC-AWT, 2013 WL 871892, at *12 (D. Ariz. Mar. 8, 2013) (citing *Kilbride,* 584 F.3d at 1257), *aff'd in part, rev'd in part on other grounds, and remanded by Arce v. Douglas*, 793 F.3d 968 (9th Cir. 2015). An as-applied challenge can be ruled on at the pre-trial stage. *See, e.g., United States v. Wright*, No. 2:14-cr-357-APG-VCF, 2015 WL 9958034 (D. Nev. Dec. 24, 2015), *report and recommendation adopted by* 2016 WL 438957.

Defendants in this action did not have fair and reasonable warning that their publishing conduct could violated the Travel Act as applied to potential state law prostitution offenses. Section 230 indicates and cases interpreting it expressly find that publishers have immunity for prosecution "under any state or local law." The Travel Act itself indicates it can only proceed if linked with "unlawful activity." *See* 18 U.S.C. § 1952(a), (b). In the case of prostitution, the defendants are immune for their conduct being

"unlawful" as it relates to publishing ads of third parties.  The Travel Act and Section 230 do not put defendants on notice that their conduct was criminal.

The statute's vagueness is only highlighted when applied to defendants.  They were repeatedly on notice by numerous courts that their publishing of third-party content at Backpage was *not* illegal, because they had immunity from prosecution for state crimes based on their publishing of third-party content.  Moreover, they were engaged in conduct that Congress, through the Communications Decency Act, sought to incent—and it makes no sense that Congress would create a statutory scheme to incent certain conduct, but also allow that conduct to be prosecuted under a federal law that bootstraps federal criminal liability from a state crime for which a defendant was immunized from prosecution. Far from meeting the requirement that notice provide "guidance . . . concerning how [defendants] can avoid violating [the statutes]" and "provide authorities with principles governing enforcement," *Zhi Yong Guo*, 634 F.3d at 1121, numerous court decisions informed defendants that their publishing was legal and defendants knew they were immune from prosecution on state law theories, like prostitution offenses.

If Department of Justice lawyers specifically tasked by the Attorney General to assess whether Backpage could be prosecuted under Federal law concluded that Federal law did not permit such a prosecution, *see* Exhibit A, how would a person of ordinary intelligence fairly conclude that he was at risk of prosecution for engaging in the same conduct that prosecutors concluded was not proscribed?

The Travel Act charges, Counts 2-51 of the SI, must be dismissed as impermissibly vague as applied to defendants.

## III.   THE CONSPIRACY AND MONEY LAUNDERING CHARGES MUST BE DISMISSED

If the Travel Act counts are dismissed, then the conspiracy charge (Count 1) and the money laundering counts (Counts 52 to 100) also must be dismissed.

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAGUENESS

The conspiracy and money laundering counts are based on the alleged prostitution underpinning the Travel Act violations.  The alleged conspiracy was to commit "Travel Act – Facilitate Prostitution."  SI at para 196, p. 49.  The purportedly laundered money allegedly came from prostitution.   E.g., SI at para 177, p. 44. ("Backpage's customers overwhelmingly used the proceeds from criminal activity (i.e., money earned from pimping and prostitution) when purchasing ads on Backpage.  In addition, because Backpage's publication of such ads was an independent crime (e.g., violation of 18 USC section 1952), the fees it collected from customers posting prostitution ads – estimated at more than $500 million – constituted proceeds of unlawful activity.")

When the Travel Act counts fail, the other counts based on the same alleged conduct necessarily fail.

## **CONCLUSION**

The Superseding Indictment is entirely premised on the theory that defendants publishing activities promoted prostitution in violation of state laws.  Given that defendants are immune from prosecution under state laws for their publishing activities, the charges in the Superseding Indictment must be dismissed.

DATED: October 18, 2019                    BIENERT | KATZMAN PC


                                           /s/ Thomas H. Bienert, Jr.
                                           Thomas H. Bienert, Jr.
                                           Whitney Z. Bernstein
                                           *Attorneys for James Larkin*


*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Thomas H. Bienert, Jr. herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  October 18, 2019          Gary S. Lincenberg
                                  Ariel A. Neuman
                                  Gopi K. Panchapakesan
                                  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
                                  DROOKS, LINCENBERG & RHOW, P.C.

                                  By:   /s/ Ariel A. Neuman
                                        Ariel A. Neuman
                                        Attorneys for John Brunst


DATED:  October 18, 2019          Paul J. Cambria, Jr.
                                  Erin E. McCampbell
                                  LIPSITZ GREEN SCIME CAMBRIA LLP

                                  By:   /s/ Paul J. Cambria, Jr.
                                        Paul J. Cambria, Jr.
                                        Attorneys for Michael Lacey


DATED:  October 18, 2019          Bruce Feder
                                  FEDER LAW OFFICE, P.A.

                                  By:   /s/ Bruce Feder
                                        Bruce Feder
                                        Attorneys for Scott Spear


DATED:  October 18, 2019          David Eisenberg
                                  DAVID EISENBERG, P.L.C.

                                  By:   /s/ David Eisenberg
                                        David Eisenberg
                                        Attorneys for Andrew Padilla


DATED:  October 18, 2019          Joy Bertrand
                                  JOY BERTRAND, ESQ.

                                  By:   /s/ Joy Bertrand
                                        Joy Bertrand
                                        Attorneys for Joye Vaught

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAUGENESS

## CERTIFICATE OF SERVICE

I certify that on this 18th day of October, 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*s/ Toni Thomas*
Toni Thomas

Anne Michelle Chapman, anne@mscclaw.com

Erin E. McCampbell, emccampbell@lglaw.com

Anthony R. Bisconti, tbisconti@bienertkatzman.com

Ariel A. Neuman, aan@birdmarella.com

Bruce S. Feder, bf@federlawpa.com

James C. Grant, jimgrant@dwt.com

Lee David Stein, lee@mscclaw.com

Paul J. Cambria, pcambria@lglaw.com

Robert Corn-Revere, bobcornever@dwt.com

Ronald Gary London, ronnielondon@dwt.com

Janey Henze Cook, janey@henzecookmurphy.com

John Lewis Littrell, jlittrell@bmkattorneys.com

Seetha Ramachandran, Seetha.Ramachandran@srz.com

Thomas H. Bienert, Jr. tbienert@bienertkatzman.com

Whitney Z. Bernstein, wbernstein@bienertkatzman.com

Gary S. Lincenberg, glincenberg@birdmarella.com

Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com

Michael D. Kimerer, mdk@kimerer.com

Rhonda Elaine Neff, rneff@kimerer.com

David S. Eisenberg, david@deisenbergplc.com

Joy Malby Bertrand, joyous@mailbag.com

John Jacob Kucera, john.kucera@usdoj.gov

Kevin M. Rapp, Kevin.Rapp@usdoj.com

Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, reginald.jones4@usdoj.gov

Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov

Andrew C. Stone, andrew.stone@usdoj.gov

DEFENDANTS' MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE COMMUNICATIONS DECENCY ACT OR ALTERNATIVELY, AS VOID FOR VAUGENESS