**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  480-656-3919
Fax:  480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR:  DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,
     Plaintiff,

     v.

Joye Vaught,
     Defendant.

CR-2018-0422-SMB

**MOTION TO SEVER**

NOW COMES the Defendant, Joye Vaught, by and through her counsel of record, Joy Bertrand, to ask this Court to sever this matter from the trial of her codefendants.  As further grounds therefore, the Defendant submits the following:

## UNDERLYING FACTS

The Government sought indictment of Ms. Vaught for one count of conspiracy and fifty counts of violation of the Travel Act for allegedly facilitating prostitution.  The Indictment describes Ms. Vaught as Backpage's "assistant

operations manager," but does not describe her day-to-day work duties. (ECF Doc. 3 at 2)

Much of the conduct that the Government alleges against Ms. Vaught involves her being copied on emails sent by others.  (ECF Doc. 3 at 10-11, 14, 15, 19, 21, 22, 24, 25,27)  In its 61-page indictment, the Government sites one instance where Ms. Vaught sent an email with any directive, telling the moderator to remove links to "sex for money" web sites.  (ECF Doc. 3 at 26)  In another email, the Government alleges Ms. Vaught stated to moderators, "As far as I'm aware, we are no longer removing ads for GFE [girlfriend experience]."  (ECF Doc. 3 at 28)

The Government does not allege in the Indictment that Ms. Vaught created any of the posting policies for Backpage.  The Government does not allege that she had any power to change any of Backpage's operations.  The Government also does not allege that Ms. Vaught received any of the profits from Backpage.

Rather, the Government attempts to lump Ms. Vaught in with the powerful, wealthy men who ran Backpage.com.  To try her with her codefendants creates the real risk that the Government's proof against her codefendants will also envelop her.  To try her with her codefendants also prevents her from defending herself at trial.  She likely will not be able to cross examine her codefendants after the Government presents their prior statements

to the jury.  She also likely will not be able to present their testimony, which is one of the only ways she will be able to show the jury that she was not part of the larger scheme.

## ARGUMENT

This case presents four bases that, viewed independently, support severance of the Defendants' trials.  Collectively, the give no choice – Ms. Vaught must be severed from her codefendants.  First, Fed. R. Crim. Pro. 8 and Ninth Circuit case law, joinder is inappropriate in a circumstance such as the case at bar where the Defendants' acts are starkly different.  Second, under Fed. R. Evid. 403, the evidence proffered against the Defendants may be unfairly prejudicial against Ms. Vaught, their cases must be severed.  Third, the Government likely will use the statements of her codefendants at trial, though they may not testify, also requiring severance.  Fourth, the codefendants may have exculpatory information that assists Ms. Vaught's defense.  If the codefendants do not testify, then Ms. Vaught will not be able to call them as witnesses at a joined trial, in violation of Ms. Vaught's Sixth Amendment right to a fair trial.

## I.    Fed. R. Evid. 8 Requires Severance of Ms. Vaught from her Co-Defendants.

Fed. R. Crim. Pro. 8(b) provides, "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an

offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count..".

The circumstances of the present case are similar to those in *United States v. Satterfield*, 548 F.2d 1341 (9th Cir. 1977).  In that case, the Ninth Circuit held that a defendant, who only participated in two of the five robberies set forth in the indictment, was improperly joined with his codefendant, who committed all five of the robberies.  The Ninth Circuit wrote, "Other logical relationships might also be sufficient to establish that a group of offenses constitutes a 'series of acts or transactions,' but a mere showing that the events occurred at about the same time, or that the acts violated the same statutes, is not enough."  *Id.* at 1344, citing *United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971).

Here, the Government accuses Ms. Vaught and her codefendants of dozens of counts of violating the Travel Act – although the Indictment does nothing to differentiate how each defendant knowingly committed each of the crimes.  In the same Indictment, the Government also charges Ms. Vaught with eleven counts of money laundering, with which Ms. Vaught was not involved.

It is clear from the Indictment, that Ms. Vaught's involvement in the activities was significantly less than that of her codefendants.  Much like the defendant in *Satterfield*, whom the Government alleged to be involved in only a small portion of a large series of events, Ms. Vaught cannot be roped in with her

codefendants and receive a fair trial, "[a]t a joint trial, where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant.  In such cases, codefendants run a high risk of being found guilty merely by association" *Id*. at 1346.

## II.    Fed. R. Evid. 403 Requires Severance

Because the evidence regarding the codefendants' alleged misdeeds could be unfairly prejudicial against Ms. Vaught, severance also is appropriate.  Rule 403, provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.

The Seventh Circuit Court of Appeals aptly describes Rule 403's analysis:

Evidence is considered unfairly prejudicial, not merely because it damages the opposing party's case, but its admission makes it likely that the jury will be induced to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented on the crime charged.

*United States v. Connelly,* 874 F.2d 412, 418 (7th Cir.1989).

Here, requiring Ms. Vaught to defend herself at a trial with her codefendants risks of the unfair prejudice described by the Seventh Circuit. The Government will devote a large amount of time in its case-in-chief to the codefendants' conduct and its evidence against them. That evidence includes public and private statements by her codefendants that jurors may interpret as callous and indifferent to the protection of human trafficking victims.

Additionally, the Government fills significant portions of the Indictment with emotionally-charged, tragic descriptions of women who were killed by pimps and johns, after they were in Backpage advertisements.[1] Government is trying  tries to implicate a massive company valued in the hundreds of millions and its powerful, wealthy owners. The Indictment's charges against Ms. Vaught, however, appear to be almost an afterthought, or an effort by the Government to cajole Ms. Vaught into telling it what it wants to hear in its efforts to convict the codefendants.

If Ms. Vaught is forced to defendant a joint trial with her codefendants, then this highly prejudicial evidence would be presented ostensibly only against

[1] Ms. Vaught addresses the surplusage of these descriptions in a separate motion.

the codefendants.  At the least, it would be quite confusing for the jury to sort out which portions of the evidence apply to which defendant.  Even the Indictment cannot make those distinctions.  The risk that the jury will not discern between the evidence against only the codefendants and not against Ms. Vaught requires separate trials for these Defendants.

## III.    *Bruton* **Requires Severance**

The sixth amendment's confrontation clause prevents the use of *ex parte* affidavits and depositions *in lieu* of available witnesses in criminal trials.[1]  In *Bruton v. United States,* the United States Supreme Court expanded that principle, holding that a defendant's confrontation rights are violated when a non-testifying codefendant's incriminating statements are introduced at a joint trial. 391 U.S. 123 (1968).  The violation exists, because there is a substantial risk that the jury will disregard a judge's limiting instructions and consider the

[1] Sir Walter Raleigh was charged with endorsing a treasonous plot to replace King James with Lady Arabella Stuart.  The prosecution relied primarily on depositions and letters by Lord Cobham, Raleigh's alleged co-conspirator. Knowing that Cobham's confessions had probably been extracted through coercion and that Cobham had since retracted the confessions, Raleigh repeatedly demanded the opportunity to face his accuser and cross-examine him. The judges refused to force the prosecution to produce Cobham, relying on the principle that "so many horsestealers may escape, if they may not be condemned without witnesses."  Raleigh was convicted on November 17, 1603 and beheaded. Howell, A Complete Collection of State Trials 15-16 (London 1816); s*ee also* W.O. Douglas, An. Almanac of Liberty 144 (1954).

extrajudicial confession of one conspirator when determining the guilt of a co-conspirator. *Id.* at 124.

Bruton's joint trial for armed postal robbery resulted in the conviction of Bruton and his codefendant, Evans.  Neither defendant took the stand at trial, but a postal inspector testified that Evans had orally confessed to committing the robbery with Bruton.  The trial judge instructed the jury to disregard Evans' confession for purposes of determining Bruton's guilt or innocence.  *Id.*  The Supreme Court reversed Bruton's conviction stating that his confrontation rights had been violated because he was unable to cross-examine his codefendant concerning the incriminating confession which had been presented to the jury. *Id.* at 126.

Here, the record is replete with the Government's citations to the statements of the codefendants.  Ms. Vaught cannot address these statements unless she can cross-examine her codefendants.  If they choose not to testify at trial, she will be unable to cross-examine them.

A.    *Bruton and its Progeny*

The Ninth Circuit reviews claimed violations of the Confrontation Clause e novo.  *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002).   Even a redacted statement that does not explicitly name a co-defendant,  is forbidden if it makes the naming of the co-defendant obvious to the jury. *Gray v. Maryland,*

523 U.S. 185, 192 (1998).   The Ninth Circuit has held that there can be an inadmissible inference that a non-testifying co-defendant's names a co-defendant based upon evidence previously admitted at the trial.  *United States v. Mayfield*, 189 F.3d 895, 898 (9th Cir. 1999).

While the trial court can deliver a curative instruction, as the Ninth Circuit noted in *Parks*, that instruction may act "as an additional catalyst, providing the jury with a reason for the redaction –i.e., the co-defendant is the person named in the redacted portion – and making it difficult for the jury to consciously and unconsciously follow its instruction.  *Id*. at 1187.

B.    *Because the Government Likely will Present the Statements of Mr. Lacey, Mr. Larkin, and Mr. Padilla (to Name a Few) at a Joint Trial, Bruton Requires Severance.*

The *Bruton* rule applies to testimony by a witness concerning a codefendant's out-of-court statement that implicates a defendant.   *Monachelli v. Warden*, 884 F.2d 749, 753 (3rd Cir. 1989).   Here, the Government's case-in-chief is nearly guaranteed to include the statements of Mrss. Lacey, Larkin, and Padilla. Indeed, the Indictment discusses their public and private statements at length. Meanwhile, it is unclear at this time whether or not any of the codefendants will testify at trial.  In that circumstance, failure to sever Ms. Vaught from her codefendants creates constitutional error.

**IV.    The Sixth Amendment Requires Severance**

In assuring the right to a fair trial in a criminal trial, the sixth amendment provides that the accused as a right to "compulsory process in procuring witnesses in his favor." U.S. Const. Amend. VI.  That right is meaningless if the witness cannot testify once he is in court:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967).

Here, Ms. Vaught expects that her codefendants would testify about her lack of involvement, for example, in any decision-making at Backpage, any structuring of Backpage's advertising, and any share of Backpage's profits. These codefendants – Backpage's former owners and her former supervisor – are the only people with the knowledge of her limited role at the company.  To try Ms. Vaught with her codefendants forecloses and Ms. Vaught from calling these critical exculpatory witnesses and denies her a fair trial.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully asks this Court to grant her Motion to Sever.

RESPECTFULLY SUBMITTED on October 19, 2019.

s/Joy Bertrand
Joy Bertrand
Attorney for Defendant

**CERTIFICATE OF SERVICE**

On October 18, 2019, I, Joy Bertrand, attorney for the Defendant, Joye Vaught, filed the Defendant's Motion to Sever with the Arizona District Court's electronic filing system.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this Eighteenth day of October, 2019.


s/Joy Bertrand
Joy Bertrand
Attorney for Defendant