**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey - 001<br>James Larkin - 002<br>Scott Spear - 003<br>John Brunst - 004<br>Andrew Padilla - 006<br>Joye Vaught - 007, | |
| Defendant. | |

Pending before the Court is Defendant John Brunst's Motion to Compel Government Compliance with Court's Order for Specific Identification of Documents Subject to Protective Order.[1] (Doc. 740, "Motion.") The Government responded, (Doc. 767), and Defendant replied, (Doc. 771). The Court issues the following Order:

## I. BACKGROUND

This dispute arises out of two Court Orders relating to the public disclosure of sensitive documents and materials subject to the Jencks Act ("Jencks Act materials").[2] (*See* Docs. 730, 731.) The Court summarizes the Orders and parties' relevant conduct before addressing the Motion.

---

[1] Defendants Scott Spear, James Larkin, Andrew Padilla, Michael Lacey join the Motion. (Docs. 741, 743, 745, 747.)

[2] The parties do not dispute whether specific documents are Jencks Act materials. Rather, they dispute whether certain documents, presumably covered by the Jencks Act, can be publicly disclosed.

### A. Protective Order

On August 20, 2019, the Court ordered the Government disclose "any Jencks Act [materials][3] not previously disclosed." (Doc. 730 at 1, "Protective Order.") The Court further ordered Jencks Act materials may only be used "in connection with the defense of this case" and "for no other purpose, and in connection with no other proceedings, without further order of this Court." (*Id*.) Copies of Jencks Act materials are not authorized. (*Id*. at 2.) Moreover, "Defendants . . . shall not disclose the [Jencks Act materials] or their contents" either "[d]irectly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure [("authorized persons")]." (*Id.* at 1-2.) Defendants must provide authorized persons with a copy of this Protective Order. (*Id*. at 2.)

### B. Protective Order's Interpretation

On August 26, 2019, the Court interpreted the Protective Order upon Defendants' request. (Doc. 731, "Interpretation.") The Interpretation explicitly states the Protective Order "applies 'on a going-forward basis' to all Jencks Act materials, not just those disclosed on August 20, 2019." (*Id.* at 1.) Moreover, the Protective Order's disclosure restrictions do not apply to the government. (*Id.* at 1.) Last, the Interpretation orders the Government to "provide a list [("the List")] of Jencks Act material[s] disclosed and that it considers to be part of [the Protective Order] by September 3, 2019." (*Id.* at 2.) "The [List] should," the Court ordered, "include enough identifying information so [Defendants] can locate and separate the materials subject to [the Protective Order]."[4] (*Id.*)

### C. Government's Notice of Compliance

On September 3, 2019, the Government filed a Notice of Compliance with Doc. 730 and Doc. 731 after providing Defendants the List of Jencks Act materials. (Doc. 733; *see generally* Doc. 740-1.) Specifically, the List contains two parts:

---

[3] "Jencks Act materials," per the Protective Order, includes "[any] materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case." (*Id*.)
[4] The Court did not order Bates numbers disclosed. (*Id.*)

> First . . . is an excel spreadsheet identifying Jencks Act materials where each document is identified by witness, a short description of the document, and its Bates stamp. Second . . . the government incorporates by reference its August 20, 2019 letter entitled '*Jencks Act Disclosure: Carl Ferrer.*' This letter lists the date and number of pages for each Memorandum of Interview, a disk containing reference materials, as well as a May 23, 2019, declaration from Brian Fichtner, with supporting video exhibits.

(*Id*. at 3) (emphasis in original). The Government also stated it will provide additional Jencks Act materials as "victims and witnesses review and adopt their statements." (*Id*.)

### D. September 13, 2019 Hearing

On September 13, 2019, the Court stated it is "not willing to remove from [the Protective Order] anything other than to say publicly available information." (Doc. 767-1 at 6.) The Court further told Defendants: "If there is something else that should be removed from the [Protective] [O]rder, then . . . you need to file something specific with that designation so [the Court] can make that determination." (*Id*.) As they again argue in this Motion, Defendants argued at the hearing that the Government "should tell [Defendants] what needs to be protected." (*Id*. at 8.) The Court responded: "They just did. You disagree with it." (*Id*.) The Court further explained: "[I]f you want anything more specific than things that are public are not protected . . . all you need to do is send [the Court] a list with your motion saying this is what I don't think should be protected and here's why." (*Id*. at 10.) Defendants replied: "[U]nderstood, and we can do that. We can provide the specifics to the Court after we confer with the government further." (*Id*.)

### E. Post-hearing Dispute About Meaning of "Publicly-Available"

The parties began discussions about what should be excluded from the Protective Order after the hearing. On September 15, 2019, the Government clarified which documents it agreed are excluded from the Protective Order because they are publicly available.[5] (Doc. 740-1 at 30.) Two days later, Defendants responded disputing whether

---
[5] A "publicly available document" is one obtained outside of this Court's discovery process.

- 3 -

certain materials are publicly available. (*Id*. at 28-29.)

On September 23, 2019, the Government again clarified which materials it agreed are excluded from the Protective Order but disputed Defendants' assertion that identified emails are publicly available. (*Id*. at 27) ("If a document is publicly-available then we don't believe it's subject to the protective order.") In addition, the Government explained the extent to which certain documents are publicly available. (*Id*.)

On September 24, 2019, Defendants filed this Motion requesting the Court order the Government to specifically identify documents it believes are subject to the Protective Order. (Doc. 740 at 6.) Alternatively, Defendants request the Court remove the Protective Order. (*Id*.) The Court denies Defendants' Motion.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure . . . [and] prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(A), (C). "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted).

A protective order under Rule 26(c) is appropriately granted when the requesting party makes a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1103. In other words, "the party seeking protection [must show] specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11; *see also In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of proving 'good cause.'"), *cert. denied*, 132 S. Ct. 1867 (2012). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th

Cir. 1992). "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips*, 307 F.3d at 1211. In fact, the Supreme Court has interpreted Rule 26(c) to confer "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). But "good cause" is nevertheless required. *San Jose Mercury News*, 187 F.3d at 1103.

### III.   DISCUSSION

Defendants move to compel the Government to "specifically identify documents – by title and Bates number – that it contends are subject to the protective order." (Doc. 740 at 6.). Alternatively, Defendants move for removal of the Protective Order. (*Id*.) Defendants do not argue that they have not received a list of documents subject to the Protective Order.

### A. Good Cause Exists for the Protective Order.

As a preliminary matter, Defendants do not challenge whether the Government has shown good cause exists for the Protective Order. Nevertheless, the Court finds good cause still exists in light of recent disclosures of the Government's internal memoranda.[6] While "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test," *Beckman Indus.*, 966 F.2d at 476, the Government has provided concrete examples of pretrial disclosures. Requiring the Government to predict precise harm for each Jencks Act material or other sensitive document's disclosure is unnecessary under Rule 26(c)'s test where similar harms are present for any disclosure.

Again, and most importantly, the Protective Order's instructions for public disclosure do not prevent Defendants' receipt or use of discovery. Rather, they prescribe reasonable restrictions for Defendants' *public disclosure* of materials. These procedures are appropriate considering the importance of protecting the integrity of this Court's judicial processes. Not only does the Court find good cause for these simple measures, especially considering disclosure of sensitive materials has already occurred, but they in

---

[6] The Government cites two recent publications of its internal memoranda with Bates numbers in their entirety. (Doc. 767 at 2 n.1.)

no way inhibit Defendants' trial preparation. "[Rule 26(c)] allows a court to deny discovery altogether. In the instant case, the order does not go so far, for it allows plaintiffs to obtain information." *Curley v. Cumberland Farms Dairy, Inc.*, 728 F. Supp. 1123, 1141 (D. N.J. Dec. 29, 1989). "In fact, the order does no more than set forth a procedure by which the parties may present a dispute concerning the confidentiality of information." *Id.* In fact, these Court ordered assurances, by way of procedures relating to public disclosure, expedite discovery.

Having found good cause exists for the Protective Order, the Court turns to Defendants' Motion as it relates to compelling the Government to specifically identify documents subject to the Protective Order.

**A. Materials Subject to the Protective Order Are Already Identified.**

Defendants request the Government specifically identify each document subject to the Protective Order. (Doc. 740 at 3.) Without knowing which documents are subject to the Protective Order, Defendants argue they are "unable to evaluate the propriety of the government's designations (or comply with the Court's Order)." (*Id*. at 4-5.) More precisely, Defendants claim the "category of 'non-public' documents . . . needs further elucidation and . . . [t]he defense should not be left to guess, or be forced to consult with the government before copying a document, showing it to a potential witness, or otherwise doing something that could result in an unwitting violation of the Protective Order." (Doc. 771 at 3-4.) In essence, Defendants argue the Government bears the burden of identifying documents subject to the Protective Order. (*Id*. at 2.)

On the other hand, the Government argues the Motion should be denied because it has already provided a list of materials subject to the Protective Order. (Doc. 767 at 3) (citing Doc. 740-1 at 3-5.) Moreover, the Government claims another list would be unnecessary because the Court already interpreted the Protective Order's scope. (Doc. 767 at 2.) Specifically, it argues the Court already specified "that the [sic] Protective Order regarding Jencks Act material [is limited] to 'an interview memorandum of Carl Ferrer, all civil discovery material that remains under the Protective Order and other Jencks Act

materials not publicly available.'" (*Id.*) (quoting Doc. 737 at 2). The Government highlights the Court's unwillingness "to remove from [the Protective Order] anything other than . . . publicly available information," (Doc. 767 at 2) (quoting 767-1 at 6), as well as the Court's prescribed dispute process for Defendants: "[I]f there is something [besides publicly available information] that should be removed from the protective order, then . . . [Defendants] need to file something specific with that designation so [the Court] can make that determination." (Doc. 767 at 3) (quoting Doc. 767-1 at 6). The Court agrees that requiring the Government to provide another list is unnecessary. The Government has already provided it's position concerning which materials are protected.

The Court stands by the Protective Order's straightforward instructions. First, the Government provides Defendants materials it believes are subject to the Protective Order. If Defendants believe something should be excluded from the Protective Order, as seems to be their primary concern here, (Doc. 740-1 at 11), then they must confer with the Government and file a specific objection with the Court stating why they should be able to disclose it. Only then will the Court determine whether disclosure is appropriate. Instead of complying with the Court's instructions, Defendants ask the Court to reconsider them. The Court declines.

### IV. CONCLUSION

The Court finds that the Government has complied with the Court's Order by providing Defendants a list of twenty-six (26) documents identified by description and Bates numbers. Defendants properly discussed areas of disagreement with the Government. The Government agreed with some of Defendants' arguments but disagreed with others. If there is still a dispute, the proper procedure is to ask the Court to find that certain items are publicly available.

Accordingly,

**IT IS ORDERED** that Defendants' Motion, (Doc. 740), is **DENIED**.

Dated this 13th day of November, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge