MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO SPEAR'S MOTION FOR BILL OF PARTICULARS (Doc. 781)** |

**Preliminary Statement**

Defendant Scott Spear's Motion for Bill of Particulars should be denied. Defendant's request is untimely and unnecessary. First, the request is untimely, because Fed. R. Crim. P. 7(f) permits a Defendant to move for a bill of particulars within 14 days of arraignment or at a later time if the court permits. Here, Defendant's request came 18 months after arraignment and without any permission from the Court.

Second, the purpose of a bill of particulars is to inform defendants about the nature of the charges against them, avoid surprises at trial, and ensure that the charging document is not too vague for double jeopardy purposes. Here, the Superseding Indictment (doc. 230) (SI) is 92 pages and has 211 substantive paragraphs that not only informs Defendants of the criminal charges, but also provides a roadmap for the government's case against them, including detailed allegations about Defendants' knowledge and facilitation of prostitution and money laundering activities. (SI¶¶33-194.) Indeed, Defendants have often complained about the length of the SI, which contradicts Defendant's instant motion seeking further information about the criminal charges. (*See* Docs. 785, 794; *see also* Doc. 561 (referring to the SI as "prolix").)

Finally, the government has filed lengthy forfeiture complaints in the parallel civil matter pending before the Central District of California. (*See, e.g., United States v. Approximately $518,172.92 in Bank Funds Seized from Wells Fargo Bank Account '4455*, Verified Complaint for Forfeiture, Case No. CV19-7048, attached as Exhibit A.) These complaints provide detailed information related to the nexus between the criminal violations and the property listed in the forfeiture allegations. The government has already provided Defendants with a font of information related to the criminal charges and the forfeiture. Defendant's motion should be denied.[1]

---

[1] On August 24, 2018, the government filed a Bill of Particulars re Forfeiture of Property. (Doc. 281.) The government may supplement that Bill of Particulars as necessary. This response opposes Defendant's request for a Bill of Particulars based on Spear's four specific categories.

**Argument**

The purpose of a bill of particulars is to minimize the danger of surprise at trial, to provide sufficient information on the nature of the charges, to allow preparation of a defense, and to protect against double jeopardy. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). If the indictment itself provides sufficient details of the charges then a bill of particulars isn't needed. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). "Full discovery also obviates the need for a bill of particulars." *Id.* "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. A bill of particulars is intended to give a defendant only that "minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Taylor*, 2017 WL 11458486, at *2 (D. Ariz. July 10, 2017) (emphasis in original). Here, Defendants have received more than sufficient information advising them of the charges and permitting them the ability to conduct their own investigations.

**I.     Defendant's Motion is Untimely.**

Rule 7(f) permits a defendant to move for a "bill of particulars before or within 14 days after arraignment or at a later time of the court permits." Fed. R. Crim. P. 7(f). Filing after 14 days, without first receiving leave from the court, is untimely. *United States v. Galecki*, 2018 WL 2390062, at *5 (D. Nev. May 24, 2018). In *Galecki*, the defendant—who had been represented by the same attorney throughout the case—filed his motion for a bill of particulars 18 months after his arraignment. *Id.* at *4. Defendant did not seek, nor was he granted, leave from the court before filing. *Id.* Under these facts, the court held that defendant's motion was untimely and "denial of the motion is appropriate on this basis alone." *Id.* at *5.

The *Galecki* facts are identical to the facts at issue. Spear was arraigned on April 9, 2018, and his current attorney entered an appearance on that same date. (Docs. 27 & 30.)

Defendant then waited 18 months before filing a motion for bill of particulars. (Doc. 781.) Before filing, Defendant failed to seek, and the Court did not grant, leave to file such a motion. These facts alone are sufficient for the Court to deny Spear's motion. *Galecki*, 2018 WL 2390062, at *4-5 (filing a motion for bill of particulars 18 months after arraignment without first seeking and obtaining leave from the court is untimely and alone sufficient to deny motion). This Court, however, need not base its decision solely on Defendant's lack of compliance with the rule, because Spears's requested bill of particulars is also unnecessary.

## II.     The Government Need Not Disclose Names of Co-Conspirators.

Defendant's first request asks the government to identify each of Spear's alleged co-conspirators. As an initial matter, Defendant understands through the SI that his co-defendants in this matter are also his co-conspirators. In addition, Carl Ferrer—who has pleaded guilty to engaging in the conspiracy—is another co-conspirator. (CR-18-464-PHX-SMB, Docs. 7, 12, 20). Defendant therefore knows the identity of seven co-conspirators.

This is sufficient under governing case law. The Ninth Circuit has expressly held that a bill of particulars is not warranted to obtain the names of any known coconspirators. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). In *DiCesare*, defendants requested a bill of particulars in part "to obtain the names of any unknown coconspirators" and the Ninth Circuit affirmed the trial court's denial of the motion. *Id.* (citing *Wilkins v. United States*, 376 F.2d 552, 562-63 (5th Cir. 1967)). This is an issue that is settled within this circuit. *See, e.g., United States v. Ellis*, 121 F.Supp.3d 927, 940 (N.D. Cal. 2015) (citing *DiCesare* as support for denial of defendants' request for bill of particulars to identify the alleged members involved in the charged criminal conspiracy). Defendant's request should be denied.

## III.    The Specified Unlawful Activity is Clearly Articulated.

Defendant's second request seeks further details about the "specified unlawful activity" underpinning the money laundering charges in the SI. (Doc. 781 at 6-7.)

Defendant argues that the government fails to identify the specified unlawful activity and he and his co-defendants are therefore "left to guess the Federal statute allegedly violated and how it was violated." (Doc. 781 at 6.) This argument is hard to understand. Defendant appears to have only reviewed the actual money laundering counts rather than a separate section in the SI titled "Money Laundering Activities." (SI¶¶177-194.) If Defendant had reviewed those paragraphs, he would already have answers to his questions. (Doc. 781 at 7 (posing four questions he wants the bill of particulars to answer).)

The SI provides specific allegations related to the 49 money laundering counts. For example, the SI states: "Backpage's customers overwhelmingly used the proceeds of criminal activity (*i.e.*, money earned from pimping and prostitution) when purchasing ads on Backpage. In addition, because Backpage's publication of such ads was an independent crime (*e.g.,* violation of 18 U.S.C. § 1952), the fees it collected from customers posting prostitution ads—estimated at more than $500 million—constituted the proceeds of unlawful activity." (SI¶177.) In addition, in 2013, Spear, among other defendants, "discussed strategies for fooling credit card companies into believing that Backpage-associated charges were being incurred on different websites, including a proposal to set up shell companies without any apparent connection to Backpage . . . and use their bank accounts to accept payment." (SI¶179.) Spear also knew and strategized about Backpage utilizing an entity called Website Technologies, LLC, to process Backpage-related funds and "took steps to make it appear that Backpage and Website Technologies were independent entities." (SI¶187.) The SI also described the various stages of the money laundering process. For example, the SI alleges: "[T]he next stage of the money-laundering process was for money to be wired from Website Technologies accounts to bank accounts held by a different entity called Cereus Properties LLC. . . . The authorized signers on the Cereus Properties accounts included SPEAR and BRUNST." (SI¶190.)

Defendants do not need to "guess" about the specified unlawful activity underpinning the money laundering charges. The SI provides specific, detailed allegations about the Travel Act violations at issue. Defendants are charged with a conspiracy to

violate the Travel Act (Count 1), which, as this Court recently noted, means that each Defendant can be liable for each substantive count. (Doc. 793 at 19 (citing *United States v. Long*, 301 F.3d 1095, 1103 (9th Cir 2002) ("The *Pinkerton* doctrine is a judicially-created rule that makes a conspirator criminally liable for the substantive offenses committed by a co-conspirator when they are reasonably foreseeable and committed in furtherance of the conspiracy.")).) Additional information regarding the money laundering counts is unnecessary.

**IV.    No Further Information is Necessary Regarding the Nexus Between Alleged Crimes and Property Listed in Forfeiture Allegations.**

Defendant's final request seeks information related to the nexus between the criminal charges and the property listed in the forfeiture allegations. (Doc. 781 at 7.) Defendant argues that additional information regarding the forfeiture allegations is needed "so that time is not wasted guessing what financial data will be relevant to this case." (*Id.* at 8.) As an initial matter, the government is uncertain why Spear needs more information about the financial data to prepare for trial. The SI provides specific allegations related to the facts supporting the substantive counts, and further alleges that these criminal practices "enabled Backpage to earn over $500 million in prostitution-related revenue during its fourteen years of existence." (SI¶¶1 & 177.) It's unclear what additional information Spear actually needs to prepare for trial on the forfeiture allegations.

To the extent the Court believes that additional information beyond what is included in the SI is needed, the attached Verified Complaint for Forfeiture provides it. (Ex. A.) The Complaint provides allegations related to the "assets held by or for the benefit of Scott Spear." (Ex. A at ¶¶ 50-55, 198.) The Complaint also provides dozens of pages of allegations in a section titled "Evidence Supporting Forfeiture." (Ex. A at 25-83.) These include sub-sections describing, "Backpage['s] Promotion of Prostitution and Sex Trafficking," "Payments for Advertising on Backpage," and "Bank Accounts Funded with Proceeds Traceable to SUA, Involved in Money Laundering, or Both," among others. In evaluating whether a bill of particulars should be ordered, the Court "should consider

1  whether the defendant has been advised adequately of the charges through the indictment
2  and all other disclosures made by the government." *Long*, 706 F.2d at 1054.  Here, it's
3  clear the government has provided sufficient disclosures related to the forfeiture
4  allegations.

## **Conclusion**

6  Bills of particulars are granted when the government offers vague allegations about
7  the crimes at issue and more information is needed for defendants to prepare for trial.
8  That's not the case here.  The SI provides nearly 100 pages of allegations that ensure
9  Defendants understand the charges against them with great precision.  Defendant Spear's
10 request for further information is both untimely and unnecessary and the motion should be
11 denied.

12 Respectfully submitted this 27th day of November, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Andrew C. Stone*

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice


REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Angela Schuetta*
Angela Schuetta
U.S. Attorney's Office