# **Exhibit D**



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main:    (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax:   (602) 514-7693 |
| Phoenix, AZ  85004-4408 | |

November 13, 2019

| | | |
|---|---|---|
| Paul J. Cambria Jr., Esq. | David Eisenberg, Esq. | Joy Bertrand, Esq. |
| Attorney at Law | David Eisenberg, PLC | PO Box 2734 |
| Lipsitz Green Scime Cambria | 3550 N. Central Ave., Ste. 1550 | Scottsdale, AZ 85252 |
| 42 Delaware Ave \| Suite 120 | Phoenix, AZ 85012 | (attorney for Joye Vaught) |
| Buffalo, NY 14202 | (attorney for Andrew Padilla) | |
| (attorneys for Michael Lacey) | | |

| | | |
|---|---|---|
| Thomas H. Bienert, Jr., Esq. | Bruce Feder, Esq. | Ariel A. Neuman, Esq. |
| Whitney Z. Bernstein, Esq. | 2930 East Camelback Road, Suite 160 | Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C. |
| Bienert, Miller & Katzman, PLC | Phoenix, Arizona 85016 | |
| 903 Calle Amanecer, Suite 350 | (attorney for Scott Spear) | 1875 Century Park East, 23rd Floor |
| San Clemente, CA 92673 | | Los Angeles, CA 90067-2561 |
| (attorneys for James Larkin) | | (attorneys for Jed Brunst) |

**VIA EMAIL**

> Re:    Response to Mr. Neuman's November 5, 2019 Letter

Dear Ariel:

This letter responds to your November 5, 2019 letter.

*First*, it's difficult to comprehend your argument that the government "misled" the Court in our May 31, 2019 Notice Regarding Status of Backpage Servers (Doc. 626). In that filing, the government referenced the server at issue in your letter at least four separate times:

- "In addition to the two servers seized in Dallas that contain email-related data the government made available to Defendants on March 7, 2019, the government also seized three servers in Dallas that contain backup and storage data. The government has imaged one of these servers containing various virtual machines. The other two servers are backup appliances that have not been imaged. (*See* Robinson declaration, Exhibit D ¶ 17, and Attachment 2, p.3.)" (Doc. 626 at 4);

November 13, 2019
Page 2

- "According to CK the two other servers included (1) a backup appliance [1B36] with a 120 TB storage capacity used to store e-mail and subpoena data preservations requests . . ." (Doc. 626-4 at 8);
- "Synology RS18016xs+ with 120 TB storage (CARTMAN Synology NAS):  This was the storage device used to store email and for email subpoena data preservation requests."  (Doc. 626-4 at 18); and
- "1B35 HQP002099 Synology RS18016xs+ S/N:1650N8N101000 . . . Storage for e-mail and subpoena (120 TB) . . . Not imaged or previewed . . . [Not provided to defense].  (Doc. 626-4 at 22.)

*Second*, the opposite conclusion to the one you posit is true.  The government has not withheld material and relevant evidence from Defendants.  Rather, we have been up front about the information in our possession, custody, and control, and attempted to make you aware of the information relevant to the criminal prosecution.

*Third*, your argument that Backpage's compliance with subpoena requests somehow constitutes *Brady* is wrong.  The fact that Backpage complied with subpoenas is not an issue the government contests.  We agree.  Indeed, we would stipulate to that fact.  We anticipate government witnesses testifying about Backpage's subpoena compliance.

We disagree that subpoena compliance "demonstrat[es] that Backpage . . . *voluntarily* provid[ed] information to law enforcement."  As Mr. Eisenberg articulated, failing to comply with a subpoena is "an effrontery to the Court."  (Oct. 3, 2019 Tr. at 254.)  And when a subpoenaed party fails to comply "she is in contempt of court."  (*Id.* at 252.)  So, Backpage's subpoena compliance demonstrates that it understood its legal obligations and did not want to be held in contempt, but it's unclear what, if any, other conclusions can be reached from that fact.

But, as the government has stated previously, if Defendants want additional servers imaged, the government is willing to do so, though it will be at Defendants' expense.  (Doc. 696 at 9-10.)  The server in question is 120 Terabytes.  That's storage for roughly 780 million document pages.  *See*  https://www.dropbox.com/features/cloud-storage/how-much-is-1tb.  It's hard to fathom that Defendants actually need to review 780 million pages for evidence on an issue that the government doesn't contest, but if you would like a copy of the server, please provide us with a blank 120 TB hard drive.

November 13, 2019
Page 3

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807

MICHAEL BAILEY
United States Attorney

s/ *Andy Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney