1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The Court ordered oral argument on Defendant John Brunst's Motion to Dismiss Indictment on Failure to Allege the Necessary Elements of the Travel Act, (Doc. 746, "Mot."). Defendants Lacey, Larkin, Padilla, Spear, and Vaught join the Motion. (Docs. 751, 754, 755, 757, 787.) The Government filed a Response, (Doc. 776, "Resp."), and Defendant filed a Reply, (Doc. 798, "Reply"). Oral argument is set for January 29, 2020. To facilitate expeditious proceedings, and in addition to the questions presented in Defendant Brunst's Reply, (Reply at 4-5), the Court solicits the parties to specifically address the following:

(1) The consequences of the Superseding Indictment's (Doc. 230, "SI") omission of "business enterprise" to define the predicate unlawful activity under 18 U.S.C. § 1952(b).

- Is the "business enterprise" modifier an essential element of the crimes charged under 18 U.S.C. § 1952. "[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis,

but a fatal flaw requiring dismissal of the indictment." *United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005) (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988) ("An essential element of a crime—one that affects a substantial right—is 'one whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction.") (quoting *United States v. Cina*, 699 F.2d 853, 859 (7th Cir. 1983), *cert denied*, 464 U.S. 991, 104 S. Ct. 481, 78 L.Ed.2d (1983)).

- The Ninth Circuit recognizes "[a]n indictment under the Travel Act requires allegations of each of the three elements of the crime: (1) interstate commerce or use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity." *United States v. Tavelman*, 650 F.2d. Is 18 U.S.C. § 1952(b) definitional in nature, rather than an essential element of a Travel Act offense? *See United States v. Shafi*, 252 F.Supp.3d 787, 792 (N.D. Cal. 2017) (noting that, if definitional, "the relevant facts do not need to be pleaded in the indictment unless they are necessary to "fairly inform [] a defendant of the charge against him which he must defend; and enable[] him to plead an acquittal or conviction in bar of future prosecutions of the same offense") (quoting *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009)).

(2) If omission of "business enterprise" language is not, by itself, fatal to the SI, does the charging instrument fulfill its constitutional function by placing defendants on sufficient notice of the crimes charged? *United States v. Buckley*, 689 F.2d 893, 899 n.5 (9th Cir. 1982).

- The Court previously acknowledged the SI fulfilled this constitutional mandate albeit considering different legal arguments. (Doc. 793 at 22 (holding the SI was not constitutionally overbroad and alleged sufficient mens rea, the Court could not "conclude that . . . the allegations in the SI do not give fair warning that facilitating a criminal act is itself a crime")).

- The SI identifies numerous interactions between Defendants and various business enterprises or individuals that may plausibly fit the Travel Act's definition of "business enterprise" when assessing the sufficiency of the evidence at trial. (Doc. 776 at 1, 7-9.); *see also United States v. Buckley*, 689

F.2d 893, 897 (9th Cir. 1982) (determining the proper question at the pretrial stage is "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case.").

- For example, the SI contains detailed factual allegations describing Backpage's relationship with entities plausibly interpreted as "business enterprises." (*See* Doc. 232 ¶ 9 (". . . in an attempt to secure prostitutes' future business"), ¶ 11 ("In addition to affirmatively creating prostitution-related content and intentionally soliciting prostitution-related business"), ¶ 59 ("In addition to pursuing a formal partnership with TER, Backpage also formed 'affiliate' partnerships with other organizations and individuals who were known to be involved in the prostitution industry.")).

- The proper weight the Court should accord to the SI's multiple references to 18 U.S.C. § 1952. Although reference alone, is insufficient substitute for the recitation of an essential element, courts often consider the reference of the charging statute in the body of an indictment a factor in assessing the sufficiency of the indictment. *See U.S. v. Avery*, 295 F.3d 1158, 1175 (10th Cir. 2002) (citing *United States v. Dashney*, 117 F.3d 1197, 1206 (10th Cir. 1997)); *see also United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991) ("An indictment is not insufficient merely because it fails to recite the precise language of the statute.").

(3) Does the text of the 18 U.S.C. § 1952 or Ninth Circuit precedent indicate a Travel Act charge is necessarily cabined to a single business enterprise? (*See* Mot. at 6; Resp. at 8-9.)

Dated this 27th day of January, 2020.

Honorable Susan M. Brnovich
United States District Judge