**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendant Joye Vaught's Motion to Sever. (Doc. 784, "Mot." or "Motion"). The Government responded, (Doc. 808, "Resp."), and Defendant replied, (Doc. 831, "Repl."). Neither party requested oral argument. The Court has considered the parties' briefings, the superseding indictment, (Doc. 230, "SI"), and relevant case law and denies the Motion as explained below.

## I.     BACKGROUND

The grand jury returned a 93-count indictment against defendants on March 28, 2018. (Doc. 3.) Five months later, it returned a 100-count superseding indictment. (*See* SI.) Of the hundred counts, the SI charges Defendant Vaught with one count of conspiracy and fifty counts of facilitating prostitution under the Travel Act. (*Id.*) Defendant moves "to sever this matter from the trial of her codefendants" before trial. (Mot. at 1.)

## II.     DISCUSSION

Defendant argues that four independent bases warrant granting her Motion. (*See id.* at 3.) That is, she claims severance is appropriate under (1) Federal Rule of Criminal

Procedure 8; (2) Federal Rule of Evidence 403; (3) *Bruton v. United States*, 391 U.S. 123 (1968); and (4) the Sixth Amendment Compulsory Process Clause. (*See generally* Mot. at 3-10.) The Government argues severance under each theory is legally and factually unwarranted. (Resp. at 2.) The Court first addresses whether joinder is proper under Rule 8(b), and then if it is, whether Defendant has sufficiently demonstrated prejudicial joinder that demands severance under Rule 14.

## A.  Joinder is Proper Under Federal Rule of Criminal Procedure 8(b).

"Generally speaking, defendants jointly charged are to be jointly tried. This is also the rule in conspiracy cases." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (citations omitted), *cert. denied*, 449 U.S. 856 (1980); *see United States v. Freeman*, 6 F.3d 586, 598 (9th Cir. 1993) ("A joint trial was particularly appropriate in this case because conspiracy was charged."). Rule 8(b) states:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the *same act or transaction*, or in the *same series of acts or transactions*, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b) (emphasis added). "There is [even] a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *Richardson v. Marsh*, 481 U.S. 200, 210 (1987) ("[J]oint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts"); *Bruton*, 391 U.S. at 131 n.6 ("[Rules 8(b) and 14] are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial"). Rule 8(b) prohibits improperly joining defendants. *Zafiro*, 506 U.S. at 537.

A defendant is properly joined in an indictment "if all of the offenses charged in the indictment arose out of the same series of transactions." *United States v. Satterfield*, 548

F.2d 1341, 1344 (9th Cir. 1977). "Mere factual similarity between the events is not a sufficient basis for joinder, nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute." *United States v. Vasquez-Velasco*, 15 F.3d 833, 843-44 (9th Cir. 1994) (internal citation omitted) (citing *Satterfield*, 548 F.2d at 1344). However, joinder is proper where the defendants' charges involve substantially overlapping evidence or there is a logical relationship between a series of transactions such as a common plan, scheme, or conspiracy. *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208-1209 (9th Cir. 1991).

Defendant relies only on *Satterfield* for the proposition that her joinder is improper under Rule 8.[1] (Mot. at 3-5; Repl. at 3.) She argues her "involvement in the [indicted] activities was significantly less than that of her codefendants," (Mot. at 4), but does not argue her conduct arose out of another "series of transactions" or show with any real certainty how she was less involved. Fed. R. Crim. P. 8(b); *see Satterfield*, 548 F.2d at 1344. The Government claims joinder is proper because the SI charges all defendants with conspiracy and each defendant is indicted based on "virtually identical conduct." (Resp. at 4-5.)

The Court finds Defendant's arguments unpersuasive. Her joinder is proper under Rule 8(b) because her charges arise out of the same series of transactions as her codefendants, *Vasquez-Velasco*, 15 F.3d at 834-44, and she is indicted with conspiracy, *Satterfield*, 548 F.2d at 1343.

First, Defendant's indicted conduct is logically interrelated to her codefendants' actions such that severance is inappropriate. *Freeman*, 6 F.3d at 598. To be sure, her charges, like her codefendants', relate entirely to her role in facilitating and conspiring to facilitate prostitution as an assistant operations manager at Backpage. In other words, the

---

[1] Defendant also cites *United States v. Cobb*, 185 F.3d 1193, 1194 (11th Cir. 1999), in her Reply without identifying its significance to either Rule 8 or 14. (*See* Repl. at 2.) The Rules overlap, but nevertheless differ in their application. Rule 8 guides when offenses or defendants may be joined, while Rule 14 "permits a district court to grant a severance of defendants." *See Zafiro*, 506 U.S. at 535. Improper joinder under Rule 8 requires severance, while severance from proper joinder is appropriate only when that joinder is prejudicial. *See id.* In *Cobb*, the Eleventh Circuit was reviewing prejudicial joinder under Rule 14. *Id.*, 185 F.3d at 1197.

SI does not charge Defendant with distinct conduct at a totally different organization for entirely different crimes. Instead, all defendants are being tried for their interrelated involvement at Backpage. This foundational factual similarity does not warrant severance, especially considering a liberal policy favoring initial joinder. *See United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir. 1980) ("Rule 8(b) should be construed broadly in favor of initial joinder.").

Moreover, the situation in *Satterfield*, where no conspiracy was charged, is entirely distinguishable from the one here, where defendants are indicted for conspiracy. *See Satterfield*, 548 F.2d at 1344-47. In *Satterfield*, the Ninth Circuit found joinder improper where a grand jury jointly indicted two defendants for five bank robberies even though Satterfield's codefendant "alone had perpetrated the first, second, and fifth robberies[.]" *Id.* at 1343. In finding joinder improper under Rule 8, the Ninth Circuit reasoned that "[i]t was never alleged that Satterfield was involved in the first, second, and fifth robberies, whether as a participant in a common plan or in any other manner." *Id.* The Ninth Circuit further reasoned that "[t]he indictment . . . *did not charge the defendants with conspiracy*." *Id.* (emphasis added). Here, unlike how Satterfield was alleged to be uninvolved in any way in three of the five robberies, Defendant is alleged to have "served as Backpage's assistant Operations Manager," (SI ¶ 7), and conspired with her codefendants. *See Satterfield*, 548 F.2d at 1345 n.2. Because of the conspiracy charge, coupled with the foundational factual similarity addressed above, joinder is proper under Rule 8(b).

In sum, Defendant has not shown how her indicted activities arose out of vastly different transactions or that being charged with conspiracy alongside her codefendants requires severance in light of Rule 8(b)'s liberal joinder policy. *See Felix-Gutierrez*, 940 F.2d at 1208-1209. Because the Court finds proper joinder, Rule 8 does not warrant severing Defendant from her codefendants at trial. *See United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982) ("If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance.").

Again, this is not the case here: Defendant is charged with violations stemming from virtually identical conduct as her codefendants and coconspirators.

**B. <u>Severance is Inappropriate Under Federal Rule of Criminal Procedure 14.</u>**

Rule 8 is not Rule 14. *See United States v. Sanchez-Lopez*, 879 F.2d, 541, 551 (9th Cir. 1989) ("Charges against multiple defendants which are properly joined under Rule 8(b) may, nevertheless, result in prejudice to a defendant because of the evidence to be presented at trial requiring severance under Rule 14."). In other words, Rule 8 provides when "defendants may be charged together" while Rule 14 "permits a district court to grant a severance of defendants if it appears that a defendant or the government is prejudiced by a joinder." *Zafiro*, 506 U.S. at 535 (internal quotation marks omitted). Rule 14 states:

> (a) Relief. If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14.

Notably, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. In situations where joinder is proper under Rule 8(b), a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981). Defendant bears the burden of making a

strong showing of prejudice to obtain severance. *Id.* (citation omitted).

Of course, however, the risk of prejudice depends on the specific facts in each case. *Zafiro*, 506 U.S. at 538-39. In *Zafiro*, the Supreme Court highlighted a few non-exhaustive situations where a joint trial presents a greater potential risk of prejudice to a defendant. *Id.* For instance, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* (citing *Kotteakos v. United States*, 328 U.S. 750, 774-775 (1946)). Moreover, "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Bruton*, 391 U.S. at 123). A third situation when a "defendant might suffer prejudice [is] if *essential* exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro*, 506 U.S. at 539. (emphasis added). Where there is a high risk of prejudice, a "court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* (citing *Richardson*¸ 481 U.S. at 211).

Here, Defendant claims her joinder is prejudicial under three main legal theories. (Mot. at 3-10.) Namely, she claims Federal Rule of Evidence 403, *Bruton* and the Confrontation Clause, and the Compulsory Process Clause warrant severance under Rule 14. The Court finds each theory unpersuasive as explained below.

### 1.  Federal Rule of Evidence 403 Does Not Support Severance.

Federal Rule of Evidence 403, titled "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons," provides:

> The court may *exclude relevant evidence* if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403 (emphasis added); *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("Rule 403 . . . authorizes exclusion of relevant evidence[.]"). Rule 403 contains no express

language pertaining to severance.

Nevertheless, Defendant argues severance is appropriate under this ground "[b]ecause the evidence regarding the codefendants' alleged misdeeds could be unfairly prejudicial against [her]," (Mot. at 5), and that "it would be quite confusing for the jury to sort out which portions of the evidence apply to which defendant," (*id.* at 7). She cites only one case in support of this proposition, which discusses an approach for evaluating whether evidence should be excluded at trial. (*Id.* at 5 (citing *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989)). In claiming Rule 403 does not support severance, the Government states that it "could not find any cases that evaluated a motion to sever." (Resp. at 5 n.2.)

Defendant's novel approach for severance is unpersuasive. Instead, the Court finds that Rule 403, a ground for excluding evidence at trial, inadequately warrants severance. First, the Seventh Circuit in *Connelly* was not evaluating a motion to sever. 874 F.2d at 413-18. Rather, appellant was challenging whether "the trial judge improperly admitted evidence of his involvement in a prior, uncharged offense under [Federal Rule of Evidence 404(b)]." *Id.* at 413. Defendant has not identified how *Connelly*, or any case concerning Rule 403 for that matter, relates to granting severance. Even if Rule 403 could support severance, the Court finds Defendant's argument unpersuasive. As the Supreme Court stated: "To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict." *Opper v. United States*, 348 U.S. 84, 95 (1954). This is Defendant's exact argument. (*See* Mot. at 5-7.) Such speculative reasoning grounded in a Rule concerning admissibility of evidence at trial provides no basis for severance.[2]

## 2. ___Bruton___ and the Confrontation Clause Do Not Warrant Severance.

---

[2] The Court recognizes that *Bruton* emphasizes that "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." 391 U.S. at 131 n.6. In so emphasizing, the Court mentions Rules 8(b) and 14 and how they promote "economy and efficiency . . . where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Id.* (citation omitted). The Court interprets this footnote for the proposition that inadmissible evidence could prejudice a defendant at trial.

"The Confrontation Clause of the Sixth Amendment . . . guarantees the right of a criminal defendant 'to be confronted with the witnesses against him.'" *Richardson*, 481 U.S. at 206. The "'right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him' secured by the Sixth Amendment." *Bruton*, 391 U.S. at 126 (quoting *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). In *Bruton*, the Supreme Court held that "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson*, 481 U.S. at 207 (citing *Bruton*, 391 U.S. at 135-36). *Bruton*'s holding "recognized a narrow exception" to the "assumption of the law that jurors follow their instructions." *Richardson*, 481 U.S. at 206-207 (citing *Bruton*, 391 U.S. at 135-36).

As summarized by the Supreme Court in *Gray v. Maryland*:

> *Bruton* involved two defendants accused of participating in the same crime and tried jointly before the same jury. One of the defendants had confessed. His confession named and incriminated the other defendant. The trial judge issued a limiting instruction, telling the jury that it should consider the confession as evidence only against the codefendant who had confessed and not against the defendant named in the confession. *Bruton* held that, despite the limiting instruction, the Constitution forbids the use of such a confession in the joint trial.

523 U.S. 185, 188 (1998). The Supreme Court reasoned that the codefendant's confession "constituted just such a 'powerfully incriminating extrajudicial statement[],' and that its introduction into evidence, insulated from cross-examination, violated Bruton's Sixth Amendment Rights." *Id.* at 190 (quoting *Bruton*, 391 U.S. at 135).

The Supreme Court later "narrowed *Bruton*'s scope in *Richardson*, where it held that there is no Confrontation Clause violation if the codefendant's confession must be linked to other evidence to incriminate the defendant." *United States v. Mikhel*, 889 F.3d

1003, 1044 (9th Cir. 2018) (citing *Richardson*, 481 U.S. at 208). More specifically, the codefendant's redacted confession in *Richardson* "fell outside *Bruton*'s scope and was admissible (with appropriate limiting instructions) at the joint trial" because it was not "incriminating on its face," nor did it "expressly implicate" the defendant. *Gray*, 523 U.S. at 191 (quoting *Richardson*, 481 U.S. at 208).

Defendant argues severance is appropriate under *Bruton* because a joint trial potentially precludes her from cross-examining her codefendants' statements. (Mot. at 8-9; Repl. at 4-5.) Although Defendant is partially correct that the "*Bruton* rule applies to testimony by a witness concerning a codefendant's out-of-court statement that implicates [her]," (Mot. at 9), she fails to identify any powerfully incriminating statement by one of her codefendants that the Government plans to use at trial.[3] *See Gray*, 523 U.S. at 191. To be sure, Defendant points to select statements made by her codefendants, but none is a confession directly implicating her culpability in this case. (*See* Repl. at 4-5.)

As the Government highlights and the Court agrees with, Defendant is not specific about which of her codefendants' statements concern her. (Resp. at 7.) The Government further claims that the "six defendants who are scheduled for trial have not offered any confessions to the government," and that *Bruton* is inapplicable to testifying witnesses and therefore does not apply to the "two defendants who have already pleaded guilty who will be testifying at trial." (*Id.*) The Government also claims *Bruton* applies only to "express" statements that "directly" and "powerfully incriminate" Defendant and no such statement is identified here. (*Id.*)

The Court finds Defendant's theory for severance under *Bruton* unpersuasive. First, she fails to identify any statement, let alone a powerfully incriminating one, by any of her codefendants. *See Gray*, 523 U.S. at 192 (interpreting *Bruton* to protect against "powerfully incriminating extrajudicial statements of a codefendant"). Instead, she simply claims the "Government's case-in-chief is nearly guaranteed to include the statements of [three of her

---

[3] In addition to identifying no powerfully incriminating confession, Defendant claims that "it is unclear at this time whether or not any of the codefendants will testify at trial." (Mot. at 9.)

codefendants]." (Mot. at 9.) This is insufficient. Defendant not only fails to show how these unidentified statements would incriminate her codefendants, but also how they would necessarily incriminate her. In fact, Defendant's claim that one of her codefendant's purported confessions will even be introduced at trial is directly rebutted by the Government's assertion that "[t]he six defendants who are scheduled for trial have not offered any confessions to the government," (Resp. at 7). Absent any powerfully incriminating statement by a codefendant that could even be offered at trial, the Court finds *Bruton* inapplicable.[4]

Even assuming the Government intends to offer a codefendant's powerfully incriminating statement, Defendant fails to show how any redaction by the Government would preclude a joint trial. In other words, Defendant does not show, or even argue, that redacting any of her codefendant's statements to remove any reference to Defendant (in addition to a limiting instruction) would be ineffective. *Richardson*, 481 U.S. at 207; *Bruton*, 391 U.S. at 135. Defendant also does not argue that redaction would otherwise ingest or materially alter a codefendant's statement to the point where a separate trial is the *only* appropriate remedy. Accordingly, absent any powerfully incriminating statement that the Government intends to use at trial or showing that redaction cannot cure the introduction of such a statement, Defendant's *Bruton* argument fails.

### 3.  <u>The Compulsory Process Clause Does Not Require Severance.</u>

The Sixth Amendment Compulsory Process Clause safeguards a criminal defendant's "right to offer the testimony of witnesses, and to compel their testimony, if necessary," as part of "the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967). By its text, "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining *witnesses in his favor*.'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (quoting U.S. Const. Amend. VI). Indeed,

---

[4] Additionally, Defendant does not show how any of these statements are "testimonial." *See Lucero v. Holland*, 902 F.3d 979, 984 (9th Cir. 2018), *cert. denied*, 139 S.Ct. 1180 (2019) (concluding that *Bruton*'s protections only apply to testimonial statements).

"[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)); *see United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) (noting reasons that witnesses may be unavailable or unwilling to testify).

In addition to the restrictions described above, the Clause also "suggests that more than the mere absence of testimony is needed to establish a violation of the right." *Valenzuela-Bernal*, 458 U.S. at 867 (citing *Washington*, 388 U.S. at 14). In fact, in *Washington*, the Supreme Court only found this Clause violated because defendant was arbitrarily deprived of "testimony [that] would have been *relevant* and *material*, and . . . *vital* to the defense." 388 U.S. at 16 (emphasis added); *see Valenzuela-Bernal*, 458 U.S. at 873 ("A violation of these provisions requires some showing that the evidence lost would be both material and favorable to the defense.").

Defendant unclearly argues how compulsory process is denied if she is jointly tried. (*See* Mot. at 10.) She appears to claim compulsory process is denied because a joint trial forecloses her codefendants from testifying as exculpatory witnesses on her behalf.[5] (*Id.*; *see* Repl. at 5 (arguing a joint trial makes her defense "nearly impossible")). Defendant cites only *Washington* in support of her request, and neither analogizes nor distinguishes the case, but appears to simply cite to it for the proposition that the Compulsory Process Clause exists and is somehow violated here. (Mot. at 10; Repl. at 5.) In addition to claiming the Clause inadequately supports severance, the Government also claims Defendant has "given no indication that her co-defendants could, must less would, testify on her behalf even if her trial was severed." (Resp. at 8.)

Defendant's naked Compulsory Process Clause argument is unpersuasive for three reasons. First, the facts in *Washington* are distinguishable from the case at hand. *Id.*, 388

---

[5] The Court notes that "[f]or good or ill, the settled law of our Circuit is that in a joint trial a defendant may not call a co-defendant to the witness stand." *Gay*, 567 F.2d at 918 (citing *United States v. Roberts*, 503 F.2d 598 (9th Cir. 1974), *cert. denied*, 419 U.S. 1113, (1975)). In *Gay*, the Ninth Circuit noted that this rule "arguably may be viewed as raising a serious conflict between the Fifth and Sixth Amendments," but found its continued application constitutionally permissible because "a defendant has no absolute right to elicit testimony from any witness." 567 F.2d at 919.

U.S. at 14. There, the Supreme Court found that statutes prohibiting "principals, accomplices, or accessories in the same crime [from being] introduced as witnesses for each other" violated defendant's Sixth Amendment compulsory process right. *Id.* at 14. The two statutes at issue plainly stated that "persons charged or convicted as coparticipants in the same crime *could not* testify for one another[.]" *Id.* at 16 (emphasis added). By failing to analogize to *Washington* at all, Defendant fails to show there is a similar infringement here.

Second, while Defendant claims that she "expects that her codefendants would testify about her lack of involvement," (Mot. at 10), "[she] provides the Court with no other details or evidence of this alleged exculpatory testimony," *United States v. Owensby*, No. CR-06-125-BLG-RFC, 2007 WL 9697631, at *1 (D. Mont. July 30, 2007). Moreover, as required by *Washington*, Defendant does not show how any of her codefendant's testimony would be relevant, material, or vital to her defense. *See id.*, 388 U.S. at 16. Indeed, she fails to make even "some showing that the evidence lost would be both material and favorable to the defense." *Valenzuela-Bernal*, 458 U.S. at 873. In fact, as the Government highlights, Defendant has not given any indication that her codefendants even *would* testify on her behalf. (*See* Resp. at 8). Indeed, in situations of conditional offers of testimony by codefendants, the Ninth Circuit has reasoned that "a trial court may, in proper circumstances and in the exercise of its broad discretion in these matters, reject a severance motion based on a conditional offer to give exculpatory testimony." *Gay*, 567 F.2d at 918. Defendant fails to provide even a conditional offer that her codefendants *might* testify. Accordingly, "the Court is not required to try Defendant separately so that she may call a co-defendant as a witness who may or may not exculpate her, especially where there has been no showing that a co-defendant would actually do so." *Owensby*, 2007 WL 9697631, at *2.

Lastly, the Court is satisfied that the presumption of a joint trial of codefendants jointly charged overcomes Defendant's vaguely identified lost testimony. *See Gay*, 567 F.2d at 919 ("The ordering of separate trials requires unusual circumstances and the power

- 12 -

to do so rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar"). In a situation where Defendant does not even conditionally offer a codefendant's testimony, let alone show how it is relevant, material or vital to her defense, the Court cannot justify severance.

### III.    CONCLUSION

The Court finds Defendant properly joined under Rule 8 and severance inappropriate under Rule 14. Neither Federal Rule of Evidence 403, *Bruton* and its application to the Confrontation Clause, nor the Compulsory Process Clause support a finding by this Court that Defendant will be manifestly prejudiced by her joint trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever, (Doc. 784), is **DENIED**.

Dated this 10th day of February, 2020.

Honorable Susan M. Brnovich
United States District Judge

- 13 -