# **Exhibit C**



ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

February 10, 2020

John T. Montgomery
T +1 617 951 7565
john.montgomery@ropesgray.com

**BY E-MAIL**

Kevin M. Rapp
Assistant U.S. Attorney
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004-4408
Tel: (602) 514-7500
kevin.rapp@usdoj.gov

Re:     Opposition to Continuance in *United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.)

Dear Mr. Rapp,

      We represent Jane Doe Nos. 1, 2, and 3 in a federal civil proceeding against Backpage.com, LLC ("Backpage"), Carl Ferrer ("Ferrer"), Michael Lacey ("Lacey"), and James Larkin ("Larkin") (collectively, the "Defendants") in the District of Massachusetts.  *See Doe v. Backpage.com, LLC*, No. 1:17-cv-11069 (D. Mass., filed June 12, 2017).  We have also represented three other young women who filed a previous federal civil proceeding against the Defendants (together with Jane Doe Nos. 1, 2, and 3, the "Jane Does").  *See Doe v. Backpage.com, LLC*, No. 1:14-cv-13870 (D. Mass., filed Oct. 16, 2014).  The Jane Does were trafficked on the Defendants' website, backpage.com, while they were minors, for periods ranging from four months to four years.  The Defendants' significant involvement in advertising the Jane Does for sex resulted in tremendous physical and emotional harm to these young women.  Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (the "MVRA"), the Jane Does are entitled to restitution from Backpage and Ferrer, who have already pled guilty, and from Lacey and Larkin, if they are convicted in the above-captioned criminal proceeding.  Given the extent and nature of their injuries, and their inability to date to recover any damages in their civil cases,[1] the Jane Does strenuously oppose any further continuance of the trial set in *United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.).

---

[1] The 2014 *Doe* case was dismissed on May 15, 2015, and that decision was upheld on appeal, leaving the three plaintiffs without a civil remedy.  *See Doe v. Backpage.com, LLC*, 104 F. Supp. 3d 149 (D. Mass. 2015), *aff'd*, 817 F.3d 12 (1st Cir. 2016), *cert. denied*, 137 S. Ct. 622 (2017).  The 2017 *Doe* case has been stayed pending the conclusion of the above-captioned criminal case and pending the conclusion of the criminal proceedings against Backpage, *United States v. Backpage.com LLC*, No. 2:18-cr-465 (D. Ariz.), and Ferrer, *United States v. Ferrer*, No. 2:18-cr-464 (D. Ariz.).  *See* Order, *Doe v. Backpage.com, LLC*, No. 1:17-cv-11069 (D. Mass. Aug. 13, 2018), ECF No. 89 (staying case as to Lacey and Larkin); Order, *Doe v. Backpage.com, LLC*, No. 1:17-cv-11069 (D. Mass. Nov. 30, 2018), ECF No. 100 (staying case as to Backpage and Ferrer).  Even once those stays are lifted, Jane Doe Nos. 1, 2, and 3 likely face another round of

ROPES & GRAY LLP

Kevin M. Rapp                            - 2 -                      February 10, 2020

        Pursuant to the Crime Victims' Rights Act, as victims of the Defendants' crimes, the Jane
Does are entitled to both "timely restitution as provided in law," and "[t]he right to proceedings free
from unreasonable delay." 18 U.S.C. § 3771(a)(6)–(7). The Court has a mandatory duty to ensure
that victims of the Defendants' crimes are afforded these rights, *id.* § 3771(b), and we submit that any
further delay would be unreasonable and cause significant harm to the Jane Does. A continuance of
the trial in *United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.), delays not only the victims' ability to
access the restitution they are entitled to from Lacey and Larkin (should those defendants be
convicted), but also delays the victims' ability to access restitution from Backpage and Ferrer, who
have already pled guilty.[2] The time has come for these victims to be compensated for the horrific
harm that they suffered, especially given that Backpage and Ferrer have already admitted to their
crimes.

        The Jane Does suffer each day that they do not receive the restitution to which they are
entitled, which includes the "cost of necessary medical and related professional services and devices
relating to physical, psychiatric, and psychological care," the "cost of necessary physical and
occupational therapy and rehabilitation," and any "income lost . . . as a result of such offense." 18
U.S.C. § 3663A(b)(2). As we plan to show in future restitution proceedings, the Jane Does'
trafficking and exploitation on the internet and resulting repeated rapes have hindered the Jane Does'
ability to build the relationships and support networks that would allow them to thrive. At least two
of the Jane Does have not been able to participate in standard educational programs, resulting in lost
job opportunities and a diminished ability to provide for themselves and their families. Due to the
ongoing stress caused by being trafficked and raped, the Jane Does continue to suffer from a variety
of health problems, such as insomnia and depression, and are also unable to take advantage of housing
and employment opportunities in neighborhoods in which they could afford to live and find stable
work.

        As Congress recognized in its report when passing the MVRA, "justice cannot be considered
served until full restitution is made." S. Rep. 104-179, at 20 (1995). As a result of their victimization
on backpage.com, the Jane Does struggle to achieve the success and stability they would have attained
if they had not been trafficked on the website. The Jane Does urge a swift trial, sentencing, and
restitution process so that they can continue on their journey to recovery with the financial resources
they so desperately need.

---

dispositive motion briefing and, if their legal arguments are successful, a potentially lengthy discovery process. Their
prospects of recovering civil damages are thus years away, even assuming success on the merits.

[2] We understand that the sentencing and restitution processes for Backpage and Ferrer will not proceed until the conclusion
of the trial in *United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.).

ROPES & GRAY LLP

Kevin M. Rapp                              - 3 -                        February 10, 2020


        We therefore oppose any further continuance of the trial in *United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.), and urge the Court to reject Defendants' attempt to delay facing the consequences of their crimes.

Respectfully submitted,


*/s/ John T. Montgomery*

John T. Montgomery




Cc:    Aaron Katz
       Jessica Soto