Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | CASE NO. 2:18-cr-00422-004-PHX-SMB<br><br>**DEFENDANT JOHN BRUNST'S RESPONSE TO FEBRUARY 11, 2020 COURT ORDER RE GRAND JURY DISCLOSURE (DOCKET #879)**<br><br>Assigned to Hon. Susan M. Brnovich<br>Courtroom 506<br><br>Trial Date:       May 5, 2020 |

Defendant John Brunst hereby responds to the Court's February 11, 2020 Court Order (Docket #879) regarding the *in camera* review of certain portions of the grand jury transcript in this matter.

First, Mr. Brunst respectfully requests that the defense be permitted to review the portions of the transcript that are provided to the Court. The normal justifications for grand jury secrecy apply with significantly less force to the legal instructions provided to the grand jury, and the Court can order that the transcripts be sealed such that only the parties have access to them. *See United States v. Plummer*, 941 F.2d 799, 806 n.4 (9th Cir. 1991) (citing *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979) (identifying the "important" reasons for grand jury secrecy, none of which apply to legal instructions on a particular charge); *see also* Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii) (allowing Court to place the transcripts under seal, accessible only to the parties and the Court, rather than requiring *in camera* review). Mr. Brunst requests a copy of the transcript so that the defense has the same access as the government to all of the information that the Court is considering. There is no reason to shield this information from the defense, and the government offered none when it raised the prospect of *in camera* review at the hearing. A decision on such a critical motion should not be influenced by information to which all parties do not have equal access.

Mr. Brunst anticipates that the transcript will not cure certain deficiencies identified in the Motion to Dismiss – including but not limited to the incorrect definition of "unlawful activity" used in the Superseding Indictment, the failure of Count 1 to indicate on which (if any) business enterprise(s) the grand jury agreed the charge should rest, or the failure to of the Superseding Indictment to allege that the defendants knew of and intended to facilitate any particular business enterprise(s) – and should be given the same opportunity to review the transcript as the government and the Court.

Second, Mr. Brunst respectfully requests that the Court supplement its Order to require disclosure of all grand jury instructions relating to *Pinkerton* liability. For the reasons discussed in Mr. Brunst's filings and at the hearing on this matter, the *Pinkerton*

issue is particularly problematic in light of the incorrect definition of "unlawful activity" used in the Superseding Indictment, and the fact that the Superseding Indictment does not indicate that the grand jury agreed that the defendants conspired to facilitate a particular business enterprise, such that application of *Pinkerton* liability for any of the substantive Travel Act counts is appropriate.

DATED:  February 12, 2020

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:   */s/ Ariel A. Neuman*
          Ariel A. Neuman
Attorneys for Defendant John Brunst

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

By: ___/s/ Ariel A. Neuman___
Ariel A. Neuman
Attorneys for John Brunst