Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-SMB |
| Plaintiff, | **DEFENDANT JOHN BRUNST'S RESPONSE TO UNITED STATE'S REPLY TO BRUNST'S RESPONSE TO COURT ORDER RE GRAND JURY DISCLOSURE (DOCKET #887)** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | Assigned to Hon. Susan M. Brnovich Courtroom 506 |
| | Trial Date:    May 5, 2020 |

1   The Court should disregard the government's nine-page "Reply" (Docket #887
2   ("Reply")) to Defendant John Brunst's simple request to see any grand jury transcripts
3   provided to the Court, and for the transcripts to include any *Pinkerton* instructions that
4   were given.  The government's "Reply" is actually an improper sur-reply to Mr. Brunst's
5   Reply in Support of the Motion to Dismiss Indictment Based on Failure to Allege
6   Necessary Elements of the Travel Act (Docket #798), and to the Defendant's Joint Motion
7   to Dismiss Indictment for Grand Jury Abuse, Or, In The Alternative, For Disclosure of
8   Grand Jury Transcripts (Docket # 780), rather than a response to Mr. Brunst's recent filing
9   (Docket #881).   The government in fact cites to those two prior filings in the first sentence
10  of its seven pages of "law and argument."  Docket #887 ("Reply") at 2:16-17.  The
11  government did not seek or obtain leave from the Court to file an additional sur-reply to
12  either motion.[1]

13  First, the "Reply" is largely non-responsive to the main point in Mr. Brunst's filing
14  (Docket #881).  The "Reply" makes no effort to explain why the transcripts of legal
15  instructions should not also be provided to the defense under seal, if the Court is going to
16  consider them as part of its consideration of the pending Motion to Dismiss.  Rule
17  6(e)(3)(E) certainly does not require *in camera* review, and providing the transcripts to the
18  defense under seal protects any secrecy concerns that may remain, while also giving all
19  parties equal access to all information being considered by the Court.  Rather than respond,
20  the government takes seven pages and cites *thirty* cases to essentially argue that the Court
21  should not consider the grand jury transcripts at all, and to re-argue whether improper
22  instructions to the grand jury warrant dismissal.[2]  That is not a "reply" to Mr. Brunst's

---

[1]   LRCiv 7.2 does not permit sur-replies without leave of the court, and such filings should not be considered.  *See CWT Canada II LP v. Danzik*, 2019 WL 79001, at *12 (D. Ariz. Jan 2, 2019).

[2]   The government also argues at length that any misconduct that may be disclosed in the transcripts of the instructions would not rise to a level justifying dismissal.  Of course, the defense has no way to respond without seeing the transcripts; the government's position only provides further bases for disclosure of all relevant information to all parties, and for

recent filing, but an improper sur-reply to certain points raised (or that could have been raised) in the underlying Motion and Reply briefs.[3]

Second, the "Reply" argues that the Court need not review the *Pinkerton* instructions because there is no requirement that theories of liability be included in an indictment. Docket #887 ("Reply") at 7-9. The argument misses the point and is non-responsive to Mr. Brunst's request. If the government instructed the grand jury on *Pinkerton* liability related to the Travel Act counts – as its argument and briefing to date suggest it did – the Court needs to know that for purposes of evaluating the propriety of the indictments on Counts 2 through 51.[4] If the grand jury was not instructed appropriately as to Count 1, and then was told that it could indict the defendants based on *Pinkerton* liability, the bases for dismissal of the charges only grow.

Mr. Brunst respectfully submits that the various problems with the Superseding Indictment raised in the underlying Motion and Reply briefs cannot be cured, no matter how the grand jury was instructed. But if the Court is going to examine the grand jury

//
//
//

---

the Court to consider *all* of the relevant instructions.

[3]  The government also attempts to recast the pending Motion as arguing that dismissal is warranted only because of improper grand jury instructions. In fact, the Motion was based on problems reflected on the face of the Superseding Indictment—problems that cannot be cured no matter how the grand jury was instructed. Mr. Brunst merely noted in a footnote that those problems suggest the grand jury was not properly instructed. Docket #798 at fn. 6.

[4]  This would be in addition to the problems with Counts 2 through 51 as identified in the Motion and Reply brief, including the definition of "unlawful activity" that does not comply with statutory requirements, failing to allege a business enterprise as to each count, the resulting failure to allege the necessary knowledge and intent for each defendant as to each count, and the failure to even allege who posted most of the advertisements underlying the charges.

instructions when adjudicating the Motion, it should examine all of the relevant instructions and should provide copies of whatever it is examining to all parties.

DATED: February 18, 2020

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By: ___*/s/ Ariel A. Neuman*___
      Ariel A. Neuman
Attorneys for Defendant John Brunst

3635755.1

4

Case No. 2:18-cr-00422-004-PHX-SMB

DEFENDANT JOHN BRUNST'S RESPONSE TO UNITED STATE'S REPLY TO BRUNST'S RESPONSE TO COURT ORDER RE GRAND JURY DISCLOSURE (DOCKET #887)

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2020, I caused the electronic transmission of the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

By: _/s/ Ariel A. Neuman_
Ariel A. Neuman
Attorneys for John Brunst

3635755.1

5

Case No. 2:18-cr-00422-004-PHX-SMB

DEFENDANT JOHN BRUNST'S RESPONSE TO UNITED STATE'S REPLY TO BRUNST'S RESPONSE TO COURT ORDER RE GRAND JURY DISCLOSURE (DOCKET #887)