Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>            Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PRESENTATION OF CERTAIN EVIDENCE RELATED TO OTHER CLASSIFIED WEBSITES, MORALITY OF ADULT CLASSIFIED ADS, AND THIRD-PARTY OPINIONS ON LEGAL ISSUES**<br><br>(Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

## MOTION

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move *in limine* for an order precluding the government from presenting certain irrelevant and prejudicial evidence that sheds no light on the crimes charged or Defendants' conduct. This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The government is estimating a *twelve-week* case-in-chief, in large part because it intends to present large amounts of irrelevant and prejudicial testimony and evidence. Defendants move *in limine* for an order precluding the government from presenting evidence or testimony concerning: (1) the decision of a different classified advertising website to capitulate to political pressure and stop accepting classified ads for "erotic services"; (2) the morality or ethics of allowing website users to post classified ads for adult services, massages, or dating; and (3) claims made by third-parties that operation of the Backpage website was "illegal." This evidence is not relevant to crimes charged or the conduct of the Defendants, and is unduly prejudicial, is likely to confuse the jurors, and will cause delay in what the government already estimates to be a 12-week trial just for its case-in-chief.

## ARGUMENT

**I.  This Court should preclude the government from presenting irrelevant and unduly prejudicial and misleading evidence.**

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that does not establish an element of a crime charged is not relevant. *See*

*United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (explaining that evidence offered to show intent and potential victim impact is not relevant when "neither intent nor potential victim impact were elements of the charge" (quotations omitted)).

Even though relevant evidence is generally admissible, courts should "exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence that does not go to establishing an element of a crime charged has "virtually no probative value." *Ellis*, 147 F.3d at 1136; *accord United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). Further, "when evidence is minimally relevant, it is likely to be minimally probative as well. Moreover, a decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question." *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2011) (footnotes omitted).

"Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Ellis*, 147 F.3d at 1135 (recognizing that "unfair prejudice" refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence" (quotations omitted)).

As the Ninth Circuit explained, "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Courts must carefully engage in balancing under Rule 403 because it is reversible error to admit evidence that "*could have* prejudiced [the defendant] unfairly." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis added). Consequently, where evidence "very well *could* . . . trigger[] an emotional response from the jury members," giving

rise to "at least a modest likelihood of unfair prejudice," Rule 403 requires exclusion unless of the evidence is of substantial probative value.  *Id.* at 1099.

Finally, given that the government has estimated that its case-in-chief will take at least 12 weeks, the Court should exclude any evidence which is not directly probative of the elements of the crimes with which Defendants are charged.  This is exactly the kind of case where the Court should employ its authority under Rule 403 to preclude evidence that will waste time or cause undue delay.

**II.     Craigslist.org's decision to capitulate to political pressure and stop accepting classified ads for "erotic services" is not relevant, is unduly prejudicial, and is likely to confuse the jurors and cause undue delay.**

This Court should preclude presentation of evidence concerning the decision of a different internet classified website, namely, Craigslist.org, to stop accepting classified ads for "erotic services" in the face of a large political pressure campaign to do so.  (*See, e.g.*, Indict. (Doc. 230) ¶ 4.)  Those actions of Craigslist are not relevant here – they do not tend to prove or disprove any elements of the charged offenses.  Defendants had no involvement whatsoever in Craigslist, and none is alleged.

Further, the evidence will be unduly prejudicial, in that the presentation of such irrelevant evidence will likely lead the jury to conclude that it is only being told about Craigslist, and its decision to shut down its erotic services section, to "prove" that Defendants should have done the same with Backpage's adult services section.  There is no other reason that the government could possibly offer evidence of what a wholly unrelated company did.

Moreover, the presentation of evidence related to Craigslist would engender a "trial within a trial" that would waste the jury's time.  Why Craigslist stopped accepting erotic services ads (it claimed government censorship at the time), what it knew in the years before it did so, what it knew when it did so, what Defendants knew about Craigslist when it did so, what Defendants knew about Craigslist's decision, etc. are just some of the issues that would be raised if the government is allowed to present this evidence; and none of it tends to advance

the proof as to any element of any charged offenses. Such evidence would not only consume an inordinate amount of time and cause undue delay, and untold numbers of impeachment witnesses, but it would also confuse the jury as to the issues the jury must decide in this case. Additionally, it would unduly prejudice Defendants in that the jury may well conclude – as the government apparently hopes – that because Craigslist stopped accepting erotic services ads, it must have done so because it knew it was facilitating prostitution, meaning that Defendants, who refused to stop accepting adult services ads, must have known the same and continued to accept such ads to facilitate illegal conduct. Such inferences would be entirely unjustified, would be unduly prejudicial, and would create a yet another mini-trial to litigate. Evidence of the pressure campaign against Craigslist with respect to its erotic services ads, and its capitulation to that pressure campaign, should be precluded in their entirety.

**III. Evidence addressing the morality or ethics of accepting classified ads for adult services, massages, or dating is not relevant, is unduly prejudicial, is likely to confuse the jurors, and will cause undue delay.**

The government apparently intends to present evidence and testimony indicating that various individuals and organizations asked Backpage to refuse to accept ads for adult services, and later to refuse to accept ads for dating, because those people found such ads, or the website, immoral or unethical. For example, such moral admonishments can be found in Government Exhibits 140 (a letter from the Auburn Seminary to Backpage, a true and correct copy of the exhibit is attached hereto as Ex. A), and 172 (an email exchange with a website user, a true and correct copy of which is attached hereto as Ex. B). Admonishments like these may make their way into other testimony and evidence as well unless the Court gives clear instructions in advance.

The issue of whether accepting adult-oriented ads on Backpage was immoral or unethical is not relevant to the legal charges against the Defendants. The only issue is whether the Defendants engaged in the alleged *criminal* behavior. The fact that third parties may have told the Defendants or others associated with Backpage that in their view what Backpage was

doing was immoral or unethical does not tend to prove anything about any element of the charged offenses. Instead, it appeals to the emotions of jurors, is subjective, unduly prejudicial, and likely to confuse the jurors. It also wastes time during this already very lengthy trial. For these reasons, any such evidence should be precluded.

**IV.  Evidence that third parties claimed over time that the operation of Backpage was "illegal" is not relevant, is unduly prejudicial, and will cause undue delay.**

The government apparently intends to present various witnesses and documents concerning statements made by various third parties to the effect that the operation of Backpage was "illegal." For just a few examples, these statements are found in Paragraphs 182 and 183 of the Indictment, and a non-exhaustive list of government Exhibits including such statements include: Government Exhibits 76 (a document entitled, "Notes to File," a true and correct copy of which is attached hereto as Ex. C); 77 (an email from Government Witness E. Allen, a true and correct copy of which is attached hereto as Ex. D); 78 (an email from Government Witness E. Allen, a true and correct copy of which is attached hereto as Ex. E); 173 (an Email summarizing a conversation with Chase Bank, a true and correct copy of which is attached hereto as Ex. F); and 197 (an email from a payment processor, a true and correct copy of which is attached hereto as Ex. G).

Such statements are not relevant and are unduly prejudicial. The fact that somebody other than a jury or a judge believed that the operation of Backpage was "illegal" does not tend to prove any of the elements of the charged offenses. That one of these third parties said it does not make it true until and unless the jury in this case says that what the Defendants were doing was illegal. Indeed, allowing the jury to hear that third-parties stated that Backpage's operations were "illegal" usurps the role of the jury by expressing opinions on the ultimate issue before the jury. Such testimony from a lay witness is barred by Federal Rule of Evidence 701's prohibition on lay witnesses testifying to specialized knowledge, and such testimony from an expert witness is barred by Federal Rule of Evidence 704's prohibition on expert witnesses testifying to the ultimate issue. Fed. R. Evid. 701, 704. For these reasons

alone, such statements should be precluded. Additionally, admission of these statements would cause undue delay, as cross-examination of each witness would require an examination of what the witness actually knew about Backpage's operations, the witnesses' understanding of the law, a discussion of First Amendment law, a discussion of the Communications Decency Act, etc.

The Court tells the jury what the law is and the jury applies it. Allowing the government to present testimony and exhibits that tell the jury what the law is, in a conclusory fashion that is adverse to Defendants, usurps both the Court's and the jury's respective roles. The Court should preclude such evidence.

## CONCLUSION

For all these reasons, this Court should enter an order precluding the government from presenting evidence concerning: (1) Craigslist capitulating to political pressure and refusing to accept classified ads for erotic services; (2) the morality or ethics of accepting adult-oriented ads on a classified ads site; and (3) claims made by third-party laypersons that operation of the Backpage website was "illegal."

RESPECTFULLY SUBMITTED this 17th day of April, 2020,

        Paul J. Cambria, Jr.
        Erin E. McCampbell
        LIPSITZ GREEN SCIME CAMBRIA LLP

        By:   /s/ Paul J. Cambria, Jr.
              Paul J. Cambria, Jr.
              Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By:   /s/ Whitney Z. Bernstein
      Whitney Z. Bernstein
      Attorneys for James Larkin

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:   /s/ Ariel A. Neuman
      Ariel A. Neuman
      Attorneys for John Brunst

Bruce Feder
FEDER LAW OFFICE, P.A.

By:   /s/ Bruce Feder
      Bruce Feder
      Attorneys for Scott Spear

David Eisenberg
DAVID EISENBERG, P.L.C.

By:   /s/ David Eisenberg
      David Eisenberg
      Attorneys for Andrew Padilla

Joy Bertrand
JOY BERTRAND, ESQ.

By:   /s/ Joy Bertrand
      Joy Bertrand
      Attorneys for Joye Vaught

On April 17, 2020, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov