Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:  (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | |
| vs. | **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PRESENTATION OF CERTAIN EVIDENCE** |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

**MOTION**

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move *in limine* for an order precluding the government from presenting certain irrelevant and prejudicial evidence that bears no connection to the crimes charged or Defendants' conduct, specifically: (1) sex trafficking or child-sex trafficking; (2) third-party criminal conduct other than prostitution; (3) a third-party's Travel Act conviction from 1987; and (4) purported prostitution ads from printed publications. This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government is estimating a *twelve-week* case-in-chief, in large part because it intends to conduct mini-trials regarding the conduct of unrelated third-parties who allegedly committed crimes such as murders, child-sex trafficking, and kidnappings not charged against Defendants. None of the voluminous evidence the government intends to present regarding these uncharged crimes allegedly committed by third parties is the least bit relevant to the actual crimes charged against Defendants – alleged violations of the Travel Act (the facilitation of a business enterprise involved in prostitution) from allowing ads to run on a website and certain money laundering offenses, which are predicted on the Travel Act charges.

Rather, the government proposes twelve weeks of highly emotionally-charged evidence, the only purpose of which is to mislead and confuse the jury about what Defendants actually are alleged to have done (money laundering and facilitating prostitution—not murder, sex trafficking, or kidnapping). The extreme prejudice that would result from a juror erroneously believing that Defendants were involved in a murder, rape, other uncharged crime would be insurmountable. Moreover, the presentation of evidence relating to those violent crimes would needlessly prolong the trial, cause undue delay, and waste judicial resources.

1

Second, the government should not be permitted to present evidence of a 1987 Travel Act conviction of a third-party who had no connection to Defendants or Backpage.com (which did not exist until 17 years *after* the conviction). Any such evidence would be irrelevant, unduly prejudicial, and would confuse and mislead the jurors. It also would waste time and cause undue delay.

## ARGUMENT

**I.   This Court should preclude the government from presenting irrelevant and unduly prejudicial and misleading evidence.**

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). Under Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Evidence that does not establish an element of a crime charged is not relevant.  *See United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (explaining that evidence offered to show intent and potential victim impact is not relevant when "neither intent nor potential victim impact were elements of the charge" (quotations omitted)).

Courts should exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidence that does not go to establishing an element of a crime charged has "virtually no probative value." *Ellis*, 147 F.3d at 1136; *accord United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).  Further, "when evidence is minimally relevant, it is likely to be minimally probative as well.  Moreover, a decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question." *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2011) (footnotes omitted).

"Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Ellis*, 147 F.3d at 1135 (recognizing that "unfair prejudice" refers to "an undue tendency to suggest decision on an

improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence" (quotations omitted)).

The Ninth Circuit has explained that "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Courts must carefully engage in balancing under Rule 403 because it is reversible error to admit evidence that "*could have* prejudiced [the defendant] unfairly." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis added). Consequently, where evidence "very well *could* . . . trigger[] an emotional response from the jury members," giving rise to "at least a modest likelihood of unfair prejudice," Rule 403 requires exclusion unless the evidence is of substantial probative value. *Id.* at 1099 (emphasis added).

### A. Evidence related to allegations that certain ads on Backpage related to sex trafficking or child-sex trafficking should be excluded.

Defendants are not charged with sex trafficking or child sex trafficking or the facilitation of those crimes, yet the superseding indictment ("Indictment," Doc. 230) is replete with allegations related to those uncharged, highly inflammatory offenses. Evidence suggesting that Backpage ads were linked to sex trafficking or child sex trafficking would be profoundly prejudicial and lack any probative value.

Defendants are charged with "facilitating prostitution" in violation of the Travel Act, 18 U.S.C. 1952(a)(3)(A), by allowing ads to run on a website. Section 1952(a)(3) makes it a crime to "use the mail or any facility in interstate or foreign commerce, with intent to . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity." As relevant here, Section 1952(b) defines "unlawful activity" as "any business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed or of the United States." 18 U.S.C. § 1952(b)(i)(1).

Sex trafficking and child sex trafficking are separately indictable offenses not charged here. Neither the age of any person involved in a business enterprise engaged in prostitution

offenses nor the coercion of any such person is an element of a Travel Act charge.[1]  Evidence that certain ads that ran on Backpage related to sex trafficking or child sex trafficking thus is not relevant to the crimes charged in this case.  *See Ellis*, 147 F.3d at 1135-36.  Indeed, the government has explained that "[p]rostitution, as alleged in the context of this indictment" refers to "the sale of sex for money," thus making clear that sex trafficking and child-sex trafficking are *not* part of the crimes charged.  (A true and correct copy of excerpts of the Jan. 29, 2020 Tr. is attached hereto as Ex. A.)

Even if certain ads posted on Backpage related to the prostitution of minors, that would not open the door to broader evidence related to sex trafficking or child sex trafficking.  If the government wanted to introduce such evidence, it could have charged crimes involving those factors as elements of the offense, but did not (presumably because it did not have a basis to do so).  Moreover, the government will be unable to establish that any of the Defendants ever saw or knew of any of the charged ads, much less that they knew anyone connected with any of those ads was a minor or was coerced—making such evidence all the more irrelevant and inflammatory if the government is permitted to present such unrelated allegations to the jury.  For all these reasons, evidence of sex trafficking or child sex trafficking will not be relevant under Rule 401 and should not be admitted.

In addition to being irrelevant, such evidence would be unduly prejudicial.  Indeed, there is no allegation more "emotionally charged" and unduly prejudicial than an allegation of

---

[1]  Although the Court previously noted that allegations regarding sex trafficking were relevant, that observation was made in a very different context.  In connection with Defendants' motion to dismiss for grand jury abuse, the Court observed that Defendants had not made a particularized showing as to how allegations of child sex trafficking resulted in an abuse of the grand jury process.  (*See* Doc. 844 at 6.)  The inquiry under Rule 403 is not nearly as onerous and plainly militates against the admission of evidence regarding child sex trafficking or other uncharged crimes allegedly committed by third parties.  As the government admits, **none** of its charges include as an element the age of an individual who was prostituted, whether that individual was trafficked, or the means that a third-party used in the prostitution or trafficking of that individual.  *See* 18 U.S.C. § 1952; *see also* 9th Circ. Model Jury Instruction 8.144 (Travel Act).  Moreover, even if the age of an individual who was the subject of an ad was somehow relevant, there is a clear distinction between such evidence and evidence of sex trafficking or child sex trafficking, wholly distinct offenses and categories of evidence not relevant to the charged crimes or the Defendants' *mens rea* regarding the charged crimes.

4

child sex abuse. *See United States v. Poandl*, 612 F. App'x 356, 366 (6th Cir. 2015) (recognizing "the emotionally charged nature of sexual abuse charges" involving minors); *see also* Boyd, Fort Worth Star-Telegram, *Child abuse trials: 'There are no higher stakes'* (Jun. 2, 2017) (available at https://www.star-telegram.com/news/special-reports/article153578794.html (last visited on February 3, 2020) (discussing the stigma attached to child sex abuse charges and quoting a former prosecutor as saying that "[y]ou can easily ask the jury would you rather be accused of murder or would you rather be accused of sexual abuse of a child and they all say they'd rather be accused of murder" which "shows how abhorrent the charges are").

Here, the government intends to try to turn a Travel Act case into a sex trafficking case. (*See* Indict. at ¶¶ 13, 14, 74, 85, 86, 95, 100, 101, 104, 106, 109, 111, 113, 114, 115, 116, 120, 121, 123, 124, 125, 127, 130, 131, 133, 134, 135, 140, 144, 146, 151, 160, 161, 163, 164, 165, 167, 168, 169, 170, 172, 174.) Further, ten of the twelve "expert" witnesses identified by the government inexplicably pertain to sex trafficking or child-sex trafficking,[2] plus the government had identified yet another expert in trafficking from whom it says it expects to extract only fact testimony. (*See* Doc. 422.) Such evidence has no probative value – if credited, it does not tend to prove any of the elements of the charged crimes. Rather, this "evidence" would only serve to mislead the jurors and provide them with an extra-judicial basis to convict Defendants.

Additionally, presentation of such evidence likely would lead to a series of trials within a trial, which would confuse the jurors and waste time. Were the alleged victims of sex trafficking actually minors or coerced? Did any of the Defendants know anything about any such victims or their abusers? Could any of the Defendants have known that any such victims were a minors or coerced? These questions are not relevant to the Travel Act charges, but the trial would repeatedly devolve into trials within a trial over such issues, which would confuse and mislead the jurors and waste time.[3]

---

[2] Defendants have separately moved to preclude the testimony of these experts.

[3]

5
MOTION *IN LIMINE* TO PRECLUDE PRESENTATION OF CERTAIN EVIDENCE

████████████████████████████████████████ (*See* ████████████████, a true and correct copy of which is attached as Sealed Ex. D.)

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

### B. Evidence of murders, kidnappings, and other violent crime committed by third-parties would not be relevant, would be unduly prejudicial, and would only confuse the jurors.

The government intends to present evidence that third parties murdered, trafficked, kidnapped, or otherwise harmed individuals who had ads, or some connection to ads, on the website. (*See* Indict. ¶¶ 150, 162, 168, 170, 173, 174, 175.) The government does not allege that Defendants knew or knew of the third parties committing these crimes, that Defendants knew or knew of the victims of these crimes, that Defendants had anything to do with the commission of these crimes, that Defendants even knew the crimes had been committed (unless they happened to read after-the-fact press coverage of a crime), or that Defendants ever saw or knew of any ads the government contends relate to these crimes. Evidence that individuals who placed ads, or had some connection to ads, on the website were subjected to violent crimes at the hands of third parties has nothing to do with *Defendants* or whether they

---

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ (A true and correct copy of the ████████████████████ is attached as Sealed Ex. B at ¶ 12.) ████
████ (A true and correct copy of the ████████████████ is attached as Sealed Ex. C at ¶ 70.) For the government to suggest that Backpage intentionally hosted advertisements of known minors is not only irrelevant and unduly prejudicial but also entirely disingenuous and contrary to the government's own witnesses and facts.

violated the Travel Act by facilitating business enterprises involved in prostitution by allowing ads to run on a website.[4] The only alleged object of the purported conspiracy was making money by facilitating a business enterprise involved in prostitution. (Indict. ¶¶ 195-99.) Thus, any evidence of other crimes like murder, trafficking, kidnapping, or assault simply would not be relevant to the Defendants' purported intent to facilitate prostitution and must be precluded under Rule 401.

This irrelevant evidence also would be unduly prejudicial. Even in murder cases, evidence of uncharged murders by the defendant results in reversals. *See United States v. Bradley*, 5 F.3d 1317, 1319-22 (9th Cir. 1993) (vacating conviction for conspiracy to kill a witness because the government's presentation of an uncharged murder was "highly and unfairly prejudicial" under Rule 403). Here, the government intends to offer evidence of murders and other crimes by third-parties, with which Defendants had absolutely no involvement, all of which would only serve to prejudice the jury and demonize Defendants. Where evidence of harm to third parties does not prove an element of the charged offense, courts exclude such evidence as unduly prejudicial, as this Court should do here. For example, in the context of a prosecution for the smuggling of illegal aliens, the Ninth Circuit held that the government's presentation of evidence that two of the aliens were young girls who suffered heat strokes requiring emergency medical treatment should not have been admitted because that evidence did "not go to any of the elements" of the smuggling charge and "very well could have triggered an emotional response from the jury members." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005).

---

[4] As discussed in Defendants' motion to dismiss related to the elements of the Travel Act (Doc. 746), the government does not allege that Defendants were even aware of the *existence* of the purported business enterprises they allegedly facilitated, much less that they knew anything about the enterprises or their activities. The government nonetheless proposes extensive testimony about crimes other than prostitution committed by the enterprises, or persons associated with them, or by unrelated persons who had dealings of some sort with the enterprises—all of which would have been several steps removed from Defendants and unrelated to their operation of a website.

Indeed, uncharged conduct by third parties – as the government wants to introduce here – has been found unduly prejudicial and non-probative even where the uncharged conduct was far less violent and disturbing than what the government wants to introduce here. In *Hitt*, the Ninth Circuit reversed the defendant's conviction for an unregistered machine gun because the district court allowed the government to present a photograph of a dozen guns found in the defendant's home at the time of his arrest, even though those guns belonged to his roommate, who was neither a party to the case nor a co-conspirator. *See Hitt*, 981 F.2d at 423-25. The admission of this "highly prejudicial and at most marginally probative" evidence concerning a non-party to the case was in error. *Id.* at 423-25 (reversing defendant's unregistered machine gun conviction because evidence of defendant's roommate's guns, in addition to being prejudicial, was misleading and "it's totally unacceptable" for a defendant "to be prejudiced by something he seems to have done but in fact did not").

Presentation of evidence of crimes (other than prostitution) committed by third parties likely would confuse the jurors, unfairly prejudice Defendants, and cause undue delay and wasting of time. Indeed, in this case, allowing the government to present evidence of non-party conduct will involve dozens of time-consuming mini-trials with untold numbers of witnesses and impeachment witnesses within a trial on issues not before the jury about each of the alleged murders, kidnappings, rapes, etc.—including whether any of those crimes had any connection to an ad on Backpage. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (affirming exclusion of evidence under Rule 403 from a sexual harassment trial wherein presentation of the evidence at issue "might have resulted in a 'mini trial'" concerning parties not before the court and "would create a significant danger that the jury would base its assessment of liability on remote events involving other employees, instead of recent events concerning Plaintiffs"). This evidence should be barred under Rule 403.

Similarly, testimony by persons who were involved in prostitution should be limited in scope. The government apparently intends to have persons who were involved in prostitution testify that ads on Backpage related to their prostitution. Defendants will address the admissibility of such testimony, witness by witness, at a later time, but now move the Court

for an order limiting the testimony of such individuals to those facts relevant to the Travel Act charges, *i.e.* that ads on Backpage related to and facilitated a business enterprise engaged in prostitution.  That is, the government should not be permitted to introduce lengthy testimony from persons who were involved in prostitution about their lives or lifestyles, how and why they became involved in prostitution, what it was like to be involved in prostitution, any abuse suffered while involved in prostitution, etc.  Such testimony would be irrelevant and involve significant evidence about third parties not before this Court on this case.  Further, such testimony would be highly prejudicial, designed only to inflame the jury's passions, and not to lead to evidence which goes to any element of any charged offense.

### C. Evidence of a third-party's ancient Travel Act violation is not relevant and is likely to confuse or mislead jurors, and waste time and cause undue delay.

Evidence that *someone*, *somewhere* has violated the Travel Act is not relevant to whether *these Defendants* violated the Travel Act.  Any such evidence must be excluded under Rule 401. Yet Paragraph 19 of the Indictment discusses a Travel Act conviction of an individual with no connection to Backpage.com or these Defendants.  The defendant in that case purportedly placed print ads in the *Village Voice* newspaper for massage parlors that also engaged in prostitution.  The government has not alleged that the *Village Voice* was involved in the offense or knew of the unlawful activities of the person convicted of that crime—much less that the *Village Voice* was charged with or convicted of a violation of the Travel Act for publishing his ads.  That conviction has nothing to do with this case.

Backpage.com was created in 2004, seventeen years after that Travel Act conviction. None of the Defendants had any connection with the *Village Voice* newspaper until eighteen years after that 1987 conviction.  Moreover, the government does not allege that any of the Defendants knew anything about the convicted individual, the ads he placed in the *Village Voice*, or his Travel Act conviction before reading about them in the Superseding Indictment. Any evidence concerning the prior conviction of an individual who has nothing to do with this case or these Defendants should be excluded as irrelevant under Rule 401.

9
MOTION *IN LIMINE* TO PRECLUDE PRESENTATION OF CERTAIN EVIDENCE

If this evidence somehow survives Rule 401 scrutiny, it should be barred under Rule 403 because it would be unduly prejudicial to Defendants and would confuse the jury, particularly because the nationwide newspaper conglomerate owned by certain Defendants also owned the *Village Voice* for a period of time (although not until 18 years after the unrelated, wholly disconnected conviction). This is yet another example of evidence that would cause undue delay and waste time.

### D. Evidence of prostitution ads in printed publications is not relevant, unduly prejudicial, likely to confuse jurors, and waste trial time.

Additionally, Paragraph 19 alleges that "publications within the [Village Voice Media Holding] newspaper chain routinely featured illegal prostitution ads." (Indict. ¶ 19.) This allegation, and any evidence and testimony supporting this allegation, should be excluded as irrelevant. The purported conspiracy at issue involves ads posted by third parties to the Backpage website, not ads printed in the newspapers. There is not a single allegation that the newspaper conglomerate was involved in the alleged conspiracy. Further, the various weekly newspapers that are part of that conglomerate were obtained individually over time. Presentation of any ads that were featured in those newspapers would first require the government to establish that the newspaper at issue was part of the conglomerate at the time the ad ran, that the Defendants knew about the ad, that the Defendants knew that the ad was an ad for illegal prostitution, and that the ad was, in fact, an offer of sex for money. In addition to being irrelevant, the presentation of such evidence is unduly prejudicial, likely to confuse the jurors, and waste time.

/
/
/
/
/
/

# CONCLUSION

For all these reasons, this Court should enter an order precluding the government from presenting evidence on sex trafficking or child-sex trafficking, third-party criminal conduct other than prostitution, and a third-party's Travel Act conviction from 1987.

RESPECTFULLY SUBMITTED this 17th day of April, 2020,

        Paul J. Cambria, Jr.
        Erin E. McCampbell
        LIPSITZ GREEN SCIME CAMBRIA LLP

By:   /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

        Thomas H. Bienert, Jr.
        Whitney Z. Bernstein
        BIENERT KATZMAN, PLC

By:   /s/ Whitney Z. Bernstein
        Whitney Z. Bernstein
        Attorneys for James Larkin

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:   /s/ Ariel A. Neuman
        Ariel A. Neuman
        Attorneys for John Brunst

```
                                    Bruce Feder
                                    FEDER LAW OFFICE, P.A.

                                    By:    /s/ Bruce Feder
                                           Bruce Feder
                                           Attorneys for Scott Spear



                                    David Eisenberg
                                    DAVID EISENBERG, P.L.C.

                                    By:    /s/ David Eisenberg
                                           David Eisenberg
                                           Attorneys for Andrew Padilla

                                    Joy Bertrand
                                    JOY BERTRAND, ESQ.

                                    By:    /s/ Joy Bertrand
                                           Joy Bertrand
                                           Attorneys for Joye Vaught
```

On April 17, 2020, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
John Kucera, john.kucera@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov