Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:18-cr-00422-PHX-SMB |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND NON-PERCIPIENT WITNESSES** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

## MOTION

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move *in limine* for an order precluding the government from presenting witnesses who lack percipient, relevant knowledge as to the elements of the crimes charged. This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The government is estimating a *twelve-week* case-in-chief, in large part because it has noticed nearly 100 witnesses. *See* Exhibit A.[1] Many of these witnesses lack relevant and percipient knowledge regarding the charges contained in the Indictment (Doc. No. 230), and instead merely have inadmissible negative opinions about Backpage or some other matter entirely unrelated to the conspiracy, Travel Act, or money laundering charges against Defendants. The Court should exclude these witnesses' testimony because such testimony is irrelevant under Federal Rule of Evidence 401. Further, testimony unrelated to the alleged conspiracy, Travel Act charges, or money laundering charges would be unduly prejudicial, would likely confuse the jurors as to the issues that they are to judge, would waste the Court's and everyone else's time, and would cause undue delay. Finally, many of the government's lay witnesses' negative opinions about Backpage are not based on personal knowledge. Admission of such testimony would run afoul of Federal Rule of Evidence 602.

## I. This court should preclude witnesses who lack percipient and relevant knowledge from testifying.

### A. Legal standard for preclusion.

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). Under

---

[1] The government's exhibit list is being provided to this Court under seal as it names individuals who are anonymized in the Indictment and individuals who are subject to the Court's protective order.

Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Evidence that does not establish an element of a crime charged is not relevant.  *See United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (explaining that evidence offered to show intent and potential victim impact is not relevant when "neither intent nor potential victim impact were elements of the charge" (quotations omitted)).

Even though relevant evidence generally is admissible, courts nonetheless should exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidence that does not go to establishing an element of a crime charged has "virtually no probative value." *Ellis*, 147 F.3d at 1136; *accord United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). Further, "when evidence is minimally relevant, it is likely to be minimally probative as well.  Moreover, a decision regarding probative value must be influenced by the availability of other sources of evidence on the point in question." *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2011) (footnotes omitted).

"Unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *Ellis*, 147 F.3d at 1135 (recognizing that "unfair prejudice" refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence" (internal quotations omitted)).

The Ninth Circuit has explained that "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).  Courts must carefully engage in balancing under Rule 403 because it is reversible error to admit evidence that "*could have* prejudiced [the defendant] unfairly." *United States v.*

*Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (emphasis added).  Consequently, where evidence "very well *could* . . . trigger[] an emotional response from the jury members," giving rise to "at least a modest likelihood of unfair prejudice," Rule 403 requires exclusion unless the evidence is of substantial probative value.  *Id.* at 1099 (emphasis added).

### B.   Witnesses who lack percipient and relevant knowledge and should be precluded.

The government's current witness list includes many individuals who lack relevant and percipient knowledge regarding the charges contained in the Indictment.  Instead, the discovery produced to date indicates that these witnesses merely have negative opinions about Backpage or some other matter entirely unrelated to the conspiracy, Travel Act, or money laundering charges against Defendants.   For other witnesses, despite the various discovery and Jencks/impeachment cutoffs by the Court's scheduling orders,[2] no discovery, statements, or interviews have been produced.  For both of these reasons, this Court should preclude testimony from all such witnesses, including but not limited to:

1.   Andrea Powell, the cofounder of FairGirls, a non-profit organization regarding "human trafficking," who was involved in the campaign to shut down Backpage's adult section and would testify that she wrote letters to and spoke with Backpage executives about her personal concerns and her non-expert opinion that "90%" of the women she came into contact with in her work in 2017 were "trafficked on Backpage;"

2.   Brad Lander, a New York City councilperson, who introduced a resolution to censor Backpage and would testify to his personal opinions and his personal recollection of Backpage's general counsel's hearing testimony (for which a video recording exists);

3.   Bradley Myles, former director and chief executive officer of Polaris Project, a non-governmental organization regarding "human trafficking," whose testimony seems to be based on: his advice to Craigslist to close its erotic services section; a 2011 meeting with Backpage's attorney, Ferrer, and Larkin; recent inadmissible lay opinions about the meaning

---

[2] *See* Doc. No. 131 (providing for "[p]roduction of Jencks material and witness impeachment material" by February 25, 2019, "if not produced sooner.").

behind one of the Defendant's facial expressions (*see* DOJ-BP-0004866577 ("Larkin's face routinely turned bright red when listening and looking at the ads. Myles was not sure if it was a show of anger, shame, embarrassment, guilty conscience for being involved in such activity, or condemnation but he definitely was having a physical/emotional reaction during the conversation."); DOJ-BP-0004791099 ("Larkin, however, had a palpable, emotional reaction to the advertisements.  He displayed physical attributes of anxiety or distress and 'turned red like a tomato.'"); and what he has heard from others about a meeting between Backpage executives and NCMEC;

4.      At least twelve friends or family members of individuals who were murdered or assaulted by third-parties, whose claims are not before this Court, whom Defendants have never met and with whom Defendants have never communicated or interacted; including at least one family member of a victimized individual not even named or included in the Indictment; and various individuals for whom no discovery, statements, or interviews have been provided;

5.      David Vigilante, a senior vice president of legal at CNN, who has never had any contact with anyone from Backpage but would testify to an investigative story CNN aired in 2011 and correspondence with Backpage's attorney regarding a potential lawsuit against CNN based on that story;

6.      Katherine Henderson and Isaac Luria, current and former employees of the Auburn Seminary, a "leadership development shop for the multifaith movements for justice," both of whom would testify to their negative opinions regarding a 2012 meeting with Backpage executives and counsel;

7.      Unnamed individual(s) from the National Association of Attorney Generals;

8.      Martin Hansen and Paul Paolucci, representatives from American Express and MasterCard, for whom the government has not provided any statements, interviews, or documents indicting what their anticipated testimony might cover;

9.      Various state law enforcement agents who investigated third-party crimes where the government does not allege that Defendants knew or knew of the third parties committing

these crimes, that Defendants knew or knew of the victims of these crimes, that Defendants had anything to do with the commission of these crimes, that Defendants even knew the crimes had been committed (unless they happened to read after-the-fact press coverage of a crime), or that Defendants ever saw or knew of any ads the government contends might relate to these crimes[3];

10.     Rob Spectre, noticed as an expert (*see* Doc. No. 638), who authored an irrelevant report analyzing the online landscape of the "underground commercial sex economy (UCSE)" in the wake of the passage of SESTA-FOSTA and Backpage's seizure (i.e. a report that purports to analyze events that all took place *after* Defendants' indictment and arrests and *after* the closure of Backpage), finding that "[s]imilar to the phenomenon of dark web narcotics marketplaces following the seizure of the Silk Road, website categories serving both the supply and demand sides of the UCSE are competing fiercely for market share;"

11.     Dr. Sharon Cooper, noticed as an expert (*see* Doc. No. 638), a doctor affiliated with the National Centers for Missing and Exploited Children for whom no discovery, statements, or interviews have been provided;

12.     Various other law enforcement agents, including but not limited to Steven Vienneau, Jonathan Williamson, Deidra Gotjen, and Donna Gavin (noticed as an expert, *see* Doc. No. 638), for whom no discovery, statements, or interviews have been provided; and

13.     Various former Backpage moderators, including but not limited to Brian Paterge and Justin Dew, who were interviewed in 2013 by the IRS and for whom no discovery, statements, or interviews have been provided.

Based on the discovery produced to date, none of these witnesses appear to have relevant and percipient knowledge of facts that would prove any elements of the charged offenses. Testimony about facts that are of no consequence in determining this action must be precluded. Fed. R. Evid. 401.  Further, witnesses should only be permitted to testify if they have first-hand

---

[3] Further, many of these law enforcement agents have testified at motion hearings and trials related to the third-party crimes, and these statements and transcripts have not been provided by the government.

MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND NON-PERCIPIENT WITNESSES

knowledge of what a Defendant knew, said, or did relevant to the Indictment's charges, or are a qualified, designated expert on an appropriate topic. Fed. R. Evid. 602. Admitting the testimony of these various witnesses unrelated to the alleged conspiracy, Travel Act charges, or money laundering charges would be unduly prejudicial, likely to confuse the jurors as to the issues that they are to judge, waste the Court's and everyone else's time, and cause undue delay. Fed. R. Evid. 403. Unless the government gives offers of proof as to the relevance and percipient basis of its proposed witnesses' testimony, the witnesses must be precluded. *See* Fed. R. Evid. 401, 403, 602.

## **CONCLUSION**

For all these reasons, this Court should enter an order precluding witnesses who lack relevant and percipient knowledge from testifying and requiring offers of proof as to the relevance and percipient basis of its proposed witnesses' testimony.

RESPECTFULLY SUBMITTED this 17th day of April 2020,

BIENERT | KATZMAN PC
*s/ Whitney Z. Bernstein*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (January 2020) § II (C) (3), Whitney Z. Bernstein herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
*s/ Ariel A. Neuman*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

FEDER LAW OFFICE PA
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DAVID EISENBERG PLC
*s/ David Eisenberg*
David Eisenberg
Attorneys for Andrew Padilla

JOY BERTRAND ESQ LLC
*s/ Joy Bertrand*
Joy Bertrand
Attorneys for Joye Vaught

MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND NON-PERCIPIENT WITNESSES

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas