Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING BACKPAGE.COM'S ALLEGED REPUTATION AS A LEADING SOURCE OF ILLEGAL SEXUAL SERVICE ADVERTISEMENTS** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |
| | (Oral argument requested) |

1  Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
   Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
2  Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
3  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW PC
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
6  Facsimile: (310) 201-2110
   glincenberg@birdmarella.com
7  aneuman@birdmarella.com
   gpanchapakesan@birdmarella.com
8  *Attorneys for John Brunst*

9
   Bruce Feder (AZ Bar No. 004832)
10 FEDER LAW OFFICE PA
   2930 E. Camelback Road, Suite 160
11 Phoenix, Arizona 85016
12 Telephone: (602) 257-0135
   bf@federlawpa.com
13 *Attorney for Scott Spear*

14
   David Eisenberg (AZ Bar No. 017218)
15 DAVID EISENBERG PLC
   3550 N. Central Ave., Suite 1155
16 Phoenix, Arizona 85012
17 Telephone: (602) 237-5076
   Facsimile: (602) 314-6273
18 david@deisenbergplc.com
   *Attorney for Andrew Padilla*
19
20 Joy Malby Bertrand (AZ Bar No. 024181)
   JOY BERTRAND ESQ LLC
21 P.O. Box 2734
22 Scottsdale, Arizona 85252
   Telephone: (602)374-5321
23 Facsimile: (480)361-4694
   joy.bertrand@gmail.com
24 *Attorney for Joye Vaught*

25

26

27

28

MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING BACKPAGE.COM'S ALLEGED
REPUTATION AS A LEADING SOURCE OF ILLEGAL SEXUAL SERVICE ADVERTISEMENTS

**MOTION**

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught, by and through their undersigned attorneys, move *in limine* for an order precluding the government from presenting evidence regarding Backpage.com's alleged reputation as a leading source of illegal sexual service advertisements. This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.     Introduction.**

Defendants anticipate that the government may seek to argue or introduce at trial evidence or testimony asserting that Backpage.com ("Backpage") was a "well-known" prostitution site, for the purpose of securing convictions of Defendants based on their purported knowledge of these rumors and resulting bad character. The Court should preclude such evidence as irrelevant under Federal Rule of Evidence 401, as unfounded hearsay under Rules 802 and 602, as improper character evidence under Rule 404, as improper opinion testimony under Rules 701 through 704, and unduly prejudicial for failing to satisfy Rule 403's balancing test.

The government's Superseding Indictment ("SSI") claims that Backpage was "notorious for being the internet's leading source of prostitution advertisements" and "a hub for the sex trade." Dkt. 230, ¶1, ¶127. These sweeping assertions represent only a small portion of the character assertions the government has made concerning Backpage throughout this case. These types of claims lack relevance, lack foundation, and are inadmissible hearsay. Additionally, evidence and argument concerning the purported "notoriety" of Backpage as an alleged "illegal" prostitution website are improper character evidence, improper opinion testimony, and introduction of these claims at trial would be unduly prejudicial, confuse the issues, inflame the jury, cause undue delay, and waste time. Therefore, the Court should preclude any evidence or argument concerning collective opinions or rumors that: (1) many

adult ads on Backpage clearly related to unlawful activities; (2) Backpage had more adult ads related to unlawful activities than did other sites; (3) people seeking to procure unlawful sexual services turned to Backpage adult ads more often than to other sites; and (4) Backpage allegedly had a reputation as a leading source of illegal sexual services advertisements.

### B. Evidence or argument related to Backpage's alleged reputation as a leading source of illegal sexual service advertisements should be precluded as irrelevant.

Under Federal Rule of Evidence 402, irrelevant evidence is inadmissible. Relevant evidence must be "of consequence in determining the action." Fed. R. Evid. 401(b); *see Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968) ("An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence."). Because Backpage is not a defendant in this case, the government's allegations regarding Backpage's reputation in the community are not at issue. Furthermore, even if Backpage had many ads relating to unlawful conduct or was considered a popular destination by those intending to engage in unlawful sexual activities, such evidence does not address whether Defendants knew this information or held these beliefs or, even if they did, whether they intended to facilitate the unlawful conduct of those who used the site for unlawful purposes. As the government's allegations regarding Backpage's purported reputation do not assist in determining Defendants' knowledge, testimony and evidence related to such allegations must be precluded under Rules 401 and 402.

### C. Evidence or argument related to Backpage's alleged reputation as a leading source of illegal sexual service advertisements should be precluded as hearsay.

Assertions that Backpage had a "notorious" reputation "for being the internet's leading source of prostitution advertisements" (SSI ¶ 1) have no place in a trial that should be based upon admissible evidence and competent witnesses who have personal knowledge of the facts to which they testify (*see* Fed. R. Evid. 602). Assertions about Backpage's reputation are inadmissible collective hearsay at best and must therefore be precluded. *See* Fed. R. Evid. 801, 802. No exception to the rule against hearsay applies for these assertions regarding Backpage. Rule 803(21)'s exception for reputation concerning an individual's character is inapplicable as

Backpage is neither a defendant nor a person, and the government is seeking to introduce this character evidence to prove Defendants' knowledge and intent. *See United States v. McClain*, 531 F.2d 431, 436 (9th Cir. 1976) (a "classic example of the improper use of hearsay" was allowing the government to introduce hearsay evidence that defendant had a reputation as a drug dealer for the purpose of inferring that the defendant was predisposed to deal); *see also Dick v. Phone Directories Co.*, 397 F.3d 1256, 1266 n.5 (10th Cir. 2005) (statements that an office was known as a "lesbian factory" were inadmissible reputation evidence under Rule 803(21) "because the statement concerns neither a person nor her character."). Furthermore, even under the limited circumstances in which reputation evidence may be admitted, such as to prove genealogy, there must still be "testimonial foundation" for such evidence. *See Young Ah Chor v. Dulles*, 270 F.2d 338, 345 (9th Cir. 1959). Accordingly, the government should be precluded from introducing evidence or argument about Backpage's alleged "notorious" reputation under Rules 802 and 602.

**D. Evidence or argument related to Backpage's alleged reputation as a leading source of illegal sexual service advertisement should be precluded as impermissible character evidence that will be imputed onto Defendants.**

Under Rules 404(a)(1) and 404(b)(1), "[e]vidence of a person's character or character trait" or "[e]vidence a crime, wrong, or other act . . . to prove a person's character [are] not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The only purpose for the government to offer evidence, argument, or testimony regarding Backpage's alleged reputation as a "go-to" source for advertising unlawful sexual activity would be to convince the jury that the Defendants were bad actors engaged in a conspiracy to knowingly advertise unlawful (as opposed to lawful and consenting) activities—regardless of whether the evidence proves beyond a reasonable doubt that they did so. This type of evidence should be precluded. *See United States v. Wells*, 879 F.3d 900, 923 (9th Cir. 2018) (finding that the government improperly introduced character evidence through expert testimony to argue that defendant acted in accordance with a "bad" character profile).

It is a longstanding principle that admission of such character evidence is unfair to the accused. Indeed, more than 70 years ago, the Supreme Court explained that even when such

evidence is relevant, which in this case it is not, it must still be excluded because "it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475–76 (1948). For example, in *United States v. Derington*, the Ninth Circuit found that other acts evidence introduced to show the defendant was "greedy" was inadmissible character evidence not subject to any exception. 229 F.3d 1243, 1247 (9th Cir. 2000). Backpage's alleged notoriety, which would reflect an immoral or "bad" character in the eyes of the jurors, is the type of reputational evidence that when imputed to the Defendants will negatively and unfairly color the jury's view of the actual evidence offered in support of the charges.

Moreover, the government does not charge Defendants with any sex trafficking offenses, and Backpage is not a named defendant. *See generally* Dkt. 230. Yet, rather than presenting evidence about particular business enterprises and the Defendants' intent to facilitate those business enterprises, the improper character testimony would encourage the jury to impute specific intent to facilitate the charged crimes based on allegations of a third party's uncharged crimes. *See United States v. Hernandez*, 859 F.3d 817, 819, 823 (9th Cir. 2017) (where government introduced evidence of uncharged criminal acts, there was "a serious risk that the jury might impute the willfulness to commit an uncharged crime to that required to prove the *mens rea* for the charged crime"). The government must meet its burden of proving criminal liability, including knowledge and intent, for each defendant without relying on improper character evidence. Therefore, character evidence concerning Backpage, which will necessarily be imputed on Defendants, should be precluded at trial.

**E.  Evidence or argument related to Backpage's alleged reputation as a leading source of illegal sexual service advertisement should be precluded as improper opinion testimony.**

Introducing evidence of Backpage's alleged reputation would also be inadmissible opinion testimony. *See* Fed. R. Evid. 701-704; Fed. R. Crim. P. 16. If such testimony were presented by a lay person, it would be improper opinion testimony as it would be based on speculation, collective hearsay, and rumors. Nor should such testimony be admissible through

4

a purported expert, because, as a threshold matter, this testimony does not held the trier of fact understand the evidence to determine any fact at issue. Fed. R. Evid. 702(a). But moreover, it is inconceivable how a purported expert would have specialized knowledge to testify to Backpage's alleged reputation, how such testimony could be based on sufficient facts or data and be the product of reliable principles and methods, and how a purported expert could realiably apply principles and methods to the facts of this case. Fed. R. Evid. 702; *United States v. Lloyd*, 807 F.3d 1128, 1155 (9th Cir. 2015) (district court erred in allowing witness, who had worked in telemarketing, to introduce testimony about "what telemarketers who solicited and closed investments . . . knew about what they were selling and about what the investors were doing and thinking"); *United States v. Santini.* 656 F.3d 1075 (9th Cir. 2011) (psychiatrist cannot rely on rap sheet to restify that defendant has an "extensive criminal history."); Fed. R. Evid. 701, 703, 704.

Furthermore, Federal Rule of Evidence 704(b) prohibits expert witnesses from opining as to "whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." The Ninth Circuit's *en banc* decision in *United States v. Morales* held that this rule prohibits an expert witness from offering testimony from which it necessarily would follow that the defendant had the requisite state of mind to be guilty of the offense. 108 F.3d 1031, 1037 (9th Cir. 1997) (*en banc*). In this case, allowing the government to present testimony that "everyone" knew Backpage was a prostitution site would invade the province of the jury to determine whether the advertisements related to unlawful conduct and whether the defendants intended to facilitate unlawful conduct by publishing such ads. The jury alone must form an opinion on this ultimate issue.

**F.   Evidence or argument related to Backpage's alleged reputation as a leading source of illegal sexual service advertisement should be precluded as unduly prejudicial, confusing the issues, misleading the jury, and wasting time.**

Under Rule 403, the Court has discretion to exclude evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusion of issues, misleading the jury, causing undue delay, and wasting time. Fed. R. Evid. 403. If the evidence is only of "very

1  slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest
2  likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Preston*, 873
3  F.3d 829, 841 (9th Cir. 2017) (holding that admission of evidence of defendant's sexual interest
4  in children invited the jury to improperly infer his propensity to sexually abuse children). For
5  example, in cases involving character evidence, the Supreme Court determined that "its
6  disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice."
7  *Michelson*, 335 U.S. at 475–76.

As discussed above, because Backpage is not on trial and Backpage's alleged reputation does not prove anything about what any of the Defendants knew or intended, introducing evidence regarding Backpage's reputation would be highly prejudicial as it would cause the jury to assume that it and its operators were bad actors who knowingly and intentionally advertised illicit sexual services rather than weighing the specific evidence concerning the crimes charged in the indictment. This is precisely the type of evidence Rule 403 is intended to exclude. *Martin*, 796 F.3d at 1105 (explaining that unduly prejudicial bad acts should be excluded under 403 "even when relevant on some issue").

### G. Conclusion.

For the foregoing reasons, Defendants request that the Court grant their Motion and preclude the government from offering, introducing, or presenting references, comments, testimony, documents, evidence, or arguments concerning Backpage's alleged reputation as a leading source of illegal sexual services advertisements.

RESPECTFULLY SUBMITTED this 17th day of April 2020,

                        BIENERT | KATZMAN PC
                        *s/ Whitney Z. Bernstein*
                        Thomas H. Bienert, Jr.
                        Whitney Z. Bernstein
                        Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (January 2020) § II (C) (3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

6

MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING BACKPAGE.COM'S ALLEGED
REPUTATION AS A LEADING SOURCE OF ILLEGAL SEXUAL SERVICE ADVERTISEMENTS

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
*s/ Ariel A. Neuman*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

FEDER LAW OFFICE PA
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DAVID EISENBERG PLC
*s/ David Eisenberg*
David Eisenberg
Attorneys for Andrew Padilla

JOY BERTRAND ESQ LLC
*s/ Joy Bertrand*
Joy Bertrand
Attorneys for Joye Vaught

MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING BACKPAGE.COM'S ALLEGED REPUTATION AS A LEADING SOURCE OF ILLEGAL SEXUAL SERVICE ADVERTISEMENTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas