1   Gary S. Lincenberg *(admitted pro hac vice)*
        glincenberg@birdmarella.com
2   Ariel A. Neuman *(admitted pro hac vice)*
        aneuman@birdmarella.com
3   Gopi K. Panchapakesan *(admitted pro hac vice)*
        gpanchapakesan@birdmarella.com
4   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
5   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
6   Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
7
    Attorneys for Defendant John Brunst
8
    Thomas H. Bienert, Jr. *(admitted pro hac vice)*
9       tbienert@bienertkatzman.com
    Whitney Z. Bernstein *(admitted pro hac vice)*
10      wbernstein@bienertkatzman.com
    BIENERT KATZMAN, PC
11  903 Calle Amanecer, Suite 350
    San Clemente, CA 92673
12  Telephone: (949) 369-3700
    Facsimile: (949) 369-3701
13
    Attorneys for Defendant James Larkin
14
    *[Additional counsel listed on next page]*
15

16              **UNITED STATES DISTRICT COURT**

17             **FOR THE DISTRICT OF ARIZONA**

18

19   United States of America,              CASE NO. 2:18-cr-00422-004-PHX-SMB

20              Plaintiff,                   **DEFENDANTS' MOTION TO
                                             EXTEND TIME TO RESPOND TO
21          vs.                              GOVERNMENT'S MOTION
                                             *IN LIMINE* TO DETERMINE
22   Michael Lacey, et al.,                  ADMISSIBILITY OF EVIDENCE
                                             [DKT. 931]
23              Defendants.
                                             **[Expedited Ruling Requested]**
24
                                             *[Filed concurrently with [Proposed]
25                                           Order]*

26                                           Assigned to Hon. Susan M. Brnovich
                                             Courtroom 506
27
                                             Trial Date:        August 17, 2020
28

3647144.1

DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1   Paul J. Cambria, Jr. *(admitted pro hac vice)*
        pcambria@lglaw.com
2   Erin McCampbell *(admitted pro hac vice)*
        emccampbell@lglaw.com
3   LIPSITZ GREEN SCIME CAMBRIA LLP
    42 Delaware Avenue, Suite 120
4   Buffalo, New York 14202
    Telephone: (716) 849-1333
5   Facsimile: (716) 855-1580

6   Attorneys for Defendant Michael Lacey

7   Bruce Feder (AZ Bar No. 004832)
        bf@federlawpa.com
8   FEDER LAW OFFICE, P.A.
    2930 E. Camelback Road, Suite 160
9   Phoenix, Arizona 85016
    Telephone: (602) 257-0135
10
    Attorney for Defendant Scott Spear
11
    David Eisenberg (AZ Bar No. 017218)
12      david@deisenbergplc.com
    DAVID EISENBERG PLC
13  3550 N. Central Ave., Suite 1155
    Phoenix, Arizona 85012
14  Telephone: (602) 237-5076
    Facsimile: (602) 314-6273
15
    Attorney for Defendant Andrew Padilla
16
    Joy Malby Bertrand (AZ Bar No. 024181)
17      joy.bertrand@gmail.com
    JOY BERTRAND ESQ LLC
18  P.O. Box 2734
    Scottsdale, Arizona 85252
19  Telephone: (602)374-5321
    Facsimile: (480)361-4694
20
    Attorney for Defendant Joye Vaught

21

22

23

24

25

26

27

28

3647144.1

2

DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1    Defendants seek an order requiring the parties to meet and confer regarding the

2 admissibility of the evidence the government seeks to admit through its Motion *in Limine*

3 to Determine Admissibility of Evidence (Dkt. 931), and holding the government's motion

4 in abeyance in the interim.  Alternatively, Defendants seek an order extending their time to

5 respond to the motion by one month, which would move Defendants' response date from

6 May 8, 2020, to June 8, 2020.  The government objects to Defendants' motion.

7    The government's motion seeks to admit "a large part of the evidence" (Dkt. 931 at

8 2 n.1) it intends to introduce at trial, including:

9    • Over 500 exhibits, including emails sent to or from Defendants and "other

10    intra-Backpage documents," including meeting agendas, PowerPoint

11    presentations, correspondence with law enforcement, and correspondence

12    with consultants.  Dkt. 931 at 2.

13    • ***Thousands of pages of business records*** that appear to have been produced

14    in response to government subpoenas.  Dkt. 931 at 17-23; Dkt. 889.

15    • Summary financial exhibits that are premised on hundreds of other records,

16    exhibits that include flowcharts that purport to depict the transactions

17    underlying each of the indictment's money laundering counts.  It is not clear

18    whether these underlying records are part of the government's motion.

19    On April 28, 2020, Defendants emailed the government, requesting that the parties

20 first meet and confer regarding the government's motion *in limine* in order to narrow the

21 scope of potential disputes to be presented to the Court.  Exh. A.  Defendants stated in their

22 correspondence to the government that:

23    Given, among other reasons, the volume of exhibits at issue,
    the lack of clarity as to which exhibits the government seeks to
24    admit, and the fact that the Court's rulings on some of the
    parties' other motions *in limine* will inform the categories of
25    admissible evidence, we think that it would be appropriate for
    the parties to first meet and confer regarding [this motion] in an
26    effort to narrow the scope of the disputes to be presented to the
    Court.
27

28 Exh. A.  In the alternative, Defendants requested an additional month to respond to the

3647144.1                          3
DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1    government's motion *in limine*.  *Id.*

2         The government responded today, rejecting Defendants' request.  Exh. B.  In its

3    correspondence to Defendants, the government posed a series of questions regarding the

4    exhibits at issue, such as:

5         • "Is it the law that applies to the admissibility of these categories of evidence

6              that you disagree with?"

7         • "[A]re you disputing the authenticity of the emails, PowerPoints, or

8              correspondence that were provided to the government by Backpage and

9              Ferrer?"

10        • "Is there really a legitimate hearsay or relevance objection?"

11   *Id.*  Apparently, in the very short window before responses to the parties' motions

12   *in limine* are due, the government expects Defendants to answer these (among other)

13   critical questions as to over 500 exhibits, which it admits constitute the majority of the

14   evidence it seeks to introduce at what it estimates will be a three-month trial, all while

15   Defendants are preoccupied responding to the government's other motions *in limine*.

16        Good cause exists to grant Defendants' requested extension for several reasons.

17        First, it is unreasonable for the government to demand that Defendants analyze the

18   majority of the evidence the government seeks to admit at trial and determine whether they

19   have any objections within a matter of three weeks.  The evidentiary issues presented by

20   these exhibits are not as straightforward as the government would have the Court believe.

21   The government seeks to admit numerous categories of evidence (e.g., meeting agendas,

22   ads obtained from the WayBack Machine, bank records, PowerPoint presentations, etc.)

23   under several hearsay exceptions, including the rules dealing with admissions by a party

24   opponent, statements of a co-conspirator, statements by a party's agent, adoptive

25   admissions, and business records (as well as certain exhibits not offered for the truth of the

26   matter asserted).  These are complex evidentiary questions, many of which may not even

27   be appropriate to address before trial.  Indeed, the government has not specified the

28   witnesses through whom it will seek to admit these exhibits.

3647144.1

DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1    That the government previously identified these exhibits as part of its exhibit lists or

2 otherwise does not justify putting Defendants under the gun with a trial date over three

3 months away.  The government's exhibit list has changed substantially over time, with

4 further revisions to come.  Defendants have been under no prior obligation to scrutinize the

5 admissibility of over 500 exhibits and thousands of records the government seeks to admit.

6 These are questions that normally arise in the course of trial.  Trial preparation at this

7 stage—months before the first witness is called—does not normally involve examining

8 every document for all possible evidentiary objections that may apply (including, for

9 example, whether the exhibits are complete under Rule 106), especially in the absence of

10 witness testimony or even the proffered witness through whom the exhibit is sought to be

11 introduced.

12    Second, Defendants also must respond to the government's four other motions

13 *in limine* by May 8, 2020, motions that seek to (1) preclude all of Defendants' experts from

14 testifying, (2) admit evidence of alleged murders allegedly related to Backpage.com

15 advertisements, (3) admit an untold multitude of hearsay statements, and (4) preclude

16 references to other cases involving Backpage.  Defendants are not in a position to respond

17 to these four motions in addition to responding to a motion that attempts to resolve all

18 issues of admissibility as to the bulk of the evidence the government will try to put on at

19 what it has estimated will be a three-month trial by next Friday.

20    Third, the government will suffer no prejudice from an order requiring that it meet

21 and confer with Defendants or, alternatively, an order granting Defendants a one-month

22 extension to respond to the motion.  Trial is, for the time being, three-and-a-half months

23 away and the current pre-trial conference date is July 31, 2020.  There is every reason to

24 believe that, given the ongoing pandemic crisis in this country, these dates will necessarily

25 be adjusted.  There is ample time for the parties and the Court to resolve issues of

26 admissibility.

27    Fourth, by affording the parties time to meet and confer (or alternatively, affording

28 Defendants more time to respond to the motion), whatever issues of admissibility are

3647144.1

5

DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1  eventually presented to the Court will be narrowed, thereby preserving judicial resources.

2          For the foregoing reasons, Defendants request, on an expedited basis, that the Court

3  order the parties to meet and confer regarding the admissibility of the evidence raised by

4  the government's Motion *in Limine* to Determine Admissibility of Evidence (Dkt. 931),

5  and hold the government's motion in abeyance in the interim.  Alternatively, Defendants

6  request that the Court extend their time to respond to the motion by one month. which

7  would move Defendants' response date from May 8, 2020, to June 8, 2020.

8

9          *Pursuant to the District's Electronic Case Filing Administrative Policies and*

10  *Procedures Manual (January 2020) § II (C) (3), Gopi K. Panchapakesan herby attests that*

11  *all other signatories listed, and on whose behalf this filing is submitted, concur in the*

12  *filing's content and have authorized its filing.*

13

14  DATED:  April 29, 2020                    Respectfully submitted,

15                                                            Gary S. Lincenberg
                                                              Ariel A. Neuman
16                                                            Gopi K. Panchapakesan
17                                                            Bird, Marella, Boxer, Wolpert, Nessim,
                                                              Drooks, Lincenberg & Rhow, P.C.
18

19
                                                    By:  _____*/s/ Gopi K. Panchapakesan*_____
20                                                                Gopi K. Panchapakesan
21                                                           Attorneys for Defendant John Brunst

22
     DATED:  April 29, 2020                    Thomas H. Bienert Jr.
23                                                            Whitney Z. Bernstein
                                                              Bienert | Katzman PC
24

25
                                                    By:  _____*/s/ Thomas H. Bienert, Jr.*_____
26                                                                Thomas H. Bienert Jr.
27                                                           Attorneys for Defendant James Larkin

28

3647144.1
                                                  6
DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1   DATED:  April 29, 2020          Paul J. Cambria
2                                   Erin McCampbell
                                    Lipsitz Green Scime Cambria LLP
3

4                                   By:      */s/ Paul J. Cambria*
                                    _____
5                                            Paul J. Cambria
                                    Attorneys for Defendant Michael Lacey
6
7   DATED:  April 29, 2020          Feder Law Office, P.A.

8

9                                   By:      */s/ Bruce S. Feder*
                                    _____
                                             Bruce S. Feder
10                                  Attorney for Defendant Scott Spear

11
    DATED:  April 29, 2020          The Law Office of David Eisenberg, PLC
12

13
                                    By:      */s/ David Eisenberg*
14                                  _____
                                             David Eisenberg
15                                  Attorney for Defendant Andrew Padilla

16
    DATED:  April 29, 2020          Joy Bertrand Esq. LLC
17

18
                                    By:      */s/ Joy Malby Bertrand*
19                                  _____
                                             Joy Malby Bertrand
20                                  Attorney for Defendant Joye Vaught

21

22

23

24

25

26

27

28

3647144.1
                                        7
DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on April 29, 2020, I served the attached document by email on
the following, who are registered participants of the CM/ECF System:

3

Andrew C. Stone                    andrew.stone@usdoj.gov
4    Anthony Ray Bisconti              tbisconti@bmkattorneys.com
Bruce S. Feder                     bf@federlawpa.com
5    David S. Eisenberg                david@deisenbergplc.com
Erin E. McCampbell                 emccampbell@lglaw.com
6    James C. Grant                     jimgrant@dwt.com
John Jacob Kucera                  john.kucera@usdoj.gov
7    John Lewis Littrell               jlittrell@bmkattorneys.com
Joy Malby Bertrand                joyous@mailbag.com
8    Kevin M. Rapp                      kevin.rapp@usdoj.gov
Margaret Wu Perlmeter             margaret.perlmeter@usdoj.gov
9    Michael D. Kimerer                mdk@kimerer.com
Paul John Cambria, Jr.             pcambria@lglaw.com
10   Peter Shawn Kozinets              peter.kozinets@usdoj.gov
Reginald E. Jones                  reginald.jones4@usdoj.gov
11   Rhonda Elaine Neff                rneff@kimerer.com
Robert Corn-Revere                bobcornrevere@dwt.com
12   Ronald Gary London                ronnielondon@dwt.com
Seetha Ramachandran               sramachandran@proskauer.com
13   Thomas Henry Bienert, Jr.          tbienert@bienertkatzman.com
Whitney Z. Bernstein              wbernstein@bienertkatzman.com

14

15
                                         _/s/ Gopi K. Panchapakesan_
16                                        Gopi K. Panchapakesan

17

18

19

20

21

22

23

24

25

26

27

28

3647144.1
                                        8
                              CERTIFICATE OF SERVICE

# EXHIBIT A

| | |
|---|---|
| **From:** | Gopi K. Panchapakesan |
| **Sent:** | Tuesday, April 28, 2020 12:02 PM |
| **To:** | Rapp, Kevin (USAAZ); Perlmeter, Margaret (USAAZ); Stone, Andrew (USAAZ); Jones, Reginald (CRM); Kozinets, Peter (USAAZ); Kucera, John (USACAC) |
| **Cc:** | Gary S. Lincenberg; Ariel A. Neuman; Tom Bienert; Whitney Bernstein; Bruce Feder; Paul Cambria; Erin McCampbell Paris; David Eisenberg; Joy Bertrand |
| **Subject:** | U.S. v. Lacey, et al. - Motions in Limine |

Kevin,

We hope that your team is staying safe and healthy.  I write in connection with the government's motions *in limine* to determine admissibility of evidence (Dkt. 931) and to admit evidence as non-hearsay statements (Dkt. 929).  As to the first motion, it seeks to admit over 500 exhibits under various evidentiary rules, as well as summary exhibits, which purport to summarize hundreds of additional records.  Further, you previously provided us with a spreadsheet that references several thousand financial records – it is not clear whether these records are also part of your motion.  As to the second motion, it is not even clear which specific exhibits the government seeks to admit (the motion only vaguely references statements made by Elizabeth McDougall, Don Moon, "Dollar Bill," and David Elms).

Given, among other reasons, the volume of exhibits at issue, the lack of clarity as to which exhibits the government seeks to admit, and the fact that the Court's rulings on some of the parties' other motions *in limine* will inform the categories of admissible evidence, we think that it would be appropriate for the parties to first meet and confer regarding these two motions in an effort to narrow the scope of the disputes to be presented to the Court.  As trial is 3.5 months away, there is ample time for the parties to meet and confer about the admissibility of specific exhibits.

Please let us know your position by the end of the day tomorrow.  If you are unwilling to table these motions pending the meet-and-confer process, then we request an additional month to respond to the two motions at issue (which would move the opposition date on those motions to June 8th) so that Defendants have a meaningful opportunity to review the exhibits and underlying records the government seeks to admit.

Regards,

Gopi

## Gopi K. Panchapakesan
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

# EXHIBIT B

| | |
|---|---|
| **From:** | Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov> |
| **Sent:** | Wednesday, April 29, 2020 12:05 PM |
| **To:** | Gopi K. Panchapakesan; Perlmeter, Margaret (USAAZ); Stone, Andrew (USAAZ); Jones, Reginald (CRM); Kozinets, Peter (USAAZ); Kucera, John (USACAC) |
| **Cc:** | Gary S. Lincenberg; Ariel A. Neuman; Tom Bienert; Whitney Bernstein; Bruce Feder; Paul Cambria; Erin McCampbell Paris; David Eisenberg; Joy Bertrand |
| **Subject:** | RE: U.S. v. Lacey, et al. - Motions in Limine |
| **Attachments:** | 2009.02.17_NewTimesArticle_TER_FounderArrested_2015 _Archive_orgCapture_[TER].jpg; EXCLUSIVE_ NYC man who ran escort website to pay feds $3.5M after admitting .pdf |

Gopi,

Thanks for the email. We hope you all are also staying healthy and safe.

To start, we are unwilling to table any of the motions *in limine* pending a meet-and-confer process.  As for your request to meet-and-confer, we would like to understand what you are requesting to meet-and-confer about.  By way of background, in other document intensive cases that have gone to trial in this District, the government filed motions *in limine* to admit evidence similar to the motion we filed in this case to avoid time-consuming disputes in the middle of trial. In those cases we never provided a detail list of the actual exhibits as we have done here. We did, however, provide the defense notice (48 hours in advance of the witnesses' testimony) of what exhibits we intend to admit through the witness. As you know from our previous correspondence we have made an offer to do the same here if you are agreeable to extending the same courtesy to the prosecution.  That said, is it the law that applies to the admissibility of these categories of evidence that you disagree with?  For example, are you disputing the authenticity of the emails, PowerPoints, or correspondence that were provided to the government by Backpage and Ferrer in response to a subpoena?  And, is there really a legitimate  hearsay or relevance objection?

Regarding the "volume of exhibits," and your need to "have a meaningful opportunity to review the exhibits," we would point out that all defense counsel were provided an updated exhibit list on January 30 (nearly 13 weeks ago) that listed each exhibit for which the government is seeking a pretrial ruling in *CR* 931.  Moreover, you have been in possession of most of these documents for nearly two years.  Lastly, many of these exhibits should be familiar to the Backpage Defendants as they were implicated in the PSI report and other civil litigation.

As for financial records, as you note, we filed a notice of intent to offer business records pursuant to 902(11) more than three months ago.  *See CR* 889 and Section III(a) of the *motion in limine* to admit certain evidence.  To date, we have not received a challenge to the 902(11) cert.   Are you seeking to challenge the certifications, and, if so, on what basis?   Otherwise, what is your specific objection to the foundation of the summary charts?

Further, *CR* 929 is a straightforward motion that seeks to admit statements made by "agents" of the Backpage Defendants.  Is your issue with the foundational requirements for the admission of a statement (either or oral written) by any of the individuals identified in the motion? Which one of those referenced do you believe was not acting at the direction and/or within the scope of employment with Backpage?   It is not our intent to identify every single statement they made during life of a fourteen year  conspiracy. But again, we are willing

to identify relevant exhibits  during trial --48 hours in advance of their testimony. Obviously, we only intend to admit statements that are relevant to the case. In some cases statements made by agents of the Backpage Defendants will be relevant to the Backpage Defendants' knowledge of prostitution and, in other cases, they are either misleading, untrue, or admissions.   As for Elms and Dollar Bill is there really a plausible objection that they were engaged in prostitution activities? Dollar Bill admits this in several emails ( I haven't read his book "A Kid in the Candy Store, My Life in the Escort Business,")  and Elms does as well.  And, of course, both were  arrested related, in part, due  to their prostitution activity. (*See* attached articles) The Backpage Defendants had financial relationships with both of these individuals.  In short, they are unindicted co-conspirators and as such, *any* statement (oral or written) made to further the conspiracy is presumptively admissible.

In sum, we object to a month extension to respond to these routine motions but are willing to meet and confer *after* we receive  clarification of the issues we have raised above. If you choose not to provide a clarification of the issues above and  nevertheless file a motion to extend your  response time,  please note our objection and attach this email so the Court has an understanding of our position regarding an extension.

Stay safe and all the best,


**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, <u>kevin.rapp@usdoj.gov</u>**


---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Tuesday, April 28, 2020 12:02 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Kucera, John (USACAC) <jkucera@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Tom Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Bruce Feder <bf@federlawpa.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>
**Subject:** U.S. v. Lacey, et al. - Motions in Limine

Kevin,

We hope that your team is staying safe and healthy.  I write in connection with the government's motions *in limine* to determine admissibility of evidence (Dkt. 931) and to admit evidence as non-hearsay statements (Dkt. 929).  As to the first motion, it seeks to admit over 500 exhibits under various evidentiary rules, as well as summary exhibits, which purport to summarize hundreds of additional records.  Further, you previously provided us with a spreadsheet that references several thousand financial records – it is not clear whether these records are also part of your motion.  As to the second motion, it is not even clear which specific exhibits the government seeks to admit (the motion only vaguely references statements made by Elizabeth McDougall, Don Moon, "Dollar Bill," and David Elms).

Given, among other reasons, the volume of exhibits at issue, the lack of clarity as to which exhibits the government seeks to admit, and the fact that the Court's rulings on some of the parties' other motions *in limine* will inform the

categories of admissible evidence, we think that it would be appropriate for the parties to first meet and confer regarding these two motions in an effort to narrow the scope of the disputes to be presented to the Court.  As trial is 3.5 months away, there is ample time for the parties to meet and confer about the admissibility of specific exhibits.

Please let us know your position by the end of the day tomorrow.  If you are unwilling to table these motions pending the meet-and-confer process, then we request an additional month to respond to the two motions at issue (which would move the opposition date on those motions to June 8th) so that Defendants have a meaningful opportunity to review the exhibits and underlying records the government seeks to admit.

Regards,

Gopi

**Gopi K. Panchapakesan**
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**