MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | No. CR-18-00422-PHX-SMB<br><br>**RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PRESENTATION OF CERTAIN EVIDENCE (DOC. 908)** |

## INTRODUCTION

Defendants have moved *in limine* seeking to prevent the government from presenting evidence related the following: (1) child sex trafficking or sex trafficking; (2)

1   third-party criminal conduct other than prostitution; (3) a third-party's Travel Act
2   conviction from 1987; (4) prostitution ads from printed publications; and (5) certain
3   testimony of the victims. (Doc. 908.) Defendants broadly argue such evidence is
4   irrelevant, unduly prejudicial or confusing under Fed. R. Evid. 401 and 403.

The third and fourth requests identified above can be set aside here, because the government does not intend to introduce ads from print publications or a Travel Act conviction from 1987. The first and fifth requests involve overlapping evidence, and as explained below that evidence is relevant to proving knowledge and intent for the Travel Act violations (SI Counts 2-51). The second request is similarly relevant. A deeper look at the evidence reveals that what Defendants have coined as "third-party criminal conduct other than prostitution" refers to homicides resulting from Backpage sex-for-hire ads—evidence that is likewise highly relevant here. For these and other reasons, the instant motion *in limine* should be denied.

## ARGUMENT

### I. Fed. R. Evid. 401 and 403 are Rules of Inclusion Not Exclusion

Defendants move to limit the government's presentation of evidence based strictly on Rules 401 and 403. Defendants argue the evidence is not relevant if it does not directly prove an element of a charged offense. But the bar for relevance is low. *See, e.g., United States v. Whittemore*, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013) (low bar for evidence to be considered relevant under Fed. R. Evid. 401). Jurors are allowed to see and hear even marginally-relevant evidence because we trust them to weigh the evidence appropriately. *United States v. Hitt*, 981 F.2d 422 (9th Cir. 1992). And witness testimony is not limited to the ultimate issues or elements in a case. *Old Chief v. United States*, 519 U.S. 172, 179 (1997) (a fact of consequence can be any step along a path of inference that leads to an "ultimate fact"). Here, many of the witnesses called by the government will provide a link in the chain of proof against Defendants. *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014) ("To be relevant, evidence need not conclusively decide the issue in the case, nor make the proposition appear more probable, but it must in some degree advance the

inquiry.").

Under Rule 403, exclusion of evidence in a criminal prosecution is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). "[T]he danger of [unfair] prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it." *Id.* "[A]pplication of Rule 403 must be cautious and sparing" because the Rule's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).

## II. All Evidence Tending to Show Knowledge and Intent of Defendants to Facilitate Prostitution is Relevant and Admissible.

A core issue at trial will be whether Defendants possessed the specific intent to violate the Travel Act, namely, whether they knew postings on the adult section of www.Backpage.com were almost exclusively prostitution ads, and whether they intended to promote or facilitate the unlawful activity. The Ninth Circuit Model Jury Instructions for conspiracy requires proof that the defendant became a member of the conspiracy *knowing* of at least one of its objectives and *intending* to help accomplish it. Ninth Circuit Model Jury Instruction Section 8.20. Similarly, the Travel Act requires proof that the defendant had *the intent* to [promote, manage, establish, or carry to] [facilitate the promotion, management, establishment, or carrying on of] [specified unlawful activity]. Ninth Circuit Model Jury Instruction Section 8.144. To date, Defendants have maintained the government has not set forth evidence sufficient to convict them of any crimes. Much of the evidence Defendants seek to preclude, however, proves or is a link in the chain of proof that they were well aware that virtually all of the ads placed on the website were for prostitution and further that they facilitated this unlawful activity.

### A. Evidence of Prostitution (Including Underage Prostitution) Advertised on Backpage Is Relevant and Admissible

Defendants claim to be unaware that the majority of Backpage's postings were

prostitution ads and deny having the intent to facilitate and promote unlawful activity for financial gain.  The evidence the government seeks to admit disproves those claims.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice and the evidence should be admitted.

While different states and municipalities may have their own criminal statutes defining prostitution, it is undisputed that the general understanding is that prostitution is the practice of engaging in sex for money.  Defendants nevertheless seek to preclude any mention of the term "sex trafficking" or child sex trafficking," arguing that it is irrelevant and inflammatory because Defendants are not charged with those crimes.  Defendants' argument misses the mark.  Sex trafficking and child sex trafficking are forms of prostitution.  While the two crimes may include additional elements, such as causing a person to engage in a commercial sex act by means of force, threat of force, fraud or coercion, or causing a person that is under the age of 18 to engage in a commercial sex act, both crimes involve the victim engaging in sex for financial gain.  *See* 18 U.S.C. § 1591.

Five of the 17 victims identified in the Superseding Indictment were minors when they were trafficked on Backpage.  In essence, in moving to preclude testimony related to "child sex trafficking," Defendants are moving to preclude the victims' testimony simply because they were children when they were trafficked.  The impact would be more than simply not eliciting the victim's age.  Anything that could potentially identify the victim as a child, the fact that they attend school, that they ran away from home after getting into a fight with their parents or got in trouble for getting a bad grade would potentially become inadmissible and leave the victim unable to provide relevant evidence and tell her story.  The victims should not be precluded from telling their story simply because they were children when they were trafficked.  *See United States v. Garcia De Leon*, 137 F. App'x 965, 966 (9th Cir. 2005) (probative value of victim's testimony about abuse suffered while being held hostage was not unduly prejudicial, especially when the government was precluded from dwelling upon the details of the abuse.).  Defendants have not cited any case to the contrary.

Defendants argue the government intends to turn the case into a series of mini sex-trafficking trials. Defendants are mistaken. The majority of the victims here have had their cases adjudicated in other jurisdictions and their traffickers have either pleaded guilty or been found guilty by a jury. Thus, there is no need, as Defendants suggests, to proceed with a lengthy cross examination on facts that have already been admitted or determined – like whether the victim was actually a minor or coerced or trafficked.

Next, Defendants request the Court preclude the government from introducing "lengthy testimony" from victims about their experience as prostitutes, arguing that the testimony would be irrelevant and highly prejudicial and involve third parties not before the Court. Once again, Defendants' arguments miss the mark. Here, the government expects the victims will testify about how www.Backpage.com made it easy for them to enter the prostitution life and to be trafficked. They will explain how their ads were created, how they posed for the photographs that were used in their ads – covering just enough skin to avoid having their ads rejected by the website. They will also testify that on occasion they would notice their ad had been posted with certain photos removed. The victims are expected to testify how their ads were drafted, either by themselves or their traffickers, to avoid being kicked back by the website, that there were occasional communications with Backpage on how certain terms needed to be removed before an ad could be posted, and how ads could not be posted if a user identified themselves as being less than 18 years old. The victims will explain how they or their traffickers paid for their ads – sometimes by credit card and eventually with Vanilla Visa Cards or gift cards to retain anonymity. They are expected to testify about how they needed to "refresh" their ads several times a day to stay current and at the top of the website, and how they paid a fee to Backpage each time they did so. To place their testimony in context, the victims will inevitably need to describe the circumstances of how they were trafficked, their relationship with their trafficker, and what they experienced in a "day in the life" of prostitution.

Finally, Defendants argue that evidence of crimes committed by other people are irrelevant, highly prejudicial and should be precluded. The evidence pertaining to the homicides the government seeks to admit have been detailed in a separate motion. Rather than repeating the facts and argument, the government will fully incorporate them by this reference here. (Doc. 920.) Testimony from the victims' next of kin will describe how they made efforts to communicate with Backpage to have their child's ad removed from the website. Law enforcement witnesses will describe how their investigation of the homicide led them to the victim's Backpage ad and their communications with Backpage to obtain evidence through the search warrants and other legal process. The evidence could be viewed as prejudicial, in that it tends to prove the prosecution's case. *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case."). That, however, isn't the standard for preclusion. *Id.* (Rule 403 excludes evidence without any relevance or if the potential for prejudice "far outweighs what little relevance it might have"). The evidence is relevant because it shows Defendants were placed on notice and knew the website was a hub for prostitution activity and their actions following the notice show that rather than try to stop it, they took steps to promote and facilitate the unlawful activity, for their financial gain.

The cases cited by Defendants are easily distinguished because they involve crimes where the government does not need to prove knowledge or intent, or pertain to evidence improperly admitted. In *Ellis*, the defendant's conviction for receiving and concealing stolen explosives and knowingly receiving or possessing stolen explosives after being convicted of a felony was reversed after the Court held a book containing instructions on how to make explosives was improperly admitted. *United States v. Ellis*, 147 F. 3d 1131 (9th Cir. 1998). *Ellis* held that because the charges involved possession and knowing receipt, the government was not required to prove defendant intended to build explosives. *Id.* at 1135-1136. Here, the Travel Act requires the government to prove intent.

*United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005), evidence relating to the medical condition of two smuggled aliens was improperly admitted; the court found the evidence was a detail in the story that might have been relevant at sentencing, not trial. Here, the evidence in question is not a minor detail, but goes to a central issue for the fact-finder to resolve at trial—Defendants' knowledge and intent.

In *United States v. Bradley,* court found error where evidence of an uncharged homicide was admitted during a trial for conspiring and attempting to kill a witness because it did not illuminate the "background and development of the conspiracy." 5 F.3d 1317, 1321 (9th Cir. 1993). The situation here is the exact opposite. The homicides show Defendants were well aware that some of Backpage's prostitution ads resulted in deaths because they were internally tracking the news stories and receiving search warrants and subpoenas from law enforcement. Defendants were also subject to negative publicity, which led them to strategize about how they could minimize or deflect the negative impact of the stories—without doing anything that might impact Backpage's bottom line. Defendants' other cases, including *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992), are similarly distinguishable.

    B.    <u>A Limiting Instruction Will Ensure the Jury Understands the Evidence and Applies it for a Proper Purpose</u>

The government does not allege and will not argue that Defendants murdered or trafficked the victims and has no objection to a limiting instruction. The evidence Defendants seek to preclude is evidence that shows they were on notice and had knowledge that Backpage was used almost exclusively for prostitution. This evidence is one category that helps prove that Defendants possessed specific intent to promote or facilitate an unlawful activity in violation of the Travel Act. A limiting instruction will help the jurors properly apply the evidence and minimize Defendants' concerns.

**III.** **<u>Conclusion</u>**

For all the foregoing reasons, the government respectfully requests that the Court

deny the Defendants' Motion in Limine to Preclude Presentation of Certain Evidence.

Respectfully submitted this 8th day of May, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/Margaret Perlmeter*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office