**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  602-374-5321
Fax:  480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR:  DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

United States of America,
        Plaintiff,

        v.

Joye Vaught,
        Defendant.

CR-2018-0422-SMB

*NOTICE OF JOINDER*

        PLEASE TAKE NOTICE THAT the Defendant, Joye Vaught, by and

through her counsel of record, Joy Bertrand, hereby submits her Notice of

Joinder to her co-defendants' response in opposition to the Government's Motion

*in Limine*,  (ECF Doc. 964) As further grounds therefore, the Defendant submits

the following:

**I.      The Government Makes No Effort to Show What, if any, Statements of Backpage.com's Attorneys and Consultants were Shared with Ms. Vaught, not to Mention Ratified by Her.**

The Government must establish who was authorized to say what at each moment and with respect to each individual Defendant.1  The Government has not proffered, and cannot proffer in good faith, evidence can the that Ms. Vaught – a low-level supervisor at Backpage.com  -- received any of the documents the Government proposes, but will not identify --  not to mention read and approved them.  In the abject lack of evidence, the Government does nothing to show that Ms. Vaught "enjoyed the specific 'speaking authority' contemplated by [Rule] 801(d)(2)(C)."2

The factors that support attribution of an agent's statements to her principal are completely missing and, therefore, these statements cannot be admitted against her.3  Here, Ms. Vaught controlled none of the participants in any of the to-be-identified discussions.  The participants could not legally bind Ms. Vaught through their statements and actions.  Even if a statement were

---

1 *See, e.g., Mahlandt v. Wild Canid Survival & Research Ctr., Inc.*, 588 F.2d 626, 631 (8th Cir. 1978) (minutes of a corporate board meeting are inadmissible under Rule 801(d)(2) against "a non-attending, non-participating employee of that corporation").

2 *Sabel v. Mead Johnson & Co.*, 737 F. Supp. 135, 139 (D. Mass. 1990).

3 *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 934 (9th Cir. 2002), *opinion amended on denial of reh'g*, 313 F.3d 1093 (9th Cir. 2002) (holding evidence was inadmissible under Rule 801(d)(2) where the proponent of the evidence failed to offer evidence of the scope of the agency relationship "beyond the [declarant's] own hearsay declaration").

admissible under the agency theory against one Defendant, the Government cannot introduce it as truth against the other Defendants.[4]

Ms. Vaught is the lowest person on the Backpage.com totem pole to be charged in this prosecution.  Ms. Vaught rose through Backpage.com's ranks, starting in approximately 2010 as an $11-per-hour ad moderator and ending her tenure with Backpage.com as a supervisor of moderators.  Her direct supervisor was Defendant Andrew Padilla.

Ms. Vaught had no policy-making power at Backpage.com.  Her primary job was to ensure that moderators were at work when they were supposed to be and that the moderators in the "adult" section of Backpage.com's advertising identified advertisements for illegal conduct.  Advertisements that appeared to depict underage people were forward to a separate email account.  From that email account, Ms. Vaught, Mr. Padilla, and other supervisors would review the ads that potentially had underage people in them, and, if they appeared to depict underage people, forward the ads to the National Center for Missing and Endangered Children (hereinafter NCMEC).  Ms. Vaught also audited

---

[4] *See Bogutz v. Arizona*, No. CV 03-454-TUC-RCC, 2008 WL 11440636, at *1 (D. Ariz. Oct. 27, 2008) ("a party's statement is admissible as non-hearsay only if it is offered against that party.").

Backage.com moderators' work, to make sure that they were properly flagging ads involving illegal conduct.

The content that the moderators were directed to catch changed frequently – even daily, at times.  The direction for what content to flag came from Backpage.com's management.  Ms. Vaught did not make these determinations *ad hoc*.  Ms. Vaught, with only a high school education, was in no position to make a publishing company's decisions about complex First Amendment, corporate liability, and agency issues.

The Government's Motion *in Limine* shows nothing,  in terms of  Ms. Vaught being included in any discussions with Backpage.com's lawyers and consultants.  As a lower-level employee at Backpage.com, the Government also cannot show that Ms. Vaught authorized any of these attorneys or consultants to speak for her.

**II.    The Government Fails to Offer a Shred of Evidence that Ms. Vaught was Given Not Only the Opportunity to Review the To-Be-Determined Statements, but Also the Opportunity and Authority to Adopt Them.**

As to only attorney McDougall's statements, the Government asserts that these unknown statements also are "admissible non-hearsay because they were effectively adopted by Defendants as their own."[5]  While such adoption can be

---

[5] ECF Doc. 929 at 4.

"manifested by silence," the Government's allegation that its "evidence will show that McDougall often explicitly informed Defendants or their agents about her statements prior" to making them and "Defendants never disavowed or corrected any of McDougall's statements concerning Backpage"[6] cannot apply to Ms. Vaught.

The Government ignores the fundamental premise of agency law, which requires someone to be authorized to act as an agent to be an agent.[7]  How in the world would Ms. Vaught be able to direct any of these high powered attorneys and consultants, who are advising the corporation for whom she works, as her "agent?"

Even if it could show that, at some point, Backpage.com's senior management authorized Ms. Vaught to direct the conduct of these attorneys and consultants, it has not offered a single document that Ms. Vaught received and that she had the opportunity to approve.

**III.     The Admission of These Statements Against Any of the Other Defendants Requires Ms. Vaught's Severance from the Trial.**

The Court may be inclined to admit the to-be-defined statements of Backpage.com's attorneys and consultants against one of some of the

[6] *Id.*

[7] Restatement of Agency 2d, Sect. 1.

Defendants, but not Ms. Vaught.  If those statements will be admitted one, some, or all of Ms. Vaught's codefendants, but not her, then Ms. Vaught must be severed from this trial.  A limiting instruction cannot prevent the risk of the jury attributing what likely will be a litany of statements made by people over whom Ms. Vaught had no control.

## CONCLUSION

For the foregoing reasons, Ms. Vaught asks this Court to deny the admission of the statements loosely described by the Government in its Motion *in Limine*.  If the Court is inclined to admit these statements against any of Ms. Vaught's codefendants, then Ms. Vaught renews her motion to sever her trial from her codefendants.

RESPECTFULLY SUBMITTED on May 19, 2020.

s/Joy Bertrand
Joy Bertrand
Attorney for Defendant

1

2

3

**CERTIFICATE OF SERVICE**

On May 19, 2020, I, Joy Bertrand, attorney for the Defendant, Joye Vaught,

4   filed the foregoing with the Arizona District Court's electronic filing system.

5

6   Because it is being filed *ex parte* and under seal, it will not be served upon

7   opposing counsel or codefendant counsel.

8

9          Respectfully submitted this Nineteenth day of May, 2020.

10

11                                      s/Joy Bertrand
12                                      Joy Bertrand
13                                      Attorney for Defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29