# Exhibit A

| | |
|---|---|
| **From:** | Jones, Reginald (CRM) |
| **To:** | "Gopi K. Panchapakesan"; Paul Cambria; "Erin McCampbell Paris"; Thomas H. Bienert; Whitney Bernstein; Gary S. Lincenberg; Bruce Feder; david_deisenbergplc.com; joy.bertrand_gmail.com; Ariel A. Neuman |
| **Cc:** | Rapp, Kevin (USAAZ); Perlmeter, Margaret (USAAZ); Kozinets, Peter (USAAZ); Stone, Andrew (USAAZ); Kucera, John (USACAC) |
| **Subject:** | RE: Court"s Order for Parties to Meet and Confer by 5/22 |
| **Date:** | Wednesday, May 20, 2020 3:58:58 PM |
| **Attachments:** | Copy of Master Table - Printable.xlsx |

Gopi,

First, we believe the motion *in limine* to admit evidence provides more than adequate "foundational information" for you to "meaningfully review" it. That being said, we are more than willing to make a reasonable and good faith effort to answer the questions you pose.

Defense Issue #1—To which specific exhibits does this motion apply? The motion itself does not specify. Is the government seeking a ruling as to any evidence beyond the 500 or so exhibits referenced in the chart attached to the motion? For example, is the government seeking a blanket admissibility ruling regarding all emails sent to or received by the Defendants? Is the government seeking to admit the records that form the basis for its proposed summary exhibits; if so, have those records been produced and identified?

- Government Response: *CR* 931 specifies each exhibit for which the government is seeking a pretrial ruling on admissibility, however, we have re-specified these exhibits for you below.
    - *CR* 931 at 17 – all exhibits identified in section e (also identified in Attachment A to *CR* 931)
    - *CR* 931 at 17-18 – bank records identified in *CR* 889-1
    - *CR* 931 at 18 – Meeting Agendas (exhibits 14, 21, 23, 30, and 101; also identified in Attachment A to *CR* 931)
    - *CR* 931 at 19-20 Google Analytic Reports (exhibits 311-314; also identified in Attachment A to *CR* 931)
    - *CR* 931 at 20 Backpage Stories (exhibit 260; also identified in Attachment A to *CR* 931)
    - *CR* 931 at 20-22 Wayback, Uncharted, and Backpage.com records (exhibits D, E, and F filed under seal and previously produced to you). These exhibits are related to Counts 3, 6-11, 18, and 25-51 of the SI.
    - *CR* 931 at 22-23 Fitchner Video (exhibit G filed under seal and produced to you).
    - *CR* 931 at 24 Lacey documents (exhibit 1; also identified in Attachment A to *CR* 931).
    - *CR* 931 at 24-25 Summary Exhibits
        - For the following two summary exhibits relied upon by SA Thai are listed below.
        - Summary Exhibits Ad Revenue -- USAO-BP-014976 (provided to you on 4/9/2020)
        - Summary Exhibits Revenue -- USAO-BP-014977 (provided to you on 4/9/2020)

| File Name | Bates Number |
|---|---|
| Monthly Revenue & Ad Count report by Section and Category.xlsx | DOJ-BP-0004809752 |
| Ad Tech 2015 P&L.xlsx | DOJ-BP-0005070451 |
| WT PROFIT AND LOSS 12.15.xlsx | DOJ-BP-0005070452 |
| ADTECH PROFIT AND LOSS 12.16.xlsx | DOJ-BP-0005070453 |
| WT PROFIT AND LOSS 12.16.xlsx | DOJ-BP-0005070454 |
| ADTECH PROFIT AND LOSS 12.2017.xlsx | DOJ-BP-0005070455 |
| WT PROFIT AND LOSS 12.2017.xlsx | DOJ-BP-0005070456 |
| ADTECH PROFIT AND LOSS 2.2018.xlsx | DOJ-BP-0005070457 |
| WT PROFIT AND LOSS 2.2018.xlsx | DOJ-BP-0005070458 |
| CA_DOJ_AGO_0000597714 | DOJ-BP-0002710433 |
| CA_DOJ_AGO_0000597526 | DOJ-BP-0002710249 |
| 63.ntv.pptx | DOJ-BP000485049 |

- (The records used to obtain Backpage.com revenues from 2013 - 2015 and Backpage Operators' income were acquired through tax return information.)
- For the tracing summary exhibits (USAO-BP-014978-USAO-BP-015011), SA Thai generally relied on the financial records (DOJ-BP-0004902872-DOJ-BP-0005070557) and (USAO-BP-0002996-USAO-BP-0014959). The specific records have also been identified in the previously disclosed (and attached) Excel spreadsheet. *See also CR* 889-1.

Defense Issue #2 – As to which Defendant(s) does the government seek to admit each exhibit at issue?  For example, does the government seek to admit an email against a given Defendant who did not send or receive the email?  Does the government seek to admit a document against a given Defendant who did not create or review the document?

- Government Response:  As you are aware, Count 1 of the SI charges all Defendants with conspiracy (beginning in 2004 and continuing until 2018) to facilitate prostitution.  Once a conspiracy is formed, "it remains actionable until its purpose has been achieved or abandoned" and "an overt act of one partner may be the act of all without any new agreement specifically directed to that act." *United States v. Inryco, Inc.*, 642 F.2d 290, 293 fn. 6 (9th Cir. 1981).  Thus, the government need not specify as to each exhibit whether it seeks to "admit an email against a given Defendant who did not send or receive the email" or whether it seeks to "admit a document against a given Defendant who did not create or review the document." *Arandell v. Centerpoint Energy Services*, 900 F.3d 623, 634 (9th Cir. 2018) (additions in original) (quotation omitted), "a plaintiff need not "show that each defendant or all defendants ... have participated in each act or transaction. Involvement in but two of ten allegedly conspirational [sic] situations does not absolve [a defendant] from participation in the entire conspiracy if its involvement in the two was unlawful and knowingly and purposely performed."  Additionally, it is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment.  *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).

Defense Issue #3 – For what purpose does the government seek to admit each exhibit at issue?  For example, to the extent an exhibit is not being offered for the truth, for what purpose is it being offered?

- Government Response:  We believe by asking "for what purpose does the government seek to admit each exhibit at issue" you are asking about the relevance of the exhibits the government is seeking a pretrial ruling on admissibility through its motion *in limine* to admit evidence.   In short, the exhibits are relevant because they lead to an ultimate fact in this case.  Evidence is relevant if it has any tendency to make a fact of consequence more or less probable.  Fed. R. Evid. 401.  A "fact of consequence" under Rule 401 is not limited to the ultimate issue or elements in a case.  Instead, a fact of consequence can be any step along a path of inference that leads to an "ultimate fact." *Old Chief v. United States*, 519 U.S. 172, 179 (1997).  "To be relevant, evidence need not conclusively decide the issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014).  "Facts of consequence" also include reasonably anticipated defenses. *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007).

    Furthermore, if there are any exhibits identified in *CR* 931 that you do not believe are relevant, please identify those exhibits for us and we will make a reasonable and good faith effort to answer any relevance questions you might have regarding that particular exhibit.  We do note that the vast majority of the exhibits the government is seeking a pretrial ruling on admissibility were previously provided to the government in response to Subpoena USAO 108 which directed Backpage and Ferrer to produce documents related to, among other things, "reviewing, blocking, deleting, editing, or modifying advertisements in the "adult" sections of Backpage.com. *See CR* 931 at 5-7.  As you are aware, the Arizona District Court ruled that subpoena USAO 108 was valid and ordered compliance.  The Ninth Circuit affirmed that Order.

Defense Issue #4 –What witness does the government propose could/would lay the foundation for each exhibit at issue?

- Government Response:  As articulated in *CR* 931 at 3, we intend to introduce some exhibits through a trial witness who personally sent or received the exhibit in question.  *See* Fed.R.Evid. 901(b)(1) (one acceptable method of authentication is testimony by a "witness with knowledge" that "an item is what it is claimed to be.").  Other exhibits may be introduced at trial through a government agent or other summary witness. *See* CR 931 at 17.

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov

**From:** Gopi K. Panchapakesan [mailto:gkp@birdmarella.com]
**Sent:** Wednesday, May 13, 2020 10:52 AM
**To:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Paul Cambria <pcambria@lglaw.com>; 'Erin McCampbell Paris' <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Bruce Feder <bf@federlawpa.com>; david_deisenbergplc.com <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>; Ariel A. Neuman <aneuman@birdmarella.com>
**Cc:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Kucera, John (USACAC) <jkucera@usa.doj.gov>
**Subject:** RE: Court's Order for Parties to Meet and Confer by 5/22

Reggie –

We are available to meet and confer regarding the government's motion *in limine* to determine admissibility of evidence (Dkt. 931) next week. However, we cannot meaningfully evaluate the government's motion without certain foundational information. Please be prepared to address the following questions / issues during the meet and confer:

- To which specific exhibits does this motion apply? The motion itself does not specify. Is the government seeking a ruling as to any evidence beyond the 500 or so exhibits referenced in the chart attached to the motion? For example, is the government seeking a blanket admissibility ruling regarding all emails sent to or received by the Defendants? Is the government seeking to admit the records that form the basis for its proposed summary exhibits; if so, have those records been produced and identified?
- As to which Defendant(s) does the government seek to admit each exhibit at issue? For example, does the government seek to admit an email against a given Defendant who did not send or receive the email? Does the government seek to admit a document against a given Defendant who did not create or review the document?
- For what purpose does the government seek to admit each exhibit at issue? For example, to the extent an exhibit is not being offered for the truth, for what purpose is it being offered?
- What witness does the government propose could/would lay the foundation for each exhibit at issue?

Please have this information ready as to each exhibit you seek to admit through the motion. To the extent possible, please provide us with this information ahead of time in order to make the meet and confer discussion as productive as possible.

We look forward to our discussion next week – please provide us with some times when you are available.

Regards,

Gopi

### Gopi K. Panchapakesan
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>

**Sent:** Tuesday, May 5, 2020 1:33 PM
**To:** Paul Cambria <pcambria@lglaw.com>; 'Erin McCampbell Paris' <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Bruce Feder <bf@federlawpa.com>; david_deisenbergplc.com <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>; Ariel A. Neuman <aneuman@birdmarella.com>
**Cc:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>; Kucera, John (USACAC) <John.Kucera@usdoj.gov>
**Subject:** Court's Order for Parties to Meet and Confer by 5/22

Dear Counsel:

I hope this email finds you all well. Given the Court's Order (*CR* 937) for the parties to meet and confer by 5/22 regarding evidence the government is seeking to admit through its motion *in limine* (*CR* 931), please propose a couple of dates and times that work for a conference call either the week of 5/11 or 5/18. When we have settled on a date and time, I will circulate a dial-in number. Additionally, to allow for a more productive and efficient discussion, we believe it would be helpful for both parties if you could identify and inform us of any points of contention a reasonable time prior to the scheduled call. Finally, we assume one defense counsel per Defendant will be joining the call, but for tech-related purposes, please let us know if more than six counsel intend to join.

Best,
Reggie

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov