

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

| | |
|---|---|
| Robert C. Byrd United States Courthouse<br>300 Virginia Street, East<br>Suite 4000<br>Charleston, WV 25301<br>1-800-659-8726 | Mailing Address<br>Post Office Box 1713<br>Charleston, WV 25326<br>304-345-2200<br>FAX: 304-347-5443 |

April 17, 2020

Laura Flahive Wu
Covington & Burling LLC
850 Tenth Street, N.W.
Washington, D.C. 20001-4956

Re: Subpoena in City of Huntington v. AmerisourceBergen Drug Corp., et al., Civil Action No. 3:17-01362, and Cabell County Commission v. AmerisourceBergen Drug Corp., et al., Civil Action No. 3:17-01665 (S.D. W. Va.)

Dear Ms. Wu:

I represent the United States, including the U.S. Federal Bureau of Investigation ("FBI"), with respect to the subject case.

This letter responds to defendants' request and subpoenas for a deposition and documents from FBI Agent Darren B. Cox regarding his work with the Huntington Violent Crime & Drug Task Force ("Task Force"), which was served upon the United States on or about April 3, 2020, via a request for authorization made pursuant to United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468-70 (1951). Ex. A. Under 28 C.F.R. § 16.22, I am the official responsible for consulting with the FBI and authorizing any disclosure in response to your request. Federal regulations require me to consider whether disclosure is appropriate under the applicable rules of procedure and law concerning privilege. 28 C.F.R. § 16.26(a).

As a preliminary matter, DOJ has serious concerns about defendants' decision to serve the foregoing subpoenas—which seek information regarding Agent Cox's professional activities and responsibilities—on Agent Cox at his home, rather than to ask the United States Department of Justice ("DOJ") or the FBI to accept service on his behalf. In fact, we understand that defendants' process server went to Agent Cox's home on two separate occasions and both times initiated in-person contact with both Agent Cox and his spouse, eventually serving the subpoenas on Agent Cox personally. Such actions jeopardized the health and safety of Agent Cox and his family. Initiating such unnecessary person-to-person contact with Agent Cox and his family subjected them and the community to an increased risk of COVID-19 transmission, undermining the social distancing order issued by the State of Virginia on March 23, 2020. Moreover, by publicizing the home address of an active FBI agent, defendants may have endangered Agent Cox and his family and disrupted his ongoing investigations and cases. In the future, when defendants seek discovery from an employee or agent of the United States, including DOJ, FBI, or the Drug Enforcement

Laura Flahive Wu
April 17, 2020
Page 2

Administration ("DEA"), please comply with the process set forth in Fed. R. Civ. P. 4(i). The United States reserves its right to challenge the subpoenas for improper service and other deficiencies if necessary.

We also question the timing of these subpoenas. The United States first received Touhy requests from plaintiffs for discovery in the above-captioned cases back in October 2019. Yet defendants waited five months—a month before the April 30, 2020 discovery cutoff and in the midst of a global pandemic that has impacted the abilities of businesses and government, including the FBI, to conduct business as usual – to serve these subpoenas. As explained below, this national emergency renders the FBI unable to provide any substantive responses to these subpoenas at the present time.

Defendants seek both documents and a May 4, 2020 deposition from Agent Cox, who worked with the Task Force between approximately November 2012 and April 2015. Agent Cox remains an active agent, but he left his Task Force assignment in 2015. Although in some circumstances, the FBI has issued limited Touhy authorization for current and former agents to give deposition testimony about certain activities during their past assignments, such authorization is not possible here, at this time, for several reasons.

First, for the duration of this national emergency, Agent Cox is prohibited from attending an in-person deposition due to, among other things, state stay-at-home and social distancing orders. Second, with regard to the possible production of documents, the FBI is currently not in a position to search for documents sought by the subpoena and to review and process them.[1] As set forth in the attached Declaration of Nancy Wiegand (Exhibit B), the FBI employees responsible for locating, reviewing, and processing responsive documents are not currently working: they have not been designated as essential such that they must go to work despite the national emergency, and they are not authorized to work remotely due to their need to work with discovery tools and systems that can only be accessed in FBI space. Thus, even if arrangements for a telephonic or video deposition before a remote court reporter were feasible, there would be no documents available to prepare Agent Cox for his deposition or for the parties to use to depose him. And the United States would strenuously object to Agent Cox appearing for a second or continued deposition if the FBI ultimately produces documents in response to the subpoena.

Finally, I must make clear that once emergency conditions lift, the FBI is not committing to produce any documents responsive to the subpoena or to authorize a deposition of Agent Cox. The FBI is obligated to withhold documents or testimony that are classified or subject to privileges and protections such as the attorney-client privilege, the work product doctrine, the deliberative process privilege, and the informant's privilege. See 28 C.F.R. § 16.26(b)(1)-(5). The FBI is also prohibited from releasing information if "[d]isclosure

---

[1] Agent Cox has no documents responsive to the subpoena in his personal possession, custody, or control.

Laura Flahive Wu
April 17, 2020
Page 3

would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(5). The applicable regulations prohibit the FBI from disclosing official information without express DOJ authorization. 28 C.F.R. § 16.22(a). The authority of federal agencies to regulate the disclosure of information by their employees is well-established. Touhy, 340 U.S. at 468-70 (holding that federal employee could not be held in contempt for refusing to produce subpoenaed documents when refusal was based on regulations prohibiting the disclosure of official information without prior authorization.)

The foregoing concerns and the unpredictable nature of this national emergency render the FBI unable to commit to a timeline for a further response to defendants' third-party discovery requests. We do not know when the FBI's discovery processing employees will be authorized to come back to work, and do not know how long it may take them to locate and review responsive documents after they resume operations. At that point, the FBI will undoubtedly also be facing a significant backlog of competing requests received before and during this time of national emergency.

Accordingly, due to the lack of resources and the current national emergency caused by the COVID-19 pandemic, the FBI can neither authorize nor deny your Touhy request for documents by the return date of April 20, 2020, or the deposition of Agent Cox on May 4, 2020. We would be pleased to discuss with you an extension to these deadlines contingent on the abatement of the national emergency and the return to work of FBI's discovery employees, or some other alternative resolution of these matters. Please contact Fred Westfall at the U.S. Attorney's Office, Fred.Westfall@usa.doj.gov, and Lisa Hsiao at the Department of Justice, Lisa.K.Hsiao@usdoj.gov to discuss any further questions or concerns.

Sincerely,

MICHAEL B. STUART
United States Attorney
Southern District of West Virginia
Acting Under Authority Conferred by 28 U.S.C. § 515

FBW/fbwjr

Enclosures

Laura Flahive Wu
April 17, 2020
Page 4

cc: xALLDEFENDANTS-MDL2804-Service@arnoldporter.com
    mdl2804discovery@motleyrice.com