# EXHIBIT A

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  CR-18-00422 PHX SMB |
| Michael Lacey, et al. | ) | |
| _Defendant_ | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Carl Ferrer, c/o Clarence, Dyer & Cohen, LLP, its Attorneys and Custodian of Records
899 Ellis Street, San Francisco, California 94109

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (ATTACHED)

| Place: | Bruce Feder/Feder Law Office, PA 2930 East Camelback Road, Suite 160 Phoenix, Arizona 85016 | Date and Time:   05/30/2020 5:00 pm |
|---|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_(SEAL)_

Date: _____

_CLERK OF COURT_

_____
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_     SCOTT SPEAR
_____ , who requests this subpoena, are:

Bruce Feder/Feder Law Office, P.A., 2930 East Camelback Road, Suite 160, Phoenix, Arizona 85016
Phone: 602-257-0135  bf@federlawpa.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   CR-18-00422 PHX SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*    Carl Ferrer
was received by me on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

## SUBPOENA TO PRODUCE
## DOCUMENTS, INFORMATION OR OBJECTS
## IN A CRIMINAL CASE
## (CR-18-00422-PHX-SMB)

1) All communications between your firm and/or any co-counsel on the one hand, and any prosecutors and/or members of law enforcement on the other, regarding, suggesting or related to Carl Ferrer, Backpage, or any defendant in this captioned matter, including but not limited to any communications reflecting negotiations, facts alleged by the government, attorney proffers, interviews or statements of Carl Ferrer, etc.;

2) Any notes or other writings documenting any of the communications in paragraph 1) above;

3) All communications between Carl Ferrer on the one hand, and any prosecutors and/or members of law enforcement on the other, whether made directly or through counsel, including any emails, text messages, voicemails, letters, notes, or other communications;

4) All notes, texts from or other comments and communications made by Carl Ferrer about his communications with any prosecutors and/or members of law enforcement, including but not limited to comments that what the prosecutors and/or members of law enforcement are/were asking him to say or do was not accurate;

5) All documents reflecting or relating to Carl Ferrer and Backpage plea agreements, waiver of privilege and/or their property forfeiture by Carl Ferrer and/or his relatives or ex-wife;

6) Any scripts or other format Carl Ferrer was told or given, orally or in writing, by any prosecutor and/or members of law enforcement to use with any defendant or defense counsel prior to 4/1/2018, including but not limited to his participation in any defense meetings that occurred in February, 2018.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  CR-18-00422 PHX SMB |
| Michael Lacey, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Clarence, Dyer & Cohen, LLP, its Attorneys and Custodian of Records
      899 Ellis Street, San Francisco, California 94109

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (ATTACHED)

| | |
|---|---|
| Place:  Bruce Feder/Feder Law Office, PA <br> 2930 East Camelback Road, Suite 160 <br> Phoenix, Arizona 85016 | Date and Time:  05/30/2020 5:00 pm |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   SCOTT SPEAR
_____ , who requests this subpoena, are:

Bruce Feder/Feder Law Office, P.A., 2930 East Camelback Road, Suite 160, Phoenix, Arizona 85016
Phone: 602-257-0135  bf@federlawpa.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.   CR-18-00422 PHX SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*   Clarence Dyer & Cohen, LLP
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

(c) **Producing Documents and Objects.**

(1)  **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2)  **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3)  **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

(d) **Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

(e) **Place of Service.**

(1)  **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2)  **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

(g) **Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

## SUBPOENA TO PRODUCE
## DOCUMENTS, INFORMATION OR OBJECTS
## IN A CRIMINAL CASE
## (CR-18-00422-PHX-SMB)

1) All communications between your firm and/or any co-counsel on the one hand, and any prosecutors and/or members of law enforcement on the other, regarding or related to Carl Ferrer, Backpage, or any defendant in this captioned matter, including but not limited to any communications reflecting negotiations, facts alleged by the government, attorney proffers, interviews or statements of Carl Ferrer, etc.;

2) Any notes or other writings documenting any of the communications in paragraph 1) above;

3) All communications between Carl Ferrer on the one hand, and any prosecutors and/or members of law enforcement on the other, whether made directly or through counsel, including any emails, text messages, voicemails, letters, notes, or other communications;

4) All notes, texts from or other comments and communications made by Carl Ferrer about his communications with any prosecutors and/or members of law enforcement, including but not limited to comments that what the prosecutors and/or members of law enforcement or asking him to say or do was not accurate;

5) All documents reflecting or relating to waiver of privilege and/or property forfeiture by Carl Ferrer and/or his relatives or ex-wife.

6) Any scripts or other format Carl Ferrer was told or given, orally or in writing, by any prosecutor and/or members of law enforcement to use with any defendant or defense counsel prior to 4/1/2018, including but not limited to his participation in any defense meetings that occurred in February, 2018.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  CR-18-00422 PHX SMB |
| Michael Lacey, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Dan Hyer, c/o Maxwell Law, its Attorneys and Custodian of Records
23 Geary Street, Suite 600, San Francisco, California 94108

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (ATTACHED)

| Place: | Bruce Feder/Feder Law Office, PA | Date and Time: | 05/30/2020 5:00 pm |
|---|---|---|---|
| | 2930 East Camelback Road, Suite 160 | | |
| | Phoenix, Arizona 85016 | | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     SCOTT SPEAR
_____ , who requests this subpoena, are:

Bruce Feder/Feder Law Office, P.A., 2930 East Camelback Road, Suite 160, Phoenix, Arizona 85016
Phone: 602-257-0135  bf@federlawpa.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   CR-18-00422 PHX SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*    Dan Hyer

was received by me on *(date)* _____ .

   ❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

## SUBPOENA TO PRODUCE
## DOCUMENTS, INFORMATION OR OBJECTS
## IN A CRIMINAL CASE
## (CR-18-00422-PHX-SMB)

1) All communications between your firm and/or any co-counsel on the one hand, and any prosecutors and/or members of law enforcement on the other, regarding or related to Dan Hyer, Backpage, or any defendant in this captioned matter, including but not limited to any communications reflecting negotiations, facts alleged by the government, attorney proffers, interviews or statements of Dan Hyer, etc.;

2) Any notes or other writings documenting any of the communications in paragraph 1) above;

3) All communications between Dan Hyer on the one hand, and any prosecutors and/or members of law enforcement on the other, whether made directly or through counsel, including any emails, text messages, voicemails, letters, notes, or other communications;

4) All notes, texts from or other comments and communications made by Dan Hyer about his communications with any prosecutors and/or members of law enforcement, including but not limited to comments that what the prosecutors and/or members of law enforcement or asking him to say or do was not accurate;

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  CR-18-00422 PHX SMB |
| Michael Lacey, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Maxwell Law, its predecessor, Maxwell Law, P.C., its Attorneys and Custodians of Records
      23 Geary Street, Suite 600, San Francisco, California 94108

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (ATTACHED)

| Place: Bruce Feder/Feder Law Office, PA | Date and Time:   05/30/2020 5:00 pm |
|---|---|
| 2930 East Camelback Road, Suite 160 | |
| Phoenix, Arizona 85016 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        SCOTT SPEAR
_____ , who requests this subpoena, are:

Bruce Feder/Feder Law Office, P.A., 2930 East Camelback Road, Suite 160, Phoenix, Arizona 85016
Phone: 602-257-0135  bf@federlawpa.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   CR-18-00422 PHX SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*    Maxwell Law

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

## SUBPOENA TO PRODUCE
## DOCUMENTS, INFORMATION OR OBJECTS
## IN A CRIMINAL CASE
## (CR-18-00422-PHX-SMB)

1) All communications between your firm and/or any co-counsel on the one hand, and any prosecutors and/or members of law enforcement on the other, regarding or related to Dan Hyer, Backpage, or any defendant in this captioned matter, including but not limited to any communications reflecting negotiations, facts alleged by the government, attorney proffers, interviews or statements of Dan Hyer, etc.;

2) Any notes or other writings documenting any of the communications in paragraph 1) above;

3) All communications between Dan Hyer on the one hand, and any prosecutors and/or members of law enforcement on the other, whether made directly or through counsel, including any emails, text messages, voicemails, letters, notes, or other communications;

4) All notes, texts from or other comments and communications made by Dan Hyer about his communications with any prosecutors and/or members of law enforcement, including but not limited to comments that what the prosecutors and/or members of law enforcement or asking him to say or do was not accurate;

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. CR-18-00422 PHX SMB |
| Michael Lacey, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: National Center for Missing and Exploited Children (NCMEC), its Attorneys and Custodian of Records, 333 John Carlyle Street, Suite 125, Alexandria, VA 22314

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A (ATTACHED)

| | |
|---|---|
| Place: Bruce Feder/Feder Law Office, PA<br>2930 East Camelback Road, Suite 160<br>Phoenix, Arizona 85016 | Date and Time: 05/30/2020 5:00 pm |

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date: _____

                                        *CLERK OF COURT*

                                        _____
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   SCOTT SPEAR
_____ , who requests this subpoena, are:

Bruce Feder/Feder Law Office, P.A., 2930 East Camelback Road, Suite 160, Phoenix, Arizona 85016
Phone: 602-257-0135  bf@federlawpa.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   CR-18-00422 PHX SMB

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*     National Center for Missing and Exploited Children (NCMEC)
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# EXHIBIT A

**SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION OR OBJECTS
IN A CRIMINAL CASE
(CR-18-00422-PHX-SMB)**

1) All digital and written correspondence, memoranda and other communications or summaries of communications regarding NCMEC efforts, suggestions, discussions, and requests to have Craigslist, Google, Facebook, or other Internet service providers, prosecuted or otherwise sanctioned;

2) All digital and written correspondence, memoranda and other communications or summaries of communications regarding NCMEC efforts, suggestions, discussions, and requests to have Backpage and/or its principals or employees, including but not limited to Jed Brunst, Michael Lacey, James Larkin, Andrew Padilla, Scott Spear and/or Joye Vaught, or others associated with Backpage including but not limited to Elizabeth McDougal and Don Moon, prosecuted by the United States;

3) All digital and written correspondence, memoranda and other communications or summaries of communications regarding NCMEC efforts, suggestions, discussions, and requests concerning or demonstrating contacts with the government, since the prosecution began in April 2018 to the present.

United States of America v. Scott Spear, et. al., Case No. CR18-00422-PHX-SMB-003

# CERTIFICATION

## PURSUANT TO THE FEDERAL RULES OF EVIDENCE 902(11)

I _____, an employee of _____ is the designated duly authorized custodian of Records for the documents described herein. I hereby certify under penalty of perjury that the foregoing is true and correct.

1) The following records are duplicates of the entire original record of _____.

I further state that the record produced:

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

Executed on: _____

_____
(Signature)

Name: _____

Title: _____