# EXHIBIT D

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Sidoo et al,<br><br>    Defendants. | Criminal Action No.<br>19-10080-NMG |

MEMORANDUM & ORDER

GORTON, J.

In their motion to dismiss the indictment (Docket No. 971), defendants contend that the government's failure 1) to disclose contemporaneous notes taken by Rick Singer and 2) to investigate his assertions of investigatorial misconduct in those notes warrant the extraordinary remedy of dismissal of the indictment. The government rejoins that although counsel should have produced Singer's notes earlier, that mistake was neither willful nor prejudicial and does not merit any such drastic sanction.

During the course of their investigation of defendants, the government offered Singer the opportunity to cooperate and Singer agreed to a consensual wiretap of his phone. Subsequently, he made rehearsed calls to the defendants designed to elicit evidence for use in the government's prosecution.

Singer took notes after certain of those calls. In particular, his notes from October 2, 2018, form the basis of defendants' complaints of serious misconduct by "agents" of the government.

In those notes Singer describes a troubling conversation. He indicates that an unidentified agent named "Liz" and other unspecified "agents" aggressively pressured him and directly instructed him to lie to elicit incriminating information from potential defendants.

The government responds that it was unnecessary to investigate those claims because there was "nothing to investigate" and the agents knew his contentions were untrue. Moreover, his notes were written before Singer had accepted responsibility for obstructing the investigation and, in any event, any alleged entrapment is an issue for trial.

The Court considers the allegations in Singer's October notes to be serious and disturbing. While government agents are permitted to coach cooperating witnesses during the course of an investigation, they are not permitted to suborn the commission of a crime.

The government is therefore directed to respond specifically in its sur-reply to the allegations of investigatorial misconduct on October 2, 2018. Defendants may submit a response (no more than five pages) to the government's sur-reply on or before May 1, 2020.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 17, 2020