Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-SMB-2 |
| Plaintiff, | **JAMES LARKIN'S MOTION TO CONTINUE TRIAL** |
| vs. | |
| James Larkin, | (Oral argument requested) |
| Defendant. | |

This trial in this case is scheduled to begin on January 12, 2021.  Dkt. 1031.  James Larkin, by and through his undersigned attorneys, pursuant to the Fifth and Sixth Amendments to the Constitution, moves this Court to continue the current trial date for a period of approximately four (4) months to April 12, 2021 (with a concomitant extension of related deadlines).  This continuance is necessary to respect Mr. Larkin's counsel of choice at trial and ensure effective assistance of counsel and to ensure safe and constitutional proceedings due to the coronavirus pandemic.

The government does not oppose this request but is seeking input from its witnesses before providing a position.  Defendants Lacey, Spear, Brunst, Padilla, and Vaught have no objection.

**I.   A continuance is necessary to respect Mr. Larkin's counsel of choice in light of his trial counsel's pregnancy and upcoming disability leave.**

The constitution guarantees a criminal defendant the right to counsel of his own choosing. *See Luis v. United States*, 136 S. Ct. 1083, 1085; *Powell v. Alabama*, 287 U.S. 45, 53 (1932).  This right is fundamental.  *Luis*, 136 S. Ct. at 1085.  Mr. Larkin's counsel of choice at the trial of his life are

the two undersigned trial attorneys who have been representing him since 2018. However, it is now public that Whitney Z. Bernstein is pregnant and will be on disability leave for the currently scheduled trial date. Accordingly, Mr. Larkin requests a four-month continuance of the trial date to account for Ms. Bernstein's pregnancy disability leave and abbreviated maternity leave.

Ms. Bernstein has continuously represented Mr. Larkin in this case since August 2018 and has led much of his litigation over the past 1,000+ docket entries, discovery review, and trial preparation since that time. The government has produced over five million pages of discovery and countless gigabytes of computer data and videos in this case over 22 rolling productions since 2018. Its most recent witness list contains nearly 100 witnesses for its case-in-chief alone. The government's most recent production indicates that it has identified over 1,200 trial exhibits. It is virtually impossible for someone who has not been immersed in this case for the past two+ years to become adequately familiar with this enormous volume of discovery and witnesses and provide effective representation at a January trial.

Moreover, the government's aggressive pre-trial asset seizures – the subject of various cases in the Central District of California and two Ninth Circuit appeals – ensures that Mr. Larkin lacks the funds necessary to bring a new attorney up to speed, especially by January. In short, Ms. Bernstein's absence at trial would severely prejudice Mr. Larkin by depriving him of a critical and knowledgeable advocate who cannot be replaced. Maintaining the current trial date at which Ms. Bernstein cannot participate would accordingly violate Mr. Larkin's fundamental constitutional right to counsel of his own choice.

**II.  A continuance is necessary to ensure safe and constitutional proceedings due to the coronavirus pandemic and public health crisis.**

Further, the logistical concerns, restrictions, and limitations that caused this Court to previously continue the trial (*see* Dkt. 1031) remain in place and are unlikely to be relaxed in the next three months to allow for a safe and constitutional trial in January. Currently, nearly 6.8 million people in the United States have contracted the virus and nearly 200,000 Americans have died.[1] These numbers represent a 400 percent increase in infected individuals and a 200 percent

---

[1]   *See* CDC, Cases in the U.S., available at: https://www.cdc.gov/covid-datatracker/ (last

increase in deaths since the last time these figures were put to this Court. *See* Dkt. 990 at 3. In Arizona, more than 214,000 people have been infected, with over 140,000 confirmed cases in Maricopa County alone[2] – an increase of 1,255 percent in less than four months. *See id.* The threat the highly contagious virus poses to trial participants, court staff, their families, and the community—previously discussed at length and incorporated by reference herein—is likewise still a significant concern. *See* Dkts. 990, 1025. There is still no treatment and no vaccine.

Recognizing these serious concerns and the logistical impossibility of safely conducting this trial, the Court previously continued the trial date. Dkt. 1031. Unfortunately, neither the spread nor the risks of the virus, nor the logistical limitations of conducting a trial of this size during a pandemic, have abated since the Court's prior order. The CDC's social distancing guidelines "to stay at least 6 feet away from others when possible, even if you—or they—do not have any symptoms" remain in place.[3] The Phoenix courthouse still requires "[a]ll persons [to] maintain a distance of at least six feet between themselves and other persons."[4] Multi-defendant proceedings remain cancelled.[5] Arizona currently recommends that "groups should be limited to 10 people or fewer."[6]

---

visited September 20, 2020).

[2] *See* Arizona Department of Health Services Data Dashboard, available at: https://www.azdhs.gov/preparedness/epidemiology-disease-control/infectious-disease-epidemiology/covid-19/dashboards/ (last visited September 21, 2020).

[3] *See* Centers for Disease Control and Prevention, *Social Distancing: Keep a Safe Distance to Slow the Spread*, available at: https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last visited September 20, 2020).

[4] *See* District of Arizona General Order 20-26, *Continuing Court Operations Under the Exigent Circumstances Created by Coronavirus Disease (COVID-19)*, at 4, available at: http://www.azd.uscourts.gov/sites/default/files/general-orders/20-26.pdf (last visited September 20, 2020).

[5] *See* District of Arizona General Order 20-26, *Continuing Court Operations Under the Exigent Circumstances Created by Coronavirus Disease (COVID-19)*, at 3, available at: http://www.azd.uscourts.gov/sites/default/files/general-orders/20-26.pdf (last visited September 20, 2020).

[6] *See* Executive Order 2020-52, *Continuation of Executive Order 2020-43 Slowing the Spread of COVID-19*, available at: https://azgovernor.gov/executive-orders (last visited September 20, 2020).

As previously discussed at length and incorporated herein, forcing this case to trial amidst the limitations and concerns caused by the virus and the associated restrictions would violate Mr. Larkin and his codefendants' constitutional rights and unnecessarily jeopardize the health and safety of trial participants, court staff, their families, and the community. *See* Dkt. 990 at 9-18; Dkt. 1025.

Accordingly, it is unclear how the currently scheduled January trial could safely proceed to verdict. To the best of undersigned counsel's knowledge, a criminal trial of this size, length, and complexity has yet to occur in Arizona or elsewhere. All parties need to know whether trial will proceed as scheduled. Out-of-state defense counsel, including the undersigned, need to make travel and housing arrangements for the duration of the trial; witnesses need to be notified and plan accordingly; and defense counsel must schedule their other responsibilities around a realistic trial date in this long-standing case.

**III. Conclusion**

For all of these reasons, in accordance with constitutional, public health, and safety concerns, the Court should continue the current trial date (and associated trial deadlines) by four months to April 12, 2021.

It is expected that excludable delay pursuant to 18 U.S.C. § 3161(h) will occur as a result of this motion or an order based thereon.

Dated:  September 21, 2020          Respectfully submitted,

                                    BIENERT | KATZMAN PC

                                    *s/ Whitney Z. Bernstein*
                                    Thomas H. Bienert, Jr.
                                    Whitney Z. Bernstein
                                    Attorneys for James Larkin

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas