MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

BRIAN C. RABBITT
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br>               Plaintiff, <br>     v. <br> Michael Lacey, et al., <br>               Defendants. | No. CR-18-422-PHX-SMB <br><br> **UNITED STATES' RESPONSE TO JAMES LARKIN'S MOTION TO CONTINUE TRIAL** <br> **(CR 1058)** |

Defendant Larkin has filed, and all Defendants have joined, a Motion to Continue the trial for the fifth time. Defendants cite two reasons for this request: (1) Attorney Bernstein's pregnancy and upcoming maternity leave and (2) the COVID-19 health pandemic. Due to the COVID-19 pandemic and the uncertainty it brings to whether the trial can currently be conducted in a manner that ensures the health and safety of all trial

participants, and the specific circumstances cited by Ms. Bernstein, the government does not oppose Defendants' request. But although there is no opposition, certain portions of the motion warrant discussion.

## **VICTIMS' RIGHTS**

As the Court recognized in its Order granting Defendants' third request for a continuance, both victims and the public have a right to proceedings free from unreasonable delay under the Crime Victims' Right Act. (CR 893 at 5.) When contacted for its position on this motion, the government indicated it would not oppose the request, but needed to seek input from the *victims*. Exhibit A. Defense counsel agreed to represent the government's position in its motion to the Court. *Id.* Rather than doing so, Defendants' motion instead states the government "seek[s] input from its *witnesses* prior to providing its position." (CR 1058 at 1) (emphasis added.) Defendants' inability to recognize the victims as victims or even *alleged* victims and incorrectly stating the government's position, impinges upon a victim's right to be treated with fairness and with respect for the victim's dignity. 18 U.S.C. § 3771(a)(8).[1]

After conferring with the victims and the next of kin of the deceased victims, the overall consensus is that this process is taking entirely too long. Preparing for trial is an emotional and painful process for the victims and it is traumatizing each time there is a delay. One victim representative expressed a belief that this is a "manipulative ploy to drag this out thinking we're gonna lose interest and go away." Another victim believes this is just "yet another tactic to keep their freedom longer."

The Court takes the rights of victims seriously. (CR 893 at 5.) It previously acknowledged, "[a] continuance may represent far more than mere inconvenience" to victims—particularly the victims who have already waited nearly two and a half years for

---

[1] As this Court is aware from previous pleadings and the Superseding Indictment, the victims fall into several categories. Certain victims were underage (14 and 15 years old) at the time they were trafficked on Backpage. Other victims were being abused by pimps who also were posting them on Backpage. Lastly, several of the victims are family member representatives of victims who were murdered as a result of being posted on Backpage. (*See* CR 920).

- 2 -

their day in court. *Id.* As such, it is not surprising that the victims' desire for certainty and closure is increasing with the passage of time. While the COVID-19 health pandemic has created its own challenges regarding moving this case forward to trial, the victims seek closure and would like to proceed to trial as soon as possible as they are looking forward to moving on with their lives.

## TRIAL DEADLINES

If the Court is inclined to continue the trial date, Defendants seek a concomitant extensions of related deadlines. (CR 1058 at 1.) As the Court has noted, the motions in limine deadline has passed and will not be reset. (CR 1031.) The substantive motions deadline has also long since passed.[2] (CR 664.) The government has no objection to an extension of the pending deadlines described below if the trial date is continued and respectfully requests that no further substantive motions be permitted.

| Document | Current Deadline |
|---|---|
| Government's Disclosure of Final Exhibit and Witness List | December 14, 2020 |
| Defendants' Disclosure of Final Exhibit and Witness List | December 21, 2020 |
| Parties Joint Submission of Proposed Jury Instructions, Verdict Form, Voir Dire, and Statement of the Case | December 21, 2020 |

(CR 1031.)

## CONCLUSION

Once again, the government does not oppose Defendants' request, given the specific circumstances, but notes that if granted, this case will proceed to trial more than three years after the indictment was filed. This will be the fifth continuance. Absent the public health emergency and Ms. Bernstein's maternity leave, the parties were preparing for trial in January 2021. The government has expended significant time and resources preparing for

---

[2] Despite the substantive motion deadline passing, Defendants continue to file motions based on information they had *prior* to the deadline. (*See* CR 940 and 1059.)

trial and the victims are hopeful the trial can proceed as soon as possible without unreasonable delay.

Respectfully submitted this 5th day of October, 2020.

>MICHAEL BAILEY
>United States Attorney
>District of Arizona
>
>*s/ Margaret Perlmeter*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER S. KOZINETS
>ANDREW C. STONE
>Assistant U.S. Attorneys
>DAN G. BOYLE
>Special Assistant U.S. Attorney
>
>BRIAN C. RABBITT
>Assistant Attorney General
>U.S. Department of Justice
>Criminal Division, U.S. Department of Justice
>
>REGINALD E. JONES
>Senior Trial Attorney
>U.S. Department of Justice, Criminal Division
>Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
Marjorie Dieckman
U.S. Attorney's Office