# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion in Limine to Preclude Certain References to Witnesses, Defendants, and Defense Counsel. (Doc. 904.)  The Government filed a Response. (Doc. 962.)

Defendants seek relief on two separate issues.  First, they seek an order precluding the Government from referring to Defendants as the "Backpage Defendants" and Defendants' counsel as "Backpage Lawyers."  Second, they seek an order precluding the Government and/or witnesses from referring to any individuals as "victims" in front of the jury.  In response, counsel for the Government agree not to refer to defense counsel as the Backpage Lawyers, and the Court will hold them to that agreement. Thus, the Court will not address that issue in this Order.

Defendants argue that referring to Defendants as "Backpage Defendants" inappropriately suggests guilt because the corporate defendant Backpage has pled guilty. They also argue that the reference is factually incorrect because the remaining Defendants no longer held an ownership interest in the company at the time the business stopped

operating.  They argue that this reference should not be allowed because "'[t]hat one is married to, associated with, or in the company of a criminal does not support the inference that that person is a criminal or shares the criminal's guilty knowledge.'" *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998) (quoting *United States v. Forrest*, 620 F.2d 446, 451 (5th Cir.1980)).  The Government responds by arguing that during victim or law enforcement testimony, there may be a need to distinguish between a pimp/trafficker defendant and the Defendants in this case (the Backpage Defendants).  Since there are no defendants in this case that are charged as pimps/traffickers, the Court sees no need to make this distinction.  The Government also anticipates the need to refer to the Defendants as a collective group to shorten the questions posed to witnesses.  The Government can do so by referring to the Defendants without qualifying the group with the title "Backpage."  The Court will grant Defendants' motion to preclude the Government from referring to the Defendants as the "Backpage Defendants."

Defendants next argue that "allowing the Government or its witnesses to use the term 'victim' in front of the jury would turn the presumption of innocence on its head." (Doc. 904 p. 6.)  They argue that the use of the term victim eviscerates that presumption. The Court disagrees.  The "victims" referred to in the indictment, and potentially at trial, are indeed victims.    A crime was committed against them, and it's the Government's burden to prove who committed the crime.  A person need not be found guilty beyond a reasonable doubt before there can be a crime victim.  Victim's rights attach well before a determination of guilt.  *See In re: Dean*, 527 F.3d 391, 395 (5th Cir. 2008) (holding the CVRA was violated when the government failed to confer with victims prior to entering into a plea agreement and before charges were filed); *U.S. v. Turner*, 367 F.Supp.2d 319, 335 (E.D.N.Y. 2005) (crime victims must be given notice of a defendant's initial appearance).    Additionally, reference to a witness as a victim does not impact the Government's burden to prove each Defendant guilty beyond a reasonable doubt.  *See United States v. Huynh*, No. 4-CR-14-275, 2016 WL 7411529, at *7 (M.D. Pa. Dec. 22, 2016) ("Simply because a person or entity involved in this case is accurately referred to as

a 'victim,' in no way furthers the governments burden to prove beyond a reasonable doubt that Huynh is, in fact, guilty of a crime."). "No authority establishes that for the prosecutor to refer to the alleged victim as the 'victim' at trial is impermissible." *Holt v. Sec'y, Fla. Dep't of Corr.*, 489 F.Appx. 336, 338 (11th Cir. 2012).

Defendants also argue that because victims in this case don't qualify as "victims" under the Crime Victims' Rights Act ("CVRA"), the term should be precluded. A crime victim is defined as a person directly and proximately harmed as a result of the commission of a federal offense. 18 U.S.C. § 3771(e)(2)(A). The CVRA gives certain rights to victims of federal offenses. The purpose of this motion in limine is not to restrict a victim's rights under the CVRA or to preclude a victim from asserting rights under the CVRA. Therefore, while the Act's definition of "victim" may be useful in some cases, it is not controlling in the context of this motion in limine. Nevertheless, the victims identified in the Superseding Indictment would qualify as victims under the CVRA. "A person is directly harmed by the commission of a federal offense where that offense is a but-for cause of the harm. A person is proximately harmed when the harm is a reasonably foreseeable consequence of the criminal conduct." *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011). Here, Defendants are charged in Count 1 of the Superseding Indictment with Conspiracy to commit a violation of the Travel Act by facilitating business enterprises involving prostitution. The victims listed in the Superseding Indictment have all been harmed as a result of solicitations published on www.backpage.com during the time of the conspiracy.

Defendants also argue that the use of the term "victim" should be precluded under Fed. R. Evid. 403. Pursuant to the rule, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendants argue that use of the term would be unfairly prejudicial. Evidence is not unfairly prejudicial simply because it tends to prove guilt, it must tend to encourage a jury to find guilt from improper reasoning. *See U.S. v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007). "Evidence is unfairly

1   prejudicial only if it has 'an undue tendency to suggest decision on an improper basis,

2   commonly, though not necessarily, an emotional one.'" *Carter v. Hewitt,* 617 F.2d 961,

3   972 (3d Cir. 1980) (quoting Advisory Committee's Note, Fed. R. Evid. 403).  The Court

4   finds that use of the term "victim" would not be unfairly prejudicial considering the facts

5   of this case.

6          **IT IS ORDERED** granting in part and denying in part Defendants' Motion in

7   Limine To Preclude Certain References to Witnesses, Defendants, and Defense Counsel.

8   (Doc. 904.)  The motion is granted as to the requests to preclude the Government from

9   referring to Defendants as the "Backpage Defendants" and Defendants' counsel as

10  "Backpage Lawyers."  The motion is denied as to the request to preclude the term "victim"

11  in front of the jury.

12         Dated this 26th day of October, 2020.

13

14

15

16                              Honorable Susan M. Brnovich
                                United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28