Gary S. Lincenberg *(admitted pro hac vice)*
   glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
   aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
   gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Thomas H. Bienert, Jr. *(admitted pro hac vice)*
   tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
   wbernstein@bmkattorneys.com
BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Michael Lacey, et al.,<br><br>Defendants. | CASE NO. 2:18-cr-00422-004-PHX-SMB<br><br>**DEFENDANTS' MOTION FOR ISSUANCE OF SUBPOENAS**<br><br>***(EXPEDITED REVIEW REQUESTED)***<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Assigned to Hon. Susan M. Brnovich<br>Courtroom 506 |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
  bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
  david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
  joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Joye Vaught

## I. INTRODUCTION

Defendants Larkin, Lacey, Spear, Brunst, Padilla and Vaught, by and through undersigned counsel, hereby apply pursuant to Federal Rule of Criminal Procedure 17(c) for an order authorizing the issuance of the attached subpoenas duces tecum. *See* Exhibit A. In light of the April 2021 trial date and the time it will take to serve the subpoena and obtain responses, Defendants respectfully request an expedited ruling on his Motion, as well as the outstanding Motion for Issuance of Subpoenas (Dkt. #1019).

The subpoenas requested pursuant to this Motion are to be directed to the National Center for Missing and Exploited Children ("NCMEC") and the Office of the Attorney General of Arizona ("AZ AG").

## II. BACKGROUND

This case is set for trial on April 12, 2021. Through this Motion and the prior motions for Rule 17(c) subpoenas, Defendants seek documents that are relevant, admissible and specific. The documents are believed to be critical to the defenses Defendants intend to raise at that trial. Accordingly, Defendants request that the Court grant the Motions with sufficient time for the subpoenas to be served on the respective recipients, and for the recipients to timely produce documents in response.

## III. ARGUMENT

The documents Defendants seek meet the standards for issuance of a Rule 17(c) subpoena. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (a party seeking subpoena must meet "three hurdles:" "(1) relevancy; (2) admissibility; (3) specificity").[1]

---

[1] Several courts have held that where, as here, a defendant's subpoena seeks materials from a third party (as opposed to the government or a party to the litigation), a defendant need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond. *See Nixon*, 418 U.S. at 700 at n. 12 (considering but not deciding the issue); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951); *United States v. Tucker*, 279 F.R.D. 58 (S.D.N.Y. 2008); *see also United States v. Nachamie*, 91 F. Supp. 2d 552, 563 (S.D.N.Y. 2000); *United States v. Rajaratnam*, 753 F. Supp. 2d 317 n.1 (S.D.N.Y. 2011); *United States v. Stein*, 488 F. Supp. 2d 350, 365, 367 (S.D.N.Y. 2007). Because the *Nixon* standard is satisfied for the

1    First, the government has indicated – through its statements, filings, exhibit list, and witness list – that it intends to argue that communications from various law enforcement agencies and third party advocacy groups, including NCMEC and Attorneys' General offices in various states such as Arizona, put the Defendants on notice that they were facilitating business enterprises involved in prostitution through the operation of Backpage.com.  Although Defendants do not believe such evidence is properly submitted to the jury in this case, and a relevant Motion in Limine to preclude much of the evidence about what third-parties thought and conveyed regarding the legality of the conduct of Backpage.com and certain individuals associated with it is still pending (Dkt. #907), the Court recently preliminarily indicated that it will allow at least some such evidence at trial, including relating to correspondence from Attorneys' General offices (Dkt. #1079). Further, the Court recently denied Defendants' Motion to Recuse which was based on public statements and publications made by the Arizona Attorney General and his office. Dkt. #1075.

In light of both, Defendants must prepare to defend themselves against the allegations.  Evidence of NCMEC and the AZ AG's communications with the investigators in this case, and with each other, will be relevant to show that NCMEC's and the AZ AG's views of Backpage.com and the Defendants in this case were influenced by political concerns as much if not more than legal concerns, and that public statements by NCMEC, the NAAG and others (to which the AZ AG signed on) were not supported by legal analysis.  Part of the defense in this case will focus on the fact that much of the publicity around Backpage.com, and the supposed notice received by Defendants, was not based in legal objections, but was instead based on moral or ethical concerns with the advertisements on Backpage.com and the related adult activity.  Thus, the requested documents will be relevant to Defendants' defense.

Second, the documents will be admissible as business records (Fed. R. Evid.

---

subpoenas requested here, the Court need not decide whether a lower standard governs.

803(6)) and/or public records (Fed. R. Evid. 803(8)).

Third, the documents requested are specific. This is not a "fishing expedition" for discovery, of the type that is not permissible under Rule 17(c). Rather, the request is for specific communications/documents about a specific topic – the website at the heart of this case, and the Defendants – which the defense will use to counter the government's narrative regarding this matter. The requests are also specifically tailored so that Defendants can present to the jury the political agenda that drove much of the communication that supposedly put them on notice of the allegedly illegal nature of their conduct, despite the fact that court after court ruled that Defendants were engaged in protected First Amendment activity.

## IV.  CONCLUSION

For all of these reasons, Defendants respectfully request that the Court issue the requested subpoena.

DATED:  November 4, 2020            Respectfully submitted,

>                                    Gary S. Lincenberg
>                                    Ariel A. Neuman
>                                    Gopi K. Panchapakesan
>                                    BIRD, MARELLA, BOXER, WOLPERT,
>                                    NESSIM, DROOKS, LINCENBERG &
>                                    RHOW, P.C.
>
>                              By:    */s/ Ariel A. Neuman*
>                                    Ariel A. Neuman
>                                    Attorneys for Defendant John Brunst

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (August 2020) § II (C) (3), Ariel A. Neuman herby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: November 4, 2020        Thomas H. Bienert, Jr.
                                Whitney Z. Bernstein
                                BIENERT KATZMAN PC

                                By:    */s/ Thomas H. Bienert, Jr.*
                                        Thomas H. Bienert, Jr.
                                Attorneys for Defendant James Larkin

DATED: November 4, 2020        Paul J. Cambria, Jr.
                                Erin McCampbell
                                LIPSITZ GREEN SCIME CAMBRIA LLP

                                By:    */s/ Paul J. Cambria, Jr.*
                                        Paul J. Cambria, Jr.
                                Attorneys for Defendant Michael Lacey

DATED: November 4, 2020        FEDER LAW OFFICE, P.A.

                                By:    */s/ Bruce Feder*
                                        Bruce Feder
                                Attorneys for Defendant Scott Spear

DATED: November 4, 2020        DAVID EISENBERG PLC

                                By:    */s/ David Eisenberg*
                                        David Eisenberg
                                Attorney for Defendant Andrew Padilla

DATED: November 4, 2020        JOY BERTRAND, ESQ.

                                By:    */s/ Joy Bertrand*
                                        Joy Bertrand
                                Attorneys for Defendant Joyce Vaught

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, I served the attached document by email on the following, who are registered participants of the CM/ECF System:

| | |
|---|---|
| Whitney Z. Bernstein | wbernstein@bmkattorneys.com |
| Andrew C. Stone | andrew.stone@usdoj.gov |
| Anthony Ray Bisconti | tbisconti@bmkattorneys.com |
| Bruce S. Feder | bf@federlawpa.com |
| David S. Eisenberg | david@deisenbergplc.com |
| Erin E. McCampbell | emccampbell@lglaw.com |
| James C. Grant | jimgrant@dwt.com |
| John Jacob Kucera | john.kucera@usdoj.gov |
| John Lewis Littrell | jlittrell@bmkattorneys.com |
| Joy Malby Bertrand | joyous@mailbag.com |
| Kevin M. Rapp | kevin.rapp@usdoj.gov |
| Margaret Wu Perlmeter | margaret.perlmeter@usdoj.gov |
| Michael D. Kimerer | mdk@kimerer.com |
| Paul John Cambria, Jr. | pcambria@lglaw.com |
| Peter Shawn Kozinets | peter.kozinets@usdoj.gov |
| Reginald E. Jones | reginald.jones4@usdoj.gov |
| Rhonda Elaine Neff | rneff@kimerer.com |
| Robert Corn-Revere | bobcornrevere@dwt.com |
| Ronald Gary London | ronnielondon@dwt.com |
| Seetha Ramachandran | sramachandran@proskauer.com |
| Thomas Henry Bienert, Jr. | tbienert@bienertkatzman.com |
| Ariel A. Neuman | aneuman@birdmarella.com |

                        */s/ Ariel A. Neuman*
                        Ariel A. Neuman