# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BACKPAGE.COM, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSHUA D. HAWLEY, in his official capacity as Attorney General of the State of Missouri,<br><br>    Defendant. | Civil Action No. 4:17-cv-01951-PLC<br><br>**DECLARATION OF JAMES GRANT IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

I, James Grant, declare as follows:

1.  I am an attorney in the firm of Davis Wright Tremaine LLP ("DWT"), which represents plaintiff Backpage.com, LLC in this action. I make this declaration based upon my personal knowledge and records and information that I or others in my office have obtained.

2.  Attached as **Exhibit A** is a true and correct copy of a letter dated August 16, 2017 from the National Association of Attorneys General to Chairman Roger Wicker and Ranking Member Brian Schatz of the Senate Subcommittee on Communications, Technology, Innovation and the Internet Committee on Commerce, Science and Transportation, and Chairman Marsha Blackburn and Ranking Member Michael Doyle of the House of Representatives Subcommittee on Communications and Technology Committee on Energy and Commerce. The letter proposes amendment of Section 230 of the Communications Decency Act.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 25th day of August, 2017.

                    *s/ James C. Grant*
                    James Grant

1

## CERTIFICATE OF SERVICE

      I hereby certify that on August 25, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                *s/ James C. Grant*
                James C. Grant

Case 7:17-cv-09500-22-DJH Doc. 35-1 Filed 06/16/17 12/14/20 Page 4 of 10 #: 670

# Exhibit A



**National Association of Attorneys General**

PRESIDENT
**Derek Schmidt**
*Kansas Attorney General*

PRESIDENT-ELECT
**Jeff Landry**
*Louisiana Attorney General*

VICE PRESIDENT
**Tim Fox**
*Montana Attorney General*

IMMEDIATE PAST PRESIDENT
**George Jepsen**
*Connecticut Attorney General*

EXECUTIVE DIRECTOR
**James McPherson**

1850 M Street, NW
Twelfth Floor
Washington, DC 20036
Phone: (202) 326-6000
http://www.naag.org/

August 16, 2017

The Honorable Roger Wicker
Chairman
Senate Subcommittee on Communications,
Technology, Innovation and the Internet
Committee on Commerce, Science and
Transportation

The Honorable Brian Schatz
Ranking Member
Senate Subcommittee on Communications,
Technology, Innovation and the Internet
Committee on Commerce, Science, and
Transportation

The Honorable Marsha Blackburn
Chairman
House of Representatives Subcommittee on Communications
and Technology
Committee on Energy and Commerce

The Honorable Michael Doyle
Ranking Member
House of Representative Subcommittee on Communications and
Technology
Committee on Energy and Commerce

RE: Amendment of Communications Decency Act

Dear Chairman Wicker, Ranking Member Schatz, Chairman Blackburn, and Ranking Member Doyle:

In 2013, Attorneys General from 49 states and territories wrote to Congress, informing it that some courts have interpreted the Communications Decency Act of 1996 ("CDA") to render state and local authorities unable to take action against companies that actively profit from the promotion and facilitation of sex trafficking and crimes against children. Unfortunately, nearly four years later, this problem persists and these criminal profiteers often continue to operate with impunity. The recent news highlighting the potential complicity of online classified-ad company Backpage.com in soliciting sex traffickers' ads for its website once again underscores the need to expand, not limit, the ability of *all* law-enforcement agencies to fight sex

Exh. A, Pg. 1 of 6

trafficking.[1] The undersigned Attorneys General once again respectfully request that the United States Congress amend the CDA to affirm that state, territorial, and local authorities retain their traditional jurisdiction to investigate and prosecute those who facilitate illicit acts and endanger our most vulnerable citizens.

As noted in the 2013 letter, certain federal courts have broadly interpreted the CDA.[2] One high-profile result is that some state and local law enforcement agencies have been left powerless to act against online classified ad services, such as Backpage.com, which have constructed their business models around advertising income gained from participants in the sex trade.[3] Just a few examples of the countless instances of child sex trafficking — and its online promotion — that occur every day in the United States include the following:

- Police in Stockton, California recently arrested more than 20 people in a human trafficking and prostitution ring. Eight girls between the ages of 14 and 17 were being trafficked for sex using advertisements on Backpage.com.[4]
- Federal and state law enforcement recently arrested a Chicago man accused of pimping a 16-year-old girl via Backpage.com, leading to her murder. The man "shopped [the girl] around on Backpage.com," delivered her to a customer, and then fell asleep in his car outside a parking garage. When he awoke, he discovered the girl's body in the garage, "her throat slit and her body badly beaten."[5]

---

[1] Tom Jackman and Jonathan O'Connell, *Backpage has always claimed it doesn't control sex-related ads. New Documents show otherwise*, Washington Post, July 11, 2017, available at https://www.washingtonpost.com/local/public-safety/backpage-has-always-claimed-it-doesnt-control-sex-related-ads-new-documents-show-otherwise/2017/07/10/b3158ef6-553c-11e7-b38e-35fd8e0c288f_story.html (last visited July 12, 2017).

[2] *See, e.g.*, Senate Permanent Subcommittee v. Ferrer, 199 F. Supp. 3d 125, 136 (D.D.C. 2016), *vacated as moot*, 856 F.3d 1080 (D.C. Cir. 2017); Backpage.com, LLC v. McKenna, 881 F. Supp. 2d 1262, 1275 (W.D. Wash. 2012); M.A. v. Village Voice Media Holdings, LLC, 809 F. Supp. 2d 1041, 1048–56 (E.D. Mo. 2011); Dart v. Craigslist, 665 F. Supp. 2d 961, 965 & n.6 (N.D. Ill. 2009); Doe v. Bates, 2006 WL 3813758, at **3–5 (E.D. Tex. Dec. 27, 2006); *see also* Google, Inc. v. Hood, 96 F. Supp. 3d 584, 596–98 (S.D. Miss. 2015), *vacated & remanded on other grounds*, 822 F.3d 212 (5th Cir. 2016).

[3] While Backpage.com claims to have shut down its prostitution/escort ads after a U.S. Senate hearing in January, there are reports of the ads merely moving to different sections. *See* Brian Rokos, *Backpage.com Removes 'Escort' Ads – Or Does It?*, Press-Enterprise, Jan. 11, 2017, available at http://www.pe.com/articles/backpage-822842-ads-subcommittee.html/ (last visited July 6, 2017); Kevin Litten, *New Orleans Backpage Prostitution Ads Now Listed as Dating Ads, Human Trafficking Experts Say*, Times-Picayne, Jan. 17, 2017, available at http://www.nola.com/politics/index.ssf/2017/01/backpage_prostitution_new_orle.html (last visited July 6, 2017); Stephen Koff, *Backpage.com Still Appears to Be Running Ads for Prostitutes, Sexual Services*, Cleveland.com, Jan. 12, 2017, available at http://www.cleveland.com/metro/index.ssf/2017/01/backpagecom_might_not_have_act.html (last visited July 6, 2017).

[4] Sarah Heise, *23 Arrested for Human Trafficking, Prostitution in San Joaquin County*, KCRA 3, May 5, 2017, available at http://www.kcra.com/article/23-arrested-in-san-joaquin-county-human-trafficking/9588063 (last visited June 29, 2017).

[5] *Feds Charge Man for Prostituting 16-Year-Old Girl Before Her Murder*, ABC 7 Eyewitness News, June 21, 2017, available at http://abc7chicago.com/news/feds-charge-man-for-prostituting-16-year-old-girl-before-her-murder/2128793/ (last visited June 29, 2017).

- Police in Georgia recently arrested three people who used Backpage.com to pimp a pregnant 17-year-old girl.[6]
- Police in Florida recently arrested a woman who used Backpage.com to prostitute a missing 16-year-old girl throughout Broward County.[7]

Clearly, in these instances, Backpage.com is facilitating — and profiting from — these illegal activities. However, certain interpretations of the CDA have resulted in companies like Backpage.com remaining outside the reach of state and local law enforcement in these kinds of cases. We do not believe that was Congress's intent in passing the CDA, and we do not believe that is Congress's intent now. It is both ironic and tragic that the CDA, which was intended to protect children from indecent material on the internet,[8] is now used as a shield by those who profit from prostitution and crimes against children.

Federal enforcement alone has proved insufficient to stem the growth in online promotion of child sex trafficking. Those on the front lines of the battle against the sexual exploitation of children — state and local law enforcement — must have the clear authority to investigate and prosecute facilitators of these and other horrible crimes. Thus, we recommend that 47 U.S.C. § 230(e)(1) be amended to the following (added language in **bold**):

> Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal**, State, or Territorial** criminal statute.

We are aware of efforts in Congress to preserve state criminal statutes that prohibit certain kinds of sexual exploitation and sex trafficking, and to preserve federal and state statutes that provide causes of action, restitution, or other civil remedies to victims. We ask that, in addition to these efforts, Congress consider enacting our proposed change. We believe the CDA should be clear in preserving both state and territorial law to the same extent that it preserves federal law — *i.e.*, the CDA should be clear that it preserves *all* state and territorial criminal statutes, just as it preserves *all* federal criminal statutes. The simple addition this letter proposes would do just that and will help to ensure that we are able to effectively protect citizens and

---

[6] Ross Cavitt, *Trio Accused of Pimping Pregnant Teen for Sex*, WSB-TV 2, June 23, 2017, available at http://www.wsbtv.com/news/local/cobb-county/trio-accused-of-pimping-pregnant-teen-for-sex/539101607 (last visited June 29, 2017).

[7] Tonya Alanez, *Girl, 19, Accused of Pimping Out Missing 16-Year-Old*, Sun Sentinel, June 2, 2017, available at http://www.sun-sentinel.com/local/broward/plantation/fl-teen-female-pimp-arrest-20170601-story.html (last visited June 29, 2017).

[8] 104 Cong. Rec. S2308-01 (daily ed. June 14, 1995) (statement of Sen. Coats) ("Mr. President, all you have to do is pick up the telephone and call the FBI, ask their child exploitation task force about the volume of over-the-Internet attempts to seduce, abuse, and lure children into pornography and sexual exploitation."); 104 Cong. Rec. H8470 (daily ed. Aug. 4, 1995) (statement of Rep. Cox) ("We want to encourage people like Prodigy, like CompuServ, like America Online, like the new Microsoft network, to do everything possible for us, the customer, to help us control, at the portals of our computers, at the front door of our house, what comes in and what our children see.").

children throughout the entire country, in all courts. We thank you for your attention to this vital matter.

Respectfully,

Karl A. Racine
District of Columbia Attorney General

Pamela Jo Bondi
Florida Attorney General

Steve Marshall
Alabama Attorney General

Jahna Lindemuth
Alaska Attorney General

Mark Brnovich
Arizona Attorney General

Leslie Rutledge
Arkansas Attorney General

Xavier Becerra
California Attorney General

Cynthia H. Coffman
Colorado Attorney General

Matthew Denn
Delaware Attorney General

Chris Carr
Georgia Attorney General

Douglas S. Chin
Hawaii Attorney General

Lawrence Wasden
Idaho Attorney General

Lisa Madigan
Illinois Attorney General

Curtis T. Hill Jr.
Indiana Attorney General

Tom Miller
Iowa Attorney General

Derek Schmidt
Kansas Attorney General

Exh. A, Pg. 4 of 6

*[signature]*

Andy Beshear
Kentucky Attorney General

*[signature]*

Janet T. Mills
Maine Attorney General

*[signature]*

Bill Schuette
Michigan Attorney General

*[signature]*

Jim Hood
Mississippi Attorney General

*[signature]*

Tim Fox
Montana Attorney General

*[signature]*

Adam Paul Laxalt
Nevada Attorney General

*[signature]*

Christopher S. Porrino
New Jersey Attorney General

*[signature]*

Eric T. Schneiderman
New York Attorney General

*[signature]*

Wayne Stenehjem
North Dakota Attorney General

*[signature]*

Jeff Landry
Louisiana Attorney General

*[signature]*

Brian Frosh
Maryland Attorney General

*[signature]*

Lori Swanson
Minnesota Attorney General

*[signature]*

Josh Hawley
Missouri Attorney General

*[signature]*

Douglas Peterson
Nebraska Attorney General

*[signature]*

Gordon MacDonald
New Hampshire Attorney General

*[signature]*

Hector Balderas
New Mexico Attorney General

*[signature]*

Josh Stein
North Carolina Attorney General

*[signature]*

Mike DeWine
Ohio Attorney General

Exh. A, Pg. 5 of 6

Mike Hunter
Oklahoma Attorney General

Josh Shapiro
Pennsylvania Attorney General

Peter Kilmartin
Rhode Island Attorney General

Marty J. Jackley
South Dakota Attorney General

Ken Paxton
Texas Attorney General

T.J. Donovan
Vermont Attorney General

Robert W. Ferguson
Washington Attorney General

Brad Schimel
Wisconsin Attorney General

Ellen F. Rosenblum
Oregon Attorney General

Wanda Vázquez Garced
Puerto Rico Attorney General

Alan Wilson
South Carolina Attorney General

Herbert H. Slatery, III
Tennessee Attorney General

Sean Reyes
Utah Attorney General

Mark R. Herring
Virginia Attorney General

Patrick Morrisey
West Virginia Attorney General

Peter K. Michael
Wyoming Attorney General

Copy: The Honorable John Thune, Chairman, Senate Committee on Commerce, Science, and Transportation; The Honorable Bill Nelson, Ranking Member, Senate Committee on Commerce, Science, and Transportation; The Honorable Greg Walden, Chairman, House of Representatives Committee on Energy and Commerce; The Honorable Frank Pallone, Ranking Member, House of Representatives Committee on Energy and Commerce

Exh. A, Pg. 6 of 6