Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>               Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' MOTION TO CONTINUE TRIAL**<br><br>(Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

ii

## MOTION

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move for an order continuing the trial date from April 12, 2021, to September 20, 2021, because of the ongoing coronavirus pandemic and because the Ninth Circuit has recently taken action related to Defendants' petition for a writ of mandamus regarding their Motion to Recuse. Specifically, just last week the Ninth Circuit scheduled oral argument on the mandamus petition for March 3, 2021, just one month before the trial in this case is scheduled to commence.  Given the basis of that motion, this Court should await that ruling before making further substantive rulings in the case (including the outstanding motion to dismiss and various motions in limine), and the parties should be allowed sufficient time after the Ninth Circuit rules to address further proceedings, whether they be before this judge or a different judge. Continuing the trial to September should accommodate these concerns, and should ensure the safety of all participants as it relates to the ongoing pandemic. The Motion is based on the following Memorandum of Points and Authorities, the Court's file, all of the submissions associated with Defendants' May 29, 2020, Motion to Continue (see Docs. 990, 992-95, 1025), incorporated herein by reference, and any evidence or argument presented at the hearing on this Motion. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *Background*

On June 29, 2020, this Court continued the trial of this matter from August 17, 2020, to January 12, 2021, because the Court felt it could not "ensure the health and safety of all trial participants" because of the pandemic. (See Doc. 1031 at 1.)  In its Order, the Court noted "there will always likely be 40 people in the Courtroom," "there is not enough space to ensure that everyone is physically distanced," and "many witnesses, attorneys and parties must travel to Arizona for trial and travel is still fraught with risk." (*Id.*)  The Court also expressed concern "about maintaining the health and safety of the jurors give[n] the space issues and the length of the trial, 12 weeks." (*Id.*) Defendant Larkin subsequently moved to continue the trial until April 13, 2021, due to the ongoing

pandemic and a medical leave for one of the defense counsel.  (Doc. 1058.)  The Court granted that motion.  (Doc. 1068.)

Although the number of COVID-19 cases declined over the summer, the fall and winter have brought an explosive resurgence of COVID-19.  When the Court continued the trial on June 29, 2020, the national seven-day average of new COVID-19 cases was 40,008 cases per day.[1]  On January 13, 2021, the national seven-day average of new COVID-19 cases was 246,354 cases per day—more than six times the number of cases on June 29, 2020.[2]  Coronavirus-related fatalities and hospitalizations in the United States now are at record highs.[3]

In Arizona, on June 29, 2020, the seven-day average of new COVID-19 cases was 2,834 cases per day; on January 13, 2021, the number was 9,294 cases per day—more than three times the number of cases on June 29.[4]  Arizona now has the highest rate in the Nation for seven-day COVID-19 positivity.[5]  The number of individuals hospitalized in Arizona is nearly double what it was during the worst days of the summer surge.[6]  These conditions are expected to get worse.[7]  Recognizing that Arizona has one of the "highest per capital COVID infection rates in the world," Chief Judge G. Murray Snow just prohibited all civil and criminal jury trials for the months of January and February.

---

[1]    *See* New York Times, Coronavirus in the U.S.: Latest Map and Case Count, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (last visited January 14, 2021).

[2]    *Id.*

[3]    *See* Maria Caspani, Peter Szekely, Reuters, *United States Tops 21 Million COVID-19 Cases With Record Hospitalizations as States Ramp Up*, Reuters (Jan. 6, 2021) available at: https://www.reuters.com/article/us-health-coronavirus-usa/u-s-tops-21-million-covid-19-cases-with-record-hospitalizations-as-states-ramp-up-vaccinations-idUSKBN29B23B  (last visited Jan. 12, 2021).

[4]    https://www.nytimes.com/interactive/2020/us/arizona-coronavirus-cases.html (last visited January 14, 2021).

[5]    *See* Alison Steinbach, USA Today, *Arizona Again Ranks No. 1 for Weekly COVID-19 Case Rate as State Reports Nearly 9k New Cases, Rising Hospitalizations* (Jan. 11, 2020), available at: https://www.usatoday.com/story/news/local/Arizona-health/2021/01/11/Arizona-coronavirus-jan-11-update-8-995-new-cases-6-new-known-deaths/6621642002/ (last visited Jan. 12, 2021).

[6]    *See id.*

[7]    *See id.*

1  (*See* General Order 21-02.)  He warned that trials may be further postponed depending on the public

2  health situation.  (*See id.*)

3      In short, the same reasons that justified the previous continuances of the trial still exist, but

4  are even more compelling today.

5  *Argument*

6      As set forth in more detail in Defendant's first motion to continue the trial on account of the

7  pandemic (Doc. 990), which Defendants incorporate by reference, the pandemic implicates the

8  Court's obligation to provide a fair trial and protect the health of trial participants.  Among other

9  things, a trial during the pandemic would:

10  - impair Defendants' right to effective assistance of counsel;

11  - deprive the Defendants of trial before a fair cross-section of the community;

12  - compromise the Defendants' right to meaningful confrontation;

13  - compromise the Defendants' right to compulsory process, to present evidence, and to

14    testify;

15  - compromise the Defendants' right to be present and to be judged without the effect of a

16    prejudicial face covering;

17  - compromise the Defendants' right to be tried by an impartial jury and to be free of coercive

18    verdicts;

19  - compromise the Defendants' right to be free of coercive pressure to plead guilty; and

20  - violate the Defendants' due process right to the exercise of reasonable care toward the

21    health and safety of persons confined by government action.

22  **I.    The COVID-19 Pandemic is Worse Now Than in June and August 2020.**

23      The COVID-19 pandemic has not improved since last May when Defendants moved for a

24  continuance, nor last June when the Court granted the continuance, nor last August when the trial

25  was scheduled, but instead has worsened significantly.  Not only is the incidence of COVID-19 up

26  dramatically, but:

27

28

3

DEFENDANTS' MOTION TO CONTINUE TRIAL

- **Hospital Utilization/COVID-19 Deaths**.  The health care system is straining to cope with the surge of cases and in certain places is "approaching a breaking point."[8]   On October 13, there were 36,000 people with COVID-19 in U.S. hospitals on January 13, there were 130,000.[9]  This week states reported 23,259 COVID-19 deaths, 25 percent more than in any other week since the pandemic began.[10]  The State of California, where counsel for two defendants and one government counsel reside and practice, has imposed a regional stay home order and banned all travel in excess of 120 miles from home because the ICUs are operating in surge mode in many regions in the state.[11]  Tragically, some hospitals have formed teams to assess and ration care, something previously thought of as unthinkable in the United States.[12]  Arizona hospitals are preparing for the possibility of rationing hospital care too, as the number of patients hospitalized in Arizona for known or suspected COVID-19 cases was at 4,866 on January 15, 2021, far above last summer's peak of 3,517 on July 13.[13]

- **More Contagious Coronavirus Variants**.  A new, significantly more contagious variant of the coronavirus has been identified in five States, one of them being Arizona.[14]  The impact of this new variant on public health is unclear, but prior public health measures, such as social distancing of at least six feet and mask wearing, may not provide protection

---

[8]    *Id.*

[9]    *See The Worst Week for Deaths Since the Pandemic Began*, The Atlantic (Jan. 14, 2021), available at https://www.theatlantic.com/health/archive/2021/01/covid-19-deaths-are-25-percent-higher-any-other-week/617686/ (last visited Jan. 15, 2021).

[10]   *Id.*

[11]   *See, e.g.*, Jonathan Vigliotti, CBS News, *Coronavirus Surge in Southern California Leaves Hospitals On Verge of Rationing Care* (Jan. 8, 2021), available at: https://www.cbsnews.com/news/covid-california-hospitals-surge-rationing-care/ (last visited January 13, 2021).

[12]   *See id.*

[13]   *See* Alison Steinbach, *Arizona passes 11K known COVID-19 deaths as state remains national hot spot for case and death rates*, The Arizona Republic (Jan. 15, 2021), available at https://www.azcentral.com/story/news/local/arizona-health/2021/01/15/arizona-coronavirus-jan-15-update-9-146-new-cases-185-new-known-deaths/4173742001/ (last visited Jan. 15, 2021).

[14]   *See* Ryan W. Miller, USA Today, *How Will You Be Told When It's Your Turn for a COVID-19 Vaccine?  It's Complicated* (Jan. 6, 2021), available at: https://www.usatoday.com/story/news/health/2020/12/24/covid-vaccine-eligibility-how-when-americans-notified/4008128001/ (last visited Jan. 12, 2021).

from the new variants.  As a result, the likelihood for COVID-19 to spread among trial participants or witnesses travelling to the trial is much greater than last August.

- **Slow Vaccine Rollout**.  Although the United States has authorized two vaccines for distribution and has begun vaccination of healthcare workers and, in some places, those over age 75 or 65, it unrealistic to assume that all or even many of the trial participants will be vaccinated by April.  Indeed, it is anticipated that there will not be enough vaccine supplies to make the vaccines readily available to all Americans until the summer.[15]

## II.  This Lengthy Multi-Defendant Case Cannot Be Properly Prepared or Safely Tried as the Pandemic Rages.

First, the defense cannot effectively prepare the more significant witnesses for their testimony remotely, which means counsel's trial preparation efforts will be ineffective.  Although videoconferencing is suitable for some tasks, it is not suitable for preparing significant witnesses.  In seeking a pandemic-related continuance in another complex, four-defendant criminal case, the government recently justified its request for a continuance by telling the Court (in a joint filing with the defense):

> [V]ideoconferencing may be adequate to prepare certain out-of-state witnesses whose testimony is limited in scope, and/or does not involve numerous exhibits.  The government estimates that there are at least half a dozen witnesses it could prepare in this manner.  In this case, however, many witnesses—all of whom reside out of state—are expected to testify at length on direct and cross-examination.  Their testimony will involve hundreds of exhibits, including documents and audio recordings.  The parties respectfully submit that videoconferencing is not an adequate substitute for in-person preparation of such witnesses.  It cannot, for instance, replace the nonverbal cues between lawyers and clients (or lawyers and co-counsel), which can be just as important as the words spoken, but are missed when communicating via video.  It likewise hampers lawyers' ability to pick up on nonverbal cues from witnesses.  It imposes heightened burdens on witnesses—including third-party civilian witnesses—by increasing the amount of time needed to prepare due to unavoidable communication lags and other technological issues, as well as the fact that presenting exhibits to a witness remotely, or

---

[15]     *See* Ryan W. Miller, USA Today, *How Will You Be Told When It's Your Turn for a COVID-19 Vaccine?  It's Complicated* (Jan. 6, 2021), available at:
https://www.usatoday.com/story/news/health/2020/12/24/covid-vaccine-eligibility-how-when-americans-notified/4008128001/ (last visited Jan. 12, 2021).

DEFENDANTS' MOTION TO CONTINUE TRIAL

playing audio remotely, can be cumbersome. Thus, while videoconferencing has allowed some cases in this district to proceed, it is substantially more difficult in a case involving as many witnesses, exhibits, defendants and attorneys as this one. And no case has, to date, required preparing the majority of trial witnesses via videoconference, as this one would.

(*See United States v. Colburn*, 19-CR-10080-NMG (D. Mass.), Joint Response to Court Notice at 2, a true and correct copy of which is attached hereto as Ex. A.)  Here, with one exception, the defense counsel all reside and practice at great distance from *their clients* as well as from nearly all the potential witnesses.

Second, this will not be an ordinary trial.  This case has six defendants and the government projects the trial of its 100-count indictment will last twelve weeks (inclusive of its case-in-chief, defense case, and rebuttal case), with 98 named government witnesses, plus numerous defense witnesses, many of whom must travel from out of State.  The trial likely will involve no fewer than 50 daily trial participants (six Defendants, defense counsel and staff, government counsel and staff, judiciary staff, jurors, and alternates), *plus* members of the press, Defendants' family members, and the public.  If any trial participant, witness, or spectator experienced any symptoms of the coronavirus (with mild symptoms mirroring symptoms associated with the common cold or seasonal allergies such as a runny nose), or contracted the virus, the trial would have been halted until all trial participants quarantined and tested negative for the virus.  (See Doc. 990 at 4-7.)  With the community spread of the coronavirus rampant across the country, and in Arizona, the odds that this case could be tried without at least one quarantine, and likely multiple quarantines, are slim, particularly with witnesses and counsel having to fly to and from Phoenix and dozens of out-of-town trial participants risking exposure from things like going to a restaurant for dinner.  Repeated breaks for quarantining and testing almost assuredly would derail a trial of this complexity and duration.  Moreover, in the event that one of the trial participants tests positive for the virus, the contact tracing that would be required would be monumental, and could become a multi-state endeavor, something that Arizona's already stressed public health system should not be forced to bear in the name of expediency.

Third, certain Defendants and defense counsel are at high-risk of serious complications or death, by virtue of their age, medical conditions, or both (*see* Docs. 992-95), if they contract this virus

and should not be placed in harm's way when we are months away from being able to proceed to trial safely. The illness associated with this virus can be devastating even to those who are in excellent health, as it is well-documented that it has killed otherwise healthy young people or has left them with serious, long-term health complications. No one—witness, juror, counsel, Defendant, or Court staff—should have to put their life in jeopardy to appear at an April trial when a brief adjournment will enable the trial to proceed safely. The defense also faces the very real risk that witnesses will refuse to travel to Arizona and testify in a crowded courtroom as the pandemic rages. Moreover, defense counsel are not aware of any courtroom that would allow the trial participants to participate in a socially distant manner that also provides for their meaningful participation.

## III. Federal Courts Across the Country are Suspending Jury Trials Because of the Pandemic.

The vast majority of federal courts have suspended *all* jury trials, including in uncomplicated single-defendant cases.[16] Unsurprisingly, courts also are routinely postponing lengthy multi-defendant cases.

For example, in one of the Varsity Blues cases in the District of Massachusetts, the defense recently moved to postpone the trial from February 2021 to September 2021. That case will be "a four-defendant criminal trial" "that is likely to last four or five weeks—and perhaps longer, depending on the length of any defense cases and whether any of the defendants choose to testify—in a closed courtroom." (Ex. A at 3.) (In other words, that case has *fewer* defendants than here and the trial likely will be much *shorter* than here.) The case will be tried in Boston, where COVID-19 is not as rampant as in Arizona. When the court questioned that need for the continuance, the government said it wished to "try this case as soon as is reasonably practical and safely possible" and "the earliest, most realistic such date is September 2021." (Ex. A at 6.) The court subsequently granted the continuance and rescheduled the trial for September 13, 2021. (*See United States v. Colburn*, 19-CR-10080-NMG (D. Mass.), Order at 2, a true and correct copy of which is attached hereto as Ex. B.)

---

[16] *See* U.S. Court Closings, Restrictions, and Reopenings Due to COVID-19, Paul Hastings (last updated Jan. 12, 2021) https://www.paulhastings.com/about-us/advice-for-businesses-in-dealing-with-the-expanding-coronavirus-events/u.s.-court-closings-cancellations-and-restrictions-due-to-covid-19 (last visited January 12, 2021).

Similarly, in a complex criminal case in the Northern District of California (also a location with less COVID-19 than in Arizona), a trial that was anticipated to last for several months on an indictment that was issued in 2018 was continued from March 9, 2021, to July 13, 2021, to ensure that the trial commences at a time when the "community is safe" due to vaccination of the general public. (*See United States v. Elizabeth Holmes*, 18-CR-258-EJD (N.D.C.A. Dec. 18, 2020) (Doc. 650) at 2, a true and correct copy of which is attached hereto as Ex. C.)  In continuing the trial, the court recognized that "a continuance of the trial will cause great inconvenience to the victims," as well as the Defendant "who wishes a speedy opportunity to defend against the charges." (*Id.*)  The court described those rights as "important," but nonetheless continued the trial because "paramount to the court is the safety and health of the community."[17]  (*Id.*)

## IV.  The Significant Logistical Challenges to Prepare This Case for Trial Require a Prompt Decision.

We currently are three months out from the scheduled trial date, but the Court should not hold off on ruling on this Motion until closer to the trial.  Although the incidence of COVID-19 might drop from its current peaks, there is no reason to believe the incidence will drop to a level where this case can be properly prepared and safely tried before a significant part of the general population is vaccinated—and that will not happen before this summer.

The defense (and the government) need a decision on this Motion as soon as possible.  They need to block off more than twelve weeks from their calendars and need as much notice as possible to accomplish that scheduling feat.  If the trial is not postponed, the defense team needs to make housing arrangements in Phoenix and arrange for witness to travel to Phoenix.  These logistical issues must be addressed with as much notice as possible, but also knowing that the trial will indeed proceed as planned.  By the time the parties are six weeks away from the trial date, these arrangements must be completed to enable counsel to focus on the important work of preparing for the trial, rather than

---

[17]   Last week, the Chief Judge of the Ninth Circuit, Sydney R. Thomas, also cancelled the Ninth Circuit Judicial Conference, scheduled for mid-July 2021, noting that the "national surge in COVID-19 cases and issues regarding accessibility of vaccines" made it "safer and more prudent" to cancel the conference. (*See* Email from Sydney R. Thomas, Jan. 7, 2021, a true and exact copy of which is attached hereto as Exhibit D.).

scrambling to address logistical issues at the last minute.  For these reasons, Defendants have filed the Motion now, rather than a month from now, as all participants need a ruling on this Motion as soon as possible.  Further, based on the information available at this time concerning the widespread availability of the vaccine by the end of summer, a September start date is realistic.

**V.    A Continuance Will Enable the Parties to Obtain a Ruling From the Ninth Circuit.**

As the parties discussed at the most recent status conference, the Ninth Circuit ordered briefing on the Defendants' petition for a writ of mandamus in which Defendants seek an order overturning this Court's denial of the Defendants' Motion to Recuse.  Since then, on January 15, 2021, the Ninth Circuit announced that it would hear oral argument on March 3, 2021.  This material development, alone, merits granting the brief continuance requested in this Motion.  Based on the Ninth Circuit's expeditious handling of the petition, a decision from the Ninth Circuit can be expected within a reasonable period of time after the argument.  Granting this Motion will ensure that the trial participants have the time to obtain the Ninth Circuit's order, and obtain rulings from the presiding judge in this case on the outstanding motions (including motions in limine, a discovery motion, and a motion to dismiss), in sufficient time to finalize their trial preparation before the start of the trial. Indeed, starting the trial in April not only creates health and safety issues for the trial participants and the Phoenix community, but it also could result in the logistical nightmare of this Court being ordered to recuse on the eve of, or during, the trial.

## CONCLUSION

For all these reasons, Defendants request that the Court continue the April 12, 2021, trial date to September 20, 2021.  The continuance should allow many of the trial participants to be vaccinated prior to the start of the lengthy trial, as well as providing time for a large part of the general population to be vaccinated.  The continuance will dramatically reduce the potential for a COVID-19 outbreak among the trial participants and provide reasonable certainty that, once the trial begins, the trial will be able to proceed to a verdict, if needed.[18]

---

[18]    Public health officials are reasonably certain that life will return to normal in the third or fourth quarters of 2021, after the vaccine has been made available to the general population.  *See* Elisabeth Rosenthal, When Will We Throw Our Masks Away? I asked Dr. Fauci, New York Times (Nov. 19.

If the trial does not conclude before the end of October, the defense anticipates the need for a brief recess from November 2-10, 2021, to accommodate one counsel's wedding ceremony.

RESPECTFULLY SUBMITTED this 19th day of January, 2021,


Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By:     /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Jan. 2020) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*



Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By:     /s/ Whitney Z. Bernstein
        Whitney Z. Bernstein
        Attorneys for James Larkin



Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By:     /s/ Ariel A. Neuman
        Ariel A. Neuman
        Attorneys for John Brunst

---

2020), available at:  https://www.nytimes.com/2020/11/19/opinion/sunday/anthony-fauci-covid-interview.html (last visited Jan. 14, 2021).

DEFENDANTS' MOTION TO CONTINUE TRIAL

Bruce Feder
FEDER LAW OFFICE, P.A.

By:     /s/ Bruce Feder
        Bruce Feder
        Attorneys for Scott Spear


David Eisenberg
DAVID EISENBERG, P.L.C.

By:     /s/ David Eisenberg
        David Eisenberg
        Attorneys for Andrew Padilla


Joy Bertrand
JOY BERTRAND, ESQ.

By:     /s/ Joy Bertrand
        Joy Bertrand
        Attorneys for Joye Vaught




On January 19, 2021, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov

DEFENDANTS' MOTION TO CONTINUE TRIAL