UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                          No. 1:19-CR-10080-NMG

GREGORY COLBURN et al.,

Defendants

**JOINT RESPONSE TO COURT NOTICE (DKT. 1648)**

Defendants Gamal Abdelaziz, John Wilson, Homayoun Zadeh, and Robert Zangrillo ("the defendants") and the government respectfully submit this joint response to the Court's November 25, 2020 Notice (Dkt. 1648).

The parties are mindful of the Court's desire to try this case expeditiously.  The parties share that desire and seek a realistic trial date as soon as practicable.  The motion to continue the current date was filed only after extensive discussions about finding a date that would allow the parties to safely prepare their witnesses, and to have those witnesses testify, in a courtroom that can accommodate the parties, the witnesses, and their counsel.  The parties believe that September 2021 is a date that is likely to hold, and that a continuance to that date would be reasonable in light of the ongoing pandemic and because of issues specific to this case that are not present in other cases tried or scheduled for trial during the pandemic, including the fact that there are four defendants and that almost all of the witnesses are from outside of Massachusetts.[1]

In response to the Court's specific questions:

---

[1] As previously noted, the parties have proposed June 2021 as an earlier alternative, though one that is less preferable given that it does not avoid all the concerns set forth herein.

First, the Court asked why discovery and trial preparation cannot be adequately accomplished by video conference.  The parties agree that videoconferencing may be adequate to prepare certain out-of-state witnesses whose testimony is limited in scope, and/or does not involve numerous exhibits.  The government estimates that there are at least half a dozen witnesses it could prepare in this manner.  In this case, however, many witnesses—all of whom reside out of state— are expected to testify at length on direct and cross-examination.[2]  Their testimony will involve hundreds of exhibits, including documents and audio recordings.  The parties respectfully submit that videoconferencing is not an adequate substitute for in-person preparation of such witnesses. It cannot, for instance, replace the nonverbal cues between lawyers and clients (or lawyers and co-counsel), which can be just as important as the words spoken, but are missed when communicating via video.  It likewise hampers lawyers' ability to pick up on nonverbal cues from witnesses.  It imposes heightened burdens on witnesses—including third-party civilian witnesses—by increasing the amount of time needed to prepare due to unavoidable communication lags and other technological issues, as well as the fact that presenting exhibits to a witness remotely, or playing audio remotely, can be cumbersome.[3]  Thus, while videoconferencing has allowed some cases in this district to proceed, it is substantially more difficult in a case involving as many witnesses, exhibits, defendants and attorneys as this one.  And no case has, to date, required preparing the majority of trial witnesses via videoconference, as this one would.[4]

---

[2] The defendants may also testify, and any such testimony would likely also be extensive.

[3] Emailing or sending exhibits to witnesses in advance would help but it does not solve the problem, particularly given that witnesses may not be able to have even their own counsel present with them in person to orient them to the documents.

[4] The defendants anticipate that a February trial date may prompt witnesses from California and other states to seek to avoid receiving trial subpoenas and then move to quash on the grounds of their age or medical vulnerabilities or that of their families, given that appearance at trial will require cross-country round-trip air travel and both Massachusetts and California currently require travelers entering from other states to quarantine for 14 days upon arrival. The defendants also

Second, the Court has asked how many people associated with this case are 65 years old or older.  The answer is multiple.  Attorneys for defendants Abdelaziz and Zangrillo are over 70 years old.  Several likely witnesses and/or their attorneys are also over 65 years old, including those set forth in the accompanying *ex parte* declarations.  The parties do not know how many witnesses reside with other adults over 65 years old, or with otherwise vulnerable family members.  Other attorneys associated with this case, on both sides, have conditions, or immediate family members with conditions, that the CDC classifies as creating an increased risk for severe illness, hospitalization, or death from COVID-19.  As set forth in the accompanying sealed and ex parte declarations from defense attorneys, counsel are currently following the direction of the public health authorities in this regard.

The defendants acknowledge and respect that the Court is willing to try this case with appropriate precautions, but note that proper preparation for and participation in a four-defendant criminal trial from a witness's or attorney's perspective requires a significant amount of close contact with others.  These risks are even more significant in a multi-defendant trial that is likely to last four or five weeks—and perhaps longer, depending on the length of any defense cases and whether any of the defendants choose to testify—in a closed courtroom.  The defendants respectfully state that they are not willing to have any of their attorneys withdraw from the case to accommodate an earlier trial date, and that requiring withdrawal of counsel based on age or underlying medical conditions, or setting the trial date in a manner that forces counsel of advanced

---

have significant concerns about their ability to adequately defend their clients during trial given current restrictions such as social-distancing and masking that will make real-time communications with clients and co-counsel difficult if not impossible.  The defendants respectfully suggest that these issues raise substantial implications for the defendants' Sixth Amendment rights to effective assistance of counsel, especially in the context of a multi-defendant trial.

age or with underlying medical conditions to withdraw, would have serious implications for the defendants' Sixth Amendment rights.[5]   To the extent possible, the government seeks to avoid creating additional appellate issues in this regard.

Third, the Court noted that the parties will each be limited to two attorneys, with paralegals and support staff in another courtroom.  Even with such restrictions, however, and assuming only two alternate jurors—a number that is likely insufficient in a case such as this one—there is no courtroom of which the parties are aware that could accommodate 30 or more individuals while adhering to social distancing protocols.[6]

In addition, the government respectfully submits that further severing the case into two-defendant trial groupings would not wholly address the problem, because it would still require that the remaining defendants be tried at a later date.  Moreover, the government submits that severance—as compared to a seven-month delay—is not in the public interest.  Should the Court sever the defendants in this trial and the six remaining in the April trial, the result would be as many as five trials in this case.  Even if some defendants plead guilty—a prospect that is unlikely as to the four remaining defendants in this trial—there would necessarily be multiple trials, imposing a far greater burden on the witnesses, the Court, the government, and the public (via jury selection) than a continuance of several months.

---

[5] *See United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (Scalia, J.) ("Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation.  Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants...").

[6] The defendants note that the public will not be able to observe the proceedings in-person and that the exclusion of family members from the courtroom will seriously prejudice them.

Fourth, the defendants note that jury selection will be more difficult in this case given the substantial media attention that the case has received.[7]

Finally, the Court noted that the motion did not provide a supporting citation for the proposition that COVID-19 will have abated by September 2021.  The parties acknowledge that there is no date certain by which the pandemic will end.  However, public health officials have made clear that an effective COVID vaccine is likely to be widely available to adults in the United States by late spring of 2021.  In a November 19, 2020 interview, the Director of the National Institute of Allergy and Infectious Diseases, Dr. Anthony Fauci, stated: "I think we're going to have some degree of public health measures together with the vaccine for a considerable period of time.  But we'll start approaching normal—if the overwhelming majority of people take the vaccine—as we get into the third or fourth quarter [of 2021]."[8]  Similarly, a recent report from McKinsey & Company stated:

> The positive readouts from the vaccine trials mean that the United States will most likely reach an epidemiological end to the pandemic (herd immunity) in Q3 or Q4 2021. An earlier timeline to reach herd immunity—for example, Q1/Q2 of 2021—is now less likely, as is a later timeline (2022).[9]

For the foregoing reasons, it is reasonable to assume that the parties (and witnesses) will be able to be fully vaccinated by the summer, thus allowing one or two months for counsel to meet with witnesses and prepare for a September trial.  Such a schedule would be consistent with the

---

[7] The defendants reserve their rights with respect to Constitutional challenges to the current jury selection process.

[8] Elisabeth Rosenthal, When Will We Throw Our Masks Away?  I asked Dr. Fauci, New York Times (Nov. 19. 2020).

[9] https://www.mckinsey.com/industries/healthcare-systems-and-services/our-insights/when-will-the-covid-19-pandemic-end#.  The defendants separately note that, as recent news reports suggest, it is possible that the vaccine will be widely distributed by June but it is currently unclear whether both doses (given three or four weeks apart) will be distributed by June, or whether the population will have had time to develop sufficient antibodies from the vaccinations by June.

deadlines for reciprocal pretrial disclosures and in limine motions contemplated by the Court's pretrial scheduling order.  And, importantly, the parties expect that a September date is realistic and will hold, and they do not expect to seek additional continuances.[10]  The parties note that they do not seek a delay for delay's sake, or for some tactical or strategic purpose.  The parties share with the Court a desire and a willingness to try this case as soon as is reasonably practical and safely possible.  The parties respectfully submit, however, that the earliest, most realistic such date is September 2021.

Dated:  December 4, 2020

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    /s/ Stephen E. Frank
       /s/ Karin M. Bell
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
KARIN M. BELL
STEPHEN E. FRANK

/s/ Brian T. Kelly
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Lauren M. Maynard (BBO No. 698742)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com
lmaynard@nixonpeabody.com

Robert Sheketoff (BBO No. 457340)
One McKinley Square
Boston, MA 02109
617-367-3449

*Counsel for Gamal Abdelaziz*

---

[10] The government is cognizant that there is currently also an April trial scheduled in this case and that the arguments set forth here may also apply to that trial.  However, the government submits that a continuance of the April trial is premature at this time.  Some of the defendants in that trial may yet choose to resolve the charges, which in the government's view, could permit the proceedings to be reconsolidated.

/s/ Martin G. Weinberg
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Matthew L. Schwartz (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel.: (212) 446-2300
E-mail:  mlschwartz@bsfllp.com

*Counsel for Robert Zangrillo*

/s/ Michael Kendall
Michael Kendall (BBO # 544866)
Yakov Malkiel (BBO # 689137)
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9310
michael.kendall@whitecase.com
yakov.malkiel@whitecase.com

Andrew E. Tomback (pro hac vice)
McLAUGHLIN & STERN LLP
260 Madison Ave.
New York, NY 10016
Telephone: (212) 455-0438
atomback@mcloughlinstern.com

*Counsel for John Wilson*

/s/ Tracy A. Miner
Tracy A. Miner (BBO No. 547137)
Megan A. Siddall (BBO No. 568979)
MINER ORKAND SIDDALL LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02110
Tel.: (617) 273-8377
tminer@mosllp.com
msiddall@mosllp.com

*Counsel for Homayoun Zadeh*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the forgoing was filed electronically on December 4, 2020, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Joshua C. Sharp*_____
Joshua C. Sharp
