Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL** |
| vs. | |
| Michael Lacey, *et al.*, | (Oral argument requested) |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

ii

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL

**REPLY**

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, moved for an order continuing the trial date from April 12, 2021, to September 20, 2021, because of the ongoing coronavirus pandemic and the Defendants' pending petition for a writ of mandamus regarding their Motion to Recuse, which is pending before the Ninth Circuit and will be submitted for decision as of March 3, 2021 ("Motion").[1]  (*See* Doc. 1113.)  In its response, the government agreed that a continuance is needed to ensure the safety and health of the trial participants, but suggested that the trial should be continued to August 16, 2021, with a status conference in mid-June to re-assess the feasibility of the August trial start date, rather than to September 20, 2021.  (*See* Doc. 1119 at 2.)  Defendants submit the instant reply in further support of the Motion and maintain that the trial should be continued to September 20, 2021.

Defendants chose September 20, 2021 after careful consideration of counsels' calendar and the predictions regarding Covid-19 vaccine rollout.  Although there is no perfect time to try a criminal case of this size and complexity (even when there is no global pandemic), starting the trial on September 20, 2021, rather than a month earlier, will minimize breaks.  Two defense counsel have scheduling conflicts in the fall, one of which would be avoided with the September 20 date but not with the August 16 date.  Specifically, one counsel, who is the only lawyer representing his client, has a pre-paid vacation scheduled for September 6-17, 2021.  At the time this vacation was scheduled and paid for, it would not have interfered with the trial.  If counsel is forced to cancel the vacation, counsel will lose money.  Separately, another counsel is scheduled to be married in early November out of state, and will require a short recess from November 2-10, 2021 (seven trial days if the Court sits each weekday[2]).  That counsel, too, is also the only lawyer representing her client, and she scheduled the

---

[1]     The Ninth Circuit recently determined that the case will be submitted without oral argument on March 3, 2021.  *See In re Michael Lacey, et al.*, Ninth Circuit Dkt. No. 20-73408 (Doc. 16).

[2]     The Court has not said how many trial days it anticipates sitting each week, which will significantly influence how many calendar weeks the trial will last.  It would be helpful for the parties to know the Court's thoughts regarding the number of days each week the Court anticipates devoting to the trial (and which days).

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL

wedding seeking to avoid conflicts with both the trial date and the pandemic.  It is unclear whether either proposed trial date would avoid this interruption.

Additionally, it appears that ensuring the safety of the trial participants will be better accomplished with a September 20, 2021 start date.  Public health experts believe that life will return to something that resembles "normal" during the third and fourth quarters of 2021, after the public has had access to the vaccines.[3]  That return to normalcy assumes a timely rollout of the vaccines; however, at present, the rollout has been significantly slower than anticipated.  For example, federal health officials initially anticipated that 50 million Americans would receive their first and second vaccine doses by the end of January.[4]  But, as of February 4, 2021, only 6 million Americans were fully vaccinated, with an additional 27 million Americans having received their first dose.[5]  Indeed, individuals who are eligible for the vaccine, including certain defense counsel, have been unable to obtain an appointment for their first dose.[6]  Moreover, it takes up to two weeks after the second dose for the vaccine to become fully effective.[7]  Based on this information, it is not likely that the younger trial participants, with no preexisting conditions, will be fully vaccinated with time for the vaccines to become effective before August 16, 2021.  The additional four weeks requested by Defendants make

---

[3]     *See* Elisabeth Rosenthal, When Will We Throw Our Masks Away? I asked Dr. Fauci, New York Times (Nov. 19, 2020), available at: https://www.nytimes.com/2020/11/19/opinion/sunday/anthony-fauci-covid-interview.html (last visited Feb. 3, 2021).

[4]     *See* Ryan W. Miller, USA Today, *How Will You Be Told When It's Your Turn for a COVID-19 Vaccine?  It's Complicated* (Jan. 6, 2021), available at: https://www.usatoday.com/story/news/health/2020/12/24/covid-vaccine-eligibility-how-when-americans-notified/4008128001/ (last visited Feb. 3, 2021).

[5]     *See* New York Times, Covid-19 Live Updates:  As U.S. Vaccinations Speed Up, Cautious Optimism Grows (Feb. 4, 2021), available at: https://www.nytimes.com/live/2021/02/04/world/covid-19-coronavirus (last visited Feb. 4, 2021).

[6]     *See* Erie County Department of Health, Covid-19 Vaccine Information (Feb. 1. 2021), available at:  https://www2.erie.gov/health/index.php?q=covid-19-vaccine-information (last visited Feb. 3. 2021).

[7]     *See* CDC, *What to Expect After Getting a Covid-19 Vaccine* (Jan. 11, 2021), available at: https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect/after.html (last visited Feb. 4, 2021).

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL

that goal far more realistic.  For all these reasons, the more prudent cause of action, with respect to the health and safety of the trial participants (including many witnesses who will travel to this District to provide their testimony, stay in local lodging, and obtain food from local restaurants), is to set the date for September 20, 2021, with a status conference in mid-June, as the government suggested, to reassess the progress with vaccinations.

Moreover, although Defendants appreciate the judiciary's commitment to providing guidance to the courts on juror safety during trials that occur during the pandemic as cited by the government (*see* Docs. 1119-1, 1119-2), the guidance appended to the government's Response provides no information about conducting a complex, multi-defendant trial like this one, with likely more than 50 trial participants and most witnesses traveling to the District from around the country.  To counsel's knowledge, no such trial has been conducted or is scheduled to be conducted during the pandemic. Additionally, as discussed in the Motion, in another complex criminal case, the *government*, itself, recently took the position that such a trial cannot be conducted safely until September.  (*See* Doc. 1113-1 at 1).  Although the government claims here that "everyone" now prepares witnesses remotely, in that same case the *government* took the position that it could *not* adequately prepare its witnesses if the trial was to proceed at any earlier time because in-person meetings are *essential* to witness preparation and cannot be done safely at this time.  (*See id.* at 2.)  Like the government, defense counsel will be ineffective if they are unable to meet in person with their clients and are unable to prepare their more significant witnesses in person.

\
\
\
\
\
\
\
\
\

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL

## **CONCLUSION**

For all these reasons, Defendants request that the Court continue the April 12, 2021, trial date to September 20, 2021.  Such a date is more likely to hold than one that is set at a time when public health officials have indicated that the general population will be undergoing vaccination.

RESPECTFULLY SUBMITTED this 9th day of February, 2021.

Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By:     /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Jan. 2020) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By:     /s/ Whitney Z. Bernstein
        Whitney Z. Bernstein
        Attorneys for James Larkin

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By:     /s/ Ariel A. Neuman
        Ariel A. Neuman
        Attorneys for John Brunst

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL

Bruce Feder
FEDER LAW OFFICE, P.A.

By:    /s/ Bruce Feder
        Bruce Feder
        Attorneys for Scott Spear


David Eisenberg
DAVID EISENBERG, P.L.C.

By:    /s/ David Eisenberg
        David Eisenberg
        Attorneys for Andrew Padilla

Joy Bertrand
JOY BERTRAND, ESQ.

By:    /s/ Joy Bertrand
        Joy Bertrand
        Attorneys for Joye Vaught

On February 9, 2021, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE TRIAL