Thomas H. Bienert, Jr. *(admitted pro hac vice)*
  tbienert@bienertkatzman.com
Whitney Z. Bernstein *(admitted pro hac vice)*
  wbernstein@bienertkatzman.com
BIENERT KATZMAN, PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     vs.<br><br>Michael Lacey, et al.,<br><br>          Defendants. | CASE NO. 2:18-cr-00422-004-PHX-SMB<br><br>**DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)**<br><br>**(Evidentiary Hearing Requested)**<br><br>Assigned to Hon. Susan M. Brnovich<br>Courtroom 506<br><br>Trial Date:          August 23, 2021 |

3714083.1

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
  bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
  david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
  joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

3714083.1

2

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S
MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)

Defendants submit to the Court the following pertinent authorities that have come to their attention since they filed their response to the government's crime-fraud motion. The decisions address whether a court may review privileged documents/communications *in camera* in the absence of a threshold evidentiary showing, made with non-privileged documents/communications, that the specific communications for which review is sought were made in furtherance of a crime or fraud.

1. *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 644 (8th Cir. 2001) (reversing district court which, after threshold showing of fraud, erroneously assumed all contemporaneous attorney-client communications "'could be construed' as in further of the alleged fraud" and directing the district on remand "to determine, *separately for each document*, whether the [movant] made the threshold showing required in *Zolin*—'a factual basis adequate to support a good faith belief by a reasonable person' that the Bank was engaged in intentional fraud *and communicated with counsel in furtherance of the fraud*" after which the district court, in its discretion, could "review *in camera* any documents as to which the requisite threshold showing has been made to determine whether the crime-fraud exception applies" (emphasis added)):

> Prior to *Zolin*, it was settled in this circuit that a party seeking discovery of privileged communications based upon the crime-fraud exception must make *a threshold showing "that the legal advice was obtained in furtherance of the fraudulent activity and was closely related to it."* A moving party does not satisfy this threshold burden merely by alleging that a fraud occurred and asserting that disclosure of any privileged communications may help prove the fraud. There must be a specific showing that a *particular* document or communication was *made in furtherance of the client's alleged crime or fraud.*

*Id.* at 642 (emphasis added; internal citations omitted).

2. *Protege Biomedical, LLC v. Z-Medica, LLC*, 2020 WL 3642347, at *2 (D. Minn. July 6, 2020) (affirming magistrate judge's order sanctioning party for filing a crime-fraud motion and refusing to review privileged documents *in camera* since the movant "failed to identify any evidence" "showing that any of the [privileged] communications bear any relationship to . . . crime or fraud"):

> The party asserting that the crime-fraud exception applies to otherwise

3714083.1

3

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)

privileged communication must "make a threshold showing 'that *the legal advice was obtained in furtherance of the fraudulent activity* and was closely related to it.' If a party makes such a threshold showing, the Court may then exercise its discretion and conduct an *in camera* review of any documents in which the threshold showing has been specifically made. Then the moving party 'must make the ultimate showing that the crime-fraud exception actually applies and that the privilege should be overcome.'

"Requiring a threshold showing of facts supporting the crime-fraud exception followed by *in camera* review of the privileged materials helps ensure that legitimate communications by corporations seeking legal advice . . . are not deterred by the risk of compelled disclosure."

*Id.* (emphasis added; internal citations omitted).

3. *Tracy v. Telemetrix, Inc.*, 2015 WL 7081901, at *10 (D. Neb. Nov. 13, 2015) (denying request for *in camera* review of documents under crime-fraud exception when movant failed to make a *prima facie* showing that specific communications or documents were made in furtherance of a crime or fraud):

Before any documents are either produced or reviewed *in camera*, the party seeking disclosure must make "a threshold showing 'of a factual basis adequate to support a good faith belief by a reasonable person' that the crime-fraud exception applies." A threshold-showing requires "that the legal advice was obtained in furtherance of the fraudulent activity and was closely related to it." "There must be a specific showing that a *particular document or communication was made in furtherance of the client's alleged crime* or fraud."

*Id.* (emphasis added; internal citations omitted).

4. *In re 650 Fifth Ave.*, 2013 WL 3863866, at *1 (S.D.N.Y. July 25, 2013) (rejecting government's argument that a temporal connection between legal advice and the commission of a crime or fraud was sufficient to establish that actions were in furtherance of criminal or fraudulent conduct, and refusing *in camera* review, because "[e]ven assuming that the Government submits evidence that a crime or fraud has been committed, the Government fails to demonstrate that any *particular communication* at issue here *was in furtherance of the crime(s) or fraud(s)*" (emphasis added)):

The Government asserts that . . . [because] all Assa activities were in furtherance of a crime or fraud, all advice by counsel for Assa and any Assa-related advice by counsel for Alavi constitute, ipso facto, communications made "in furtherance of" those schemes.

The Court disagrees. While the Government may have deeply held convictions as to the strength of its claims, the blanket assertion that every communication

> was "in furtherance of" a crime or fraud does not make it so. Rather, for the crime-fraud exception to apply, the Government must provide particularized evidence that *each* challenged communication was made *in furtherance of* the crime or fraud; the fact that the communication may contain *evidence* that would help to prove the Government's case that a fraud or crime was committed is insufficient . . . .
>
> Nor does the Government satisfy the lesser burden necessary for the Court to order *in camera* review. For such review, the Court must find that the Government makes a "showing of a factual basis adequate to support a good faith belief by a reasonable person . . . that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." As stated above, the annotations and highlights to the Alavi and Assa privilege logs merely assume the ultimate question and do not independently establish a good faith belief that the documents were created "in furtherance of" a crime or fraud.

*Id.* at *1-2 (emphasis in original; internal citations omitted).

5. *Fair Isaac Corp. v. Experian Info. Sols., Inc.*, 2009 WL 10677479 (D. Minn. Mar. 23, 2009) (denying motion to compel *in camera* review based on the crime-fraud exception, where movant failed to present evidence to meet the second prong of the threshold showing required for *in camera* review—communications with counsel in furtherance of illegal activities):

> [E]ven if Fair Isaac had made the appropriate threshold showing for one document—*i.e.* had presented "a factual basis adequate to support a good faith belief by a reasonable person" that the bureaus were engaged in activities violative of antitrust laws or the spoliation of evidence, *and had communicated with counsel in furtherance of these illegal activities*, this showing certainly would not meet the threshold showing mandated for the *in camera* review for the scores of documents listed on defendants' privilege logs generated over a two-year [sic] to determine if the crime-fraud exception applies.
>
> In sum, Fair Isaac's failure to make the threshold showing required by *Zolin for each document* it is asking this Court to perform an *in camera* review, [sic] is fatal to its motion to compel. As the Supreme Court observed in *Zolin*, "[t]here is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." Unfortunately, Fair Isaac's request is tantamount to a fishing expedition of extraordinary scope and size. On this basis alone, this Court denies Fair Isaac's motion for an *in camera* review.
>
> Second, even if Fair Isaac had performed the required document-by-document analysis, and this Court agreed that Fair Isaac had made the requisite showing to establish that the bureaus had engaged in illegal activities during the time period that *Fair Isaac was seeking the privileged documents. Fair Isaac did not present evidence (as opposed to argument) to support the second prong of the threshold showing—that Experian and Trans Union had communicated with counsel in furtherance of the alleged illegal activities.* Fair Isaac argued "that there is every reason to believe that documents

3714083.1

5

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)

> the bureaus are withholding will likely show that the bureaus' communications with counsel furthered the bureaus' illicit agreements and spoliation . . . . Reduced to its essence, Fair Isaac's argument is this: Because it has presented evidence of violations of antitrust laws and spoliation of evidence, and because the bureaus' attorneys were intimately involved in the project throughout this period, then the attorneys must have been involved in communications in furtherance of illegal activity. However, mere allegations or suspicion are insufficient to invoke the crime-fraud exception. Further, as the moving party, Fair Isaac cannot merely claim that illegal activities have occurred and that disclosure of any privileged communications surrounding the time period of these activities may help prove that the conduct is indeed illegal. "There must be a *specific showing that a particular document or communication was made in furtherance of the client's alleged crime or fraud.*" . . .
>
> For all these reasons, this Court denies Fair Isaac's motion for an in camera inspection of documents . . . .

*Id.* at *11-13 (emphasis added; internal citations omitted).

      6.    *In re In-Store Advert. Sec. Litig.*, 163 F.R.D. 452 (S.D.N.Y. 1995) (rejecting request for *in camera* review where crime-fraud movant failed to present evidence that communications with attorneys were in furtherance of a fraud):

> [T]he crime[-]fraud exception cannot be successfully invoked merely upon showing that the client communicated with counsel while the client was engaged in criminal or fraudulent activity." The party seeking disclosure must show not simply probable cause to believe that fraud has been committed, but that there is probable cause to believe that the communication between attorney and client or the work product produced by the attorney was *in furtherance of the fraud.*
>
> Plaintiffs here have failed to meet this burden. Plaintiffs point only to evidence of In–Store's fraud, and "maintain that defendants had actual knowledge of In–Store's accounting fraud.... [and therefore] [d]efendants' participation in that 'ongoing fraud' would vitiate [any] privilege." Plaintiffs have not alleged facts sufficient to invoke the crime-fraud exception because they have not alleged that any communications or work product were *in furtherance* of the fraud, they have only alleged that In–Store committed fraud.
>
> Plaintiffs and defendants argue that the court should at least conduct an *in camera* review of the disputed documents to determine whether they are properly discoverable. "Such review is not, however, to be routinely undertaken . . . as a substitute for a party's submission of an adequate record" in support or in opposition to privilege claims . . . .
>
> [P]laintiffs have produced no evidence that communications were made or work product produced in furtherance of an ongoing or future fraud; they have only produced evidence of a fraud by In–Store. This evidence is insufficient to support a reasonable belief that *in camera* review may yield evidence of communications to attorneys in furtherance of the fraud or work product produced by attorneys in furtherance of the fraud. Because plaintiffs have not met the *Zolin* test, the Court finds that *in camera* review is not appropriate.

3714083.1

6

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)

*Id.* at 459 (emphasis in original; internal citations omitted).

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  April 20, 2021          Respectfully submitted,

                                Thomas H. Bienert Jr.
                                Whitney Z. Bernstein
                                Bienert | Katzman PC

                                By:    */s/ Thomas H. Bienert, Jr.*
                                            Thomas H. Bienert Jr.
                                    Attorneys for Defendant James Larkin


DATED:  April 20, 2021          Gary S. Lincenberg
                                Ariel A. Neuman
                                Gopi K. Panchapakesan
                                Bird, Marella, Boxer, Wolpert, Nessim,
                                Drooks, Lincenberg & Rhow, P.C.

                                By:    */s/ Gary S. Lincenberg*
                                            Gary S. Lincenberg
                                    Attorneys for Defendant John Brunst


DATED:  April 20, 2021          Paul J. Cambria
                                Erin McCampbell
                                Lipsitz Green Scime Cambria LLP

                                By:    */s/ Paul J. Cambria*
                                            Paul J. Cambria
                                    Attorneys for Defendant Michael Lacey

3714083.1

7

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)

DATED:  April 20, 2021	Feder Law Office, P.A.

	By:	*/s/ Bruce S. Feder*
		Bruce S. Feder
		Attorney for Defendant Scott Spear

DATED:  April 20, 2021	The Law Office of David Eisenberg, PLC

	By:	*/s/ David Eisenberg*
		David Eisenberg
		Attorney for Defendant Andrew Padilla

DATED:  April 20, 2021	Joy Bertrand Esq. LLC

	By:	*/s/ Joy Malby Bertrand*
		Joy Malby Bertrand
		Attorney for Defendant Joye Vaught

3714083.1

8

DEFENDANTS' CITATION OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF CRIME-FRAUD MATERIALS (DOC. NO. 1074)