**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al. | |
| Defendant. | |

The Court is in receipt of Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught's Motion in Limine to Preclude Presentation of Certain Evidence, (Doc. 908), to which the Government responded. (Doc. 961.) Defendants requested oral argument, but the Court declines to hold oral argument on the motion, finding that it is unnecessary. The Court has considered the pleadings and the applicable law and now grants in part and denies in part Defendants' motion for the reasons discussed below.

**I.   BACKGROUND**

On July 25, 2018, a federal grand jury returned a one hundred count superseding indictment against several of the Defendants in this case alleging that the Defendants engaged in various crimes related to the operation of the website Backpage.com ("Backpage"), including conspiracy to commit a violation of the Travel Act, substantive Travel Act violations, conspiracy to commit money laundering, and substantive counts of money laundering. (Doc. 230.) The Travel Act charges related to allegations that

Defendants facilitated business enterprises involved in prostitution. Defendants bring this motion to move the Court in limine for an order precluding the admission of certain evidence at trial that Defendants contend is irrelevant, prejudicial, and bears no connection to the crimes charged. Specifically, Defendants seek an order precluding the Government from presenting evidence of: (1) sex trafficking or child-sex trafficking; (2) third-party criminal conduct other than prostitution; (3) a third party's Travel Act conviction from 1987; and (4) purported prostitution ads from printed publications. (Doc. 908 at 1.) In addition to being irrelevant and prejudicial under Rules 401 and 403, Fed. R. Evid., Defendants argue that this evidence would needlessly prolong trial, cause undue delay, and waste judicial resources. (*Id.*)

## II. LEGAL STANDARD

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vellejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (citing Fed. R. Evid. 401). "Relevance is not a strict test." *United States EEOC v. Placer ARC*, 147 F. Supp. 3d 1053, 1062 (C.D. Cal. 2015) (quoting *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981)). "As the words 'any tendency' suggest, it is typically quite a 'low bar to the admissibility of evidence.'" *Id*. (quoting *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014)). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evidence is minimally relevant, it is likely to be minimally probative as well. *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012). Excluding otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation marks and citations omitted).

"The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).

### III. ANALYSIS

#### A. Evidence Related to Sex Trafficking or Child Sex Trafficking

Defendants first argue that allowing the Government to present "[e]vidence suggesting that Backpage ads were linked to sex trafficking or child-sex trafficking would be profoundly prejudicial and lack any probative value." (Doc. 908 at 3.) Defendants point out that sex trafficking and child sex trafficking are not elements of the charged offenses under the Travel Act. Instead, the Travel Act merely requires that the Government prove that Defendants intended to "promote, manage, establish, carry on, or facilitate the promotion, management or carrying on" of prostitution offenses. 18 U.S.C. §§ 1952(a)(3)(A), (b). Thus, Defendants argue that the evidence has no probative value and instead "would only serve to mislead the jurors and provide them with an extra-judicial basis to convict Defendants." (*Id.* at 5.) Lastly, Defendants argue that allowing the Government to admit evidence of sex trafficking and child sex trafficking through their website would result in "trials within a trial." (*Id.* at 5-6.) In response, the Government argues that sex trafficking and child sex trafficking are both types of prostitution with both crimes requiring the victim to engage in sex for financial gain. (Doc. 961 at 4 (citing 18 U.S.C. § 1591)).

The Court agrees with the Government's position. Sex trafficking and child sex trafficking are, by definition, both forms of prostitution. Both are simply a subset of the crime. Sex trafficking and child sex trafficking require victims to engage in sex in exchange for payment, and the Government must prove that Defendants intended to facilitate prostitution through Backpage.com. Evidence that tends to prove that Defendants were aware that Backpage.com was being used to facilitate sex trafficking and child sex trafficking are extremely probative to show notice to Defendants that the website was being used for illegal purposes. While the prejudicial value to Defendants is high, it does not

substantially outweigh the probative value of the evidence which is also very high. *See United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case."). Of course, the Court will not allow the Government to linger on the details of the abuse sex trafficking victims suffered as a result of being trafficked.[1] However, the Court will allow evidence of the fact that people were trafficked using Backpage.com at trial subject to specific objections from Defendants.

### B. Evidence of Crimes Committed by Third Parties

Defendants also urge the Court to preclude evidence of crimes committed by third parties.[2] Defendants argue the fact that violent crimes were perpetrated against those advertising on Backpage.com has nothing to do with Defendants or whether they violated the Travel Act by facilitating prostitution. (Doc. 908 at 6-7.) Defendants urge the Court to preclude this evidence as irrelevant and unduly prejudicial. They move the Court for an order "limiting the testimony of such individuals to those facts relevant to the Travel Act" charges. (*Id.* at 9.) In support, Defendants discuss several cases which they purport support their argument that the evidence of other crimes should be excluded. (Doc. 908 at 7-8 (citing *United States v. Bradley*, 5 F.3d 1317, 1319-22 (9th Cir. 1993); *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005); *United States v. Hitt*, 981 F.2d 422, 423-425 (9th Cir. 1992)).) The Government's Response argues that the evidence is relevant because "it shows Defendants were placed on notice and knew the website was a hub for prostitution activity and their actions following the notice show that rather than try to stop it, they took steps to promote and facilitate the unlawful activity." (Doc. 961 at 6.)

---

[1] *See United States v. Garcia De Leon*, 137 F. App'x 965, 966 (9th Cir. 2005) (finding that the district court did not abuse its discretion when it ruled that the testimony of sex trafficking victims was not unduly prejudicial, especially since the government "was precluded from dwelling on the details of the abuse.").

[2] The Court is also in receipt of and has considered the Government's Motion to Admit Evidence of Murders Implicating Backpage. (Doc. 920.) The Court will address Defendants' arguments that the Court should preclude evidence of third-party murders in that order.

The Government contends that the cases cited by Defendants are easily distinguishable because they involve crimes where the Government did not need to prove the knowledge or intent of a defendant.

Generally, the Court agrees that the crimes of third parties are only relevant to the extent that they gave Defendants' notice that prostitutes were advertising on Backpage.com. However, the specific details of crimes committed by third parties are irrelevant to whether Defendants violated the Travel Act, and in most instances, evidence of such third-party crimes is likely improper. But without reference to specific contexts where the Government intends to introduce such evidence, the Court will not categorically conclude that all evidence of crimes committed by third parties is inadmissible. If the Government attempts to introduce such evidence at trial, it will only be admitted to the extent that it gave Defendants notice that prostitutes were utilizing Backpage.com, and the Government will not be allowed to introduce evidence showing the details of the crimes. As to the evidence of third-party murders, as the Court mentioned above, the Court will address those arguments in a separate order.

Defendants also seek to limit the scope of testimony of witnesses involved in prostitution and seek an order precluding the Government from introducing lengthy testimony regarding the witnesses' lifestyle. The Court will not allow the Government to introduce lengthy testimony from witnesses who were engaged in prostitution about their lives, lifestyles, or other details of their time working as prostitutes. Testimony from people involved in prostitution is only relevant as it relates to their use of Backpage.com and notice to Defendants that prostitutes were using their website. Testimony concerning the lifestyle and impact that prostitution had on witnesses' lives is irrelevant to the crimes charged and may unduly prejudice Defendants. However, prior to using the phrase "a day in the life" in the response, the Government described areas of testimony that would be relevant and admissible. (Doc. 961 at 5.) Those areas included how ads were created, drafted, edited, and paid for. That information is all relevant to the Government's theories behind the conspiracy discussed in other motions, including moderation and money laundering. The

Government will not be allowed to introduce lengthy testimony of their time as prostitutes pursuant to Rules 401 and 403, Fed. R. Evid.

### C. Third Party's Travel Act Violation from 1987

Defendants urge the Court to preclude evidence of a Travel Act conviction from 1987 from an individual unrelated to Backpage. (Doc. 908 at 9.) In response, the Government states that it does not intend to introduce this evidence at trial. (Doc. 961 at 2.) Thus, Defendants' request is moot.

### D. Evidence of Prostitution Ads in Printed Publications

Lastly, Defendants ask the Court to preclude evidence related to the Government's allegation in the Indictment that publications within the Village Voice Media Holding newspaper routinely featured illegal prostitution ads because evidence of this fact is not relevant, is prejudicial, would confuse jurors, and waste time at trial. (Doc. 908 at 10.) In response, the Government asserts that it does not intend to introduce ads from print publications at trial. (Doc. 961 at 2.) Accordingly, this request is also moot.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to Preclude Presentation of Certain Evidence is granted in part and denied in part. (Doc. 908.) The motion is granted to preclude testimony from people engaged in prostitution regarding the details of their lifestyle except as it relates to their use of Backpage.com. The motion is also granted to preclude evidence related to details of crimes committed by third parties, evidence of a third party's Travel Act violation from 1987, and evidence of prostitution ads from print publications. The rest of Defendants' motion is denied.

Dated this 7th day of May, 2021.

Honorable Susan M. Brnovich
United States District Judge