**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion in Limine to Preclude Presentation of Certain Evidence Related to Other Classified Websites, Morality of Adult Classified Ads, and Third-Party Opinions on Legal Issues. (Doc. 907.) The Court has also read and considered the Government's Response. (Doc. 954.) Defendants requested oral argument, but the Court declines to hold oral argument finding that it is unnecessary to resolve the motion.

Defendants move in limine for an order precluding the Government from presenting evidence or testimony concerning: (1) the decision of a different classified advertising website, Craigslist.org, to capitulate to political pressure and stop accepting classified ads for "erotic services"; (2) the morality or ethics of allowing website users to post classified ads for adult services, massages, or dating; and (3) claims made by third-parties that operation of the Backpage website was "illegal." (Doc. 907 at 3). Defendants argue this evidence is not relevant, is prejudicial, and should be precluded under Rules 401 and 403, Fed. R. Evid.

## I. LEGAL STANDARD

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vellejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (citing Fed. R. Evid. 401). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evidence is minimally relevant, it is likely to be minimally probative as well. *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012). Excluding otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation marks and citations omitted).

"The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).

## II. ANALYSIS

### A. Craigslist.org Evidence

First, Defendants argue that the action(s) of Craigslist.org are not relevant as they do not tend to prove or disprove any element of the charged offenses and that the evidence is unduly prejudicial because Craigslist's decision to shut down its erotic services section may cause the jury to decide that Backpage.com should have done the same. They also argue that this evidence would lead to a "trial within a trial" because Defendants would have to then introduce evidence about what they knew about Craigslist's decision. The Government, conversely, argues that evidence relating to Craigslist is highly relevant and gives examples of how such evidence is relevant including: (1) Craigslist was a motivating factor for the creation of Backpage and is therefore relevant background information; (2) later, Backpage worked to capitalize on the absence of Craigslist' adult section and

successfully did so; and (3) Backpage studied the way Craigslist dealt with backlash to its adult ads and this informed how Backpage responded to similar complaints. The Court agrees that evidence related to how Defendants competed with, profited off the absence of, and studied Craigslist is relevant. However, general information about Craigslist outside of Defendants' knowledge is irrelevant. For example, *why* Craigslist shut down its adult section is not relevant and will be precluded. The fact that Craigslist shut down its adult section is relevant and admissible because it is an important part of the story, especially as it relates to Defendants' attempts to take over the void created in the market. The probative value of the evidence is not substantially outweighed by its low prejudicial effect. Therefore, Defendants' request will be denied subject to the limitations described as to Craigslist's motivations for shutting down its adult classified section outside of Defendants' knowledge.

### B. Morality Evidence

Second, Defendants argue the Government should not be allowed to introduce testimony of individuals or organizations that have asked Backpage to stop publishing adult service ads because it is morally wrong. The Government agrees that the issue is not whether the ads posted were immoral or unethical but whether they were for prostitution. The Government argues that the letters and emails cited by Defendants are relevant to Defendants' knowledge about whether the vast majority of Backpage's ads were for prostitution. The Court agrees with both sides. The two examples provided by Defendants both have relevant information to the issue of Defendants' knowledge while the first example is much more prejudicial. The Court agrees that the letter from Auburn Seminary is highly prejudicial as is, however, it could be redacted to take out the inflammatory language about the clergy's motivation and moral opinion about Backpage.com. The second example is not so prejudicial as it is a string of emails discussing problems customers are having using Chase credit cards to purchase ads on Backpage.com. There is only one phrase that creates concern. The words "for ethical reasons" (Doc. 902-2 p. 4) are not relevant and should be redacted. However, the fact that Chase was not allowing

transactions for Backpage.com is relevant and admissible. General testimony or exhibits related to "morality" evidence will be precluded. Exhibits that include relevant information should be redacted as necessary.

### C. Evidence that Third Parties Claimed Operations of Backpage were Illegal

Finally, Defendants ask for an order precluding the Government from introducing evidence that third parties informed Backpage its operations were "illegal", arguing that this evidence does not tend to prove any elements of the charged offenses. Further, Defendants contend that this testimony usurps the role of the jury and goes to the ultimate issue. The Government argues that the evidence is relevant "because it tends to prove that Defendants had the requisite mental state to violate the Travel Act., *i.e.*, specific intent." The evidence that the Government intends to introduce are communications from various third parties telling Defendants that prostitution is illegal. The Government also intends to introduce evidence of communications between third parties and Backpage revealing that banks and payment processors refused to process payments for Backpage ads because the website was involved in illegal activities. The Government argues that the communications put Defendants on notice of their illegal behavior. After a review of the evidence attached to Defendants' motion, the Court agrees with the Government. The evidence cited appears to be relevant to Defendants' knowledge that the advertisements were for illegal activities, and the Court cannot conclude that the probative value of the evidence is substantially outweighed by any prejudicial effect it may have. While the evidence is not probative to show that Defendants' business activities were actually illegal, it is relevant to Defendants' knowledge of the legality of their operation and what was being advertised was in question. The Court will not categorically exclude the evidence at this time.

### III. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** granting in part and denying in part Defendants' Motion in Limine to Preclude Presentation of Certain Evidence Related to Other Classified Websites,

Morality of Adult Classified Ads, and Third-Party Opinions on Legal Issues. (Doc. 907.) Evidence related to Craigslist will be restricted only as it relates to Craigslist's motivation for shutting down its adult classified section. Morality evidence as described above will be precluded. The motion is otherwise denied.

Dated this 17th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge