Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANTS' MOTION TO DISCLOSE GRAND JURY INSTRUCTIONS ON PROSTITUTION**<br><br>(Oral argument requested) |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

MOTION TO DISCLOSE GRAND JURY INSTRUCTIONS ON PROSTITUTION

1

## MOTION

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, move for an order requiring the government to disclose the instructions given to the grand jury concerning the state offenses of prostitution as incorporated in the Travel Act charges. Alternatively, Defendants move for an order requiring the government to disclose those instructions to the Court for *in camera* review. This Motion is based on the following Memorandum of Points and Authorities, the Court's file, and any evidence or argument presented at the hearing on this matter. Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Defendants are charged with conspiracy to commit and commission of Travel Act violations for their alleged promotion/facilitation of a particular business enterprise or enterprises involving prostitution in violation of state laws that have yet to be specified by the government. In preparation for trial, the parties have begun to prepare draft jury instructions for this Court's consideration. As part of that process, defense counsel have reviewed the government's proposed instructions. Notably, the government's proposed Travel Act instructions do not include the elements of a prostitution offense or offenses under state law. Because the government did not include the elements of a prostitution offense or offenses in its draft jury instructions, defense counsel believe that the government gave no such instruction to the grand jury when the grand jury made its decision to indict the Defendants. If the government gave no such instruction, or gave an incorrect instruction, the government did not properly advise the grand jury on the law prior to its issuance of the indictment.

Defense counsel's concern about the omission of such an instruction was reinforced by the government's statements to the Court at the June 7, 2021 teleconference. At that conference, the government advocated for retention of a question on the jury questionnaire that asked generally about prostitution, with no definition of that term. (*See* Jun. 7, 2021 Tr. at 16-17, a true and correct

copy of which is attached hereto as Exhibit A.)  Further, the government's comments indicate that its still undefined unlawful prostitution offense or offenses includes legal escort services.[1]  (*Id.* at 15.)

Under the Travel Act, the government must establish that the Defendants "use[d] the mail or any facility in interstate or foreign commerce, with intent to . . . facilitate . . . unlawful activity . . . and thereafter perform[ed] or attempt[ed] to perform" an act in furtherance.  18 U.S.C. § 1952(a). In this case, the "unlawful activity" at issue is the purported facilitation of a "business enterprise involving . . . prostitution offenses *in violation of the laws of the State* in which they [were] committed." 18 U.S.C. § 1952(b)(1) (emphasis added).  As relevant here, the Ninth Circuit has explained that, under the Travel Act, "[w]hen the unlawful activity charged in the indictment is the violation of state law, the commission of or the intent to commit such a violation is an element of the federal offense." *United States v. Bertman*, 686 F.2d 772, 774 (9th Cir. 1982).  "The government . . . must prove as part of the Travel Act charge that the defendant has or could have violated the underlying state law, and the defendant may assert any relevant substantive state law defense." *Id.*  Based on the plain text of the Travel Act and the well-settled holding in *Bertman*, the government was required to provide the grand jury with an instruction on the elements of the State statutes alleged to have been violated by the purported business enterprise(s) facilitated by the Defendants.

Moreover, in *United States v. Jones*, 909 F.2d 533 (D.C. Cir. 1990), cited favorably by the Ninth Circuit, the D.C. Circuit vacated a Travel Act conviction pertaining to the facilitation of prostitution because the Travel Act jury instructions failed to inform the jurors as to "what, precisely, constitutes unlawful prostitution in each relevant jurisdiction."  *Id.* at 538.  In that case, the government prosecuted seven women who worked for an escort service as well as their dispatcher under the

---

[1]     *See Doe ex rel. Roe v. Backpage.com, LLC*, 104 F.Supp.3d 149, 156-57 (D. Mass 2015) ("The existence of an escorts section in a classified ad service, whatever its social merits, is not illegal."); *Backpage.com, LLC v. McKenna*, 881 F.Supp.2d 1262, 1282 (W.D. Wash. 2012) ("[N]umerous states license, tax and otherwise regulate escort services as legitimate businesses."); *Dart v. Craigslist, Inc.*, 665 F.Supp.2d 961, 968 (N.D. Ill.2009) (Sheriff Dart "is simply wrong when he insists that [craigslist's adult services category and related subcategories] are all synonyms for illegal sexual services;" craigslist's "adult services" section "is not unlawful in itself nor does it necessarily call for unlawful content.").

theory that they facilitated prostitution in violation of the Travel Act as prostitution was illegal in Virginia, Maryland, and D.C., where the escort service operated.  Rather than provide the jurors with the specific elements of prostitution in each of those jurisdictions, the instruction at issue "implied that the jury could convict if the activities of the escort service violated only some vaguely conceived lay notion of prostitution." *Id.* "As a result, the jury may have convicted the appellants even though, were its attention so directed, it would not have found that the appellants had the requisite intent specified by the state laws with respect to each element of the escort service's allegedly unlawful activity." *Id.* The D.C. Circuit explained that vacating the convictions was necessary because "the Government [had] in effect [been incorrectly] relieved of the duty to prove beyond a reasonable doubt one or more of the facts necessary to constitute an offense under the Travel Act" in violation of the Due Process Clause. *Id.*

Further, the Court elaborated that:

> A proper instruction would make it clear to the jury that in order to convict, they must find that the defendant specifically intended to promote (et cetera) an activity that involves all of the elements of the relevant state offense. Such an instruction would inform the jury that the defendant must have performed or attempted to perform an act in furtherance of the business, with the intent that each element of the underlying state crime be completed, but that they need not conclude that each was in fact completed.

*Id.* at 539.

In light of the government's omission of a proposed jury instruction of any kind concerning prostitution here, notwithstanding the fact that such an instruction is required, as well as the government's comments at the June 7, 2021 status conference, there is no basis to believe that the government provided such instructions to the grand jury.  Under these circumstances, Defendants are entitled to the legal instructions provided to the grand jury and any colloquy between the grand jurors and the prosecutors regarding the applicable law.  Although the secrecy of the grand jury is protected as outlined in Rule 6(e) of the Federal Rules of Criminal Procedure, courts in this Circuit have recognized that instructions on the law that were given to grand jurors "do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury

proceedings." *E.g., United States v. Diaz*, 236 F.R.D. 470, 477-78 (N.D. Cal. 2006) (granting defendant's request for disclosure of grand jury instructions on the law).  Indeed, courts have repeatedly ruled that defendants are "entitled to disclosure of . . . [t]he legal instructions given to the grand jury regarding the charges on which they are deliberating . . . even without a showing of particularized need." *United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) (ordering the government to disclose instructions to the defense); *see also United States v. Fuentes*, 2008 WL 2557949, at *4 (E.D. Cal. June 24, 2008) ("The government opposes this request on the grounds that the defendants have not made a showing of particularized need.  The argument is unpersuasive. The defendants are entitled to the transcript of the instructions and charges to the grand jury.").

Further, under Rule 6(e), courts separately have the independent authority to order the disclosure of "a grand-jury matter" when the material would be used "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i-ii).  Here, Defendants have demonstrated that there is as good faith basis to believe that the government has misled or failed to advise the grand jury on a key matter of law.  The failure to include an instruction on prostitution with respect to a Travel Act charge concerning the facilitation of prostitution in violation of State law *is reversible error*.  *See Bertman*, 686 F.2d at 774; *see also Jones*, 909 F.2d at 538-39.  Similarly, dismissal of the indictment is appropriate if such an instruction was omitted from the instructions on the law provided to the grand jury.  *See, e.g.*, *United States v. Peralta*, 763 F. Supp. 14, 21 (S.D.N.Y. 1991) (dismissing indictment and concluding that "defendants were seriously prejudiced by," among other things, "the government's misleading statements of law").  Thus, although Defendants are entitled to disclosure of the instructions on the law and any colloquy between the grand jurors and the prosecution concerning the elements of the Travel Act charges without a showing of need, Defendants have amply demonstrated that the disclosure of this material is necessary to prevent a grave injustice and reversible error – proceeding to trial on what may be a faulty indictment.

**CONCLUSION**

For all these reasons, this Court should order the government to disclose the instructions on the law provided to the grand jury and colloquy between the prosecution and the grand jurors concerning the applicable law. Alternatively, Defendants request this Court to review those materials to determine whether the grand jury was instructed in a manner that respected the Defendants' Due Process rights.

RESPECTFULLY SUBMITTED this 9th day of June, 2021,

Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By:      /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Erin E. McCampbell hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By:      /s/ Whitney Z. Bernstein
Whitney Z. Bernstein
Attorneys for James Larkin

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By:      /s/ Ariel A. Neuman
Ariel A. Neuman
Attorneys for John Brunst

7

Bruce Feder
FEDER LAW OFFICE, P.A.

By:     /s/ Bruce Feder
        Bruce Feder
        Attorneys for Scott Spear

David Eisenberg
DAVID EISENBERG, P.L.C.

By:     /s/ David Eisenberg
        David Eisenberg
        Attorneys for Andrew Padilla

Joy Bertrand
JOY BERTRAND, ESQ.

By:     /s/ Joy Bertrand
        Joy Bertrand
        Attorneys for Joye Vaught

On June 9, 2021, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov