**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. CR-18-0422-PHX-SMB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | February 12, 2021 |
| Michael Lacey, | ) | 11:34 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TELEPHONIC STATUS CONFERENCE**

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1                    **A P P E A R A N C E S**

2   For the Government:

3       U.S. ATTORNEY'S OFFICE
        By:  **Mr. Peter S. Kozinets**
4            **Ms. Margaret Wu Perlmeter**
             **Mr. Andrew C. Stone**
5       40 North Central Avenue, Suite 1200
        Phoenix, Arizona 85004
6
        U.S. ATTORNEY'S OFFICE
7       By:  **Mr. Daniel G. Boyle**
        312 North Spring Street
8       Los Angeles, California 90012

9       U.S. ATTORNEY'S OFFICE
        By:  **Mr. Reginald E. Jones**
10      1400 New York Avenue NW, Suite 600
        Washington, D.C. 20530
11

12  For the Defendant Lacey:

13      LIPSITZ GREEN SCIME CAMBRIA
        By:  **Mr. Paul J. Cambria, Jr.**
14      42 Delaware Avenue, Suite 120
        Buffalo, NY 14202
15

16  For the Defendant Larkin:

17      BIENERT KATZMAN
        By:  **Mr. Thomas H. Bienert, Jr.**
18      903 Calle Amanecer, Suite 350
        San Clemente, CA 92673
19

20  For the Defendant Spear:

21      FEDER LAW OFFICE
        By:  **Mr. Bruce S. Feder**
22      2930 East Camelback Road, Suite 160
        Phoenix, AZ 85016
23

24

25

```
 1  For the Defendant Brunst:

 2      BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
        LINCENBERG & RHOW
 3      By:  Mr. Gopi K. Panchapakesan
             Mr. Gary S. Lincenberg
 4      1875 Century Park E, Suite 2300
        Los Angeles, CA 90067
 5

 6  For the Defendant Padilla:

 7      DAVID EISENBERG, PLC
        By:  Mr. David S. Eisenberg
 8      3550 North Central Avenue, Suite 1155
        Phoenix, AZ 85012
 9

10  For the Defendant Vaught:

11      JOY BERTRAND, LLC
        By:  Ms. Joy M. Bertrand
12      P.O. Box 2734
        Scottsdale, AZ 85252
13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

1                      **P R O C E E D I N G S**

2          COURTROOM DEPUTY:  We are on the record in CR 18-422,

3   United States of America versus Michael Lacey; United States of

4   America versus James Larkin; United States of America versus

5   Scott Spear; United States of America versus John Brunst;

6   United States of America versus Andrew Padilla; and United

7   States of America versus Joye Vaught, before the Court for a

8   motion hearing.

9          Counsel, please announce for the record.

10          MR. JONES:  Good morning, Your Honor.  Reggie Jones,

11   Margaret Perlmeter, Peter Kozinets, Andrew Stone, and Daniel

12   Boyle on behalf of the United States.

13          MR. CAMBRIA:  Good morning, Your Honor.  Paul Cambria

14   on behalf of Michael Lacey.  And we respectfully waive his

15   appearance.

16          MR. BIENERT:  Good morning, Your Honor.  Thomas

17   Bienert for defendant James Larkin, who is listening on the

18   call.  And I'm also joined, from her phone, by Antoinette

19   Thomas, paralegal from our firm.

20          MR. FEDER:  Good morning, Your Honor.  Bruce Feder on

21   behalf of Scott Spear, who is also on the line.

22          MR. LINCENBERG:  Your Honor, Gary Lincenberg and Gopi

23   Panchapakesan on behalf of Mr. Brunst, who is on the line.

24          MR. EISENBERG:  Good morning, Your Honor.  David

25   Eisenberg on behalf of Andrew Padilla.  And we would waive his

1       appearance for this hearing.

2               MS. BERTRAND:  Good morning, Your Honor.  Joy Bertrand

3       appearing for Ms. Vaught.  We waive her appearance for today's

4       hearing.  Thank you.

5               THE COURT:  Okay.  So we're set to discuss the motion

6       to continue, which the government has no objection to, but

7       there is a dispute between the date it should be continued to.

8               I looked at the calendar and considered the two

9       vacations that are currently scheduled, and my preference is to

10      get started in August, otherwise we're looking at going pretty

11      late into December, which I don't really want to do.  Although,

12      now that I'm looking at it -- hold on.

13              Well, either way we're going to have this break in

14      November that involves the wedding and Thanksgiving, so either

15      way that occurs.  So I'm inclined to start it on August 23rd,

16      and we can get two full weeks in, break for September 6th

17      through the 17th, and then return for six weeks before the next

18      break, and then finish up after that.  Those were the only two

19      breaks that I was told there was a request to work around.

20              Is there anything else from the government?

21              MR. JONES:  August 23rd does work for the government,

22      Your Honor.

23              THE COURT:  I'm sorry.  I couldn't hear you.

24              MR. JONES:  The August 23rd date works for the

25      government.

1          THE COURT:  Okay.  Mr. Cambria, any issue with those

2    dates?

3          MR. CAMBRIA:  No.  As to me, Your Honor, no.  I guess

4    the only thing that we have been attempting to stress, anyway,

5    is the deeper into the year, the better chance of vaccinations

6    and other things, and so that's why we were urging the

7    September date.  I understand, you know, December might sound

8    like an issue, but it may be a better choice, respectfully.

9          I know in my own situation I qualify for every, you

10   know, in every department for the vaccines and can't get

11   scheduled.  I know we have a number of people under 65.  I just

12   think that the chances of us being in a better place later in

13   the year are greater.

14         What I'm thinking about, we've had some other cases

15   I'm familiar with where they started and some out of town

16   witness had come in and test positive, and the next thing you

17   know everybody was quarantined.  It just seems to me later in

18   the year is better in the year.

19         But the direct answer to your question, the 23rd, I,

20   obviously, can be available.

21         THE COURT:  Well, quite honestly, that's why I want to

22   start earlier, is if we have to have some break in the trial

23   because someone is showing symptoms, we have some leeway.  If

24   we keep pushing it out, it's just not going to work.

25         And those dates aren't particularly convenient for my

1  calendar either, but I'm having to move around a lot of things,

2  so this, yeah, this works the best.

3         Mr. Bienert.

4         MR. CAMBRIA:  I'm sorry, one other thing.  I know the

5  government suggested a status also, and, you know, that might

6  help.  We might be in a better position if we have a status

7  prior to the trial date to reassess, if necessary.

8         THE COURT:  You mean set a status conference?

9         MR. CAMBRIA:  Yes.

10         THE COURT:  Well, I may still do that, you're right,

11  but I'm not willing to set a status conference without having a

12  trial date.

13         MR. CAMBRIA:  I understand.  Thank you.

14         THE COURT:  Unless, you know, something happens and

15  I'm no longer your trial judge.

16         Mr. Bienert.

17         MR. BIENERT:  Yes, Your Honor.  Those dates are fine.

18  The reality is myself and Ms. Bernstein and Ms. Thomas will be

19  available from August through the end of the year, the

20  defendants.

21         I agree with everything Mr. Cambria said.  The only

22  twist I would add to this is I think another thing about

23  potentially going back as far as we can, reasonably, is

24  independent of all the lawyers and the direct participants in

25  the trial hopefully being vaccinated by then, I would think we

1   would want to give ourselves the best chance of as many

2   categories of people being vaccinated as possible.

3          And what I specifically have in mind is since most

4   places seem to be doing it based on age, among other things, I

5   could see a scenario where, because none of us are spring

6   chickens, maybe all of us on the team can get vaccinated, but

7   we might not have a big group of the jury pool, namely, younger

8   people, because they haven't gotten to the 20-something and

9   30-something-year-olds yet.  And so I think that extra month,

10  as I understand, at least the news about vaccinations coming

11  out and the timings, I think the difference between an August

12  trial date and September trial date could mean a lot -- all age

13  groups have had the chance to get vaccinated or not.

14         I'll be honest, Your Honor, I haven't really thought

15  through the issues of what are the defense issues if a big

16  chunk of your voir dire pool is unavailable for something weird

17  like this, they couldn't get vaccines, I think it could be an

18  issue.  Obviously, from our standpoint, when we show up for

19  voir dire, we want the panel to be the broad range of people

20  from 18 years old and up who otherwise meet jury requirements.

21  And I think if we can make it less likely that we're missing,

22  say, the 18-year-olds, we should do that.

23         THE COURT:  Okay.  Mr. Feder.

24         MR. FEDER:  Yes, Judge.  I join in the comments made

25  by both Mr. Cambria and Mr. Bienert.  Mr. Spear and I are

1    available.

2         But to follow up a little bit on what Mr. Bienert just

3    said, the newspapers this morning indicate that President Biden

4    believes there will be sufficient vaccines available in July,

5    when in July is unclear.  If the majority of the vaccines,

6    which I understand they are -- the government is purchasing are

7    the two-shot vaccines, as the Court probably knows, and

8    everyone else knows, you have to take those roughly three to

9    four weeks apart.

10         THE COURT:  Okay.  Hold on.  Hold on.  Somebody is

11    hitting a microphone or a phone.

12         COURTROOM DEPUTY:  Number ending in 2782.

13         THE COURT:  Number ending in 2782.  I don't know who

14    that is, but if you could mute it until you're speaking, that

15    would be helpful.

16         Mr. Feder, go ahead.

17         MR. FEDER:  So just doing the mathematics, for the

18    people that are willing to take the vaccine, if they became

19    available only by July, I mean, we're talking about probably --

20    and the vaccine's effectiveness occurs, I think, 30 days after

21    the second shot, then, you know, you're looking at September as

22    the time when most people's vaccines will be effective.  Which,

23    again, I mean, that was one of the -- one of the points of

24    suggesting the September 20 date, in addition to avoiding one

25    of the breaks that we've anticipated.

1          THE COURT:  Okay.  Thank you.  Mr. Lincenberg.

2          MR. LINCENBERG:  Yes, Your Honor.  Those dates work

3    fine with Mr. Brunst and counsel, with the caveat that I will

4    mention, that as we've been going through the pandemic and all

5    of our trials keep getting continued, I advise each court that

6    I have other trials that are being set that overlap.

7          So, for example, I have a trial set for November 30th

8    in San Diego before Judge Curiel.  In looking at dates in the

9    fall, I advised Judge Curiel that my case in Arizona was likely

10   to be continued to the fall.  And he said, well, right now I

11   don't have a trial date set, so I'm going to set this for

12   November, and so I advised the Court that I have conflicting

13   trial dates.  I think this is going to be similar with others

14   and we're going to have to try to work through it, and I'm

15   prepared to accept this trial date with the understanding that

16   there could be a battle between judges on this.

17         THE COURT:  Okay.  Mr. Eisenberg.

18         MR. EISENBERG:  Thank you, Your Honor.  I'm the one

19   that has the extended vacation, and I appreciate the Court's

20   consideration in allowing that break.  This was rolled over

21   from last year when I had the same issue thinking that it

22   wouldn't be a problem.  So I want to say thank you to the Court

23   for your consideration.

24         My client and I will be ready to participate in the

25   trial as scheduled, so we're okay there.  Thank you.

1          THE COURT:  Okay.  Ms. Bertrand.

2          MS. BERTRAND:  Good morning, Your Honor.  I have

3    nothing to add that my colleagues haven't already mentioned.  I

4    concur with their comments, and think the September 20th date

5    is probably going to give us a better jury panel -- or a

6    broader jury panel.  Other than that, I have nothing to add.

7          If the Court has any questions, I'll be happy to

8    answer them.

9          THE COURT:  Okay.  I don't.

10         Okay.  I'm going to set it for those weeks.  I know

11   that there was some questions about whether we would be going

12   for five days a week or four days a week.  So let me just tell

13   you my plan is I have to have some time to do criminal

14   sentencing cases.  What I'm thinking about right now is doing

15   an every other Monday, reserving an every other Monday for

16   sentencings.  I can usually do it on a half a day, and if I

17   don't do it every week, I can squeeze it in as a full day.

18         And then I will set a status conference, let's --

19         Elaine, can you get me a date like the end of May or

20   the first week of June.

21         -- and then we can get back on the phone, and if

22   circumstances change, we can push it back a couple weeks.

23         So everybody should anticipate that if it gets pushed

24   back, you need those extra weeks at the end of the trial when

25   you're calendaring stuff.

1        June 8th at nine for a telephonic status conference.

2        Also, there is currently a status conference set for

3   April 22nd -- no, March 22nd, right?

4        COURTROOM DEPUTY:  February 22nd, Your Honor.

5        THE COURT:  February 22nd.  Okay.

6        -- on February 22nd to discuss the questionnaire,

7   which I'm going to vacate and I'll reset at a later time.

8        Is there anything else from the government?

9        MR. JONES:  Nothing from the government, Your Honor.

10       THE COURT:  Okay.  Anything else from any of the

11   defense?

12       MR. CAMBRIA:  No, Your Honor.

13       MS. BERTRAND:  No.  Thank you.

14       THE COURT:  All right.  I don't hear anything, so

15   we're at recess.  Thank you.

16       MR. CAMBRIA:  Thank you.

17       (Proceedings concluded at 11:51 a.m.)

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3           I, CHRISTINE M. COALY, do hereby certify that I am

4    duly appointed and qualified to act as Official Court Reporter

5    for the United States District Court for the District of

6    Arizona.

7           I FURTHER CERTIFY that the foregoing pages constitute

8    a full, true, and accurate transcript of all of that portion of

9    the proceedings contained herein, had in the above-entitled

10   cause on the date specified therein, and that said transcript

11   was prepared under my direction and control.

12          DATED at Phoenix, Arizona, this 21st day of June,

13   2021.

14

15

16
                     /s/ Christine M. Coaly_____
17                   Christine M. Coaly, RMR, CRR

18

19

20

21

22

23

24

25