# EXHIBIT A

# Trial Documents

Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>

Fri 6/26/2020 7:54 PM

To: Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com' <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>;

Cc: Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>; Kucera, John (USACAC) <John.Kucera@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>;

🔗 3 attachments (221 KB)
Govt's Proposed Jury Instructions.docx; Joint Statement of the Case.docx; Final Verdict Form.docx;

Counsel:

I hope all is well. Please find the United States' proposed draft jury instructions, statement of the case and verdict form. We believe that the Jury Questionnaire is sufficiently comprehensive that separate voir dire questions are not necessary. Please review and let us know if you any objections and we can raise them with the Court prior to trial.

All the best,

**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ 85004**
**602.514.7609, kevin.rapp@usdoj.gov**

MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-00422-PHX-SMB |
| Plaintiff, | |
| vs. | **PROPOSED JURY INSTRUCTIONS** |
| Michael Lacey, *et al.*, | |
| Defendants. | |

In accordance with the Court's Order (Doc. 900), the parties jointly submit the attached Proposed Jury Instructions.

Where applicable, the instructions have been modified to fit the facts of this case, as noted with an asterisk. In accordance with the Court's guidance for jury instructions, the full text of all requested instructions is included below and each proposed instruction begins on a new page. Bracketed material remaining in the attached instructions indicates areas needing clarification or input from the Court.

Section I contains model instructions. If the instruction is stipulated to by the parties then it is preceded by "ST." If only one party requests the instruction, then the instruction is preceded by either "PL" (Plaintiff) or "DF" (Defendant). Section II contains non-model instructions to which the parties have stipulated. Section III contains the non-model instructions requested by the government along with Defendants' objections. Section IV contains non-model instructions requested by Defendants along the government's objections.

**I.      MODEL INSTRUCTIONS**

1.      <u>Preliminary Instructions</u>

|  | ST | 1.1 | Duty of Jury |
|---|---|---|---|
|  | ST | 1.2 | The Charge – Presumption of Innocence* |
|  | ST | 1.3 | What Is Evidence* |
|  | ST | 1.4 | What Is Not Evidence |
|  | ST | 1.5 | Direct and Circumstantial Evidence |
|  | ST | 1.6 | Ruling on Objections |
|  | ST | 1.7 | Credibility of Witnesses |
|  | ST | 1.8 | Conduct of the Jury |
|  | ST | 1.9 | No Transcript Available to Jury |
|  | ST | 1.10 | Taking Notes |
|  | ST | 1.11 | Outline of Trial |
|  | ST | 1.13 | Separate Consideration for Each Defendant |
|  | ST | 1.16 | Bench Conferences and Recesses |

2.    Instructions In The Course Of Trial

    ST    2.1    Cautionary Instruction – First Recess

    ST    2.2    Stipulated Testimony [if necessary]

    ST    2.3    Stipulations of Fact [if necessary]

    ST    2.12   Evidence for Limited Purpose [if necessary]

3.    Instructions At End Of Case

    ST    3.1    Duties of Jury to Find Facts and Follow Law

    ST    3.2    Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof*

    ST    3.3    Defendant's Decision Not to Testify [if necessary]

    ST    3.4    Defendant's Decision to Testify [if necessary]

    ST    3.5    Reasonable Doubt – Defined

    ST    3.6    What Is Evidence*

    ST    3.7    What Is Not Evidence*

    ST    3.8    Direct and Circumstantial Evidence

    ST    3.9    Credibility of Witnesses

    ST    3.10   Activities Not Charged*

    ST    3.13   Separate Consideration of Multiple Counts—Multiple Defendants

    ST    3.18   On or About—Defined*

4.    Consideration Of Particular Evidence

    ST    4.9    Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea*

    ST    4.14   Opinion Evidence, Expert Witness*

    ST    4.15   Dual Role Testimony*

    ST    4.17   Charts and Summaries Admitted into Evidence

5.    Responsibility

    ST    5.7    Knowingly – Defined*

    ST    5.8    Deliberate Ignorance

7.    Jury Deliberations

    ST   7.1   Duty to Deliberate

    ST   7.2   Consideration of Evidence – Conduct of the Jury

    ST   7.3   Use of Notes

    ST   7.4   Jury Consideration of Punishment

    ST   7.5   Verdict Form

    ST   7.6   Communication With Court

8.    Offenses Under Title 18

    ST   8.20   Conspiracy—Elements (Count 1)*

    ST   8.23   Conspiracy—Knowledge of and Associated with Other Conspirators*

    ST   8.144  Travel Act—Interstate or Foreign Travel in Aid of Racketeering Enterprises*

    ST   8.25   Conspiracy—Liability for Travel Act Violations Committed by Co-Conspirator (Pinkerton Charge)*

    ST   8.20   Conspiracy—Elements (Count 52)*

    ST   8.147  Laundering Monetary Instruments*

    ST   8.25   Conspiracy—Liability for Concealment Money Laundering Violations Committed by Co-Conspirator (Pinkerton Charge)*

    ST   8.148  Transporting Funds to Promote Unlawful Activity*

    ST   8.25   Conspiracy—Liability for International Promotional Money Laundering Violations Committed by Co-Conspirator (Pinkerton Charge)*

    ST   8.150  Money Laundering*

    ST   8.149  Transporting Monetary Instruments for the Purpose of Laundering*

1

## 1.1 DUTY OF JURY

2          Jurors: You now are the jury in this case, and I want to take a few minutes to tell

3     you something about your duties as jurors and to give you some preliminary instructions.

4     At the end of the trial I will give you more detailed [written] instructions that will control

5     your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all

6     the evidence received in the case and, in that process, to decide the facts. To the facts as

7     you find them, you will apply the law as I give it to you, whether you agree with the law

8     or not. You must decide the case solely on the evidence and the law before you.  Perform

9     these duties fairly and impartially. You should not be influenced by any person's race,

10    color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or

11    economic circumstances. Also, do not allow yourself to be influenced by personal likes or

12    dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

13    Unconscious biases are stereotypes, attitudes, or preferences that people may consciously

14    reject but may be expressed without conscious awareness, control, or intention. Like

15    conscious bias, unconscious bias can affect how we evaluate information and make

16    decisions.

17

18

19

20

21

22

23

24

25

26

27

28

## 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges Defendants with conspiracy, travel act, and money laundering charges. The charges against Defendants are contained in the indictment. The indictment simply describes the charges the government brings against Defendants. The indictment is not evidence and does not prove anything.

Defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves Defendants guilty beyond a reasonable doubt. In addition, Defendants have the right to remain silent and never have to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case against each charged defendant:

Count 1 is conspiracy—the three elements of conspiracy are as follows:

First, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the member of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Counts 2-51 are Travel Act counts—the two elements to support a Travel Act conviction are as follows:

First, the defendant used the Internet with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed or of the United States; and

Second, after doing so the defendant performed or attempted to perform an act that did promote, manage, establish, carry on, or facilitate any business enterprise involving prostitution offenses.

Further, you may find the defendants guilty of the Travel Act as charged in Counts 2-51 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed the crime of promoting or facilitating the promotion of any business enterprise involving prostitution offenses as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the crime of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts 2-51 was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Count 52 is conspiracy to commit money laundering—the two elements of money laundering conspiracy are as follows:

First, there was an agreement between two or more persons to commit at least one crimes alleged in the money laundering conspiracy, and

Second, that the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Counts 53-62 are concealment money laundering—the three elements of concealment money laundering are as follows:

First, the defendant conducted a financial transaction involving property that represented the proceeds of a prior specified criminal activity;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity, namely, promoting or facilitating the promotion of any business enterprise involving prostitution offenses;

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

Counts 63-68 are international promotional money laundering—the two elements of international promotional money laundering are as follows:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote the carrying on of or facilitating the specified criminal activity in the indictment, which is promoting or facilitating the promotion of any business enterprise involving prostitution.

Counts 69-99 are transactional money laundering—the five elements of transactional money laundering are as follows:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from specified unlawful activity, that is promoting or facilitating the promotion of any business enterprise involving prostitution; and

Fifth, the transaction occurred in the United States.

Count 100 is international concealment money laundering—the three elements of international concealment money laundering are as follows:

First, the defendant transported money from a place in the United States to or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of promoting or

facilitating the promotion of any business enterprise involving prostitution; and

Third, the defendant knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution.

### 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

**1.4 WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## 1.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.6 RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# 1.7 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**1.8 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other

devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## 1.9 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**1.10 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**1.11 OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for Defendants may cross-examine. Then, if Defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.13 SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant[s]. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

**1.16 BENCH CONFERENCES AND RECESSES**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## 2.1 CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

## 2.2 STIPULATED TESTIMONY

[if necessary]

The parties have agreed what [*name of witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

**2.3 STIPULATIONS OF FACT**

[if necessary]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.12 EVIDENCE FOR LIMITED PURPOSE

[if necessary]

You are about to hear evidence that [*describe evidence to be received for limited purpose*]. I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

### 3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances[1] [, profession, occupation, celebrity, or position in life or in the community]. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

---

[1] Modified to conform with the language in Model Criminal Jury Instruction 1.1.

1

2

**3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

3

4

5

6

7

8

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

[if necessary]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**3.4 DEFENDANT'S DECISION TO TESTIFY**

[if necessary]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

### 3.5 REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

### 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

**3.7 WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**3.10 ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

### 3.13 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

1

**3.18 ON OR ABOUT—DEFINED***

2       The indictment charges that the offenses alleged in Counts 2-51, 53-100, was

3  committed "on or about" a certain date.

4       Although it is necessary for the government to prove beyond a reasonable doubt that

5  the offenses were committed on a date reasonably near the date alleged in Counts 2-51, 53-

6  100 the indictment, it is not necessary for the government to prove that the offense was

7  committed precisely on the date charged.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## 4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA*

3       You have heard testimony from Carl Ferrer and Dan Hyer, witnesses who pleaded
4   guilty to a crime arising out of the same events for which the defendants are on trial. This
5   guilty plea is not evidence against the defendants, and you may consider it only in
6   determining the witnesses' believability.

7       For these reasons, in evaluating the testimony of Carl Ferrer and Dan Hyer, you
8   should consider the extent to which or whether their testimony may have been influenced
9   by the fact that they have already pleaded guilty.  In addition, you should examine the
10  testimony of Carl Ferrer and Dan Hyer with greater caution than that of other witnesses.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**4.14 OPINION EVIDENCE, EXPERT WITNESS**

2      You [have heard] [are about to hear] testimony from [*name*] who [testified] [will

3  testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is

4  allowed because of the education or experience of this witness.

5      Such opinion testimony should be judged like any other testimony. You may accept

6  it or reject it, and give it as much weight as you think it deserves, considering the witness's

7  education and experience, the reasons given for the opinion, and all the other evidence in

8  the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**4.15 DUAL ROLE TESTIMONY**

2      You [have heard] [are about to hear] testimony from [*name*] who [testified] [will

3  testify] to both facts and opinions and the reasons for [his] [her] opinions.

4      Fact testimony is based on what the witness saw, heard or did. Opinion testimony is

5  based on the education or experience of the witness.

6      As to the testimony about facts, it is your job to decide which testimony to believe

7  and which testimony not to believe. You may believe everything a witness says, or part of

8  it, or none of it. [Take into account the factors discussed earlier in these instructions that

9  were provided to assist you in weighing the credibility of witnesses.]

10      As to the testimony about the witness's opinions, this opinion testimony is allowed

11  because of the education or experience of this witness. Opinion testimony should be judged

12  like any other testimony. You may accept all of it, part of it, or none of it. You should give

13  it as much weight as you think it deserves, considering the witness's education and

14  experience, the reasons given for the opinion, and all the other evidence in the case.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 4.17 CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## 5.7 KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act, and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendants' words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 5.8 DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the vast majority of the "adult" and "escort" ads appearing on Backpage.com were actually ads for prostitution, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the vast majority of the "adult" and "escort" ads appearing on Backpage.com were not ads for prostitution, or if you find that the defendant was simply negligent, careless, or foolish.

**7.1 DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances[2] [, profession, occupation, celebrity, or position in life or in the community].

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

---

[2] Modified to conform with the language in Model Criminal Jury Instruction 1.1.

## 7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**7.3 USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**7.5 VERDICT FORM**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

### 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**8.20 CONSPIRACY—ELEMENTS***

The defendants are charged in Count 1 of the indictment with conspiring to violate the Travel Act in violation of Section 1952(a)(3)(A) of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit at least one crime as charged in the indictment, namely promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A);

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after March 28, 2013, for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime, *i.e.*, Travel Act violations, which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to

1   act in a way which furthers some object or purpose of the conspiracy, does not thereby

2   become a conspirator. Similarly, a person does not become a conspirator merely by

3   associating with one or more persons who are conspirators, nor merely by knowing that a

4   conspiracy exists.

5          An overt act does not itself have to be unlawful. A lawful act may be an element of

6   a conspiracy if it was done for the purpose of carrying out the conspiracy. The government

7   is not required to prove that the defendant personally did one of the overt acts.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 8.23 CONSPIRACY—KNOWLEDGE OF AND
## ASSOCIATION WITH OTHER CONSPIRATORS*

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with every other defendant or every other conspirator in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 8.144 TRAVEL ACT—INTERSTATE OR FOREIGN TRAVEL
## IN AID OF RACKETEERING ENTERPRISE
### (18 U.S.C. § 1952(a)(3))*

The defendants are charged in Counts 2-51 of the indictment with violating Section 1952(a)(3) of Title 18 of the United States Code. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant used any facility in interstate commerce with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of any business enterprise involving prostitution offenses in violation of the laws of the State in which they are committed or of the United States, including but not limited to Title 13, Arizona Revised Statutes, Section 13-3214; and

Second, after doing so the defendant performed or attempted to perform an act that did promote, manage, establish, carry on, and facilitate any business enterprise involving prostitution offenses, specifically, by publishing on Backpage.com the ads listed in Counts 2-51 of the indictment.

## 8.25 CONSPIRACY—LIABILITY FOR TRAVEL ACT VIOLATIONS COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)*

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of the Travel Act in violation of Section 1952(a)(3)(A) of Title 18 of the United States Code as charged in Counts 2-51 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed the crime of promoting or facilitating the promotion of any business enterprise involving prostitution offenses as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 1 of the indictment;

Third, the person committed the crime of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offenses charged in Counts 2-51 were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

### 8.20 MONEY LAUNDERING CONSPIRACY—ELEMENTS*

Defendants Lacey, Larkin, Spear, and Brunst are charged in Count 52 of the indictment with conspiring to commit money laundering in violation of Section 1956(h) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or around 2004, and continuing through April 2018, there was an agreement between two or more persons to commit at least one crime alleged in the money laundering conspiracy, namely violation of Section 1956(a)(1)(A)(i) (Promotional Money Laundering), violation of Section 1956(a)(1)(B)(i) (Concealment Money Laundering), violation of Section 1956(a)(2)(A) (International Promotional Money Laundering), violation of Section 1956(a)(2)(B)(i) (International Concealment Money Laundering), or violation of Section 1957(a) (Transactional Money Laundering); and

Second, that the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime, *i.e.* concealment money laundering or international promotional money laundering, which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On

the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## 8.147 LAUNDERING OR ATTEMPTING TO LAUNDER
## MONETARY INSTRUMENTS
## (18 U.S.C. § 1956(a)(1)(B))*

Defendants Lacey, Larkin, Spear, and Brunst are charged in Counts 53-62 of the indictment with Concealment Money Laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted and attempted to conduct a financial transaction involving property that represented the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A);

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A) is a felony.

## 8.25 CONSPIRACY—LIABILITY FOR CONCEALMENT MONEY LAUNDERING VIOLATIONS COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)*

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Concealment Money Laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code as charged in Counts 53-62 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed the crime of concealment money laundering as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 52 of the indictment;

Third, the person committed the crime of concealment money laundering in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offenses charged in Counts 53-62 were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

## 8.148 TRANSPORTING OR ATTEMPTING TO TRANSPORT
## FUNDS TO PROMOTE UNLAWFUL ACTIVITY
### (18 U.S.C. § 1956(a)(2)(A))*

Defendants Lacey, Larkin, Spear, and Brunst are charged in Counts 63-68 of the indictment with transporting funds to promote unlawful activity in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote or facilitate the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A).

## 8.25 CONSPIRACY—LIABILITY FOR INTERNATIONAL PROMOTIONAL MONEY LAUNDERING VIOLATIONS COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)*

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of International Promotional Money Laundering in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code as charged in Counts 63-68 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a member of the conspiracy committed the crime of concealment money laundering as alleged in that count;

Second, the person was a member of the conspiracy charged in Count 52 of the indictment;

Third, the person committed the crime of international promotional money laundering in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offenses charged in Counts 63-68 were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**8.150 MONEY LAUNDERING**

**(18 U.S.C. § 1957)\***

Defendant Lacey is charged in Counts 69-70, 81, 83-84, 86, 88-92, and 94-99; Defendant Larkin is charged in Counts 80 and 87; Defendant Spear is charged in Counts 71-78, 85, and 93; and Defendant Brunst is charged in Counts 69-70, 78-84, and 86-93, of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A); and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank, commercial bank, or credit union.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

### 8.149 TRANSPORTING OR ATTEMPTING TO TRANSPORT
### MONETARY INSTRUMENTS FOR THE PURPOSE OF LAUNDERING
### (18 U.S.C. § 1956(a)(2)(B))*

Defendant Lacey is charged in Count 100 of the indictment with transporting money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A); and

Third, the defendant knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of promoting or facilitating the promotion of any business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A).

## II.     STIPULATED NON-MODEL INSTRUCTIONS

### A.     "Business Enterprise" Defined[3]

"Business enterprise" under 18 U.S.C. § 1952(b) means a continuous course of conduct, that is, engaging or planning to engage in two or more violations of law, rather than a sporadic, casual, individual or isolated violation.

---

[3] *United States v. Roselli*, 432 F.2d 879, 886 (9th Cir. 1970); *United States v. Kaiser*, 660 F.2d 724, 731 (9th Cir. 1981).

1

**B.** **"Uses Any Facility in Interstate Commerce" Defined[4]**

2

The phrase "uses any facility in interstate commerce" under 18 U.S.C. § 1952(a),

3

means employing or utilizing any method of communication or transportation between one

4

state and another, and includes, for example, the use of telephones, mails, and the Internet.

5

In order to meet its burden of proof on this issue, it is not necessary for the government

6

to prove that the defendant(s) used an interstate facility. This section also applies to a person

7

who causes another person to use an interstate facility. Therefore, if the government has

8

proven beyond a reasonable doubt that the defendant(s) caused another person to use an

9

interstate facility, then you may find that the government has proven this element.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] *United States v. Sutcliffe*, 505 F.3d 944, 952-53 (9th Cir. 2007); *Roselli*, 432 F.2d at 890-01; *United States v. Villano*, 529 F.2d 1046, 1054-55 (10th Cir. 1976).

**C.     Proof of Knowledge or Intent**[5]

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

---

[5]   1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17:07 (6th ed. 2008).

1

2

**D.** **State Law Need Not Be Violated for Defendants To Be Found Guilty Under the Travel Act[6]**

3

4

5

6

The government does not have to prove that the referenced state(s') law was actually violated, only that defendant(s) had intent to promote or facilitate the promotion of any business enterprise involving prostitution offenses in violation of state law, and committed a subsequent overt act in furtherance of the unlawful activity.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] *United States v. Polizzi*, 500 F.2d 856, 876-77 (9th Cir. 1974); *United States v. Winslow*, 962 F.2d 845, 852 (9th Cir. 1992); 18 U.S.C. § 1952(a)(3).

1   **III.   NON-MODEL INSTRUCTIONS REQUESTED BY THE GOVERNMENT**
2   **WITH DEFENDANTS' OBJECTIONS**
3   **IV.   NON-MODEL INSTRUCTIONS REQUESTED BY DEFENDANTS' WITH**
4   **THE GOVERNMENT'S OBJECTIONS**

5

6           Respectfully submitted this ___th day of _____, 2020.

7                                           MICHAEL BAILEY
                                            United States Attorney
8                                           District of Arizona

9                                           *s/ Andrew C. Stone*

10                                          KEVIN M. RAPP
                                            MARGARET PERLMETER
11                                          PETER S. KOZINETS
                                            ANDREW C. STONE
12                                          Assistant U.S. Attorneys

13                                          JOHN J. KUCERA
                                            Special Assistant U.S. Attorney
14

15                                          BRIAN BENCZKOWSKI
                                            Assistant Attorney General
16                                          U.S. Department of Justice
                                            Criminal Division, U.S. Department of Justice
17
                                            REGINALD E. JONES
18                                          Senior Trial Attorney
                                            U.S. Department of Justice, Criminal Division
19                                          Child Exploitation and Obscenity Section

20

21

22
                            **Certificate of Service:**
23
           I hereby certify that on this date, I electronically transmitted the attached document
24   to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of
25   Electronic Filing to the

26

27

28