Thomas H. Bienert, Jr. *(admitted pro hac vice)*
  tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
  wbernstein@bmkattorneys.com
BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES** |
| vs. | |
| Michael Lacey, *et al.*, | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |
| Defendants. | [Oral Argument requested] |

3738470.2

Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Bruce Feder (AZ Bar No. 004832)
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
    david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
    joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

I.   **INTRODUCTION**

Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants") previously raised the issue of additional preemptory challenges at the June 7, 2021 Status Conference.  *See* Ex. A, 6/7/21 Hr'g Tr. at 31-32.  The Court requested briefing.  *Id.* at 32.  Defendants therefore move, pursuant to Federal Rule of Criminal Procedure 24(b), for an order providing the defense with an additional six peremptory challenges (one additional challenge per defendant).  Defendants respectfully request that the Court take up this Motion at the August 9, 2021 Final Pre-trial Conference.

II.   **ARGUMENT**

Under Federal Rule of Criminal Procedure 24(b), "[t]he court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."  During the June 7, 2021 Status Conference, the Court stated that it intended to empanel five or six alternate jurors, thereby affording the defense 13 peremptory challenges and the government nine such challenges.  *See* Fed. R. Crim. Proc. 24(c)(4)(C) ("Three additional peremptory challenges are permitted when five or six alternates are impaneled.").  Defendants seek an order providing them with one additional peremptory challenge per Defendant, or 19 peremptory challenges in total.

There is ample justification for Defendants' request.  First, given that each of the six Defendants will have varying interests throughout trial, an additional peremptory challenge per Defendant will serve to reduce the prejudice resulting from a multi-defendant trial.  The Defendants' roles within the New Times media conglomerate ranged from employee to executive.  As a result, the government's proffered evidence as to each varies substantially; indeed, there are numerous government witnesses who likely will have no testimony to offer as to certain Defendants.  Under these circumstances, an additional peremptory challenge per Defendant is warranted.  Recently, in *United States v. Rodriguez-Landa*, No. 213CR00484CAS135610, 2019 WL 653853, (C.D. Cal. Feb. 13, 2019), the court ordered the precise remedy Defendants seek here.  Acknowledging that the defendants sought additional peremptory challenges to "ameliorate, to some degree, the risk of prejudice arising

1  from the multi-defendant trial," the Court granted the defendants "five additional challenges,

2  one per defendant in this trial," and rejected the government's reciprocal request for

3  additional peremptory challenges.  *Id.* at *19.

4          Second, as the Court acknowledged during the July 16, 2021 Final Trial Management

5  Conference, certain types of individuals from the community are unable to serve on the jury

6  here given the length of the trial and concerns amongst prospective jurors regarding the

7  COVID-19 virus.  Those who would suffer financial hardship if forced to take three months

8  off from work or the elderly and other individuals who might be immunocompromised and at

9  risk of contracting the virus are among those individuals whom the Court has already excused

10  from the venire.  *Id.*  The additional peremptory challenges Defendants seek would therefore

11  also serve to protect their Sixth Amendment right to the "selection of a petit jury from a

12  representative cross section of the community."  *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975).

13  **III.**    **CONCLUSION**

14          For the foregoing reasons, Defendants respectfully request that the Court grant their

15  Motion and issue an order providing each Defendant with one additional peremptory

16  challenge (19 in total for the defense).

17

18          *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual*

19  *(October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose*

20  *behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

21

22  DATED:  August 3, 2021                    Respectfully submitted,

23                                                                Thomas H. Bienert Jr.

24                                                                Whitney Z. Bernstein
                                                                    Bienert | Katzman PC

25
                                                                By:      */s/ Thomas H. Bienert, Jr.*
26  _____
                                                                          Thomas H. Bienert Jr.
27                                                                Attorneys for Defendant James Larkin

28

DATED:  August 3, 2021         Gary S. Lincenberg
                               Ariel A. Neuman
                               Gopi K. Panchapakesan
                               Bird, Marella, Boxer, Wolpert, Nessim,
                               Drooks, Lincenberg & Rhow, P.C.

                               By:  _____/s/ Gary S. Lincenberg_____
                                           Gary S. Lincenberg
                                    Attorneys for Defendant John Brunst

DATED:  August 3, 2021         Paul J. Cambria
                               Erin McCampbell
                               Lipsitz Green Scime Cambria LLP

                               By:  _____/s/ Paul J. Cambria_____
                                           Paul J. Cambria
                                    Attorneys for Defendant Michael Lacey

DATED:  August 3, 2021         Feder Law Office, P.A.

                               By:  _____/s/ Bruce S. Feder_____
                                           Bruce S. Feder
                                    Attorney for Defendant Scott Spear

DATED:  August 3, 2021         The Law Office of David Eisenberg, PLC

                               By:  _____/s/ David Eisenberg_____
                                           David Eisenberg
                                    Attorney for Defendant Andrew Padilla

DATED:  August 3, 2021         Joy Bertrand Esq. LLC

                               By:  _____/s/ Joy Malby Bertrand_____
                                           Joy Malby Bertrand
                                    Attorney for Defendant Joye Vaught

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. CR-18-0422-PHX-SMB |
|     Plaintiff, | ) | |
| | ) | |
|     vs. | ) | Phoenix, Arizona |
| | ) | June 7, 2021 |
| Michael Lacey, | ) | 4:04 p.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**BEFORE:  THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**STATUS CONFERENCE**

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1   something in response to such a question that takes it outside
 2   of the four corners, I assume that we would still be able to
 3   follow-up on our questions?
 4            THE COURT:  You mean follow-up with that juror on
 5   their answer?
 6            MR. EISENBERG:  Correct.
 7            THE COURT:  Yes.  And then if -- okay.  So I generally
 8   trust the lawyers will not abuse my order, so that's my limit.
 9   However, I also have been doing this long enough that I
10   understand there are situations that might come up where -- and
11   I didn't pounce on an attorney for following up by saying, does
12   anyone else feel that way, for instance, which is a general
13   question of the panel, but it's related to some specific
14   answer.  So I don't know if that helps.
15            MR. EISENBERG:  Yeah, it does, Your Honor.
16            And how many strikes for -- not for cause, but
17   strikes, peremptory, are -- are you going to allocate among the
18   defense and the government?
19            THE COURT:  Didn't bring in that piece of paper, but I
20   did do the math the other day.  But I assume we're having 16
21   jurors, just because of the length of the trial I want to have
22   enough alternates, and I believe that meant each side got an
23   extra three peremptory strikes, so I had it at 9 and 13.  Off
24   the top of my head, that's what I'm thinking.
25            MR. EISENBERG:  13 to be divided among all six
```

1    defendants?

2         THE COURT:  Yes.  But if you have another proposal and

3    you have some authority for that, I'm happy to consider it.

4         MR. EISENBERG:  Right now I don't, Your Honor, but I

5    think that is an issue that comes to my mind, given the fact

6    that we have six different defendants who may have different

7    views, or their counsel may have different views, and their

8    clients, too, may have different views on who should be struck

9    and who shouldn't.

10        THE COURT:  Uh-huh.

11        MR. EISENBERG:  And this is difficult to calibrate

12   because we haven't seen the questionnaires or the answers to

13   the questionnaires.

14        THE COURT:  Okay.  So with respect to the timing, yes,

15   it is difficult to get them the day before and have to go

16   through all of them, but I've done it by myself.  I will see,

17   once we get Thursday to see what additional questions, assuming

18   I can get it edited and to the jury office Friday, I'll ask if

19   we can get it two days in advance, but I think we're getting

20   pretty close to the four-week limit, but I'll talk with them

21   about getting it two days before.

22        MR. EISENBERG:  I think that would be good, Your

23   Honor, if the Court can do that.  I think all defense counsel

24   would appreciate an extra day.

25        THE COURT:  And we'll be doing this at the final trial

```
 1                 C E R T I F I C A T E

 2

 3          I, CHRISTINE M. COALY, do hereby certify that I am

 4     duly appointed and qualified to act as Official Court Reporter

 5     for the United States District Court for the District of

 6     Arizona.

 7          I FURTHER CERTIFY that the foregoing pages constitute

 8     a full, true, and accurate transcript of all of that portion of

 9     the proceedings contained herein, had in the above-entitled

10     cause on the date specified therein, and that said transcript

11     was prepared under my direction and control.

12          DATED at Phoenix, Arizona, this 8th day of June,

13     2021.

14

15

16                         /s/ Christine M. Coaly_____

17                         Christine M. Coaly, RMR, CRR

18

19

20

21

22

23

24

25
```