1  Thomas H. Bienert, Jr. *(admitted pro hac vice)*
       tbienert@bmkattorneys.com
2  Whitney Z. Bernstein *(admitted pro hac vice)*
       wbernstein@bmkattorneys.com
3  BIENERT KATZMAN, PLC
   903 Calle Amanecer, Suite 350
4  San Clemente, CA 92673
   Telephone: (949) 369-3700
5  Facsimile: (949) 369-3701

6  Attorneys for Defendant James Larkin

7  Paul J. Cambria, Jr. *(admitted pro hac vice)*
       pcambria@lglaw.com
8  Erin McCampbell *(admitted pro hac vice)*
       emccampbell@lglaw.com
9  LIPSITZ GREEN SCIME CAMBRIA LLP
   42 Delaware Avenue, Suite 120
10 Buffalo, New York 14202
   Telephone: (716) 849-1333
11 Facsimile: (716) 855-1580

12 Attorneys for Defendant Michael Lacey

13 *[Additional counsel listed on next page]*

14

15              **IN THE UNITED STATES DISTRICT COURT**

16                 **FOR THE DISTRICT OF ARIZONA**

17

18 United States of America,            CASE NO. 2:18-cr-00422-PHX-SMB

19              Plaintiff,               **DEFENDANTS' JOINT SUBMISSION
                                         OF PROPOSED STATEMENT OF**
20         vs.                           **THE CASE, VERDICT FORM, AND
                                         JURY INSTRUCTIONS**
21 Michael Lacey, *et al.*,
                                         Assigned to Hon. Susan M. Brnovich,
22              Defendants.              Courtroom 506

23

24

25

26

27

28

3739381.1

1   Gary S. Lincenberg *(admitted pro hac vice)*
        glincenberg@birdmarella.com
2   Ariel A. Neuman *(admitted pro hac vice)*
        aneuman@birdmarella.com
3   Gopi K. Panchapakesan *(admitted pro hac vice)*
        gpanchapakesan@birdmarella.com
4   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
5   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
6   Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
7
    Attorneys for Defendant John Brunst
8
    Bruce Feder (AZ Bar No. 004832)
9       bf@federlawpa.com
    FEDER LAW OFFICE, P.A.
10  2930 E. Camelback Road, Suite 160
    Phoenix, Arizona 85016
11  Telephone: (602) 257-0135
12  Attorney for Defendant Scott Spear
13  David Eisenberg (AZ Bar No. 017218)
        david@deisenbergplc.com
14  DAVID EISENBERG PLC
    3550 N. Central Ave., Suite 1155
15  Phoenix, Arizona 85012
    Telephone: (602) 237-5076
16  Facsimile: (602) 314-6273
17  Attorney for Defendant Andrew Padilla
18  Joy Malby Bertrand (AZ Bar No. 024181)
        joy.bertrand@gmail.com
19  JOY BERTRAND ESQ LLC
    P.O. Box 2734
20  Scottsdale, Arizona 85252
    Telephone: (602)374-5321
21  Facsimile: (480)361-4694
22  Attorney for Defendant Joye Vaught

23

24

25

26

27

28

3739381.1

DEFENDANTS' JOINT SUBMISSION OF TRIAL DOCUMENTS

1      Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla,

2   and Joye Vaught ("Defendants") hereby submit their Proposed Statement of the Case,

3   Proposed Verdict Form, and Proposed Jury Instructions.  As to the statement of the case and

4   verdict form, the defense submits revised versions of the government's proposed documents.

5   Attached as **Exhibit A** is a copy of the government's proposed Joint Statement of the Case

6   with Defendants' redlined edits.  Attached as **Exhibit B** is a clean copy of Defendants'

7   Proposed Statement of the Case.  Attached as **Exhibit C** is a copy of the government's

8   proposed Verdict Form with Defendants' redlined edits.  Attached as **Exhibit D** is a clean

9   copy of the Defendants' Proposed Verdict Form.  The government indicated that it does not

10  believe "it would be beneficial to exchange further drafts" of these documents and that "it

11  would be appropriate for both sides to simply file their versions ahead of the final pretrial

12  conference."  **Exh. E** (7/28/21 e-mail correspondence between A. Stone and W. Bernstein).

13      As to the jury instructions, given how far apart the parties are with respect to the

14  instructions, Defendants have not redlined the government's proposed instructions.  Attached

15  as **Exhibit F** is a copy of Defendants' Proposed Jury Instructions.  This prosecution of first

16  impression charges Defendants with a novel, unprecedented theory of culpability that has

17  never been put to any jury.  Defendants must know the legal instructions that will guide the

18  jurors to competently present their defense, deliver opening arguments, and cross examine the

19  government's witnesses.  Unsurprisingly, Defendants and the government have dramatically

20  different views of the jury instructions the Court should give.  Because of this, and because of

21  the importance of a jury charge conference prior to opening arguments and the government's

22  case-in-chief, Defendants request that the Court set aside sufficient time to address the jury

23  instructions ahead of trial.

24      Defendants have been ready to file their proposed jury instructions, but have been

25  waiting for the government to meet and confer.  The parties previously agreed on a schedule

26  to exchange proposed instructions.  Under the agreed-upon schedule, Defendants were to

27  provide their proposed instructions to the government by **June 15, 2021**, the parties would

28  continue to meet and confer, and the government would file any joint documents on **July 26,**

1  **2021**.  **Exh. E**.  *Defendants adhered to this schedule*.  However, as of this filing, the

2  government *still has not responded* to Defendants' Proposed Jury Instructions.  *Id.*  It also

3  has not committed to a date certain on which it will provide the defense with its comments to

4  Defendants' proposed jury instructions.  *Id.*

5          Because the trial is rapidly approaching, and so that the Court has ample time to

6  consider the parties' proposed jury instructions, Defendants have attached their Proposed Jury

7  Instructions to this submission and respectfully request sufficient time for a hearing before

8  August 23, 2021, to discuss their proposed instructions.

9

10         *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual*

11  *(October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose*

12  *behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

13

14  DATED:  August 5, 2021              Respectfully submitted,

15                                      Thomas H. Bienert Jr.

16                                      Whitney Z. Bernstein
                                        Bienert | Katzman PC

17
                                        By:  _____
18                                                  */s/ Thomas H. Bienert, Jr.*
                                                   Thomas H. Bienert Jr.
19                                          Attorneys for Defendant James Larkin

20

21  DATED:  August 5, 2021              Gary S. Lincenberg
                                        Ariel A. Neuman
22                                      Gopi K. Panchapakesan
                                        Bird, Marella, Boxer, Wolpert, Nessim,
23                                      Drooks, Lincenberg & Rhow, P.C.

24                                      By:  _____
                                                  */s/ Gary S. Lincenberg*
25                                                 Gary S. Lincenberg
                                            Attorneys for Defendant John Brunst
26

27

28

DEFENDANTS' JOINT SUBMISSION OF TRIAL DOCUMENTS

1    DATED:  August 5, 2021          Paul J. Cambria
2                                    Erin McCampbell
                                     Lipsitz Green Scime Cambria LLP
3
                                     By:  _____/s/ Paul J. Cambria_____
4                                              Paul J. Cambria
                                         Attorneys for Defendant Michael Lacey
5

6    DATED:  August 5, 2021          Feder Law Office, P.A.
7
                                     By:  _____/s/ Bruce S. Feder_____
8                                              Bruce S. Feder
                                         Attorney for Defendant Scott Spear
9

10
     DATED:  August 5, 2021          The Law Office of David Eisenberg, PLC
11
12                                   By:  _____/s/ David Eisenberg_____
                                               David Eisenberg
13                                       Attorney for Defendant Andrew Padilla

14
15   DATED:  August 5, 2021          Joy Bertrand Esq. LLC

16                                   By:  _____/s/ Joy Malby Bertrand_____
17                                             Joy Malby Bertrand
                                         Attorney for Defendant Joye Vaught
18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SMB |
| Plaintiff, | |
| v. | **JOINT STATEMENT OF THE CASE** |
| Michael Lacey, et al., | |
| Defendants. | |

- 1 -

The parties submit the following Joint Statement of the Case and respectfully request the following be read to the jury in lieu of the Superseding Indictment:

This is a criminal case brought by the United States government. ~~On July 25, 2018, a federal grand jury returned a 100-count superseding indictment charging six defendants:~~ Michael Lacey, James (Jim) Larkin, John "Jed" Brunst, Scott Spear, Andrew Padilla and Joye Vaught are charged ~~with all or some of the following charges: (1) conspiracy to commit violations of the Travel Act by promoting or facilitating the promotion of prostitution; (2) violations of the Travel Act; (3) conspiracy to commit money laundering; (4) concealment money laundering; (5) international promotional money laundering; (6) transactional money laundering; and (7) international concealment money laundering~~various crimes related to their alleged roles in the creation, ownership, development, and management of the website ~~www.backpage.com~~www. Backpage.com. Each defendant has pleaded not guilty to all charges and is presumed innocent.  The United States has the burden of proving an individual guilty beyond a reasonable doubt.

~~The Superseding Indictment alleges that~~ Backpage.com was an online classified advertising website.  The government alleges that the defendants, in their various roles related to the website, agreed to and did knowingly and intentionally facilitate~~d~~ specific business enterprises involving prostitution offenses.  The defendants deny these allegations.

The government alleges that the defendants also agreed to and did engage in various financial transactions designed to conceal or promote the conduct at Backpage.com that the government alleges was criminal.  The defendants deny these allegations.  ~~that was well known for being the internet's leading source of prostitution advertisements, including child sex trafficking.  Backpage had markets in nearly every major city in the United States where prostitutes, pimps and traffickers could pay to post advertisements on www.backpage.com.  The postings were thinly veiled solicitations for sex for money.  Backpage derived the overwhelming majority of its revenue from these ads.  These practices enabled Backpage to earn over $500 million in prostitution related revenue during its fourteen years of existence.~~

**Formatted:** Default Paragraph Font

**Formatted:** Default Paragraph Font

~~Backpage was created in 2004 by defendants Michael Lacey (who at times held approximately a 45% ownership interest in Backpage), James Larkin (who at times held approximately a 43% ownership interest in Backpage), and a third individual, Carl Ferrer. Defendant Spear (who at times held approximately a 4% ownership interest in Backpage) served as Executive Vice President of one of Backpage's parent companies. Defendant Brunst (who at times held approximately a 4% ownership interest in Backpage) served as the Chief Financial Officer of Backpage. Defendants Padilla and Vaught served as Backpage's Operation Manager and Assistant Operations Manager, respectively. Between 2004 through 2015, Mr. Lacey and Mr. Larkin oversaw the website's policy and strategic direction. In or around April 2015, Defendants Lacey, Larkin, Spear, and Brunst claimed to sell their interest in Backpage. However, they retained a significant financial interest and operational control over the website after the sale. They also continued to receive millions of dollars from Backpage.~~

Michael Lacey is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; Counts 69-70, 81, 83-84, 86, 88-92, and 94-99, Transactional Money Laundering; and Count 100, International Concealment Money Laundering.

James Larkin is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 80 and 87, Transactional Money Laundering.

Scott Spear is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 71-78, 85 and 93, Transactional Money Laundering.

John "Jed" Brunst is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 69-70, 78-84, and 86-93, Transactional Money Laundering.

Andrew Padilla and Joye Vaught are charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; and Counts 2-51, Violations of the Travel Act.

The United States alleges the Defendants were aware that the vast majority of the "adult" and "escort" ads appearing on Backpage were actually prostitution ads and took steps to intentionally promote and facilitate that illegal activity.  During Backpage's early years, the company's employees were trained to identify prostitutes who were posting ads on rival websites and to create free ads on Backpage for them in an attempt to recruit the prostitutes' future business.  These affirmative content creation efforts were described internally as "content aggregation" or the "Dallas Plan," and was vital to Backpage's early growth and success.

The United States alleges that Backpage employed other business strategies specifically designed to promote and facilitate prostitution.  For example, for several years, Backpage had a reciprocal link agreement with The Erotic Review ("TER").  TER was a website where customers could post explicit "reviews" of their encounters with prostitutes, including descriptions of prices charged for particular sex acts.  Backpage paid thousands of dollars to TER in return for assistance in getting TER's customer base to start using Backpage.

In addition to creating prostitution-related content, the United States alleges that Backpage utilized a variety of strategies to conceal the true nature of the ads being posted on its website.  At times, Backpage employed computerized filters and human moderators to edit or block ads that explicitly offered sexual services for a fee.  Internal company emails suggest, that despite these editing practices, Defendants were well aware that the overwhelming majority of the website's ads still involved prostitution.

As the years passed, Backpage received increased criticism from anti-sex trafficking organizations, child advocacy groups like the National Center for Missing and Exploited Children (NCMEC), and the state attorneys general due to the number of ads featuring child sex trafficking. Publicly, Backpage sought to create the perception that it was diligently attempting to prevent the publication of such ads while declining—for financial reasons—to take necessary steps to address the problem.

The United States alleges that the vast majority of Backpage's revenue represented the proceeds of illegal activity. In fact, by 2015, the major credit card companies stopped processing payments for Backpage and some banks closed Backpage's accounts out of concern they were being used for illegal purposes. In response, the United States alleges Defendants began to pursue an array of money laundering strategies. For example, Defendants instructed customers to send checks or money orders to a post office box, deposited the payments into bank accounts held in the names of entities with no apparent connection to Backpage, and then gave customers "credits" on Backpage to purchase new ads. Defendants also wired Backpage's proceeds to bank accounts in foreign countries and redistributed the funds to Defendants as compensation or redeposited the funds in bank accounts held in the United States.

In or around April 2015, Defendants Lacey, Larkin, Spear, and Brunst appeared to sell their ownership interests in Backpage and several related entities for around $600 million to various Dutch entities. In reality, the Dutch entities were controlled by Backpage's Chief Executive Officer Carl Ferrer, who "borrowed" approximately $600 million from entities controlled by the four Defendants to finance the purchase. As a result of this financial arrangement, Defendants Lacey, Larkin, Spear, and Brunst retained significant financial interest and operational control of Backpage after the transactions were completed.

In January 2017, after conducting a lengthy investigation, the United States Senate Subcommittee on Permanent Investigations issued a 50-page report entitled "Backpage.com's Knowing Facilitating of Online Sex Trafficking." In response to this report, Backpage claimed to shut down the "adult" section of its website. However, all that

3739462.1

- 5 -

1  ~~meant was that the prostitution ads migrated to other sections of the website, where they~~
2  ~~remained until the website was shut down by federal law enforcement authorities in April~~
3  ~~2018.~~
4  ~~While thousands, if not millions of women were sexually exploited and sold for sex~~
5  ~~on Backpage, for purposes of the Superseding Indictment, the United States has identified~~
6  ~~17 specific victims who posted, or had posted on their behalf, ads offering sexual services~~
7  ~~for money.  Of the 17 victims, five were children at the time their ads were posted on~~
8  ~~Backpage.~~
9  Respectfully submitted this _____ day of _____, 2020.
10
11                                        MICHAEL BAILEY
                                         United States Attorney
                                         District of Arizona
12
                                         *s/ Kevin M. Rapp*
13
                                         KEVIN M. RAPP
14                                       MARGARET PERLMETER
                                         PETER S. KOZINETS
15                                       ANDREW C. STONE
                                         Assistant U.S. Attorneys
16
                                         JOHN J. KUCERA
17                                       Special Assistant U.S. Attorney
18                                       BRIAN BENCZKOWSKI
                                         Assistant Attorney General
19                                       U.S. Department of Justice
                                         Criminal Division, U.S. Department of Justice
20
                                         REGINALD E. JONES
21                                       Senior Trial Attorney
                                         U.S. Department of Justice, Criminal Division
22                                       Child Exploitation and Obscenity Section
23
24
25
26
27
28

3739462.1                              - 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on _____,_____, 2020.  I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/*_____
U.S. Attorney's Office

3739462.1

- 7 -

# EXHIBIT B

Thomas H. Bienert, Jr. *(admitted pro hac vice)*
  tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
  wbernstein@bmkattorneys.com
BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
  emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **PROPOSED STATEMENT OF THE CASE** |
| vs. | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |
| Michael Lacey, *et al.*, | |
| Defendants. | |

1   Gary S. Lincenberg *(admitted pro hac vice)*
        glincenberg@birdmarella.com
2   Ariel A. Neuman *(admitted pro hac vice)*
        aneuman@birdmarella.com
3   Gopi K. Panchapakesan *(admitted pro hac vice)*
        gpanchapakesan@birdmarella.com
4   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
5   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
6   Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
7
    Attorneys for Defendant John Brunst
8
    Bruce Feder (AZ Bar No. 004832)
9       bf@federlawpa.com
    FEDER LAW OFFICE, P.A.
10  2930 E. Camelback Road, Suite 160
    Phoenix, Arizona 85016
11  Telephone: (602) 257-0135

12  Attorney for Defendant Scott Spear

13  David Eisenberg (AZ Bar No. 017218)
        david@deisenbergplc.com
14  DAVID EISENBERG PLC
    3550 N. Central Ave., Suite 1155
15  Phoenix, Arizona 85012
    Telephone: (602) 237-5076
16  Facsimile: (602) 314-6273

17  Attorney for Defendant Andrew Padilla

18  Joy Malby Bertrand (AZ Bar No. 024181)
        joy.bertrand@gmail.com
19  JOY BERTRAND ESQ LLC
    P.O. Box 2734
20  Scottsdale, Arizona 85252
    Telephone: (602)374-5321
21  Facsimile: (480)361-4694

22  Attorney for Defendant Joye Vaught

23

24

25

26

27

28

PROPOSED STATEMENT OF THE CASE

This is a criminal case brought by the United States government.  Michael Lacey, James (Jim) Larkin, John "Jed" Brunst, Scott Spear, Andrew Padilla, and Joye Vaught are charged with various crimes related to their alleged roles in the creation, ownership, development, and management of the website Backpage.com.  Each defendant has pleaded not guilty to all charges and is presumed innocent.  The United States has the burden of proving an individual guilty beyond a reasonable doubt.

Backpage.com was an online classified advertising website.  The government alleges that the defendants, in their various roles related to the website, agreed to and did knowingly and intentionally facilitate specific business enterprises involving prostitution offenses.  The defendants deny these allegations.

The government alleges that the defendants also agreed to and did engage in various financial transactions designed to conceal or promote the conduct at Backpage.com that the government alleges was criminal.  The defendants deny these allegations.

Michael Lacey is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; Counts 69-70, 81, 83-84, 86, 88-92, and 94-99, Transactional Money Laundering; and Count 100, International Concealment Money Laundering.

James Larkin is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 80 and 87, Transactional Money Laundering.

Scott Spear is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 71-78, 85 and 93, Transactional Money Laundering.

John "Jed" Brunst is charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; Counts 2-51, Violations of the Travel Act by Facilitating

PROPOSED STATEMENT OF THE CASE

Prostitution; Count 52, Conspiracy to Commit Money Laundering; Counts 53-62, Concealment Money Laundering; Counts 63-68, International Promotional Money Laundering; and Counts 69-70, 78-84, and 86-93, Transactional Money Laundering.

Andrew Padilla and Joye Vaught are charged in the superseding indictment with Count 1, Conspiracy to Violate the Travel Act; and Counts 2-51, Violations of the Travel Act.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  August 5, 2021          Respectfully submitted,

Thomas H. Bienert Jr.
Whitney Z. Bernstein
Bienert | Katzman PC

By:  _____/s/ Thomas H. Bienert, Jr._____
                    Thomas H. Bienert Jr.
            Attorneys for Defendant James Larkin

DATED:  August 5, 2021          Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  _____/s/ Gary S. Lincenberg_____
                    Gary S. Lincenberg
            Attorneys for Defendant John Brunst

DATED:  August 5, 2021          Paul J. Cambria
Erin McCampbell
Lipsitz Green Scime Cambria LLP

By:  _____/s/ Paul J. Cambria_____
                    Paul J. Cambria
            Attorneys for Defendant Michael Lacey

PROPOSED STATEMENT OF THE CASE

DATED:  August 5, 2021                    Feder Law Office, P.A.

                                          By:    /s/ Bruce S. Feder
                                                 Bruce S. Feder
                                                 Attorney for Defendant Scott Spear

DATED:  August 5, 2021                    The Law Office of David Eisenberg, PLC

                                          By:    /s/ David Eisenberg
                                                 David Eisenberg
                                                 Attorney for Defendant Andrew Padilla

DATED:  August 5, 2021                    Joy Bertrand Esq. LLC

                                          By:    /s/ Joy Malby Bertrand
                                                 Joy Malby Bertrand
                                                 Attorney for Defendant Joye Vaught

# EXHIBIT C

1  MICHAEL BAILEY
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
   MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4  PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
   ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5  JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
   Assistant U.S. Attorneys
6  40 N. Central Avenue, Suite 1800
   Phoenix, Arizona 85004-4408
7  Telephone (602) 514-7500

8  BRIAN BENCZKOWSKI
   Assistant Attorney General
9  Criminal Division, U.S. Department of Justice

10 REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
   Senior Trial Attorney, U.S. Department of Justice
11 Child Exploitation and Obscenity Section
   950 Pennsylvania Ave N.W., Room 2116
12 Washington, D.C. 20530
   Telephone (202) 616-2807
13 Attorneys for Plaintiff

14

15                   IN THE UNITED STATES DISTRICT COURT

16                       FOR THE DISTRICT OF ARIZONA

17   United States of America,              CR-18-00422-PHX-SMB

18                    Plaintiff,

19          vs.

20   ~~1.~~ Michael Lacey,                  **VERDICT FORM**

21   ~~2.~~ James Larkin,

22   ~~3.~~ Scott Spear,

23   ~~4.~~ John "Jed" Brunst,

24   ~~6.~~ Andrew Padilla,

25   ~~7.~~ Joye Vaught,

26

27                    Defendants.

28

3739464.1

We, the Jury, find the defendants, Michael Lacey, James Larkin, Scott Spear, John "Jed" Brunst, Andrew Padilla, and Joye Vaught, as to the charges of the Indictment:

**CONSPIRACY**
**18 U.S.C. § 371**
**COUNT 1**

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Travel Act – Facilitate Prostitution**
**18 U.S.C. § 1952(a)(3)(A)**
**COUNTS 2-51**

**Count 2:**          Concerning an ad published on Sept. 10, 2013

| Date | Description |
|------|-------------|
| Sept. 10, 2013 | Publish ad depicting Victim 5 entitled "Get freaky Tuesday . . Come spend ur day with us – 19," with accompanying text "Doin incalls and outcalls" |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

Formatted Table

3739464.1

- 2 -

**Count 3:**     Concerning an ad published on Jan. 27, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 27, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L    DON'T MISS OUT!!!!!"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 4:**     Concerning an ad published on Jan. 29, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 29, 2014~~ | ~~Publish ad depicting Victim 8 entitled "Puerto Rican mami in walpole area INCALLS    19" after deleting one picture from the originally    submitted ad~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Formatted:** Font: Not Bold

**Count 5:**     Concerning an ad published on Jan. 31, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 31, 2014~~ | ~~Publish ad depicting Victim 8 entitled "Exotic latina, south portland area, ready to play, INCALLS, 30 min specials!!!   19" after deleting one picture from originally submitted ad~~ |

Formatted Table

Michael Lacey         _____ GUILTY         _____ NOT GUILTY

James Larkin          _____ GUILTY         _____ NOT GUILTY

Scott Spear           _____ GUILTY         _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY         _____ NOT GUILTY

Andrew Padilla        _____ GUILTY         _____ NOT GUILTY

Joye Vaught           _____ GUILTY         _____ NOT GUILTY

**Count 6:**     Concerning an ad published on Feb. 6, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Feb. 6, 2014~~ | ~~Publish ad involving P.R. entitled "75 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!"~~ |

Michael Lacey         _____ GUILTY         _____ NOT GUILTY

James Larkin          _____ GUILTY         _____ NOT GUILTY

Scott Spear           _____ GUILTY         _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY         _____ NOT GUILTY

Andrew Padilla        _____ GUILTY         _____ NOT GUILTY

Joye Vaught           _____ GUILTY         _____ NOT GUILTY

**Count 7:**     Concerning an ad published on Apr. 20, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Apr. 20, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 8:**     Concerning an ad published on May 7, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~May 7, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 9:**     Concerning an ad published on May 31, 2014

| ~~Date~~ | ~~Description~~ |
|----------|------------------|
| ~~May 31, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!"~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
|---|---|---|
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 10:**     Concerning an ad published on July 1, 2014

| ~~Date~~ | ~~Description~~ |
|----------|------------------|
| ~~July 1, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!"~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
|---|---|---|
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 11:**    Concerning an ad published on Aug. 19, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Aug. 19, 2014~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L    DON'T MISS OUT!!!!!"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 12:**    Concerning an ad published on Nov. 23, 2014

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 23, 2014~~ | ~~Publish ad depicting Victim 10 entitled "New in Town Super Hot Skinny Mixed Cuban Girl With Long Black Hair    18" after deleting picture from originally submitted ad~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 13:**   Concerning an ad published on Jan. 29, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan 29, 2015~~ | ~~Publish ad depicting Victim 12 entitled "New in Town Sexy Dark Asian Bombshell with Nice & Tight {Booty} – 23" after deleting one picture from the originally submitted ad~~ |

Michael Lacey _____ GUILTY _____ NOT GUILTY

James Larkin _____ GUILTY _____ NOT GUILTY

Scott Spear _____ GUILTY _____ NOT GUILTY

John "Jed" Brunst _____ GUILTY _____ NOT GUILTY

Andrew Padilla _____ GUILTY _____ NOT GUILTY

Joye Vaught _____ GUILTY _____ NOT GUILTY

**Count 14:**   Concerning an ad published on Jan. 31, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 31, 2015~~ | ~~Publish ad depicting Victim 10 entitled "NEW IN TOWN sexy sweet European mixed Cuban California girl – 21"~~ |

Michael Lacey _____ GUILTY _____ NOT GUILTY

James Larkin _____ GUILTY _____ NOT GUILTY

Scott Spear _____ GUILTY _____ NOT GUILTY

John "Jed" Brunst _____ GUILTY _____ NOT GUILTY

Andrew Padilla _____ GUILTY _____ NOT GUILTY

Joye Vaught _____ GUILTY _____ NOT GUILTY

**Count 15:**     Concerning an ad published on Jan. 31, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 31, 2015~~ | ~~Publish ad depicting Victim 12 entitled "New in Town Sexy Dark Asian mixed Bombshell – 23" after deleting one picture from the originally-submitted ad~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 16:**     Concerning an ad published on Feb. 4, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Feb. 4, 2015~~ | ~~Publish ad depicting Victim 11 entitled "Upscale Independent BRUNETTE BOMBSHELL 5-Star Fantasy – 26," after deleting pictures from originally-submitted ad~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 17:**   Concerning an ad published on Feb. 18, 2015

| Date | Description |
|---|---|
| Feb. 18, 2015 | Publish ad depicting Victim 11 entitled "Alexis Foxx the HOTTEST in town!!!!!   26" after deleting six pictures from the originally-submitted ad |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 18:**   Concerning an ad published on Feb. 26, 2015

| Date | Description |
|---|---|
| Feb. 26, 2015 | Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L   DON'T MISS OUT!!!!!" |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 19:**   Concerning an ad published on May 18, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~May 18, 2015~~ | ~~Publish ad depicting Victim 15 entitled "GORGEOUS ebony PLAYMATE Perfect Curves…Skills to make ur TOES CURL    19," after removing one picture of the originally-submitted ad, with accompanying text "you agree… you are not affiliated with any law enforcement agency" and "Incalls & Outcall!!!"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY

**Count 20:**   Concerning an ad published on May 19, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~May 19, 2015~~ | ~~Publish ad depicting Victim 15 entitled "Hot & Driping Submissive Ebony Playmates    20," after removing one picture of the originally-submitted ad, with accompanying text "you agree … you are not affiliated with any law enforcement agency" and "We're ready to please and accommodate all of your needs and wants!! With a mouth that'll ROCK your [] and a [picture of cat] that'll leave you purring for more"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY

**Count 21:**     Concerning an ad published on July 1, 2015

| Date | Description |
|------|-------------|
| July 1, 2015 | Publish ad depicting Victim 17 entitled "AbSoLuTeLy AmAZiNg CoMe PLaY WiTh Me #1 MoST WaNtEd SwEeT SEXii PlAymate    20" with accompanying text "By contacting me  you agree that you are not affiliated with any form of law enforcement," PERFECT & Will satisfy your every need," and "IN/CALLS    ONLY" |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 22:**     Concerning an ad published on July 2, 2015

| Date | Description |
|------|-------------|
| July 2, 2015 | Publish ad depicting Victim 17 entitled "SeXy!! Exotic playmate Call me! The girl you NEED to See!    20," with accompanying text "I DO NOT OFFER 40$, 50$, 60$ SPECIAILS" and "IN/CALLS    ONLY" |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 23:**    Concerning an ad published on Aug. 13, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Aug. 13, 2015~~ | ~~Publish ad depicting Victim 13 entitled "Young SEXY PUERTO RICAN — 19," which accompanying text "I do half hour sessions that vary in donation prices, 80 for head, 120 for hooking up without head and 150 for hooking up with head"~~ |

Michael Lacey           _____ GUILTY           _____ NOT GUILTY

James Larkin           _____ GUILTY           _____ NOT GUILTY

Scott Spear           _____ GUILTY           _____ NOT GUILTY

John "Jed" Brunst           _____ GUILTY           _____ NOT GUILTY

Andrew Padilla           _____ GUILTY           _____ NOT GUILTY

Joye Vaught           _____ GUILTY           _____ NOT GUILTY

**Count 24:**    Concerning an ad published on Aug. 15, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Aug. 15, 2015~~ | ~~Publish ad depicting Victim 16 entitled "Outcalls Now Freaky Curvy Caramel Lady OUTCALLS NOW — 23"~~ |

Michael Lacey           _____ GUILTY           _____ NOT GUILTY

James Larkin           _____ GUILTY           _____ NOT GUILTY

Scott Spear           _____ GUILTY           _____ NOT GUILTY

John "Jed" Brunst           _____ GUILTY           _____ NOT GUILTY

Andrew Padilla           _____ GUILTY           _____ NOT GUILTY

Joye Vaught           _____ GUILTY           _____ NOT GUILTY

**Count 25:**     Concerning an ad published on Sept. 13, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Sept. 13, 2015~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L    DON'T MISS OUT!!!!!"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 26:**     Concerning an ad published on Nov. 28, 2015

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 28, 2015~~ | ~~Publish ad involving P.R. entitled "50 Red R*O*S*E*S S*P*E*C*I*A*L    DON'T MISS OUT!!!!!"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 27:**     Concerning an ad published on Apr. 21, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Apr. 21, 2016~~ | ~~Publish ad entitled "Finally!! PSE & GFE   Kimber Rae and MIA Marie Together BOOK NOW"~~ |

Michael Lacey _____ GUILTY _____ NOT GUILTY

James Larkin _____ GUILTY _____ NOT GUILTY

Scott Spear _____ GUILTY _____ NOT GUILTY

John "Jed" Brunst _____ GUILTY _____ NOT GUILTY

Andrew Padilla _____ GUILTY _____ NOT GUILTY

Joye Vaught _____ GUILTY _____ NOT GUILTY

**Count 28:**     Concerning an ad published on Nov. 3, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 3, 2016~~ | ~~Publish ad entitled "GFEE New   18"~~ |

Michael Lacey _____ GUILTY _____ NOT GUILTY

James Larkin _____ GUILTY _____ NOT GUILTY

Scott Spear _____ GUILTY _____ NOT GUILTY

John "Jed" Brunst _____ GUILTY _____ NOT GUILTY

Andrew Padilla _____ GUILTY _____ NOT GUILTY

Joye Vaught _____ GUILTY _____ NOT GUILTY

3739464.1

- 15 -

**Count 29:**    Concerning an ad published on Nov. 11, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 11, 2016~~ | ~~Publish ad entitled "Mind blowing Tiffany, Incall in Taunton—37," with accompanying text "Soft GFE … Im real and reviewed"~~ |

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 30:**    Concerning an ad published on Nov. 14, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 14, 2016~~ | ~~Publish ad entitled "Top Model 2016 Special 'Best Looking Young Asian' … 22," with accompanying text "Sexy Asian Girl Incall Service" and "GFE"~~ |

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 31:**   Concerning an ad published on Nov. 14, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 14, 2016~~ | ~~Publish ad entitled "Sometimes It's All About The Journey, And The Destination…..Erectile Dysfunctional G F E Provider -- 44," with accompanying text "You can find a few current reviews at T3R xxxxxx#" and "I have been EROS authenticated"~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 32:**   Concerning an ad published on Nov. 19, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Nov. 19, 2016~~ | ~~Publish ad entitled "The True (G)irl (F)riend (E)xperience Visiting November 27th Sunday -- PRE-BOOKING SPECIAIL - -- 100," with accompanying text "Let's blur restrictions between financial transaction & Romantic Connection"~~ |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 33:**    Concerning an ad published on Nov. 24, 2016

| Date | Description |
|---|---|
| Nov. 24, 2016 | Publish ad entitled "Top Asian Grand Opening 100% Young 100% Sexy … 23," with accompanying text "BEST INCALL IN TOWN!" and "GFE" |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 34:**    Concerning an ad published on Nov. 26, 2016

| Date | Description |
|---|---|
| Nov. 26, 2016 | Publish ad entitled "I LOVE MEN!! I'm a GFE. OutCall and Incall with exception on the Incall!!   42" |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 35:**    Concerning an ad published on Dec. 20, 2016

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Dec. 20, 2016~~ | ~~Publish ad entitled "OMG  Sexy Sensual 36DD  24  36 Stacked College Coed With The Best Mouth Ever! BOOK NOW!  24," with accompanying text "I do ALL the things YOU Wish Your Wife Did!!" and "(G).(F).(E) 30 min/$180"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 36:**    Concerning an ad published on Jan. 15, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 15, 2017~~ | ~~Publish ad entitled "Real & Reviewed Girlfriend Theonesweet.weebly.com  30," with accompanying text "250 G F E"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 37:**    Concerning an ad published on Apr. 4, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Apr. 4, 2017~~ | ~~Publish ad entitled "KISSING & GFE KOREAN GIRLS – 20"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 38:**    Concerning an ad published on Apr. 11, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Apr. 11, 2017~~ | ~~Publish ad entitled "Pettit Sexy #Corey# 4407239339 – 39," with accompanying text "complete GFE experience"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 39:**     Concerning an ad published on July 3, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~July 3, 2017~~ | ~~Publish ad entitled "WANNA HANG OUT NOW UpScale New In Town! Call ME now for an unforgettable visit - 20," with accompanying text "100% GFE with 100% no Pimps"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 40:**     Concerning an ad published on July 15, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~July 15, 2017~~ | ~~Publish ad entitled "Ready for some fun daddy? This is your chance too have a amazing time - 21," with accompanying text "Slim body, nice tits, freaky, GFE"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 41:**    Concerning an ad published on July 15, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~July 15, 2017~~ | ~~Publish ad entitled "New in town BiGBubble Booty SWEETLiPS HOT BODY—24," with "GFE" in accompanying text~~ |

Michael Lacey        _____ GUILTY        _____ NOT GUILTY

James Larkin         _____ GUILTY        _____ NOT GUILTY

Scott Spear          _____ GUILTY        _____ NOT GUILTY

John "Jed" Brunst    _____ GUILTY        _____ NOT GUILTY

Andrew Padilla       _____ GUILTY        _____ NOT GUILTY

Joye Vaught          _____ GUILTY        _____ NOT GUILTY

**Count 42:**    Concerning an ad published on July 21, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~July 21, 2017~~ | ~~Publish ad entitled "Pettit Sexy #Corey# 4407239339—30," with accompanying text "complete GFE experience"~~ |

Michael Lacey        _____ GUILTY        _____ NOT GUILTY

James Larkin         _____ GUILTY        _____ NOT GUILTY

Scott Spear          _____ GUILTY        _____ NOT GUILTY

John "Jed" Brunst    _____ GUILTY        _____ NOT GUILTY

Andrew Padilla       _____ GUILTY        _____ NOT GUILTY

Joye Vaught          _____ GUILTY        _____ NOT GUILTY

**Count 43:**   Concerning an ad published on July 23, 2017

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~July 23, 2017~~ | ~~Publish ad entitled "ASIAN GODDESS young   20," with accompanying text "100% Discreet service" and "#GFE"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 44:**   Concerning an ad published on Jan. 26, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 26, 2018~~ | ~~Publish ad entitled "GFE Service Available! Private Encounters w/ Pampering Beauty"~~ |

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 45:**    Concerning an ad published on Jan. 31, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 30, 2018~~ | ~~Publish ad entitled "241 & white plans area Carfun Perfect Treat  Available No Rush," with "Sweet Sexy GFE" in accompanying text~~ |

Michael Lacey         _____ GUILTY        _____ NOT GUILTY

James Larkin          _____ GUILTY        _____ NOT GUILTY

Scott Spear           _____ GUILTY        _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY        _____ NOT GUILTY

Andrew Padilla        _____ GUILTY        _____ NOT GUILTY

Joye Vaught           _____ GUILTY        _____ NOT GUILTY

**Count 46:**    Concerning an ad published on Jan. 30, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 30, 2018~~ | ~~Publish ad entitled "GFE REAL HOT Sweet DREAM AMAZING BEST RELAX"~~ |

Michael Lacey         _____ GUILTY        _____ NOT GUILTY

James Larkin          _____ GUILTY        _____ NOT GUILTY

Scott Spear           _____ GUILTY        _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY        _____ NOT GUILTY

Andrew Padilla        _____ GUILTY        _____ NOT GUILTY

Joye Vaught           _____ GUILTY        _____ NOT GUILTY

**Count 47:**    Concerning an ad published on Jan. 30, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 30, 2018~~ | ~~Publish ad entitled "Tall, Slim & Sexy Luxe Goddess *~~ ~~NARCISA * Sensual Body Rub + Fetish Sessions," with~~ ~~accompanying text "gfe  Hh:$160  H: $220"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 48:**    Concerning an ad published on Jan. 31, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Jan. 31, 2018~~ | ~~Publish ad entitled "Exotic Asian Beauty," with~~ ~~accompanying text "I am an independent GFE with~~ ~~excellent massage skills"~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

**Count 49:**     Concerning an ad published on Feb. 1, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Feb. 1, 2018~~ | ~~Publish ad entitled "Nuru (Best GFE ever) incall only"~~ |

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 50:**     Concerning an ad published on Feb. 6, 2018

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Feb. 6, 2018~~ | ~~Publish ad entitled "Tuesday with Ashleigh. Available now," with "GFE" in accompanying text~~ |

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

1

**Count 51:**     Concerning an ad published on Feb. 6, 2018

2

| ~~Date~~ | ~~Description~~ |
|---|---|
| ~~Feb. 6, 2018~~ | ~~Publish ad entitled "GFE Kisskisspop 100% real Photo Choice 9Asian girl Nurunude"~~ |

3

4

5

6

| | | | |
|---|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY | |
| James Larkin | _____ GUILTY | _____ NOT GUILTY | |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY | |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY | |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY | |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY | |

7

8

9

10

11

12

13

**Conspiracy To Commit Money Laundering**
**18 U.S.C. § 1956(h)**
**COUNT 52**

14

15

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

16

17

18

19

20

21

22

23

24

25

26

27

28

**Concealment Money Laundering**
**18 U.S.C. § 1956(a)(1)(B)(i)**
**COUNT 53-62**

**Count 53:**   A transaction occurring on May 18, 2016

Formatted: Font: Not Bold

| Date | Amount | Description |
|---|---|---|
| May 18, 2016 | $1,476,505.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

**Count 54:**   A transaction occurring on May 18, 2016

| Date | Amount | Description |
|---|---|---|
| May 18, 2016 | $264,438.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

3739464.1                    - 28 -

**Count 55:**   A transaction occurring on May 31, 2016

| Date | Amount | Description |
|---|---|---|
| May 31, 2016 | $3,171,675.80 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 56:**   A transaction occurring on May 31, 2016

| Date | Amount | Description |
|---|---|---|
| May 31, 2016 | $432,961.87 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 57:**   A transaction occurring on June 20, 2016

| Date | Amount | Description |
|------|--------|-------------|
| June 20, 2016 | $842,878.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 58:**   A transaction occurring on June 30, 2016

| Date | Amount | Description |
|------|--------|-------------|
| June 30, 2016 | $3,076,147.75 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 59:**     A transaction occurring on July 27, 2016

| Date | Amount | Description |
|------|--------|-------------|
| July 27, 2016 | $3,252,681.62 | Website Technologies (x2008) to Cereus Properties (x6211) |

       Michael Lacey     _____ GUILTY     _____ NOT GUILTY

       James Larkin     _____ GUILTY     _____ NOT GUILTY

       Scott Spear     _____ GUILTY     _____ NOT GUILTY

       John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 60:**     A transaction occurring on July 27, 2016

| Date | Amount | Description |
|------|--------|-------------|
| July 27, 2016 | $438,818.86 | Website Technologies (x2008) to Cereus Properties (x6211) |

       Michael Lacey     _____ GUILTY     _____ NOT GUILTY

       James Larkin     _____ GUILTY     _____ NOT GUILTY

       Scott Spear     _____ GUILTY     _____ NOT GUILTY

       John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 61:**    A transaction occurring on Aug. 16, 2016

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 16, 2016 | $804,250.00 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 62:**    A transaction occurring on Aug. 31, 2016

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 31, 2016 | $3,171,264.42 | Website Technologies (x2008) to Cereus Properties (x6211) |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

3739464.1

### International Promotional Money Laundering
### 18 U.S.C. § 1956(a)(2)(A)
### COUNT 63-68

**Count 63:**   A transaction occurring on Mar. 4, 2014

| Date | Amount | Description |
|---|---|---|
| Mar. 4, 2014 | $6,450.00 | U.S. Bank (x1165) to S.B. (web developer in India) |

Michael Lacey      _____ GUILTY      _____ NOT GUILTY

James Larkin      _____ GUILTY      _____ NOT GUILTY

Scott Spear      _____ GUILTY      _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY      _____ NOT GUILTY

**Count 64:**   A transaction occurring on Aug. 5, 2016

| Date | Amount | Description |
|---|---|---|
| Aug. 5, 2016 | $5,005,732.86 | Ad Tech B.V. (Netherlands) to Cereus Properties (x6211) |

Michael Lacey      _____ GUILTY      _____ NOT GUILTY

James Larkin      _____ GUILTY      _____ NOT GUILTY

Scott Spear      _____ GUILTY      _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY      _____ NOT GUILTY

**Count 65:**   A transaction occurring on Sept. 22, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Sept. 22, 2016~~ | ~~$2,916,955.00~~ | ~~Ad Tech B.V. (Netherlands) to Cereus Properties (x6211)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 66:**   A transaction occurring on Oct. 3, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Oct. 3, 2016~~ | ~~$354,050.84~~ | ~~Ad Tech B.V. (Netherlands) to Cereus Properties (x6211)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 67:**    A transaction occurring on Nov. 2, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Nov. 2, 2016~~ | ~~$2,726,170.00~~ | ~~Ad Tech B.V. (Netherlands) to Cereus Properties (x6211)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 68:**    A transaction occurring on Nov. 15, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Nov. 15, 2016~~ | ~~$351,403.54~~ | ~~Ad Tech B.V. (Netherlands) to Cereus Properties (x6211)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

### Transactional Money Laundering
### 18 U.S.C. § 1957(a)
### COUNT 69-99

**Count 69:**     A transaction occurring on Aug. 21, 2013

| Date | Amount | Description |
|------|--------|-------------|
| Aug. 21, 2013 | $30,000.00 | Bank of America (x1793) to Stewart Title (partial payment for Sedona property) |

Michael Lacey     _____ GUILTY     _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 70:**     A transaction occurring on Sept. 13, 2013

| Date | Amount | Description |
|------|--------|-------------|
| Sept. 13, 2013 | $62,491.47 | Bank of America (x1793) to Stewart Title (partial payment for Sedona property) |

Michael Lacey     _____ GUILTY     _____ NOT GUILTY

John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 71:**     A transaction occurring on June 11, 2014

| Date | Amount | Description |
|------|--------|-------------|
| June 11, 2014 | $300,000.00 | National Bank of Arizona (x0178) to Spear Family Trust |

Scott Spear     _____ GUILTY     _____ NOT GUILTY

**Count 72:**     A transaction occurring on June 20, 2014

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~June 20, 2014~~ | ~~$200,000.00~~ | ~~National Bank of Arizona (x0178) to TD Ameritrade~~ |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 73:**     A transaction occurring on Nov. 4, 2014

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Nov. 4, 2014~~ | ~~$1,000,000.00~~ | ~~National Bank of Arizona (x0178) to TD Ameritrade~~ |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 74:**     A transaction occurring on May 15, 2015

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~May 14, 2015~~ | ~~$250,000.00~~ | ~~National Bank of Arizona (x0178) to Lincoln National Life~~ |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 75:**     A transaction occurring on May 25, 2015

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~May 26, 2015~~ | ~~$50,000.00~~ | ~~National Bank of Arizona (x0178) to Industrial Property Trust~~ |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 76:** A transaction occurring on Nov. 3, 2015

| Date | Amount | Description |
|---|---|---|
| Nov. 3, 2015 | $300,000.00 | National Bank of Arizona (x0178) to Ally Bank |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 77:** A transaction occurring on Dec. 1, 2015

| Date | Amount | Description |
|---|---|---|
| Dec. 1, 2015 | $200,000.00 | National Bank of Arizona (x0178) to Wells Fargo |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 78:** A transaction occurring on Jan. 11, 2016

| Date | Amount | Description |
|---|---|---|
| Jan. 11, 2016 | $133,045.00 | Cereus Properties (x6211) to National Bank of Arizona (x0178) |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 79:**     A transaction occurring on Jan. 26, 2016

| Date | Amount | Description |
|---|---|---|
| Jan. 26, 2016 | $101,974.00 | Cereus Properties (x6211) to Wells Fargo (x4891) |

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 80:**     A transaction occurring on Feb. 3, 2016

| Date | Amount | Description |
|---|---|---|
| Feb. 3, 2016 | $1,507,944.00 | Cereus Properties (x6211) to Charles Schwab |

    James Larkin    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 81:**     A transaction occurring on Mar. 1, 2016

| Date | Amount | Description |
|---|---|---|
| Mar. 1, 2016 | $1,692,020.00 | Cereus Properties (x6211) to Bank of America (x5554) |

    Michael Lacey    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 82:**    A transaction occurring on Apr. 1, 2016

| Date | Amount | Description |
|---|---|---|
| Apr. 1, 2016 | $220,944.00 | Cereus Properties (x6211) to Wells Fargo (x4891) |

John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 83:**    A transaction occurring on June 27, 2016

| Date | Amount | Description |
|---|---|---|
| June 27, 2016 | $397,500.00 | Arizona Bank & Trust (x1793) to Fidelity Title (partial payment for San Francisco property) |

Michael Lacey    _____ GUILTY    _____ NOT GUILTY

John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 84:**    A transaction occurring on July 20, 2016

| Date | Amount | Description |
|---|---|---|
| July 20, 2016 | $12,859,152.57 | Arizona Bank & Trust (x1793) to Fidelity Title (partial payment for San Francisco property) |

Michael Lacey    _____ GUILTY    _____ NOT GUILTY

John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 85:**    A transaction occurring on July 22, 2016

| Date | Amount | Description |
|---|---|---|
| July 22, 2016 | $50,000.00 | National Bank of Arizona (x0178) to Strategic Storage Trust II |

Scott Spear    _____ GUILTY    _____ NOT GUILTY

3739464.1

- 40 -

**Count 86:**   A transaction occurring on Aug. 2, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Aug. 2, 2016~~ | ~~$16,243.00~~ | ~~Cereus Properties (x6211) to Wells Fargo (x0495)~~ |

Michael Lacey           _____ GUILTY           _____ NOT GUILTY

John "Jed" Brunst       _____ GUILTY           _____ NOT GUILTY

**Count 87:**   A transaction occurring on Oct. 6, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Oct. 6, 2016~~ | ~~$1,206,356.00~~ | ~~Cereus Properties (x6211) to Charles Schwab (x4693)~~ |

James Larkin            _____ GUILTY           _____ NOT GUILTY

John "Jed" Brunst       _____ GUILTY           _____ NOT GUILTY

**Count 88:**   A transaction occurring on Oct. 6, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Oct. 6, 2016~~ | ~~$268,016.00~~ | ~~Cereus Properties (x6211) to Arizona Bank & Trust (x1967)~~ |

Michael Lacey           _____ GUILTY           _____ NOT GUILTY

John "Jed" Brunst       _____ GUILTY           _____ NOT GUILTY

**Count 89:**   A transaction occurring on Oct. 6, 2016

| Date | Amount | Description |
|---|---|---|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1972) |

     Michael Lacey　_____ GUILTY　_____ NOT GUILTY

     John "Jed" Brunst　_____ GUILTY　_____ NOT GUILTY

**Count 90:**   A transaction occurring on Oct. 6, 2016

| Date | Amount | Description |
|---|---|---|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1986) |

     Michael Lacey　_____ GUILTY　_____ NOT GUILTY

     John "Jed" Brunst　_____ GUILTY　_____ NOT GUILTY

**Count 91:**   A transaction occurring on Oct. 6, 2016

| Date | Amount | Description |
|---|---|---|
| Oct. 6, 2016 | $268,016.00 | Cereus Properties (x6211) to Arizona Bank & Trust (x1991) |

     Michael Lacey　_____ GUILTY　_____ NOT GUILTY

     John "Jed" Brunst　_____ GUILTY　_____ NOT GUILTY

**Count 92:**     A transaction occurring on Oct. 6, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Oct. 6, 2016~~ | ~~$268,016.00~~ | ~~Cereus Properties (x6211) to Arizona Bank & Trust (x2014)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 93:**     A transaction occurring on Oct. 6, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Oct. 6, 2016~~ | ~~$141,444.00~~ | ~~Cereus Properties (x6211) to National Bank of Arizona (x0178)~~ |

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 94:**     A transaction occurring on Dec. 29, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Dec. 29, 2016~~ | ~~$3,300,000.00~~ | ~~Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992)~~ |

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

**Count 95:**   A transaction occurring on Dec. 29, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Dec. 29, 2016~~ | ~~$3,300,000.00~~ | ~~Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992)~~ |

      Michael Lacey   _____ GUILTY   _____ NOT GUILTY

**Count 96:**   A transaction occurring on Dec. 29, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Dec. 29, 2016~~ | ~~$3,300,000.00~~ | ~~Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992)~~ |

      Michael Lacey   _____ GUILTY   _____ NOT GUILTY

**Count 97:**   A transaction occurring on Dec. 29, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Dec. 29, 2016~~ | ~~$3,300,000.00~~ | ~~Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992)~~ |

      Michael Lacey   _____ GUILTY   _____ NOT GUILTY

**Count 98:**   A transaction occurring on Dec. 29, 2016

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Dec. 29, 2016~~ | ~~$3,300,000.00~~ | ~~Arizona Bank & Trust/Dubuque Bank & Trust to Johnson Bank (x9992)~~ |

      Michael Lacey   _____ GUILTY   _____ NOT GUILTY

**Count 99:**     A transaction occurring on Jan. 3, 2017

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Jan. 3, 2017~~ | ~~$16,500,000.00~~ | ~~Johnson Bank (x9992) to Primus Trust Co./K&H Bank (Hungary)~~ |

Michael Lacey     _____ GUILTY     _____ NOT GUILTY

**International Concealment Money Laundering**
**18 U.S.C. § 1956(a)(2)(B)(i)**
**COUNT 100**

**Count 100:**   A transaction occurring on Jan. 3, 2017

| ~~Date~~ | ~~Amount~~ | ~~Description~~ |
|---|---|---|
| ~~Jan. 3, 2017~~ | ~~$16,500,000.00~~ | ~~Johnson Bank (x9992) to Primus Trust Co./K&H Bank (Hungary)~~ |

Michael Lacey     _____ GUILTY     _____ NOT GUILTY

_____          _____
DATE                                          FOREPERSON

3739464.1                                  - 45 -

# EXHIBIT D

Thomas H. Bienert, Jr. *(admitted pro hac vice)*
    tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
    wbernstein@bmkattorneys.com
BIENERT KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **PROPOSED VERDICT FORM** |
| vs. | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |
| Michael Lacey, *et al.*, | |
| Defendants. | |

3739464.3

1   Gary S. Lincenberg *(admitted pro hac vice)*
        glincenberg@birdmarella.com
2   Ariel A. Neuman *(admitted pro hac vice)*
        aneuman@birdmarella.com
3   Gopi K. Panchapakesan *(admitted pro hac vice)*
        gpanchapakesan@birdmarella.com
4   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
5   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
6   Telephone: (310) 201-2100
    Facsimile: (310) 201-2110
7
    Attorneys for Defendant John Brunst
8
9   Bruce Feder (AZ Bar No. 004832)
        bf@federlawpa.com
    FEDER LAW OFFICE, P.A.
10  2930 E. Camelback Road, Suite 160
    Phoenix, Arizona 85016
11  Telephone: (602) 257-0135

12  Attorney for Defendant Scott Spear

13  David Eisenberg (AZ Bar No. 017218)
        david@deisenbergplc.com
14  DAVID EISENBERG PLC
    3550 N. Central Ave., Suite 1155
15  Phoenix, Arizona 85012
    Telephone: (602) 237-5076
16  Facsimile: (602) 314-6273

17  Attorney for Defendant Andrew Padilla

18  Joy Malby Bertrand (AZ Bar No. 024181)
        joy.bertrand@gmail.com
19  JOY BERTRAND ESQ LLC
    P.O. Box 2734
20  Scottsdale, Arizona 85252
    Telephone: (602)374-5321
21  Facsimile: (480)361-4694

22  Attorney for Defendant Joye Vaught

23
24
25
26
27
28

PROPOSED VERDICT FORM

We, the Jury, find the Defendants, Michael Lacey, James Larkin, Scott Spear, John "Jed" Brunst, Andrew Padilla, and Joye Vaught, as to the charges of the Indictment:

## CONSPIRACY
### 18 U.S.C. § 371
### COUNT 1

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

## Travel Act – Facilitate Prostitution
### 18 U.S.C. § 1952(a)(3)(A)
### COUNTS 2-51

**Count 2:**      Concerning an ad published on Sept. 10, 2013

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 3:**      Concerning an ad published on Jan. 27, 2014

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

1

PROPOSED VERDICT FORM

**Count 4:**     Concerning an ad published on Jan. 29, 2014

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 5:**     Concerning an ad published on Jan. 31, 2014

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 6:**     Concerning an ad published on Feb. 6, 2014

| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**Count 7:**      Concerning an ad published on Apr. 20, 2014

Michael Lacey            _____ GUILTY            _____ NOT GUILTY

James Larkin             _____ GUILTY            _____ NOT GUILTY

Scott Spear              _____ GUILTY            _____ NOT GUILTY

John "Jed" Brunst        _____ GUILTY            _____ NOT GUILTY

Andrew Padilla           _____ GUILTY            _____ NOT GUILTY

Joye Vaught              _____ GUILTY            _____ NOT GUILTY


**Count 8:**      Concerning an ad published on May 7, 2014

Michael Lacey            _____ GUILTY            _____ NOT GUILTY

James Larkin             _____ GUILTY            _____ NOT GUILTY

Scott Spear              _____ GUILTY            _____ NOT GUILTY

John "Jed" Brunst        _____ GUILTY            _____ NOT GUILTY

Andrew Padilla           _____ GUILTY            _____ NOT GUILTY

Joye Vaught              _____ GUILTY            _____ NOT GUILTY


**Count 9:**      Concerning an ad published on May 31, 2014

Michael Lacey            _____ GUILTY            _____ NOT GUILTY

James Larkin             _____ GUILTY            _____ NOT GUILTY

Scott Spear              _____ GUILTY            _____ NOT GUILTY

John "Jed" Brunst        _____ GUILTY            _____ NOT GUILTY

Andrew Padilla           _____ GUILTY            _____ NOT GUILTY

Joye Vaught              _____ GUILTY            _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 10:**    Concerning an ad published on July 1, 2014

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 11:**    Concerning an ad published on Aug. 19, 2014

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 12:**    Concerning an ad published on Nov. 23, 2014

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**Count 13:**     Concerning an ad published on Jan. 29, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY


**Count 14:**     Concerning an ad published on Jan. 31, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY


**Count 15:**     Concerning an ad published on Jan. 31, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin          _____ GUILTY          _____ NOT GUILTY

Scott Spear          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

Andrew Padilla          _____ GUILTY          _____ NOT GUILTY

Joye Vaught          _____ GUILTY          _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 16:**     Concerning an ad published on Feb. 4, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY


**Count 17:**     Concerning an ad published on Feb. 18, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY


**Count 18:**     Concerning an ad published on Feb. 26, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 19:**     Concerning an ad published on May 18, 2015

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 20:**     Concerning an ad published on May 19, 2015

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 21:**     Concerning an ad published on July 1, 2015

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 22:**     Concerning an ad published on July 2, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY


**Count 23:**     Concerning an ad published on Aug. 13, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY


**Count 24:**     Concerning an ad published on Aug. 15, 2015

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY

Andrew Padilla         _____ GUILTY          _____ NOT GUILTY

Joye Vaught            _____ GUILTY          _____ NOT GUILTY

**Count 25:**      Concerning an ad published on Sept. 13, 2015

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 26:**      Concerning an ad published on Nov. 28, 2015

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 27:**      Concerning an ad published on Apr. 21, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 28:**     Concerning an ad published on Nov. 3, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 29:**     Concerning an ad published on Nov. 11, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 30:**     Concerning an ad published on Nov. 14, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 31:**     Concerning an ad published on Nov. 14, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 32:**     Concerning an ad published on Nov. 19, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 33:**     Concerning an ad published on Nov. 24, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**<u>Count 34</u>:**     Concerning an ad published on Nov. 26, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**<u>Count 35</u>:**     Concerning an ad published on Dec. 20, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**<u>Count 36</u>:**     Concerning an ad published on Jan. 15, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 37:**    Concerning an ad published on Apr. 4, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 38:**    Concerning an ad published on Apr. 11, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 39:**    Concerning an ad published on July 3, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**Count 40:**    Concerning an ad published on July 15, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 41:**    Concerning an ad published on July 15, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 42:**    Concerning an ad published on July 21, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 43:**     Concerning an ad published on July 23, 2017

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 44:**     Concerning an ad published on Jan. 26, 2018

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 45:**     Concerning an ad published on Jan. 31, 2018

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

15

PROPOSED VERDICT FORM

**Count 46:**      Concerning an ad published on Jan. 30, 2018

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 47:**      Concerning an ad published on Jan. 30, 2018

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

**Count 48:**      Concerning an ad published on Jan. 31, 2018

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**Count 49:**      Concerning an ad published on Feb. 1, 2018

|                    |              |                |
|--------------------|--------------|----------------|
| Michael Lacey      | _____ GUILTY | _____ NOT GUILTY |
| James Larkin       | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear        | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst  | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla     | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught        | _____ GUILTY | _____ NOT GUILTY |

**Count 50:**      Concerning an ad published on Feb. 6, 2018

|                    |              |                |
|--------------------|--------------|----------------|
| Michael Lacey      | _____ GUILTY | _____ NOT GUILTY |
| James Larkin       | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear        | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst  | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla     | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught        | _____ GUILTY | _____ NOT GUILTY |

**Count 51:**      Concerning an ad published on Feb. 6, 2018

|                    |              |                |
|--------------------|--------------|----------------|
| Michael Lacey      | _____ GUILTY | _____ NOT GUILTY |
| James Larkin       | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear        | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst  | _____ GUILTY | _____ NOT GUILTY |
| Andrew Padilla     | _____ GUILTY | _____ NOT GUILTY |
| Joye Vaught        | _____ GUILTY | _____ NOT GUILTY |

PROPOSED VERDICT FORM

**Conspiracy to Commit Money Laundering**

**18 U.S.C. § 1956(h)**
**COUNT 52**

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

**Concealment Money Laundering**

**18 U.S.C. § 1956(a)(1)(B)(i)**
**COUNT 53-62**

**Count 53:**   A transaction occurring on May 18, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

**Count 54:**   A transaction occurring on May 18, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

**Count 55:**   A transaction occurring on May 31, 2016

| | | |
|---|---|---|
| Michael Lacey | _____ GUILTY | _____ NOT GUILTY |
| James Larkin | _____ GUILTY | _____ NOT GUILTY |
| Scott Spear | _____ GUILTY | _____ NOT GUILTY |
| John "Jed" Brunst | _____ GUILTY | _____ NOT GUILTY |

**Count 56:**     A transaction occurring on May 31, 2016

  Michael Lacey  _____ GUILTY   _____ NOT GUILTY

  James Larkin  _____ GUILTY   _____ NOT GUILTY

  Scott Spear  _____ GUILTY   _____ NOT GUILTY

  John "Jed" Brunst  _____ GUILTY   _____ NOT GUILTY


**Count 57:**     A transaction occurring on June 20, 2016

  Michael Lacey  _____ GUILTY   _____ NOT GUILTY

  James Larkin  _____ GUILTY   _____ NOT GUILTY

  Scott Spear  _____ GUILTY   _____ NOT GUILTY

  John "Jed" Brunst  _____ GUILTY   _____ NOT GUILTY


**Count 58:**     A transaction occurring on June 30, 2016

  Michael Lacey  _____ GUILTY   _____ NOT GUILTY

  James Larkin  _____ GUILTY   _____ NOT GUILTY

  Scott Spear  _____ GUILTY   _____ NOT GUILTY

  John "Jed" Brunst  _____ GUILTY   _____ NOT GUILTY


**Count 59:**     A transaction occurring on July 27, 2016

  Michael Lacey  _____ GUILTY   _____ NOT GUILTY

  James Larkin  _____ GUILTY   _____ NOT GUILTY

  Scott Spear  _____ GUILTY   _____ NOT GUILTY

  John "Jed" Brunst  _____ GUILTY   _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 60:**      A transaction occurring on July 27, 2016

      Michael Lacey     _____ GUILTY     _____ NOT GUILTY

      James Larkin     _____ GUILTY     _____ NOT GUILTY

      Scott Spear     _____ GUILTY     _____ NOT GUILTY

      John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 61:**      A transaction occurring on Aug. 16, 2016

      Michael Lacey     _____ GUILTY     _____ NOT GUILTY

      James Larkin     _____ GUILTY     _____ NOT GUILTY

      Scott Spear     _____ GUILTY     _____ NOT GUILTY

      John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

**Count 62:**      A transaction occurring on Aug. 31, 2016

      Michael Lacey     _____ GUILTY     _____ NOT GUILTY

      James Larkin     _____ GUILTY     _____ NOT GUILTY

      Scott Spear     _____ GUILTY     _____ NOT GUILTY

      John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

### International Promotional Money Laundering
**18 U.S.C. § 1956(a)(2)(A)**
**COUNT 63-68**

**Count 63:**      A transaction occurring on Mar. 4, 2014

      Michael Lacey     _____ GUILTY     _____ NOT GUILTY

      James Larkin     _____ GUILTY     _____ NOT GUILTY

      Scott Spear     _____ GUILTY     _____ NOT GUILTY

      John "Jed" Brunst     _____ GUILTY     _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 64:**     A transaction occurring on Aug. 5, 2016

    Michael Lacey    _____ GUILTY    _____ NOT GUILTY

    James Larkin    _____ GUILTY    _____ NOT GUILTY

    Scott Spear    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 65:**     A transaction occurring on Sept. 22, 2016

    Michael Lacey    _____ GUILTY    _____ NOT GUILTY

    James Larkin    _____ GUILTY    _____ NOT GUILTY

    Scott Spear    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 66:**     A transaction occurring on Oct. 3, 2016

    Michael Lacey    _____ GUILTY    _____ NOT GUILTY

    James Larkin    _____ GUILTY    _____ NOT GUILTY

    Scott Spear    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

**Count 67:**     A transaction occurring on Nov. 2, 2016

    Michael Lacey    _____ GUILTY    _____ NOT GUILTY

    James Larkin    _____ GUILTY    _____ NOT GUILTY

    Scott Spear    _____ GUILTY    _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY    _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 68:**    A transaction occurring on Nov. 15, 2016

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

James Larkin           _____ GUILTY          _____ NOT GUILTY

Scott Spear            _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY


### Transactional Money Laundering
### 18 U.S.C. § 1957(a)
### COUNT 69-99

**Count 69:**    A transaction occurring on Aug. 21, 2013

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY


**Count 70:**    A transaction occurring on Sept. 13, 2013

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

John "Jed" Brunst      _____ GUILTY          _____ NOT GUILTY


**Count 71:**    A transaction occurring on June 11, 2014

Scott Spear            _____ GUILTY          _____ NOT GUILTY


**Count 72:**    A transaction occurring on June 20, 2014

Scott Spear            _____ GUILTY          _____ NOT GUILTY


**Count 73:**    A transaction occurring on Nov. 4, 2014

Scott Spear            _____ GUILTY          _____ NOT GUILTY

**Count 74:**     A transaction occurring on May 15, 2015

       Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 75:**     A transaction occurring on May 25, 2015

       Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 76:**     A transaction occurring on Nov. 3, 2015

       Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 77:**     A transaction occurring on Dec. 1, 2015

       Scott Spear          _____ GUILTY          _____ NOT GUILTY

**Count 78:**     A transaction occurring on Jan. 11, 2016

       Scott Spear          _____ GUILTY          _____ NOT GUILTY

       John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 79:**     A transaction occurring on Jan. 26, 2016

       John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

**Count 80:**     A transaction occurring on Feb. 3, 2016

       James Larkin          _____ GUILTY          _____ NOT GUILTY

       John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 81:**     A transaction occurring on Mar. 1, 2016

    Michael Lacey          _____ GUILTY          _____ NOT GUILTY

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY


**Count 82:**     A transaction occurring on Apr. 1, 2016

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY


**Count 83:**     A transaction occurring on June 27, 2016

    Michael Lacey          _____ GUILTY          _____ NOT GUILTY

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY


**Count 84:**     A transaction occurring on July 20, 2016

    Michael Lacey          _____ GUILTY          _____ NOT GUILTY

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY


**Count 85:**     A transaction occurring on July 22, 2016

    Scott Spear          _____ GUILTY          _____ NOT GUILTY


**Count 86:**     A transaction occurring on Aug. 2, 2016

    Michael Lacey          _____ GUILTY          _____ NOT GUILTY

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY


**Count 87:**     A transaction occurring on Oct. 6, 2016

    James Larkin          _____ GUILTY          _____ NOT GUILTY

    John "Jed" Brunst          _____ GUILTY          _____ NOT GUILTY

PROPOSED VERDICT FORM

**<u>Count 88</u>:**     A transaction occurring on Oct. 6, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 89</u>:**     A transaction occurring on Oct. 6, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 90</u>:**     A transaction occurring on Oct. 6, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 91</u>:**     A transaction occurring on Oct. 6, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 92</u>:**     A transaction occurring on Oct. 6, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 93</u>:**     A transaction occurring on Oct. 6, 2016

    Scott Spear     _____ GUILTY     _____ NOT GUILTY

    John "Jed" Brunst    _____ GUILTY     _____ NOT GUILTY

**<u>Count 94</u>:**     A transaction occurring on Dec. 29, 2016

    Michael Lacey     _____ GUILTY     _____ NOT GUILTY

PROPOSED VERDICT FORM

**Count 95:**     A transaction occurring on Dec. 29, 2016

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

**Count 96:**     A transaction occurring on Dec. 29, 2016

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

**Count 97:**     A transaction occurring on Dec. 29, 2016

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

**Count 98:**     A transaction occurring on Dec. 29, 2016

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

**Count 99:**     A transaction occurring on Jan. 3, 2017

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

### **International Concealment Money Laundering**
### **18 U.S.C. § 1956(a)(2)(B)(i)**
### **COUNT 100**

**Count 100:**     A transaction occurring on Jan. 3, 2017

Michael Lacey          _____ GUILTY          _____ NOT GUILTY

_____          _____
DATE                                FOREPERSON

PROPOSED VERDICT FORM

1

2      *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual*

3   *(October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose*

4   *behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

5

6   DATED:  August 5, 2021              Respectfully submitted,

7                                      Thomas H. Bienert Jr.

8                                      Whitney Z. Bernstein
                                       Bienert | Katzman PC

9
                                       By:  _____*/s/ Thomas H. Bienert, Jr.*_____
10                                                   Thomas H. Bienert Jr.

11                                     Attorneys for Defendant James Larkin

12  DATED:  August 5, 2021              Gary S. Lincenberg

13                                     Ariel A. Neuman
                                       Gopi K. Panchapakesan
14                                     Bird, Marella, Boxer, Wolpert, Nessim,
                                       Drooks, Lincenberg & Rhow, P.C.
15

16                                     By:  _____*/s/ Gary S. Lincenberg*_____
17                                                   Gary S. Lincenberg

18                                     Attorneys for Defendant John Brunst

19  DATED:  August 5, 2021              Paul J. Cambria

20                                     Erin McCampbell
                                       Lipsitz Green Scime Cambria LLP
21

22                                     By:  _____*/s/ Paul J. Cambria*_____
                                                     Paul J. Cambria
23                                     Attorneys for Defendant Michael Lacey

24  DATED:  August 5, 2021              Feder Law Office, P.A.

25

26                                     By:  _____*/s/ Bruce S. Feder*_____
                                                     Bruce S. Feder
27                                     Attorney for Defendant Scott Spear

28

DATED:  August 5, 2021           The Law Office of David Eisenberg, PLC

                                 By:    _/s/ David Eisenberg_____
                                            David Eisenberg
                                        Attorney for Defendant Andrew Padilla


DATED:  August 5, 2021           Joy Bertrand Esq. LLC

                                 By:    _/s/ Joy Malby Bertrand_____
                                            Joy Malby Bertrand
                                        Attorney for Defendant Joye Vaught

PROPOSED VERDICT FORM

# EXHIBIT E

| | |
|---|---|
| **From:** | Stone, Andrew (USAAZ) |
| **To:** | Whitney Bernstein; Rapp, Kevin (USAAZ); Gopi K. Panchapakesan |
| **Cc:** | Gary S. Lincenberg; Ariel A. Neuman; Paul Cambria; Erin McCampbell Paris; Bruce Feder; David Eisenberg; Joy Bertrand; Thomas H. Bienert; Toni Thomas; Kozinets, Peter (USAAZ); Jones, Reginald (CRM); Perlmeter, Margaret (USAAZ); Boyle, Daniel (USACAC) |
| **Subject:** | RE: Trial Documents |
| **Date:** | Wednesday, July 28, 2021 11:00:35 AM |

Whitney,

We are responding to your 16 case specific instructions.  We are examining the changes you made to the model instructions we proposed and determining whether we agree with your proposed changes.  And, because it's been over a year since we drafted the instructions, we are revisiting some of our original instructions.  It's a time consuming task and because your instructions were sent to us two months before trial during our busiest trial preparation period, it's taking us longer than it would have if you had sent them earlier.

We will do our best to send you our response and revisions in advance of August 9.

Thanks,
Andy

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Tuesday, July 27, 2021 4:37 PM
**To:** Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Gopi K. Panchapakesan <gkp@birdmarella.com>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Thomas H. Bienert <tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Thanks, Andy.  We'll get our draft statement of the case and verdict form filed.  ==The July 26 submission date was proposed by you – we simply agreed (see the below emails) – and we adhered to that agreed upon modified schedule.==  We want to discuss all of these documents, and especially the jury instructions, with the Court at the August 9 hearing, so we want them submitted well in advance.  What type of update is the government planning to send us, and by when will the government send it?

Thanks,

Whitney

**Whitney Z. Bernstein** | Partner

Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

**From:** Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>
**Sent:** Tuesday, July 27, 2021 3:59 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>; Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>;
Gopi K. Panchapakesan <gkp@birdmarella.com>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Thomas H. Bienert
<tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; Kozinets, Peter (USAAZ)
<Peter.Kozinets@usdoj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter,
Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Boyle, Daniel (USACAC)
<Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Whitney,

Thanks for the email.

We've reviewed Defendants' drafts of these documents.  ==With respect to the proposed statement of
the case, we don't believe it would be beneficial to exchange further drafts.  We think it would be
appropriate for both sides to simply file their versions ahead of the final pretrial conference to
permit the Court to make its determination.==

==With respect to the verdict form, again we think the parties are too far apart to exchange any further
drafts.  We proposed simply filing our different versions and Judge Brnovich can make a ruling.==

We are still evaluating the jury instructions.  As a reminder, we sent our draft to you in June 2020.
As you note below, you didn't send us your response for 12 months.  Accordingly, we plan on
continuing to work on these instructions and will send you another update when we have completed
them.  We anticipate being able to submit these to the Court before the final pretrial conference in
two weeks.

Thanks,
Andy

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Tuesday, July 27, 2021 3:47 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Gopi K. Panchapakesan <gkp@birdmarella.com>;
Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg

<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Thomas H. Bienert <tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Hi Kevin, Andy, Peter, Peggy, Reggie, & Dan:

==We sent you our draft jury instructions, verdict form, and statement of the case on June 15.  We asked to meet and confer further if necessary to create the parties' joint submission.  The government has not contacted the defense once in the past six weeks to discuss these documents.==  Accordingly, we understand that the government is amenable to using the drafts that we sent six weeks ago (reattached here for easy reference).  We are glad to be able to streamline these issues for the Court.  As discussed in the lengthy thread below, the joint submission was supposed to have been made yesterday.  Did the government submit these?  We did not receive a copy, so please send.

Thank you,

Whitney


**Whitney Z. Bernstein** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** Whitney Bernstein
**Sent:** ==Tuesday, June 15, 2021 9:20 PM==
**To:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Bruce Feder <bf@federalawpa.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Thomas H. Bienert <tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Hi Kevin, Andy, Peter, Peggy, Reggie, & Dan:

==Attached are the defense's redlines to the government's proposed statement of the case and verdict form.  Also attached are defendants' proposed jury instructions,== as redlining would not have been of much value.  This document replicates the tables that the government had in its proposed instructions, but does not repeat any of the ST instructions in the body of this document.  We look

forward to continuing to meet and confer with the government on these documents, though we may ultimately have to file different versions.

Finally, we would like the Court to take up these documents at the final pretrial conference on July 16, and hope we can work together to submit everything well in advance of that hearing.

Thank you,

Whitney

**Whitney Z. Bernstein** | Partner

Bienert Katzman Littrell Williams LLP

<u>Website</u> | <u>vCard</u> | <u>Profile</u>

---

**From:** Rapp, Kevin (USAAZ) <<u>Kevin.Rapp@usdoj.gov</u>>
**Sent:** Thursday, June 3, 2021 4:51 PM
**To:** Gopi K. Panchapakesan <<u>gkp@birdmarella.com</u>>; Stone, Andrew (USAAZ) <<u>Andrew.Stone@usdoj.gov</u>>
**Cc:** Gary S. Lincenberg <<u>glincenberg@birdmarella.com</u>>; Ariel A. Neuman <<u>aneuman@birdmarella.com</u>>; Paul Cambria <<u>pcambria@lglaw.com</u>>; Erin McCampbell Paris <<u>emccampbell@lglaw.com</u>>; Bruce Feder <<u>bf@federlawpa.com</u>>; David Eisenberg <<u>david@deisenbergplc.com</u>>; Joy Bertrand <<u>joy.bertrand@gmail.com</u>>; Thomas H. Bienert <<u>tbienert@bklwlaw.com</u>>; Whitney Bernstein <<u>wbernstein@bklwlaw.com</u>>; Kozinets, Peter (USAAZ) <<u>Peter.Kozinets@usdoj.gov</u>>; Jones, Reginald (CRM) <<u>Reginald.Jones4@usdoj.gov</u>>; Perlmeter, Margaret (USAAZ) <<u>Margaret.Perlmeter@usdoj.gov</u>>; Boyle, Daniel (USACAC) <<u>Daniel.Boyle2@usdoj.gov</u>>
**Subject:** RE: Trial Documents

Gopi,

I notice a modest error in my previous email. ==The two extra business days for comments to trial documents would be 15 June as recommended in your email.== Thanks.

Kevin

---

**From:** Rapp, Kevin (USAAZ)
**Sent:** Thursday, June 3, 2021 4:34 PM
**To:** Gopi K. Panchapakesan <<u>gkp@birdmarella.com</u>>; Stone, Andrew (USAAZ) <<u>AStone1@usa.doj.gov</u>>
**Cc:** Gary S. Lincenberg <<u>glincenberg@birdmarella.com</u>>; Ariel A. Neuman <<u>aneuman@birdmarella.com</u>>; Paul Cambria <<u>pcambria@lglaw.com</u>>; Erin McCampbell Paris <<u>emccampbell@lglaw.com</u>>; Bruce Feder <<u>bf@federlawpa.com</u>>; David Eisenberg <<u>david@deisenbergplc.com</u>>; Joy Bertrand <<u>joy.bertrand@gmail.com</u>>; Tom Bienert <<u>tbienert@bmkattorneys.com</u>>; Whitney Bernstein <<u>wbernstein@bienertkatzman.com</u>>; Kozinets, Peter (USAAZ) <<u>PKozinets@usa.doj.gov</u>>; Jones, Reginald (CRM) <<u>Reginald.Jones4@usdoj.gov</u>>;

Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC)
<DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Gopi,

Thanks for the email. Andy is not available until this Friday. You should, however, continue to contact him directly prior to and during trial as he will be a point of contact for issues involving Defendant Brunst. The other defendants have been  advised of a specific  AUSA they should contact with various issues.

With respect to the jury instructions, verdict form, and statement of the case we have no objection to two extra business days (15 July)  to submit comments.

We welcome a discussion with the court regarding when final exhibit and witness lists should be exchanged.

We are well-aware of all of the Court's orders on motions *in limine* in this case and intend to adhere to them.  And we're sure you intend to do the same.

As for early disclosure of the witnesses,  we would be unable to agree to your proposal due to both the  uncertainty of travel schedules, last minute changes in witness order and the length of cross-examination. However, we  intend to propose a reciprocal agreement that the parties will provide notice to the opposing counsel forty-eight hours in advance of the witness the party intends to call. Importantly, it will also include an agreement that the parties advise opposing counsel of what exhibits the party intends to ,admit (48 hours in advance)  each day the witness testifies.  This process has been used in similar lengthy and complex cases tried in this District to avoid delays during trial.  The agreement would include that opposing counsel  advise the court before the witness testifies what the  specific objection is to an exhibit(s). Lastly, we are also willing to discuss whether the defense  would be interested in exchanging disks with all exhibits on the final lists shortly before trial  so the parties  may load the exhibits into the  trial presentation platform they  intend to use during trial.

All the best,

**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Tuesday, June 1, 2021 3:11 PM
**To:** Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Rapp,
Kevin (USAAZ) <KRapp@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones,
Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ)
<MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Andy,

==With respect the jury instructions, verdict form, and statement of the case, the defense is willing to
compromise and provide the government with comments by June 15th.== Please let us know if that
date works on your end, or whether you still intend to raise the issue with the Court.

As for the exhibit and witness lists, this entire back-and-forth started with the government noting
that it needed additional time to provide its final lists. That the government has provided "working"
copies of its lists in the past – lists that change each time they are provided to us – is not a substitute
for a final list. The defense should not be forced to guess what the government's final lists will look
like, and then respond to the government's final lists with one week's notice. We welcome a
discussion with the Court on this issue.

Further, with respect to the government's witness and exhibit lists, please confirm that the
government's June 9th disclosures will take into account the Court's orders on the parties' motions
*in limine*, including, for example, the Court's orders limiting the government's anticipated expert
testimony regarding sex trafficking and testimony from those individuals who were the subject of
advertisements on Backpage.com.

Lastly, in advance of the June 7th status conference, we seek the government's agreement during
trial to disclose each Wednesday the subsequent week's anticipated slate of witnesses. Please let us
know if you're amenable to this arrangement; if not we'll raise with the Court.

Gopi

**Gopi K. Panchapakesan**
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>
**Sent:** Wednesday, May 26, 2021 3:00 PM
**To:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Rapp,
Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>;
Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ)
<Margaret.Perlmeter@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Gopi,

We think our original dates are more appropriate.  We believe 12 months is more than sufficient
time to turn around comments to the jury instructions, verdict form, and statement of the case.
Please send us your comments by June 1, 2021.  If not, we will raise this issue with the Court on June
7, and ask for an order that you disclose them by no later than Friday, June 11.

Also, we have been sending you working drafts of our exhibit and witness lists since January 2020.
There's no reason why you can't provide us with final lists by August 2.  We will raise this issue with
the Court on June 7 as well.

Thanks,
Andy

---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Wednesday, May 26, 2021 9:45 AM
**To:** Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Rapp,
Kevin (USAAZ) <KRapp@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones,
Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ)
<MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Andy –

We're generally fine with the schedule you propose with a few exceptions.  Defendants agree to disclose a list of witnesses and exhibits by August 9, which will afford the defense two weeks to review and respond to the government's lists.  Our August 9th lists are also subject to change as we are still developing our strategies, and the evidence the defense decides to put on, if any, will depend on the evidence the government presents in its weeks-long case-in-chief.

As for the joint submission of the jury instructions, verdict form, and statement of the case, we are fine with the July 26th date you propose.  But in light of your proposal to push out the submission date for those documents by over a month, we see no need to provide you with comments on those documents by next week.  We will provide you with our comments to those documents by July 7h, which should afford the parties ample time to meet and confer in advance of a joint submission.  Under the Court's prior scheduling order (Dkt. 900), there was a nine-day turnaround between the Defendants' comments on those documents and the joint submission of those documents to the Court -- a nearly three-week window to meet and confer ought to be sufficient.

Gopi

**Gopi K. Panchapakesan**
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>
**Sent:** Friday, May 21, 2021 5:14 PM
**To:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert <tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Gopi,

I write to clarify some of the deadlines that are discussed below.

First, while the government will disclose updated exhibit and witness lists by June 9 – those will likely not be our final lists.  On June 9, we will still be 2.5 months away from trial and while we continue to prep witnesses we may very well add exhibits.  In previous Orders (Docs. 1031 and 1068 attached), the Court required the government to disclose its final exhibit and witness lists about one month before trial.  In Doc. 1031, the Court scheduled the government's deadline for disclosing the final exhibit and witness lists to coincide with the final pretrial conference—Dec. 14, 2020 when trial was scheduled for January 12, 2021.  In Doc. 1068, the final pretrial conference was scheduled for March 22, 2021 (when trial was scheduled for April 12), and the government's final exhibit and witness lists, along with the joint submission of the jury instructions, verdict form, and statement of the case, were due one week before on March 15.  In both instances, Defendants' disclosure of final exhibit and witness lists were due one week later.

We think this arrangement makes good sense this time around too.

Second, we do not agree to submit the proposed jury instructions, verdict form, and statement of the case on June 9.  You won't be sending us your comments to those drafts until June 1.  We sent them to you last June.  We will not be submitting these documents to the Court less than ten days after receiving your comments and proposed changes, after you've had the documents for nearly one year.

To remain consistent with previous orders, we propose July 26, 2021, for the government's final exhibit and witness lists, along with the joint submission of the jury instructions, verdict form, and statement of the case.  Defendants' final exhibit and witness lists would be due the next week – August 2, 2021.

Please let us know if you're amenable to these dates.  If not, we can raise it with the Court at the status conference on June 7.

Thanks,
Andy

Andrew C. Stone
Assistant United States Attorney
District of Arizona
602-514-7635
Andrew.stone@usdoj.gov

---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Wednesday, March 3, 2021 11:22 AM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Perlmeter, Margaret (USAAZ)

<MPerlmeter@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Boyle, Daniel
(USACAC) <DBoyle@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>
**Subject:** RE: Trial Documents

Thanks Kevin.  That works on our end.

Gopi

**Gopi K. Panchapakesan**
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

**From:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>
**Sent:** Wednesday, March 3, 2021 10:07 AM
**To:** Gopi K. Panchapakesan <gkp@birdmarella.com>; Kozinets, Peter (USAAZ)
<Peter.Kozinets@usdoj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter,
Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Stone, Andrew (USAAZ)
<Andrew.Stone@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>
**Subject:** RE: Trial Documents

Gopi,

Hope all is well. We suggest a modest extension of the dates you propose to June 9th  for the
final exhibit and witness list,
Parties' joint submission of proposed jury instructions, verdict form, and statement of the case.
That would extend the deadline for Defendant's final exhibit and witness an additional two
days to June 30th . Let me know if that is acceptable.

All the best,


**Kevin M. Rapp**| Assistant U.S. Attorney
**Financial Crimes Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**

---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Wednesday, March 3, 2021 9:58 AM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert <tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>
**Subject:** RE: Trial Documents

Kevin – I'm following up on the below.  In light of the trial continuance, we propose the following pre-trial schedule:

- Deadline for the government to disclose final exhibit and witness list:  June 7, 2021
- Parties' joint submission of proposed jury instructions, verdict form, and statement of the case:  June 7, 2021
- Deadline for defendants to disclose exhibit and witness list:  June 28, 2021


Gopi

## Gopi K. Panchapakesan
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Gopi K. Panchapakesan
**Sent:** Monday, February 1, 2021 11:29 AM
**To:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Kozinets, Peter (USAAZ)
<Peter.Kozinets@usdoj.gov>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter,
Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Stone, Andrew (USAAZ)
<Andrew.Stone@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
<aneuman@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris
<emccampbell@lglaw.com>; Bruce Feder <bf@federlawpa.com>; David Eisenberg
<david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>; Tom Bienert
<tbienert@bmkattorneys.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>
**Subject:** RE: Trial Documents

Kevin – in light of the fact that the government agrees the trial date should be moved, we're not
planning on sending comments this week regarding your draft verdict form and jury instructions.

Gopi

## Gopi K. Panchapakesan

*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>
**Sent:** Thursday, October 15, 2020 10:36 AM
**To:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Subject:** RE: Trial Documents

Sure.

---

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Thursday, October 15, 2020 10:19 AM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Paul Cambria <pcambria@lglaw.com>; Erin
McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert
<tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A.
Neuman <aneuman@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder
Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com'
<david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>

**Cc:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Kucera, John (USACAC) <jkucera@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Kevin –

Given the Court's recent order continuing the trial date and related pre-trial deadlines, we plan on providing you with comments to the draft jury instructions and verdict form by February 5, 2021.

Regards,

Gopi

## Gopi K. Panchapakesan
*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Gopi K. Panchapakesan
**Sent:** Wednesday, July 8, 2020 3:12 PM
**To:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com' <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>
**Cc:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>; Kucera, John (USACAC) <John.Kucera@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Kevin – November 2nd is fine.

Gopi

**Gopi K. Panchapakesan**

*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>
**Sent:** Wednesday, July 8, 2020 8:55 AM
**To:** Gopi K. Panchapakesan <gkp@birdmarella.com>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com' <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>
**Cc:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>; Kucera, John (USACAC) <John.Kucera@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** RE: Trial Documents

Gopi:

Thanks for the email and hope all is well with you. We are struggling to understand why responses to our trial documents would be delayed until December 7th--nearly one month before the commencement of trial. The defense will have had the documents for five months. We propose that you provide comments by November 2nd. Accordingly, if you file some type of a request for an extension please note our objection and, if need be, we will file a separate objection. Thanks.

Best,

**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ 85004**
**602.514.7609, kevin.rapp@usdoj.gov**

**From:** Gopi K. Panchapakesan <gkp@birdmarella.com>
**Sent:** Tuesday, July 7, 2020 3:42 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com' <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>
**Cc:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Kucera, John (USACAC) <jkucera@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Subject:** RE: Trial Documents

Kevin,

Hope you're doing well.  In light of the Court's Order continuing the trial date and resetting certain pre-trial deadlines, we propose that Defendants provide comments to the government regarding the documents attached to your email below by December 7 (two weeks before joint submission of the documents is due to the Court).  To the extent necessary, we can prepare a stipulation reflecting this revised deadline.

Gopi

## Gopi K. Panchapakesan

*Principal*
T: 310.201.2100
F: 310.201.2110
E: gkp@birdmarella.com
**Bird, Marella, Boxer, Wolpert, Nessim,**
**Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
**www.BirdMarella.com**

---

**From:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>
**Sent:** Friday, June 26, 2020 4:54 PM
**To:** Paul Cambria <pcambria@lglaw.com>; Erin McCampbell Paris <emccampbell@lglaw.com>; Thomas H. Bienert <tbienert@bienertkatzman.com>; Whitney Bernstein <wbernstein@bienertkatzman.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Feder Law <fl@federlawpa.com>; Bruce Feder <bf@federlawpa.com>; 'david@deisenbergplc.com' <david@deisenbergplc.com>; joy.bertrand_gmail.com <joy.bertrand@gmail.com>
**Cc:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Stone,

Andrew (USAAZ) <Andrew.Stone@usdoj.gov>; Kucera, John (USACAC) <John.Kucera@usdoj.gov>;
Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Subject:** Trial Documents


Counsel:

I hope all is well. Please find the United States' proposed  draft jury instructions, statement of the
case and verdict form. We believe that the  Jury Questionnaire is sufficiently comprehensive that
separate  voir dire questions are not necessary. Please review and let us know if you any objections
and we can raise them with the Court  prior to trial.


All the best,

**Kevin M. Rapp| Assistant U.S. Attorney**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**

# EXHIBIT F

Defendants' Proposed Jury Instructions

1.   Preliminary Instructions

    1.1   Duty of Jury

    1.2   The Charge – Presumption of Innocence

    1.3   What Is Evidence

    1.4   What Is Not Evidence

    1.5   Direct and Circumstantial Evidence

    1.6   Ruling on Objections

    1.7   Credibility of Witnesses

    1.8   Conduct of the Jury

    1.9   No Transcript Available to Jury

    1.10   Taking Notes

    1.11   Outline of Trial

    1.13   Separate Consideration for Each Defendant

    1.16   Bench Conferences and Recesses

2.   Instructions In the Course Of Trial

    2.1   Cautionary Instructions

    2.2   Stipulated Testimony [if necessary]

    2.3   Stipulations of Fact [if necessary]

    2.12   Evidence for Limited Purpose [if necessary]

3.   Instructions At End of Case

    3.1   Duties of Jury to Find Facts and Follow Law

    3.2   Charge Against Defendants Not Evidence – Presumption of Innocence – Burden of Proof

    3.3   Defendant's Decision Not to Testify [if necessary]

    3.4   Defendant's Decision to Testify [if necessary]

    3.5   Reasonable Doubt – Defined

    3.6   What Is Evidence

    3.7   What Is Not Evidence

Defendants' Proposed Jury Instructions

3.8     Direct and Circumstantial Evidence

3.9     Credibility of Witnesses

3.10    Activities Not Charged

3.13    Separate Consideration of Multiple Counts—Multiple Defendants

3.18    On or About—Defined

4.      Consideration Of Particular Evidence

4.9     Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea

4.14    Opinion Evidence, Expert Witness

4.15    Dual Role Testimony

4.16    Charts and Summaries Not Admitted into Evidence [if necessary]

4.17    Charts and Summaries Admitted into Evidence [if necessary]

5.      Responsibility

5.7     Knowingly – Defined

5.8     Deliberate Ignorance

7.      Jury Deliberations

7.1     Duty to Deliberate

7.2     Consideration of Evidence – Conduct of the Jury

7.3     Use of Notes

7.4     Jury Consideration of Punishment

7.5     Verdict Form

7.6     Communication with Court

8.      Offenses Under Title 18

8.20    Conspiracy—Elements (Count 1)

8.22    Multiple Conspiracies

8.23    Conspiracy—Knowledge of and Associated with Other Conspirators

8.144   Travel Act—Interstate or Foreign Travel in Aid of Racketeering Enterprises

8.25    Conspiracy—Liability for Travel Act Violations Committed by Co-

Defendants' Proposed Jury Instructions

                     Conspirator (Pinkerton Charge)

8.20   Conspiracy—Elements (Count 52)

8.147  Laundering Monetary Instruments

8.25   Conspiracy—Liability for Concealment Money Laundering Violations Committed by Co-Conspirator (Pinkerton Charge)

8.148  Transporting Funds to Promote Unlawful Activity

8.25   Conspiracy—Liability for International Promotional Money Laundering Violations Committed by Co-Conspirator (Pinkerton Charge)

8.150  Money Laundering

8.149  Transporting Monetary Instruments for the Purpose of Laundering

8.     <u>Case Specific Instructions</u>

Defendant's Good Faith

Defense Theory of the Case

First Amendment Protection—Protected Free Speech

First Amendment Protection—Websites Hosting Third-Party Ads

First Amendment Protection— "Adult" Services Are Legal

First Amendment Protection—Examples of Legal "Adult" Services

First Amendment Protection—Website Has the Right to Exercise Editorial Control and Judgment

First Amendment Protection—Offensive and Sexual Speech

First Amendment Protection—Speech Presumed Protected

First Amendment Protection—Ads Presumed Protected

First Amendment Protection—Coded Advertisement Language

First Amendment Protection—Government Cannot Punish Legal Speech to Suppress Illegal Speech

First Amendment Protection—Protected Publication of Third-Party Speech

First Amendment Protection—No Requirement to Shut Down

First Amendment Protection—No Requirement to Investigate

Defendants' Proposed Jury Instructions

First Amendment Protection—Publication Does Not Create Criminal Culpability

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. \_\_\_\_
## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_
## 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendants with conspiracy, violations of the Travel Act, and money laundering. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

Each defendant has pleaded not guilty to all the charges and is presumed innocent unless the government proves that defendant guilty beyond a reasonable doubt. In addition, each defendant has the right to remain silent and never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case against each defendant:

Count 1 is conspiracy—the three elements of conspiracy are as follows:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit a violation of the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed, as charged in Count 1 of the indictment;

Second, that defendant became a member of the conspiracy knowing of at least one of its illegal objects and with the specific intent of helping promote, or facilitate the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed; and

Third, one of the members of the conspiracy performed at least one overt act on or after March 28, 2013, for the purpose of carrying out the conspiracy. Without at least one

Defendants' Proposed Jury Instructions

defendant's overt act to specifically promote, or facilitate the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed, you cannot find a conspiracy.

<u>Counts 2-51 are Travel Act counts—the two elements to support a Travel Act conviction are as follows:</u>

First, that defendant used the mail or any facility in interstate commerce with the specific intent to promote, or facilitate the promotion of, the prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they were committed, as alleged in each Count; and

Second, after doing so, that defendant performed an act to promote, or facilitate the promotion of, the prostitution offenses committed by a particular business enterprise associated with that particular ad specified in each Count.

Further, you also may find a defendant guilty of violating the Travel Act as charged in Counts 2-51 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 1 of the indictment committed the crime of violating the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed;

Second, the person named in Count 1 was a member of the conspiracy as charged in Count 1 of the indictment;

Third, the person named in Count 1 committed the crime of promoting, or facilitating the promotion of, prostitution offenses committed by a business enterprise in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offenses charged in Counts 2-51 were committed;

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful

Defendants' Proposed Jury Instructions

agreement.

Count 52 is conspiracy to commit money laundering—the three elements of money laundering conspiracy are as follows:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit concealment money laundering in violation of Section 1956(a)(1)(B)(i), international promotional money laundering in violation of Section 1956(a)(2)(A), transactional money laundering in violation of Section 1957(a), and international concealment money laundering in violation of Section 1956(a)(2)(B)(i); and

Second, a defendant became a member of the conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering knowing of at least one of its illegal objects and with the specific intent to help commit one or more of the substantive money laundering offenses charged (whose elements are listed below); and

Third, one of the members of the conspiracy performed at least one overt act on or after March 28, 2013, for the purpose of carrying out the conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering.

Counts 53-62 are concealment money laundering—the three elements of concealment money laundering are as follows:

First, the defendant conducted a financial transaction involving property that represented the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that Defendant guilty of promoting or facilitating the promotion of;

Second, the defendant knew that the property represented the proceeds of some form

Defendants' Proposed Jury Instructions

of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

Counts 63-68 are international promotional money laundering—the two elements of international promotional money laundering are as follows:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote, or facilitate the promotion of, a particular business enterprise involving prostitution offenses in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that defendant guilty of promoting or facilitating the promotion of.

Counts 69-99 are transactional money laundering—the five elements of transactional money laundering are as follows:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the specific transaction charged in the indictment involved specific criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that Defendant guilty of promoting or facilitating the promotion of; and

Fifth, the transaction occurred in the United States.

Defendants' Proposed Jury Instructions

<u>Count 100 is international concealment money laundering—the three elements of international concealment money laundering are as follows:</u>

First, the defendant transported money from a place in the United States to or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that defendant guilty of promoting or facilitating the promotion of; and

Third, the defendant knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A).

## Supporting Authorities

*See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**1.13 SEPARATE CONSIDERATION FOR EACH DEFENDANT**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant[s].  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

Only the defendants are on trial.  Backpage.com is not on trial.  You must evaluate the evidence as to each individual defendant, and not as to Backpage.com or any other person.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 1.13 (online versions of May 25, 2021); *see United States v. Lacey, et al.* (D. Ariz), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**2.1 CAUTIONARY INSTRUCTIONS**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

Defendants' Proposed Jury Instructions


[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]


### Supporting Authorities

Ninth Circuit Manual of Model Criminal Jury Instructions 2.1 (online versions of May 25, 2021).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

I instruct you that you must presume each defendant to be innocent of the crimes charged.  The indictment is not evidence.  Each defendant has pleaded not guilty to the charges.  Each defendant is presumed to be innocent unless the government proves him or her guilty beyond a reasonable doubt.  The defendants do not have to testify or present any evidence.  The defendants do not have to prove innocence.  Thus, each defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him or her.

The indictment, as you already know, is not evidence of any kind.   The defendants are, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit each defendant.

The government has the burden of proving every element of each charge beyond a reasonable doubt for each defendant.  The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 3.2 (2021); 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.), 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**3.5 REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced a defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act—and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

Unless the government proves, beyond a reasonable doubt, that a defendant has committed each and every element of the offenses charged in the indictment, and that a defendant acted with criminal intend and lacked good faith, you must find that defendant not guilty of the offenses.  If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 3.5 (2021); 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.), 1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**3.13 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

Only the defendants are on trial. Backpage.com is not on trial. You must evaluate the evidence as to each individual defendant, not as to Backpage.com or any other person.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 3.13 (2021); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. ____

## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____

## 4.16 CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### Supporting Authorities

Ninth Circuit Manual of Model Criminal Jury Instructions 4.16 (2021).

Defendants' Proposed Jury Instructions

## DEFENSE OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION 5.7

### Government Proposed Instruction 5.7 KNOWINGLY—DEFINED

An act is done knowingly if the defendant is aware of the act, and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of each defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

### DEFENSE OBJECTION

The Travel Act and money laundering charges are specific intent crimes. Therefore, it would be reversible error to provide a "Knowingly" instruction here. *See United States v. Gibson Specialty Co.*, 507 F.2d 446, 449 (9th Cir. 1974) (Travel Act violation is a specific intent crime); *United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986) (same); *United States v. James*, 210 F.3d 1342, 1345 (11th Cir. 2000) (same); *see* Ninth Circuit Model Criminal Jury Instructions at 8.146 cmt. ("Because it is a specific intent crime, it is reversible error to give Instruction 5.7 (Knowingly–Defined) in a money laundering case.") (citing *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994); *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997)).

*See* Ninth Circuit Model Criminal Jury Instructions at 8.146 cmt. ("Because it is a specific intent crime, it is reversible error to give Instruction 5.7 (Knowingly–Defined) in a money laundering case.") Defendants propose a specific intent instruction to accurately advise the jury of the required mens rea for the charged offenses. *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case

Defendants' Proposed Jury Instructions

No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

## DEFENSE OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION 5.8

### Government Proposed Instruction 5.8 DELIBERATE IGNORANCE

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the vast majority of the "adult" and "escort" ads appearing on Backpage.com were actually ads for prostitution, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the vast majority of the "adult" and "escort" ads appearing on Backpage.com were not ads for prostitution, or if you find that the defendant was simply negligent, careless, or foolish.

### DEFENSE OBJECTION

The government's proposed *Jewell* instruction, one that typically is used in drug smuggling cases, is inappropriate here. *See* Ninth Circuit Model Criminal Jury Instructions at 5.8 (providing the example of a defendant being aware of a high probability that "drugs were in the defendant's automobile"); *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir. 1976) (involving drugs sealed in a secret compartment of a car). Here, the Travel Act and money laundering charges are specific intent crimes. Therefore, it would be reversible error to provide a "Deliberate Ignorance" instruction to the jurors here. *See Jewell*, 532 F.2d at 700-701 (such an instruction is only appropriate where the underlying crime requires mere knowledge); *see United States v. Gibson Specialty Co.*, 507 F.2d 446, 449 (9th Cir. 1974) (holding that the violation of the Travel Act is a specific intent crime and that "[t]he presumption that one intends the natural and probable consequences of his actions is insufficient in this context to establish intent to facilitate criminal activity."); *United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986) (same); *United States v. James*, 210 F.3d 1342, 1345 (11th Cir. 2000) (same); *see* Ninth Circuit Model Criminal Jury

Defendants' Proposed Jury Instructions

Instructions at 8.146 cmt. ("Because it is a specific intent crime, it is reversible error to give Instruction 5.7 (Knowingly–Defined) in a money laundering case.") (citing *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994); *United States v. Turman*, 122 F.3d 1167, 1169 (9th Cir. 1997)).

Further, such an instruction is only appropriate "if the jury rejects the government's case as to actual knowledge." *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) ("In deciding whether to give a willful blindness instruction, in addition to an actual knowledge instruction, the district court must determine whether the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge. If so, the court may also give a *Jewell* instruction."). And "[e]ven if the factual predicates of the instruction are present, the district judge has discretion to refuse it." *Id.*

Further, even if such an instruction were appropriate, whether a given Defendant "was aware of a high probability that the vast majority of the 'adult' and 'escort' ads appearing on Backpage.com were actually ads for prostitution" is not a substitute for the government having to prove beyond a reasonable doubt that each Defendant specifically intended to facilitate the prostitution offenses committed by a particular business enterprise through the publication of fifty advertisements at issue. *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as

Defendants' Proposed Jury Instructions

facilitating illegal activity."). Willful blindness therefore cannot meet the elements of the offenses.

The government's proposed *Jewell* instruction also is inconsistent with the First Amendment. The government's proposed instruction would suggest that the jury can use the publication of presumptively protected and lawful speech as the factual basis for a finding that defendants intended to violate the law. The government proposes to instruct the jury that defendants were obligated to assume that presumptively protected and lawful speech was unprotected speech and to censor that speech. The First Amendment prohibits this.

Finally, even if a *Jewell* instruction was appropriate in this case, the government's proposed instruction ignores the language of *Jewell* restricting the instruction to circumstances where a defendant's ignorance "was solely and entirely a result of . . . a conscious purpose to avoid learning the truth." *United States v. Jewell*, 532 F.2d 697, 704 (9th Cir. 1976).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**6.10 MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that a defendant committed the crime of violating the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed or the crime of money laundering. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Supporting Authorities**

Ninth Circuit Manual of Model Criminal Jury Instructions 6.10, 8.144 (2021) (modified to reflect charges); *Woodhull Freedom Foundation v. United States*, 334 F. Supp. 3d 185, 199-201 (D.D.C. 2018), rev'd. 948 F.3d 363 (D.C. Cir. 2020); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**8.20 CONSPIRACY—ELEMENTS**

**(Conspiracy to Violate the Travel Act – Elements)**

The defendants are charged in Count 1 of the indictment with conspiring to violate the Travel Act in violation of Section 1952(a)(3)(A) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt for that defendant:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit a violation of the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed, as charged in Count 1 of the indictment;

Second, that defendant became a member of the conspiracy knowing of at least one of its illegal objects and with the specific intent of helping promote, or facilitate the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed; and

Third, one of the members of the conspiracy performed at least one overt act on or after March 28, 2013, for the purpose of carrying out the conspiracy. Without at least one defendant's overt act to specifically promote, or facilitate the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed, you cannot find a conspiracy.

**What Is a Conspiracy, and How Does One Become a Member?**

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

Defendants' Proposed Jury Instructions

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an illegal object of the conspiracy with all of you agreeing as to the particular crime, *i.e.*, the publication of a specific ad in violation of the Travel Act, which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some illegal object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some illegal object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists. To become a co-conspirator a person must have an intention and agreement to accomplish the same, specific criminal objective as his or her co-conspirators.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the unlawful conspiracy. The government is not required to prove that a Defendant personally did one of the overt acts.

Proof of an underlying substantive crime does not, without more, prove the existence of a conspiracy to commit that crime.

### What Is "Travel Act—Facilitate Prostitution"?

The elements of the Travel Act are not satisfied if a defendant merely did an act that promoted, or facilitated the promotion of, prostitution offenses committed by a particular business enterprise. The elements are not satisfied unless a defendant specifically intended his or her act to facilitate the prostitution offenses committed by a particular business

Defendants' Proposed Jury Instructions

enterprise.

The government cannot meet its burden to prove that a defendant had the specific intent to participate in and further the prostitution offenses committed by a particular business enterprise associated with the ad by proving:

- the defendant had after-the-fact knowledge that some or even many people who advertised on Backpage.com engaged in prostitution offenses or that some or even many past ads on Backpage.com related to unlawful activity;
- the defendant knew Backpage.com might facilitate prostitution in the abstract;
- the defendant was indifferent to the actions of the purchasers of classified ads on Backpage.com; or
- the defendant knew that a particular advertiser might, at times, engage in prostitution offenses.

Rather, to satisfy the specific intent requirements of the Travel Act, the government must prove beyond a reasonable doubt, for each Count, that each defendant in some significant manner associated himself or herself with a particular business enterprise associated with the ad charged in that Count with the intent to promote, or facilitate the promotion of, the prostitution offenses committed by that business enterprise.  As such, to find a defendant guilty of conspiring to violate the Travel Act, you must find that the government proved beyond a reasonable doubt that the defendant joined a conspiracy with the specific intent to associate himself or herself with a particular criminal venture for the purpose of advancing its prostitution offenses.  A defendant cannot intend to promote or facilitate a business enterprise he or she does not know exists.

**Unanimity Requirements**

For a defendant to be found guilty of Count 1 (Conspiracy to Violate the Travel Act), you must find beyond a reasonable doubt that the defendant joined in a plan to commit at least one illegal object of the alleged conspiracy – specifically intending to promote, or

Defendants' Proposed Jury Instructions

facilitate the promotion of, prostitution offenses committed by a particular business enterprise upon which you all agree.

### Supporting Authorities

Ninth Circuit Manual of Model Criminal Jury Instructions 7.9, 8.20, 8.144 (2021); Barry Tarlow, *Defense of a Federal Conspiracy Prosecution,* 4 J.Crim.Defense 183, 201-02 (1978) (explaining that the object of the conspiracy must be unlawful); *United States v. Lennick*, 18 F.3d 814, 819 (9th Cir. 1994) ("Proof of the underlying substantive crime, however, does not, without more, prove the existence of a conspiracy."); *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015) (failure to give specific unanimity instruction was plain error because half of jury could have found defendant guilty of joining one conspiracy while other half of jury could have found defendant guilty of joining second conspiracy); *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness is the "intentional violation of a known legal duty").

In *Woodhull Freedom Foundation v. United States*, the government argued that for prosecutions under the Travel Act, the prosecutor must prove "not simply that the defendant was aware of a potential result of the criminal offense, but instead that the defendant intended to 'explicitly further[]' a specified unlawful act." 334 F. Supp. 3d 185, 199-201 (D.D.C. 2018), rev'd 948 F.3d 363 (D.C. Cir. 2020). The court agreed with the government and held that the law applies only to "specific unlawful acts with respect to a particular individual, not the broad subject-matter of prostitution." *Id*. Most recently, in defending the district court decision in that case, DOJ repeated its position that in a prosecution under the Travel Act, the government must allege that the Defendant acted to intentionally promote or facilitate a "specific, unlawful instance of prostitution." Brief for the United States in *Woodhull Freedom Found. v. United States*, No. 18-5298 (D.C. Cir. Apr. 15, 2019) (Doc. No. 1782997) at 21-22.

To prove a conspiracy charge, the government must prove the "requisite intent for the substantive crime." *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016).

Defendants' Proposed Jury Instructions

*See also United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

*United States v. James*, 210 F.3d 1342, 1345 (11th Cir. 2000) ("The elements of a Travel Act charge are: 1) that the defendant traveled in interstate commerce on or about the time, and between the places, charged in the indictment; 2) that the defendant engaged in that travel with the specific intent to promote, manage, establish or carry on an unlawful activity, as defined; and 3) that the defendant thereafter knowingly and willfully committed an act to promote, manage, establish or carry on such unlawful activity."); *United States v. Hagmann*, 950 F.2d 175, 182 (5th Cir. 1991) ("The essential elements of the Travel Act . . . are:  (i) *travel* in interstate or foreign commerce, or use of the mail (or any facility) in interstate or foreign commerce; (ii) with the specific *intent* to promote, manage, establish, or carry on—or distribute the proceeds of—unlawful activity; and (iii) knowing and willful *commission of an act* in furtherance of that intent subsequent to the act of travel.") (emphasis in original); *United States v. Echeverri-Jaramillo*, 777 F.2d 933, 937 (4th Cir. 1985) ("in order to prove such a violation, under 18 U.S.C. § 1952(a) it must be shown that 1) the defendant traveled in interstate commerce on or about the time and between the places noted in the indictment; 2) that the defendant engaged in such travel with the specific intent to promote, manage, establish or carry on an unlawful activity and that 3) the defendant did thereafter knowingly and willfully commit an act to promote, manage, establish or carry on such an unlawful activity."); *United States v. Stagman*, 446 F.2d 489,

Defendants' Proposed Jury Instructions

491 (6th Cir. 1971) ("the majority of the Courts of Appeals which have directly addressed this question . . . have stated that knowing and wilful [sic] intent to violate state laws is an element of the crime proscribed by the Travel Act") (citing decisions of the 4th, 7th, 8th, and 9th Circuits).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.22 MULTIPLE CONSPIRACIES**

**(Count 1 – Multiple Conspiracies)**

Count 1 of the indictment alleges a single conspiracy to commit a violation of the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed. You must decide whether the single conspiracy to violate the Travel Act as charged in Count 1 of the indictment existed, and, if it did, who at least some of its members were. If you find that the single conspiracy to violate the Travel Act charged in Count 1 did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. For example, if you find that Count 1 concerns two or more conspiracies, you must find each defendant not guilty of the single conspiracy alleged in Count 1. Similarly, if you find that any defendant was not a member of the conspiracy to violate the Travel Act charged in Count 1, then you must find that defendant not guilty, even though that Defendant may have been a member of some other conspiracy.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.22 (2021) (modified to reflect the charges in the indictment); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate

Defendants' Proposed Jury Instructions

case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**(Conspiracy – Willfulness Defined)**

To find a defendant guilty of conspiracy as charged in the indictment, you must be satisfied that the government has proven beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. You must also find that the government has proven beyond a reasonable doubt that the defendant acted with criminal intent and lacked good faith. If the defendant carried out his or her actions in good faith, there was no criminal intent. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held and an absence of malice or ill will. To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the specific purpose to disobey or disregard the law.

**Supporting Authorities**

*United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness is the "intentional violation of a known legal duty"); *see* 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.), 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.); *United States v. Stagman*, 446 F.2d 489, 491 (6th Cir. 1971) ("the majority of the Courts of Appeals which have directly addressed this question . . . have stated that knowing and wilful [sic] intent to violate state laws is an element of the crime proscribed by the Travel Act") (citing decisions of the 4th, 7th, 8th, and 9th Circuits).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**8.23 CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

**(Conspiracy – Knowledge Of and Association With Other Conspirators)**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with every other defendant or every other conspirator in the overall scheme, that defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that a defendant directly conspired with one or more conspirators to carry out at least one of the illegal objects of the conspiracy by specifically intending to promote, or facilitate the promotion of, prostitution offenses committed by a particular business enterprise upon which you all agree;

Second, that a defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that a defendant had reason to believe that whatever benefits he or she might get from the conspiracy were probably dependent upon the success of the entire enterprise.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.23 (2021).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.144 TRAVEL ACT—INTERSTATE OR FOREIGN TRAVEL**

**IN AID OF RACKETEERING ENTERPRISE**

**(18 U.S.C. § 1952(a)(3))**

**(Counts 2-51 – Travel Act)**

Each defendant is charged in Counts 2-51 of the indictment with violating Section 1952(a)(3) of Title 18 of the United States Code.  In order for a defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt for that defendant as to each charge:

First, that defendant used the mail or any facility in interstate commerce with the specific intent to promote, or facilitate the promotion of, the prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they were committed, as alleged in each Count; and

Second, after doing so, that defendant performed an act to promote, or facilitate the promotion of, the prostitution offenses committed by a particular business enterprise associated with that particular ad specified in each Count.

The elements of the Travel Act are not satisfied if a defendant merely did an act that promoted, or facilitated the promotion of, prostitution offenses committed by a particular business enterprise.  The elements of the Travel Act are only established if the government proves beyond a reasonable doubt that a defendant knowingly and willfully intended his or her act to facilitate the prostitution offenses committed by a particular business enterprise associated with that ad.

The government cannot meet its burden to prove that a defendant had the specific intent to participate in and further the prostitution offenses committed by a particular business enterprise associated with the ad by proving:

- the defendant had after-the-fact knowledge that some or even many people

Defendants' Proposed Jury Instructions

> who advertised on Backpage.com engaged in prostitution offenses or that some or even many past ads on Backpage.com related to unlawful activity;
>
> - the defendant knew Backpage.com might facilitate prostitution in the abstract;
> - the defendant was indifferent to the actions of the purchasers of classified ads on Backpage.com; or
> - the defendant knew that a particular advertiser might, at times, engage in prostitution offenses.

Rather, to satisfy the specific intent requirements of the Travel Act, the government must prove beyond a reasonable doubt, for each Count, that each defendant in some significant manner associated himself or herself with a particular business enterprise associated with the ad charged in that Count with the intent to promote, or facilitate the promotion of, the prostitution offenses committed by that business enterprise.

The existence of a "business enterprise" is an element of this crime and, unless the government has proven to you beyond a reasonable doubt the existence of a "business enterprise" as to each count, you must return a verdict of not guilty. A defendant cannot intend to promote or facilitate a business enterprise he or she does not know exists. The government also must prove beyond a reasonable doubt that the act each defendant performed in furtherance of the business enterprise was done with the specific intent to facilitate each element of the underlying state crime.

### First Amendment Application

In addition to the requirements of the Travel Act, under the First Amendment, the jury cannot find a defendant guilty of a crime based on the publication of a presumptively protected third-party classified ad, unless the government proves beyond a reasonable doubt that:

(i)     the defendant had actual knowledge of the particular ad, *and*

Defendants' Proposed Jury Instructions

(ii)     the defendant had actual knowledge that the particular ad related to unlawful activity, *and*

(iii)    the defendant personally took an action causing the particular ad to be published on, or to continue to be published on, Backpage.com with the aim of furthering the illegal activity.

It is not enough for the government to show that a defendant knew that some adult ads might lead to others committing crimes.  If this is all the government demonstrates, you must find the defendant not guilty.  In order to find the defendant guilty, the government must prove beyond a reasonable doubt that a defendant specifically intended that the prostitution offenses committed by a particular business enterprises be committed. Specific intent is defined in the following instruction.

### Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.144 (2021) (modified to reflect the charges in the indictment); *Woodhull Freedom Foundation v. United States*, 334 F. Supp. 3d 185, 199-201 (D.D.C. 2018), rev'd. 948 F.3d 363 (D.C. Cir. 2020) (where the United States took the position that for prosecutions under the Travel Act, the government must prove "not simply that the defendant was aware of a potential result of the criminal offense, but instead that the defendant intended to 'explicitly further[]' a specified unlawful act.").

*See Backpage.com v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015) ("'[A]n intermediary . . . normally is indifferent to the content of what it transmits.  Even entities that know the information's content do not become liable for the sponsor's deeds.  Does a newspaper that carries an advertisement for 'escort services' or 'massage parlors' aid and abet the crime of prostitution, if it turns out that some (or many) of the advertisers make money from that activity?' *Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003) . . . Backpage is an intermediary between the advertisers of adult services and visitors to Backpage's website."); *In re Aimster Copyright Litig.*, 334 F.3d 643, 651 (7th Cir. 2003) ("A retailer

Defendants' Proposed Jury Instructions

of slinky dresses is not guilty of aiding and abetting prostitution even if he knows that some of his customers are prostitutes….").

*United States v Gibson Specialty Co.*, 507 F.2d 446, 450 fn. 8 (9th Cir. 1974) ("The presumption that one intends the natural and probable consequences of his actions is insufficient in this context to establish intent to facilitate criminal activity.  It is as likely as not that a vendor similar to the defendants in this proceeding is totally indifferent to the actions of his purchaser.")

*See United States v. Rundo*, 990 F.3d 709, 719-720 (9th Cir. 2021) ("'the intent to engage in one of the prohibited acts is a personal prerequisite to punishment under [the Anti-Riot Act] . . . Simply put, knowing that some might choose to become violent is not at all the same as intending that they do so.").

*Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281 (W.D. Wash. 2012) ("The third-party publication of offers to engage in illegal transactions does not fall within 'well-defined and narrowly limited classes of speech' that fall outside of First Amendment protection.") (quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)).

*See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

*United States v. Jones*, 909 F.2d 533, 539 (D.C.Cir.1990) (a proper Travel Act jury instruction "would inform the jury that the defendant must have performed or attempted to perform an act in furtherance of the business, with the intent that each element of the

Defendants' Proposed Jury Instructions

underlying state crime be completed"); *Deptula v. Attorney General of U.S.*, 642 Fed. Appx. 184 (3rd Cir. 2016) ("to obtain a Travel Act conviction, the government must prove . . . that the defendant had the specific intent to facilitate each element of the relevant offense."); *United States v. Bertman*, 686 F.2d 772, 774 (9th Cir. 1982) ("When the unlawful activity charged in the indictment is the violation of state law, the commission of or the intent to commit such a violation is an element of the federal offense.").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. _____
## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____
## SPECIFIC INTENT

The crimes charged in this case are serious crimes which require proof of specific intent before the defendant can be convicted.  Specific intent, as the terms implies, means more than a general intent to commit the act.  To establish specific intent, the government must prove beyond a reasonable doubt that the defendant knowingly did an act which the law forbids, purposely and intending to violate the law.  Such intent may be determined from all the facts and circumstances surrounding the case.  An act or a failure to act is knowingly done if done voluntarily and intentionally, not because of mistake or accident, or other innocent reason.

### Supporting Authorities

*United States v. Seymour*, 576 F.2d 1345, 1347 (9th Cir. 1978) (verbatim quote); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.25 CONSPIRACY—LIABILITY FOR TRAVEL ACT VIOLATIONS**

**COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

**(Co-Conspirator Liability)**

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of a violation of the Travel Act under Section 1952(a)(3)(A) of Title 18 of the United States Code as charged in Counts 2-51 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 1 of the indictment committed the crime of violating the Travel Act by promoting, or facilitating the promotion of, prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed;

Second, the person named in Count 1 was a member of the conspiracy as charged in Count 1 of the indictment;

Third, the person named in Count 1 committed the crime of promoting, or facilitating the promotion of, prostitution offenses committed by a business enterprise in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offenses charged in Counts 2-51 were committed;

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Defendants' Proposed Jury Instructions

To prove a conspiracy, the government must prove beyond a reasonable doubt the requisite intent to commit the substantive crime, here the promotion, or the facilitation of the promotion, of prostitution offenses committed by a particular business enterprise in violation of the laws of the State in which they are committed. The elements of the Travel Act are not satisfied if a defendant merely did an act that promoted, or facilitated the promotion of, the prostitution offenses committed by a particular business enterprise. The elements of the Travel Act are only established if the government proves beyond a reasonable doubt that a defendant knowingly and willfully intended his or her act to facilitate the prostitution offenses committed by a particular business enterprise associated with that ad.

The government cannot meet its burden to prove that a defendant had the specific intent to participate in and further the prostitution offenses committed by a particular business enterprise associated with the ad by proving:

- the defendant had after-the-fact knowledge that some or even many people who advertised on Backpage.com engaged in prostitution offenses or that some or even many past ads on Backpage.com related to unlawful activity;

- the defendant knew Backpage.com might facilitate prostitution in the abstract;

- the defendant was indifferent to the actions of the purchasers of classified ads on Backpage.com; or

- the defendant knew that a particular advertiser might, at times, engage in prostitution offenses.

Rather, to satisfy the specific intent requirements of the Travel Act, the government must prove beyond a reasonable doubt, for each Count, that each defendant in some significant manner associated himself or herself with a particular business enterprise associated with the ad charged in that Count with the intent to promote, or facilitate the promotion of, the prostitution offenses committed by that business enterprise. As such, to find a defendant guilty of conspiring to violate the Travel Act, you must find that the government proved

Defendants' Proposed Jury Instructions

beyond a reasonable doubt that the defendant joined a conspiracy with the specific intent to associate himself or herself with a business enterprise for the purpose of advancing the prostitution offenses committed by that business enterprise.

The existence of a "business enterprise" is an element of this crime and, unless the government has proven to you beyond a reasonable doubt the existence of a "business enterprise" as to each count, you must return a verdict of not guilty. A defendant cannot intend to promote or facilitate a business enterprise he or she does not know exists. The government also must prove beyond a reasonable doubt that the act each defendant performed in furtherance of the business enterprise was done with the specific intent to facilitate each element of the underlying state crime.

### Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.25 (2021) (modified to reflect the charges in the indictment).

To prove a conspiracy charge, the government must prove the "requisite intent for the substantive crime." *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016). A violation of the Travel Act is a specific intent crime. In *Woodhull Freedom Foundation v. United States*, the government argued that for prosecutions under the Travel Act, the prosecutor must prove beyond a reasonable doubt "not simply that the defendant was aware of a potential result of the criminal offense, but instead that the defendant intended to 'explicitly further[]' a specified unlawful act." 334 F. Supp. 3d 185, 199-201 (D.D.C. 2018), rev'd 948 F.3d 363 (D.C. Cir. 2020). The court agreed with the government and held that the law applies only to "specific unlawful acts with respect to a particular individual, not the broad subject-matter of prostitution." *Id.* Most recently, in defending the district court decision in that case, DOJ repeated its position that, in a prosecution under the Travel Act, the government must allege that the Defendant acted to intentionally promote or facilitate a "specific, unlawful instance of prostitution." Brief for the United States in *Woodhull Freedom Found. v. United States*, No. 18-5298 (D.C. Cir. Apr. 15,

Defendants' Proposed Jury Instructions

2019) (Doc. No. 1782997) at 21-22.

See also *Backpage.com v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015) ("'[A]n intermediary . . . normally is indifferent to the content of what it transmits. Even entities that know the information's content do not become liable for the sponsor's deeds. Does a newspaper that carries an advertisement for 'escort services' or 'massage parlors' aid and abet the crime of prostitution, if it turns out that some (or many) of the advertisers make money from that activity?' *Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003) . . . Backpage is an intermediary between the advertisers of adult services and visitors to Backpage's website."); *In re Aimster Copyright Litig.*, 334 F.3d 643, 651 (7th Cir. 2003) ("A retailer of slinky dresses is not guilty of aiding and abetting prostitution even if he knows that some of his customers are prostitutes….").

*United States v Gibson Specialty Co.*, 507 F.2d 446, 450 fn. 8 (9th Cir. 1974) ("The presumption that one intends the natural and probable consequences of his actions is insufficient in this context to establish intent to facilitate criminal activity. It is as likely as not that a vendor similar to the defendants in this proceeding is totally indifferent to the actions of his purchaser.").

See *United States v. Rundo*, 990 F.3d 709, 719-720 (9th Cir. 2021) ("'the intent to engage in one of the prohibited acts is a personal prerequisite to punishment under [the Anti-Riot Act] . . . Simply put, knowing that some might choose to become violent is not at all the same as intending that they do so.").

*Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281 (W.D. Wash. 2012) ("The third-party publication of offers to engage in illegal transactions does not fall within 'well-defined and narrowly limited classes of speech' that fall outside of First Amendment protection.") (quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)).

See *United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related

Defendants' Proposed Jury Instructions

businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

> *United States v. Jones*, 909 F.2d 533, 539 (D.C.Cir.1990) (a proper Travel Act jury instruction "would inform the jury that the defendant must have performed or attempted to perform an act in furtherance of the business, with the intent that each element of the underlying state crime be completed"); *Deptula v. Attorney General of U.S.*, 642 Fed. Appx. 184 (3rd Cir. 2016) ("to obtain a Travel Act conviction, the government must prove . . . that the defendant had the specific intent to facilitate each element of the relevant offense."); *United States v. Bertman*, 686 F.2d 772, 774 (9th Cir. 1982) ("When the unlawful activity charged in the indictment is the violation of state law, the commission of or the intent to commit such a violation is an element of the federal offense.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.20 CONSPIRACY—ELEMENTS**

**(Conspiracy to Commit Money Laundering – Elements)**

Defendants Lacey, Larkin, Spear, and Brunst are charged in Count 52 of the indictment with conspiring to commit money laundering in violation of Section 1956(h) of Title 18 of the United States Code.  In order for a Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt for that Defendant:

First, beginning in or around 2004, and ending on or about April 2018, there was an agreement between two or more persons to commit concealment money laundering in violation of Section 1956(a)(1)(B)(i), international promotional money laundering in violation of Section 1956(a)(2)(A), transactional money laundering in violation of Section 1957(a), and international concealment money laundering in violation of Section 1956(a)(2)(B)(i); and

Second, a Defendant became a member of the conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering knowing of at least one of its illegal objects and with the specific intent to help commit one or more of the substantive money laundering offenses charged (whose elements are listed below); and

Third, one of the members of the conspiracy performed at least one overt act on or after March 28, 2013, for the purpose of carrying out the conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering.

**What Is a Conspiracy, and How Does One Become a Member?**

A conspiracy is a kind of criminal partnership—an agreement of two or more

Defendants' Proposed Jury Instructions

persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an illegal object of the conspiracy with all of you agreeing as to the particular crime – *i.e.*, concealment, international promotional, transactional, and international concealment money laundering – which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some illegal object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some illegal object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists. To become a co-conspirator a person must have an intention and agreement to accomplish the same, specific criminal objective as his or her co-conspirators.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the unlawful conspiracy. The government is not required to prove that a Defendant personally did one of the overt acts.

Proof of an underlying substantive crime does not, without more, prove the existence of a conspiracy to commit that crime.

### Unanimity Requirements

For a Defendant to be found guilty of Count 52 (Conspiracy to Commit Money

Defendants' Proposed Jury Instructions

Laundering), you must find beyond a reasonable doubt that there was a plan to commit at least one illegal object of the alleged conspiracy – specifically intending to commit concealment money laundering, international promotion money laundering, transactional money laundering, and international concealment money laundering – with all of you agreeing beyond a reasonable doubt as to which illegal object – which specific act(s) of concealment money laundering, international promotion money laundering, transactional money laundering, and international concealment money laundering – and all of you agreeing beyond a reasonable doubt that the Defendant knowingly and willfully joined the conspiracy to accomplish such object(s).

### Supporting Authorities

Ninth Circuit Manual of Model Criminal Jury Instructions 8.20, 8.147, 8.148, 8.150, 8.149 (2021) (modified to reflect criminal objects charged in Count 52); Barry Tarlow, *Defense of a Federal Conspiracy Prosecution,* 4 J.Crim.Defense 183, 201-02 (1978) (explaining that the object of the conspiracy must be unlawful); *United States v. Lennick*, 18 F.3d 814, 819 (9th Cir. 1994) ("Proof of the underlying substantive crime, however, does not, without more, prove the existence of a conspiracy."); *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015) (failure to give specific unanimity instruction was plain error because half of jury could have found defendant guilty of joining one conspiracy while other half of jury could have found defendant guilty of joining second conspiracy); *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (willfulness is the "intentional violation of a known legal duty").

*Salinas v. United States*, 522 U.S. 52, 63 (1997) (the government must prove a defendant agreed to pursue the "same criminal objective" as his or her coconspirators); *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996) ("mere association with members of a conspiracy or knowledge of the conspiracy, 'without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator'"); *United States v. Merino*, 846 F.Appx. 494, 495 (9th Cir. 2021) (same).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. _____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____**

**8.147 LAUNDERING MONETARY INSTRUMENTS**

**(Counts 53-62—Concealment Money Laundering)**

Defendants Lacey, Larkin, Spear, and Brunst are charged in Counts 53-62 of the indictment with Concealment Money Laundering in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that defendant guilty of promoting or facilitating the promotion of;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant knew that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that knowingly and willfully promoting, or

Defendants' Proposed Jury Instructions

facilitating the promotion of, the prostitution offenses committed by any business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A) is a felony.

## Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.147 (2021) (modified to reflect the charges in the indictment).  As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act.  *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id*.

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. _____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____**

**8.148 TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY**

**(Counts 63-68—International Promotional Money Laundering)**

Defendants Lacey, Larkin, Spear, and Brunst are charged in Counts 63-68 of the indictment with transporting funds to promote unlawful activity in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; and

Second, the defendant acted with the intent to promote, or facilitate the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that defendant guilty of promoting or facilitating the promotion of.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.147 (2021) (modified to reflect the charges in the indictment).  As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act.  *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved

Defendants' Proposed Jury Instructions

in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id.*

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.150 MONEY LAUNDERING**

**(Transactional Money Laundering)**

Defendant Lacey is charged in Counts 69-70, 81, 83-84, 86, 88-92, and 94-99; Defendant Larkin is charged in Counts 80 and 87; Defendant Spear is charged in Counts 71-78, 85, and 93; and Defendant Brunst is charged in Counts 69-70, 78-84, and 86-93, of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the specific transaction charged in the indictment involved specific criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that Defendant guilty of promoting or facilitating the promotion of; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank, commercial bank, or credit union.

Defendants' Proposed Jury Instructions

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove beyond a reasonable doubt that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The statute only encompasses transactions in which a defendant first knowingly obtains "criminally derived property," and *then engages* in a monetary transaction with that property.

The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of promoting, or facilitating the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A). But the government must prove beyond a reasonable doubt that the defendant knew the specific transaction charged in the indictment involved specific criminally derived property—it is not enough that the defendant knew the proceeds derived from advertisements for prostitution offenses.

Although the government must prove that more than $10,000 of the property at issue was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

### Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.150 (2021) (modified to reflect the charges in the indictment). As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act. *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-

Defendants' Proposed Jury Instructions

CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id.*

*See United States v. Piervinanzi*, 23 F.3d 670, 677 (2d Cir. 1994) (government agreeing to vacate conviction and not disputing that "the language of the statute only encompasses transactions in which a defendant first obtains 'criminally derived property,' and then engages in a monetary transaction with that property."); *United States v. Johnson*, 971 F.2d 562, 570 (10th Cir. 1992) (reversing conviction, noting that "Section 1957 appears to be drafted to proscribe certain transactions in proceeds that have already been obtained by an individual from an underlying criminal offense.").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. ____

## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____

## 8.149 TRANSPORTING MONETARY INSTRUMENTS FOR THE PURPOSES OF LAUNDERING

### (Count 100 – International Concealment Money Laundering)

Defendant Lacey is charged in Count 100 of the indictment with transporting money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported money from a place in the United States to or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by a particular business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A), specifically (i) a business enterprise involved in at least one of the fifty advertisements that is the subject of Counts 2 – 51 and (ii) a business enterprise for which you found that defendant guilty of promoting or facilitating the promotion of; and

Third, the defendant knew the transportation was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the knowing and willful promotion, or facilitation of the promotion of, the prostitution offenses committed by any business enterprise in violation of 18 U.S.C. § 1952(a)(3)(A).

### Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.149 (2021) (modified to reflect the charges in the indictment). As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act. *See United States v. Lacey, et al.* (D.

Defendants' Proposed Jury Instructions

Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id.*

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**8.22 MULTIPLE CONSPIRACIES**

**(Count 52 – Multiple Conspiracies)**

Count 52 of the indictment alleges a single conspiracy to commit concealment money laundering in violation of Section 1956(a)(1)(B)(i), international promotional money laundering in violation of Section 1956(a)(2)(A), transactional money laundering in violation of Section 1957(a), and international concealment money laundering in violation of Section 1956(a)(2)(B)(i). You must decide whether the single conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering as charged in Count 52 of the indictment existed, and, if it did, who at least some of its members were. If you find that the single conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering as charged in Count 52 of the indictment did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. For example, if you find that Count 52 concerns two or more conspiracies, you must find the Defendants not guilty of the single conspiracy alleged in Count 52. Similarly, if you find that any Defendant was not a member of the conspiracy to commit concealment, international promotional, transactional, and international concealment money laundering as charged in Count 52, then you must find that Defendant not guilty, even though that Defendant may have been a member of some other conspiracy.

**Supporting Authorities**

Model Crim. Jury Instr. 9th Cir. 8.22 (2021) (modified to reflect the charges in the indictment).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. _____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____**

**8.25 CONSPIRACY—LIABILITY FOR CONCEALMENT MONEY LAUNDERING VIOLATIONS COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

**(Co-Conspirator Liability)**

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a Defendant guilty of a committing concealment money laundering in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code as charged in Counts 53-62 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 52 of the indictment committed the crime of concealment money laundering as alleged in Counts 53-62;

Second, the person was a member of the conspiracy as charged in Count 52 of the indictment;

Third, the person committed the crime of concealment money laundering in furtherance of the conspiracy;

Fourth, the Defendant was a member of the same conspiracy at the time the offenses charged in Counts 53-62 were committed;

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

To prove a conspiracy, the government must prove beyond a reasonable doubt the requisite intent to commit the substantive crime, here concealment money laundering.

Defendants' Proposed Jury Instructions

Concealment money laundering is a specific intent crime.  See the Specific Intent jury instruction.

### Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.25 (2021) (modified to reflect the charges in the indictment).  As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act.  *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id.*

To prove a conspiracy charge, the government must prove the "requisite intent for the substantive crime."  *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016).  Concealment money laundering is a specific intent crime.

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**8.25 CONSPIRACY—LIABILITY FOR INTERNATIONAL PROMOTIONAL MONEY LAUNDERING VIOLATIONS COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

**(Co-Conspirator Liability)**

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a Defendant guilty of a committing international promotional money laundering in violation of Section 1956(a)(2)(A) of Title 18 of the United States Code as charged in Counts 63-68 of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count 52 of the indictment committed the crime of international promotional money laundering as alleged in Counts 63-68;

Second, the person was a member of the conspiracy as charged in Count 52 of the indictment;

Third, the person committed the crime of international promotional money laundering in furtherance of the conspiracy;

Fourth, the Defendant was a member of the same conspiracy at the time the offenses charged in Counts 63-68 were committed;

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

To prove a conspiracy, the government must prove beyond a reasonable doubt the requisite intent to commit the substantive crime, here international promotional money

Defendants' Proposed Jury Instructions

laundering.  International promotional money laundering is a specific intent crime.  See the Specific Intent jury instruction.

## Supporting Authorities

Model Crim. Jury Instr. 9th Cir. 8.25 (2021) (modified to reflect the charges in the indictment).  As this Court previously held, the "specified unlawful activity" ("SUA") here is not the general facilitation or promotion of "any business enterprise involving prostitution offenses" in violation of the Travel Act.  *See United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.'  They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").  Therefore, the SUA referenced in each of the proposed jury instructions regarding the Indictment's money laundering charges must reference the "fifty distinct" advertisements at issue in Counts 2 - 51.  *Id.*

To prove a conspiracy charge, the government must prove the "requisite intent for the substantive crime."  *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016). International promotional money laundering is a specific intent crime.

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**DEFENDANT'S GOOD FAITH**

The government has the burden to prove to you, beyond a reasonable doubt, that a defendant acted with criminal intent and lacked good faith. The burden of proving good faith does not rest with a defendant because a defendant does not have any obligation to prove anything in this case. If the government fails to meet its burden to prove a defendant lacked good faith, its failure to do so is a complete and absolute defense to the charges in this case and you must return a not guilty verdict.

If a defendant carried out his or her actions in good faith, there was no criminal intent.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the charges in the indictment merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held and an absence of malice or ill will.

If the evidence in the case leaves the jury with a reasonable doubt as to whether a defendant acted with criminal intent and lacked good faith, the jury must acquit that defendant.

**Supporting Authorities**

*See* 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.), 1A Fed. Jury Prac. & Instr. § 19:06 (6th ed.).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**DEFENSE THEORY OF THE CASE**

Defendants intend to request instructions on the defense's theories of the case. Defendants reserve their right to submit that request at the close of the trial.

**Supporting Authorities**

*See* Fed. R. Crim. P. 30; *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014) ("A criminal defendant is entitled to jury instructions related to a defense theory so long as there is any foundation in the evidence and the instruction is supported by law." (internal quotation marks omitted)); *United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005) ("A defendant is entitled to instructions relating to a defense theory for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. _____

## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____

## FIRST AMENDMENT PROTECTION—PROTECTED FREE SPEECH

Advertisements are legally protected speech under the First Amendment to the United States Constitution. A website's hosting of a third-party's advertisement on the internet is also protected under the First Amendment, including the publication of suggestive advertisements that might relate to either legal or illegal activity.

### Supporting Authorities

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561, (1980) ("The First Amendment . . . protects commercial speech from unwarranted governmental regulation. . . . Even when advertising communicates only an incomplete version of the relevant facts, the First Amendment presumes that some accurate information is better than no information at all."); *Reno v. ACLU*, 521 U.S. 844, 868-70 (1997) ("[O]ur cases provide no basis for qualifying the level of First amendment scrutiny that should be applied to [the Internet].").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. _____

## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____

## FIRST AMENDMENT PROTECTION—WEBSITES HOSTING THIRD-PARTY ADS

A website's hosting of a third-party's ad is presumptively protected and therefore legal, unless the government can prove beyond a reasonable doubt that:

(i)     the defendant had actual knowledge of the particular ad, *and*

(ii)    the defendant had actual knowledge that the particular ad's content was in fact for unlawful activity, *and*

(iii)   the defendant personally took an action causing the particular ad to be published, or to continue to be published, specifically intending to further illegal activity.

### Supporting Authorities

*See Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281 (W.D. Wash. 2012) ("The third-party publication of offers to engage in illegal transactions does not fall within 'well-defined and narrowly limited classes of speech' that fall outside of First Amendment protection.") (quoting *Chaplinsky v. State of New Hampshire,* 315 U.S. 568, 571–572 (1942)); *United States v Gibson Specialty Co.*, 507 F.2d 446, 450 fn. 8 (9th Cir. 1974) ("The presumption that one intends the natural and probable consequences of his actions is insufficient in this context to establish intent to facilitate criminal activity. It is as likely as not that a vendor similar to the defendants in this proceeding is totally indifferent to the actions of his purchaser."); *See United States v. Rundo*, 990 F.3d 709, 719-720 (9th Cir. 2021) ("'the intent to engage in one of the prohibited acts is a personal prerequisite to punishment under [the Act] . . . Simply put, knowing that some might choose to become violent is not at all the same as intending that they do so.").

Defendants' Proposed Jury Instructions

*See also United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."); *see United States v. Lacey, et al.* (D. Ariz.), Case No. 18-CR-00422-PHX-SMB, Transcript of December 4, 2020 Hearing ("And I think one of the key things in my reason for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a separate case, entered a plea in a separate case. This case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—"ADULT" SERVICES ARE LEGAL**

The phrase 'adult,' even in conjunction with 'services,' is not unlawful in itself nor does it necessarily call for unlawful content.

**Supporting Authorities**

*Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 968 (N.D. Ill. 2009) (verbatim quote).

Defendants' Proposed Jury Instructions

COURT'S INSTRUCTION NO. _____

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____

FIRST AMENDMENT PROTECTION—EXAMPLES OF LEGAL "ADULT" SERVICES

Advertisements for escort services, strippers, massage services, dominatrix, and dating are presumptively legal and constitutionally protected speech, because escorting, stripping, providing massage or dominatrix services, and dating all are legal activities.

**Supporting Authorities**

*See Dart v. Craigslist, Inc.*, 665 F.Supp.2d 961, 968 (N.D. Ill.2009) (Sheriff Dart "is simply wrong when he insists that [craigslist's adult services category and related subcategories] are all synonyms for illegal sexual services;" craiglist's "adult services" section "is not unlawful in itself nor does it necessarily call for unlawful content"); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015), *cert. denied*, 137 S. Ct. 46 (2016) (rejecting sheriff's presumption that ads on Backpage.com were illegal: Backpage.com was "an avenue of expression of ideas and opinions" protected by the First Amendment, including its "classified ads for 'adult' service;" "Fetishism?  Phone sex? Performances by striptease artists?  (Vulgar is not violent.)  One ad in the category 'dom & fetish' is for the services of a 'professional dominatrix'—a woman who is paid to whip or otherwise humiliate a customer in order to arouse him sexually.  It's not obvious that such conduct endangers women or children or violates any laws, including laws against prostitution.  The district judge remarked 'that the majority of the advertisements [in Backpage's adult section] are for sex'—but a majority is not all, and not all advertisements for sex are advertisements for illegal sex.") (internal citations omitted); *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1281-82 (W.D. Wash. 2012) (rejecting similar presumption of state AG defending law targeting Backpage and noting the "third-party

Defendants' Proposed Jury Instructions

publication of offers to engage in illegal transactions does not fall within [the] 'well-defined and narrowly limited classes of speech' that fall outside of First Amendment protection." (*quoting Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942)); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805, 833-34 (M.D. Tenn. 2013) (rejecting state's argument that escort ads on Backpage.com were unprotected speech); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097, at *9-11 (D.N.J. Aug. 20, 2013) (same); *M.A. ex rel. P.K v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1049-50 (E.D. Mo. 2011) (rejecting similar presumption in dismissing plaintiff's civil claims based on 18 U.S.C. §§ 2, 1595, and 2255); *People v Ferrer*, 2016 WL 7237305, at *9 (Cal. Super. Ct. Dec. 9, 2016) (dismissing state's pimping charges against Larkin and Lacey; noting that the only "whiff of illegality" in the AG's complaint improperly "require[ed] the presumption that illegal content was contained in the ads," yet the website's actions in posting the ads "would not be illegal").

Defendants' Proposed Jury Instructions

COURT'S INSTRUCTION NO. ____

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____

FIRST AMENDMENT PROTECTION—WEBSITE HAS THE RIGHT TO
EXERCISE EDITORIAL CONTROL AND JUDGMENT

The First Amendment prohibits the government from punishing a website that exercises "editorial control and judgment," including decisions about whether to allow, block, or edit third-party content.

Federal law also protects online providers and encourages them to engage in the editorial practices of monitoring, limiting, and/or editing user-submitted content to "maintain the robust nature of Internet communication, and … keep government interference in the medium to a minimum."

### Supporting Authorities

*Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974); *Washington Post v. McManus*, 355 F. Supp. 3d 272, 300 (D. Md. 2019) (enjoining Maryland statute that required social media and news websites to self-publish information about political ads, holding that the statute infringed editorial judgments; "This respect for a publisher's right to exercise 'editorial control and judgment' … applies with equal force to outlets that publish content on the Internet") (quoting *Tornillo*, 418 U.S. at 258), *aff'd.,* 944 F.3d 506 (4th Cir. 2019); *e-ventures Worldwide, LLC v. Google, Inc*., 2017 WL 2210029, at *4 (M.D. Fla. Feb. 8, 2017) ("A search engine is akin to a publisher, whose judgments about what to publish and what not to publish are absolutely protected by the First Amendment"; holding that "Google's actions in … determining whether certain websites are contrary to Google's guidelines and thereby subject to removal are the same as decisions by a newspaper editor regarding which content to publish, which article belongs on the front page, and which article is unworthy of publication. The First Amendment protects these decisions, whether they are fair or unfair, or motivated by profit or altruism."); *Zhang v.*

Defendants' Proposed Jury Instructions

*Baidu.com Inc*., 10 F. Supp. 3d 433, 438 (S.D.N.Y. 2014) ("a 'search engine's editorial judgment is much like many other familiar editorial judgments,' such as the newspaper editor's judgment of which wire-service stories to run and where to place them in the newspaper"); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 629-630 (D. Del. 2007) (First Amendment protects decisions about placement, ranking, or rejection of online advertisements); *Search King, Inc. v. Google Tech., Inc.*, 2003 WL 21464568 *4 (W.D. Okla. 2003) ("Google's PageRanks are entitled to 'full constitutional protection.'").

   *Batzel v. Smith*, 333 F.3d 1018, 1027-28 (9th Cir. 2003) ("'Section 230 was enacted, in part, to maintain the robust nature of Internet communication, and accordingly, to keep government interference in the medium to a minimum.'  Making interactive computer services and their users liable for the speech of third parties would severely restrict the information available on the Internet.") (internal citations omitted); *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1247 (S.D. Fla. 2020) ("'Section 230, though . . . was enacted to maintain the robust nature of Internet communication and, accordingly, to keep government interference in the medium to a minimum.' *Force v. Facebook, Inc.,* 934 F.3d 53, 63 (2d Cir. 2019), *cert. denied,* —— U.S. ——, 140 S.Ct. 2761, 206 L. Ed. 2d 936 (2020) (quotations omitted).  'Indeed, Congress stated in Section 230 that '[i]t is the policy of the United States – (1) to promote the continued development of the Internet and other interactive computer services and other interactive media; [and] (2) to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation.'' *Id.* (quoting 47 U.S.C. § 230(b)(1)-(2))."序).  *See Bennett v. Google, Inc.*, 2017 WL 2692607, at *2 (D.D.C. June 21, 2017) ("holding Google liable for establishing standards and guidelines would ultimately create a powerful disincentive for service providers to establish any standards or ever decide to remove objectionable content, which the CDA was enacted to prevent"), *aff'd sub nom.*, *Bennett v. Google, LLC*, 882 F.3d 1163 (D.C. Cir. 2018).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**FIRST AMENDMENT PROTECTION—OFFENSIVE AND SEXUAL SPEECH**

The First Amendment prohibits the government from restricting speech because some find it offensive. The First Amendment also prohibits the government from restricting adult sexual expression that is indecent, but not obscene.

**Supporting Authorities**

*Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245 (2002) ("It is also well established that speech may not be prohibited because it concerns subjects offending our sensibilities. . . . In evaluating the free speech rights of adults, we have made it perfectly clear that '[s]exual expression which is indecent but not obscene is protected by the First Amendment'") (citing *Reno v. American Civil Liberties Union*, 521 U.S. 844, 874 (1997).

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—SPEECH PRESUMED PROTECTED**

The Constitution does not permit the jury to presume that speech is unprotected merely because it resembles unprotected speech.  The jury must presume that speech is protected.

The government always has the burden to prove that particular instances of speech are not protected by the First Amendment.

**Supporting Authorities**

*Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) ("Protected speech does not become unprotected merely because it resembles the latter."); *United States v. Playboy Entm't Grp., Inc*., 529 U.S. 803, 816 (2000) ("When the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions."); *id*. at 818 ("When First Amendment compliance is the point to be proved, the risk of nonpersuasion … must rest with the Government, not with the citizen.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—ADS PRESUMED PROTECTED**

A website's publication of a classified ad posted by a third party is protected under the First Amendment unless the transaction proposed in the ad *necessarily* would be an illegal act (like an ad proposing a sale of cocaine, which always is illegal).  Where the legality of a transaction proposed in an ad depends on circumstances outside the content of the ad, a website's publication of the ad is protected by the First Amendment.

The jury cannot conclude from coded language or implicit offers in a classified ad that an ad necessarily proposes an illegal act.  Coded language or implicit offers mean that the legality of a transaction proposed in an ad will depend on circumstances outside the content of the ad.

The classified ads charged in Counts 2 – 22 and 24 – 51 do not necessarily propose unlawful acts and the legality of the transactions proposed in those ads depends on circumstances outside the content of those ads.  Therefore, Backpage.com's publication of those 49 ads was protected by the First Amendment.

A website's publication of classified ads protected by the First Amendment does not become unprotected merely because some, or even many, third-parties use the ads hosted on the website to facilitate their own illegal conduct.

**Supporting Authorities**

*Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 822 (9th Cir. 2013) (rejecting Arizona's proposed "novel extension of *Central Hudson's* legality requirement, which has traditionally focused on the content of affected speech—*i.e.*, *whether the speech proposes an illegal transaction*—instead of whether the speech is associated with unlawful activity") (emphasis added).

Defendants' Proposed Jury Instructions

COURT'S INSTRUCTION NO. _____

DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____

FIRST AMENDMENT PROTECTION—CODED ADVERTISEMENT
LANGUAGE

Coded language in an ad does not mean the ad is for an illegal activity.  For example, where a website publishes an escort advertisement, posted by a third-party, using coded language implying the advertisement is for prostitution, the advertisement may, in fact, just be for legal escort services.

### Supporting Authorities

*See Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1279 (W.D. Wash. 2012) ("The pimp that publishes the advertisement certainly 'knows' whether his offer is for sex, whether explicitly or implicitly. However, what does it mean for the website operator to "know" that an advertisement "implicitly" offers sex? In Washington, 'a person acts knowingly or with knowledge when . . . he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.' Wash. Rev. Code Ann. § 9A.08.010(b)(ii). However, where an online service provider publishes advertisements that employ coded language, a reasonable person could believe that facts exist that do not in fact exist: an advertisement for escort services may be just that. Similarly, Defendants contend that 'offer' is used 'to make clear that a transaction does not have to be consummated for SB 6251 to apply.' However, if the offer is implicit, how can a third party ascertain that which is being offered before the transaction is consummated?").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. ____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. ____**

**FIRST AMENDMENT PROTECTION—GOVERNMENT CANNOT PUNISH
LEGAL SPEECH TO SUPPRESS ILLEGAL SPEECH**

The First Amendment prohibits the government from restricting or punishing legal speech in an effort to eliminate illegal speech. The possible harm to society from permitting illegal speech to go unpunished is outweighed by the possibility that legal speech will be suppressed.

The First Amendment prohibits the government from punishing a defendant based on that defendant's or Backpage.com's refusal to cease publishing adult services or dating ads, even if eliminating all adult-oriented ads would have reduced the number of ads relating to illegal conduct on the website.

**Supporting Authorities**

*Packingham v. North Carolina*, 137 S. Ct. 1730, 1738 (2017) ("as a general rule, the Government 'may not suppress lawful speech as the means to suppress unlawful speech'"); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002) ("The government may not suppress lawful speech as the means to suppress unlawful speech.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—PROTECTED PUBLICATION OF THIRD-PARTY SPEECH**

Under the First Amendment, the jury cannot find a defendant guilty of a crime based on a website's publication of a third-party classified ad, unless the government proves beyond a reasonable doubt that:

(i)     the defendant had actual knowledge of the particular ad, *and*

(ii)    the defendant had actual knowledge that the particular ad related to unlawful activity, *and*

(iii)   the defendant personally took an action causing the particular ad to be published on, or to continue to be published on, Backpage.com with the aim of furthering the illegal activity.

**Supporting Authorities**

*See Smith v. California*, 361 U.S. 147, 153-54 (1959); *Mishkin v. New York*, 383 U.S. 502, 511 (1966) ("The Constitution requires proof of scienter to avoid the hazard of self-censorship of constitutionally protected material . . ."); *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 822 (9th Cir. 2013) (rejecting Arizona's proposed "novel extension of *Central Hudson's* legality requirement, which has traditionally focused on the content of affected speech—*i.e.*, *whether the speech proposes an illegal transaction*—instead of whether the speech is associated with unlawful activity") (emphasis added); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805, 830 (M.D. Tenn. 2013) (the First Amendment burden imposed by self-censorship is magnified on the Internet, because "websites … will bear an impossible burden to review all of their millions of postings or, more likely, shut down their adult services section entirely.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. _____**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. _____**

**FIRST AMENDMENT PROTECTION—NO REQUIREMENT TO SHUT DOWN**

The First Amendment prohibits the government from requiring a website hosting third-party ads to shut down its adult section, even if doing so could have reduced the number of ads relating to illegal conduct.

**Supporting Authorities**

*Packingham v. North Carolina*, 137 S. Ct. 1730, 1738 (2017) ("as a general rule, the Government 'may not suppress lawful speech as the means to suppress unlawful speech'"); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002) ("The government may not suppress lawful speech as the means to suppress unlawful speech.").

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—NO REQUIREMENT TO INVESTIGATE**

An internet provider is not required to investigate or learn what its users are doing and whether anyone is hurt as a result.

### Supporting Authorities

*Doe v. GTE Corp*, 347 F.3d 655, 661 (7th Cir. 2003) ("Plaintiffs do not cite any case in any jurisdiction holding that a service provider must take reasonable care to prevent injury to third parties. Consider the Postal Service or Federal Express, which sell transportation services that could be used to carry harmful articles. As far as we can discover, no court has held such a carrier liable for failure to detect and remove harmful items from shipments. . . . Similarly, telephone companies are free to sell phone lines to entities such as [the wrongdoer], without endeavoring to find out what use the customers make of the service. See, e.g., *Anderson v. New York Telephone Co.,* 35 N.Y.2d 746, 361 N.Y.S.2d 913, 320 N.E.2d 647 (1974) (no liability for phone company that furnished service to someone who used the connection to play a defamatory recording to all callers). . . . Landlord, phone company, delivery service, and web host all *could* learn, at some cost, what [wrongdoer] was doing with the services and who was potentially injured as a result; but state law does not require these providers to learn, or to act as Good Samaritans if they do. The common law rarely requires people to protect strangers, or for that matter acquaintances or employees. See generally *Stockberger v. United States,* 332 F.3d 479 (7th Cir. 2003).")

Defendants' Proposed Jury Instructions

**COURT'S INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_**

**FIRST AMENDMENT PROTECTION—PUBLICATION DOES NOT CREATE CRIMINAL CULPABILITY**

A defendant's operation of a website does not in and of itself provide culpable assistance to a wrongdoer; to prove a defendant guilty of assisting a criminal, the government must prove beyond a reasonable doubt that the defendant had a desire to promote the wrongful venture's success.

**Supporting Authorities**

*Doe v. GTE Corp*, 347 F.3d 655, 659 (7th Cir. 2003) (evaluating internet service provider's liability under section 230 where wrongdoer posted surreptitiously obtained photos of naked college athletes: "GTE's activity does not satisfy the ordinary understanding of culpable assistance to a wrongdoer, which requires a desire to promote the wrongful venture's success. See generally *United States v. Pino-Perez,* 870 F.2d 1230 (7th Cir. 1989) (en banc). A web host, like a delivery service or phone company, is an intermediary and normally is indifferent to the content of what it transmits. Even entities that know the information's content do not become liable for the sponsor's deeds. Does a newspaper that carries an advertisement for "escort services" or "massage parlors" aid and abet the crime of prostitution, if it turns out that some (or many) of the advertisers make money from that activity? How about Verizon, which furnishes pagers and cell phones to drug dealers and thus facilitates their business? GTE does not want to encourage the surreptitious interception of oral communications, nor did it profit from the sale of the tapes. It *does* profit from the sale of server space and bandwidth, but these are lawful commodities whose uses overwhelmingly are socially productive. That web hosting services likewise may be used to carry out illegal activities does not justify condemning their provision whenever a given customer turns out to be crooked. [The wrongdoer] did

Defendants' Proposed Jury Instructions

not demand a quantity or type of service that is specialized to unlawful activities, nor do plaintiffs allege that the bandwidth or other services required were themselves tipoffs so that GTE, like the seller of sugar to a bootlegger, must have known that the customer had no legitimate use for the service. Just as the telephone company is not liable as an aider and abettor for tapes or narcotics sold by phone, and the Postal Service is not liable for tapes sold (and delivered) by mail, so a web host cannot be classified as an aider and abettor of criminal activities conducted through access to the Internet.").

Defendants' Proposed Jury Instructions

## COURT'S INSTRUCTION NO. \_\_\_\_

## DEFENDANTS' JOINTLY PROPOSED INSTRUCTION NO. \_\_\_\_

## FIRST AMENDMENT PROTECTION—PUBLICATION DOES NOT CREATE CRIMINAL CULPABILITY

A defendant's operation of a website does not in and of itself provide culpable assistance to a wrongdoer; to prove a defendant guilty of assisting a criminal, the government must prove beyond a reasonable doubt that the defendant had a desire to promote the wrongful venture's success.

### Supporting Authorities

*Doe v. GTE Corp*, 347 F.3d 655, 659 (7th Cir. 2003) (evaluating internet service provider's liability under section 230 where wrongdoer posted surreptitiously obtained photos of naked college athletes: "GTE's activity does not satisfy the ordinary understanding of culpable assistance to a wrongdoer, which requires a desire to promote the wrongful venture's success. See generally *United States v. Pino-Perez,* 870 F.2d 1230 (7th Cir. 1989) (en banc). A web host, like a delivery service or phone company, is an intermediary and normally is indifferent to the content of what it transmits. Even entities that know the information's content do not become liable for the sponsor's deeds. Does a newspaper that carries an advertisement for "escort services" or "massage parlors" aid and abet the crime of prostitution, if it turns out that some (or many) of the advertisers make money from that activity? How about Verizon, which furnishes pagers and cell phones to drug dealers and thus facilitates their business? GTE does not want to encourage the surreptitious interception of oral communications, nor did it profit from the sale of the tapes. It *does* profit from the sale of server space and bandwidth, but these are lawful commodities whose uses overwhelmingly are socially productive. That web hosting services likewise may be used to carry out illegal activities does not justify condemning their provision whenever a given customer turns out to be crooked. [The wrongdoer] did

Defendants' Proposed Jury Instructions

not demand a quantity or type of service that is specialized to unlawful activities, nor do plaintiffs allege that the bandwidth or other services required were themselves tipoffs so that GTE, like the seller of sugar to a bootlegger, must have known that the customer had no legitimate use for the service. Just as the telephone company is not liable as an aider and abettor for tapes or narcotics sold by phone, and the Postal Service is not liable for tapes sold (and delivered) by mail, so a web host cannot be classified as an aider and abettor of criminal activities conducted through access to the Internet.").