Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
tbienert@bklwlaw.com
wbernstein@bklwlaw.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>              Defendants. | Case No. 2:18-cr-00422-PHX-SMB<br><br>**DEFENDANTS' STATUS REPORT AND REQUEST FOR CONFERENCE ADDRESSING EXHIBITS, WITNESSES, AND JURY INSTRUCTIONS** |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

Defendant James Larkin, Michael Lacey, Scott Spear, John Brunst, Andrew Padilla, and Joye Vaught (collectively, "Defendants") submit this status report and request for a conference to address the government's proposed witness and exhibit lists and jury instructions in advance of the commencement of trial. While Defendants believe a three-week continuance is necessary due to the ongoing COVID-19 infection of one defense counsel and his staff,[1] Defendants believe the Court and parties can use the time in the interim to address witnesses, exhibits, and jury instructions in a way that will reduce the overall length of trial and allow trial to conclude within the previously scheduled timeframe.

### A. Defendants are concerned for the safety of all trial participants given the rise of the COVID-19 Delta variant.

As this Court is aware from the previously filed under seal Notice (Dkt. 1184) and Motion to Continue Trial (Dkt. 1198), one of the defense attorneys and his staff contracted COVID-19 despite being vaccinated. The attorney and his staff have been symptomatic and quarantined for nearly two weeks and remain symptomatic and quarantined as of this filing. Consequently, Defendants' ability to jointly prepare for trial has been severely limited. Afflicted counsel has requested a three-week continuance at this time, though may require a longer continuance depending on his symptoms and recovery. Other Defendants join in the request for the three-week continuance to protect all Defendants' due process rights.

Defendants fear that counsel's breakthrough infection, fortunately detected prior to exposing 40-50 daily trial participants, is the tip of the iceberg should trial begin in two weeks. Amidst the rise of a new dominant COVID variant (Delta), Defendants remain concerned for the safety of the jury and all trial participants. For example, as of July 19, 2021, 82% of COVID-19 cases sampled in the United States were the Delta variant as opposed to 2% in April 2021.[2] Additionally, the rate of COVID-19 cases is increasing. Maricopa County had over 5,000 reported cases of COVID-19 between July 27, 2021, and August 2, 2021, placing it in the CDC's highest

---

[1] *See* Motion to Continue Trial, filed under seal today at Dkt. 1198.

[2] *See* "Demystifying the Delta Variant with Data," Johns Hopkins University of Medicine (July 19, 2021), *available at* https://coronavirus.jhu.edu/pandemic-data-initiative/news/demystifying-the-delta-variant-with-data (last accessed August 3, 2021).

level, and community transmission in Maricopa County is also currently at the CDC's highest level.[3] On August 3, 2021, Maricopa County reported 1,974 new cases and 30 new deaths that day alone.[4] Today, Maricopa County reported another 2,289 new cases and 11 new deaths since yesterday.[5] Further, the CDC reports that COVID-19 Delta variant infections are associated with a higher viral load that makes the infected individual contagious for a longer period of time (a median of 18 days for Delta infection vs. 13 days for non-Delta infection) and that the risk of reinfection with Delta may be higher.[6] On July 29, 2021, the CDC also reported that breakthrough cases of Delta amongst vaccinated individuals may be as transmissible as non-variant COVID-19 amongst unvaccinated individuals, may cause a more severe disease course.[7] The situation is expected to get worse: the Institute for Health Metrics and Evaluation (IHME), an independent global health research center at the University of Washington, forecasts that Arizona will have over 6,700 cases per day by August 23, 2021, and over 10,000 cases per day by September 14, 2021.[8]

Given the current pandemic and public health crisis, it is almost inevitable that commencing trial at this time may very likely endanger the jury (16 jurors), all trial participants (nearly 30 attorneys and support staff on both sides), court staff, and their families, particularly with 88 witnesses (and counting) from across the country for the government's case-in-chief. It is also predictable that trial will be disrupted by frequent breaks when any of the 40-50 daily participants and non-sequestered jurors have any symptoms or exposure to anyone with symptoms. Separate

---

[3] *See* COVID Data Tracker, Centers for Disease Control and Prevention, *available at* https://covid.cdc.gov/covid-data-tracker/#county-view (last accessed August 3, 2021).

[4] *See* COVID-19 Data, Arizona Department of Health Services, *available at* https://www.azdhs.gov/covid19/data/index.php (last accessed August 3, 2021).

[5] *See* COVID-19 Data, Arizona Department of Health Services, *available at* https://www.azdhs.gov/covid19/data/index.php (last accessed August 5, 2021).

[6] *See* "Improving communications around vaccine breakthrough and vaccine effectiveness," Centers for Disease Control and Prevention (July 29, 2021), *available at* https://www.azdhs.gov/covid19/data/index.php (last accessed August 3, 2021).

[7] *Id.*

[8] *See* Arizona: Daily infections and testing, Institute for Health Metrics and Evaluation, University of Washington, *available at* https://covid19.healthdata.org/united-states-of-america/arizona?view=infections-testing&tab=trend&test=infections (last accessed August 5, 2021).

2
DEFENDANTS' STATUS REPORT AND REQUEST FOR JURY CHARGE CONFERENCE

from the three-week continuance, to protect Defendants' due process rights from repeated interruptions and jurors focusing on safety concerns rather than the trial, the Court and counsel should address how this trial can proceed reasonably unabated in the current environment.

> **B. The government's final exhibit and witness lists ignore the Court's motion in limine rulings and contain irrelevant, cumulative, confusing, and time-wasting exhibits and witnesses.**

The government's final exhibit list is *159 pages* and contains more than *2,500 separate exhibits* (including numerous exhibits with subparts), totaling tens of thousands of pages. *See* Exhibit A, Government's Final Exhibit List, August 2, 2021, filed under seal. Many of these proposed exhibits are irrelevant, cumulative, confusing, time-wasting, and at odds with the Court's rulings on the motions in limine. Similarly, the government's final witness list includes 88 witnesses, many of whom are also at odds with the Court's rulings on the motions in limine. Many of the government's exhibits and witnesses are clearly inadmissible in this trial. Moreover, if the government is permitted to introduce all its exhibits and call all its witnesses, it would obviously take more than the 51 trial days that the Court has set aside for jury selection, opening arguments, the government's case, six different Defendants' cases, closing arguments, and jury deliberations. Defendants request that the Court address the government's limitless exhibit and witness lists pretrial at the August 9 conference to both shorten the length of trial and limit the jurors' time that will be wasted during sidebars and objections in the course of trial.

For example, one of the government's 2,500+ listed exhibits is a 6,000+- line excel spreadsheet chronicling over 5,500 press articles related to Backpage.com. (Gov't. Exh. 260). Another exhibit is an over 200-page transcript of a city council meeting discussing Backpage (Gov't Exh. 152). Defense counsel does not believe there are any valid bases on which to admit such "evidence." As Defendants argued in their response to the government's outstanding motion in limine to determine admissibility of certain evidence (Dkt. 1139), much of the evidence the government intends to introduce is irrelevant, confusing, cumulative, or time-wasting, violates Fed. R. Evid. 401 or the rule against hearsay, and also should be excluded under Fed. R. Evid. 403.

Further, the government's final exhibits list indicates that it is not taking the Court's rulings seriously. For example, the Court ruled that the government was precluded from presenting a

1  letter from the Auburn Theological Society without redacting statements on morality and was
2  precluded from presenting a Chase Bank email without redacting its statements on ethics (Dkt.
3  1159 at 3-4), yet the government finalized its exhibit list without producing redacted versions of
4  these exhibits.
5       Similarly, the government's final witness list also ignores the Court's ruling on the motions
6  *in limine*.  The Court ruled that the government may only present **one expert** as to various topics
7  (Dkt. 1081), but the government's final witness list contains the exact same experts, including all
8  of the experts who were on its witness list prior to the Court's ruling.  The Court also ruled that
9  the government was precluded from introducing details of murders (Dkt. 1155), but the
10 government's final witness list contains the exact same witnesses, number of witnesses, and
11 numerous exhibits related to murders that were on its lists prior to the Court's ruling.
12      Equally troubling, the government's final list remains incomplete as the first witness is still
13 identified as "NAAG members."  Defense counsel cannot competently prepare cross examination
14 for this currently unknown witness.  And despite numerous requests, the government has still not
15 provided any *Jencks* materials, interview notes, or FBI 302s for at least six of its current witnesses.
16      Additionally, defense counsel cannot and should not be required to prepare to cross
17 examine witnesses and evidence that is not admissible.  The government's lists of 2500+ exhibits
18 and 88 witnesses prohibit the defense from preparing for trial in an efficient way.  Defendants
19 should only have to prepare for a realistic and reasonable list of witnesses and exhibits.
20      The Court has repeatedly reminded the parties that this trial is about **50 ads and six**
21 **Defendants**, and not about every single allegation ever levied against Backpage.com, a company
22 that certain of the Defendants sold in April 2015.  *See* Court's order at Dkt. 946 at 13
23 ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were
24 indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes,
25 prostitution-related businesses, or other groups were involved in the business of prostitution.");
26 *see also* Transcript of December 4, 2020, Hearing ("And I think one of the key things in my reason
27 for denying the recusal is that this case is not about Backpage. Backpage was prosecuted in a
28 separate case, entered a plea in a separate case. This case is about these individual defendants and

4
DEFENDANTS' STATUS REPORT AND REQUEST FOR JURY CHARGE CONFERENCE

whether they had specific knowledge of these ads as facilitating illegal activity."). The Court has set aside and asked the potential jurors to set aside 51 days for this trial, which includes jury selection, opening statements, the government's case-in-chief, six different Defendants' cases (which the defense estimates will take approximately 15 trial days), closing arguments, and jury deliberations. Out of respect for the jurors, and to protect Defendant's due process rights, it is imperative for the Court to limit the government's case to the charges against Defendants and preclude irrelevant, cumulative, confusing, and time-wasting witnesses and exhibits. Defendants submit that setting a pre-trial hearing to address many of the government's proposed witnesses and exhibits will appropriately result in significant shortening of the trial length.

### C. Defendants request that the Court hold the jury charge conference prior to opening arguments.

This prosecution of first impression charges Defendants with a novel, unprecedented theory of culpability that has never been put to any jury. Defendants must know the legal instructions that will guide the jurors to competently present their defense, deliver opening arguments, and cross examine the government's witnesses. Unsurprisingly, Defendants and the government have dramatically different views of the jury instructions the Court should give. Because of this, and because of the importance of a jury charge conference prior to opening arguments and the government's case-in-chief, Defendants request that the Court schedule a pretrial conference to address the jury instructions. *See* Defendants' Joint Submission of Proposed Statement of the Case, Verdict Form, and Jury Instructions.

### D. To maximize efficiency, Defendants request that the Court address trial logistics.

To streamline this trial for the Court and the jury, Defendants request that the Court require the parties to advise every Thursday of the following week's witnesses and exhibits and thereafter confirm those witnesses and exhibits 48 hours in advance. Given the number of witnesses and length of trial, the timeframe for parties to provide their good-faith sealed impeachment materials to the Court should be Monday of each week following the opposing party's Thursday advisal (as opposed to having to supply all impeachment materials ahead of a three-month trial).

RESPECTFULLY SUBMITTED this 5th day of August 2021,

            BIENERT KATZMAN LITTRELL WILLIAMS LLP
            *s/ Whitney Z. Bernstein*
            Thomas H. Bienert, Jr.
            Whitney Z. Bernstein
            Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II(C)(3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

            LIPSITZ GREEN SCIME CAMBRIA LLP
            *s/ Paul J. Cambria, Jr.*
            Paul J. Cambria, Jr.
            Erin McCampbell Paris
            Attorneys for Michael Lacey

            BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
            *s/ Gary S. Lincenberg*
            Gary S. Lincenberg
            Ariel A. Neuman
            Gopi K. Panchapakesan
            Attorneys for John Brunst

            FEDER LAW OFFICE PA
            *s/ Bruce Feder*
            Bruce Feder
            Attorneys for Scott Spear

            DAVID EISENBERG PLC
            *s/ David Eisenberg*
            David Eisenberg
            Attorneys for Andrew Padilla

            JOY BERTRAND ESQ LLC
            *s/ Joy Bertrand*
            Joy Bertrand
            Attorneys for Joye Vaught

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas