GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICHOLAS L. MCQUAID
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**<br>**(Doc. 1191)** |

In their Joint Motion for Additional Peremptory Challenges (Doc. 1191), Defendants request a total of 19 peremptory challenges—compared to 9 for the United States. Neither the law nor the facts support Defendants' request, and the Motion should be denied.

Rule 24 of the Federal Rules of Criminal Procedure provides that, in non-capital felony cases, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges . . . ." Fed. R. Crim. P. 24(b)(2). However, "[t]he court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b). Moreover, the Court may impanel up to 6 alternate jurors, and Rule 24 provides for additional peremptory strikes in this situation as follows:

> **(4) Peremptory Challenges.** Each side is entitled to the number of additional peremptory challenges to prospective alternate jurors specified below. These additional challenges may be used only to remove alternate jurors.
>
> **(A) One or Two Alternates.** One additional peremptory challenge is permitted when one or two alternates are impaneled.
>
> **(B) Three or Four Alternates.** Two additional peremptory challenges are permitted when three or four alternates are impaneled.
>
> **(C) Five or Six Alternates.** Three additional peremptory challenges are permitted when five or six alternates are impaneled.

Fed. R. Crim. P. 24(c)(4)(A)-(C).

Three requirements stand out regarding the selection of alternate jurors. First, each side is "entitled" to the specified number of additional peremptory strikes set forth in the Rule. Second, these additional strikes "may be used only to remove alternate jurors." Third, if the Court contemplates 6 alternate jurors, "[t]hree additional peremptory challenges" are allowed per side.

As applied here, the United States would be entitled to 6 strikes and Defendants jointly would be allowed 10 strikes for the selection of the first 12 jurors. Fed. R. Crim. P. 24(b)(2). Then the United States, and Defendants jointly, would each be allowed 3 additional strikes concerning the selection of the 6 alternate jurors. Fed. R. Crim. P. 24(c)(4)(C).

Defendants here seek one additional peremptory challenge per Defendant, presumably to be used when picking the main body of 12 jurors. (*See* Mot. at 3.) If granted, this request would give Defendants 16 strikes, versus 6 for the government, when the first

12 jurors are selected, resulting in an unfairly lopsided disparity. But even if Defendants are allowed to spread their strikes out over the selection of all 18 jurors, this would still result in an overall imbalance of granting Defendants a total of 19 strikes versus 9 for the government. Either outcome disproportionately diverges from the baseline in Rule 24.

The Ninth Circuit recognizes "there is no 'right' to additional peremptory challenges in multiple defendant cases. The award of additional challenges is permissive, not mandatory, Fed. R. Crim. P. 24(b), and rests in the trial court's sound discretion." *United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986). *McClendon* teaches that district courts have broad discretion to deny requests like Defendants' here. In that case, which involved a six-week, multi-defendant trial, the defendants disagreed about how to exercise their final two peremptory challenges. 782 F.2d at 787-88. The Ninth Circuit affirmed the district court's denial of additional peremptory strikes, and recognized the trial court had properly "consider[ed] the need for expeditious proceedings" in denying relief. *Id*. at 788.

Numerous courts have reached the same conclusion in multi-defendant cases. *See, e.g.*, *United States v. Babichenko*, 1:18-CR-00258-BLW, 2021 WL 276692, at *6 (D. Idaho Jan. 27, 2021) (nine-defendant, 10-week trial; denying request for more than two additional peremptory challenges for the defendants, even in light of the defendants' allegedly conflicting interests; "[T]he Court's decision to award additional[ ] peremptory challenges under Federal Rule of Criminal Procedure 24(b) is permissive, not mandatory. This is so even when defendants cannot agree on how to exercise their permitted challenges. Furthermore, the need for expeditious proceedings is a valid consideration for the Court in deciding whether to permit additional challenges.") (citing *McClendon*, 782 F.2d at 787-88); *United States v. Kahre*, CR0500121DAE-RJJ, 2009 WL 1067298, at *2 (D. Nev. Apr. 20, 2009) (in a multi-defendant case in which the court intended to select four alternate jurors, the court denied a defense request for additional peremptory strikes; "The standard number of challenges, as outlined by the Rules, provide the parties ample opportunity to select an impartial jury that is representative of the community. Furthermore, the limited number of challenges will promote an efficient and

expeditious jury selection process."); *State v. Purdy*, 491 N.W.2d 402, 408 (N.D. 1992) (rejecting defendants' contention, in a 21-defendant case, that their inability to agree on peremptory challenges necessitated more challenges; "Disagreement among codefendants on the exercise of joint peremptory challenges does not mandate a grant of additional challenges unless the defendants demonstrate that the jury ultimately selected is not impartial or representative of the community.") (citing *Stilson v. United States,* 250 U.S. 583, 586-587 (1919), and *McClendon,* 782 F.2d at 788).

Defendants' authority to the contrary—a single district court case—granted in part, with no analysis, a request for additional peremptory challenges. (Mot. at 3, citing *United States v. Rodriguez-Landa*, 213CR00484CAS135610, 2019 WL 653853 (C.D. Cal. Feb. 13, 2019).) While the defense argued that more strikes were needed to "ameliorate . . . the risk of prejudice arising from the multi-defendant trial," *id*. at *19, the court's decision contained no discussion of any such risks, nor of the alternative (and more commonly used) means of addressing such concerns (*i.e.*, jury instructions). Simply put, *Rodriquez-Landa* is an outlier: *McClendon*, *Babichenko*, *Kahre*, and *Purdy* were all multi-defendant cases, yet none recognized an automatic right to additional challenges based on that fact alone.

More fundamentally, Defendants' Motion fails to identify any *bona fide* divergence of interest *in jury selection* that could conceivably justify awarding Defendants an additional 6 peremptory strikes here. (*Cf*. Mot. at 3-4.) While Defendants may have held different jobs at Backpage.com, LLC, it is difficult to imagine how Defendants' interests could possibly diverge regarding concerns about possible bias and prejudice among potential jurors in this case. Defendants' Motion does not provide any reason to believe that Defendants will have different views about jury selection. In the absence of any logical or factually-supported reason for granting relief, the Motion should be denied.[1]

---

[1] Defendants have been aligned on nearly every issue to have come before this Court since this case was indicted in March 2018. For example, all six Defendants have joined every motion to dismiss and every defense motion in limine filed to date, and certain Defendants appear to be signatories to the joint defense and/or common interest agreements cited in other filings. (*See, e.g.*, Docs. 561, 615, 617, 746, 751, 754, 755, 757, 787, 782, 783, 904, 907, 908, 909, 921, 927, 928; *see also* Doc. 441 at 1-2.)

Defendants also assert that granting them additional challenges will "serve to protect" their Sixth Amendment right to a petit jury selected "from a representative cross section of the community." (Mot. at 4.) Yet Defendants articulate no logical nexus between granting them more strikes and the achievement of this laudable goal, and this argument should be rejected. Defendants do not explain how giving them the right to strike even more jurors without any stated reasons would somehow work to make the jury more representative of the community. If anything, given the difficulty of finding jurors able to serve in a 10-12 week trial, denying Defendants' Motion would advance "the need for expeditious proceedings" in this long-delayed case. *McClendon*, 782 F.2d at 788.

## Conclusion

For the foregoing reasons, Defendants' Motion (Doc. 1191) should be denied.[2]

Respectfully submitted this 6th day of August, 2021.

> GLENN B. McCORMICK
> Acting United States Attorney
> District of Arizona
>
> *s/ Peter S. Kozinets*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys
>
> DAN G. BOYLE
> Special Assistant U.S. Attorney
>
> NICHOLAS L. MCQUAID
> Acting Assistant Attorney General
> U.S. Department of Justice
> Criminal Division, U.S. Department of Justice
>
> REGINALD E. JONES
> Senior Trial Attorney
> U.S. Department of Justice, Criminal Division
> Child Exploitation and Obscenity Section

---

[2] Alternatively, if the Court is inclined to grant Defendants any additional challenges, the United States respectfully requests that the Court grant the government the same number of additional challenges. *See United States v. Chen*, 17-CR-00603-BLF-1, 2021 WL 2662116, at *8 (N.D. Cal. June 29, 2021) (granting government and defendants three additional peremptory challenges each).

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office