Thomas H. Bienert, Jr. *(admitted pro hac vice)*
    tbienert@bmkattorneys.com
Whitney Z. Bernstein *(admitted pro hac vice)*
    wbernstein@bmkattorneys.com
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Michael Lacey, *et al.*,<br><br>    Defendants. | CASE NO. 2:18-cr-00422-PHX-SMB<br><br>**DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S NOTICE OF SUBMISSION OF PROPOSED STATEMENT OF THE CASE, VERDICT FORM, AND JURY INSTRUCTIONS**<br><br>Assigned to Hon. Susan M. Brnovich, Courtroom 506<br><br>Trial Date:        September 1, 2021 |

1  Gary S. Lincenberg *(admitted pro hac vice)*
       glincenberg@birdmarella.com
2  Ariel A. Neuman *(admitted pro hac vice)*
       aneuman@birdmarella.com
3  Gopi K. Panchapakesan *(admitted pro hac vice)*
       gpanchapakesan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Defendant John Brunst
8
   Bruce Feder (AZ Bar No. 004832)
9      bf@federlawpa.com
   FEDER LAW OFFICE, P.A.
10 2930 E. Camelback Road, Suite 160
   Phoenix, Arizona 85016
11 Telephone: (602) 257-0135

12 Attorney for Defendant Scott Spear

13 David Eisenberg (AZ Bar No. 017218)
       david@deisenbergplc.com
14 DAVID EISENBERG PLC
   3550 N. Central Ave., Suite 1155
15 Phoenix, Arizona 85012
   Telephone: (602) 237-5076
16 Facsimile: (602) 314-6273

17 Attorney for Defendant Andrew Padilla

18 Joy Malby Bertrand (AZ Bar No. 024181)
       joy.bertrand@gmail.com
19 JOY BERTRAND ESQ LLC
   P.O. Box 2734
20 Scottsdale, Arizona 85252
   Telephone: (602)374-5321
21 Facsimile: (480)361-4694

22 Attorney for Defendant Joye Vaught

23

24

25

26

27

28

3742485.1

2

DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S SUBMISSION OF TRIAL DOCUMENTS

In advance of the August 20, 2021 Status Conference, Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants") hereby respond to the Government's Notice of Submission of Proposed Statement of the Case, Verdict Form, and Jury Instructions.  Dkt. 1216.

The government's filing is misleading in suggesting it provided ample notice of the information provided.  In short, after having *agreed* to a schedule whereby (1) Defendants would provide comments to the government's proposed trial documents by June 15, 2021, (2) the parties would meet and confer thereafter, and (3) the parties would submit (to the extent possible) joint trial documents by July 26, 2021, the government altogether failed to uphold its end of the bargain.  See Dkt. 1199 at 1-2.  *Not once* did the government offer to meet and confer with Defendants or propose changes to their original trial documents.  Consequently, the defense was forced to file on August 5, 2021 the same versions of Defendants' trial documents that were shared with the government on June 15, 2021.  Dkt. 1199.

Indeed, on July 28, 2021, over a month after the defense provided the government with its proposed instructions, the government represented that it was "responding to your 16 case specific instructions" and "revisiting some of [the government's] original instructions," claiming that "it's a time-consuming task" given that Defendants' proposed instructions were sent to the government "two months before trial" during its "busiest trial preparation period."  Dkt. 1199, Exh. E.  Apparently unaware that Defendants also are preparing for trial, and having ignored the agreed-upon schedule and meet-and-confer procedure, the government filed on August 13, 2021, proposed jury instructions that are materially different from the previous ones they provided to the defense, but did not ***even attempt to apprise the Court or Defendants as to what those changes are***.  Defendants were required to review line-by-line over 200 pages of dense legal instructions to search for and identify the changes.  Among the significant changes, *for the first time in this case*, the government identifies the underlying state laws it now claims correspond to each of the indictment's Travel Act counts (Dkt. 1216-3 at 90-99).  This recent addition interjects into

the case for the first time the substantive "prostitution" laws of *15 different states*. Defendants cannot adequately evaluate and research the body of law on this topic in one week (the time between the government's submission of these instructions and the hearing set by the Court).

Also buried in the government's proposed jury instructions are *six new* instructions that the government has never proposed to the defense, and that were disclosed for the first time in the government's August 13, 2021 submission. Dkt. 1216-3 at 146-151. Attached as **Exhibit A** are Defendants' objections to these six new "Non-Model Instructions Requested by the United States." In short, as to the Travel Act counts, the new proposed instructions are an attempt on the part of the government to impermissibly (1) circumvent the plain elements of the Travel Act, namely its "business enterprise" requirement[1] and (2) convert what is plainly a "specific intent" crime into a "general intent" crime.

Further, the government, for the first time in its August 13, 2021 submission, provided the Defendants with its response to Defendants' proposed instructions concerning the First Amendment. Dkt. 1216-3 at 159-201. Defendants vigorously dispute the government's characterization of the law on the First Amendment and its applicability to the charges here. Attached as **Exhibit B** is a set of supplemental authorities in response to the government's submission as to Defendants' proposed First Amendment instructions.

With respect to the government's proposed statement of the case, the document should more accurately be entitled "government's proposed *opening statement*," as the proposed statement is nothing but an argumentative recitation of what the government intends to prove. Dkt. 1216-1. Having already agreed that "they have no intention of

---

[1] The government proposes the following instruction that obviously is contrary to law: "An advertisement that invites multiple commercial transactions (like a car wash ad that informs the public of prices charged for each wash, even if only for a limited time) refers to a continuous course of conduct." *See* Exh. A. In lieu of actually proving a business enterprise tied to each Travel Act count, the government instead would have the jury presume that an advertisement, in and of itself, establishes the existence of a business enterprise.

providing the Superseding Indictment to the jury or reading it to the jury" (Dkt. 842), the government cannot now use a purported "statement of the case" to summarize the indictment for the jury. The proposed statement is also rife with blatantly improper conclusions that have no place in a court of law and should be precluded. The first paragraph alone is filled with improper assertions, such as the claim that Backpage "was well known for being the internet's leading source of prostitution"; the government cannot prove its case by reputation or conjecture, but must prove its claims by competent percipient evidence of the purported acts of prostitution. Similarly, the government cannot assert conclusions like "Backpage derived the overwhelming majority of its revenue from [prostitution] ads" and Backpage "earn[ed] over $500 million in prostitution-related revenue" without presenting competent, percipient evidence of "the overwhelming majority" of the ads and tracing of revenue to actual prostitution. The suggested statement contains many other improper conclusions. Government discovery and pleadings in this case strongly suggest that the government does not intend to present proper, admissible proof of these things, but improperly intends to put on witnesses who will simply make such conclusory assertions without actual percipient evidence to support them, which is improper.

If the Court were to read to the jury—and in effect endorse—a statement summarizing the government's allegations before the trial even starts, the prejudice inflicted upon the defense would be irremediable. The juror questionnaire provided to potential jurors already summarized the case[2]—there is no need for the Court to provide

---

[2] The introduction to the JQ reads: "Six individuals (Michael Lacey, James Larkin, Scott Spear, John "Jed" Brunst, Andrew Padilla, and Joye Vaught) ("Defendants") have been charged in a superseding indictment with: (1) conspiracy to commit violations of the Travel Act by facilitating prostitution; (2) violations of the Travel Act; (3) conspiracy to commit money laundering; (4) concealment money laundering; (5) international promotional money laundering; (6) transactional money laundering; and (7) international concealment money laundering. The charges arise from the Defendants' various roles in the creation, operation, and management of the website Backpage.com. Defendants have each pleaded not guilty to all charges and are presumed innocent. The United States has the burden of proving an individual guilty beyond a reasonable doubt."

additional statements from the parties.  That is why the defense did not submit its own competing, self-serving statement, instead opting to edit the government's statement so that it is neutral in tone.  Dkt. 1199, Exhs. A, B.

      Lastly, as to the proposed verdict form, in light of (1) the government's recent disclosure of the numerous underlying state laws tied to each of the fifty Travel Act counts and (2) the government's attempt to avoid having to prove actual business enterprises allegedly involved in prostitution offenses in violation of state laws, Defendants propose a revised verdict form that includes necessary questions regarding (a) the existence of a business enterprise, (b) whether that enterprise was involved in prostitution offenses in violation of the specified state laws, and (c) whether each defendant intended to facilitate those business enterprises.  See **Exhibit C.**  These additional questions are necessary to avoid the manifest risk that the jury convicts a defendant as to a given Travel Act count merely on the basis that the government claims an advertisement concerned prostitution, without proof that the ad in fact pertained to prostitution and without the jury finding a corresponding business enterprise involved in prostitution in violation of the specified state laws, that a defendant knew of the business enterprise, that a defendant knew of the ad or that it pertained to prostitution, or that a defendant intended to facilitate the unlawful activities of the business enterprise.  *See United States v. Jones*, 909 F.2d 533, 539 (D.C. Cir. 1990) ("Thus, the court would first decide whether the business activity that the defendant is charged with intending to promote is in fact prohibited by the relevant State's law.  If so, then the court would instruct the jury that it must find that the defendant specifically intended to promote (et cetera) each feature of the activity that is necessary to make it unlawful under that law.").

      *Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all*

*other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  August 18, 2021          Respectfully submitted,

                                            Thomas H. Bienert Jr.
                                            Whitney Z. Bernstein
                                            Bienert Katzman Littrell Williams LLP

                                            By:     */s/ Thomas H. Bienert, Jr.*
                                                            Thomas H. Bienert Jr.
                                            Attorneys for Defendant James Larkin

DATED:  August 18, 2021          Gary S. Lincenberg
                                            Ariel A. Neuman
                                            Gopi K. Panchapakesan
                                            Bird, Marella, Boxer, Wolpert, Nessim,
                                            Drooks, Lincenberg & Rhow, P.C.

                                            By:     */s/ Gary S. Lincenberg*
                                                            Gary S. Lincenberg
                                            Attorneys for Defendant John Brunst

DATED:  August 18, 2021          Paul J. Cambria
                                            Erin McCampbell
                                            Lipsitz Green Scime Cambria LLP

                                            By:     */s/ Paul J. Cambria*
                                                           Paul J. Cambria
                                            Attorneys for Defendant Michael Lacey

DATED:  August 18, 2021          Feder Law Office, P.A.

                                            By:     */s/ Bruce S. Feder*
                                                           Bruce S. Feder
                                            Attorney for Defendant Scott Spear

| | | |
|---|---|---|
| 1 | DATED: August 18, 2021 | The Law Office of David Eisenberg, PLC |
| 2 | | By:     */s/ David Eisenberg* |
| 3 | | David Eisenberg |
| 4 | | Attorney for Defendant Andrew Padilla |
| 5 | DATED: August 18, 2021 | Joy Bertrand Esq. LLC |
| 6 | | |
| 7 | | By:     */s/ Joy Malby Bertrand* |
| 8 | | Joy Malby Bertrand |
| | | Attorney for Defendant Joye Vaught |