# Exhibit B

| | |
|---|---|
| **From:** | Whitney Bernstein |
| **To:** | Stone, Andrew (USAAZ); Jones, Reginald (CRM); Rapp, Kevin (USAAZ); Kozinets, Peter (USAAZ); Perlmeter, Margaret (USAAZ); Boyle, Daniel (USACAC) |
| **Cc:** | Thomas H. Bienert; Toni Thomas; pcambria@lglaw.com; Erin McCampbell Paris; bf@federlawpa.com; Feder Law; Gary S. Lincenberg; Ariel A. Neuman; Gopi K. Panchapakesan; David Eisenberg; Joy Bertrand |
| **Subject:** | RE: US v. Lacey, et al. - 18-CR-00422-PHX-SMB |
| **Date:** | Friday, July 9, 2021 4:03:15 PM |

Hi Andy,

As to your first question, when we challenged the government's repeated interviews of Ferrer about attorney advisals that Backpage's actions were legal, the government claimed that these communications were not subject to attorney-client privilege and the Court agreed in Dkt. 1168 at 9-11.  Accordingly, the disclosure tracks the Court's order and is not a waiver of a privilege that the government argued and the Court agreed did not apply to these communications.

As to your second question, our clients' good faith is always a defense to specific intent crimes like those charged in this case.  The documents you are asking about are among several that Defendants may use at trial to negate your purported evidence of criminal intent and to establish their good faith, and they were provided pursuant to Rule 16.  At this time Defendants don't know what documents, if any, they may introduce at trial, but are continuing to review discovery and documents and will make such decisions based on evidence and arguments presented by the government during its case.  Whether an advice of counsel jury instruction will be sought by the defense will be determined only after hearing and assessing the evidence the government puts on in its case.

Thank you,

Whitney

**Whitney Z. Bernstein** | Partner

Bienert Katzman Littrell Williams LLP

Website | vCard | Profile

---

**From:** Stone, Andrew (USAAZ) <Andrew.Stone@usdoj.gov>
**Sent:** Thursday, July 8, 2021 3:38 PM
**To:** Whitney Bernstein <wbernstein@bklwlaw.com>; Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; Kozinets, Peter (USAAZ) <Peter.Kozinets@usdoj.gov>; Perlmeter, Margaret (USAAZ) <Margaret.Perlmeter@usdoj.gov>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Cc:** Thomas H. Bienert <tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; pcambria@lglaw.com; Erin McCampbell Paris <emccampbell@lglaw.com>; bf@federlawpa.com; Feder Law <fl@federlawpa.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>
**Subject:** RE: US v. Lacey, et al. - 18-CR-00422-PHX-SMB

Whitney,

In your cover letter from Friday evening, you wrote that you "attached documents from Backpage's former counsel relevant to the Defendants' good faith." And that the production was made "because, in light of the Court's order at Dkt. 1168, it cannot be deemed to waive any otherwise applicable privilege."

Two questions:

- With respect to your latter statement, what's your reasoning for why this disclosure isn't a waiver of the attorney-client privilege?
- With respect to your former statement, are Defendants asserting an advice of counsel defense? If not, what is the distinction between a "good faith" defense that relies on attorneys' legal memoranda and an "advice of counsel" defense?

Thanks,
Andy

**From:** Whitney Bernstein <wbernstein@bklwlaw.com>
**Sent:** Friday, July 2, 2021 5:09 PM
**To:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>; Kozinets, Peter (USAAZ) <PKozinets@usa.doj.gov>; Perlmeter, Margaret (USAAZ) <MPerlmeter@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Thomas H. Bienert <tbienert@bklwlaw.com>; Toni Thomas <tthomas@bklwlaw.com>; pcambria@lglaw.com; Erin McCampbell Paris <emccampbell@lglaw.com>; bf@federlawpa.com; Feder Law <fl@federlawpa.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman <aneuman@birdmarella.com>; Gopi K. Panchapakesan <gkp@birdmarella.com>; David Eisenberg <david@deisenbergplc.com>; Joy Bertrand <joy.bertrand@gmail.com>
**Subject:** US v. Lacey, et al. - 18-CR-00422-PHX-SMB

Counsel:

Please see attached.

Thank you,

Whitney

**Whitney Z. Bernstein**
Partner | Orange County
Bienert Katzman Littrell Williams LLP
Website | vCard | Profile

Los Angeles | 601 W. 5th Street, Suite 720 | Los Angeles, CA 90071 | (213) 528-3400
Orange County | 903 Calle Amanecer, Suite 350 | San Clemente, CA 92673 | (949) 369-3700



The foregoing message is confidential and intended for the designated recipient only.  The foregoing information may be protected by attorney-client and/or work product privileges.  Accordingly, if you have received this message in error, please contact BIENERT KATZMAN LITTRELL WILLIAMS LLP immediately, and delete the message without reviewing, copying, or making further use of the information contained herein.