Thomas H. Bienert, Jr. *(admitted pro hac vice)*
   tbienert@bklwlaw.com
Whitney Z. Bernstein *(admitted pro hac vice)*
   wbernstein@bklwlaw.com
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
   glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
   aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
   gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>Michael Lacey, *et al.*,<br><br>        Defendants. | CASE NO. 2:18-cr-00422-PHX-SMB<br><br>**DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT**<br><br>**[PUBLIC VERSION]**<br><br>[Oral Argument Requested]<br><br>Assigned to Hon. Susan M. Brnovich, Courtroom 506<br><br>Trial Date:     September 1, 2021 |

3744366.1

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
    david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
    joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

3744366.1

2

DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF
COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS

## I.   **INTRODUCTION**

Earlier in the case, in opposing Defendants' Motion to Dismiss based on the government's invasions of the attorney-client privilege during its interviews of Carl Ferrer, the government broadly claimed: "Defendants' legal defenses to civil and ***criminal liability are no secret***.  Defendants have ***publicly disclosed*** their defense theories regarding Backpage's operations, including reliance on the ***First Amendment, the CDA, and not possessing criminal intent***, in a multitude of ways."  Dkt. 998 at 10 (emphasis added).  The Court agreed.  Dkt. 1168.

Now, in response to the disclosure of materials reflecting the very legal advice that the government discussed with Ferrer and that the government asserted (and this Court found) was not privileged, the government does an about-face.  The government now shockingly asserts that these materials "on their face" are protected by the attorney-client privilege, a privilege the government previously broadly claimed did not exist.  Dkt. 1234 at 1.

Obviously, the government cannot have it both ways.  The 85 pages of legal memoranda outlining the legality of Backpage's operations that Defendants disclosed on July 2nd reflect the same legal advice the government asserted (and the Court ruled) was "publicly disclosed" and therefore not privileged.  Indeed, the specific legal memorandum that the government identifies in its motion references Section 230 and the First Amendment (Dkt. 1234 at 2 n.1), the very subjects the government previously claimed were not privileged because Backpage had disclosed these defenses publicly.[1]  Left with a Court order rejecting Defendants' position and finding such legal advice not to be privileged, Defendants' disclosure of these materials did not waive the privilege and the government is wrong to assert that Defendants must waive the privilege in order to use this evidence at trial.  In short, Defendants' production of these documents cannot waive a privilege that the government contended (and the Court ruled) did not exist.

---

[1]   The specific memorandum referenced by the government was disclosed to third parties, including financial institutions, and, therefore, is not privileged.

That said, the logical extension of the government's new position—that legal memoranda discussing matters like Section 230 and the First Amendment are "on their face" privileged—is that the numerous Ferrer interview memoranda, which "on their face" show the government discussed these same subjects with Ferrer, reflect obvious invasions of the attorney-client privilege.  Defendants accordingly renew their motion to dismiss for outrageous government conduct.  *See* Dkt. 942.  Notably, the government asserts that Defendants should be precluded from "soliciting testimony suggesting that attorneys made statements to Defendants or that Defendants relied upon such statements" (Dkt. 1234 at 4), when that is ***exactly*** what the government did in its interviews of Ferrer, with impunity, precisely because the government anticipated that Defendants would mount the very defense the government now seeks to preclude.  As the Court is aware, Defendants firmly believe the Court erred in its ruling that the government did not invade the privilege. Indeed, if there are convictions, this will be a central issue on appeal.  But now that the privilege has been invaded, Defendants have to live with the Court's ruling and intend to cross-examine Ferrer on the import of the communications with counsel that he revealed to the government.

Given the Court's prior ruling on Defendants' Motion to Dismiss, there are only two possible outcomes here—(a) Defendants are permitted to use at trial documents relating to the broad subject matter of Ferrer's communications with corporate counsel, or (b) the Court must dismiss the indictment given the government's now-admitted privilege invasions.  The outcome proposed by the government—to preclude Defendants at trial from relying on legal memoranda, or soliciting any testimony supporting the legality of Backpage's business—is a fiction.  The government's prior position, which the Court endorsed, created the very situation about which the government now complains.  The Court should not entertain the government's request to punish the defense for a problem of the government's own making.

4

1   ## II.      RELEVANT BACKGROUND

2      ### A.      Defendants' Motion to Dismiss Based on Outrageous Government

3            ### Misconduct Invading Attorney-Client Privilege

4         On May 1, 2020, Defendants moved to dismiss based on the government's privilege

5   invasions during its interviews of Carl Ferrer.  Dkt. 942.  The motion attached the

6   government's memoranda regarding its interviews of Ferrer, which revealed that the

7   government elicited, among other things, the following information from Ferrer:



28      Based on these, and other successive invasions of the privilege, Defendants moved

to dismiss the indictment.

## B.   Government's Opposition to Defendants' Motion to Dismiss

The government opposed Defendants' motion, primarily based on the argument that the communications the government discussed with Ferrer were not privileged.  The government broadly asserted that:

> *[T]hese statements cannot be privileged because they have not remained confidential*. Even if Defendants hadn't publicly asserted the same legal theories in scores of cases throughout the country over the last decade, Defendants revealed these theories in this case in their earliest filings. (*See, e.g*., Docs. 23 and 26.) *Simply put, it was no secret that Defendants would rely on First Amendment, mens rea, and CDA arguments to defend their operation of a website* whose revenue-generating business model was overwhelmingly based on advertising the sale of adults and children for sex.

Dkt. 998 at 1 (emphasis added).

The government then reiterated this position throughout its opposition, claiming there was no privilege waiver because "Defendants' legal defenses to civil and criminal liability are no secret.  Defendants have publicly disclosed their defense theories regarding Backpage's operations, including reliance on the First Amendment, the CDA, and not possessing criminal intent, in a multitude of ways."  *Id*. at 10 ("Defendants have repeatedly advanced these theories in this case, including in their very first filings in this matter."). As to Don Bennett Moon, one of the attorneys who advised Defendants about Backpage, the government contended that "Don Bennett Moon publicly discussed the theories that Defendants now label as 'privileged.'"  *Id*. at 11.  The government likewise claimed that Backpage's "ad moderation policy" was publicly disclosed.  *Id*.  Further, the government unilaterally asserted that certain privileged discussions instead involved non-legal "business decision[s]."  *Id*. at 12.

## C.   Defendants' Reply in Support of Motion to Dismiss

On reply, the defense observed that, as to the predicate facts necessary to establish the existence of the privilege, "the nineteen examples of privilege invasions set forth in Defendants' motion answer these questions *on their face*. The examples identified the attorneys involved, the topics on which legal advice was provided, and the advice given."

DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF
COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS

Dkt. 1022 3-4 (emphasis added) (citing specific examples).  Defendants further stated that "[t]he MOIs showed that the government questioned Ferrer about those legal memoranda and the substance of the advice Defendants' counsel gave.  The Motion and MOIs showed numerous instances where the government interrogated Ferrer about the legal advice provided by specific lawyers on topics such as: ███████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████ *Id*. at 4.  This is the very advice that Defendants now seek to tell the jury about at trial.

**D.    Court's Order Denying Defendants' Motion to Dismiss**

The Court denied Defendants' motion, largely agreeing with the government's characterizations of the underlying materials that the government discussed with Ferrer.  The Court found that Defendants had not established that any of the materials that the government discussed and reviewed with Ferrer were privileged.  The Court concluded:

- ████████████████████████████████████████████
████████████████████████████████████████████
███████████████████

- ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
██████████████████

- ████████████████████████████████████████████
██████████████████████████████████████
█████████████████████████████

Critically, in denying Defendants' motion, the Court agreed with the government that ██████████████████████████████████████████████████
██████████████████████████████████████████████ *Id*. at 17 (emphasis added).

1   III.   **ARGUMENT**

2      **A.   Defendants Are Entitled to Put on a Good Faith Defense at Trial.**

3         Defendants' good faith is squarely at issue in this trial involving various specific

4   intent crimes. *See United States v. Kimmel*, 777 F.2d 290, 293 (5th Cir. 1985) ("In reality,

5   a criminal defendant's good faith defense is the affirmative converse of the government's

6   burden of proving his intent to commit a crime."). Good faith reliance on the advice of

7   counsel is merely a subspecies of this defense that applies in the context of specific intent

8   crimes. *See United States v. Stevens*, 771 F. Supp. 2d 556, 560 (D. Md. 2011) ("Good

9   faith reliance on the advice of counsel is only relevant to specific intent crimes because

10  such reliance demonstrates a defendant's lack of the requisite intent to violate the law.").

11  Good faith reliance on the advice of counsel is *not* an affirmative defense that is required

12  to be disclosed before trial under Rule 12 of the Federal Rules of Criminal Procedure. *Id*.

13  ("Advice of Counsel is Not an Affirmative Defense, but Rather Negates the Wrongful

14  Intent Required to Commit the Crimes Charged.").

15        Given the government's position and the Court's ruling, Defendants' anticipated

16  good faith defense relies, in part, on the advice they received from attorneys regarding the

17  legality of Backpage's operations, both under the First Amendment and the

18  Communications Decency Act (and about which the government questioned Ferrer).[2]  It is

19  this very advice that the government has argued, and this Court has held, is not privileged.

20  Therefore, no waiver of the privilege is necessary for Defendants to proceed with this

21

---

22  [2]   Any argument by the government that Defendants are only entitled to put on at trial
23  evidence relating to advice concerning the First Amendment (as opposed to the CDA) also
    would be wrong. *See Cheek v. United States*, 498 U.S. 192, 203, 111 S. Ct. 604, 611, 112
24  L. Ed. 2d 617 (1991) ("We thus disagree with the Court of Appeals' requirement that
    a claimed good-faith belief must be objectively reasonable if it is to be considered as
25  possibly negating the Government's evidence purporting to show a defendant's awareness
    of the legal duty at issue. Knowledge and belief are characteristically questions for the
26  factfinder, in this case the jury. Characterizing a particular belief as not objectively
    reasonable transforms the inquiry into a legal one and would prevent the jury from
27  considering it."). The Court has preliminarily allowed the government to introduce
    statements from non-lawyer third parties regarding Backpage's activities, regardless of
28  whether those statements concern criminal or civil liability, or liability at all for that
    matter. Defendants are entitled to rebut all of those claims.

3744366.1

8

defense or to use the disclosed documents at trial.  Nor does the government cite a ***single case*** supporting the notion that there is a meaningful distinction between Ferrer's oral disclosure of the legal advice contained in numerous legal memoranda in response to government inquiries, on the one hand, and the disclosure of such legal memoranda by the defense, on the other.  Dkt. 1234 at 2-3.  The government's opposition to Defendants' motion to dismiss did not parse the issue this finely—instead, the government broadly asserted that Defendants had publicly disclosed "their defense theories regarding Backpage's operations, including reliance on the First Amendment, the CDA, and not possessing criminal intent."  Dkt. 998 at 10.  In short, there is no legal support for the government's apparent argument that Ferrer's oral disclosures of the substance of legal memoranda were not privileged, but the underlying memoranda themselves are (indeed, the government ignores this self-serving distinction in asking the Court to bar Defendants from even soliciting testimony regarding "statements" made by attorneys).  *See* Dkt. 1234 at 4; Dkt. 998 at 1 (confusingly claiming that Ferrer's communications with attorneys that were disclosed to the government did not implicate the privilege in the same way that "typical privileged material" like "memoranda" do).

Further, the government cannot fairly argue surprise, as the government previously recognized that this anticipated defense relied on "the same theories that Backpage previously disclosed in courts around the country" for years prior to this indictment.  Dkt. 998 at 1, 9 ("Indeed, from the earliest days of this case, Defendants have trumpeted their previous successes in defending their operation of Backpage based on the First Amendment, the CDA and *mens rea* in briefing before this Court.").  This is a defense the government has been well aware of for several years; and ***that is precisely why*** it repeatedly probed Ferrer regarding his conversations with attorneys, like Don Moon, Sam Fifer, and Steve Suskin.  The government now seeks to preclude the defense from telling the jury about the same subject matters that it openly discussed with Ferrer.[3]

---

[3]   Additionally, evidence of attorney communications with Defendants that would cause

1     Importantly, the other part of Defendants' anticipated good faith defense that the

2   government does not address is Defendants' reliance on, among other things, prior orders

3   and judgments of other Courts endorsing the view that Backpage's activities were

4   protected by the First Amendment and commendations from law enforcement officers

5   praising Backpage's cooperation.  Such evidence is classic "good faith" evidence that

6   negates the government's assertions that Defendants specifically intended to facilitate

7   business enterprises involved in prostitution offenses in violation of state laws.  This

8   evidence also rebuts the government's anticipated evidence of statements from third

9   parties regarding their ███████████████████████████████ that the

10  Court has preliminarily admitted.  Dkt. 1212 at 10.  This aspect of Defendants' anticipated

11  good faith defense is unaffected by the government's motion.

12  **B.    Defendants Need Not Satisfy the Requirements for a Good Faith**

13  **Reliance on Advice of Counsel Defense Before Trial.**

14     In support of the government's argument that Defendants must, before trial begins,

15  waive a privilege that the government and the Court agree do not exist, the government

16  instead cites cases that stand for the uncontroversial proposition that an advice of counsel

17  defense requires the defendant to show that he "made a full disclosure of all relevant and

18  material facts to his attorney."  Dkt. 1234 at 3.  But that is an issue for trial.  And it is only

19  an issue *if* Defendants seek to use privileged communications to support a good faith

20  defense (a privilege that the government asserted, and the Court ruled, does not apply to

21  the subject matters of the communications Defendants seek to introduce).  In that instance,

22

23  them to reasonably believe they were acting lawfully is directly relevant to rebut the
    government's intended evidence of third-party "notice" that Backpage was facilitating
24  prostitution and should be shut down, which the Court's recent August 11, 2021 Order
    indicated could be admitted.  Defendants believe this ruling was wrong, as the government
25  cannot prove specific intent through generalized "notice" but must prove the requisite
    specific intent by competent evidence relating to each count/advertisement charged in the
26  indictment.  Any ruling giving the government "the sword" of that Order by allowing it to
    put in general intent evidence, while also giving the government "the shield" of an order
27  precluding Defendants from introducing evidence that lawyers told them their activities
    were legal, would allow a false narrative to be presented to the jury and would deprive
28  Defendants of a fair trial.

3744366.1

DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF
COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS

the government will be free to cross-examine any attorneys Defendants call as witnesses in connection with such a defense to test whether the attorneys were provided a full disclosure of the relevant facts.  Then, at the close of the case, the Court can determine whether the predicate facts for a jury instruction regarding an advice of counsel defense have been established.  As noted above, good faith reliance on advice of counsel (and good faith generally) is not an affirmative defense that Defendants are required to disclose, or establish an entitlement to, pre-trial.

### C.     In the Alternative, the Court Should Dismiss the Indictment.

In light of the government's admission that topics such as Backpage's liability for third-party content, whether Backpage's publishing of third-party ads is protected speech, and the applicability of the First Amendment to criminal liability are, "on their face," privileged subject matters, the Court should grant Defendants' Motion to Dismiss. Dkt. 942.  Indeed, it is hard to understand how the government, in a *four-page* filing, can ask the Court with a straight-face to find that a privilege exists, with respect to legal memoranda it did not even provide to the Court, when it previously took the position (and the Court agreed) that Defendants, despite identifying *nineteen specific examples of privilege invasions*, somehow did not go far enough in identifying the particulars of those invasions to establish the existence of a privilege.  If it is *now* the government's position that broad-brush language like "Section 230 Immunizes Interactive Computer Service Providers from Liability for Third Party Content" or "Backpage.com is Engaged in Protected Speech" ***alone*** establish the existence of a privilege (Dkt. 1234 at 2, n.1), then the government's admitted discussions with Ferrer regarding these very same topics plainly breached the privilege.  Dkt. 1000 at 4-8.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court deny the government's motion, or, in the alternative, grant Defendant's Motion to Dismiss Based on Outrageous Government Misconduct Invading Attorney-Client Privilege (Dkt. 942).

1    *Pursuant to the District's Electronic Case Filing Administrative Policies and*

2    *Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all*

3    *other signatories listed, and on whose behalf this filing is submitted, concur in the filing's*

4    *content and have authorized its filing.*

5

6    DATED:  August 26, 2021          Respectfully submitted,

7                                     Gary S. Lincenberg
8                                     Ariel A. Neuman
                                      Gopi K. Panchapakesan
9                                     Bird, Marella, Boxer, Wolpert, Nessim,
                                      Drooks, Lincenberg & Rhow, P.C.
10

11                                    By:  _____*/s/ Gary S. Lincenberg*_____
                                             Gary S. Lincenberg
12                                      Attorneys for Defendant John Brunst

13

14   DATED:  August 26, 2021          Thomas H. Bienert Jr.
                                      Whitney Z. Bernstein
15                                    Bienert Katzman Littrell Williams LLP

16
                                      By:  _____*/s/ Thomas H. Bienert, Jr.*_____
17                                           Thomas H. Bienert Jr.
                                        Attorneys for Defendant James Larkin
18

19
     DATED:  August 26, 2021          Paul J. Cambria
20                                    Erin McCampbell
                                      Lipsitz Green Scime Cambria LLP
21

22                                    By:  _____*/s/ Paul J. Cambria*_____
                                             Paul J. Cambria
23                                      Attorneys for Defendant Michael Lacey

24

25   DATED:  August 26, 2021          Feder Law Office, P.A.

26                                    By:  _____*/s/ Bruce S. Feder*_____
                                             Bruce S. Feder
27                                      Attorney for Defendant Scott Spear

28
     3744366.1                                12
     DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF
     COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS

1

2    DATED:  August 26, 2021          The Law Office of David Eisenberg, PLC

3                                     By:   _____*/s/ David Eisenberg*_____
                                             David Eisenberg
4                                     Attorney for Defendant Andrew Padilla

5

6    DATED:  August 26, 2021          Joy Bertrand Esq. LLC

7                                     By:   _____*/s/ Joy Malby Bertrand*_____
                                             Joy Malby Bertrand
8                                     Attorney for Defendant Joye Vaught

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3744366.1

13

DEFENDANTS' JOINT (1) RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE ADVICE OF
COUNSEL DEFENSE AND (2) RENEWED MOTION TO DISMISS