GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' OBJECTIONS TO DEFENDANTS' PROPOSED PRELIMINARY JURY INSTRUCTION(S) (Doc. 1236)** |

　　　　The United States objects to Defendants' Proposed Preliminary Jury Instruction(s) (Doc. 1236) for the following reasons[1]:

---

[1] The United States incorporates by this reference its further arguments in response to Defendants' proposed non-model jury instructions, set forth in Doc. 1216-3 at 157-202.

- 1 -

1. Defendants cite no case requiring a *preliminary* jury instruction on any defense theory invoking the First Amendment, and the United States has located none. As then-Judge Anthony Kennedy wrote for the Ninth Circuit in *United States v. Freeman*, 761 F.2d 549, 552, 552 (9th Cir. 1985), "[a] defendant does not have a First Amendment defense simply for the asking." Rather, where the trial evidence "disclose[s] no grounds for a legitimate free speech defense," there is no requirement to instruct on that defense. *Id*. at 551. The Second Circuit likewise recognizes that where the trial evidence shows the First Amendment does not protect the defendants' statements, no First Amendment jury instructions need be given. *United States v. Rowlee*, 899 F.2d 1275, 1280 (2d Cir. 1990). In *Rowlee*, the court wrote that if the government met its burden of proving that the defendants engaged in the charged offenses (counseling or assisting in filing false tax returns), then no First Amendment protection applied—and no corresponding instruction was required. *Id*. Conversely, if the government did not meet its burden, then the defendants would be acquitted regardless of any First Amendment defense:

> If the defendants did not violate [26 U.S.C. §] 7206(2), the restrictions imposed by that statute did not violate their First Amendment rights. If they did violate section 7206(2), they were not protected by the First Amendment. Insofar as Rowlee commented generally on the tax laws during his seminars without aiding, assisting, procuring, counseling or advising the preparation or presentation of the alleged false or fraudulent tax documents, he did not violate section 7206(2). Accordingly, as to those comments, the question of First Amendment protection was redundant and irrelevant. . . . The district court's charge on this point simply complicated the case by requiring the jury to consider a duplicative and unnecessary issue and would better have been omitted.

*Id*. So too, here: Defendants are charged with conspiracy, Travel Act and money laundering crimes. If the United States proves Defendants' guilt at trial beyond a reasonable doubt, the First Amendment will be beside the point, because the evidence will have established that Defendants intentionally facilitated business enterprises involving prostitution offenses, and engaged in an intricate web of money laundering—conduct far afield from any First Amendment protection.

In *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010), the Seventh Circuit similarly recognized that a district court generally should await the development of a full

trial record before deciding whether to instruct the jury on First Amendment defenses. The court reversed the dismissal of an indictment for soliciting a crime of violence in violation of 18 U.S.C. § 373. The district court had held that the solicitation—which consisted of an internet posting—was speech protected by the First Amendment. 610 F.3d at 959. As the Seventh Circuit held, "this potential First Amendment concern is addressed by the requirement of proof beyond a reasonable doubt at trial, not by a dismissal at the indictment stage." *Id*. This was particularly true in speech-related cases that (like the instant case) involve proof of intent: if a defendant's intent is to engage in abstract advocacy, for example, then he would not have the requisite intent for the charged crime. *Id*. at 961.

The Seventh Circuit then wrote:

> White's argument boils down to this: his posting was not a solicitation and because it is not a solicitation, it is speech deserving of First Amendment protection. The government sees the posting in the opposite light: the posting and website constitute a solicitation and as such, fall outside the parameters of First Amendment protection. This dispute turns out not to be an argument about the validity of the indictment in light of the First Amendment, but is instead *a dispute over the meaning and inferences that can be drawn from the facts*. . . . The existence of strongly corroborating circumstances evincing White's intent is a jury question.

*Id.* at 962 (emphasis added). The court went on to explain that the defendant's First Amendment theory may be considered "[b]ased on a full factual record":

> [T]he First Amendment may still have a role to play at trial. Based on the full factual record, the court may decide to instruct the jury on the distinction between solicitation and advocacy, and the legal requirements imposed by the First Amendment. . . . After the prosecution presents its case, the court may decide that a reasonable juror could not conclude that White's intent was for harm to befall Juror A, and not merely electronic or verbal harassment. But, this is not a question to be decided now. We have no idea what evidence or testimony will be produced at trial.

*Id.*

The bottom line, from all of these cases, is that the proper time to consider whether and to what extent any First Amendment instructions should be given is at the close of the evidence. The United States cited *Freeman*, *Rowlee* and *White* in its prior briefing (*see* Doc. 1216-3 at 164), and discussed them during the August 20, 2021 oral argument on jury

instructions. Despite having submitted two court filings in response to the United States' proposed instructions (Docs. 1222-2 and 1236), and having argued the issue at length, Defendants have still not come to terms with *Freeman*, *Rowlee* and *White*. Defendants' requested preliminary instruction(s) should be denied for this reason alone.

      2.    Defendants' Proposed Preliminary Instruction No. 1 is unnecessary, confusing, and misleading, and it does not fit the facts of this case. The speech at issue in this case is commercial speech (*i.e.*, advertising), which—as the Supreme Court recognized in caselaw decided *after* the Ninth Circuit's decision in *Bursey v. United States*, 446 F.2d 1059, 1082 (9th Cir. 1972) (Doc. 1236 at 3)—is subject to lower degree of protection than other forms of speech. *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Commn. of New York*, 447 U.S. 557, 563-64 (1980); *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 818 (9th Cir. 2013). Indeed, such speech "must concern lawful activity" to merit any First Amendment protection at all. *Erotic Service Provider Legal Ed. and Research Project v. Gascon*, 880 F.3d 450, *amended*, 881 F.3d 792, 792 (9th Cir. 2018) ("[f]or commercial speech to receive First Amendment protection[,] the speech must concern lawful activity"); *see also Whiting*, 709 F.3d at 820-21 ("if the communication is neither misleading nor related to unlawful activity, then it merits First Amendment scrutiny as a threshold matter") (quotation and citation omitted).

      Moreover, prostitution advertising and soliciting are categorically excluded from First Amendment protection. *See* Doc. 793 at 14; *Central Hudson*, 447 U.S. at 563-64 ("commercial speech related to illegal activity" is not protected by the First Amendment); *United States v. Williams*, 553 U.S. 285, 297 (2008) ("Offers to engage in illegal transactions are categorically excluded from First Amendment protection."); *Pittsburgh Press Co. v. Human Relations Comm'n*, 413 U.S. 376, 388 (1973) ("a newspaper constitutionally could be forbidden to publish a want ad proposing a sale of narcotics or soliciting prostitutes"); *Erotic Service Provider*, 880 F.3d at 459-60 (rejecting First Amendment challenge to ordinance outlawing prostitution solicitations); *Coyote Pub., Inc. v. Miller*, 598 F.3d 592, 600-04 (9th Cir. 2010) (explaining that prostitution is illegal nearly

everywhere in the United States, and upholding Nevada ban on prostitution advertising).

Defendants' proposed instruction that "[t]he speech at issue in this case—advertisements—are legally protected speech under the First Amendment" gives the fundamentally misleading impression that Backpage's ads were perfectly legal. (Doc. 1236 at 3, Defendants' Proposed Preliminary Instruction No. 1.) Particularly when viewed through the prism of the Superseding Indictment (*see* Doc. 793), the speech at issue here did *not* consist of "advertisements [that] are legally protected under the First Amendment." This part of the proposed instruction should not be read to the jury, and given the Court's imprimatur, at either the start or the end of trial.

At bottom, and as in *Freeman*, *Rowlee* and *White*, whether the speech in this case is subject to any First Amendment protection is dependent on the trial evidence. The Ninth, Second and Seventh Circuits all recognize that the appropriate time to assess whether any jury instructions are warranted based on these fact-specific defenses is at the close of the evidence. This approach avoids any risk of confusion that might otherwise occur if a First Amendment instruction is provided with the preliminary instructions, but is no longer warranted at the end of the case. The requested preliminary instructions should not be given now.

3. Defendants' Proposed Preliminary Instruction No. 2 is substantively identical to Defendants' Proposed [Non-Model] Instruction regarding Examples of Legal "Adult" Services. The United States incorporates by this reference its objections to that instruction set forth in Doc. 1216-3 at 172-176.

4. Defendants' suggestion that *Pittsburg Press* involves only advertisements that "on their face" propose illegal transactions isn't even supported by *Pittsburg Press*. (*Cf.* Doc. 1222-2 at 5-10.) As the United States has explained elsewhere, *Pittsburg Press* recognizes that context matters as much as content. (*See* Doc. 1216-3 at 185-187.) None of the Ninth Circuit cases Defendants cite are to the contrary. For example, in *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1123 (9th Cir. 2020), the court distinguished *Pittsburg Press* from situations involving the publication of truthful, fact-based information that was

lawfully obtained. The court said nothing about whether the legality of a proposed transaction (and hence whether the ad proposing that transaction merits First Amendment protection) must be determined solely from language expressly set forth in the ad. *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 822-23 (9th Cir. 2013), likewise contains nothing that might limit Defendants' liability here. (*See* Doc. 1216-3 at 186-87.) In *Metro Lights, L.L.C. v. City of Los Angeles*, 551 F.3d 898, 904 (9th Cir. 2009), the parties never disputed whether advertising in that case warranted First Amendment protection. The footnote Defendants cite from that case merely states that "in the context of advertising, one must ask whether the goods or services the party advertises are illegal." *Id*. at 904 n.7. This language does not "narrowly construe" *Pittsburg Press* in any way. (Doc. 1222-2 at 7.)

Defendants' proposed preliminary instructions should be not be given.

Respectfully submitted this 26th day of August, 2021.

> GLENN B. McCORMICK
> Acting United States Attorney
> District of Arizona
>
> *s/ Peter S. Kozinets*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys
>
> DAN G. BOYLE
> Special Assistant U.S. Attorney
>
> KENNETH POLITE
> Assistant Attorney General
> U.S. Department of Justice
> Criminal Division, U.S. Department of Justice
>
> REGINALD E. JONES
> Senior Trial Attorney
> U.S. Department of Justice, Criminal Division
> Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office