# Exhibit

# A

PICCARRETA DAVIS KEENAN FIDEL PC
LAWYERS

MICHAEL L. PICCARRETA
JEFFERSON KEENAN
LOUIS S. FIDEL

BARRY M. DAVIS
(1948-2016)

2 EAST CONGRESS STREET, SUITE 1000
TUCSON, ARIZONA 85701
(520) 622-6900
FAX (520) 622-0521
WWW.PD-LAW.COM

March 25, 2019

**VIA EMAIL: andrew.stone@usdoj.gov**

Andrew Stone, Esq.
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Ste. 1200
Phoenix, AZ  85004-4408

    Re:   United States v. Lacey, *et al.*, No. CR-18-00422-PHX-SPL (BSB)

Dear Andy:

    Thanks for your response regarding defendants' concerns about potentially privileged materials. The government indicated search terms for how it is segregating materials for taint team review, and we have examined exhibit H to the government's reply on its motion to restore privilege issues (doc. 269-8). In some respects, the list appears to omit some attorneys and law firms that have performed work covered by the privilege. Enclosed is a more comprehensive list. All communications involving or mentioning these individuals should be segregated as likely privileged (including, of course, all variations on the respective names). Additionally, this list should be used in addition to the government's prior list (doc. 269-8) for all review by your taint team whether done before or still to be done if and when you resume this process.

    Defendants' other requests remain outstanding (e.g., identification of individuals assigned to the taint team when it resumes review; production to defendants of documents the taint team proposed to disclose, see Doc. 452, and we reserve all rights as to the review process as a whole.

    We have attached is what we believe is the list of counsel that should be screened as privileged and thus segregated from review by the government in its

PICCARRETA DAVIS KEENAN FIDEL PC

review of electronic and/or paper documents. We've created this list separately from the list the government created last summer. The government had some lawyers on their list that are not on the attached list but that does not mean they should not be included in the filtering process. We have provided data from which the government can create appropriate searches – we've not attempted to create the searches themselves (your list had both names and search terms). In Reggie's recent letter, he indicated the court has approved the government's filtering process but did not note that there is pending motion before the court to clarify this process (docs. 452 and 462) that has yet to be ruled on. I think it would be prudent to wait for a court ruling to avoid future legal issues. Best wishes.

Sincerely,

Michael L. Piccarreta

MLP:bp