GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SMB |
| Plaintiff, | |
| v. | **UNITED STATES' SUPPLEMENTAL TRIAL MEMORANDUM REGARDING CRIMINAL FORFEITURE** |
| Michael Lacey, et al., | |
| Defendants. | |

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In addition to setting forth criminal charges, the First Superseding Indictment ("FSI") in this action contains a number of criminal forfeiture allegations. This supplemental memorandum sets forth the procedures that would apply at the criminal forfeiture phase of trial, in the event that any of the defendants are found guilty of one or more associated counts. Pursuant to these procedures, the Court or jury would then determine whether such a defendant's interest in the associated property identified in the forfeiture allegations of the FSI, as well as any related Bill of Particulars,[1] should be forfeited. As of the date of this filing, Defendants have not indicated whether they intend to retain the jury for forfeiture following any conviction on the offenses in the FSI.

### FORFEITURE PROCEDURES

**A.     Overview of Criminal Forfeiture**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing, and is not an element of the underlying substantive offense. *See Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Feldman*, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations"). Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct. *See Kaley v. United States*, 571 U.S. 320, 323 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, and support law

---

[1] This includes any Trial Bill of Particulars conformed to the counts of conviction ("TBOP"). Because the specific counts of any conviction have the potential to substantially alter the scope of property to be forfeited, the government anticipates filing a TBOP following any conviction in order to clarify the specific property alleged to be subject to forfeiture based on the counts of conviction.

enforcement activities such as police training).

In addition, through the remission and restoration processes, criminal forfeiture aids in providing justice to victims, by permitting the government to use forfeited criminal assets to satisfy orders of restitution. *See United States v. Carter*, 742 F.3d 440, 446 (9th Cir. 2014) ("[T]he Government may choose to assign forfeited proceeds to victims"); 18 U.S.C. § 981(e)(6) (Government may transfer forfeited property "as restoration to any victim of the offense giving rise to the forfeiture"); 21 U.S.C. § 853(i)(1) (Government may "restore forfeited property to victims").

Criminal forfeiture is *in personam*, in that it may be imposed only after a criminal conviction and applies only to the property belonging to the convicted defendant. *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007); *United States v. Louthian*, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" -- the former is an *in personam* action that requires a conviction, and the latter is an *in rem* action against the property itself); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture). Finally, the extent of criminal forfeiture is determined by the underlying count of conviction, in that the forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted. *See United States v. Messino*, 382 F.3d 704, 714 (7th Cir. 2004).

**B.     The Property Sought for Forfeiture**

In the event of any defendant's conviction on an associated count in the FSI, the government intends to seek forfeiture of the property set forth in the FSI and related Bills of Particulars (including as may be further identified in a TBOP following any conviction). In addition, the government separately may seek an order of restitution and/or a money judgment of forfeiture, in amounts to be determined following trial, neither of which are questions for the jury and both of which the Court may address at or prior to sentencing. *See* 18 U.S.C. §§ 3663, 3663A (Court determines restitution order amount as part of sentencing); *see also United States v. Lo*, 839 F.3d 777, 795 (9th Cir. 2016) ("Federal Rule

of Criminal Procedure 32.2 does not require a jury determination for forfeiture in the form of a personal money judgment.").

**C.**     **Relevant Statutes Permitting Criminal Forfeiture**

*Forfeiture Authority Based on Travel Act Offenses – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)*

Section 981(a)(1)(C) of Title 18 of the United States Code and section 2461(c) of Title 28 of the United States Code authorize the criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as the result of certain violations, including violations of the provisions of the Travel Act, codified in 18 U.S.C. §§ 1952.

*Forfeiture Authority Based on Money Laundering Offenses – 18 U.S.C. § 982(a)(1)*

Section 982(a)(1) of Title 18 of the United States Code authorizes the criminal forfeiture of any property, real or personal, that was involved in a violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property.

**D.**     **Criminal Forfeiture Procedures**

*Forfeitability of Property Sought for Forfeiture*

The government is required to provide notice of its intent to seek forfeiture in the indictment or information. *See* Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek forfeiture of property as part of any sentence in accordance with the applicable statute.").  The FSI, as well as the previously-filed First and Second Bills of Particulars (Docs. 281, 820), have provided such notice, and this notice may be supplemented with a TBOP, as necessary following any conviction.

Following conviction, forfeitability of property sought for forfeiture is determined either by the Court or the jury,[2] depending on the election of either party.  Rule 32.2(b)(1)

---

[2] The right of either party to retain the jury to determine the forfeitability of real or personal property sought for forfeiture is set out at Rule 32.2(b)(5)(A)("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party

provides:

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

The jury or Court's forfeiture determination may be based upon evidence already in the record, and on any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. *See* Fed. R. Crim. P. 32(b)(1)(B); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase). To the extent that the government offers new evidence during the forfeiture phase, reliable and relevant hearsay evidence is admissible, as the forfeiture phase of the trial is merely a part of the sentencing process. *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); *Capoccia*, 503 F.3d at 109 (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); *United States v. Creighton*, 52 Fed. Appx. 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase).

---

requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.").

In the event that either party "timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."  Fed. R. Crim. P. 32(b)(5)(B).[3]

As of the date of this filing, Defendants have not indicated whether they intend to retain the jury in the event of any of their conviction on the offenses set forth in the FSI.

*Procedural Rules for the Forfeiture Phase and Entry*

*of a Preliminary Order of Forfeiture*

As indicated above, Rule 32.2(a) requires that the determination of what property is subject to forfeiture under the applicable statute be determined "as soon as practicable after a finding of guilty."

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence.  *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

At the forfeiture stage, a defendant is not permitted to relitigate the legality of his or her conduct or otherwise attempt to undermine the jury's finding of guilt. *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase the only question is the nexus between the conduct and the offense). The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the

---

[3] Because the scope of any special verdict form will be determined largely by the counts of conviction, the government intends to submit a proposed special verdict form and jury instructions following a jury verdict in the guilt phase.

forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus[4] between the underlying crime(s) of conviction and the property sought to be forfeited by the government.[5]

If the jury finds that there is such a nexus, the Court must promptly enter a preliminary order of forfeiture (the "preliminary order"). *See* Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *id.* ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination as to the ownership of the property subject to forfeiture.  That

---

[4] This nexus is defined by statute for each offense for which forfeiture is authorized. *See e.g., Capoccia*, 503 F.3d at 115 ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'"). Other circuits define this nexus as a connection between the property and the offense "more than incidental," but "need not be substantial." *See* Seventh Circuit Model Instruction, "Nexus Instruction," *available at* http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_criminal_jury_instr.pdf, at p. 264

[5] "[F]or example, if the Government is seeking to forfeit the vessel that the defendant used to smuggle drugs, either party may request that the jury be retained to determine whether the Government has established the factual nexus between the vessel and the particular offense on which the defendant was found guilty. In other words, the jury would have to determine whether the vessel was 'used to commit or to facilitate the commission" of the defendant's offense.'" Stefan Cassela, *Asset Forfeiture Law in the United States*, § 18-4(a).

determination is deferred to the ancillary proceedings that follow the entry of the preliminary order, in which any third-party interests in the property are considered and resolved.  *See* Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be -- in the criminal case.  At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property.  This proceeding does not involve re-litigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them").

Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. *United States v. Schlesinger*, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited).

//

//

//

//

- 8 -

## CONCLUSION

The government requests that the Court follow the above procedures in the event that any Defendant is found guilty of one or more offenses alleged in the FSI.  Should any defendant be so convicted and either party requests to retain the jury to determine forfeiture, the government will submit proposed jury instructions and a special verdict form.

Respectfully submitted this 1st day of September, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

 *s/Dan G. Boyle*
DAN G. BOYLE
Special Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office

- 9 -