Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
tbienert@bklwlaw.com
wbernstein@bklwlaw.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                    Defendants. | Case No. 2:18-cr-00422-PHX-SMB<br><br>**MOTION TO COMPEL GOVERNMENT TO COMPLY WITH ITS** *BRADY* **AND** *GIGLIO* **OBLIGATIONS** |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

The Department of Justice ("DOJ") previously conducted a grand jury investigation in or around 2012 into Backpage in the Western District of Washington ("WDWA"). It is undersigned counsel's understanding that *DOJ concluded that there was no evidence of criminality*. These facts supporting these findings are contained in two memos drafted by DOJ attorneys[1] after subpoenaing documents, interviewing and deposing witnesses, and convening a grand jury.

Defendants have long sought the information from this investigation. In the summer of 2018, the government initially disclosed its memos finding no evidence of criminality, but clawed these documents back about three weeks later. Litigation followed, and Judge Logan concluded that various documents including two memos were protected work product. Dkt. 449-1 at 4 ("Accordingly, the Court finds that the information contained in the Disclosed Memos does not rise to the level of *Brady* or *Giglio* material that would supersede any claim of attorney work product privilege in this case.").

The case has evolved significantly in the past 32 months since Judge Logan issued his ruling. Critically, as the government's opening (Dkt. 1272-1) and opposition to the motion for acquittal, or, in the alternative, mistrial (Dkt. 1275) make clear, the government's case centers around its beliefs that (1) one can conclude that an adult ad is for prostitution just by looking at it, (2) the majority of the ads on Backpage.com were for prostitution, on their face, and (3) Backpage (and apparently its former executives and employees through a vicarious liability theory, despite these crimes requiring specific intent) engaged in criminality and had the specific intent to promote the prostitution activities of a business enterprise through the website's (i) "content aggregation," (ii) "reciprocal link agreement with The Erotic Review," (iii) "relationship with super affiliates," and (iv) "moderation practices." Dkt. 1275 at 5. As is also clear at this point, significant defenses in this case center around the fact that (1) the ads are facially legal and presumptively protected by Section 230 and the First Amendment and (2) the government cannot prove any Defendants' specific intent to aid a business enterprise's prostitution activities.

Defendants bring this motion to compel the government to produce *all materials from*

---

[1] Earlier today, undersigned counsel suggested that she understood that the author of the memos was a special agent. This is not correct. Undersigned counsel apologizes for this misstatement.

*its WDWA investigation that were relied upon when its attorneys concluded that there was no evidence of criminality*.  Defendants also ask this Court to review the memos *in camera* to determine whether any of the information in the memos themselves could undermine in any way the positions that the government has currently taken.

## I. THE GOVERNMENT IS CONSTITUTIONALLY REQUIRED TO PRODUCE *BRADY/GIGLIO* INFORMATION.

Under *Brady*, *Giglio*, and their progeny, as a matter of constitutional due process defense counsel are entitled to all evidence that "is favorable to the accused" or may be "material either to guilt or punishment," including "impeachment evidence." *United States v. Bagley*, 473 U.S. 667, 676 (1985).  The government's suppression of evidence by failing to comply with its *Brady* obligations violates the constitution "whether willful or inadvertent" and "irrespective of the good faith or bad faith of the prosecution." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009) (quoting, respectively, *Edwards v. Ayers*, 542 F.3d 759, 768 (9th Cir. 2008), and *Brady*, 373 U.S. at 87).  *Brady* and *Giglio* prevent the government from leaving the defense "empty handed at trial precisely because the government did not disclose … relevant information." *United States v. Sedaghaty*, 728 F.3d 885, 900 (9th Cir. 2013).

Information concerning factual or legal matters that contradict the prosecution's theory of the case are, by definition, *Brady* materials that must be disclosed. *See, e.g.*, *Bies v. Sheldon*, 775 F.3d 386, 398-403 (6th Cir. 2014) (upholding finding of a *Brady* violation because of suppression of "Evidence Undermining the State's Theory of the Case"); *Wolfe v. Clarke*, 819 F. Supp. 2d 538, 558 (E.D. Va. 2011) (vacating conviction after finding the prosecution violated *Brady* by withholding investigative reports and interviews "undermining its theory of the case"). Disclosure is required for all information likely to lead to evidence favorable to the defense. *Ellsworth v. Warden*, 333 F.3d 1 (1st Cir. 2003) (en banc).  Witness statements that contradict the government's d allegations are plainly *Brady* materials, and so too are prosecutors' writings recounting exculpatory evidence (or the lack of incriminating evidence) uncovered in an investigation.  *See United States v. Kohring*, 637 F.3d 895, 906-912 (9th Cir. 2011) (finding *Brady* violation for government's failure to disclose witness interviews and attorney memoranda and

notes about a bribery investigation, noting that although the prosecutor's opinions may have been protected work product, *Brady* compelled disclosure of exculpatory facts reflected in attorney writings); *see also United States v. Bundy*, 986 F.3d 1019, 1033 ("[T]he government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed ... as affecting the outcome of the trial. The question before trial is not whether the government thinks that disclosure of the information or evidence ... might change the outcome of the trial going forward, but whether the evidence is favorable and therefore must be disclosed." (citation omitted)); *id.* at 1040 ("Even assuming that the government could have understood the district court's motion-in-limine order to preclude the usefulness of evidence supporting an affirmative claim of self defense, the evidence was still quite obviously *Brady* material . . . Espousing the belief that evidence undercutting the government's central theory of mens rea was somehow irrelevant and not *Brady* material was preposterous and reckless.").

The government's disclosure obligation encompasses not only the information in the prosecutor's files, but all information held by investigators, other agents of the government, or other authorities with which the government has coordinated. *See Price*, 566 F.3d at 909. Indeed, "the prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf," as *Brady* would be undermined if the government could avoid its obligations by claiming that relevant information was in other agents' files. *See Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997) (en banc); *accord Price*, 566 F.3d at 909.

## II. DEFENSE COUNSEL HAS REPEATEDLY DEMANDED THE WDWA BRADY/GIGLIO MATERIALS.

### A. The government has produced only part of what Defendants believe exists.

In the past nearly four years of this prosecution, the government has disclosed precious little of the information obtained in the WDWA investigation. It has provided the testimony of six witnesses who appeared before the WDWA grand jury, five of whom were Backpage employees (Hammer, Kaiping, Wingfield, Ronan, Vaught). But the government conducted numerous interviews of Backpage personnel (including of at least moderators La Tamara Barlow, Justin Dew,

Brian Patenge, and Brian Alstadt) and others (including Charles Craig), yet has produced no summaries or notes or any other records of the evidence underlying the government's decision not to prosecute Backpage.com. After repeated demands, the government did disclose a page of an IRS agent's typed notes from 2013 related to Alstadt (USAO-BP-0015557), though it is unclear if this is the entirety of the DOJ's WDWA materials of his interview.

The few WDWA materials the government has disclosed are largely if not entirely exculpatory. For example, a central theme of the government's case here is that Backpage edited ads to remove terms "indicative of prostitution" and then ran the ads with an intent to promote or facilitate prostitution. The employees who testified in the WDWA explained that Backpage used a multi-tiered moderation system to *prevent* user ads that violated the website's terms of use, including any that offered sex for money. And contrary to the government's repeated accusations that Backpage routinely edited terms in ads, the employees testified that by mid-2012 Backpage forbade editing from then on and ads that contained disallowed terms were blocked or deleted entirely. Evidence that the government knew in 2012 that the allegations it now advances are wrong is plainly material and exculpatory. Evidence that the government pursued a prosecution after acknowledging that Backpage's actual conduct would not establish criminal knowledge or intent likewise is material and exculpatory. Defendants believe that other evidence the government obtained in the WDWA proceeding will further support the defense and contradict the government's charges.

**B.      Defendants have previously requested the rest of these materials.**

Defendants have repeatedly raised with the government its obligations to disclose materials under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972). *See* Doc. 273-2, at 4 (July 13, 2018 email from M. Piccarreta to DOJ). Defendants repeated this request in further entreaties to DOJ and in a motion asking the Court to compel the government to produce and identify *Brady/Giglio* materials. Doc. 273 (Motion for Itemization of *Brady/Giglio* Material). More to the point, Defendants have specifically requested all evidence from the WDWA investigation, noting that it is likely exculpatory. *See, e.g.*, Exhibit A (Oct. 26, 2018 letter from M. Piccarreta to K. Rapp); Exhibit B (May 9, 2019 letter from A. Neuman to K.

Rapp); Exhibit C (March 18, 2020 letter from B. Feder to government); Exhibit D (April 3, 2020 letter from B. Feder to government; Exhibit E (April 27, 2020 letter from B. Feder to government) (all filed under seal in an abundance of caution).

The trouble is that Defendants do not know and cannot know what the government has but is not disclosing. Defendants are aware of ***at least*** four Backpage moderators (La Tamara Barlow, Justin Dew, Brian Patenge, and Brian Alstadt) who were interviewed by the IRS (the same agency where Richard Robinson, the government's case agent who has been sitting at counsel table the entire week, works) as part of the DOJ's WDWA investigation. *See* Exhibit F, FBI SA Amy L. Fryberger's Affidavit in Support of Probable Cause at DOJ-BP0004895325-0004895369, produced to the defense on September 23, 2019, filed under seal in an abundance of caution. These four moderators have appeared on the government's witness lists at various points in time, and defense counsel accordingly demanded their *Jencks* materials. In response, the government has taken these moderators off its witness list. This may obviate the government's *Jencks* obligations as to these witnesses, but it does not change their *Brady* or *Giglio* obligations.

As the government's trial position seemed to be in direct contrast to its position in WDWA, defense counsel again demanded the exculpatory information from DOJ's WDWA investigation (*see* Exhibit G, July 22, 2021 letter from W. Bernstein to government), including an attorney opinion advising a potential buyer that there was no criminal or civil exposure should he decide to purchase Backpage.com (*see* Exhibit H, Aug. 18, 2021 email from W. Bernstein to government, filed under seal in an abundance of caution).

The ***government has refused to produce these materials under Brady or Giglio*** on the basis that the WDWA's "investigation lacked significant evidence that [the government] has since obtained clearly demonstrating Defendants' knowledge and intent to facilitate prostitution." *See* Exhibit I (Aug. 2, 2021 letter from R. Jones to W. Bernstein, filed under seal in an abundance of caution); Exhibit J (Aug. 23, 2021 email from K. Rapp to W. Bernstein, filed under seal in an abundance of caution). But Defendants believe that the requested information will in fact prove that the government did know much of what it now claims not to have known in 2012. The

government is wrong to withhold *Brady* and *Giglio* materials because it hopes to prove its current case at trial. This Court cannot countenance such violations.

### III. CONCLUSION

Defendants have provided ample grounds to demonstrate that DOJ's WDWA materials are subject to required disclosure under *Brady/Giglio*. *Cf. Price*, 566 F.3d at 910 (in asserting a *Brady* claim, the defendant "bears the initial burden of producing some evidence to support an inference that the government possessed or knew about material favorable to the defense and failed to disclose it," and thereafter "the burden shifts to the government to demonstrate that the prosecutor satisfied his duty to disclose all favorable evidence known to him or that he could have learned from others acting on the government's behalf" (internal quotations and citations omitted).

Defendants respectfully request that the Court compel the government to produce all materials from its WDWA investigation that were relied upon when its attorneys concluded that there was no evidence of criminality.

Additionally, since the Court now knows far more about the government's case and Defendant's defenses than Judge Logan did three years ago, Defendants also request that the Court review the DOJ's WDWA memos *in camera* to determine whether the factual assertions in the memos could undermine positions taken by the government in this trial and, if so, order all or appropriate portions of the memo disclosed.

RESPECTFULLY SUBMITTED this 8th day of September 2021,

        BIENERT KATZMAN LITTRELL WILLIAMS LLP
        *s/ Whitney Z. Bernstein*
        Thomas H. Bienert, Jr.
        Whitney Z. Bernstein
        Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II(C)(3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
*s/ Gary S. Lincenberg*
Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Attorneys for John Brunst

FEDER LAW OFFICE PA
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DAVID EISENBERG PLC
*s/ David Eisenberg*
David Eisenberg
Attorneys for Andrew Padilla

JOY BERTRAND ESQ LLC
*s/ Joy Bertrand*
Joy Bertrand
Attorneys for Joye Vaught

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas