# Exhibit G

**Bienert Katzman Littrell Williams** LLP

July 22, 2021

<u>Via E-Mail</u>
AUSAs Rapp, Stone, Jones, Kozinets, Perlmeter, & Boyle
Kevin.Rapp@usdoj.gov, Andrew.Stone@usdoj.gov,
Reginald.Jones4@usdoj.gov, Peter.Kozinets@usdoj.gov,
Margaret.Perlmeter@usdoj.gov, & Daniel.Boyle2@usdoj.gov

      RE: *United States v. Michael Lacey, et al.*, 18-CR-00422-PHX-SMB

Dear Counsel:

      In approximately 2012-2013, the Federal Bureau of Investigation, the IRS Criminal Investigation Division, and perhaps other federal agencies conducted an extensive investigation of Backpage in connection with grand jury proceedings in the Western District of Washington.

      The defense believes the government's 2012-2013 investigation of Backpage revealed significant exculpatory information, including but not limited to the facts that:

- There is a wide range of lawful adult advertising and many Backpage adult ads encompassed lawful activities.

- Backpage cooperated extensively with law enforcement in their investigation and prosecution of users of its website who engaged in unlawful activities.

      The defense also believes the government's 2012-2013 investigation of Backpage found:

- No evidence that Backpage intended to promote prostitution or allowed ads to run on its website after learning they related to prostitution.

- No evidence that Backpage knowingly accepted adult prostitution ads or allowed adult ads relating to juveniles to remain on its website after learning the ads related to juveniles.

- No evidence of any intent to violate the law or of guilt.

      All of the foregoing undermine the government's theories in this case, are exculpatory or impeaching, and constitute *Brady* material. *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020). The government has been on notice since 2018 that the defense considers the facts revealed by the government's 2012-2013 investigation of Backpage to constitute *Brady* materials, yet the government has produced to the defense only a handful of documents from its 2012-2013 investigation (only the transcripts of the testimony of several people before the grand jury). The government's disclosures to date from the 2012-2013 investigation of Backpage appear to be but a drop in the bucket of the factual materials that would have been developed in the course of that investigation.



The facts revealed in the government's 2012-2013 investigation of Backpage are plainly relevant to the instant prosecution. The prosecution team here is deemed to have knowledge of everything learned by the FBI and IRS-CID (both of which were involved in both the government's 2012-2013 investigation in Washington and its more recent investigation in Arizona). *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant."). Moreover, the government plainly has knowledge of and access to the materials from the government's 2012-2013 investigation of Backpage, as it has actual possession of such materials. And even if it does not already have physical possession of all those materials, the prosecution team has an affirmative obligation to determine what was learned in the government's 2012-2013 investigation of Backpage. *United States v. Bruce*, 984 F.3d 884, 895 (9th Cir. 2021) ("The obligations imposed by Brady are not limited to evidence prosecutors are aware of, or have in their possession. Rather, individual prosecutors have 'the duty to learn of any favorable evidence known to others acting on the government's behalf' as part of their 'responsibility to gauge the likely net effect of all such evidence to the case at hand.'").

No later than August 1, 2021, please produce all materials from the government's 2012-2013 investigation of Backpage that may be exculpatory as to any of the defendants or as to Backpage, or that may be impeaching as to any government witness, including, but not limited to, FBI and IRS reports relating to the investigation, memoranda of interviews (302s), grand jury testimony, and any documents provided by anyone the government interviewed. Moreover, to the extent not disclosed by the foregoing, please disclose by the same date the names and contact information of any persons who provided exculpatory or impeaching evidence to the government during its 2012-2013 investigation of Backpage. Additionally, please disclose by that date all *Jencks*/impeachment material for FBI Supervisory Special Agent Steven Vienneau, whom you have identified as a witness but for whom you have produced no *Jencks*/impeachment material.

Finally, we believe the facts of the government's 2012-2013 investigation of Backpage, the rulings of the District Court in the Western District of Washington, and the government's subsequent decision not to prosecute are themselves exculpatory, because, among other reasons, they negate specific intent and, therefore, are subject to *Brady*. As such, we request that the government promptly move to unseal all the grand jury materials, including court filings and testimony, relating to that investigation and promptly produce those to the defense.

Very truly yours,

Whitney Z. Bernstein

cc: Paul Cambria, Erin Paris, Thomas H. Bienert, Bruce Feder, Gary Lincenberg, Ariel Neuman, Gopi Panchapakesan, David Eisenberg, Joy Bertrand