Thomas H. Bienert, Jr. *(admitted pro hac vice)*
    tbienert@bklwlaw.com
Whitney Z. Bernstein *(admitted pro hac vice)*
    wbernstein@bklwlaw.com
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-SMB |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO UNITED STATES' MEMORANDUM RE RELEVANCE OF CERTAIN ASPECTS OF NACOLE SVENDGARD'S TESTIMONY** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | Assigned to Hon. Susan M. Brnovich
Courtroom 506 |
| | Trial Date: September 1, 2021 |

3747336.1

Paul J. Cambria, Jr. *(admitted pro hac vice)*
   pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
   emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
   bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
   david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
   joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

The Government intends to call witness Nacole Svendgard on September 10, 2021. On September 9, 2021, the Government filed a Memorandum claiming that five categories of testimony from Ms. Svendgard are relevant. (Dkt. 1285). As described by the Government, each of these five categories describe inadmissible testimony.

1. <u>Government Description</u>: *Recovering her daughter ("JS") after running away from home between June-September 2010 and her involvement (as JS's guardian) in the prosecution of JS's pimp, Baruti Hopson, and a "John" (Julian Tarver), which involved JS being posted on Backpage.com.*

<u>Defendants' Objection</u>: Evidence of a mother recovering her under-aged, runaway daughter is not relevant to a trial of whether these defendants specifically intended to facilitate business enterprises involved in prostitution. It is simply designed to garner sympathy for the plight of her daughter and others involved in trafficking. Nor is there any relevance to a mother's "involvement" in the prosecution of her pimp.

2. <u>Government Description</u>: *Meetings she had with various Washington State elected officials, including the Seattle Mayor and Washington State Attorney General, in support of two legislative bills that dealt with trafficking children on Backpage.*

<u>Defendants' Objection</u>: The proposed testimony regarding the Svendgards' effort to change the laws in the State of Washington is a misguided effort by the Government to further inject the irrelevant, highly prejudicial topic of child trafficking into this trial, here, in the form of policy debates and requests that Backpage shut down. This case is not about whether any defendant later learned that a prostitute had in the past run an advertisement on backpage.com. It is about whether any defendant knew that any of the 50 ads in the indictment were illegal before they were run, and willfully promoted the running of that ad.

3. <u>Government Description</u>: *Filing a civil lawsuit on behalf of JS against, among others, Backpage.com and JS's pimp Baruti Hopson. In connection with this lawsuit, Ms. Svendgard will testify about (a) asking the National Center for Missing and Exploited Children (NCMEC) to file an amicus brief on behalf of her case, and (b) having*

*her deposition taken by Backpage's attorneys in July 2017, after the Washington State Supreme Court issued a favorable ruling that permitted the case to move to the discovery phase.* (*J.S. v. Village Voice Media Holdings LLC, d/b/a Backpage.com and Baruti Hopson and New Times Media*, 184 Wash. 2d 95 (2015).)

Defendants' Objection: First, the *J.S.* opinion is irrelevant and admitting it would be confusing and unfairly prejudicial. In *J.S.*, Ms. Svendgard's daughter, Jessica Svendgard, sued Backpage and certain related entities claiming that Backpage helped develop the content of prostitution ads. The Washington court considered the issue on appeal from a denial of a motion to dismiss. Thus, the court considered the case "taking the complaint as true, as we must at this point." *Id.* at 98. The court held that even though the Communications Decency Act of 1996 (47 U.S.C. § 230) provides immunity to internet platform providers for hosting ads, the complaint alleged that Backpage created the ads: ***"Viewing J.S.' allegations in the light most favorable to J.S., as we must at this stage, J.S. alleged facts that, if proved true, would show that Backpage [developed content] . . . ."*** In other words, *J.S.* was a procedural decision; it was not a decision on the merits. *Id.* at 102. The case never resulted in a judgment.

To suggest that the mere filing by someone of a complaint puts a putative defendant on notice of illegality gives weight to unproven accusations that our entire history of jurisprudence goes to great lengths to counsel against. Indeed, Washington's pleading requirements are particularly lax. Under Washington law, ***a complaint may be dismissed for failure to state a claim "only if it appears beyond a reasonable doubt that no facts exist that would justify recovery."*** *Id.* at 716 (emphasis added, citation omitted). Washington courts may consider "hypothetical facts" that were not pled. Therefore, a complaint may not be dismissed "if any set of facts could exist that would justify recovery," whether such facts were pled in the complaint or not. *Hoffer v. State*, 110 Wash. 2d 415, 755 P.2d 781, 785 (1988). For this reason, Washington courts may grant motions to dismiss "only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *J.S.*, 359

P.3d at 716.

The Government has made it a habit in this case of suggesting that anytime someone complains that he or she does not like Backpage's position, it is relevant to putting Backpage "on notice." Indeed, the bulk of the government's evidence in this case is purported "notice" evidence. The suggestion is that someone cannot stand up for what is right if enough people say it's wrong. But bowing to the Government's penchant for repeat accusations in lieu of offering evidence of court decisions on the merits should not confuse the Court into giving weight to the mere accusations. By way of analogy, the Government is about to call to testify Special Agent Tera Mackey, a defendant in a $59 million civil rights complaint (*Olajide v. Brown*, et al., Case No. 2:17-cv-02168-TLN (ED Cal.)). Under the government's theory, the mere filing of a civil rights complaint would put Agent Mackey on notice that she is a civil rights abuser.[1]

In short, any reference to the *J.S.* opinion is irrelevant under Federal Rule of Evidence 401 because the lawsuit does not tend to make any fact more or less probable. And it is inadmissible under Rule 403 because there is a likelihood that the court opinion would mislead the jury into believing that there was a decision on the merits against Backpage and VVM. This would be unfairly prejudicial and clear error.

4. <u>Government Description</u>: *Participation in two widely distributed documentaries ("The Long Night" and "I am Jane Doe") about trafficking minors on Backpage. The United States believes the evidence will show that Defendants were aware and had notice of these two documentaries.*

<u>Defendants' Objection</u>: This proposed testimony is inadmissible under Rule 401. The documentaries also are inadmissible hearsay. The documentaries have nothing to do with defendants' alleged intent to facilitate business enterprises involved in prostitution through

---

[1] In effect, the Government is using "notice" evidence to establish *the truth* of third-party statements regarding the ills of Backpage.com. Indeed, the only proof of the Government's claims that Backpage was a "hub" for prostitution and that a "majority" of the ads on the site were for prostitution are these third-party statements.

running prostitution ads.  At most, the documentaries would demonstrate that, well after the running of certain ads, defendants learned that J.S. and/or her pimp placed a facially lawful ad which they then used to promote her prostitution.  But that proves nothing as to these defendants.

The documentaries are also inadmissible under Rule 403.  The documentaries are all about child trafficking, which has not been charged here and which creates an enormous risk of unfair prejudice.  The documentaries also give the gloss of star status to the Svendgards, leaving the suggestion they are widely recognized heroes for going after Backpage.

5.  <u>Government Description</u>: *Her testimony before the United States Senate on the same day that Defendants Larkin, Lacey, and Padilla appeared, along with the comment she believes Mr. Lacey directed at her.*

<u>Defendants' Objection</u>:  Defendants renew their objection to Nacole Svendgard's testimony about Mr. Lacey's supposed comment to her.  As to her testimony before the Senate, it is inadmissible hearsay and irrelevant to this case for the reasons set forth above.

The Government is attempting to use the Svendgards to inflame the jury's passions by creating a hero and infusing the aura of this case being of national significance—Senate testimony, movies, and the like.  And it is clear that the Government is attempting to get in much of the child trafficking testimony through the ruse of calling it "background" or "contextual" testimony.  It is a not-so-subtle tactic being used to pressure the jury: villainize the defendants in a way that tells the jurors that if they do not vote to convict, they will have wasted all of this public effort.  The Court has a duty to maintain this trial as a forum for deciding guilt or innocence of specified charges, untainted by the efforts to turn it into a theatre for expressing opposition to child trafficking.

For all these reasons, Ms. Svendgard's proffered testimony is inadmissible.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all*

*other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: September 9, 2021  Respectfully submitted,

Thomas H. Bienert Jr.
Whitney Z. Bernstein
Bienert Katzman Littrell Williams LLP

By:  */s/ Thomas H. Bienert, Jr.*
    Thomas H. Bienert Jr.
    Attorneys for Defendant James Larkin

DATED: September 9, 2021  Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:  */s/ Gary S. Lincenberg*
    Gary S. Lincenberg
    Attorneys for Defendant John Brunst

DATED: September 9, 2021  Paul J. Cambria
Erin McCampbell
Lipsitz Green Scime Cambria LLP

By:  */s/ Paul J. Cambria*
    Paul J. Cambria
    Attorneys for Defendant Michael Lacey

DATED: September 9, 2021  Feder Law Office, P.A.

By:  */s/ Bruce S. Feder*
    Bruce S. Feder
    Attorney for Defendant Scott Spear

3747336.1

1  DATED: September 9, 2021            The Law Office of David Eisenberg, PLC

                                       By:    */s/ David Eisenberg*
                                              David Eisenberg
                                              Attorney for Defendant Andrew Padilla

   DATED: September 9, 2021            Joy Bertrand Esq. LLC

                                       By:    */s/ Joy Malby Bertrand*
                                              Joy Malby Bertrand
                                              Attorney for Defendant Joye Vaught