GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SMB |
| Plaintiff, | |
| v. | **UNITED STATES' REPLY IN SUPPORT OF MOTION RE BANK RECORDS AND SUMMARY EXHIBITS** |
| Michael Lacey, et al., | |
| Defendants. | |

Defendants' response narrows the issues before the Court.  Defendants agree that the financial records and IRS income tax returns are admissible.  (Doc. 1264 ("Resp.") at 3.)  The only issues left for this Court to determine are the admissibility of (1) the nine revenue spreadsheets certified by Carl Ferrer, and (2) the admissibility of the nine proposed

- 1 -

1   summary exhibits.   Because the United States has made a prima facie showing of
2   authenticity for the nine revenue spreadsheets, those exhibits should be admitted.
3   Likewise, the summary exhibits should be admitted as summaries to prove content under
4   Rule 1006.

5   **I.      The Nine Revenue Spreadsheets Have Been Authenticated Through Carl**
6           **Ferrer's Declaration**

7           "The government need only make a prima facie showing of authenticity, as the rule
8   requires only that the court admit evidence if sufficient proof has been introduced so that a
9   reasonable juror could find in favor of authenticity or identification." *United States v.*
10  *Tank*, 200 F.3d 627, 630 (9th Cir. 2000).   "Once this prima facie showing is made the
11  document in question is admitted; however, the jury is then free to, after considering all
12  the evidence offered on the issue, either to rely on or disregard the document."   JUDGE
13  JAMES CISSELL, FEDERAL CRIMINAL TRIALS 432 (6th ed. 2003).   Carl Ferrer's 902(11)
14  declaration is a prima facie showing of the authenticity for these revenue spreadsheets.
15  (Doc. 1223-10.)

16          Defendants previously raised concerns about Carl Ferrer authenticating other
17  documents through a 902(11) certification.   (Doc. 1139 at 23.)   The Court noted
18  Defendants' objection, but found that "[a]s the former CEO of Backpage, Ferrer is clearly
19  qualified to certify screenshots of the Backpage website." (Doc. 1212 at 17-18.) The same
20  reasoning applies with equal force here.   Ferrer's 902(11) declaration (Doc. 1223-10)
21  authenticates nine revenue spreadsheets. He certifies that these spreadsheets were (a) made
22  at or near the time of the occurrence, condition or event of the matters set forth by, or from
23  information transmitted by, a person with knowledge of these matters, (b) kept in the course
24  of regularly conducted business activity, and (c) made as a part of the regular practice of
25  the business activity, by personnel of the business. (Doc. 1223-10.)   These records clearly
26  meet the prima facie showing of authenticity.   As Backpage's CEO, Ferrer would be in a
27  position to know if the business's revenue documents are authentic.   Defendants will have
28  an opportunity to cross examine Ferrer.  But, as a general matter, the opposing party doesn't

1    cross examine the witness before the Court determines the admissibility of an exhibit.  In

2    addition, any issues Defendants may have with the accuracy of these spreadsheets goes to

3    the weight of the evidence, not the admissibility.  *See United States v. Catabran*, 836 F.2d

4    453, 458 (9th Cir. 1988) ("Any question as to the accuracy of the printouts . . . would have

5    affected only the weight of the printouts, not their admissibility.")   These financial

6    spreadsheets are admissible.

7    **II.     The Summary Exhibits Should Be Admitted**

8        Likewise, the United States' proposed summary exhibits should be admitted.  These

9    exhibits aren't pedagogical devices, rather they help prove the content of voluminous

10   writings that cannot be conveniently examined in Court, *i.e.,* financial records.  Fed. R.

11   Evid. 1006.

12       As an initial matter, Defendants will have an opportunity to cross examine the

13   United States' summary witness, United States Postal Inspection Service Postal Inspector

14   Quoc Thai.  He's the witness who prepared these exhibits and will testify about all nine.

15   Again, Defendants won't have an opportunity to cross examine Inspector Thai until after

16   the Court has ruled on the admissibility of these summary exhibits.  If the Court waited to

17   admit these summary exhibits until after Defendants finished their cross examination, then

18   most of the prosecution's examination would occur in re-direct.  That's not tenable.

19       Defendants' few specific arguments for why these summary exhibits are

20   inadmissible lack merit.  First, they argue that summary exhibit A (Doc. 1223-1) can't be

21   admitted because the United States has "cherry-pick[ed] transactions."  (Resp. at 5.)  But,

22   again, that's an issue for the jury to resolve.  *United States v. Soulard*, 730 F.2d 1292, 1298

23   (9th Cir. 1984) ("[O]nce adequate foundational showings of authenticity and relevancy

24   have been made, the issue of completeness then bears on the Government's burden of proof

25   and is an issue for the jury to resolve.").

26       Defendants also complain that because the exhibit is presented as a "compilation of

27   flowcharts" it is a "pedagogical device" and not "literal translations of the underlying

28   documents."  (Resp. at 5.)  Not so.  *United States v. Possick*, 849 F.2d 332, 339 (8th Cir.

1  1988) (flow charts showing organization of alleged drug conspiracy properly admitted).  In

2  a recent Idaho district court case, defendants objected to the admission of a summary

3  exhibit because it used arrows to indicate the flow of money between defendants' business

4  entities.  *United States v. Babichenko*, 2021 WL 236459, at *3 (D. Idaho June 9, 2021).

5  They also objected that the arrows were argumentative and rendered the exhibits

6  pedagogical devices rather than summaries.  *Id.*  The trial court, however, disagreed and

7  found the arrows "a reasonable method of presenting the evidence."  *Id.*  The same logic

8  applies here.  Rather than show the jury the voluminous financial documents,[1] the United

9  States has compiled a flowchart to summarize the relevant financial transactions in a

10  digestible format.

11       Defendants also object to summary exhibit C (Doc. 1223-3) because it "purports to

12  paint a picture to the jury that Defendants continued to own Backpage after its sale in April

13  2015."  (Resp. at 5.)  First, the exhibit simply reflects the revenue for Website Tech and

14  Ad Tech BV from 2016-18.  And other summary exhibits demonstrate that Defendants

15  were still receiving Backpage funds in 2016.  (*See* Doc. 1223-7 (payments from Website

16  Tech to Cereus Properties in 2016); Doc. 1223-6 (payments from Cereus Properties to

17  Spear in 2016); Docs. 1223-8 & 1223-9 (payments from Cereus Properties to Lacey and

18  Larkin in 2016).)  Second, Defendant Larkin's opening statement discussed how Carl

19  Ferrer owed Defendants Lacey, Larkin, Brunst, and Spear $300 million as of April 2018

20  because of the 2015 sale.  Clearly, Backpage's revenue remained relevant for these four

21  Defendants post-2015.  Finally, any arguments about what these exhibits include or failed

22  to include, go to the weight rather than their admissibility.  *United States v. Rizk*, 660 F.3d

23  1125, 1131 n.2 (9th Cir. 2011) (any argument about what a summary chart did not include

24  goes to the weight rather than their admissibility); *see also United States v. Scholl*, 166

25  F.2d 964, 978 (9th Cir. 1999) ("Generally, objections that an exhibit may contain

26  inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the

27  evidence.").

28

[1] (*See* Doc. 1223-11) (production of over 165,000 financial records.)

- 4 -

1   The United States has complied with Rule 1006.  Defendants and the Court have

2   now had an opportunity to inspect the summary exhibits.  These nine exhibits properly

3   summarize voluminous financial records.  Further, the United States has established (1) the

4   underlying materials that support the summary exhibits are admissible into evidence, and

5   (2) those underlying materials were made available to Defendants.  The nine summary

6   exhibits should be admitted.

7        Respectfully submitted this 9th day of September, 2021.

8                                          GLENN B. McCORMICK
                                           Acting United States Attorney
9                                          District of Arizona

10                                         s/ Andrew C. Stone
                                           KEVIN M. RAPP
11                                         MARGARET PERLMETER
                                           PETER S. KOZINETS
12                                         ANDREW C. STONE
                                           Assistant U.S. Attorneys
13
                                           DAN G. BOYLE
14                                         Special Assistant U.S. Attorney

15                                         KENNETH POLITE
                                           Assistant Attorney General
16                                         U.S. Department of Justice
                                           Criminal Division, U.S. Department of Justice
17
                                           REGINALD E. JONES
18                                         Senior Trial Attorney
                                           U.S. Department of Justice, Criminal Division
19                                         Child Exploitation and Obscenity Section

20

21

22                      **CERTIFICATE OF SERVICE**

23        I hereby certify that on this same date, I electronically transmitted the attached

24   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

25   Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

26   as counsel of record.

27   s/ Andrew C. Stone
     U.S. Attorney's Office
28