**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

ATTORNEY FOR: DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br>　　Plaintiff,<br><br>　v.<br><br>Joye Vaught,<br>　　Defendant. | Case No. CR-18-422-SMB<br><br>**DEFENDANTS' MOTION TO PRECLUDE THE TESTIMONY OF SHARON COOPER, M.D., OR, ALTERNATIVELY, TO HOLD A HEARING OUTSIDE THE PRESENCE OF JURY TO DETERMINE HER QUALIFICATIONS TO TESTIFY AT THIS TRIAL AND THE RELEVANCE OF HER TESTIMONY** |

NOW COME the Defendants, by their attorneys of record, to ask the Court to preclude the testimony of Sharon Cooper, M.D.. Alternatively, the Defendants ask this Court to hold a hearing outside the presence of the jury to determine her qualifications to testify at this trial and the relevance of her testimony. The Defendants further submit the following:

As the Court saw in the first two weeks of this trial, the Government seeks to prove the specific intent crimes alleged in the Superseding Indictment by

proffering "notice evidence." The Government also persists in attempting to present evidence to this jury about irrelevant, inflammatory evidence regarding third party crimes. Sharon Cooper, M.D.'s proffered testimony appears to follow the Government's pattern.

> The Court has reviewed the descriptions given for the proposed testimony of the witnesses and finds that they overlap in many ways. Allowing all of them to testify would be unnecessarily cumulative and unfairly prejudicial. The Government will be limited to one expert witness as to each topic. The Court finds the following areas of expertise to be relevant during the Government's case in chief:
>
> 1. How human/sex trafficking occurs through online media;
>
> 2. How law enforcement conducts trafficking investigations, with a focus on how investigations shifted from craigslist.com to backpage.com;
>
> 3. Explanation of terminology often used in trafficking and prostitution industry;
>
> 4. The relationship between traffickers and pimps and their victims, including common methods a sex trafficker uses to maintain control over a victim.
>
> The Court finds the following areas of expert testimony would not be relevant in this case:
>
> 1. Dr. Roe-Sepowitz proposed testimony about general sex trafficking patterns or the impact of the Super Bowl on sex trafficking (excluding any testimony she may provide as a fact witness);
>
> 2. Dr. Wolf's proposed testimony about how to interact with victims of sex trafficking to avoid secondary trauma and the role Backpage played in causing trauma to victims trafficked through its website;
>
> 3. Proposed testimony about the benefits of shutting Backpage down or opinion testimony that the adult section of Backpage.com serves no legal purpose;

    4.    Testimony about the impact that the shutdown of Backpage.com had on online sex trafficking.[1]

On July 9, 2021, Counsel for Ms. Vaught asked the Government to:

. . . advise whether or not the Government has updated its notice of experts it intends to call.  We are working with a massive record, so perhaps my searches missed an updated notice.

Would you please advise whether or not the Government has update its expert notices to conform with the Court's with the Court's October 2020 Order?  If not, please advise before close of business on July 15, 2021.  That clarification may save valuable court time.[2]

On August 9, 2021, the Government replied:

Hi Joy,

We have received the Court's order regarding expert witness testimony (Doc. 1081) and intend to comply with it.  We do not believe Rule 16(G) requires the filing of an "updated expert notice," however, if you are aware of authority that requires as such, please bring it to our attention.  The Court's order addresses the defense expert witnesses as well - does the defense plan to file a similar updated expert notice?

We will note that five witnesses originally identified in the government's notice of expert witnesses, Supervisory SA James Hardie, Investigator Derek Stigerts, Dr. Shannon Wolf, SA Donald Ellsworth and Rob Spectre have been removed from the government's witness list.[3]

---

[1] ECF Doc. 1081 at 17-18.

[2] The letter sent to the Government comprises Exhibit 1 to this Motion.

[3] The Government's August 9, 2021 email to Counsel comprises Exhibit 2 to this Motion.

The Government now has announced that intends to call this week both Christina Decoufle and Sharon Cooper, M.D.  Their proffered testimony appears to overlap, in addition to being duplicative of the testimony of Agent Fitchner, regarding the language and imagery in sex work advertising.  Their proffered testimony also appears to be wholly irrelevant to any element of the Government's burden of proof.

The Government's expert notice, which has not been amended, proffers Dr. Cooper's testimony as follows:

> Dr. Cooper will testify about (1) how a victim can fall into the world of sex trafficking, through the grooming process, force, or abduction, etc. and why certain victims may be targeted; (2) the harmful, lasting impact sex trafficking can have on its victims, primarily child victims; (3) the relationship and loyalty a child sex trafficking victim may have and show towards her trafficker; (4) common ways a sex trafficker can use force, fraud, and coercion to maintain control over his victims; (5) reasons why child sex trafficking is cited as the most underreported form of child abuse; and (6) the role Backpage played in the victimization of her patients and clients.[4]

The only topic of those listed above that is consistent with the parameters established in the Court's October 27, 2020 Order is "(4) common ways a sex trafficker can use force, fraud, and coercion to maintain control over his

---

[4] ECF Doc. 422 at 6-7.

victims."[5]  This topic, however, contradicts the Court's more recent rulings on the Government's proffered evidence.

Regarding crimes committed by third parties, this Court ruled in May 2021:

> Generally, the Court agrees that the crimes of third parties are only relevant to the extent that they gave notice that prostitutes were advertising on Backpage.com.  However, the specific details of crimes committed by third parties are irrelevant to whether Defendants violated the Travel Act, and in most instances, evidence of such third-party crimes is likely improper.  But without reference to specific contexts where the Government intends to introduce such evidence, the Court will not categorically conclude that all evidence of crimes committed by third parties is inadmissible.  If the Government attempts to introduce such evidence at trial, it will only be admitted to the extent that it gave Defendants notice that prostitutes were utilizing Backpage.com, and the Government will not be allowed to introduce evidence showing the details of the crimes . . . [6]

Moreover, last week, this Court specifically told the Parties that the pimps' coercion of sex workers is not a relevant topic.  As the Defendants recall, the Government did not object to this ruling.

Given this Court's clear limitations on the Government's proofs, nothing in the Government's proffer of Dr. Cooper's testimony pertains to the Government's burden to prove that each of the Defendants had specific

---

[5] ECF Doc. 1081 at 17-18.

[6] ECF Doc. 1156 at 5.

knowledge that the ads listed in the Superseding Indictment were for prostitution. The proffered testimony of Dr. Cooper also does nothing to make more or less likely that the Defendants each knowingly joined an agreement to facilitate an illegal prostitution enterprise.

Dr. Cooper's proffered testimony, even if it had a shred of relevance to the issues in this case, is inadmissible under Fed. R. Evid. 403. It is highly inflammatory; it creates new, evidentiary rabbit holes for the jury, the Court, and the Parties to fall down regarding third party conduct; and duplicates the testimony already offered through Agent Fitchner regarding how ads were placed on Backpage.com – be they for used couches or adult entertainment.

At the least, the Defendants ask this Court to require the Government to proffer how any of Dr. Cooper's proffered testimony is relevant.

If the Court finds that some tailored version of Dr. Cooper's testimony could be relevant, then the Defendants ask this Court to hold a *Daubert* hearing outside the presence of the jury to determine both her qualifications to offer any limited expert testimony and the methodologies she used to draw those conclusions. For example, if Dr. Cooper were to assert, as she has in other cases, that Backpage.com was responsible for

more than 70% of reports to NCMEC, then the Government must disclose what data and measurements of that data that she uses to form that conclusion.[7]

RESPECTFULLY SUBMITTED this 12th day of September, 2021.

          *s/Joy Bertrand*
          Joy Bertrand
          Attorney for Defendant Vaught

DATED: September 13, 2021  Respectfully submitted,

          Thomas H. Bienert Jr.
          Whitney Z. Bernstein
          Bienert | Katzman PC

          By:  */s/ Thomas H. Bienert, Jr.*
             Thomas H. Bienert Jr.
          Attorneys for Defendant James Larkin

DATED: September 13, 2021  Gary S. Lincenberg
          Ariel A. Neuman
          Gopi K. Panchapakesan
          Bird, Marella, Boxer, Wolpert, Nessim,
          Drooks, Lincenberg & Rhow, P.C.

          By:  */s/ Gary S. Lincenberg*
             Gary S. Lincenberg
          Attorneys for Defendant John Brunst

---

[7] Fed. R. Evid. 702.

DATED: September 13, 2021        Paul J. Cambria
                                  Erin McCampbell
                                  Lipsitz Green Scime Cambria LLP

                                  By:   */s/ Paul J. Cambria*
                                        Paul J. Cambria
                                        Attorneys for Defendant Michael Lacey


DATED: September 13, 2021        Feder Law Office, P.A.

                                  By:   */s/ Bruce S. Feder*
                                        Bruce S. Feder
                                        Attorney for Defendant Scott Spear


DATED: September 13, 2021        The Law Office of David Eisenberg, PLC

                                  By:   */s/ David Eisenberg*
                                        David Eisenberg
                                        Attorney for Defendant Andrew Padilla

# CERTIFICATE OF SERVICE

On September 12, 2021, I, Joy Bertrand, attorney for the Defendant, filed the foregoing with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this pleading will be electronically served upon opposing counsel and co-defendants' counsel, upon its submission to the Court.

Respectfully submitted this Twelfth day of September, 2021.

<u>s/Joy Bertrand</u>
Joy Bertrand
Attorney for Defendant