Thomas H. Bienert, Jr. *(admitted pro hac vice)*
　tbienert@bklwlaw.com
Whitney Z. Bernstein *(admitted pro hac vice)*
　wbernstein@bklwlaw.com
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
　glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
　aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
　gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' JOINT REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT** |
| vs. | |
| Michael Lacey, *et al.*, | **[Request for Evidentiary Hearing]** |
| Defendants. | **[Oral Argument Requested]** |
| | Assigned to Hon. Susan M. Brnovich, Courtroom 506 |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell *(admitted pro hac vice)*
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce Feder (AZ Bar No. 004832)
    bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg (AZ Bar No. 017218)
    david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

Joy Malby Bertrand (AZ Bar No. 024181)
    joy.bertrand@gmail.com
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694

Attorney for Defendant Joye Vaught

In its motion to preclude an advice of counsel defense, the Government wrote that the legal memoranda produced by Defendants—the same memoranda discussed in Carl Ferrer's interviews with the Government—appear "on their face" to be protected by the attorney-client privilege.  Dkt. 1234 at 2.  After Defendants pointed this out and renewed their motion to dismiss for invasion of the privilege, the Government ran for cover in its Reply when it argued that: "Simply because a document – on its face – *appears* to be privileged doesn't make it so."  Dkt. at 1258.  For at the end of the day, the Government is conceding that it knowingly interrogated Ferrer about legal memoranda which it knew, "on their face," appeared to be privileged.  These naked privilege invasions, now implicitly conceded, are emblematic of the Government's "win-at-any-cost" strategy that has permeated this prosecution.  The case should be dismissed.  In the alternative, in connection with Defendants' renewed motion, the Court should now order that the Government produce Ferrer to testify at an evidentiary hearing so that the defense can examine Ferrer about the nature and extent of his disclosures to the Government.  *See United States v. Schwimmer*, 892 F.2d 237, 245 (2d Cir. 1989) (despite district court finding that testimonial references to privileged material were "negligible" and accounting documents at issue largely were not privileged, appellate court reversed and remanded, holding that "the district court should have conducted an evidentiary hearing to determine whether the government's case was in any respect derived from a violation of the attorney-client privilege in regard to confidential communications passing from" defendant to accountant).

In its order denying Defendants' original motion to dismiss (Dkt. 980), the Court determined (in Defendants' view, erroneously) that Defendants had not done enough to establish the existence of a privilege regarding Ferrer's statements to the Government. One of Defendants' arguments was that Ferrer's statements about legal advice were on their face privileged.  Dkt. 1168.  In Defendants' Reply in Support of Motion to Dismiss Based on Outrageous Government Misconduct Invading Attorney-Client Privilege, Defendants argued in part that "the nineteen examples of privilege invasions set forth in

Defendants' motion answer . . . on their face [the key questions establishing privilege]." Dkt. 1022 at 3. The Court rejected this argument as insufficient to carry Defendants' burden of establishing privilege. Dkt. at 1168, *passim*. The logical extension of the Court's analysis is that the only person who could provide the "further detail" (*see, e.g.*, Dkt. 1168 at 10) to the *Ruehle* questions is Ferrer himself. Defendants argued, and the Government no longer really disagrees, that the documents on their face provide enough detail; but if the Government now seeks to backtrack from its concession, then the Court should conduct an evidentiary hearing with testimony from the person most knowledgeable about the disclosures he made—Ferrer.[1]

If the Court feels that that the Ferrer interviews disclosing advice from counsel are insufficient to make the findings as to privilege then, at a minimum, the Court should hold an evidentiary hearing with testimony from Ferrer to make a fully-informed determination.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (October 2020) § II (C) (3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: September 20, 2021          Respectfully submitted,

                                      Gary S. Lincenberg
                                      Ariel A. Neuman
                                      Gopi K. Panchapakesan
                                      Bird, Marella, Boxer, Wolpert, Nessim,
                                      Drooks, Lincenberg & Rhow, P.C.

                              By:     */s/ Gary S. Lincenberg*
                                        Gary S. Lincenberg
                                    Attorneys for Defendant John Brunst

---

[1] Indeed, if it is now the Government's concession that communications with counsel regarding the legal protections provided by the First Amendment and the Communications Decency Act appear on their face to be privileged, then why did the Government interview Ferrer about these same subjects without limitation and without any concern for breaching the privilege?

| | | |
|---|---|---|
| 1 | DATED: September 20, 2021 | Thomas H. Bienert Jr. |
| 2 | | Whitney Z. Bernstein |
| | | Bienert Katzman Littrell Williams LLP |

By: _/s/ Thomas H. Bienert, Jr._
Thomas H. Bienert Jr.
Attorneys for Defendant James Larkin

DATED: September 20, 2021    Paul J. Cambria
Erin McCampbell
Lipsitz Green Scime Cambria LLP

By: _/s/ Paul J. Cambria_
Paul J. Cambria
Attorneys for Defendant Michael Lacey

DATED: September 20, 2021    Feder Law Office, P.A.

By: _/s/ Bruce S. Feder_
Bruce S. Feder
Attorney for Defendant Scott Spear

DATED: September 20, 2021    The Law Office of David Eisenberg, PLC

By: _/s/ David Eisenberg_
David Eisenberg
Attorney for Defendant Andrew Padilla

DATED: September 20, 2021    Joy Bertrand Esq. LLC

By: _/s/ Joy Malby Bertrand_
Joy Malby Bertrand
Attorney for Defendant Joye Vaught