GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>          Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' OBJECTIONS TO DEFENDANTS' PROPOSED SUPPLEMENTAL/REVISED QUESTIONS FOR JUROR QUESTIONNAIRE (Doc. 1348)** |

The United States files its objections to Defendants' proposed supplemental/revised questions for juror questionnaire. (Doc. 1348.)

The United States has no objections to revised questions 50, 57(a), 61, or 77.

The United States objects to supplemental questions 76(a) and 76(b). Defendants also revised original question 76 and have renumbered it as 76(c). The United States believes that the original question 76 is sufficient to obtain relevant information from the prospective jurors on the subject of whether websites should be responsible for the content posted by the website's users. Question 76 as written in the United States' proposed juror questionnaire (Doc. 1349-1 at 22) should be included.

Defendants' proposed question 76(a) reads:

*Do you believe that websites hosting third-party content (such as Google/YouTube, Rumble, Facebook/Instagram, Parler, Twitter, Gab, and others) should be able to decide what content will be allowed on their websites? Please explain.* (Doc. 1348-1 at 1.)

The principal purpose of *voir dire* is to identify bias. *See Patton v. Yount*, 467 U.S. 1025, 1038 (1984); *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994). It is not to indoctrinate, inculcate, influence, insinuate, inform, or ingratiate. *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F.Supp.2d 1093, 1094 (C.D. Cal. July 25, 2012). This proposed question is confusing and irrelevant. First, the question fails to add anything beyond what is already covered in original question 76. Second, this question doesn't relate to any material issues in dispute at trial. The issue before the jury will not involve Defendants' inability "to decide what content will be allowed on their website," but rather whether they are guilty of the 100 counts charged in the Superseding Indictment. Third, it is hornbook law that prostitution advertisements and solicitations are forms of commercial speech that are not constitutionally protected. *Pittsburgh Press Co. v. Human Relations Comm'n*, 413 U.S. 376, 388 (1973) ("We have no doubt that a newspaper constitutionally could be forbidden to publish a want ad…soliciting prostitutes."). With this proposed question, Defendants seek to argue and indoctrinate the jury on their theory of the case and what they think the law should be, which is impermissible *voir dire*. This proposed question should not be given.

Defendants' proposed question 76(b) reads:

*Websites hosting third-party content often engage in 'content moderation'? Do you know what 'content moderation' is? If yes, please describe.* (Doc. 1348-1 at 1.)

The principal purpose of *voir dire* is to identify bias. *See Patton v. Yount*, 467 U.S. 1025, 1038 (1984); *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994). It is not to indoctrinate, inculcate, influence, insinuate, inform, or ingratiate. *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F.Supp.2d 1093, 1094 (C.D. Cal. July 25, 2012). Asking a juror to "describe" his or her understanding of "content moderation" during *voir dire* is inappropriate. If a juror even has an idea about "content moderation," it's wholly irrelevant and immaterial to his or her duties as a juror. The jurors will need to evaluate the evidence presented at trial and how Backpage's "content moderation" played a role in the criminal case against Defendants. How other websites may or may not utilize "content moderation" is not relevant. Defendants are attempting to relate Backpage's practices with other websites that are currently in operation in an effort to provide a positive association of Backpage for the jury panel. This is nothing more than an attempt to argue and indoctrinate the jury on Defendants' theory of the case, which is impermissible *voir dire*. This proposed question should not be given.

Respectfully submitted this 22nd day of October, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

s/ Andrew C. Stone
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office