Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
tbienert@bklwlaw.com
wbernstein@bklwlaw.com
*Attorneys for James Larkin*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>             Defendants. | Case No. 2:18-cr-00422-PHX-SMB<br><br>**DEFENDANTS' SUPPLEMENTAL CITATION OF AUTHORITY IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE** |

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Defendants Michael Lacey, James Larkin, Scott Spear, and Andrew Padilla, by and through their counsel, submit the instant supplement to Defendants' Motion to Dismiss With Prejudice ("Motion") (Doc. 1355) to provide this Court with a Decision and Order issued on December 9, 2021 by the Honorable Lawrence J. Vilardo, U.S.D.J., W.D.N.Y. granting a mistrial with prejudice under *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). ("Decision"). (*See* Dec. & Or., *United States v. Padua*, W.D.N.Y. Docket No. 20-CR-191-LJV-MJR-1, Doc. No. 187, attached hereto as Ex. A.) The Decision was issued after briefing and argument concluded in this case, but is pertinent to this Court's resolution of the Motion for several reasons.

First, Judge Vilardo's Decision demonstrates that courts can and should dismiss with prejudice under *Oregon v. Kennedy* when – like here – the objective facts and circumstances demonstrate that the prosecutor intended to goad a mistrial. *Kennedy* is not, as the government suggests, simply an academic exercise to be discussed but never invoked.

Second, when the objective facts and circumstances demonstrate that the prosecutor intended to goad a mistrial, a court can grant a mistrial with prejudice without need for an evidentiary hearing.

Third, there are strong factual parallels between the facts here and in *Padua*, but here the prosecution team also *repeatedly* violated the Court's orders, throughout the trial, providing even stronger objective evidence of the prosecution's intent to goad a mistrial. The government's trial misconduct in *Padua* was limited to its rebuttal summation, during which government counsel misstated evidence and asserted that the defendant was guilty. (*See id.* at 4.) Defense counsel objected to the comment about the defendant's guilt, which the court sustained. (*Id.*) "Then, immediately after defense counsel's objection was sustained and the offending statement stricken, the prosecutor said, 'I know he's guilty. I know beyond a reasonable doubt he's guilty.'" (*Id.*) When questioned, the government showed no remorse for its misconduct. (*See id.* at 4-5.)

In finding that the prosecutor had the intent to goad a mistrial, Judge Vilardo concluded that "[w]ithout a doubt, a seasoned prosecutor like the Assistant United States Attorney here knew very well that remarks like those would provoke a motion for a mistrial." (*Id.* at 10.) The court noted that "[t]he defendant's motion for a mistrial after the rebuttal summation was not his first."

(*Id.* at 8 (discussing defense counsel's prior motions for mistrial).) Critically, "defense counsel was not shy about asking for a mistrial, and the prosecutor knew that." (*Id.* at 8.) Indeed, Judge Vilardo found "[t]here can be little doubt" that the prosecutor knew "his rebuttal remarks would trigger another mistrial motion." (*Id.*) Judge Vilardo found that single violation of a trial ruling demonstrated an intent to goad mistrial, because the defense counsel's prior mistrial motions put the government on notice that defense counsel would not ignore misconduct and there was no way to interpret the government's "brazen" misconduct other than as reflecting the intent to goad defense counsel into moving for mistrial. (*Id.* at 8-13.)

Here, the government repeatedly violated court orders and rulings during a trial in which defense counsel moved for mistrial at least three times, and lodged no fewer than 100 objections. Like in *Padua*, "the prosecutor had to know that defense counsel would move for a mistrial as a result of" its violations of court orders and rulings on objections, and "that constitutes the sort of intentional misconduct that warrants a mistrial with prejudice." (*Id.* at 11.). Defendants respectfully request that this Court grant the Motion because, like in *Padua*, "the prosecutor[s] did not merely cross the line, [they] erased it. If ever prosecutorial misconduct warrants a mistrial with prejudice, this is the case." (Ex. A at 12.) "[S]easoned prosecutor[s] deliberately" engaged in misconduct that they had to know "would result in a defense motion for mistrial. That is nothing less than intentional" goading of "the defense into making that motion." (*Id.*)

RESPECTFULLY SUBMITTED this 10th day of December, 2021,

                                  LIPSITZ GREEN SCIME CAMBRIA LLP
                                  *s/ Paul J. Cambria, Jr.*
                                  Paul J. Cambria, Jr.
                                  Erin McCampbell Paris
                                  Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II(C)(3), Erin McCampbell Paris hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

|   |   |
|---|---|
| 1 | BIENERT KATZMAN LITTRELL WILLIAMS LLP |
| 2 | *s/ Whitney Z. Bernstein* |
| 3 | Thomas H. Bienert, Jr. |
|   | Whitney Z. Bernstein |
| 4 | Attorneys for James Larkin |
| 5 |   |
|   | FEDER LAW OFFICE PA |
| 6 | *s/ Bruce Feder* |
|   | Bruce Feder |
| 7 | Attorneys for Scott Spear |
| 8 |   |
|   | DAVID EISENBERG PLC |
| 9 | *s/ David Eisenberg* |
|   | David Eisenberg |
| 10 | Attorneys for Andrew Padilla |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Kristina Drewery*
Kristina Drewery