GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (D.C. Bar No. 1620183, reginald.jones4@usdoj.gov)
Senior Trial Attorney
Criminal Division, U.S. Department of Justice
1400 New York Ave N.W., Suite 1200
Washington, D.C. 20005
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>           Defendants. | No. CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' SUPPLEMENTAL CITATION OF AUTHORITY IN SUPPORT OF MOTION TO DISMISS**<br>**(Doc. 1437)** |

Defendants' new citation does not support the "truly extraordinary" relief they seek in Doc. 1355, for several reasons. (*See* Doc. 1347, Ex. A (*United States v. Padua*, 20-CR-191-LJV-MJR-1, W.D.N.Y., Dec. 9, 2021 Dec. & Order, Doc. 187) ("*Padua*"), at 1.)

First, *Padua* states that, because "cases are to be decided on their merits absent truly extraordinary circumstances," "a mistrial based on prosecutorial misconduct should be granted with prejudice only when that misconduct is intentional." (*Padua* at 6-7, citing *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982).) As Judge Brnovich found, none of the reasons for the mistrial ruling in this case involved intentional misconduct. (Doc. 1355, Ex. M at 5:20-21 ("I don't see any of these as intentional misconduct"). For this threshold reason, Defendants' motion should be denied. (*See* Doc. 1395, Resp. at 1, 15-21.)

Second, *Padua* was prompted by "extraordinary" circumstances: The prosecutor stated in rebuttal closing that defense counsel "know that their client is guilty"; when the court struck that comment, the prosecutor told the jury that he "knew that the defendant was guilty . . . 'beyond a reasonable doubt.'" (*Padua* at 10, 12-13.) This "egregious[ ]" misconduct violated the "fundamental" rule that "a prosecutor cannot tell the jury that she knows the defendant to be guilty." (*Id*. at 8-9.) The instant case involves nothing remotely close. For example, while Defendants assert the United States "elicited inflammatory testimony from Dr. Cooper" regarding underage victims (Doc. 1413, Reply at 12:5-7), her references to minors predominantly occurred during her foundational testimony—which Judge Brnovich allowed, over defense objections. (Doc. 1355, Ex. L at 5:18 - 17:14.) Later, after the Court stated questioning about "sex trafficking" was permissible, but directed the prosecutor to "stay away from the child sex trafficking" (*id*., Ex. L at 29:2-7), the prosecutor asked several questions about "adult content" (*id*., Ex. L at 37:4-38:25). When the witness referenced minors in response to one of those questions, the prosecutor turned to asking about terminology in the prostitution industry—and carefully avoided terms involving minors. (*See id*., Ex. L at 38:19-48:24.) This was not misconduct, "egregious" or otherwise—particularly considering the Court's repeated approvals of Dr. Cooper as an expert for this case. (*See id.*, Ex. K at 5:2-10:19, Ex. L at 17:5-14; Doc. 1081 at 16:10-26.)

Third, *Padua* drew a connection between what it found "was an excellent and persuasive summation by defense counsel" and the prosecutor's improper rebuttal. (*Padua* at 10-11.) There is no similar connection here. Defendants assert the United States decided to call Dr. Cooper for the purpose of instigating a mistrial in reaction to Defendants' cross-examination of Agent Fichtner—the lion's share of which occurred on September 13, 2021. (*See* Doc. 1355, Mot. at 6:5-8 & Ex. K at 14:1-95:17.) Yet, three days before, the United States informed Defendants that Dr. Cooper's testimony would follow Agent Fichtner. (*See* Exhibit A hereto, Sept. 10, 2021 email from A. Stone to E. Garcia, cc: all counsel; Doc. 1300; Doc. 1355, Ex. K at 5:2-10:19.) For these and other reasons (*see* Doc. 1395 at 7:10-9:22, 18:25-20:20), Defendants' causation theory lacks merit.

Fourth, Defendants' references to other trial conduct—presumably including the presentation of testimony from Jessika and Nacole Svendgard (*cf*. Doc. 1437 at 1-2)—stands outside of their proffered causation timeline. The Svendgards both testified during a break in Agent Fichtner's direct examination; he was not cross-examined until after those witnesses had testified. (*See* Doc. 1355, Ex. I at 67:2-Ex. J at 78:10.) Also, Defendants never sought a mistrial based on Jessika or Nacole's testimony. These are not "strong factual parallels" to *Padua*. (*Cf*. Doc. 1437 at 1:16.)

Finally, the United States wishes to correct a footnote in Doc. 1395, and a related statement at the December 3, 2021 argument, indicating Defendants made no objections to questions that included references to the 105-day period Jessika was posted on Backpage. (*See* Doc. 1395 at 11 n.3.) Upon re-reviewing the transcript, the defense objected to three such questions. (Ex. I at 80:15-21, 82:16-20; Ex. J at 51:19-23.) The Court sustained only one of the objections, for relevance; however, it is not clear if that objection concerned the 105-day reference. (Ex. I at 82:16-20.) One of the other objections was a "continuing" one that the Court "overruled but noted." (Ex. I at 80:15-21.) The United States apologizes for this error, which was entirely inadvertent.

Respectfully submitted this 13th day of December, 2021.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/Peter S. Kozinets*
PETER S. KOZINETS
Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
DAN G. BOYLE
Assistant U.S. Attorneys

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Marjorie Dieckman*
U.S. Attorney's Office