**JOSEPHINE HALLAM**
Hallam Law Group, P.L.L.C.
3838 N. Central Ave., Suite 1800
Phoenix, Arizona 85012
Phone: (602) 237-5373
Jhallam@hallamlawgroup.com
Bar No. 018557
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | Case No. 2:18-CR-00422-DJH-2 |
| )  Plaintiff, ) | **AMENDED MOTION TO QUASH** |
| ) | **SUBPOENA SERVED ON VINCENT** |
| v. ) | **FERRER BY DEFENDANT JAMES** |
| ) | **LARKIN (2)** |
| Michael Lacey, et al., ) | |
| ) | |
| Defendants. ) | |

Vincent Ferrer, the subject of subpoena to testify served upon him by Defendant James Larkin,[1] respectfully requests that this Court quash the subpoena. The subpoena in question requires Mr. Ferrer to appear for trial to give testimony. The original date of the subpoena was for September 1, but the original trial proceeding ended in a mistrial, rendering that required appearance moot. No subsequent date or notice has been provided to Mr. Ferrer, though it is presumed for purposes of this motion that the original subpoena remains in effect.

---

[1] See Exhibit A, Subpoena.

-1-

Mr. Ferrer resides in Georgia, a considerable distance from Phoenix. Moreover, to the extent that he is called to testify, he intends to invoke his Fifth Amendment privilege against self-incrimination and/or lacks relevant information. Under these circumstances, and considering the situation with Covid-19, appearing in response to the subpoena would be unreasonable and/or oppressive, and would not serve any meaningful purpose.

This motion is made pursuant to the Fourth Amendment to the United States Constitution, Rule 17 of the Federal Rules of Criminal Procedure, and applicable precedent. This motion is further supported by the following Memorandum of Points and Authorities.

To the extent that the Court holds any hearing respecting this motion, Mr. Ferrer requests that he be permitted to appear remotely given that he resides out of state.

RESPECTFULLY SUBMITTED this 24th day of December, 2021.

                                           **HALLAM LAW GROUP, P.L.L.C.**

                                           */s/ Josephine Pesaresi Hallam*
                                           Josephine Pesaresi Hallam
                                           Attorney on Behalf of Mr. Vincent Ferrer

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Mr. Vincent Ferrer was served with a letter and subpoena to appear in the Federal District Court in Phoenix on September 1, 2021. [Exhibit A, Subpoena and Letter]. The subpoena was served on him, along with a letter dated August 30, 2021, by Defendant James Larkin. The subpoena itself is dated June 5, 2021; it is unknown why Mr. Larkin waited until August 30 to serve the subpoena, just two days before the demanded appearance.

The originally required appearance quickly became moot when a mistrial was declared on September 14, 2021, early in the trial. Since then, Mr. Ferrer has received no further communication respecting any new dates or required appearances. Mr. Ferrer has not been informed by any person that the original subpoena remains in effect.

Mr. Ferrer resides in Georgia. He lacks pertinent information respecting the case and the facts thereof, and to the extent that he has any information, he intends to invoke his Fifth Amendment privilege against self-incrimination respecting any questions asked of him as a witness.

## II. LAW & ARGUMENT

A subpoena for testimony may be quashed if compliance with it would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2); *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005) (applying Rule 17(c)(2)'s "unreasonable or oppressive" standard for subpoenas for testimony in addition to subpoenas for documents and objects);

*United States v. Berberian*, 767 F.2d 1324 (9th Cir. 1985) (holding that it was proper to quash a subpoena for testimony where the subject of that subpoena had indicated he would invoke his Fifth Amendment right not to be compelled to give incriminating testimony). "[A] motion to quash a subpoena is an appropriate and the most effective procedural means of resolving the constitutional confrontation that is created whenever [a party] seeks to compel a witness to give self-incriminating testimony." *Berberian*, 767 F.2d at 1326. A decision to quash or modify a subpoena is within the sound discretion of the trial court. *See United States v. Nixon*, 418 U.S. 683, 702 (1974).

Here, Mr. Ferrer intends to invoke his Fifth Amendment privilege against self-incrimination in response to any questions about any alleged involvement in matters related, directly or indirectly, to Backpage.com. Accordingly, Vincent Ferrer would be invoking respecting any relevant testimony he might have to offer, to the extent he has any relevant testimony to offer. No immunity has been extended to Mr. Ferrer that might otherwise protect him from the possibility of facing federal or state charges. Accordingly, there is no basis to force Mr. Ferrer to appear and testify. See *Berberian*, 767 F.2d at 1326 (noting that a witness may not be called to testify by the government where the government knows the witness will refuse to testify).

In addition to the forgoing, requiring Mr. Ferrer to appear personally at trial is unreasonable and oppressive, particularly considering his stated intention to invoke his Fifth Amendment privilege. Mr. Ferrer resides in Georgia, approximately 1,900 miles away. Given his intent to invoke, it would not be reasonable to require him to travel such

a long distance just to refuse to answer questions. Moreover, in recent weeks Covid has been spiking across the country, making any such travel a risky proposition, especially since Mr. Ferrer has a vulnerable, infant child.

### III.   CONCLUSION

In consideration of the forgoing, Mr. Vincent Ferrer respectfully requests that this Court quash the subpoena served by Defendant Larkin as being unreasonable and oppressive.

**RESPECTFULLY SUBMITTED** this December 24th day of 2021.

**HALLAM LAW GROUP, P.L.L.C.**

By  */s/ Josephine Pesaresi Hallam*
Josephine Pesaresi Hallam
Attorney for Mr. Vincent Ferrer

-5-

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

By */s/ Josephine Pesaresi Hallam*
Josephine Pesaresi Hallam
Attorney for Mr. Vincent Ferrer