Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN LITTRELL WILLIAMS LLP
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
tbienert@bklwlaw.com
wbernstein@bklwlaw.com
*Attorneys for James Larkin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>James Larkin,<br><br>                    Defendant. | Case No. 2:18-cr-00422-PHX-DJH-2<br><br>**BIENERT KATZMAN LITTRELL WILLIAMS LLP'S MOTION TO WITHDRAW AS RETAINED COUNSEL; DECLARATION OF THOMAS H. BIENERT, JR.** |

Pursuant to Local Rule of Criminal Procedure ("LRCrim.") 57.14, Local Rule of Civil Procedure ("LRCiv.") 83.3(b)(1), and Rule 1.16 of the Arizona Rules of Professional Conduct, Thomas H. Bienert, Jr., Whitney Z. Bernstein, and Bienert Katzman Littrell Williams LLP (collectively, "BKLW") move to withdraw as counsel for James Larkin because Mr. Larkin terminated BKLW's legal services and representation in this matter on October 29, 2022.

**I.    Relevant background.**

On October 29, 2022, Mr. Larkin sent BKLW an email terminating BKLW's legal services immediately and indicating his decision to replace BKLW as his counsel in this case and other matters. *See* attached Declaration of Thomas H. Bienert, Jr. ("Bienert Declaration") ¶ 3, Ex. 1.

**II.   The Court should terminate BKLW as Mr. Larkin's counsel in this matter.**

Local Rule of Civil Procedure ("LRCiv.") 83.3 governs withdrawal of counsel in this district.[1] LRCiv 83.3(b)(1) states that "[w]here such application bears the written approval of the client," the motion can be presented along with a proposed order.

"Also relevant [to the withdrawal analysis] is Ethical Rule 1.16 of the Arizona Rules of Professional Conduct." *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2016 WL 9504248, at *1 (D. Ariz. May 13, 2016). ER 1.16 of the Arizona Rules of Professional Conduct provides, in pertinent part, that a lawyer "***shall withdraw*** from the representation of a client if . . . the lawyer is discharged." *See* ER 1.16(a)(3) (emphasis added).

On October 29, 2022, Mr. Larkin sent an email to his BKLW lead counsel immediately discharging BKLW as his counsel in this case. Lead BKLW counsel Thomas Bienert then sent an email back to Mr. Larkin confirming receipt of the termination, indicating BKLW would move to withdraw as counsel, and asking Mr. Larkin to confirm that he did oppose the motion to withdraw. Mr. Larking then wrote back that he did not oppose this motion to withdraw. Bienert Decl. ¶ 3, Ex. 1.

Caselaw indicates that in ruling on a motion to withdraw brought pursuant to LRCiv. 83.3, "the Court should consider the following factors: '(1) the reasons why withdrawal is sought; (2)

---

[1] Local Rule of Criminal Procedure 57.14 indicates that LRCiv 83.3 applies to withdrawal of counsel in a criminal case as well.

1
MOTION TO WITHDRAW AS COUNSEL

the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" *Christopher,* 2016 WL 9504248, at *1, citing *Gagan v. Monroe*, 2013 WL 1339935, at *4 (D. Ariz. April 1, 2013).

BKLW's motion to withdraw as Mr. Larkin's counsel in this matter should be granted. BKLW's withdrawal is mandatory since Mr. Larkin terminated BKLW's legal services and representation in this matter on October 29, 2022.  ER 1.16(a)(3); Bienert Decl. ¶ 3, Ex. 1.

There will be no prejudice or undue delay to Mr. Larkin or the other litigants. ER 1.16(b)(1); *Gagan*, 2013 WL 1339935, *4.  The parties are scheduled to appear on November 2, 2022, for their first status conference and to address scheduling following a remand by the Ninth Circuit after a mistrial.  There currently is no trial date set in this case, so BKLW's termination will not delay a current trial date.  *See, e.g., Waters v. E.P. Architectural Builders, Inc.,* No. C 10-03193 LB, 2011 WL 482769, at *2 (N.D. Cal. Feb. 7, 2011).  BKLW will provide new counsel for Mr. Larkin with its files and will assist new counsel in getting up to speed.  Bienert Decl. ¶ 4.

### III. BKLW has complied with the requirements of LRCiv. 83.3.

LRCiv. 83.3(b) sets forth the technical requirements for withdrawing as counsel of record in the District Court of Arizona  *See Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010); *see also* LRCrim. 57.14 ("[w]ith regard to an appearance, withdrawal or substitution by an attorney or a party; contact information changes; and control of cause, see Rule 83.3, Local Rules of Civil Procedure.").  Concurrently with this motion, BKLW submitted a proposed written order granting BKLW's withdrawal as counsel for Mr. Larkin in this matter.  Bienert Decl. ¶ 5; LRCiv. 83.3(b)(1).  And BKLW will provide prompt notice of the entry of the order permitting BKLW's withdrawal, together with Mr. Larkin's last known residence and last known telephone number, to all other parties and their attorneys in this matter.  Bienert Decl. ¶ 6; LRCiv. 83.3(b)(1).

**IV.   Conclusion.**

For all of the foregoing reasons, the Court should enter an order terminating BKLW as counsel for Mr. Larkin.

RESPECTFULLY SUBMITTED this 29th day of October 2022,

BIENERT KATZMAN LITTRELL
WILLIAMS LLP
*s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
Attorneys for James Larkin

# DECLARATION OF THOMAS H. BIENERT, JR.

I, Thomas H. Bienert, Jr., declare as follows:

1. I am a partner at the law firm of Bienert Katzman Littrell Williams LLP ("BKLW" or "the Firm"), counsel of record for James Larkin. I am an attorney admitted *pro hac vice* to practice before this Court and in the States of California and Tennessee. I submit this declaration in support of BKLW's motion to withdraw as counsel for Mr. Larkin.

2. I submit this declaration based upon my own personal knowledge. If called as a witness, I could and would competently testify to this declaration under oath.

3. On October 29, 2022, Mr. Larkin sent me an email terminating BKLW's legal services immediately and indicating his decision to replace BKLW as his counsel in this case and other matters. Following that, I sent Mr. Larkin an email advising him that my firm would file a motion to withdraw as counsel, asking him to confirm that he did not oppose such a motion and advising him of the time and place of the status conference in this matter on November 2, 2023. Mr. Larkin emailed me back that he did not oppose the motion and indicated that he will be at the hearing in person on November 2. Attached as Exhibit "1" is a true and correct copy of the email I sent Mr. Larkin, and his email back to me on October 29, 2022.

4. BKLW will provide new counsel for Mr. Larkin with its files and will assist new counsel in getting up to speed.

5. Concurrently with this motion, BKLW submitted a proposed written order granting BKLW's withdrawal as counsel for Mr. Larkin in this matter.

6. BKLW will provide prompt notice of the entry of the order permitting BKLW's withdrawal, together with Mr. Larkin's last known residence and last known telephone number, to all other parties and their attorneys in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 29, 2022         */s/ Thomas H. Bienert, Jr.*
                                Thomas H. Bienert Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.