1  Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
2  Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
   BIENERT KATZMAN LITTRELL WILLIAMS LLP
3  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
4  Telephone: (949) 369-3700
   Facsimile: (949) 369-3701
5  tbienert@bklwlaw.com
6  wbernstein@bklwlaw.com
   *Attorneys Discharged by James Larkin*
7  *Motion to Withdraw Pending*

8              IN THE UNITED STATES DISTRICT COURT

9                FOR THE DISTRICT OF ARIZONA

10

11  United States of America,            Case No. 2:18-cr-00422-PHX-DJH

12                      Plaintiff,       **BIENERT KATZMAN LITTRELL
                                         WILLIAMS LLP'S RESPONSE RE**
13  vs.                                  **NOTICE TO IDENTIFY CONFLICTS
                                         WITH TRIAL DATES**
14  Michael Lacey, *et al.*,

15                      Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas H. Bienert, Jr., Whitney Z. Bernstein, and Bienert Katzman Littrell Williams LLP (collectively, "BKLW") have been terminated as counsel for defendant James Larkin and have a motion pending to withdraw as counsel.  The Court has not yet issued an order on that motion. As part of a hearing on November 2, 2022, the Court issued an Order that all parties identify any conflicts with the dates it set for trial, which run between June 20, 2023 and early September, 2023.

BKLW is not in position to present whether Mr. Larkin's new counsel has or will have any conflicts with the Court's proposed schedule.  As terminated counsel, BKLW cannot act on behalf of Mr. Larkin, as it is ethically precluded from representing him after he discharged the firm.  As the court noted in this district in *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2016 WL 9504248 (D. Ariz. May 13, 2016), once counsel is terminated by the client, counsel should be relieved because counsel cannot ethically continue to represent the client.  Upon termination, "[n]ot only was [counsel] obligated under the Ethical Rules to withdraw as Defendant's counsel, but a conflict of interest would surely arise if the Court required [counsel] to continue in its representation."  *Christopher,* 2016 WL 9504248, at 1, fn.1.  *See also Awolesi v. Shinseki*, 31 F. Supp. 3d 534, 537-38 (W.D.N.Y. 2014) (holding that court "must grant the motion to withdraw and adjourn the trial," because "where the client has terminated the relationship, 'by denying a counsel's motion to withdraw, even on the eve of trial, a court would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions.'")(quoting *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999)).

Additionally, BKLW has no information regarding the status of defendant Larkin's retention of new counsel.  Therefore, BKLW has no information to forward the Court regarding new counsel's trial availability.

BKLW's withdrawal from this case is mandatory, it is ethically precluded from representing Mr. Larkin's interests, and continued representation of Mr. Larkin would surely implicate conflict of interest. Accordingly, BKLW asks that the Court grant its pending motion to be relieved as counsel.

RESPONSE RE IDENTIFYING SCHEDULING CONFLICTS

1    RESPECTFULLY SUBMITTED this 9th day of November 2022,

2

3                                        BIENERT KATZMAN LITTRELL
                                         WILLIAMS LLP
4                                        *s/ Thomas H. Bienert, Jr.*
                                         Thomas H. Bienert, Jr.
5                                        Whitney Z. Bernstein
                                         Attorneys Discharged By James Larkin
6                                        Motion to Withdraw Pending

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE RE IDENTIFYING SCHEDULING CONFLICTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

<u>*/s/ Toni Thomas*</u>
Toni Thomas

RESPONSE RE IDENTIFYING SCHEDULING CONFLICTS