IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | No. CR-18-00422-001-PHX-DJH<br><br>**ORDER SETTING FINAL PRETRIAL CONFERENCE** |

      On July 25, 2018, a federal grand jury returned a 100-count Superseding Indictment ("SI") against Defendants Michael Lacey, James Larkin, Scott Spear, John "Jed" Brunst, Dan Hyer, Andrew Padiliia, Joye Vaught (collectively, "Defendants"). (Doc. 230). The SI alleges that Defendants are former owners and operators of Backpage.com, LLC ("Backpage"), which was created in 2004 and shut down by federal law enforcement authorities in 2018. (*Id.*) The SI further alleges that the Defendants engaged in criminal acts while operating Backpage, including conspiracy, facilitating prostitution, and money laundering. (*Id.*) These acts are alleged to have occurred beginning on or about September 10, 2013, and continuing through April 2018. (*Id.*)

      A Jury Trial is scheduled to commence on June 20, 2023. Trial will be held Tuesdays through Fridays beginning on June 20, 2023, and through August 31, 2023, or until the conclusion of trial. The Court will adjourn each Friday at noon. Trial will be in recess on July 4–5, 2023, July 31–August 2, 2023, and September 1 and 5, 2023.

      Pursuant to Federal Rule of Criminal Procedure 17.1, a Final Pretrial Conference is

set for **June 14, 2023, at 1:00 p.m.** before the Honorable Diane J. Humetewa in Courtroom 605 of the Sandra Day O'Connor United States Courthouse, 401 W. Washington St., Phoenix, AZ, 85003.

In preparation for the Final Pretrial Conference, **IT IS ORDERED AS FOLLOWS:**

1. Attendance Required. Counsel who will be responsible for the trial of the case must attend the Final Pretrial Conference. No substitutions of counsel or remote appearances are permitted without good cause. The attendees must bring their calendars so trial scheduling can be discussed.

2. Joint Pretrial Memorandum. The parties must jointly develop and file with the Clerk of Court, no later than **May 12, 2023**, a Joint Pretrial Memorandum. The Joint Pretrial Memorandum must contain the following in separate paragraphs:

    a. **Counts.** Identify (1) all counts contained in the superseding indictment that will be tried by jury; (2) all counts, if any, in the SI that have been dismissed; and (3) all counts, if any, the government intends to dismiss before trial.

    b. **Forfeiture Allegations**. Identify any forfeiture allegation contained in the SI, whether any forfeiture allegation in the SI has been dismissed, or whether the government intends to dismiss any forfeiture allegation before trial. Also identify, where applicable, the status of any pending related civil forfeiture proceeding, and whether the issue of forfeiture shall be determined by jury verdict or by the Court if a guilty verdict is returned by the jury.

    c. **Notices**. Identify all Notices of the Government's Intent to Use Evidence.

    d. **Motions in Limine**. Identify all pending motions in limine.[1]

---

[1] Each Motion will include a certification by the proponent stating that the prior trial court has not considered or ruled on the proposed Motion. If an aspect of the Motion has been considered, the proponent shall refer to the relevant document number(s).

  e. **Other Motions**. Identify all pending motions (other than motions in limine).

  f. **Stipulations**. Identify and describe any joint stipulation that may be read or otherwise presented to the jury and treated as having been proved at trial. For example: "Stipulation of Fact: The drugs found in Defendant's vehicle weighed approximately one pound." Or: "Stipulation of Evidence: Bundles of drugs will be introduced as evidence at trial. There have been no breaks in the chain of custody between when the drugs were seized by law enforcement in this case and the date of trial." Or: Stipulation of Evidence: The parties waive any objections relating to authenticity of the photos.

  g. **Numbers of Witnesses and Exhibits**. Identify the approximate number of witnesses to be called and exhibits to be offered at trial.

  h. **Estimated Length of Trial**. Propose the estimated amount of time to be allocated for each stage of trial as follows:

   ___ hours: Jury Selection
   ___ hours: Opening Statements (per Defendant)
   ___ hours: Government's Case (including rebuttal)
   ___ hours: Defendants' Case
   ___ hours: Closing Arguments (per Defendant)
   ___ hours: Total

  i. **Interpreter**. State whether there will be a need for an interpreter at trial.

  j. **Procedures for Expediting Trial**. Discuss and report on all available procedures that might be used to expedite trial, including but not limited to: (1) using summary exhibits in place of voluminous documentary evidence; (2) stipulations on authenticity and foundation; (3) presenting direct expert testimony through summary

or written reports; and (4) using the courtroom technology to expedite the presentation of evidence.

3. <u>Notices Of Intent</u>.  All Notices of the Government's Intent to Use Evidence must be filed and served at least **seven (7) days** before the Final Pretrial Conference. Untimely notices are subject to being summarily denied or stricken by the Court.

4. <u>Motions In Limine</u>.  All motions in limine must be filed by **April 21, 2023**. Responses must be filed by **April 28, 2023**.  No replies are permitted.  Each motion must include proposed language for the order being sought from the Court, and state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence.  Additionally, each motion must contain a certification that the movant's counsel met and conferred in good faith with opposing counsel and the parties could not reach agreement. The motions and responses must be concise and must not exceed three pages in length.  Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.  **<u>The Court reminds the parties that it will not accept any new motions unless based on new law or facts</u>**.[2]

5. <u>Case-Related Documents</u>.   The parties must, by **May 12, 2023**, file the following documents (and submit copies of these documents in Word format to the

---

[2] Under the doctrine of law of the case, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case," absent a material change in circumstances.  *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).  "The doctrine encourages the conservation of limited judicial resources and promotes consistency by allowing court decisions to govern the same issues in subsequent stages of the same case." *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1262 (9th Cir. 2020) (citing *Am. Civil Liberties Union v. F.C.C.*, 523 F.2d 1344, 1346 (9th Cir. 1975)).  "For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in the previous disposition." *Thomas*, 983 at 154 (internal quotations and alterations omitted).  If the issue in question has already been decided, then reconsideration of the order is generally only permitted if "the prior decision is 'clearly erroneous' and enforcing it would create 'manifest injustice'; intervening, controlling authority encourages reconsideration; or substantially different evidence is produced at a later merits trial." *East Bay Sanctuary Covenant*, 950 F.3d at 1262.

chambers email address at humetewa_chambers@azd.uscourts.gov, as well as sending to chambers a paper courtesy copy of any document exceeding ten pages):

- a. **Stipulated Joint Statement of The Case**.[3] This will be read to the jury. If the parties have any disagreement about the statement, the party objecting shall state the reason for its objection below the statement and offer an alternative statement.
- b. **Joint Proposed Verdict Forms**. These should include any proposed special verdict forms or juror interrogatories. Upon filing their proposed verdict forms, the parties shall submit by email a copy in Microsoft Word format to *humetewa_chambers@azd.uscourts.gov*.
- c. **Joint Proposed Jury Instructions**. The joint list must contain the following four sections:
    - (1) A list of all applicable Ninth Circuit Model Criminal Instructions, by title (do not include the text of the instruction), which are at http://www3.ce9.uscourts.gov/jury-instructions/model-criminal. If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to). If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (Plaintiff) or "DF" (Defendant) (if only certain Defendants, specify by surname).
    - (2) Any non-model instructions to which the parties have stipulated, with only one instruction per page.
    - (3) Any non-model instructions requested by Plaintiff (numbered consecutively), with only one instruction per page. Plaintiff shall include citation to authority to support the requested instruction. Defendants shall state all objections to such

---

[3] The proposed summary should not substantially vary from the joint statement in the proposed juror pre-screening questionnaire.

- 5 -

|     |     |     |
| --- | --- | --- |
|     |     | instruction immediately following the instruction and Plaintiff's authority.  Defendants shall support any objection with citation to authority.  If Defendants offer an alternative instruction, such alternative instruction shall immediately follow Defendants' objection. |
|     | (4) | Any non-model instructions requested by Defendants (numbered consecutively), with only one instruction per page. Defendants shall include citation to authority to support the requested instruction.  Plaintiff shall state all objections to such instruction immediately following the instruction and Defendants' authority.  Plaintiff shall support any objection with citation to authority.  If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow Plaintiff's objection. |
|     | (5) | Upon filing the joint proposed jury instructions, counsel shall email a copy of the proposed jury instructions in Microsoft Word format to *humetewa_chambers@azd.uscourts.gov*. |

6. Exhibits.  The parties must meet in person to exchange marked copies of all exhibits to be used at trial (excluding impeachment evidence not subject to early disclosure) no later than **seven (7) days** before the Final Pretrial Conference.  During this meeting, the parties also must eliminate any duplicate exhibits.[4]

Exhibits shall be delivered to the Courtroom Deputy **no later than 48 hours prior to trial.**  The parties shall mark and deliver exhibits as described in Attachment A.  The parties may agree to the admission of exhibits before trial.  Stipulated exhibits shall be

---

[4] During the in-person meeting, the exhibits must be in the exact physical form that will be used at trial.  In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper copy at the in-person meeting, not an electronic copy. Also, the parties should mark their exhibits exactly as they intend to offer them at trial. During trial, exhibits will be admitted or rejected in their entirety.  Thus, if any part of an exhibit is objectionable, it will be excluded in its entirety.  Ordinarily, the parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained.

noted as "Stipulated" on the exhibit list of the offering party under the column entitled "Admitted in Evidence." If all parties intend to refer to the exhibit at trial, the exhibit shall be included on the government's exhibit list.

During trial, the parties must advise the Courtroom Deputy *in advance of each witness's appearance* which exhibits will be needed for each witness. All exhibits must be shown to opposing counsel before being offered.

7. <u>Witness List</u>. The parties shall deliver one (1) original and two (2) copies of the witness and exhibit lists, using the forms located on the court's website at *http://www.azd.uscourts.gov/judges/judges-orders*, to the Courtroom Deputy **no later than 48 hours prior to trial.**

8. <u>Information for Court Reporter</u>. To facilitate the creation of an accurate record, please prepare a "Notice to Court Reporter" one week before the Final Pretrial Conference containing the following information:

    a.    Proper names, including those of witnesses.

    b.    Acronyms.

    c.    Geographic locations.

    d.    Technical (including medical) terms, names, or jargon.

    e.    Case names and citations.

    f.    Pronunciation of unusual or difficult words or names.

This notice need not be filed but must be provided via e-mail to Hilda Lopez at hilda_lopez@azd.uscourts.gov. Her contact number is 602-322-7256. Counsel also must advise the court reporter as soon as possible, but no later than two weeks before trial, if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

9. <u>Subpoenas</u>. If any subpoenas were previously issued and served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

10. <u>Courtroom Technology</u>. To facilitate the parties' presentation at trial, the Court will direct the parties to meet with AV Support staff on **June 14, 2023**. Plaintiff's

counsel shall meet with AV Support on the day of the Final Pretrial Conference, on **June 14, 2023, at 10:30 a.m.** in Courtroom 605.  Defendants' counsel shall meet with AV Support immediately following the Final Pretrial Conference, on **June 14, 2023, at 3:00 p.m.** in Courtroom 605.  Should the parties wish to conduct any further testing of courtroom technology and equipment or have related questions, they may contact AV Support at av_support@azd.uscourts.gov or 602-322-7160, no later than one week prior to trial. See details on the Court's website at *http://www.azd.uscourts.gov/judges/judges-orders* at the Electronic/Video Courtroom Equipment Information link.

Defendants shall have reasonable time necessary for effective preparation when taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(A).  The Court therefore finds that the ends of justice outweigh the best interests of the public and the Defendants in a speedy trial.  The Court finds excludable delay under Title 18 U.S.C. §3161(h)(7)(A) through June 20, 2023.

Dated this 16th day of February, 2023.

*(signature)*
Honorable Diane J. Humetewa
United States District Judge

# ATTACHMENT A
# EXHIBIT AND TRIAL MATERIAL INSTRUCTIONS

1. **Exhibits**

    **No later than 48 hours prior to trial**, the parties shall mark and list the trial exhibits and deliver one (1) original and one (1) copy of the trial exhibits to:
    
    Courtroom Deputy: Liliana Figueroa
    Email: *liliana_figueroa@azd.uscourts.gov*
    Telephone: (602) 322-7212

2. **Lists of Witnesses and Exhibits**

    **No later than 48 hours prior to trial**, the parties shall deliver one (1) original and two (2) copies of the witness and exhibit lists, using the forms located on the court's website at *http://www.azd.uscourts.gov/judges/judges-orders*, to:
    
    Courtroom Deputy: Liliana Figueroa
    Email: *liliana_figueroa@azd.uscourts.gov*
    Telephone: (602) 322-7212

3. **Depositions**

    **No later than 48 hours prior to trial**, original transcripts of depositions to be used at trial shall be delivered to:
    
    Courtroom Deputy: Liliana Figueroa
    Email: *liliana_figueroa@azd.uscourts.gov*
    Telephone: (602) 322-7212

    The party offering a deposition or portions thereof shall provide a certified copy of the transcript in accordance with the federal rules. A courtesy copy or portions of the deposition to be used at trial shall be provided to the Judge.