Timothy J. Eckstein, 018321
Joseph Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*

Eric W. Kessler, 009158
KESSLER LAW GROUP
6720 N. Scottsdale Rd., Ste. 210
Scottsdale, Arizona 85253
(480) 644-0093 phone
(480) 644-0095 fax
Eric.KesslerLaw@gmail.com

Bruce S. Feder, 004832
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Ste. 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

*Attorneys for Scott Spear*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | Case No. 2:18-cr-00422-PHX-DJH-2, 3 |
|---|---|
| Plaintiff, | **DEFENDANT LARKIN'S AND DEFENDANT SPEAR'S MOTION TO CONTINUE TRIAL** |
| vs. | |
| James Larkin (2), Scott Spear (3), | |
| Defendants. | |

1

Defendants James Larkin and Scott Spear respectfully request that the Court continue for six months the trial in this matter, which is currently set to begin on June 20, 2023.  The ends of justice require a continuance.  Despite extreme effort and diligence, new counsel for Mr. Larkin and Mr. Spear need additional time to prepare adequately for trial, a highly complex prosecution involving millions of documents, hundreds of witnesses, and novel questions of law.

A continuance is necessary to avoid prejudice to Mr. Larkin's and Mr. Spear's sixth amendment right to counsel.  As set forth below, (1) Defendants have been "diligen[t]" in their efforts to prepare for trial, (2) a continuance will serve a useful purpose; (3) any inconvenience to the Court and other parties is minimal when compared with the challenges Defendants face; and (4) Defendants will "suffer[] harm" and prejudice in the event this motion is denied.  *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985) (finding the district court abused its discretion by denying continuance especially because the Defendant "suffered prejudice as a result of the district court's decision").

Undersigned have consulted with Assistant United States Attorneys Kevin Rapp, Andrew Stone, Peter Kozinets, and Margaret Perlmeter, who oppose continuance.  Defendants Lacey, Brunst, Padilla, and Vaught have no objection to this request.

**I.      The Court Should Continue the Trial Date to Allow New Counsel Sufficient Time to Prepare for Trial.**

*Counsel for James Larkin*.  All of the factors favoring a continuance are met here.  First, counsel for Mr. Larkin have demonstrated extraordinary diligence.  As the Court is aware, this case involves complex, novel legal issues and voluminous facts regarding the 14-year operations of a multinational internet company.  The Government has produced in this matter 178,486 documents, consisting of 4,900,586 pages.  The Government identified in advance of the first trial nearly 2,000 separate trial exhibits.  (Doc. 1313.)

Even that large number is deceptively small as many of the Government's trial exhibits consist of groups of documents, some of which include hundreds of documents. Counsel estimate that the 2,000 trial exhibits contain more than 19,000 documents. If Counsel spent only five minutes reviewing each document, for eight hours a day, it would take approximately 197 days to get through these trial exhibits. *See United States v. Gross*, 424 F. Supp. 3d 800, 803, 807 (C.D. Cal. 2019) (granting nearly four-month continuance to account for, *inter alia*, "voluminous" discovery produced by the government).

In addition to the mountain of documents, the Government also identified 76 witnesses (Doc. 1314) it intended to call at trial. The six Defendants separately identified 1,157 trial exhibits (Doc. 1312). There have been to date 1,525 docket entries, reflecting extensive and complex pre-trial litigation.

Since appearing and receiving the case file, undersigned counsel have been working diligently to prepare for trial. Indeed, counsel have made every effort to avoid filing this motion. Counsel have devoted essentially full-time efforts to this case. Simply reviewing the proposed trial exhibits and witness statements is a monumental undertaking. It has become increasingly clear to counsel that we cannot be adequately prepared by June 20, given the sheer volume of documents, exhibits, witnesses, and complex legal issues requiring extensive time to analyze.

Second, a continuance will serve the useful purpose of allowing counsel to prepare to meet our ethical and professional obligation to provide competent representation, *Strickland v. Washington*, 466 U.S. 668 (1984). Given the complexity of the issues in this case, counsel require additional time to identify relevant documents, locate potential witnesses, and retain expert witnesses. *See United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) (finding the trial court abused its discretion by failing to grant continuance because defendant "probably could have obtained an expert to assist him if he had been given more time").

Third, potential inconvenience to the Court and the government does not outweigh Defendants' need for a continuance. Counsel is aware of the difficulties of scheduling a trial of this length for all parties and strives to minimize inconvenience. As a result, Defendants seek a continuance now, well before the scheduled trial date, to allow all parties to adjust their schedules. *Cf. United States v. Brandenfels*, 522 F.2d 1259, 1262–63 (9th Cir. 1975) (trial court properly denied motion to continue made "fairly late in the proceedings," less than one month before the start of trial and renewed on morning of trial).

Finally, Mr. Larkin faces severe prejudice if the Court does not grant a continuance. "[W]hether Defendant will be prejudiced by the denial of a continuance is the most important factor to consider." *Gross*, 424 F. Supp. 3d at 807. "[T]he focus of [the] prejudice inquiry is the extent to which the aggrieved party's right to present his defense [may be] affected." *United States v. Kloehn*, 620 F.3d 1122, 1128 (9th Cir. 2010) (internal quotation marks and citation omitted). If not granted a continuance, counsel will be unable to review all the evidence produced, consult with or hire expert witnesses, and adequately prepare for trial of this length and complexity. Mr. Larkin's prior counsel appeared in this case in May 2018 (Doc. 138) and were counsel of record until December 15, 2022 (Doc. 1511). They, along with counsel for the Government and for the other five defendants, worked on this case for at least 40 months prior to the September 2021 trial. Undersigned counsel appeared in this matter on December 13, 2022 (Doc. 1509). On January 17, 2023, counsel filed a status report indicating that they had received from Mr. Larkin's prior counsel all disclosures made by the Government (Doc. 1521). Mr. Larkin will face substantial prejudice if undersigned counsel are unable to satisfy the ethical and professional obligations and to provide adequate representation so as to comply with *Strickland*, 466 U.S. 668.

*Counsel for Scott Spear.* CJA Panelist Eric W. Kessler was appointed for Mr. Spear on January 13, 2023. Mr. Kessler immediately contacted AUSA Kevin Rapp to request full disclosure from the government. Although the Government has been working to disclose the voluminous material to Mr. Kessler, the disclosure only started to come to Mr. Kessler in pieces as of March 1, 2023, and will not be complete until later this week. This delay, especially in the context of this case, makes it unreasonable for Mr. Kessler to be fully prepared for a June 2023 trial.

When counsel agreed to take this case, he was aware of the June 20, 2023, trial date and was informed that the case was "labor intensive." Mr. Kessler was not aware that nearly 5,000,000 documents/pages have been disclosed, much less the number of trial exhibits, recordings, witnesses and experts that are involved.

In addition, Mr. Kessler has set for a firm trial date at the beginning of May a double homicide in Maricopa County Superior Court. That trial may last two weeks.

Even if Mr. Kessler worked full time every day to the exclusion of all other matters, he could not be adequately prepared for a June 2023 trial date. Mr. Kessler believes that he would be ineffective under these circumstances.

**II.     The Court Should Continue the Trial Date for Six Months.**

Under these circumstances, it is evident that this case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, [and] the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" within existing time limits. 18 U.S.C. § 3161(h)(7)(B)(ii).

Undersigned counsel believe a six-month continuance of the trial date is appropriate. Counsel have at this point become sufficiently familiar with the legal issues, discovery, likely exhibits, and witnesses to say with confidence that they will be prepared to try the case on or after December 18, 2023.

Defendants Larkin and Spear therefore move the Court to continue for six months the June 20, 2023, trial date, as well as concomitant extensions of the related deadlines for the Joint Pretrial Memorandum, Notice of Intent, Motions in Limine, Case Related Documents, Exhibits, Witnesses Lists, Subpoenas, Courtroom Technology and Final Pretrial Conference previously ordered by the Court (Doc. 1524).

It is expected that excludable delay under 18 U.S.C. § 3161(h)(7)(A) will occur as a result of this motion or of an order based thereon.

DATED this 9th day of March, 2023.

OSBORN MALEDON, P.A.

By /s/ Timothy J. Eckstein
   Timothy J. Eckstein
   Joseph Roth
   Sarah P. Lawson
   2929 North Central, 20th Floor
   Phoenix, Arizona 85012-2794

*Attorneys for James Larkin*

KESSLER LAW GROUP

By /s/ Eric W. Kessler (with permission)
   Eric W. Kessler
   6720 N. Scottsdale Rd., Ste. 210
   Scottsdale, Arizona 85253

FEDER LAW OFFICE, PA

By /s/ Bruce S. Feder (with permission)
   Bruce S. Feder
   2930 E. Camelback Rd., Ste. 160
   Phoenix, Arizona 85016

*Attorneys for Scott Spear*