Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gkp@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANT JOHN BRUNST'S STATEMENT RE: SEVERANCE AND CONTINUANCE** |
| vs. | |
| Michael Lacey, et al., | Assigned to Hon. Diane J. Humetewa |
| Defendants. | Trial Date:       June 20, 2023 |

3856471.1

1    Pursuant to the Court's March 9, 2023 Order (Dkt. 1527), Defendant John Brunst provides the Court with his position regarding the potential severance of Defendants Lacey and Larkin for separate trial in light of the continuance motion filed by co-defendants Larkin and Spear.  If the Court is considering a severance, the following reasoning favors severing Mr. Brunst from the first trial.

Mr. Brunst played no role with respect to the Superseding Indictment's 50 Travel Act counts.  Indeed, Mr. Brunst was not even named in these counts, or the conspiracy count, in the original indictment. There is no evidence of his committing any of the acts alleged in the Travel Act counts, *e.g.*, ad moderation, aggregation, etc.  In the Superseding Indictment, he was added to these counts presumably under a *Pinkerton* theory of liability. The only government witness who attempts to tie Mr. Brunst into a conspiracy is Carl Ferrer, who generally notes that Mr. Brunst was present at certain meetings regarding Backpage and copied on some emails in which business strategy was discussed.

The government's money laundering case against Mr. Brunst focuses mainly on duties he performed as CFO of the company (Medalist Holdings, Inc.) that lent money to Backpage as part of a 2015 seller-financed sale of Backpage to Carl Ferrer.  While the government has a different view of this transaction, this aspect of the case should take up a relatively short amount of time at trial and will largely be addressed through a money flow summary witness.  As such, it is unfair and unnecessarily expensive for Mr. Brunst and his counsel to have to sit through a three-month trial.  If a first trial results in dismissals or acquittals, it likely will obviate a second trial of others.  Even if a first trial results in wrongful convictions, a second trial would likely be much shorter.

| | |
|---|---|
| 1   DATED: March 17, 2023 | Respectfully submitted, |
| 2 | |
| 3 | Gary S. Lincenberg<br>Ariel A. Neuman |
| 4 | Gopi K. Panchapakesan<br>Bird, Marella, Boxer, Wolpert, Nessim, |
| 5 | Drooks, Lincenberg & Rhow, P.C. |

By: _____ */s/ Gary S. Lincenberg* _____
         Gary S. Lincenberg
   Attorneys for Defendant John Brunst

3856471.1

3

DEFENDANT JED BRUNST'S STATEMENT RE SEVERANCE