**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 480-656-3919
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　Plaintiff,<br><br>　　v.<br><br>Joye Vaught,<br>　　　Defendant. | CR-2018-0422-SMB<br><br>**RESPONSE TO THE COURT'S MARCH 9, 2023 ORDER** |

NOW COMES the Defendant, Joye Vaught, by and through her counsel of record, Joy Bertrand, to respond to this Court's March 9, 2023 Order. As further grounds therefore, the Defendant submits the following:

The Court instructed the Defendants to respond to its suggestion that Defendants Larkin and Lacey be severed from their remaining codefendants, in the interest of judicial economy and the Defendants' interests. By this Response, Ms. Vaught notifies the Court that she does not object to the Court's suggestion and submits argument in support of severance.

## RELEVANT PROCEDURAL BACKGROUND

Ms. Vaught moved the Court to sever her from her codefendants in the fall of 2019.[1] In that motion, Ms. Vaught noted that she had no role in creating Backpage's posting policies.[2] She had no power to change Backpage policies.[3] She reaped none of Backpage's profits.[4]

The Court denied Ms. Vaught's Motion to Sever on February 10, 2020.[5] Ms. Vaught proceeded to trial with her codefendants on September 1, 2021.[6]

Ms. Vaught renews the arguments in support of severance that she made in her original severance motion and her reply[7] in support of it.

Nothing in the record since the Court's denial of Ms. Vaught's severance motion has improved, in terms of the Government's proof. To date, the Government has not proffered a single piece of evidence that shows Ms. Vaught had actual knowledge of the fifty Backpage ads, upon which the Government

---

[1] ECF Doc. 784.

[2] *Id*. at 2

[3] *Id*.

[4] *Id*.

[5] ECF Doc. 878.

[6] ECF Doc. 1265.

[7] ECF Doc. 1341 at 24.

uses as the basis for Counts 2-52 of the Superseding Indictment. Ms. Vaught is not implicated in the money laundering counts of the Superseding Indictment and the evidence shows that Ms. Vaught received none of Backpage's profits.

To allow Lacey and Larkin to proceed to trial would resolve issues that could easily leave the Government with no choice, but to dismiss Ms. Vaught from this case altogether in two ways.

First, if the jury acquits Defendants Lacey and Larkin on Count One – the conspiracy count, then the question of the existence of a conspiracy to violate the Travel Act is resolved. If the Government cannot prove a conspiracy, then it cannot prove that Ms. Vaught knowingly joined the conspiracy.

Second, it appears that the Government continues to pursue its "general notice" theory of liability for Counts 2-51. That theory can be distilled to:

> Backpage was on notice that ads for prostitution were being posted in its adult section, so the owners and employees of Backpage knew that these fifty distinct ads were for prostitution. Because these owners and employees of Backpage knew that some prostitution ads were being placed somewhere, they each are responsible for the running of these ads, to the extent that the Government can prove that these ads are for conduct that would violate the prostitution laws in the jurisdiction in which they were run.

This deeply flawed theory of criminal liability should fail against Backpage's former owner. If the Government cannot prove that the former owners could not have had the requisite knowledge for each of these ads, then a

relatively low-level employee such as Ms. Vaught also cannot be held criminally responsible for the running of these ads.

In terms of judicial economy, it makes sense to try the upper-level Defendants in this matter first. That trial likely will be significantly shorter than one that must also address the liability of the lower-level Defendants. If the Government cannot meet its burden for Defendants Lacey and Larkin, then certainly cannot meet its burden for Ms. Vaught.

For the foregoing reasons, the Defendant respectfully asks this Court to sever her from her codefendants.

RESPECTFULLY SUBMITTED on March 15, 2023.

s/Joy Bertrand  
Joy Bertrand  
Attorney for Defendant

## CERTIFICATE OF SERVICE

On March 17, 2023, I, Joy Bertrand, attorney for the Defendant, Joye Vaught, filed the Defendant's Motion to Sever with the Arizona District Court's electronic filing system.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this Seventeenth day of March, 2023.


s/Joy Bertrand
Joy Bertrand
Attorney for Defendant
