Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND INADMISSIBLE EVIDENCE RE MERSEY AND ELMS**[1] |
| vs. | |
| Michael Lacey, *et al.,* | |
| Defendants. | (Oral Argument Requested) |

---

[1] Undersigned counsel certifies that they have conferred with the government in an effort to resolve the disputed evidentiary issues that are the subject of this motion.

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Defendant Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona 85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Defendant Joye Vaught*

Defendants move in limine for an order precluding testimony, statements, or evidence related to William "Dollar Bill" Mersey and David Elms.

**Proposed Order.**  Evidence relating to Mersey and Elms is precluded as not relevant to any of the fifty charged ads in the indictment.  Even if it had some relevance, it would be substantially outweighed by the danger of unfair prejudice.  Further, statements from Mersey and Elms are not admissible as statements of co-conspirators under Rule 801(d)(2)(E).

**Background.**  Defendants are charged in Count 1 with participating in a conspiracy to violate the Travel Act by facilitating prostitution. As the Court previously ruled, Defendants are not charged with a "boundless conspiracy to facilitate prostitution in general," but "for facilitating (via publishing ads) **on fifty distinct occasions** where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution."  Doc. 946 at 13 (emphasis added).  As such, evidence may be relevant if it tends to make more likely Defendants' intentional facilitation of "fifty distinct" state law prostitution offenses or a conspiracy to facilitate those fifty offenses.  Evidence disconnected from those "fifty distinct occasions" is relevant neither to the Travel Act counts, nor can it be admitted under the co-conspirator hearsay exception.  Rule 801(d)(2)(E).

David Elms, the founder of the Erotic Review ("TER"), oversaw TER's reciprocal link business relationship with Backpage in 2008 and 2009.  Gov't Trial Ex. 568, Gov't Trial Ex. 577.  Elms pled guilty to conspiracy to commit aggravated assault in 2010 and was sentenced to 4.5 years in prison.  Gov't Trial Ex. 591, attached as Ex. A.  William Mersey placed a large number of advertisements on Backpage.com from 2008 until 2012, when Backpage.com terminated Mersey's account.  Gov't Trial Ex. 555; Gov't Trial Ex. 739, attached as Ex. B.  Four years later, in 2016, the government charged Mersey with three counts of willfully filing a false tax return under 26 U.S.C. § 7206(1); Mersey pled guilty later that year to one of the tax fraud counts.  Gov't Trial Ex. 786.

4

Before trial, the government moved in limine to admit statements of Elms and Mersey under the co-conspirator hearsay exception, Rule 801(d)(2)(E). Doc. 929. Lacking "the content of the specific statements" the Court rejected the government's request, deferring until trial whether any individual statement was subject to the co-conspirator exception. Doc. 1162 at 3. Defendants now move to preclude the admission of any statements or evidence connected with Elms or Mersey, as (1) neither Elms nor Mersey have any connection to the fifty charged ads, (2) there is no evidence of any conspiracy involving Elms, Mersey, and Defendants relating to the fifty charged ads, and (3) the unfair prejudice to Defendants would outweigh whatever minimal relevance there could be to the admission of any evidence concerning Elms or Mersey.

**There is no Relevance to Any Evidence Concerning Mersey or Elms.** No evidence ties Elms or Mersey to any of the fifty charged ads charged or to a conspiracy related to the publication of those ads. Indeed, Backpage terminated its relationship with Elms in 2009 and Mersey in 2012, while the earliest charged ad was posted in September 2013. (SI ¶ 201, Count 2.) Any statement from or evidence relating to Elms or Mersey would be of no "consequence in determining the action," nor would it make any fact relating to the fifty charged ads (or a related conspiracy) "more or less probable." Fed. R. Evid. 401.

**There is no Evidence of Conspiracy Between Mersey, Elms, and Defendants.** To admit the statements of co-conspirators, the government must establish preliminarily that the accused knew of and participated in a conspiracy "with the putative co-conspirator." *U.S. v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994). The conspiracy alleged in the indictment relates to the publication of the fifty charged ads and the indictment has no allegations of any conspiracy involving Mersey, Elms, and Defendants.

The Court correctly held that the conspiracy alleged is bound by the charged ads—"fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution," lest it be a "boundless conspiracy to facilitate prostitution in general . . . ." Doc. 946 at 13. Were the conspiracy not so limited,

5

it would be boundless, running from 2004 to 2018, and including every Backpage employee, most every person who posted an adult ad, and the third parties with whom Backpage did business over that time, given the government's claim that it was "general knowledge" that most adult ads were associated with prostitution. The indictment does not allege such a conspiracy, nor could it without violating basic principles of due process and the Double Jeopardy clause.[2]

**The Minimal Probative Value is Substantially Outweighed by Unfair Prejudice.** The only seeming probative value of evidence or statements related to Elms or Mersey is that of notice that third parties alleged that Elms and Mersey were involved in prostitution. As noted above, that is not relevant to the single conspiracy charged. Moreover, the government presumably has other witnesses and evidence through which it will attempt to prove notice as it related to the charged ads (as Elms and Mersey are strangers to those ads), rendering evidence about notice as to Elms and Mersey cumulative. Fed. R. Evid. 403. Further, the admission of evidence or statements about business relationships that Backpage terminated well before the publication of the first charged ad or about criminal convictions long after Backpage terminated its relationships with Elms and Mersey and unrelated to ads on Backpage would be highly prejudicial, inviting the jury to make its decision on "an improper basis, [namely] an emotional one." *U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998); Fed. R. Evid. 403.

---

[2] Such a boundless conspiracy also would be a classic hub and spoke conspiracy lacking a rim, which the Supreme Court held impermissible in *Kotteakos v. United States*, 328 U.S. 750, 754–55 (1946) ("the pattern was 'that of separate spokes meeting at a common center,' though we may add without the rim of the wheel to enclose the spokes"). *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002) ("A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common defendant's involvement in each transaction….In *Kotteakos*, the Supreme Court made clear that a rimless wheel conspiracy is not a single, general conspiracy but instead amounts to multiple conspiracies between the common defendant and each of the other defendants.").

6

**Conclusion.** The Court should exclude as irrelevant, improper hearsay, and unduly prejudicial any evidence related to, or statements made by, Elms or Mersey. Doc. 946 at 13.

DATED this 8th day of June, 2023.

**OSBORN MALEDON, P.A.**

By     s/ Joseph N. Roth
           Timothy J. Eckstein
           Joseph N. Roth
           Sarah P. Lawson
           2929 North Central, 20th Floor
           Phoenix, Arizona  85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By     s/ Paul J. Cambria, Jr. (w/permission)
           Paul J. Cambria, Jr. (*pro hac vice*)
           Erin E. McCampbell (*pro hac vice*)
           42 Delaware Avenue, Suite 120
           Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By     s/ Bruce S. Feder (w/permission)
           Bruce S. Feder
           2930 E. Camelback Road, Suite 160
           Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By     s/ Eric W. Kessler (w/permission)
           Eric W. Kessler
           6720 N. Scottsdale Rd., Suite 210
           Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By   s/ Gary S. Lincenberg (w/permission)
     Gary S. Lincenberg
     Gopi K. Panchapakesan
     Ariel A. Neuman
     1875 Century Park E., Suite 2300
     Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By   s/ David S. Eisenberg (w/permission)
     David S. Eisenberg
     3550 N. Central Ave., Ste. 1155
     Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By   s/ Joy M. Bertrand (w/permission)
     Joy M. Bertrand
     P.O. Box 2734
     Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*