GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCES TO SECTION 230 OF THE COMMUNICATIONS DECENCY ACT** |

The United States moves *in limine* to preclude Defendants' counsel, Defendants, and their witnesses from introducing evidence or argument at trial about Section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230 (Section 230 or the CDA), including that Defendants' actions were protected or immunized by Section 230.[1] Courts have construed Section 230 to provide immunity from *civil* claims for websites that publish content created by third parties. (*See* Doc. 649 at 21-22 (citing cases).) It does not apply to the federal criminal prosecutions of Backpage.com, LLC (Backpage) and its operators, including Defendants. *United States v. Lacey*, 423 F. Supp. 3d 748, 760 (D. Ariz. 2019) ("This case, however, does not concern civil liability, and the CDA has 'no effect' on 'any other Federal criminal statute.'") (quoting 47 U.S.C. § 230(e)(1)); Doc. 840 at 7 (denying "Motion to Dismiss Indictment Based on Section 230 of the Communications Decency Act"). These rulings are law of the case. *See* Doc. 1524 at 4 n.2.

Yet, in their September 8, 2021 opening statements, counsel repeatedly referred to Section 230, telling the jury that "Section 230 . . . gives immunity to website hosts like Backpage." (Doc. 1342 at 56:12-13, Bienert; *see also id.* at 56:19-20 ("this is legal under the First Amendment and Section 230"), 59:1-2 (the court ruled that a Tennessee state law "is preempted, both by this statute Section 230, and it also likely violates the First Amendment"), 61:1-2 ("these are legal practices and it stays that way unless Congress changes it"), 61:14-17, 61:18-21 ("Congress did not sound an uncertain trumpet when it enacted this act that involved Section 230, and it chose to give broad protection to internet publishers," and the proper remedy for plaintiffs "is through legislation not litigation"); 75:20-76:8 (referring to choice made by "Congress"); Doc. 1343 at 16:22-17:2 ("these attorneys who had preceded me have made a great point about what it means to be able to publish in accordance with First Amendment and Section 230 of the statute that was quoted quite thoroughly by counsel. [Defendants] had the right to do this.").)

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible, Fed. R. Evid. 402, and even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403.

Section 230 is not relevant: It does not apply to this federal criminal prosecution. (Doc. 840 at 7). It is merely a safe harbor for providers to avoid civil liability, which Backpage or its owners effectively used in multiple cases for several years around the country. *See*, *e.g.*, *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016) ("Congress made pellucid that it sought to ensure vigorous enforcement of Federal criminal laws to deter and punish illicit activities online," while providing civil tort immunity); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 233-34 (7th Cir. 2015) ("[Under] section 230(c), 'an intermediary . . . normally is indifferent to the content of what it transmits[.'] Sounds like our case."); *Doe ex rel. Roe v. Backpage.com, LLC*, 104 F. Supp. 3d 149, 165 (D. Mass. 2015) ("this court has no choice but to adhere to the law that Congress has seen fit to enact"); *M.A. v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1058 (E.D. Mo. 2011) ("Congress has declared such websites" immune in civil cases).

But this is a federal criminal prosecution, and thus Section 230 provides none of the immunity that it provided in the civil cases discussed at the first trial. If this Court has already ruled that Section 230 does not preclude this prosecution, it should similarly conclude that Section 230 cannot be argued to the jury. Defendants should be precluded from referencing the CDA because Section 230 itself expressly declares that it does not apply to federal criminal prosecutions. 47 U.S.C. § 230(e)(1) ("Nothing in this section shall be construed to impair the enforcement of . . . any other Federal criminal statute.").

Further, this Court should preclude references to Section 230 because any probative value it may have would be substantially outweighed by risks of misleading the jury, confusing the issues, and wasting time. Fed. R. Evid. 403. Section 230 has been widely

discussed by public officials and the media, and there is a real chance that the jury has some familiarity with "Section 230" and what they believe it means. Allowing Defendants to reference Section 230 poses a serious risk of misleading the jury about whether the statute protects Defendants here. Further, referring to Section 230 would risk confusing the issues, because it might reasonably lead jurors to believe that the CDA has some bearing on whether Defendants committed the crimes charged beyond a reasonable doubt. Finally, permitting references to Section 230 would risk wasting time, because the United States would be forced to spend time explaining to the jury why Section 230 has no bearing on this federal criminal case.

If Defendants are permitted to make Section 230 arguments at trial, they will essentially be arguing for nullification—which is not allowed. Nullification asks jurors to violate their oath to return a verdict based solely on the evidence and the court's instructions, and acquit for improper reasons like sympathy, bias, prejudice, or disagreement with the law. It "is 'a violation of a juror's sworn duty to follow the law as instructed by the court,' and 'trial courts have the duty to forestall or prevent' it, including 'by firm instruction or admonition.'" *United States v. Lewis*, 2023 WL 1990544, at *2 (9th Cir. Feb. 14, 2023) (citation omitted).

While a jury may nullify, Defendants do not have a right to argue for nullification. Rather than wait for counsel to make these arguments at a second trial (as they did before), this Court should preclude them at the outset. *Cf. United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (court properly instructed jury to disregard jury nullification arguments); *United States v. Sturgis,* 578 F.2d 1296, 1300 (9th Cir.1978) (a judge should "interfere with an attorney's closing argument when it is 'legally wrong'" or "unduly inflammatory"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (the court "may block defense attorneys' attempts to serenade a jury with the siren song of nullification").

## Conclusion

This Court should preclude Defendants' counsel, Defendants, and their witnesses from referring to Section 230 or the CDA at any time in front of the jury.

Respectfully submitted this 8th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office