GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCES TO COURT DECISIONS, RULINGS, OPINIONS, OR RESULTS FROM PRIOR LITIGATION FILED BY OR AGAINST BACKPAGE.COM, LLC OR ITS OWNER(S)** |

The United States moves *in limine* to preclude all counsel, parties, and witnesses from referring in the jury's presence to the decisions, rulings, or opinions issued in, or the outcomes of, any prior litigation in which Backpage.com, LLC (Backpage) or any of its then-owners or parent companies was a plaintiff or defendant. During their opening statements on September 8, 2021, defense counsel discussed six such cases. None involved the conspiracy, Travel Act, and money laundering violations charged here. Rather, they concerned other statutes, including Section 230 of the Communications Decency Act, 47 U.S.C. § 230 (Section 230). Nearly all were litigated before Backpage's compelled disclosure of hundreds of thousands of internal documents, which caused a sea-change in the availability of evidence about the website. And all predated the guilty pleas of Backpage and several related entities, its CEO, and its Sales and Marketing Director. The Court should preclude discussion of these decisions under Fed. R. Evid. 401-403 and 802.[1]

**Factual Background**

On September 8, 2021, Defendant Larkin's then-attorney declared in his opening statement: "They [Defendants] went to court to make sure that courts agreed that they were acting legally. Every single year from 2011 through 2016 my client and the others at Backpage had at least one court look at an actual case involving Backpage, and the kind of pictures that the government is showing you here, and say this is protected activity, this is legal, and throw the case out." (Doc. 1342 at 54:24 -55:5). Larkin's counsel then spent over nine transcript pages—and showed corresponding exhibits—discussing several judicial decisions in which Backpage successfully avoided accountability under Section 230 and other grounds not involved here. Other attorneys referenced those decisions. (*See* Doc. 1342 at 86:5-9 (Defendant Spear's attorney discussing "those cases that Mr. Bienert showed you"); *see also* Doc. 1342 at 93:19-94:16; Doc. 1343 at 33:24-34:3 (Defendant Lacey's attorney: "You saw today Mr. Bienert referenced a number of court decisions that

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

- 1 -

you'll hear about[.]").)[2]

Defendants failed to mention that they had misled courts across the United States in these cases. (*See, e.g.*, Doc. 649, Resp. at 21-26.) Not only did many of the cases involve challenges to state laws not at issue here, but they all relied on the broad immunity of Section 230—which does not apply at all in this federal criminal proceeding, as this Court has recognized. *Compare* n.2 *with United States v. Lacey*, 423 F. Supp. 3d 748, 760 (D. Ariz. 2019) and Doc. 840 at 7. Moreover, the cases were all premised on the notion that Backpage was merely a passive "intermediary between the advertisers of adult services and visitors to Backpage's website." *Backpage.com LLC v. Dart*, 807 F.3d 229, 233-34 (7th Cir. 2015). Yet, after these cases were decided, Backpage disclosed evidence in response to U.S. Senate and grand jury subpoena that belied this premise. (Doc. 649, Resp. at 22-24.) Backpage and its CEO then pleaded guilty in 2018 and admitted that the "great majority" of Backpage's revenue-generating ads were "for prostitution services." (18-CR-464, Doc. 7-2 at 12-13; 18-CR-465, Doc. 8-2 at 11; *see* Doc. 271 at 9-10.) Following these developments, the Northern District of Illinois dismissed *Dart* and imposed $250,000 in sanctions on Backpage for perpetuating a fraud on the court. (*See* Doc. 516-1 at 2-9.)

During the prior trial, the Court wanted to address "the admissibility of all these other cases" (Doc. 1343 at 103:3-5), and had "issues with the way some of those rulings were portrayed." (Doc. 1343 at 103:25-104:1.) The Court observed that cases discussing Section 230—*i.e.*, all of the cases referenced in the defense openings—are "misleading" and "not applicable" here. (Doc. 1334 at 12:25, 13:9.)

---

[2] *See* Doc. 1342 at 55:6-63:18, 70:4-9, 75:17-76:8, referencing these Section 230 cases: *M.A. v. Village Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1047-59 (E.D. Mo. 2011); *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1271-75 (W.D. Wash. 2012); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805, 821-28 (M.D. Tenn. 2013); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097, at *5-7(D.N.J. Aug. 20, 2013), *Doe ex rel. Roe v. Backpage.com, LLC*, 104 F. Supp. 3d 149, 155-65 (D. Mass. 2015), *aff'd sub nom. Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 18-24, 29 (1st Cir. 2016); *Backpage.com LLC v. Dart*, 807 F.3d 229, 233-34 (7th Cir. 2015).

**Argument**

The judicial decisions referenced in the defense openings all involved Section 230 and far less information about Backpage than is currently known. (*See supra* at 2 and n.2.) The decisions are "not applicable" to this case, as this Court has already found. (*See id.* at 2.) Accordingly, they should be excluded as irrelevant under Rule 401-402.

They also should be excluded under Rule 403. Discussing these decisions will create serious risks of confusing the issues, misleading the jury, and wasting time. The United States would have to explain that these cases involved different statutes, standards, parties, and facts. It would have to spend time articulating how numerous exhibits in this case were unknown to opposing litigants in earlier cases, and thus how the outcomes in those cases involved Backpage's lack of transparency. This trial would devolve into a series of mini trials about those earlier cases. In addition, the United States faces the substantial, highly prejudicial risk that jurors could misconstrue these prior decisions as probative, or conclude that they should reach the same or similar results. *See Engquist v. Oregon Dept. of Agric.*, 478 F.3d 985, 1009-10 (9th Cir. 2007) ("[M]ost courts forbid the mention of [related] verdicts" because "[a] jury is likely to give" them "more weight" than warranted); *States. v. Kealoha*, 2019 WL 2620004, at *5-6 (D. Haw. June 26, 2019) (same); *Marez v. Bassett*, 2011 WL 13213813, at *3 (C.D. Cal. Oct. 3, 2011) (barring discussion of results of related lawsuits because they "would likely . . . unduly sway[ ]" jurors and "give rise to time-consuming tangents" about the other cases' merits).

Moreover, because the court instructs on the law, Defendants should be precluded from arguing legal authority to the jury at any stage of the trial. And, the cited decisions are inadmissible hearsay under Rule 802 and are not subject to admission under Rule 803(22)—which only applies to prior criminal judgments.

**Conclusion**

The Court should preclude all counsel, parties, and witnesses from referring at trial to the decisions, rulings, or opinions issued in, or the outcomes of, any prior litigation in which Backpage or any of its then-owners or parent companies was a plaintiff or defendant.

Respectfully submitted this 8th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office