GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE RE MERSEY AND ELMS** |
| Michael Lacey, et al., | **(Doc. 1593)** |
| Defendants. | |

The Court should deny Defendants' motion to preclude evidence relating to unindicted co-conspirators David Elms and William "Dollar Bill" Mersey, including statements made by them. Elms and Mersey affirmatively furthered the charged conspiracy—which lasted from 2004 through April 2018—and their statements are thus admissible pursuant to Fed. R. Evid. 801(d)(2)(E). (*See* Doc. 230, ¶196; Doc. 929 at 7-10.)

## Argument

**1.     Relevance**. The court previously denied the United States' motion to admit communications with Elms and Mersey, finding "the Court cannot in any way determine the veracity of the claim that the communications further the conspiracy without determining the content of the specific statements, and whether they were made in a context that furthered the conspiracy." (Doc. 1162 at 3.) But here, Defendants take issue with the timing of the communications, arguing that "evidence disconnected from those 'fifty distinct occasions' [on which Defendants published the ads described in the SI's Counts 2-51] is relevant neither to the Travel Act counts, nor can it be admitted under the co-conspirator hearsay exception." (Doc. 1593 at 4.) This argument has no basis in fact or law.

(1) Doc. 946 supports a broader concept of relevance and admissibility regarding the counts (*see, e.g.,* Doc. 946 at 13 ("The [SI's] 92 detailed pages of allegations directly bearing on Defendants' Travel Act violations surely place them on notice of their association with individuals and groups engaged in the business of prostitution."); Doc. 946 at 13-14 (explaining that Defendants' publication of the 50 ads identified in Counts 2-51 were part and parcel of "a continuous course of conduct where Defendants facilitated 'unlawful activity…'")

(2) in denying Defendants' written mistrial motion, filed after the United States' opening statement, the Court rejected the same argument that (based on a single, out-of-context, quote from Doc. 946 at 13) all non-charged ads, all non-charged victims, and all other evidence not directly relating to the 50 ads are irrelevant or otherwise inadmissible. (*See* Doc. 1272 at 1-3; Doc. 1275 at 1-11; Doc. 1342 at 7 and 9; Doc. 1603; *see also U. S. v. Fuchs,* 218 F.3d 957, 961 (9th Cir. 2000) ("In order for the conspiracy to have occurred

during the statute of limitations period, only one overt act in furtherance of the conspiracy must have occurred during that period.")

      **a.**    **Backpage's Reciprocal Link Agreement with The Erotic Review (TER).**

The SI details Backpage's reciprocal link relationship with TER, and the critical role that relationship played in Backpage's development as a source of online prostitution ads. (SI ¶¶45-58.) Ferrer is expected to testify that he met TER's founder, Elms, in person (with Defendant Spear's knowledge and approval) to further a profitable business relationship. Ferrer also had numerous email exchanges with Elms that discussed compensation, efforts to disguise their relationship, and how to increase referral traffic, among other things.[1] In 2009, Elms was arrested for his involvement with an escort service known as Desert Divas. (*See* Ex. A; Trial Ex. 573.) Larkin alerted Spear and Ferrer to the story about three months after Elm's arrest. (*See* Ex. A; Trial Ex. 28.)

The United States anticipates that the trial testimony will show that, although Defendant Padilla sent an email to Backpage staff instructing them to remove TER references from postings in 2011, Backpage continued to publish review identification numbers that "Johns" could use to look-up TER reviews of prostitutes. (*See* Doc. 1591, Ex. A.)[2] As further evidence that Backpage continued to allow TER identifiers in Backpage's ads, a reporter raised the issue with Backpage in 2016. (*See* Ex. A, Trial Ex. 836.)

      **b.**    **Backpage's Affiliate Partnership with William "Dollar Bill" Mersey.**

The SI also details Backpage's relationship with "super affiliate" Mersey. (SI ¶¶59-67). Mersey received discounts and commissions on thousands of Backpage prostitution ads. (SI ¶¶59-67.) Larkin directed Ferrer to develop partners, including Mersey, for Backpage's adult section. In a 2009 email from Mersey to Ferrer, Mersey boasts that he has "forwarded millions of dollars to Village Voice" in the last 10 years. (*See* Ex. B, Trial

---

[1] (*See* Ex. A, Trial Exs. 19, 20, 28, 558-560, 564, 564(a), 567, 567(a), 568, 570, 571, 573, 575, 575(a), 647a-e, 837, 1154, 1172, 1946, 1946a, and 1946b.)

[2] Defendant Padilla concluded his email by directing staff with questions "to contact him or [Defendant] Joye [Vaught]." (*See* Doc. 1591, Ex. A.)

- 2 -

Ex. 582.) He exchanged numerous emails with Ferrer that discussed compensation, his placement of ads, and complaints about the removal of "his" postings.[3] The relationship with Mersey was terminated in 2012, but only after Backpage received a subpoena from the IRS.[4]

        **c.**      **Evidence concerning Elms and Mersey is relevant to the charged offenses under Fed. R. Evid. 401-402**. This evidence, at a minimum, shows that Defendants knew that their website was in the business of publishing prostitution solicitations. *See U. S. v. Lacey*, 423 F. Supp. 3d 748, 760-61 (D. Ariz. 2019) (discussing how these prostitution marketing strategies demonstrated Defendants' intentional operation of Backpage as a prostitution-advertising website). Importantly, it shows that Defendants intended to facilitate their customers' prostitution businesses by working with websites like TER and advertisers like Mersey.

**2.**      **The Conspiracy Between Defendants, Elms, and Mersey.** This Court has ruled that it requires proof that the emails furthered the conspiracy before allowing their admission. (Doc. 1212 at 3-5.) While it cannot rely solely on the coconspirator statements themselves, *U. S. v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994), Ferrer is expected to testify about the context and circumstances surrounding these emails. He will explain how Elms and Mersey were critical to prostitution marketing strategies during the early years of the conspiracy (2004-2012). (*See also* SI ¶¶9, 34, 45-67.) Last, the United States anticipates that the proof at trial will show that Elms and Mersey were participants in a "chain"-type conspiracy. (*Cf.* Mot. at 6 and n.2.)

        In sum, the communications were made in furtherance of the conspiracy by co-conspirators who had a vested interest in the success of the conspiracy. The emails should be admitted under Rule 801(d)(2)(E) and Defendants' motion should be denied.

---

[3] (*See* Ex. B, Trial Exs. 34, 36, 39, 39(a), 41, 42, 42(a), 582, 738, 739.)

[4] (*See* Ex. B; Trial Exs. 738, 739.)

Respectfully submitted this 15th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Kevin M. Rapp
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office