1   Timothy J. Eckstein, 018321
       teckstein@omlaw.com
2   Joseph Roth, 025725
       jroth@omlaw.com
3   Sarah P. Lawson, 036436
       slawson@omlaw.com
4   OSBORN MALEDON, P.A.
    2929 North Central Avenue, 20th Floor
5   Phoenix, AZ  85012-2793
    Telephone: (602) 640-9000
6   Facsimile:  (602) 640-9050

7   Attorneys for Defendant James Larkin

8   Gary S. Lincenberg (admitted pro hac vice)
       glincenberg@birdmarella.com
9   Ariel A. Neuman (admitted pro hac vice)
       aneuman@birdmarella.com
10  Gopi K. Panchapakesan (admitted pro hac vice)
       gpanchapakesan@birdmarella.com
11  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
12  1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
13  Telephone: (310) 201-2100
    Facsimile: (310) 201-2110

14
15  Attorneys for Defendant John Brunst

    [Additional counsel listed on next page]
16

17              **UNITED STATES DISTRICT COURT**

18             **FOR THE DISTRICT OF ARIZONA**

19

20   United States of America,              CASE NO. 2:18-cr-00422-004-PHX-DJH

21            Plaintiff,                     **DEFENDANTS' RESPONSE TO
                                             GOVERNMENT'S MOTION**
22      vs.                                  ***IN LIMINE* TO PRECLUDE
                                             DEFENDANTS' PURPORTED GOOD
23   Michael Lacey, et al.,                  FAITH RELIANCE ON ADVICE OF
                                             COUNSEL (DKT. 1599)**
24            Defendants.

25

26

27

28

1   Paul J. Cambria, Jr. *(admitted pro hac vice)*
      pcambria@lglaw.com
2   Erin McCampbell Paris *(admitted pro hac vice)*
      eparis@lglaw.com
3   LIPSITZ GREEN SCIME CAMBRIA LLP
    42 Delaware Avenue, Suite 120
4   Buffalo, New York 14202
    Telephone: (716) 849-1333
5   Facsimile: (716) 855-1580

6   Attorneys for Defendant Michael Lacey

7   Eric W. Kessler
      eric.kesslerlaw@gmail.com
8   Kessler Law Group
    6720 N. Scottsdale Rd., Suite 210
9   Scottsdale, AZ  85253
    Telephone: (480) 644-0093
10  Facsimile: (480) 644-0095

11  Bruce S. Feder, 004832
      bf@federlawpa.com
12  FEDER LAW OFFICE, P.A.
    2930 E. Camelback Road, Suite 160
13  Phoenix, Arizona 85016
    Telephone: (602) 257-0135
14
    Attorneys for Defendant Scott Spear
15
    David Eisenberg, 017218
16    david@deisenbergplc.com
    DAVID EISENBERG PLC
17  3550 N. Central Ave., Suite 1155
    Phoenix, Arizona 85012
18  Telephone: (602) 237-5076
    Facsimile: (602) 314-6273
19
    Attorney for Defendant Andrew Padilla
20
    Joy Malby Bertrand, 024181
21    joy.bertrand@gmail.com
    JOY BERTRAND ESQ LLC
22  PO Box 2734
    Scottsdale, Arizona 85252
23  Telephone: (602) 374-5321
    Facsimile: (480) 361-4694
24
    Attorney for Defendant Joye Vaught
25

26

27

28

# I.      <u>INTRODUCTION</u>

The Government's motion to preclude references and testimony regarding attorney advice contradicts the Government's prior actions and positions in this case.  *First*, the Government interviewed Carl Ferrer repeatedly about attorney advice regarding the legality of Backpage's operations.

*Second*, while failing to apprise the Court that it was already questioning Ferrer regarding attorney advice, the Government moved for an order permitting it to do so.  Dkt. 195.  Judge Logan denied the Government's motion.  Dkts. 338, 345.  Nevertheless, the Government continued questioning Ferrer about attorney communications.

*Third*, the Government opposed a motion to dismiss based on these privilege invasions (Dkt. 942), arguing that the attorney communications were not privileged and, if they ever were, the privilege had been waived.  Dkt. 998 at 1-2.  Judge Brnovich agreed and denied the motion.[1]  Dkt. 1168.  Though erroneous, that ruling is the law of the case.

*Fourth*, the Government submitted witness and exhibit lists that reflect purported "notice" evidence from banks, credit card companies, the National Association of Attorneys General (NAAG), the National Center for Missing & Exploited Children (NCMEC), and media outlets regarding the alleged illegality of Backpage's operations. *See, e.g.*, Dkt. 1313 at Exhs. 119, 171, 178a, 486, 681, 1052-55, 1768-a.

Against this backdrop, during opening statements in the first trial, the Court overruled the Government's objections to defense counsel referencing attorney advice. That advice—validated by the results of numerous judicial proceedings and countless accolades from law enforcement—led Defendants to believe they were acting in compliance with the law.  These evidentiary rulings are the law of the case.  And the attorney advice is relevant regardless of whether the Court allows an advice of counsel defense since it is evidence of good faith, which negates specific intent.  *See Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961).

---

[1]     The Court did not decide whether Ferrer had the capacity to waive the attorney-client privilege on behalf of Backpage.  Dkt. 1168 at 19 n.5.

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

Finally, it is premature to consider whether Defendants are entitled to an advice of counsel jury instruction. Case law makes clear that the Court should decide that question after considering the evidence that comes in at trial.[2]

## II.  ARGUMENT

### A.  The Law of the Case Requires Denial of the Motion.

Prior briefing set forth in detail the Government's extensive inquiry into lawyer advice and communications involving the legality of Backpage's business practices (including ad moderation), the protections afforded by the First Amendment, and defenses to a potential federal criminal prosecution.[3] The Government interviewed Ferrer about the contents of written legal memoranda and emails prepared by several attorneys, including former state and federal prosecutors and First Amendment specialists. *See* Dkt. 1168 at 4-6. In its exhibit lists, pre-trial motions, and even its opening statement in the first trial, the Government previewed its attacks on the propriety of Backpage's attorney communications.[4]

To defend against these attacks, and rebut the suggestion that Defendants were put on notice of wrongdoing, Defendants referenced this attorney advice during their opening statements in the first trial. For example, the Government's allegations regarding letters to Backpage from NCMEC and NAAG are inextricably intertwined with the contemporaneous advice Defendants were receiving regarding these letters. Judge Brnovich approved this approach and ***overruled*** the Government's objections:

> MR. BIENERT:  ***Lawyers, you'll hear Mr. Ferrer -- and I'll talk about him in a minute -- their witness is going to tell them how he told them, we had lawyers the whole time telling us that our moderation practices were legal, that we were protected by the First Amendment.***

---

[2]   The motion should also be denied for failure to abide by the Court's order requiring "proposed language for the order being sought from the Court." Dkt. 1524 at 3-4.

[3]   *See* Dkts. 942 (lodging Ferrer MOIs under seal), 1000, 1023, 1234, 1238, 1258.

[4]   *See, e.g.*, Dkt. 1341 at 23:14-15 (belittling Samuel Fifer of Dentons, one of Backpage's highly-respected First Amendment lawyers and the recipient of the NAAG letters, as a "public relations representative."); *id.* at 24:11-15 (questioning whether Backpage's attorneys were forthcoming with "the AGs and others that they were doing everything they could to prevent these ads from being posted on the website.").

1    MR. JONES: Objection.

2         **THE COURT: The objection is overruled.**

3    Dkt. 1342 at 54:2-21 (emphasis added).[5]

4         The Court's evidentiary rulings during the first trial are likewise the law of the case.

5    *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 777924, at *3

6    (N.D. Cal. Feb. 29, 2016) (holding that prior rulings on "evidentiary objections" are the

7    law of the case).

8         **B.      The Government's Request Is Premature.**

9         In arguing that Defendants may not raise an advice of counsel defense, the

10   Government cites *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961) and *United*

11   *States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470 (N.D. Cal. May 22,

12   2021), both of which undercut the Government's argument.  The court in *Holmes* deferred

13   ruling on the very same "premature" motion *in limine* that the Government brings here.

14   *Holmes* at *51.  In *Bisno*, the court received advice of counsel evidence, concluding at the

15   end of the case that the evidence did not warrant an advice of counsel instruction (but still

16   went to the defendant's good faith): "While the foregoing may constitute some evidence of

17   good faith, it falls short of the minimum proof required to justify an instruction relating to

18   advice of counsel." *Bisno*, 299 F.2d at 719.  Defendants are therefore not required, as the

19   Government suggests, to disclose pre-trial any intent to pursue a defense based on attorney

20   advice (whether an advice of counsel or good faith defense).

21

22

23

24   _____
     [5]    *See also* Dkt. 1343 at 35:23-36:16 ("And if you were a reasonable person of
     reasonable intelligence -- and I submit that Mike Lacey is -- and *you were told we have a*
25   *number of lawyers who are skilled in the First Amendment area and in the criminal*
     *area, some former prosecutors and so on, and they have advised us* that we --
26   MR. JONES:  Objection, Your Honor.  THE COURT:  What's your objection? . . . .
     MR. JONES:  Sorry.  He's misstating the law, Your Honor.  MR. CAMBRIA:  I didn't
27   state the law, Your Honor.  THE COURT:  *The objection is overruled*."  MR. CAMBRIA:
     Thank you. -- and *that you have hired lawyers who specialize in this area and they have*
28   *advised you how to do these things lawfully and not be somebody who is advancing or*
     *promoting*.") (emphasis added).

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  June 15, 2023                    Respectfully submitted,

                                         Timothy J. Eckstein
                                         Joseph Roth
                                         Sarah P. Lawson
                                         Osborn Maledon, P.A.

                                         By:    */s/ Timothy J. Eckstein*
                                         _____
                                                Timothy J. Eckstein
                                                Attorneys for Defendant James Larkin


DATED:  June 15, 2023                    Gary S. Lincenberg
                                         Ariel A. Neuman
                                         Gopi K. Panchapakesan
                                         Bird, Marella, Boxer, Wolpert, Nessim,
                                         Drooks, Lincenberg & Rhow, P.C.

                                         By:    */s/ Gary S. Lincenberg*
                                         _____
                                                Gary S. Lincenberg
                                                Attorneys for Defendant John Brunst


DATED:  June 15, 2023                    Paul J. Cambria
                                         Erin McCampbell Paris
                                         Lipsitz Green Scime Cambria LLP

                                         By:    */s/ Paul J. Cambria*
                                         _____
                                                Paul J. Cambria
                                                Attorneys for Defendant Michael Lacey


DATED:  June 15, 2023                    Kessler Law Group

                                         By:    */s/ Eric W. Kessler*
                                         _____
                                                Eric W. Kessler
                                                Attorney for Defendant Scott Spear

4

DATED:  June 15, 2023              Feder Law Office, P.A.

                                    By:  _____
                                              */s/ Bruce S. Feder*
                                              Bruce S. Feder
                                    Attorney for Defendant Scott Spear

DATED:  June 15, 2023              The Law Office of David Eisenberg, PLC

                                    By:  _____
                                              */s/ David Eisenberg*
                                              David Eisenberg
                                    Attorney for Defendant Andrew Padilla

DATED:  June 15, 2023              Joy Bertrand Esq. LLC

                                    By:  _____
                                              */s/ Joy Malby Bertrand*
                                              Joy Malby Bertrand
                                    Attorney for Defendant Joye Vaught

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)