Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>           Defendants. | Case No. 2:18-cr-00422-PHX-DJH<br><br>**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE FROM INTRODUCING NON-WITNESSES OR NON-EVIDENCE**<br>**(DOC. 1596)**<br><br>(Oral Argument Requested) |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona  85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona  85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona  85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

| | |
|---|---|
| 1 | Joy Malby Bertrand |
| 2 | JOY BERTRAND ESQ LLC<br>P.O. Box 2734 |
| 3 | Scottsdale, Arizona  85252<br>(480) 656-3919 |
| 4 | joyous@mailbag.com |
| 5 | *Attorneys for Joye Vaught* |

Without any basis in fact or law, citing to moments in defense openings in the first trial to which it did not then object, the government now seeks to prevent defense counsel from (1) portraying their clients as human beings by noting the presence of family members and (2) informing the jury of relevant facts and evidence that will be adduced at trial relating to defendants' decades of professional experience in defending the First Amendment. Doc. 1596. The Court should deny this motion.

**Commenting During Opening Statements or Closing Argument.** The government first asks the court to preclude "Defendants, their counsel and their witnesses from commenting during opening statements or closing argument, on any facts or evidence or individuals that are not anticipated to be introduced into evidence at the trial." *Id.* at 2. Neither Defendants, their witnesses, nor anyone other than counsel can comment during opening statements or closing argument, and the government has cited neither an example of that occurring or a rule that would allow that. Counsel has no intention to comment on facts not anticipated to be introduced as evidence. Should it do so, we have no doubt the government will point it out to the jury during closing argument, as is a regular trial practice in our adversarial system.

**Introducing Family or Friends.** During the first trial, Defendant Larkin's counsel briefly noted the presence of Larkin's family members and asked them to stand. The government did not object. The government now seeks an order precluding during opening statements or closing argument any introduction of any defendant's family or friends. *Id.* at 2-3. The government does not cite, nor has defense counsel ever heard of, a request or order precluding this common practice, that, in the most innocuous and brief way, responds to the government's depiction of defendants as greedy sex traffickers. Moreover, it is reasonable to anticipate that as part of the defense's case, the jury would hear testimony about the existence of a defendant's family.

**Referencing Awards.** The government is offended by counsel's statement (to which it did not object) that defendants Lacey and Larkin "won over 3,800 awards," including a "Pulitzer Prize," and that they are "real newspaper people". *Id.* at 2. Counsel

4

are well aware of the risks associated with facts cited during opening statement that are not supported by evidence adduced during the trial, and the government's ability to challenge the same. This evidence—Defendants' decades of serious journalism and a deep commitment to the First Amendment—is further relevant to explain Defendants' publication of adult classified ads, and their motivation in keeping adult content on Backpage.com, despite third-party demands that they shutter that portion of the site. The government has further made Defendants' motive an issue by telling the jury that "defendants' main concern was making money," and that Defendants were motivated solely by "greed," a word the government used at least eleven times during its opening statement. Doc. 1341 at 6:7-9; 12:15-18; 28:4-11; 31:6-8; 37:21-24; 39:23-40:4; 40:21-24; 42:4-10; 45:11-23; 46:16-20; 50:16-19.

**Stating Facts or Opinions Not Anticipated to Be Introduced at Trial.** As noted above, defense counsel does not intend to cite to any fact—including as to personal history, religious affiliation, or family members—that it does not intend to get admitted as evidence, and runs the risk of its failure to do so.

**Referencing Prior Cases Involving Defendants.** Finally, the government seeks preclusion of any reference to Defendant Larkin's and Lacey's wrongful arrests by and subsequent civil suit against then-sheriff Joseph Arpaio, as irrelevant, potentially confusing and misleading, and a waste of time. Doc. 1596 at 2-3. The government further expresses concern that, should the Court admit evidence of this incident, the government will "have to explain the difference between the publishing of an article critical of an elected public official and the range of criminal conduct alleged in the 100-count Superseding Indictment." *Id.*

To the extent the government is seeking preclusion to reference of this matter in opening statements, the Court should reject that request for the reasons stated above. In addition, it is hard to see how approximately 30 seconds constitutes a "waste of time" in the government's three-month case, or how a brief reference to this other event would

necessitate the government provide a full explanation of the difference between that act and the charges here.

Counsel will not further address the potential preclusion of the evidence related to this incident, as the government's proposed order only relates to "references" by defense counsel, and not the evidence on which those references rely.

DATED this 15th day of June, 2023.

**OSBORN MALEDON, P.A.**

By     s/ Joseph N. Roth
          Timothy J. Eckstein
          Joseph N. Roth
          Sarah P. Lawson
          2929 North Central, 20th Floor
          Phoenix, Arizona  85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By     s/ Paul J. Cambria, Jr. (w/permission)
          Paul J. Cambria, Jr. (*pro hac vice*)
          Erin E. McCampbell (*pro hac vice*)
          42 Delaware Avenue, Suite 120
          Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By     s/ Bruce S. Feder (w/permission)
          Bruce S. Feder
          2930 E. Camelback Road, Suite 160
          Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By     s/ Eric W. Kessler (w/permission)
       Eric W. Kessler
       6720 N. Scottsdale Rd., Suite 210
       Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By     s/ Gary S. Lincenberg (w/permission)
       Gary S. Lincenberg
       Gopi K. Panchapakesan
       Ariel A. Neuman
       1875 Century Park E., Suite 2300
       Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By     s/ David S. Eisenberg (w/permission)
       David S. Eisenberg
       3550 N. Central Ave., Ste. 1155
       Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By     s/ Joy M. Bertrand (w/permission)
       Joy M. Bertrand
       P.O. Box 2734
       Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*