1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following pages

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT** |
| vs. | |
| Michael Lacey, *et al.,* | **(Doc. 1587)** |
| Defendants. | |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona  85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona  85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

2

1

2

3
David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona  85012
(602) 237-5076
david@eisenbergplc.com

4

5

6

7
*Attorneys for Andrew Padilla*

8
Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

9

10

11

12
*Attorneys for Joye Vaught*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants move for reconsideration of the Court's June 1, 2023 Order denying

2    Defendants' Motion to Dismiss the Superseding Indictment.  Doc. 1587.  The United

3    States Supreme Court's June 23, 2023, decision in *United States v. Hansen* is binding,

4    intervening authority requiring reconsideration of that Order.[1]

5    **I.      Legal Standard**

6            A motion for reconsideration is appropriate where, among other things, "there is

7    an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v.*

8    *AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Local R. Civ. P. 7.2(g)(1)

9    (listing "new facts or legal authority that could not have been brought to [the court's]

10   attention earlier" as a basis for a motion for reconsideration).  *United States v. Mendez*,

11   No. 07-cr-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) ("Courts

12   have held that motions for reconsideration in criminal cases are governed by the rules

13   that govern equivalent motions in civil proceedings.").

14   **II.     Argument**

15           Defendants' Motion to Dismiss contended that the phrase "promote or facilitate"

16   as used in the Travel Act is equivalent to "aid or abet."  Doc. 1557 at 10-13.  And like

17   any aiding and abetting offense, a violation of the Travel Act requires proof that each

18   Defendant knew about and intended to commit each element of the underlying offenses

19   and proof of a violation of the underlying state law.  *Id.* at 12-13.  *See Rosemond v.*

20   *United States*, 572 U.S. 65, 76-77 (2014) ("To aid and abet a crime, a defendant must

21   not just 'in some sort associate himself with the venture,' but also 'participate in it as

22   in something that he wishes to bring about' and 'seek by his action to make it

23   succeed.'…We have previously found that intent requirement satisfied when a person

24   **actively participates in a criminal venture with full knowledge of the**

25

---

26   [1] The Supreme Court released the *United States v. Hansen* slip opinion on June 23, 2023.
     Although this motion is brought outside the normal 14-day window for a reconsideration
27   motion, the Supreme Court's decision in *Hansen*, issued after the 14-day window, provides
     good cause for the motion.
28

**circumstances constituting the charged offense** . . . . What matters for purposes of gauging intent, and so what jury instructions should convey, is that the defendant has chosen, **with full knowledge**, to participate in the illegal scheme . . . ." (emphasis added)); *id*. at 81 (holding that the jury must have been instructed that "Rosemond needed advance knowledge of [each element of the charged offense]"); *see also United States v. Encarnacion-Ruiz*, 787 F.3d 581, 588 (1st Cir. 2015) ("Under *Rosemond*, to establish the mens rea required to aid and abet a crime, the government must prove that the defendant participated with **advance knowledge** of the elements that constitute the charged offense."). Because the indictment failed to allege both a state of mind extending to the specific and entire crimes purportedly facilitated and the commission of state law violations, the superseding indictment is deficient on its face. *See United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) ("[T]he fact that an indictment may have tracked the language of the statute will not render it valid if it fails to allege an essential element of the offense or the minimum facts required to fulfill the purposes of indictments."); *see also* Doc. 1557 at 14-15.

In denying the motion, the Court ruled that "specific intent to promote or facilitate prostitution" is all the indictment is required to allege and that the indictment need not "allege the underlying offense has been committed." Doc. 1587 at 8-9. Further, this Court rejected Defendants' argument that the "intent element go to the specific and entire crime charged, as it must in an aiding and abetting charge." *Id.* at 12-13 (quotation marks omitted).

The Supreme Court's June 23, 2023, opinion in *Hansen* requires reconsideration of these rulings. The Supreme Court held that "facilitation [is] also called aiding and abetting" which is "the provision of assistance to a wrongdoer with the intent to further an offense's commission." *United States v. Hansen*, No. 22-179, 2023 WL 4138994, at *6 (U.S. June 23, 2023). And liability for aiding and abetting—also known as facilitation—requires (1) "an intent to bring about a particular unlawful act" and (2)

1   "that a wrongful act be carried out."  *Id.*   The Court reached this decision by

2   "transplant[ing]" the "old soil" of the traditional *mens rea* required for aiding and

3   abetting to facilitation.  *Id.* at *9 (citing *Rosemond*, 572 U.S. at 70-71).   The Supreme

4   Court's holding in *Hansen*—that a federal criminal statute's use of the word

5   "facilitation" means "aiding and abetting" and requires proof of the same elements—is

6   precisely the argument on which Defendants' motion to dismiss turned.

7          Under *Hansen*'s binding precedent, "facilitation," as used in the Travel Act, is

8   the same as "aiding and abetting" and comes with all the "old soil" of aiding and

9   abetting.  Accordingly, under *Hansen*, the indictment must allege that each Defendant

10  had the specific intent to commit each element of each of the underlying prostitution

11  offenses and that the prostitution offenses Defendants are alleged to have facilitated

12  actually were committed.  *Hansen*, 2023 WL 4138994, at *6.  Accordingly, Defendants

13  seek modification of the Court's order (at 7-13) addressing the deficiencies in the Travel

14  Act counts to hold that the superseding indictment must allege that each Defendant,

15  having full and advance knowledge, specifically intended to complete each element of

16  each of the underlying state prostitution offenses and that those crimes were

17  committed—which the indictment plainly fails to do.  *See* L. R. Civ. P. 7.2(g)(1).

18         Moreover, in light of *Hansen*, Defendants seek reconsideration of the Court's

19  holding that "even if . . . the evidentiary burdens of an aiding and abetting offense

20  govern the SI's Travel Act charges, whether the Government has offered sufficient

21  proof of the commission of an offense by another is an issue that goes to the

22  Government's burden at trial."  Doc. 1587 at 11.  As recognized in *Hansen*, it is black

23  letter law that "liability for aiding and abetting requires that a wrongful act be carried

24  out."  2023 WL 4138994, at *6.  The superseding indictment alleges that some of the

25  people who posted the advertisements in Counts 2-51 engaged in prostitution (and

26  alleges nothing at all about some of the advertisements, other than citing language from

27  the ads that the government claims is suggestive of prostitution).  But that is not

28

1   enough—without an allegation that each Defendant, with full and advance knowledge,

2   aided and abetted (*i.e.*, facilitated) the prostitution offenses of specific business

3   enterprises and intended that those particular offenses occur, the indictment fails to state

4   offenses for facilitation of business enterprises involving prostitution offenses in

5   violation of state law.  *See United States v. Gibson Specialty Co*., 507 F.2d 446, 449

6   (9th Cir. 1974) (affirming dismissal of indictment "because neither the defendants'

7   intention to facilitate nor the defendants' actual facilitation of unlawful activities in

8   Montana were shown").

9   **III.    Conclusion**

10       The United States Supreme Court's decision in *United State v. Hansen*

11   necessitates reconsideration of the Court's order denying the Defendants' motion to

12   dismiss.

13       DATED this 28th day of June, 2023.

14

15                                       **OSBORN MALEDON, P.A.**

16                                       By      s/ Joseph N. Roth
                                                 Timothy J. Eckstein
17                                               Joseph N. Roth
                                                 Sarah P. Lawson
18                                               2929 North Central, 20th Floor
                                                 Phoenix, Arizona  85012-2794
19

20                                       *Attorneys for James Larkin*

21

22                                       **LIPSITZ GREEN SCIME CAMBRIA LLP**

23                                       By      s/ Paul J. Cambria, Jr. (w/permission)
                                                 Paul J. Cambria, Jr. (*pro hac vice*)
24                                               Erin E. McCampbell (*pro hac vice*)
                                                 42 Delaware Avenue, Suite 120
25                                               Buffalo, New York 14202

26

27                                       *Attorneys for Michael Lacey*

28

7

**FEDER LAW OFFICE PA**

By     s/ Bruce S. Feder (w/permission)
        Bruce S. Feder
        2930 E. Camelback Road, Suite 160
        Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By     s/ Eric W. Kessler (w/permission)
        Eric W. Kessler
        6720 N. Scottsdale Rd., Suite 210
        Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By     s/ Gary S. Lincenberg (w/permission)
        Gary S. Lincenberg
        Gopi K. Panchapakesan
        Ariel A. Neuman
        1875 Century Park E., Suite 2300
        Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By     s/ David S. Eisenberg (w/permission)
        David S. Eisenberg
        3550 N. Central Ave., Ste. 1155
        Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By      s/ Joy M. Bertrand (w/permission)
        Joy M. Bertrand
        P.O. Box 2734
        Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*