GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **JOINT PRETRIAL MEMORANDUM** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

In accordance with the Court's Orders (Docs. 1524, 1546, 1621), the parties submit this Joint Pretrial Memorandum.

    **a.**    **Counts**

There are a total of 100 counts in this case. The United States intends to proceed in its case-in-chief on every count alleged in the Superseding Indictment (SI). (Doc. 230.)

    **b.**    **Forfeiture Allegations**

With respect to any forfeiture in this action, forfeiture has been alleged in the SI, and in the event of a conviction on one or more counts alleged in the SI, the United States intends to seek forfeiture consistent with the allegations of the SI. Defendants have not indicated whether they elect to try the forfeiture allegations to the jury or the Court.

There is currently pending a related civil forfeiture proceeding in the United States District Court for the Central District of California, Case No. 18-cv-82420, before the Hon. R. Gary Klausner. That proceeding is stayed by stipulation of the parties there pending resolution of this proceeding.

    **c.**    **Notices**

The United States has filed notices to rely on 902(11) certifications, which has already been ruled on by the Court. (Doc. 1317.) In that Order, the Court found that the bank records have been authenticated and are not excluded by the rule against hearsay. (Doc. 1317 at 3.) Defendants' right to object for other reasons is preserved. (*Id.* at 1.) In that same Order, the Court also ruled on the admissibility of many of the United States' summary exhibits and held that the government's summary exhibits A, D through I were admissible pursuant to Rule 1006 subject to foundational testimony, and Exhibits B and C were not admissible at that time. (*Id.* at 2-3.)

    **d.**    **Motions in Limine**

        1. Defendants' Motion in Limine to Preclude Testimony, Statements, or Arguments that Escort Services, Dating Ads, Massage Services and Adult Advertising are Unlawful or Presumed to Involve Prostitution (Docs. 1588, 1601) and the United States' Response. (Doc. 1604.)

2. Defendants' Motion in Limine to Preclude Irrelevant and Prejudicial Testimony (Doc. 1589) and the United States' Response. (Doc. 1613.)

3. United States' Motion in Limine to Preclude References to First Amendment and Free Speech (Doc. 1590) and the Defendants' Response (Doc. 1602.)

4. Defendants' Motion in Limine to Preclude References to Alleged Former Prostitution Marketing Strategies (Doc. 1591) and the United States' Response (Doc. 1603.)

5. United States' Motion in Limine to Preclude Defense from Arguing Legality of Ads (Doc. 1592) and the Defendants' Response (Doc. 1612.)

6. Defendants' Motion in Limine to Preclude Irrelevant and Inadmissible Evidence Re: Mersey and Elms (Doc. 1593) and the United States' Response (Doc. 1607.)

7. United States' Motion in Limine to Preclude References to Section 320 of the Communication Decency Act (Doc. 1594) and the Defendants' Response (Doc. 1615.)

8. United States' Motion in Limine to Preclude References to Certain Other Litigation (Doc. 1595) and the Defendants' Response (Doc. 1609.)

9. United States' Motion in Limine to Preclude Defense from Introducing Non-Witness or Non-Evidence (Doc. 1596) and the Defendants' Response (Doc. 1610.)

10. United States' Motion in Limine to Preclude References to Court Decisions, Rulings, Opinions or Results from Prior Litigation Filed by or Against Backpage.com, LCC or its owner(s) (Doc. 1597) and the Defendants' Response (Doc. 1616.)

11. United States' Motion in Limine to Preclude Defense from Commenting on Legitimacy of Prosecution (Doc. 1598) and the Defendants' Response (Doc. 1614.)

12. United States' Motion in Limine to Preclude Defendants' Purported Good Faith Reliance on Advice of Counsel (Doc. 1599) and the Defendants' Response (Doc. 1608.)

13. United States' Motion in Limine to Preclude Defense from Referencing Craigslist Meetings with Attorneys General (Doc. 1600) and the Defendants' Response (Doc. 1611.)

### e. Other Motions

Defendants' Motion for Reconsideration of Order Denying Defendants' Motion to Dismiss the Superseding Indictment. (Doc. 1622.) The United States' response is due July 3, 2023 and Defendants' reply is due July 6, 2023.

### f. Stipulations

The Court made rulings about some of the evidence in a previous Order. (Doc. 1212.)

For the first trial, the Court ordered each side to provide opposing counsel the name of each witness and the exhibits it sought to admit through that witness 48 hours before the witness was expected to testify.[1] (Doc. 1343 at 81-82.)

The parties have not agreed on any stipulations of fact that may be read or otherwise presented to the jury.

### g. Number of Witnesses and Exhibits

The United States expects to call around 50 witnesses. Defendants may call around 50 witnesses. The United States has marked nearly 2000 exhibits, but will not seek to admit all of them. Defendants expect to mark approximately 1200 exhibits to be potentially admitted at trial.

---

[1] For the retrial, the United States offered a stipulation where the parties would identify witnesses and their corresponding exhibits one week before the witness's expected testimony, in exchange for handling any objections to the exhibits outside of the jury's presence. Because defendants rejected this offer, the United States requests the Court continue with the 48-hour rule as ordered in the first trial.

     **h.**    **Estimated Length of Trial**

- 8-12 hours: Jury Selection
- 1.5 hours: Opening Statement (United States)
- 1.0 hours: Opening Statements (per Defendant, total of 6 hours)
- 200 hours: Government's Case (including rebuttal)
- 200 hours: Defendants' Case
- 2.5 hours: Closing Argument (United States)
- 2 hours: Closing Arguments (per Defendant, total of 12 hours)
- 430 hours: Total

     **i.**    **Interpreter**

An interpreter will not be needed at trial.

     **j.**    **Procedures for Expediting Trial**

The parties will continue to discuss potential stipulations.

Respectfully submitted this 30th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

 s/Kevin M. Rapp
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/Daniel Parke*
U.S. Attorney's Office