# EXHIBIT INDEX TO DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

## *United State of America v. Michael Lacey, et al.*
## 2:18-cr-00422-PHX-DJH

| Exhibit | Description |
|---|---|
| A | June 27, 2023 Notice of Supplemental Authority in *Woodhull Freedom Foundation v. United States* |

# EXHIBIT A



**U.S. Department of Justice**

Civil Division, Appellate Staff
202-305-1754
Joseph.F.Busa@usdoj.gov

---

VIA CM/ECF

June 27, 2023

Mark J. Langer, Clerk of Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Ave., NW
Washington, DC 20001

RE:  *Woodhull Freedom Foundation v. United States* (No. 22-5105)

Dear Mr. Langer:

The government writes pursuant to Federal Rule of Appellate Procedure 28(j) regarding the Supreme Court's recent decision in *United States v. Hansen*, -- S. Ct. --, 2023 WL 4138994 (2023).

*Hansen* addressed the scope of the criminal prohibition on "encourag[ing]" or "induc[ing]" a noncitizen to remain in the United States in violation of the law, 8 U.S.C. § 1324(a)(1)(A)(iv). The Court explained that statute "uses 'encourages or induces' in its specialized, criminal-law sense," rather than its broader general sense. 2023 WL 4138994, at *7. The Court emphasized that criminal "solicitation and facilitation," "also called aiding and abetting," are "longstanding criminal theories" and the that "[t]he use of both verbs"— "encourage" and "induce"—"to describe solicitation and facilitation is widespread[.]" *Id.* at *6 (citing Black's Law Dictionary, the Model Penal Code, and federal and state statutes). The Court further explained that, "when a criminal-law term is used in a criminal-law statute, that—in and of itself—is a good clue that it takes its criminal-law meaning." *Id.* at *7. It observed that "the inference is even stronger here, because [the statute] prohibits 'encouraging' and 'inducing' *a violation of law.*" *Id.*

1

The Court noted that "the canon of constitutional avoidance" also counseled in favor of that interpretation. *Id.* at *10. Construing the statute in light of these interpretive principles, the Court held that the statute was not facially overbroad. "To the extent that [the statute] reaches *any* speech, it stretches no further than speech integral to unlawful conduct," which, like the "promotion" of a particular piece of contraband, "is unprotected." *Id.* at *11.

The same principles strongly support affirmance in this case. The statute at issue here is a criminal prohibition on operating an interactive computer service with the intent to "promote" or "facilitate" the prostitution of another person, 18 U.S.C. § 2421A(a). Those terms are used in accord with their specialized criminal-law meanings for the same reasons discussed by the Court in *Hansen* in holding that the terms "encourage" and "induce" are to be read in their specialized criminal-law senses. *See* Response Br. 23-32, 37-45.

                                      Sincerely,

                                      */s/ Joseph F. Busa*
                                      JOSEPH F. BUSA
                                      Counsel for the United States of America
                                      and Attorney General Garland

cc:    all counsel (via CM/ECF)