1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9   United States of America, | No. CR-18-00422-001-PHX-DJH |
| 10        Plaintiff, | **ORDER** |
| 11   v. | |
| 12   Michael Lacey, et al., | |
| 13        Defendants. | |

14

15       Before the Court is "Defendant Michael Lacey's Unopposed Motion for Relief

16 from Trial Schedule Conflict" (Doc. 1629), filed on July 6, 2023.  Trial in this matter is

17 set to commence on August 8, 2023, and continue through November 3, 2023, with some

18 noted recesses in between those dates.  (Doc. 1546).  In the Motion for Relief, Mr.

19 Cambria, one of three attorneys of record for Defendant Michael Lacey, informs the

20 Court that his daughter is getting married in New York on September 9, 2023, and asks

21 that the Court vacate the trial days currently set for September 6–9.  Mr. Cambria

22 represents there is no one that can assume his responsibilities during these two and a half

23 days of trial.  (Doc. 1629 at 2).  Without specifying, Mr. Cambria says that his partner

24 and co-counsel of record Erin McCampbell Paris "is not a trial attorney" and local co-

25 counsel of record Janey Henze Cook is "conflicted from being trial counsel." (*Id*.)

26       The Court will deny the eleventh-hour request to vacate trial on September 6–9.

27 The trial dates in this matter were set in this case after the Court consulted with counsel

28 on availability and potential conflicts.  In its March 23, 2023, Order setting trial, the

parties were instructed to file a notice of any bona fide conflict with the trial dates within seven (7) days of the Order.  (Doc. 1546).  Mr. Cambria's Motion for Relief is over three months past this deadline, and he offers no excuse as to why the Court was not informed of his conflict sooner.  In the interim, potential jurors have been informed of the trial dates and are currently responding to questionnaires that in part relate to their own possible conflicts with the dates of trial.

The Court is also not persuaded that Ms. Paris is unable to assume trial responsibilities for two and a half days while Mr. Cambria attends his daughter's wedding festivities.  Ms. Paris's firm profile states that complex trial litigation is a focus of her practice and that during her seventeen-year legal career she has represented clients in civil and criminal matters in federal and state courts.  The Court is confident that Ms. Paris is more than qualified to first-chair two and a half days of trial in the event that Mr. Cambria cannot attend.[1]

Accordingly,

**IT IS ORDERED** that "Defendant Michael Lacey's Unopposed Motion for Relief from Trial Schedule Conflict" (Doc. 1629) is **denied**.

Dated this 6th day of July, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[1] Mr. Cambria cites to an October 3, 2018, Order granting the Government leave to appear telephonically for a motion hearing as evidence of Ms. Cook's conflict. The filing does not support the assertion that Ms. Cook is conflicted from serving as trial counsel.