Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO. CR-18-00422-PHX-SMB |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT JOYE VAUGHT'S OBJECTION TO *FRYE-COOPER* HEARING AND MOTION TO VACATE HEARING** |
| Michael Lacey, *et al.*, | |
| Defendants. | |

NOW COMES Defendant Joye Vaught, by and through her undersigned attorneys, to object to the setting of a Frye-Cooper hearing and to move this Court to vacate the hearing, currently set for August 15, 2023.  She further submits the following:

**INTRODUCTION**

The Government has asked for an opportunity to bring each Defendant into Court, place on the record the plea offers it extended to each Defendant, and confirm that each Defense Counsel relayed and explained the plea offer to their respective clients.  In support of its request, the Government cites to *Missouri v. Frye*, 566 U.S. 134, 147 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012).

The Supreme Court suggested in that the Parties "memorialize in some fashion" that a defendant has knowingly rejected a plea offer. *Missouri v. Frye*, 566 U.S. 134, 147 (2012), citing *In re: Alvernaz*, 2 Cal.4th 924, 928 n. 7 (1992). The gravamen of this Objection and Motion to Vacate is:

Neither *Frye* nor *Cooper* require a hearing. Can an *ex parte* submission of an affidavit from Defense Counsel regarding the review and rejection of the Government's plea offer create a sufficient record under *Frye*? The answer is a clear "yes" – no hearing is necessary to satisfy *Frye*.

## APPLICABLE LAW

The Government's pursuit of a *Frye-Cooper* hearing in this case presents three legal issues. First, it presents issues regarding what constitutes an adequate record under *Frye*. Second, it presents issues of intimidation and interference in the attorney-client relationship. Third, it presents issues regarding the limits Fed. R. Crim. Pro. 11 places on the Court's involvement in plea negotiations. The principles for each are set forth in the following sections.

**I.     The Supreme Court's Guidance in *Frye*.**

Nowhere in *Frye* or *Cooper* does the Court even infer, much less require, that the defendant in a criminal case be made to state in open court that he acknowledges the prosecution's proposed plea agreement, understands it and now rejects it. In *Lafler,* all parties conceded that the defense attorney provided ineffective assistance in advising his client to reject a plea offer, because, even if proven, the evidence did not support a charge of assault with intent to murder because Cooper shot the victim below the waist. In *Frye*, defense counsel never told his client about the first, more lenient plea offer.

The Court merely held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145. To prevent such claims from being raised in the future, the Court

suggested various methods for guarding against ineffective assistance, including documenting the plea offers in writing or that the terms of a plea offer "can" be placed on the record. The Court cannot require the defendant to respond to questions by the court as to the terms of the agreement or anything else pertaining to or emanating from his or her discussions with counsel.

## II.     The Attorney-Client Relationship.

"The attorney-client privilege is an evidentiary rule designed to prevent the forced disclosure in a judicial proceeding of certain confidential communications between a client and a lawyer." *United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985), quoted in *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997). The purpose of the privilege is to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389(1981);  see also *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) (grounding the privilege "in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure").

The attorney-client privilege limits the power of a court to compel disclosure of attorney-client communications or otherwise admit the communications themselves into evidence. Outside the courtroom, the privilege does not provide grounds for sanctioning an attorney's voluntary disclosure of confidential communications to third parties. *Wharton*, 127 F.3d at 1205-06 (attorney-client privilege could not provide grounds to bar respondents from informally communicating with petitioner's former attorneys). This is not to say that attorneys may freely reveal their clients' confidences should they so desire. Mechanisms other than the attorney-client privilege protect against voluntary disclosure of confidential communications by counsel. The ethical rules

governing attorneys require that all information pertaining to a client's case be kept confidential. Ariz. E.R. 1.6, Comment 2 "A fundamental principle in the client-lawyer relationship is that. in the absence of the client's informed consent. the lawyer must not reveal information relating to the representation. . ."; *see also,* Cal. Bus. Prof. Code § 6068(e) (setting forth attorney's duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client");  Model Rules of Prof'l. Conduct, R. 1.6 (3d ed. 1999).  The comment to ABA Model Rule of 1.6 discusses the relationship between the attorney-client privilege and the ethical duty of confidentiality:

> The principle of confidentiality is given effect in two related bodies of law, the attorney-client privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics.  The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law.  The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source.

*Id.*, R. 1.6 cmt.

The ethical duty of confidentiality may be enforced by more than just sanctions against an offending attorney.  In a criminal case, where an attorney violates this ethical duty by revealing a client's confidences to the government, a court may suppress the resulting evidence.   *Rogers*, 751 F.2d at 1078-79.  Prosecutors may also be subject to sanctions where they have induced an attorney to violate her duty of confidentiality.  ABA Model Rules of Prof'l Conduct, R. 8.4(a).

**III.     Fed. R. Crim. Pro. 11 Prohibits Courts from Involvement in Plea Negotiations.**

Rule 11(c)(1) provides that "the court must not participate in these discussions" between the Government and defense counsel, referring to plea agreements.  The Sixth Circuit has noted that the Supreme Court requires strict compliance with Fed. R. Crim. Pro. 11.  *Phillips v. United States*,

519 F.3d 483, 484-85 (6th Cir. 1975), citing *McCarthy v. United States*, 394 U.S. 459 (1969). Phillips addressed a trial court's compliance with the portions of Rule 11 pertaining to a court's conduct in a change of plea hearing. *Phillips*, 519 U.S. at 484.

**DISCUSSION**

Ms. Vaught objects and move to vacate the August 18, 2023 hearing. *Frye* and *Cooper* do not require a hearing and such a hearing would interfere with defendants' attorney-client relationship. To the extent that the Court believes any inquiry into the extent of Counsel's communication of the Government's plea offer is appropriate, an *ex parte* submission of an affidavit from defense counsel regarding the review and rejection of the Government's plea offer suffices.

Filed *instanter* with this Objection and Motion is Counsel's *ex parte* affidavit that confirms Ms. Vaught has knowingly and intelligently rejected the Government's plea offer. The record need not contain more than that confirmation, made under penalty of perjury, by an officer of the Court. No hearing, therefore, is required.

**I.  A Hearing is Not Required to Create a Proper Record.**

In *United States v. Braxton*, 784 F.3d 240, 247 (4th Cir. 2015), the Fourth Circuit determined that a trial court's responsibility to ensure effective assistance of counsel did not include examining the defendant himself to determine if his rejection of the plea was knowingly and intelligently made:

> Nor, contrary to the government's suggestion, does *Frye* require a district court to satisfy itself of the intelligence of a defendant's decision to exercise his right to trial instead of accepting a plea offer. *Frye* and its companion case [citation omitted] concern the duty of defense counsel to advise their clients regarding formal plea offers; they do not obligate or permit judges to give advice to defendants on whether to accept such agreements. There is no allegation in this case that [defense counsel] either failed to inform [the defendant] of the government's plea offer in violation of *Frye* or improperly advised [the defendant] to reject the offer . . . and the record is plainly to the contrary. And the district court, as described above, fulfilled its role under *Frye* by memorializing the offer on the record at the government's request, prior to making the remarks at issue in this case. Nothing more was required or justified by *Frye*.

Here, the accompanying *ex parte* affidavit confirms that the Defendant has received, considered, and rejected the Government's plea offer. The Court need not order Defense Counsel and the Defendant into open court to further discuss this decision.

**II.    A Hearing – in Addition to the Record Created by the Defense's *Ex Parte* Submissions -- Only Serves to Attempt to Interfere in the Attorney-Client Relationship and Intimidate the Defendant into Accepting its Plea Offer.**

The Government is not entitled to a conviction of any defendant. In this case, even with the benefit of erroneous court decisions permitting the Government to invade attorney-client privileges and seemingly permitting one-sided evidence of "notice" evidence, the Government still cannot prove the elements of the charges. It certainly is not entitled to the conviction of any of the Defendants seeking to vindicate their innocence.

The Government is not entitled to any information regarding Defense Counsel's communications and advice to her client. An encroachment on the attorney-client privilege and attorney-client relationship is highly improper and potentially subject to sanctions.

The Government's request implies that the Defense Counsel has been deficient in their representation of their clients, because its plea offers have been rejected. In essence, the Government is saying, "Only an ineffective lawyer would reject this plea agreement." A proceeding designed to pressure a defendant into accepting a plea agreement, to include questioning the communication and advice the Defendant has received from her lawyer, is wholly inappropriate.

**III.   Given the Record Created by the Defense's *Ex Parte* Submissions, the Government's Pursuit of a Hearing is an Impermissible Attempt to Draw the Court Into Plea Negotiations.**

Given the gravity of the protections established in Rule 11, a more lenient interpretation of section (c)(1) makes no sense.

Here, the Government seeks the Court's interference to pressure the Defendant to accept the guilty plea she rejected months ago.

## CONCLUSION

The accompanying *ex parte* affidavit from Defense Counsel creates a more than adequate record of her communication and advice regarding the plea offer the Government extended to Ms. Vaught. No proper purpose is served by forcing her into open court to discuss any aspect of its plea offer and her decision to reject it.

The Court will find attached a proposed Order.

RESPECTFULLY SUBMITTED this Eighth day of August, 2023,


By:   /s/ Joy Bertrand
      Joy Bertrand
      Attorney for Joye Vaught

# CERTIFICATE OF SERVICE

On August 8, 2023, I, Joy Bertrand, attorney for the Defendant, filed the foregoing with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this pleading will be electronically served upon opposing counsel and co-defendants' counsel, upon its submission to the Court.

Respectfully submitted this Eighth day of August, 2023.

<u>s/Joy Bertrand</u>
Joy Bertrand
Attorney for Defendant