GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>     v.<br><br>Michael Lacey, et al.,<br><br>            Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' OBJECTIONS TO THE PRELIMINARY JURY INSTRUCTIONS AND LIMITING INSTRUCTION** |

The United States respectfully requests the following changes to the Court's Preliminary Jury Instructions and Limiting Instruction.

**PRELIMINARY JURY INSTRUCTIONS (8/30/23 Version)**
**1.2 THE CHARGE—PRESUMPTION OF INNOCENCE**
*Count I: Conspiracy*

1. The first line under Count 1 describes the charge as "conspiring to facilitate prostitution[.]" (Preliminary Jury Instructions, page 3.)  This is an incomplete description of the Travel Act crime.  As the Court instructs in the first paragraph of the substantive Travel Act violations, the statutory charge reads: "to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of a business enterprise involving prostitution offenses."  (Preliminary Jury Instructions, page 4.)  Consistent with that language, a more accurate way to describe Count 1 would be: "Count 1 of the indictment is for conspiring <u>to promote or facilitate the promotion of</u> prostitution in violation of the Travel Act under Section 1952(a)(3)(A)."

2. The second element in Count 1 contains the word "illegal" before "objects."  (Preliminary Jury Instructions, page 3.)  This is incorrect.  First, the word "illegal" isn't in the Model Criminal Jury Instructions. (Model Instructions 11.1.)  Second, it wasn't in the Preliminary Jury Instructions for the first trial, so it's contrary to law of the case.  (Doc. 1311 at 3.)  And third, it's contrary to Ninth Circuit law.  *United States v. Caplan*, 633 F.2d 534, 542 (9th Cir. 1980) ("A conspiracy is defined as a combination of two or more persons to accomplish some unlawful purpose, or some lawful purpose by unlawful means.").  Here the Superseding Indictment described the object as "to obtain money."  (Doc. 230 at 49.)  That's permissible as long as Defendants used unlawful means when obtaining the money, *i.e.,* promoting business enterprises involved in prostitution offenses.

3. The *Pinkerton* instruction in the middle of page four is inaccurate. (Preliminary Jury Instructions, page 4.)  In the first element, the instruction improperly states that a "defendant" must have committed the charged Travel Act offense, rather than a "member" of the conspiracy.  The Court's Draft Jury Instructions contain the appropriate instruction (Doc. 1656 at 37), as did the Court's Preliminary Instructions in the first trial. (Doc. 1311 at 4.)

Based on those instructions, the first three elements of the *Pinkerton* instruction should read as follows:

- <u>First, a member of the conspiracy committed the Travel Act offense alleged in that count;</u>
- <u>Second, the person was a member of the conspiracy charged in Count 1 of the indictment;</u>
- <u>Third, the person committed the Travel Act offense in furtherance of the conspiracy.</u>

That's how the Court drafted the elements in the Draft Jury Instructions. (Doc. 1656 at 37.) Under *Pinkerton*, if the jury found that Carl Ferrer, Dan Hyer, or James Larkin committed the Travel Act offense, Defendants could be found guilty if the other *Pinkerton* elements are satisfied. This applies with equal force to other co-conspirators even if they aren't defendants in this trial.

**LIMITING INSTRUCTION**

1. The instruction should not identify the state charges as misdemeanors. This serves no legitimate purpose, especially because Defendants are charged with felonies. There is no reason to list the state crimes as misdemeanors other than to permit Defendants to make some sort of nullification argument about how violating the Travel Act isn't really a big deal, because the underlying state crimes are just misdemeanor crimes. The Court will not instruct that the statutory maximum of the Travel Act is five years, or concealment money laundering is 20 years. There is no legitimate reason to include the term "misdemeanor" in the instruction.

2. Same objection as number one above: "facilitating state-law prostitution offenses" should read "promoting or facilitating the promotion of state-law prostitution offenses."

Respectfully submitted this 30th day of August, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> NICOLE M. ARGENTIERI
> Acting Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
> *s/ Andrew C. Stone*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE
> Assistant U.S. Attorneys
>
> AUSTIN M. BERRY
> Trial Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 30, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
U.S. Attorney's Office