Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile:(480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Defendant Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br>vs.<br><br>Michael Lacey, *et al.*,<br><br>                              Defendants. | NO. CR-18-00422-PHX-DJH<br><br>**WRITTEN SUPPLEMENT TO ORAL MOTION TO DISMISS COUNT 1 OF THE SUPERSEDING INDICTMENT** |

Gary S. Lincenberg (CA Bar No. 123058, admitted *pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

Eric Kessler
KESSLER LAW GROUP
6720 N. Scottsdale Rd., Suite 210
Scottsdale, AZ  85253
Telephone: (480) 644-0093
eric@kesslerlawgroup.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

In response to the Government's objections to the Court's proposed preliminary jury instructions, Defendants orally moved to dismiss Count 1 of the Superseding Indictment, which charges a conspiracy to violate the Travel Act, because the Superseding Indictment alleges that the "object of the conspiracy was to obtain money" (Doc. 230, ¶ 197), which is not a federal offense. Defendants file this supplement to more fully set forth the grounds advanced orally in open court.

"An indictment charging a conspiracy under 18 U.S.C. § 371 should allege an agreement, the *unlawful* object toward which the agreement is directed, and an overt act in furtherance of the conspiracy." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985) (emphasis added). "Under 18 U.S.C. § 371, a single charge of conspiracy can have multiple objects, but each object alleged must constitute a federal offense." *United States v. Johnson*, 44 F. App'x 752, 754 (9th Cir. 2002); *United States v. Manarite*, 44 F.3d 1407, 1414 (1995) (same).

"The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979). "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 771 (1962). "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." *Id.* at 770.

Here, the Superseding Indictment alleges that the "object of the conspiracy was to obtain money" (Doc. 230, ¶ 197), which plainly is not a federal offense. Even if the Superseding Indictment can be read as alleging multiple objects, with one of those objects (Travel Act violations) being a federal offense, the Superseding Indictment still would be

fatally defective because "each object alleged must constitute a federal offense." *See Johnson*, 44 F. App'x at 754.

In *Johnson*, the Ninth Circuit reversed a conspiracy conviction where the indictment alleged three objects that were federal offenses, and one that was not, saying "a conspiracy conviction is 'doom[ed]' if the indictment alleges both legally sufficient and legally insufficient objects and there is 'no way to know which objects the jury relied on in its decision to convict [the defendants] of conspiracy.'" *Id.* (alterations in original). Importantly, in *Johnson*, the indictment alleged that three objects of the conspiracy were the violation of federal laws relating to prostitution and one object of the conspiracy was to "obtain the proceeds of prostitution from females the defendants had recruited to work as prostitutes," which is not a federal offense. *Johnson*, 44 F. App'x at 754. The government's suggestion that the object of "to obtain money" would be "permissible as long as Defendants used unlawful means when obtaining the money" is inconsistent with the Ninth Circuit's holding in *Johnson*, where that court held that the object of obtaining the proceeds of prostitution was "legally insufficient."[1] *Id.*

Although the narrow issue presented in *Johnson* was the sufficiency of the conviction, the deficiencies that caused the Ninth Circuit to reverse the conviction in that case apply equally to a challenge to the sufficiency of an indictment. *See United States v. Outler*, 659 F.2d 1306, 1310-11 (5th Cir. 1981). In *Outler*, the Fifth Circuit held that the district court erred in failing to dismiss the conspiracy allegations in the indictment for being insufficient to charge an offense, notwithstanding the defendant's conviction at trial, holding:

---

[1] Even if the Superseding Indictment could be construed in its totality, as the government suggests, to allege that the object of the conspiracy was to obtain money through violations of the Travel Act, it is impossible to know whether that is how the grand jury construed the Superseding Indictment, particular in light of the direct and clear language of the Superseding Indictment that the object simply was to "obtain money." *United States v. Caplan*, 633 F.2d 534 (9th Cir. 1980) does not overcome *Johnson*. *Caplan* not only did not address the requirements for a conspiracy indictment, but the case was 22 years prior to *Johnson*.

> "There is no question that a grand jury indictment must set forth each essential element of an offense in order for a resulting conviction to stand… [T]he Fifth Amendment guarantees the right of a grand jury indictment to each defendant prosecuted for an 'infamous', or serious, crime.  A grand jury can perform its function of determining probable cause and returning a true bill only if all elements of the offense are contained in the indictment… Unless every element of an offense appears in the indictment, it is impossible to assure the defendant that a grand jury properly determined probable cause of the offense… We have little doubt that the grand jury in this case still would have returned a true bill against the appellant if the indictment had been constructed properly. Moreover, each member of the grand jury most likely considered the very element which is fatally omitted… However, we cannot speculate. 'To allow ... a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure.' *Russell v. United States*, 369 U.S. at 770, 82 S.Ct. at 1050."

*Id.*

Because the Superseding Indictment explicitly alleges an object of the conspiracy in Count 1 that is not a federal offense, and at most alleges objects that are and are not a federal offense, Count 1 of the Superseding Indictment is fatally defective and should be dismissed.

Dated:    August 31, 2023

/s/ *Paul J. Cambria, Jr.*
Paul J. Cambria, Jr., Esq.
Erin McCampbell Paris, Esq.
*Attorneys for Defendant Michael Lacey*

/s/ *Joy Bertrand*
Joy Bertrand, Esq.,
*Attorneys for Defendant Joye Vaught*

/s/ *Gary S. Lincenberg*
Gary S. Lincenberg, Esq.
Gopi K. Panchapakesan, Esq.
*Attorneys for John Brunst*

/s/ *Bruce Feder*
Bruce Feder, Esq.
*Attorneys for Defendant Scott Spear*

/s/ *Eric Kessler*
Eric Kessler, Esq. ,
*Attorneys for Defendant Scott Spear*

*/s/ David Eisenberg*
David Eisenberg, Esq.
*Attorneys for Defendant Andrew Padilla*

Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Austin Berry, austin.berry2@usdoj.gov