**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT JOYE VAUGHT**

Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gkp@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Additional Counsel listed on next page

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br>        Plaintiff,<br><br>    v.<br><br>Joye Vaught,<br>        Defendant. | Case No. CR-18-422-SMB<br><br>**DEFENDANTS' MOTION TO BAR THE GOVERNMENT FROM ASSERTING PRIVILEGE ON BEHALF OF ITS WITNESSES** |

Paul J. Cambria, Jr. *(admitted pro hac vice)*
   pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
   eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

Bruce S. Feder, 004832
   bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

David Eisenberg, 017218
   david@deisenbergplc.com
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273

Attorney for Defendant Andrew Padilla

NOW COME the Defendants, by their attorneys of record, to move this Court to bar the Government from asserting privilege on behalf of its witnesses. The Defendants further submit the following:

**I.   When the Government Objects, Asserting Privilege for its Witness, it Invites this Court to Abuse its Discretion.**

The Government lacks standing to assert privilege for its cooperating witnesses. *United States v. Martoma*, 962 F.Supp.2d 602, 604-05 (SDNY 2013).

A government objection to assert privilege for a testifying witness is improper. *United States v. Smith,* 454 F.3d 707, 713 (7th Cir.2006) ("Although the government did not act inappropriately in bringing the privilege issue to the court's attention, this was not a proper basis for a government objection to the defense questioning of [the witness]."). In *Smith*, the Seventh Circuit found that the district court abused its discretion in sustaining the Government's objections that asserted privilege for the witness. *Id*. at 713.

The *Smith* decision discussed decisions from the Eighth and Eleventh Circuits, which offered similar analyses. *Id*. (citing *United States v. Rainone,* 32 F.3d 1203, 1206 (7th Cir. 1994), *cert. denied,* 515 U.S. 1102 (1995) (noting that the attorney-client privilege of a government witness belongs to the witness, not the government, and that the privilege is waivable); *United States v. White,* 743 F.2d 488, 494 (7th Cir. 1984) (the government lacks standing to bring an appeal based on attorney-client privilege of the government's witness;  that privilege belongs

solely to the witness who must bring the issue to the trial court himself if he believed the court was not adequately protecting his privilege); *United States v. Fox,* 396 F.3d 1018, 1023 (8th Cir. 2005), *overruled on other grounds by United States v. Pirani,* 406 F.3d 543, 550 (8th Cir. 2005) (*en banc*) (the attorney-client privilege is personal and cannot be asserted by anyone other than the client); *United States v. Almeida,* 341 F.3d 1318, 1321 n. 10 (11th Cir. 2003) (the government ordinarily lacks standing to assert the attorney-client privilege for a witness); *United States v. Ortega,* 150 F.3d 937, 942 (8th Cir. 1998), *cert. denied,* 525 U.S. 1087 (1999) (same).)

## II. The Sixth Amendment Can Override Attorney-Client Privilege.

Even if the Government had standing to assert privilege on behalf of its cooperating witness, the Sixth Amendment's right of confrontation can override a witness' assertion of privilege. *Rainone*, 32 F3d. at 1206 (citing *Olden v. Kentucky,* 488 U.S. 227, 231 (1988) (*per curiam*); *Davis v. Alaska,* 415 U.S. 308 (1974); John W. Strong, *McCormick on Evidence* § 74.2, at pp. 279–81 (4th ed. 1992). "Even the attorney-client privilege, therefore, hallowed as it is, yet not found in the Constitution, might have to yield in a particular case if the right of confrontation, whether in its aspect as the right of cross-examination or in some other aspect, would be violated by enforcing the privilege. So at least *dicta* in two cases intimate." *Id.*, citing *United States ex rel. Blackwell v.*

*Franzen,* 688 F.2d 496, 501 (7th Cir. 1982); *Jenkins v. Wainwright,* 763 F.2d 1390, 1392–93 (11th Cir. 1985).

### III. The Government's Repeated Assertion of Privilege, in the form of Objections During Carl Ferrer's Cross-Examination is Improper.

By Counsel's count, in the past two days, the Government has objected at least three times during Mr. Ferrer's cross-examination, asserting that a question invades either Mr. Ferrer's attorney-client privilege or his marital privilege. The Government lacks standing to make these assertions. These objections are improper. By this Motion, the Defense asks this Court to bar the Government from making further objections asserting privilege, during Mr. Ferrer's testimony or that of any of its other witnesses.

RESPECTFULLY SUBMITTED this 29th day of September, 2023.

<u>s/Joy Bertrand</u>
*Joy Bertrand*
Attorney for Defendant

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

| | |
|---|---|
| DATED: September 29, 2023 | Gary S. Lincenberg<br>Ariel A. Neuman<br>Gopi K. Panchapakesan<br>Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C.<br><br>By:   */s/ Gary S. Lincenberg*<br>         Gary S. Lincenberg<br>Attorneys for Defendant John Brunst |
| DATED: September 29, 2023 | Paul J. Cambria<br>Erin McCampbell Paris<br>Lipsitz Green Scime Cambria LLP<br><br>By:   */s/ Paul J. Cambria*<br>         Paul J. Cambria<br>Attorneys for Defendant Michael Lacey |
| DATED: September 29, 2023 | Feder Law Office, P.A.<br><br>By:   */s/ Bruce S. Feder*<br>         Bruce S. Feder<br>Attorney for Defendant Scott Spear |
| DATED: September 29, 2023 | The Law Office of David Eisenberg, PLC<br><br>By:   */s/ David Eisenberg*<br>         David Eisenberg<br>Attorney for Defendant Andrew Padilla |

## CERTIFICATE OF SERVICE

On September 29, 2023, I, Joy Bertrand, attorney for the Defendant, filed the foregoing with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this pleading will be electronically served upon opposing counsel and co-defendants' counsel, upon its submission to the Court.

Respectfully submitted this 29th day of September, 2023.

<u>s/Joy Bertrand</u>
Joy Bertrand
Attorney for Defendant