Jonathan M. Baum (*admitted Pro Hac Vice*)
STEPTOE & JOHNSON LLP
One Market Plaza, Steuart Tower Ste 1070
San Francisco, CA 94105
Tel: (415) 365-6700
Fax: (415) 365-6700
jbaum@steptoe.com

Tahir L. Boykins (*admitted Pro Hac Vice*)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 439-9437
Fax: (213) 439-9599
tboykins@steptoe.com

Attorneys for Movant
CARL FERRER

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CASE NO. CR-18-422-PHX-DJH<br><br>**MOVANT CARL FERRER'S MOTION FOR A PROTECTIVE ORDER**<br><br>[Filed concurrently herewith Declaration of Jonathan Baum ISO Movant Carl Ferrer's Motion for A Protective Order] |

## I. INTRODUCTION

Carl Ferrer files this motion to assert the attorney-client privilege on his own behalf. During the course of cross-examination in this case, defense counsel sought to introduce a privileged memorandum sent from Mr. Ferrer to his prior lawyer, James Grant of Davis Wright Tremaine LLP, which the defense presumably obtained from Mr. Ferrer's former lawyer, who also represented the defendants.[1] While the Court properly excluded this exhibit, the defendants recently filed another motion (Dkt. No. 1822), indicating that they intend to continue to seek to violate Mr. Ferrer's attorney-client privilege, his marital communication privilege, and potentially other privileges.

Mr. Ferrer hereby objects to any question or exhibit that intrudes upon privileged communications of any kind.[2]

## II. ARGUMENT

### A. Mr. Ferrer Never Waived His Personal Attorney-Client Privilege

In April 2018, Mr. Ferrer signed a limited waiver of the attorney-client privilege on behalf of the **companies** he formally controlled at that time. This waiver is already on the docket in this case, at Dkt. No. 195-3.

This waiver states that Mr. Ferrer "waive[s] each of the Companies' attorney-client privilege[.]" The waiver, however, expressly states that it does not apply "to any aspect of my personal attorney-client relationship with attorneys who have represented me in the past[.]" *Id.* Mr. Grant played many roles during the history of Backpage, but at the time of this communication, Mr. Grant served as Mr. Ferrer's personal counsel in the criminal case

---

[1] The Defendants appear to have obtained this document in spite of Davis Wright Tremaine assuring Judge Logan in 2018 that it would maintain Mr. Ferrer's attorney-client privilege. *See* Dkt. No. 10 ("Moving forward, the Court will rely on the representations of HCM, DWT, and their respective counsel that the firms will continue to preserve the confidences of Ferrer as a former client, create ethical walls where necessary, refrain from engaging in trial preparation or participating as trial counsel, and only participate in the limited capacity set forth in the pleadings, without an order from the Court.")

[2] To the extent necessary, Mr. Ferrer also authorizes the Government to assert the attorney-client privilege on his behalf. See *United States v. Martoma*, 962 F.Supp.2d 602, 605 (S.D.N.Y. Aug. 23, 2013) (Government has standing to assert the attorney-client privilege where a witness "authorize[s] the Government to assert those rights on his behalf").

filed against him in Sacramento County, California. *See* Exhibit A (Sacramento Superior Court Criminal Pleading title page where Grant is identified as "Counsel for Defendants Carl Ferrer, Michael Lacey and James Larkin."). The document, therefore, is protected by the attorney-client privilege.[3]

### B. Defendants' Sixth Amendment Rights Do Not Trump Mr. Ferrer's Attorney-Client Privilege

The attorney-client privilege is "one of the oldest recognized privileges for confidential communications," *Swidler & Berlin v. United States,* 524 U.S. 399, 403 (1998). The Ninth Circuit has held that a defendant's right to cross-examine an adverse witness is not unlimited. *Hayes v. Ayers*, 632 F.3d 500, 518 (9th Cir. 2011). "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* (emphasis in original); (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986).) Here, permitting the defense to violate Mr. Ferrer's attorney-client privilege is not justified.

### III. Conclusion

Accordingly, Mr. Ferrer requests that the Court issue a protective order prohibiting Defendants from violating his attorney-client privilege or other applicable privileges.

Dated: October 3, 2023                          **STEPTOE & JOHNSON LLP**

By: /s/ *Jonathan Baum*
Jonathan Baum (admitted *Pro Hac Vice*)
Tahir L. Boykins (admitted *Pro Hac Vice*)

Attorneys for Movant Carl Ferrer

---

[3] The Defendants in this case in 2018 actually sought to block Mr. Ferrer from executing even this limited waiver. Judge Logan agreed with their request at that time, holding that that "the materials shared between the parties to the JDA are to be protected from disclosure unless the disclosing party first obtains the written consent of all parties who may be entitled to a claim of privilege over the materials." (Dkt. No. 345, at 4.) Defendants cannot now make the opposite argument.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

/s/ Debbie DeRivero
Debbie DeRivero