**KESSLER LAW GROUP**
Eric W. Kessler, SBN 009158
9237 E. Via de Ventura, Ste. 230
Scottsdale, AZ  85258
(480) 644-0093 phone
(480) 644-0095 fax
Eric.KesslerLaw@gmail.com

**FEDER LAW OFFICE PA**
Bruce S. Feder, 004832
2930 E. Camelback Rod., Ste. 160
Phoenix, Arizona 85016
(602) 257-0135 phone
bf@federlawpa.com
*Knapp Counsel*

*Attorneys for Defendant Scott Spear*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:18-cr-00422-DJH |
| Plaintiff, | **DEFENDANT SPEAR'S JOINDER IN DEFENDANT BRUNST'S BRIEF IN SUPPORT OF OBJECTIONS TO COURT RULINGS DURRING FERRER TESTIMONY - INCLUDING ADDITIONAL ARGUMENT** |
| v. | |
| Michael Lacey, et al., | (The Hon. Diane J. Humetewa) |
| Defendant. | |

Defendant Scott Spear, through his attorneys, joins in all respects in Defendant John Brunst's Brief In Support Of Objections To Court Rulings During Ferrer Testimony and additionally requests that the Court clarify what questions and evidence can be used regarding §230 of the Communications Decency Act.

1

Specifically, this Court has ordered as follows:

- "Testimony that Section 230 was meant to incentivize internet providers to engage in moderation practices will be allowed." (DOC 1081, pg. 20);

- "Defendants may not argue that Section 230 of the CDA immunizes Defendants from Counts 2-51 of the SI for violating the Travel Act." (DOC 1642, pg. 10);

However, far beyond the language of these orders, this Court is precluding the mere mention of CDA §230 in either cross examination or defense exhibits. For example, during the cross examination of Mr. Ferrer by Mr. Feder on September 26, 2023, in the morning session (Transcript 9/26/23, AM session, pg. 65), the mere mention of CDA §230 - before there was even a completed question - caused this Court to sustain the government's objection and later warn all defense counsel that an OSC might issue if CDA §230 was further mentioned. (Transcript 9/26/23, AM session, pg. 107) This warning to defense counsel contravenes the Court's Order described above in DOC 1081. Defense counsel cannot present evidence to show §230 was meant to incentivize internet providers to engage in moderation practices (which is expressly allowed per the Order in DOC 1081) if the Court threatens contempt proceedings for doing so:

> "Now, let me say this: I'm going to give you a warning regarding any mention of the CDA or 230, and if any counsel asks a question about definitions or the meaning of CDA or 230 of this witness, I may begin to issue an Order to Show Cause.
>
> "There have been two opinions issued by the Court regarding the relevance of Section 230 to this case. I have admonished counsel numerous times, and

> I'm beyond the point now of doing so, and so if any counsel blatantly violates the Court's order, brings out the CDA, I may start issuing those orders to show cause." (Trans. AM, 9/26/23 at 107)

This response by the Court substantially and prejudicially modifies this Court's own previous orders in the middle of trial and interferes with defense counsels' ability to properly present their defenses and represent their clients consistent with the effectiveness guaranteed by the Sixth Amendment.

CDA §230 is prominently mentioned in many of the exhibits admitted into evidence at the government's offering and over Defendants' objections. Precluding defense counsel from probing these same references <u>within the Court's previous rulings</u> substantially interferes with the truth-seeking process and impedes a fair trial.

RESPECTFULLY SUBMITTED this October 6, 2023.

*s/ Bruce Feder*
Bruce Feder, Esq.
Eric W. Kessler, Esq.
*Attorneys for Defendant Spear*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

                                           *s/ Eric W. Kessler*
                                           Eric W. Kessler, Esq.
                                           *Attorney for Defendant Spear*