Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Additional counsel listed on next page

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-DJH |
| Plaintiff, | |
| vs. | **DEFENDANTS' NOTICE OF WITNESSES FOR DEFENSE CASE AND RESPONSE TO COURT ORDER** |
| Michael Lacey, *et al.*, | |
| Defendants. | |

1  Eric Kessler (AZ Bar No. 009158)
   KESSLER LAW GROUP
2  6720 N. Scottsdale Rd., Suite 210
   Scottsdale, AZ  85253
3  Telephone: (480) 644-0093
   eric@kesslerlawgroup.com
4  *Attorney for Scott Spear*

5
   Bruce Feder (AZ Bar No. 004832)
6  FEDER LAW OFFICE PA
   2930 E. Camelback Road, Suite 160
7  Phoenix, Arizona 85016
   Telephone: (602) 257-0135
8  bf@federlawpa.com
   *Attorney for Scott Spear*
9

10 David Eisenberg (AZ Bar No. 017218)
   DAVID EISENBERG PLC
11 3550 N. Central Ave., Suite 1155
   Phoenix, Arizona 85012
12 Telephone: (602) 237-5076
   Facsimile: (602) 314-6273
13 david@deisenbergplc.com
   *Attorney for Andrew Padilla*
14

15 Joy Malby Bertrand (AZ Bar No. 024181)
   JOY BERTRAND ESQ LLC
16 P.O. Box 2734
   Scottsdale, Arizona 85252
17 Telephone: (602)374-5321
   Facsimile: (480)361-4694
18 joy.bertrand@gmail.com
   *Attorney for Joye Vaught*
19

20

21

22

23

24

25

26

27

28

2

1  Defendants, by and through their undersigned counsel, submit the instant Notice of
2  Witnesses for the Defense Case and Response to the Court's Order.

3  At the conclusion of trial on October 13, 2023, the Court ordered the parties to meet
4  and confer to determine if any witnesses from the Defendants' Witness List could be removed.
5  Government counsel indicated that by October 18, 2023, they would have a better sense as to
6  when their case would conclude.  Following the October 13th proceedings, the defense asked
7  the government if they could have until October 16th to trim down their witness list.   The
8  government objected.   The Court then *sua sponte* ordered the defense to disclose by today at
9  5 pm their first five witnesses.  Then, hours later, the government provided Defendants with
10  notice of the ***fourteen witnesses*** it intends to call next week, including its other cooperating
11  defendant, Daniel Hyer.   In light of this disclosure, it is reasonable to assume that the
12  Government's case will take all of next week, and may even bleed into the following week.
13  The defense is now occupied preparing for the cross-examinations of fourteen witnesses.  The
14  government did not provide the defense with the precise order in which it seeks to call those
15  witnesses, which further complicates the preparation of these cross examinations because the
16  defense must be ready with all crosses by next Tuesday.

17  As the government's case continues to shift, and in light of the fact that the government
18  is calling fourteen witnesses next week on a wide range of topics and has not yet rested its case
19  (or indicated when it intends to rest), Defendants have been placed in the impossible position
20  of identifying the first five witnesses it intends to call in its case without knowing the full scope
21  of the government's evidence against Defendants.  Indeed, to require the defense to do so
22  now would require the disclosure of attorney work product and mental impressions.

23  That said, Defendants no longer intend to call the witnesses listed in Exhibit A.
24  Defendants also anticipate calling the following witnesses toward the outset of their case: (1)
25  Witness No. 118, Rep. of City of Flagstaff, Licensing Div.; (2) Witness No. 119, Rep. of City
26  of Mesa, Licensing Div.; (3) Witness No. 120, Rep. of Scottsdale, Licensing Div.; and (4)
27  Witness No. 121, Rep. of City of Tempe, Licensing Div.

28

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Further, based on the Court's prior rulings, it seems clear that the Court will not allow the defense to put on witnesses who would testify to attorney advice (even non-privileged advice) and prior court opinions regarding the legality of Backpage's operations, all of which is relevant to the Defendants' state of mind during the alleged time period of the conspiracy (2004 to 2018).  Early next week, Defendants intend to file a motion seeking clarification regarding the scope of any remaining good faith defense they will be permitted to put on during the defense case.  A ruling on that motion will inform the scope of any defense case and the witnesses the defense will call.

Moreover, because the Court has only required the government to provide 72 hours of notice to the Defendants of their witnesses, and, in fact, the government has provided no more than 24 hours of notice with respect to numerous witnesses, coupled with the fact that the defense case is unlikely to begin any earlier than October 24, 2023, any disclosure of the Defendants' first five witnesses would be a far more onerous disclosure requirement than the Court has required of the government since the inception of the trial.  Indeed, despite multiple requests from the defense and the Court, it was not until **October 6,** over a month into the government's case, when they informed the Court and defense of certain of the witnesses they intended to cut from their case.  In fairness, the defense should not be required to do the same before their case even starts, and, the government should be directed to disclose the order of their upcoming witnesses.

RESPECTFULLY SUBMITTED this 14th day of October, 2023,


Paul J. Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA LLP

By:    /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

4

1

2

3

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Jan. 2020) § II (C) (3), Paul J. Cambria hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

4

5

6

Gary S. Lincenberg
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

7

8

By:    /s/ Gary Lincenberg
          Gary Lincenberg
          Attorneys for John Brunst

9

10

Eric W. Kessler
KESSLER LAW OFFICE

11

12

By:    /s/ Eric W. Kessler
          Eric W. Kessler
          Attorneys for Scott Spear

13

14

Bruce Feder
FEDER LAW OFFICE, P.A.

15

16

17

By:    /s/ Bruce Feder
          Bruce Feder
          Attorneys for Scott Spear

18

19

David Eisenberg
DAVID EISENBERG, P.L.C.

20

21

By:    /s/ David Eisenberg
          David Eisenberg
          Attorneys for Andrew Padilla

22

23

Joy Bertrand
JOY BERTRAND, ESQ.

24

25

By:    /s/ Joy Bertrand
          Joy Bertrand
          Attorneys for Joye Vaught

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On October 14, 2023, a PDF version of this document was
filed with Clerk of the Court using the CM/ECF System
for filing and for Transmittal of a Notice of Electronic
Filing to the to the CM/ECF registrants who have
entered their appearance as counsel of record