

DAVID EISENBERG
**DAVID EISENBERG, P.L.C.**
3550 N. Central Avenue, Ste. 1155
Phoenix, Arizona 85012
Arizona State Bar No.  017218
Telephone:  602.237.5076
Email: david@deisenbergplc.com

Attorney for Defendant Andrew Padilla

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>v.<br>Michael Lacey, et al.,<br><br>        Defendants. | CR-18-00422-06-PHX-SRB<br><br>**DEFENDANT PADILLA'S NOTICE OF JOINDER re: DEFENDANT BRUNST'S MOTION TO SEEK ADMISSION OF STATE OF MIND TESTIMONY (Doc. 1879)** |

        The Defendant Andrew Padilla, by and through counsel, hereby gives notice that he joins in Defendant Brunst's Motion to Seek Admission of Brunst's Testimony re: State of Mind. (Doc. 1879.)  Specifically, Defendant Padilla joins in Mr. Brunst's motion as it relates to testimony based on good faith in relying on the presence and participation of lawyers in Backpage's operations. (*Id.*, pp. 13-14.)  In Mr. Padilla's case, that guidance impacted his state of mind as to the criteria for the publication of advertisements during the time he managed the moderation process at Backpage.  As Mr. Brunst has noted and as Mr. Padilla recognizes, such testimony concerning what he was told by lawyers would violate prior Court Orders. [1]

        The following sets out Mr. Padilla's contacts with lawyers in his position as operations manager and how these contacts impacted his actions at Backpage.  Mr. Padilla, along with approximately 40 moderators attended a presentation by Steve Suskin (and others) on

---

[1] Mr. Brunst's motion also refers to court opinions and cases that guided him in his work and on oral and written contacts he had with counsel concerning them.  Although Mr. Padilla's contacts with counsel was far more limited, his joinder encompasses the Brunst motion in its entirety.

moderation standards, which he incorporated into the criteria to be followed in reviewing advertisements. He also talked with and was guided by Mr. Suskin concerning subpoena compliance and would from time to time consult with Mr. Suskin about moderation criteria. Mr. Padilla also personally met and talked by telephone with Liz McDougall many times concerning moderation criteria. For example, when she started with Backpage in 2012, Ms. McDougall directed him in certain cases to remove entire advertisements rather than merely stripping out terms, and she encouraged him and Joye Vaught to meet with law enforcement.

The evidence discloses that it was Carl Ferrer, Mr. Padilla's superior, who was the overarching source of moderation standards - - ever changing - - in both words and photos. Nonetheless, the presence and participation of attorneys in the moderation process is quite relevant to Mr. Padilla's state of mind: he relied on and followed their directions. If he takes the stand, Mr. Padilla should be allowed to testify about how the directions attorneys gave him in carrying out his duties supported his good faith belief that he was conducting himself properly.

Respectfully submitted this 22nd day of October, 2023.

*s/ David Eisenberg*

DAVID EISENBERG
Counsel for Defendant Andrew Padilla

**Certificate of Service**

I hereby certify that on October 22, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ David Eisenberg*
David Eisenberg

2