1  Gary S. Lincenberg *(admitted pro hac vice)*
      glincenberg@birdmarella.com
2  Ariel A. Neuman *(admitted pro hac vice)*
      aneuman@birdmarella.com
3  Gopi K. Panchapakesan *(admitted pro hac vice)*
      gpanchapakesan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Paul J. Cambria, Jr. *(admitted pro hac vice)*
      pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
      eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-DJH |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO GOVERNMENT-PROPOSED FORFEITURE VERDICT FORM** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | |

1  Eric W. Kessler, 009158
      eric.kesslerlaw@gmail.com
2  Kessler Law Group
   6720 N. Scottsdale Rd., Suite 210
3  Scottsdale, AZ  85253
   Telephone: (480) 644-0093
4  Facsimile: (480) 644-0095

5  Bruce S. Feder, 004832
      bf@federlawpa.com
6  FEDER LAW OFFICE, P.A.
   2930 E. Camelback Road, Suite 160
7  Phoenix, Arizona 85016
   Telephone: (602) 257-0135
8
   Attorney for Defendant Scott Spear
9

10

11       Defendants object to the Government's Proposed Verdict Form on the basis that, to

12  the extent the jury finds a connection between property (real or financial) and a given

13  Count on which there is a conviction (if any), the jury should also determine *the amount* of

14  that property to be forfeited.  Defendants have revised the Verdict Form accordingly (see

15  **Exhibit A** attached).

16       First, under 18 U.S.C. § 981(a)(1)(C) (cited in Forfeiture Allegation One), "[a]ny

17  property, real or personal, which constitutes or is derived from proceeds traceable to a

18  violation of" the Travel Act or any conspiracy to violate the Travel Act is subject to

19  forfeiture.  Therefore, for example, as to a bank account, the jury could find that some, but

20  not all, of the funds contained in the account are "traceable" to a charged Travel Act

21  offense.  Indeed, this Court has limited the Travel Act conspiracy charge (Count 1) to the

22  fifty charged advertisements.  *See* Dkt. 946 at 13; Final Jury Instructions at 24:5-10 ("First,

23  beginning in or around 2004, and ending on or about April 2018, there was an agreement

24  between two or more persons to commit at least one Travel Act offense as charged in

25  Counts 2-51 . . . .").

26       Second, under 18 U.S.C. § 982(a)(l) (cited in Forfeiture Allegation Two), property

27  "involved in" a money laundering offense (or "traceable" to such property) is subject to

28  forfeiture.  Again, as to a given bank account, the jurors may find that the account itself

was not "involved in" a money laundering offense.  For example, in *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005), cited by the Government in its proposed jury instructions, the court found that a commingled account *that then made payments* in furtherance of a money laundering scheme rendered the entire account forfeitable under an "involved in" theory of forfeiture.  Here, however, for example, as to Brunst's Alliance Bernstein and BBVA Compass accounts (personal investment and bank accounts), none of the indictment's money laundering counts concern payments made out of these accounts.  In other words, these accounts were not "involved in" any alleged money laundering conspiracy.  Therefore, a jury could find that some, but not all, of the funds in these accounts are "traceable" to property involved in a money laundering offense.

Third, courts have held that the question of the amount of a given asset to be forfeited is subject to a jury determination (where a jury has been elected, as is the case here).  *See, e.g.*, *U.S. v. Esformes*, Case No. 1:16-cr-20549-RNS, Dkt. 1263 (Verdict Form); *United States v. Armstrong*, No. CRIM 05-130, 2007 WL 809508, at *4 (E.D. La. Mar. 14, 2007) ("A determination of whether all, some or none of the money sought to be forfeited is linked to the offense for which the defendant was convicted necessarily entails establishing a nexus between the property and the offense. Thus, Rule 32.2(b)(4) is applicable to the third sentence in Rule 32.2(b)(1) and ***a jury may determine the amount of money subject to forfeiture, if requested by a party in the case***.") (emphasis added); *United States v. Tyson Foods, Inc.*, No. 4:01-CR-061, 2013 WL 8118660, at *6 (E.D. Tenn. Feb. 4, 2013) ("When Rule 32.2(b)(1) and (4) are read together, the Court concludes that the jury must determine two intertwined and inseparable issues regarding forfeiture: (1) whether the government has proved the requisite nexus between the proceeds (i.e., cost savings) and the offense charged in Count One; and (2) the property, i.e., amount of proceeds subject to forfeiture.  Assuming arguendo that the jury makes a finding in favor of the government on the nexus issue and connects the offense (Count One) to specific proceeds (Tyson's cost savings), then ***the jury necessarily would have to determine the amount of proceeds subject to forfeiture.***  The amount of the proceeds subject to forfeiture

would have to be determined in order for the jury to find a nexus between the property and the offense.") (emphasis added).

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

| DATED: November 5, 2023 | Respectfully submitted, |
|---|---|
| | Gary S. Lincenberg<br>Ariel A. Neuman<br>Gopi K. Panchapakesan<br>Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C. |
| | By:  */s/ Gary S. Lincenberg*<br>      Gary S. Lincenberg<br>Attorneys for Defendant John Brunst |
| DATED: November 5, 2023 | Kessler Law Group |
| | By:  */s/ Eric W. Kessler*<br>      Eric W. Kessler<br>Attorney for Defendant Scott Spear |
| DATED: November 5, 2023 | Paul J. Cambria<br>Erin McCampbell Paris<br>Lipsitz Green Scime Cambria LLP |
| | By:  */s/ Paul J. Cambria*<br>      Paul J. Cambria<br>Attorneys for Defendant Michael Lacey |
| DATED: November 5, 2023 | Feder Law Office, P.A. |
| | By:  */s/ Bruce S. Feder*<br>      Bruce S. Feder<br>Attorney for Defendant Scott Spear |

3899180.1

4

DEFENDANTS' OBJECTIONS TO GOVERNMENT-PROPOSED FORFEITURE VERDICT FORM