Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>        Defendants. | NO. CR-18-00422-PHX-SMB<br><br>**DEFENDANT MICHAEL LACEY'S RESPONSE TO THE UNITED STATES' NOTICE OF RETRIAL**<br><br>(Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned counsel, files the instant response to the United States Notice of Retrial (Doc. 2035).

The procedural posture of this case is critical to the setting of the date for the retrial. On November 15, 2023, at the conclusion of the second trial in this case, the jury found co-Defendants Joye Vaught and Andrew Padilla not guilty on all counts, co-Defendants Scott Spear and John Brunst guilty on some counts and not guilty on others, and Michael Lacey not guilty on one money

laundering count, guilty on one money laundering count, and reached no verdict on the remaining 84 counts. The parties engaged in extensive post-verdict briefing. At this time, the Rule 29 Motions for Acquittal, Rule 33 Motion for a New Trial, and Jencks Motion filed by Defendants Lacey, Spear, and Brunst are pending before the Court. Depending on this Court's rulings, any retrial could involve some or all of the remaining Defendants on some or all of the counts of the Superseding Indictment. Thus, this Court's decisions on the outstanding motions may greatly impact the length and scope of the retrial.

However, to the extent that the pending motions are denied, co-Defendants Brunst and Spear would proceed to sentencing and then to appeal where they would raise numerous appellate issues, any one of which could have a significant impact on retrial of Lacey's outstanding 84 counts. These issues include, among other things, the application of the First Amendment to this case, including the propriety of the First Amendment jury instruction, the standard for culpability for publication of third-party speech under the Travel Act, including the standard for aiding and abetting liability, invasion of privilege, failure to disclose Brady and Jencks material, the prohibition on presentation of non-privileged attorney letters, and the prohibition on presentation of publicly available Congressional testimony, pleadings in other litigation, press releases, and more on mens rea and good faith. As a matter of efficiency for the court, the parties, the witnesses, and the jury, Lacey respectfully requests that this Court hold his retrial in abeyance until the Ninth Circuit has the opportunity to address the appellate issues that are common to all three remaining Defendants which would be raised on appeal by co-Defendants Brunst and Spear. Otherwise, Lacey faces the very real prospect of a third trial, and then after a ruling from the Ninth Circuit, a fourth trial, possibly with co-Defendants Brunst and Spear.

Regardless of how this Court rules on the outstanding motions, Lacey needs some time to obtain funds to retain the undersigned counsel – his counsel of choice – for a third trial because there is no retainer agreement in place for a third trial. Lacey intends to file a *Monsanto* motion in the Central District of California as expeditiously as possible. Undersigned counsel is Lacey's counsel of choice. The government seized Lacey's assets more than six years ago – including assets

that had nothing to do with Backpage and could have been used for Lacey's defense – and has already had two trials in this matter. Lacey needs to pursue *Monsanto* in order to retain me for the third trial. There is no retainer agreement in place at this time for a third trial.

Finally, in order to have sufficient time to obtain funds to retain the undersigned as counsel for the third trial, Lacey waives any Speedy Trial Act rights, to the extent that the time is not tolled by virtue of the pending Rule 29 and 33 motions.

RESPECTFULLY SUBMITTED this 26th day of January, 2024,

Paul J. Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA LLP

By:    /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

On January 26, 2024, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Austin Maxwell Berry, austin.berry2@usdoj.gov