Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANT MICHAEL LACEY'S MOTION TO CONTINUE SENTENCING / SET A STATUS CONFERENCE** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

Defendant Michael Lacey, by and through his undersigned counsel, files the instant Motion to Continue / Set a Status Conference. This Motion includes the attached Memorandum of Points and Authorities.

Excludable delay under 18 U.S.C. § 3161(h)(1) may occur as a result of this Motion or of an order based thereon.

RESPECTFULLY SUBMITTED this 22nd day of March, 2024,

Paul J. Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

**MEMORANDUM OF POINTS AND AUTHORITIES**

As this Court is aware, at the conclusion of the second trial in this case, the jury acquitted Mr. Lacey of one count of money laundering, convicted him of one count of international concealment money laundering (Count 100), and returned no verdict as to the 84 remaining counts of the Superseding Indictment. Subsequently, the government expressed its intent to retry Mr. Lacey on all outstanding counts.

On January 29, 2024, the parties appeared for a status conference. Mr. Lacey asserted that, if the Court denied the pending Rule 29 and 33 motions, it would be most efficient for the Court to schedule Mr. Lacey's third trial and sentencing on any convictions (Count 100, included) after the Ninth Circuit ruled on the appeals to be taken by Mr. Lacey's co-defendants because any rulings by the Ninth Circuit would be applicable to, and controlling of the issues to be tried in Mr. Lacey's retrial, as well as his sentencing. Otherwise, Mr. Lacey faces the potential of a retrial on the outstanding counts (his third trial in this case), and then the need for a fourth trial, if the Ninth Circuit finds legal error. Mr. Lacey indicated that he had not yet retained his long-term trial counsel for the third trial, and would need to file a *Monsanto* motion to do so.

At the conclusion of the hearing, this Court set a "placeholder" date for Mr. Lacey's third trial of August 6, 2024. Subsequently, the Court scheduled his sentencing for Count 100 on May 1, 2024, approximately three months prior to the commencement of his third trial.

At this time, there are several reasons why Mr. Lacey's sentencing should be continued, and a status conference is necessary.

First, there is uncertainty about the date of Mr. Lacey's retrial. If the August 6, 2024 date is firm, Mr. Lacey respectfully requests that this Court impose the sentence for Count 100 (if the Rule 29 and 33 motions are not granted) after the third trial. Otherwise, if the Court were to sentence Mr. Lacey prior to the third trial, and impose a sentence of incarceration, Mr. Lacey would be remanded into custody three months before the start of his third trial, thereby precluding him from assisting in the preparation of his defense in violation of his Sixth Amendment right. Mr. Lacey's

3

trial counsel lives in Buffalo, New York, making visits to a federal facility in Arizona for the type of in-depth strategy meetings necessary to defend the outstanding charges impossible. Mr. Lacey and his counsel intend to meet in Buffalo prior to the third trial, as they have in the past, to prepare for his upcoming trial. Mr. Lacey's liberty is an essential factor for these much needed meetings. It is not possible to prepare someone to testify – should Mr. Lacey elect to testify – over the phone, particularly when the charges at issue span 14 years, involve thousands of exhibits, and dozens of witnesses. Mr. Lacey's Sixth Amendment right would be eviscerated if he is incarcerated prior to the conclusion of his third trial.

If the trial date is a placeholder, and the Court intends to retry Mr. Lacey after the Ninth Circuit rules on the appeals of the co-Defendants, which Mr. Lacey and his counsel believe is the most efficient way to try him because any issues resolved by the Ninth Circuit would be applicable to the retrial, there still are reasons for a brief continuance of the sentencing date. First, there are several motions pending before this Court that could result in this Court either acquitting or vacating the conviction for Count 100. It would be premature for the parties to prepare for sentencing while these well-supported motions are pending.

Second, the parties have undertaken good faith efforts to negotiate a settlement of the forfeiture action pending in the Central District of California, which would impact any forfeiture determination by this Court at sentencing.

Third, even if the parties are unable to reach a settlement on forfeiture, it is Mr. Lacey's understanding that the government does not intend to pursue a money judgment on Count 100 until after the retrial, which should preclude this Court from imposing sentence on Count 100 until that time. The forfeiture statutes and rules upon which the government relies in this case require the this Court to determine the amount to be forfeited at or prior to imposition of the sentence. *See* 28 U.S.C. § 2461; 18 U.S.C. § 982; 21 U.S.C. § 853; Fed. R. Crim. P. 32.2. The Ninth Circuit, too, contemplates forfeiture, including forfeiture by money judgment, to occur at sentencing. *See United States v. Newman*, 659 F.3d 1235, 1240-43 (9th Cir. 2011) (indicating that money judgments are an appropriate forfeiture mechanism in criminal cases and that the entry of money judgments must be

part of the sentence imposed as required under the statutes and Rule 32.2). If Mr. Lacey is to be sentenced on Count 100 prior to his retrial, that sentence must include the money judgment. In fact, the Sixth Circuit has held that the district court loses jurisdiction to enter a money judgment once a sentence has been imposed and an appeal taken. *See United States v. Maddux*, 37 4th 1170, 1174 (6th Cir. 2022) ("[B]ecause forfeiture is part of the sentence, we held that the district court lacked authority to enter the money judgment once [the defendant] appealed her sentence.").

Fourth, Mr. Lacey would like to provide meaningful participation in the pre-sentence investigation process, including meeting with his assigned Probation Office for an interview, but will be unable to provide meaningful participation if he is sentenced prior to his third trial as scheduled, because any communications about the substance of the charges could be used against him, if he elects to testify at his third trial. Mr. Lacey's counsel has communicated with Probation and indicated that Mr. Lacey would be filing the instant Motion.

Counsel for Mr. Lacey has been communicating with the government about these issues. Their position is unclear. We suggested that the sentencing occur after the August 6, 2024 trial. They indicated that, if we wanted that trial date, it needed to be communicated to the Court this week. The government does not agree that the status conference is necessary. They stated that Mr. Lacey "wants the appeal to occur before he is tried again. We were open to that idea, but only if Lacey is sentenced on his count of conviction at the same time that Brunst and Spear are sentenced. If lacey now wants to go to trial before the appeal, then let's communicate that to the Court." During the January status conference, the government opposed the idea of Mr. Lacey's retrial occurring after the appeal, even if he was sentenced on his count of conviction. It now appears that the government is open to that idea, but it is unclear if the government agrees with that position. Counsel emailed the government to clarify that point, but as the time of filing, the government has not responded.

We believe a status conference would be helpful to settling these issues. Further, the government has stated that they do not agree that forfeiture negotiations are a basis to continue sentencing and have stated that they would oppose a continuance requested on that basis. Although

the negotiations are just one of many reasons we believe a continuance is necessary, at a minimum, we believe a continuance is necessary to enable this Court to determine forfeiture at the time of sentencing, including any pre-sentencing proceedings necessary to impose forfeiture at the time of sentencing.

## CONCLUSION

For all these reasons, Mr. Lacey respectfully requests that this Court continue the sentencing for Count 100 and set a status conference.

RESPECTFULLY SUBMITTED this 22nd day of March, 2024,

                Paul J. Cambria, Jr.
                Erin McCampbell Paris
                LIPSITZ GREEN SCIME CAMBRIA LLP

By:   /s/ Paul J. Cambria, Jr.
        Paul J. Cambria, Jr.
        Attorneys for Michael Lacey

On March 22, 2024, a PDF version
of this document was filed with
Clerk of the Court using the CM/ECF
System for filing and for Transmittal
Of a Notice of Electronic Filing to the
Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Austin Maxwell Berry, austin.berry2@usdoj.gov