**KESSLER LAW GROUP, PLLC**
Eric W. Kessler, SBN 009158
9237 E. Via de Ventura, Ste. 230
Scottsdale, AZ 85258
(480) 644-0093 phone
(480) 644-0095 fax
eric@kesslerlawgroup.net

**Bruce S. Feder, SBN 004832**
Robbins, Curtin, Millea & Showalter, LLC
301 E. Bethany Home Rd.
Suite B-100
Phoenix, AZ 85012
bf@federlawpa.com
*Knapp Counsel*

*Attorneys for Defendant Scott Spear*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:18-cr-00422-03-PHX-DJH |
| Plaintiff, | **DEFENDANT SCOTT SPEAR'S JOINDER IN DEFENDANT JOHN BRUNST'S RESPONSE TO GOVERNMENT'S RESTITUTION MEMORANDUM AND ADDITIONAL RESPONSE** |
| Michael Lacey, et al., | (Hon. Diane J. Humetewa) |
| Defendants. | |

Defendant Scott Spear ("Spear"), through counsel, joins in the responsive memorandum filed by Co-Defendant John Brunst, files his own response, and requests the same relief as that requested by Co-Defendant Brunst.

## JOINDER

The factual and legal arguments made in Defendant Brunst's responsive memorandum apply equally to Mr. Spear, and he joins in said arguments as though fully set forth in this responsive memorandum. It appears obvious from the government's memorandum in the 12 individual requests for restitution that any Backpage advertisements purportedly used to advertise the services of the individuals could not be the cause of any damages alleged by these individuals, much less that any action or inaction by Mr. Spear could be such cause.

## ADDITIONAL RESPONSE

### A. Additional Facts:

It is unclear, and will never be known, what facts and/or circumstances underpinned the juries' verdicts in this case, especially given the issues already raised, and the jurors' 11/14/2023 note:

> "It is unfortunate that we have been in deliberations for days now and I feel that people's personal feelings, emotions and what if opinions have brought us to a standstill. There has only been (1) charge that we have finally gotten all members of the jury to agree on. I feel that this has become a hung jury & we were not able to perform our required duties as jurors."

This note was signed by jurors #15 and #13.

The inability of the jury to render verdicts until they were given an "*Allen*" instruction demonstrates the uncertainty of what facts and circumstances form the basis of the convictions and occurred soon after this instruction. This was not surprising given the paucity of any causal relationship evidence from the testimony of some of the individuals

asserting restitution claims to any actions or in actions of Mr. Spear. For the other individuals making restitution claims, there is even less.

For example:

1) A number of the testifying individuals constructed their own ads offering escort services to be placed on Backpage (Andrea Benson, 10/17/2023 p.m., pg. 55); (Megan Lundstrom, 10/19/2023, pgs. 115-118);

2) None of the testifying individuals asserted they knew, were familiar with, or had any contact with Mr. Spear (or any other Defendant ) (Benson, pg. 72), (Astrid Cervantes, 10/17/2023, p.m. pg. 48), (Naomi Figueroa, 10/17/2023 a.m. pg. 104);

3) A number of the testifying individuals or their associates used the services of Google, CVS and other drug stores, The Erotic Review, La Quinta and other hotels/Casinos, the payment app "Square," credit cards such as Visa and Mastercard, and other non-parties (Benson, pg. 57, 62, 81), (Cervantes, pgs. 32-37), (Figueroa, pgs. 83, 95), (Lundstrom, pgs. 119,121), (Destinee Ortiz via Lieut. Brian Griffin, 10/13/2023 a.m., pg. 66), (Arshana Sanders testifying about her sister, Cynthia Worthy - killed 8/2015 - 10/17/2023 p.m. pgs. 98-99).

### B. Additional Law:

Even under the mandatory provisions of 18 U.S.C. §3663A, nonapplicable in the present case, the act of the defendant must be closely linked, not tangential, to the alleged harm to the victim. See, Her Majesty The Queen In Right Of Can. v. USDC For the Dist. of Nev., 785 F.3d 1273, 1276 (9th Cir. 2015).

The defendant's act caused no physical injury, and without physical injury, no medical, psychological or other claimed damage can be awarded. *U.S. v. Follet*, 269 F.3d 996, 1001 (9th Cir. 2001).

Mr. Spear's convictions on the substantive Travel Act counts does not alter the proximate cause analysis, as the losses for which restitution is sought were not sustained as a result of the offense; namely, publication of the ad(s).

Restitution is punitive in addition to being remedial and compensatory, and the 8th Amendment's Excessive Fines clause can apply to improper restitution claims. *Paroline v. U.S.*, 134 S. CT. 1710, 1726 (2014).

Respectfully submitted this December 27, 2024.

*/s/ Bruce Feder*
Bruce Feder, Esq.
Eric W. Kessler, Esq.
Attorneys for Defendant Scott Spear

On December 27, 2024, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Austin Maxwell Berry, austin.berry2@usdoj.gov


By: Eric W. Kessler.