Lee Stein (#012368)
lee@mscclaw.com
Anne Chapman (#025965)
anne@mscclaw.com
Karen Smith (#033494)
karen@mscclaw.com
MITCHELL | STEIN | CAREY | CHAPMAN, PC
2600 North Central Avenue, Suite 1000
Phoenix, AZ 85004
Telephone:  (602) 358-0290
Facsimile:  (602) 358-0291
*Attorneys for Michael Lacey*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | 2:18-cr-00422-PHX-DJH |
| Plaintiff, ) | |
| ) | **MOTION TO MODIFY BAIL** |
| v. ) | |
| ) | |
| Michael Lacey, et al., ) | |
| Defendants. ) | |
| ) | |

Defendant Michael Lacey, through undersigned counsel, respectfully requests that this Court modify his bail conditions by releasing one of the property bonds, for the property located at 1100 Union Street #700 in San Francisco, California, which is currently pledged as security for Mr. Lacey's release in this matter. Mr. Lacey does not seek to modify the $1,000,000 cash surety bond or the use of his Paradise Valley residence as security. As explained in more detail below, Mr. Lacey is seeking to release the Union Street property bond in order to sell the property to cover outstanding costs related to that property that he has been unable to pay. Inclusion of the Union Street property as surety is not necessary to ensure the appearance of Mr. Lacey at future

proceedings or to protect public safety. *See* 18 U.S.C. §§ 3143(b)(1), 3142(c)(1)(B), (c)(3). Defense counsel has consulted with Sean Hamel, Mr. Lacey's supervising officer, who takes no position on this request.

Following Mr. Lacey's arrest on April 6, 2018, he was released on bail. The conditions of release required Mr. Lacey to, among other things, post a $1 million surety bond as well as two secured property bonds, corresponding to the Union Street property in San Francisco and Mr. Lacey's primary residence in Paradise Valley. (Doc. 65; Doc. 67.) In March 2019, Mr. Lacey filed a motion to modify his release conditions to, among other things, allow an interlocutory sale of the Union Street property. (Doc. 503.) The government did not oppose this request and the Court modified Mr. Lacey's release conditions to allow the Union Street property to be sold and replaced with the substitute res of the net proceeds of the sale. (Doc. 546.) However, the anticipated interlocutory sale never occurred, and the property continued to incur HOA fees and tax liability.

Following a jury trial in 2024, Mr. Lacey was convicted on one count of International Concealment Money Laundering (Count 100) and sentenced to 60 months' imprisonment and a $3 million fine. (Doc. 2174.) The jury acquitted Mr. Lacey of one count of International Promotional Money Laundering (Count 63) and did not reach a verdict on the remaining counts with respect to Mr. Lacey. (Doc. 1978; Doc. 2063.) This Court granted Mr. Lacey's Rule 29 Motion and acquitted Mr. Lacey as a matter of law of Counts 19–51 (Travel Act violations), Counts 66–68 (International Promotional Money Laundering), and Counts 70, 81, 83–84, 86, 88-92 and 94–99 (Transactional Money Laundering). (Doc. 2063, Doc. 2064.)

Mr. Lacey filed a Notice of Appeal (Doc. 2194), and the case is currently pending before the Ninth Circuit Court of Appeals (Case No. 24-5376). Although Mr. Lacey self-surrendered and was briefly incarcerated, the Ninth Circuit ordered his release on bail pending appeal in November 2024. (Doc. 2254.) The same security remains in place as secured his pre-trial release. (Doc. 2255; Doc. 2264.) Additionally, he has deposited

$3,000,000 with the District Court's Registry for his fine, which will be held by the Registry pending resolution of the merits of his appeal.

Mr. Lacey now seeks to modify his bail because including both properties as security, in addition to the $1 million surety bond, is not necessary to reasonably assure his appearance, as required by 18 U.S.C. § 3142(c)(1)(B).[1]

Continuing to own the Union Street property in San Francisco is causing a financial hardship to Mr. Lacey because the property has large monthly HOA and tax payments for a property that is not in use and that Mr. Lacey cannot afford due to the government's seizure of his assets. For example, Mr. Lacey received a default notice from the cooperative building corporation for 1100 Union Street (attached as Exhibit A), which indicates that he has a past due balance of $114,486.24 in owner fees and a delinquency of $305,557.28 in property taxes. Mr. Lacey would like to sell the property in order to stop accruing further debts and to pay the back taxes and HOA fees he owes on the property. As noted above, Mr. Lacey is not seeking to modify the other terms of his bail, namely the $1,000,000 cash surety bond and his primary residence in Paradise Valley (valued at over $3 million dollars), which represent ample security to ensure Mr. Lacey's presence at all future hearings.

Mr. Lacey's risk of flight is low. He remained on bail for six years while his case was prosecuted in this Court, attending all court appearances, and complying with his conditions of release. He was authorized to travel outside this District numerous times, including after the jury returned its verdict, and returned each time, and he self-surrendered to serve his sentence. Since his release pending appeal in 2024, he has complied with every condition of release. His history shows a commitment to compliance, which supports his request for the release of the Union Street property.

---

[1] Because the Ninth Circuit has already found that Mr. Lacey satisfied the factors set out in 18 U.S.C. § 3143(b)(1)(A), (B)(i)–(iv) in granting his motion for release pending appeal, this Court must determine the appropriate conditions for release "in accordance with the provisions of 18 U.S.C. § 3142(c)." *United States v. Handy*, 761 F.2d 1279, 1284 (9th Cir. 1985); *see also* 18 U.S.C. § 3143(b)(1) (once the findings are made, the court "shall order the release of the person in accordance with section 3142(b) or (b)").

Accordingly, Mr. Lacey respectfully requests that this Court modify his bail to remove the Union Street property in San Francisco as pledged security.

RESPECTFULLY SUBMITTED on July 13, 2026.

MITCHELL | STEIN | CAREY | CHAPMAN, PC

By:    */s/ Lee Stein*

Lee Stein
Anne Champan
Karen Smith
Attorneys for Michael Lacey

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and copy of the transmittal to the following ECF registrant:

Attorneys for Plaintiff


    /s/ G. Armstrong