TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
JOSEPH BOZDECH (Cal. State Bar No. 303453, joseph.bozdech@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO MOTION TO MODIFY BAIL [2405]** |
| v. | |
| Michael Lacey, | |
| Defendant. | |

The United States respectfully submits this opposition to the Defendant's motion to modify bail by allowing him to sell real property located at XXXX Union Street # 700, San Francisco, CA, 94109 (the "subject property"), currently posted as a surety for his pretrial release and retain the proceeds.

**I. ARGUMENT**

**A. The Defendant's Only Material "Changed Condition" is His Conviction**

Defendant is currently on home detention, with conditions of release including a $1 million surety bond and two property bonds, most recently reaffirmed by the Court on November 21, 2024. Doc. 2255. Defendant claims that the surety of the subject property is no longer necessary to ensure his appearance at future court proceedings justifying the liquidation of his multimillion-dollar property because he can no longer continue paying property taxes and HOA fees. Under the Bail Reform Act, a person convicted and

sentenced and who has filed an appeal may be released on conditions in accordance with 18 U.S.C. § 3142(c). 18 U.S.C. § 3143(b). The Court "may at any time amend the order to impose additional or different conditions of release," 18 U.S.C. § 3142(c)(3), and is afforded broad discretion in doing so. *United States v. Ebonka*, 733 F. Supp. 3d 967, 969 (D. Nev. 2024). However, a motion to modify conditions requires a threshold showing of new information not known or offered at a prior hearing. *Id*. (citing *United States v. Wei Seng Phua*, No. 2:14-CR-00249-APG, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015)). Also, "authorizes [a defendant] to repeatedly file multiple motions to modify his release conditions until he gets the ruling he likes." United States v. Smith, No. CR-12-1298-PHX-GMS, 2012 WL 3776868, at *4 (D. Ariz. Aug. 31, 2012).

The sole "new" fact that Defendant offers in support of his motion is that the subject property is accruing costs and taxes that he is unable to pay. But this is exactly the same representation that Defendant made to support his March 19, 2019 motion to modify his bond. Doc. 503 at 12-13. It's noteworthy that *pre-conviction* the United States agreed that Defendant could sell the subject property and substitute the net proceeds from the sale as surety, and the Court permitted the requested sale. Doc. 546 at 1. Defendant did not avail himself of this opportunity. However, with no apparent sense of irony Defendant is now asking this Court to allow him to sell a property that was maintained, in part, with proceeds from Backpage revenue, after a jury of his peers found Defendant guilty of international concealment money laundering by transferring $16.5 million to Hungary. In addition, he is pending trial in this District on additional counts that jury did not reach a verdict on and still has an open case in the State of California. In sum, his conviction, pending five year prison sentence, and the potential for a trial on remaining counts, significantly heightens his flight risk and/or engaging in the concealment of funds traceable to Backpage revenue, rendering the maintenance of strict bail conditions more critical than ever.

**B. The Defendant is Attempting to Evade Asset Restraint**

Defendant's motion is not driven by financial hardship; rather, it is a transparent attempt to convert a fixed, court-monitored asset into liquid funds no longer subject to the

Court's control. Permitting the Defendant to sell a multimillion-dollar property, the very instrument securing his appearance to face justice for financial crimes, provides him with unsecured access to a vast sum of money. Allowing the liquidation of these funds creates an unacceptable risk of flight and/or economic danger. This Court should reject this maneuver, as the property remains vital to ensuring he satisfies the conditions of this current release, and remains available to satisfy any future financial penalties or forfeiture orders

### C. The Defendant Voluntarily Assumed the Financial Obligations of Release

When the Defendant posted the property to secure his release, he voluntarily accepted the accompanying financial responsibilities, including taxes and maintenance. These routine costs of property ownership do not constitute a "manifest injustice" or an unforeseen change in circumstances sufficient to justify modifying the conditions of release. Defendant has already been granted an accommodation via Judge Brnovich's order permitting him to sell the property and deposit the net proceeds with the Clerk of Court. Doc. 546. While Defendant states that "the anticipated interlocutory sale never occurred," Doc. 2405 at 2, he does not explain why the sale fell through, whether he took any steps to otherwise market the property, or why such sale could not now occur with a new buyer. Defendant has not even asserted that the subject property cannot be rented or otherwise used to secure a sufficient sum to cover its recurring costs of ownership. If Defendant can no longer afford to maintain the collateral he willingly provided, the appropriate remedy is to liquidate the property and provide the proceeds to the Court to comply with his bail order.

/

/

/

/

/

/

**II. CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's motion to sell the surety property and retain its assets.

Respectfully submitted this 20th day of July, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
JOSEPH BOZDECH
Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.


_s/Daniel Parke_
U.S. Attorney's Office